# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NEENAH ENTERPRISES, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 10-_____ (___) |
| In re: <br><br> NFC CASTINGS, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 10-_____ (___) |
| In re: <br><br> NEENAH FOUNDRY COMPANY, <br><br> Debtor. | Chapter 11 <br><br> Case No. 10-_____ (___) |
| In re: <br><br> CAST ALLOYS, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 10-_____ (___) |
| In re: <br><br> NEENAH TRANSPORT, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 10-_____ (___) |
| In re: <br><br> ADVANCED CAST PRODUCTS, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 10-_____ (___) |

| | |
|---|---|
| In re:<br><br>GREGG INDUSTRIES, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |
| In re:<br><br>MERCER FORGE CORPORATION,<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |
| In re:<br><br>DEETER FOUNDRY, INC.<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |
| In re:<br><br>DALTON CORPORATION,<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |
| In re:<br><br>BELCHER CORPORATION,<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |
| In re:<br><br>PEERLESS CORPORATION,<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |

| | |
|---|---|
| In re: <br><br> A&M SPECIALTIES, INC., <br><br>         Debtor. | Chapter 11 <br><br> Case No. 10-_____ (___) |
| In re: <br><br> DALTON CORPORATION, WARSAW MANUFACTURING FACILITY, <br><br>         Debtor. | Chapter 11 <br><br> Case No. 10-_____ (___) |
| In re: <br><br> DALTON CORPORATION, ASHLAND MANUFACTURING FACILITY, <br><br>         Debtor. | Chapter 11 <br><br> Case No. 10-_____ (___) |
| In re: <br><br> DALTON CORPORATION, KENDALLVILLE MANUFACTURING FACILITY, <br><br>        Debtor. | Chapter 11 <br><br> Case No. 10-_____ (___) |
| In re: <br><br> DALTON CORPORATION, STRYKER MACHINING FACILITY CO., <br><br>         Debtor. | Chapter 11 <br><br> Case No. 10-_____ (___) |

| | |
|---|---|
| In re: | Chapter 11 |
| MORGAN'S WELDING, INC., | Case No. 10-_____ (___) |
| Debtor. | |

## MOTION OF THE DEBTORS FOR AN ORDER DIRECTING
## JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only. The facts and circumstances supporting this Motion are set forth in the concurrently filed Affidavit of Robert E. Ostendorf, Jr., President and Chief Executive Officer of Neenah Enterprises, Inc., in Support of First Day Motions (the "Ostendorf Affidavit"). In further support of the Motion, the Debtors respectfully state as follows:

### STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors also jointly filed motions or applications seeking certain typical "first day" relief.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND OF THE DEBTORS

4. The Debtors are one of the largest independent foundry companies in the United States and are one of the leading suppliers of castings to the domestic municipal products market. The Debtors produce a broad range of municipal castings, including manhole covers and frames, storm sewer frames and grates, heavy-duty airport castings, specialized trench drain castings, and ornamental tree grates. The Debtors sell these products to state and local governments throughout the United States, utility companies, producers of precast concrete manhole structures, and contractors for both new construction and infrastructure replacement. The Debtors are also a leading manufacturer of a wide range of complex industrial iron castings and steel forgings, including specialized castings and forgings for the heavy-duty truck industry, a broad range of iron castings and steel forgings for the construction equipment and farm equipment industries, and iron castings used in heating, ventilation and air conditioning systems.

5. Neenah Enterprises, Inc. ("NEI") is the ultimate parent company of each of the other Debtors. The Debtors' corporate headquarters are located in Neenah, Wisconsin. The Debtors operate (i) nine manufacturing or machining facilities in Wisconsin, Indiana, Nebraska, Pennsylvania and Ohio and (ii) and fifteen sales and distribution centers across the United States. The Debtors currently employ approximately 1,650 employees, of whom approximately 1,250 are hourly and approximately 400 are salaried. For the fiscal year ended September 30, 2009, the Debtors recorded $333.0 million in net sales, compared to $510.8

million in net sales for the fiscal year ended September 30, 2008. The Debtors' overall sales volume, as measured in tons sold, was down 35.0% for the year ended September 30, 2009.

6. Metal casting has historically been a cyclical industry with performance generally correlated with overall economic conditions. The recent dramatic declines in some of the Debtors' most significant industrial markets, including heavy-duty truck, construction and farm equipment, have negatively impacted the Debtors' operating performance. In addition, the Debtors' municipal business has suffered as a result of the slowdown in infrastructure spending associated with new commercial and residential developments along with a reduction in public sector spending in anticipation of lower tax revenue and continued softness in the housing markets. The resulting decline in sales into these end-markets has adversely impacted the Debtors' profitability and cash flows. Because of these factors, the Debtors found it necessary to commence these chapter 11 cases in order to address their immediate liquidity needs.

7. Prior to the filing of these chapter 11 cases, the Debtors entered into a Restructuring & Lock-Up Agreement (the "Lock-Up Agreement")[1] with the holders (the "Consenting Holders") of (i) approximately 55% of the aggregate outstanding principal amount of the 9½% Senior Secured Notes due 2017 (the "Secured Notes") issued by Neenah Foundry Company ("Neenah Foundry") and guaranteed by each of the other Debtors and (ii) 100% of the aggregate outstanding principal amount of the 12½% Senior Subordinated Notes due 2013 (the "Subordinated Notes") issued by Neenah Foundry and guaranteed by each of the other Debtors. Pursuant to the Lock-Up Agreement, the Consenting Holders have agreed (subject to the terms and conditions of the Lock-Up Agreement) to accept and support the confirmation of a plan of

---

[1] The Debtors have filed an executed copy of the Lock-Up Agreement as Exhibit C to the Ostendorf Affidavit.

reorganization (the "Plan") that is materially consistent with the plan term sheet attached as Exhibit A to the Lockup Agreement (the "Plan Term Sheet").

8. The Plan Term Sheet provides, among other things, that (i) the Debtors' obligations under that certain Amended and Restated Loan and Security Agreement, dated as of December 29, 2006 (as in effect on the date hereof, the "Prepetition Working Capital Loan Agreement"), will be repaid in full or reinstated on such terms as are acceptable to the prepetition lenders thereunder (such lenders in such capacities, the "Prepetition Working Capital Lenders") and the ad hoc committee (the "Ad Hoc Committee") of the holders of the Secured Notes; (ii) the Secured Notes will be exchanged for (a) 97% of the new common stock to be issued by NEI (subject to dilution by a management equity incentive plan and the warrants described below) and (b) $50 million in principal amount of new senior secured notes, the material terms of which are summarized in the Plan Term Sheet, (iii) the Subordinated Notes will be exchanged for (a) 3% of NEI's new common stock and warrants to acquire another 10% of such new common stock on the terms set forth in the Plan Term Sheet; (iv) the claims of general unsecured creditors will either be reinstated or paid in full in cash; and (v) the claims and interests of NEI's existing equity holders will be cancelled and extinguished.

## RELIEF REQUESTED

9. The Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1, directing the joint administration of these chapter 11 cases and consolidation thereof for procedural purposes only.

10. These chapter 11 cases involve 18 affiliated Debtors. Many, if not most of the motions, applications, and other pleadings filed in these chapter 11 cases will relate to relief sought jointly by all of the Debtors. For example, virtually all of the relief sought in the first day motions filed contemporaneously with this Motion is sought on behalf of all the Debtors. For

this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors, and other parties in interest would be best served by the joint administration of these chapter 11 cases. Joint administration of the Debtors' chapter 11 cases will also ease the administrative burdens on the Court by allowing the Debtors' cases to be administered as a single joint proceeding rather than as 18 separate chapter 11 cases.

11. In order to administer the Debtors' chapter 11 cases as efficiently as possible, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Neenah Enterprises, Inc., which is the ultimate parent company of each of the other Debtors. The Debtors also request that the Clerk of the Court maintain one case file and one docket for all of the Debtors' chapter 11 cases, which case file and docket should be the file and docket for Neenah Enterprises, Inc.

12. The Debtors further request that the cases be administered under a consolidated caption in substantially the following form:

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-____ (___) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

13. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Neenah Enterprises, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases commenced concurrently by Neenah Enterprises, Inc. and the above-captioned debtors. The docket in the chapter 11 case of Neenah Enterprises, Inc., Case No. 10-_____ should be consulted for all matters affecting this case.

### BASIS FOR RELIEF

14. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief the Debtors are requesting. Section 105(a) provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Pursuant to Bankruptcy Rule 1015(b), if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b) (2009). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when "the joint administration of two or more cases pending in this Court . . . will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1 (2009). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief the Debtors are requesting herein.

15. Joint administration of these chapter 11 cases will promote efficiency and ease administration for the Debtors, their creditors, other parties-in-interest, and the Court. It will permit the Clerk of the Court to utilize a single docket for all of the cases, creating a centralized location for the numerous documents that are likely to be filed and served in these cases by the Debtors, creditors, and parties-in-interest, and for all notices and orders the Court

enters. A single docket will also make it easier for parties-in-interest in each of the chapter 11 cases to stay apprised of the various matters before the Court. The Debtors will also likely realize substantial cost savings and reduced administrative burdens by maintaining a single Bankruptcy Rule 2002 list and a single matrix of creditors to whom the Debtors will send notices, rather than maintaining 18 separate notice lists.

16. The Debtors submit that joint administration of these chapter 11 cases will not prejudice or adversely affect the rights of any of the Debtors' creditors. The relief sought herein is purely procedural and is not intended to affect substantive rights. Because these chapter 11 cases involve 18 Debtors, joint administration will help reduce the volume of paper that would otherwise be filed with the Clerk of Court, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays. Moreover, the relief the Debtors request by this Motion will simplify the Office of the United States Trustee's supervision of the administrative aspects of these chapter 11 cases.

17. The entry of joint administration orders in related chapter 11 cases such as these is common in this District and elsewhere. See, e.g., In re R.H. Donnelley Corp., No. 09-11833 (KG) (Bankr. D. Del. May 28, 2009) (order directing joint administration of related chapter 11 cases); In re Pliant Corp., No. 09-10443 (MFW) (Bankr. D. Del. Feb. 12, 2009) (same); In re Smurfit-Stone Container Corp., No. 09-10235 (BLS) (Bankr. D. Del. Jan. 27, 2009) (same); In re Merisant Worldwide, Inc., No. 09-10059 (PJW) (Bankr. D. Del. Jan. 13, 2009) (same); In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Dec. 10, 2008) (same); In re Hilex Poly Co., LLC, No. 08-10890 (KJC) (Bankr. D. Del. May 7, 2008) (same).

18. For these reasons, the Debtors submit that the relief requested in this Motion is in the best interest of the Debtors and their estates, will reduce the administrative burdens on the Court and all parties-in-interest, and should therefore be granted.

## NOTICE

19. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (vi) counsel to the administrative agent for the Prepetition Working Capital Lenders; (vii) counsel to the agents for the proposed post-petition lenders; (viii) counsel to the Ad Hoc Committee; and (ix) counsel to the holders of the Subordinated Notes. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as <u>Exhibit A</u>, (i) directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
February 3, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS-IN-POSSESSION