UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-____ (____) |
| Debtors. | Joint Administration Requested |

**MOTION FOR AN ORDER GRANTING THE DEBTOR ADDITIONAL
TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order granting the Debtors an extension of thirty (30) days, for a total of sixty (60) days from the Petition Date (as hereinafter defined), to file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements"). The facts and circumstances supporting this Motion are set forth in the concurrently filed Affidavit of Robert E. Ostendorf, Jr., President and Chief Executive Officer of Neenah Enterprises, Inc., in Support of First Day Motions (the "Ostendorf Affidavit"). In further support of this Motion, the Debtors respectfully state as follows:

**STATUS OF THE CASE AND JURISDICTION**

1. On February 3, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

Debtors also jointly filed motions or applications seeking certain typical "first day" relief, including an order to have these cases jointly administered.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 521, 1107 and 1108 of the Bankruptcy Code, Rules 1007(c) and 9006(b) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND OF THE DEBTORS

4. The Debtors are one of the largest independent foundry companies in the United States and are one of the leading suppliers of castings to the domestic municipal products market. The Debtors produce a broad range of municipal castings, including manhole covers and frames, storm sewer frames and grates, heavy-duty airport castings, specialized trench drain castings, and ornamental tree grates. The Debtors sell these products to state and local governments throughout the United States, utility companies, producers of precast concrete manhole structures, and contractors for both new construction and infrastructure replacement. The Debtors are also a leading manufacturer of a wide range of complex industrial iron castings and steel forgings, including specialized castings and forgings for the heavy-duty truck industry,

a broad range of iron castings and steel forgings for the construction equipment and farm equipment industries, and iron castings used in heating, ventilation and air conditioning systems.

        5.       Neenah Enterprises, Inc. ("NEI") is the ultimate parent company of each of the other Debtors. The Debtors' corporate headquarters are located in Neenah, Wisconsin. The Debtors operate (i) nine manufacturing or machining facilities in Wisconsin, Indiana, Nebraska, Pennsylvania and Ohio and (ii) and fifteen sales and distribution centers across the United States. The Debtors currently employ approximately 1,650 employees, of whom approximately 1,250 are hourly and approximately 400 are salaried. For the fiscal year ended September 30, 2009, the Debtors recorded $333.0 million in net sales, compared to $510.8 million in net sales for the fiscal year ended September 30, 2008. The Debtors' overall sales volume, as measured in tons sold, was down 35.0% for the year ended September 30, 2009.

        6.       Metal casting has historically been a cyclical industry with performance generally correlated with overall economic conditions. The recent dramatic declines in some of the Debtors' most significant industrial markets, including heavy-duty truck, construction and farm equipment, have negatively impacted the Debtors' operating performance. In addition, the Debtors' municipal business has suffered as a result of the slowdown in infrastructure spending associated with new commercial and residential developments along with a reduction in public sector spending in anticipation of lower tax revenue and continued softness in the housing markets. The resulting decline in sales into these end-markets has adversely impacted the Debtors' profitability and cash flows. Because of these factors, the Debtors found it necessary to commence these chapter 11 cases in order to address their immediate liquidity needs.

7.     Prior to the filing of these chapter 11 cases, the Debtors entered into a Restructuring & Lock-Up Agreement (the "Lock-Up Agreement")[2] with the holders (the "Consenting Holders") of (i) approximately 55% of the aggregate outstanding principal amount of the 9½% Senior Secured Notes due 2017 (the "Secured Notes") issued by Neenah Foundry Company ("Neenah Foundry") and guaranteed by each of the other Debtors and (ii) 100% of the aggregate outstanding principal amount of the 12½% Senior Subordinated Notes due 2013 (the "Subordinated Notes") issued by Neenah Foundry and guaranteed by each of the other Debtors. Pursuant to the Lock-Up Agreement, the Consenting Holders have agreed (subject to the terms and conditions of the Lock-Up Agreement) to accept and support the confirmation of a plan of reorganization (the "Plan") that is materially consistent with the plan term sheet attached as Exhibit A to the Lockup Agreement (the "Plan Term Sheet").

8.     The Plan Term Sheet provides, among other things, that (i) the Debtors' obligations under that certain Amended and Restated Loan and Security Agreement, dated as of December 29, 2006 (as in effect on the date hereof, the "Prepetition Working Capital Loan Agreement"), will be repaid in full or reinstated on such terms as are acceptable to the prepetition lenders thereunder (such lenders in such capacities, the "Prepetition Working Capital Lenders") and the ad hoc committee (the "Ad Hoc Committee") of the holders of the Secured Notes; (ii) the Secured Notes will be exchanged for (a) 97% of the new common stock to be issued by NEI (subject to dilution by a management equity incentive plan and the warrants described below) and (b) $50 million in principal amount of new senior secured notes, the material terms of which are summarized in the Plan Term Sheet, (iii) the Subordinated Notes will be exchanged for (a) 3% of NEI's new common stock and warrants to acquire another 10% of such new common stock on the terms set forth in the Plan Term Sheet; (iv) the claims of general

---

[2] The Debtors have filed an executed copy of the Lock-Up Agreement as Exhibit C to the Ostendorf Affidavit.

unsecured creditors will either be reinstated or paid in full in cash; and (v) the claims and interests of NEI's existing equity holders will be cancelled and extinguished.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek the entry of an order, pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), granting the Debtors an extension of thirty (30) days, in addition to the automatic 30-day extension under Local Rule 1007-1(b), to file their Schedules and Statements, without prejudice to the Debtors' ability to request an additional extension if necessary. The requested extension would give the Debtors a total of sixty (60) days from the Petition Date to file their Schedules and Statements.

## BASIS FOR RELIEF REQUESTED

10. Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), this Court is authorized to grant an extension of the deadline for filing the Schedules and Statements "for cause." See Fed. R. Bankr. P. 1007(c) (2010); Del. Bankr. L.R. 1007-1(b) (2010).

11. The Debtors filed their consolidated list of creditors, consolidated list of creditors holding the thirty (30) largest unsecured claims, and lists of equity security holders for each Debtor with their voluntary petitions on the Petition Date, demonstrating that the total number of creditors in these jointly administered cases exceeds 200 creditors. Accordingly, under Local Rule 1007-1(b), the deadline for filing the Schedules and Statements is automatically extended to thirty (30) days from the Petition Date (the "Current Deadline"). The extension requested pursuant to this Motion is in addition to such automatic extension.

12. The Debtors submit that cause exists to extend the deadline for the Debtors to file their Schedules and Statements given (i) the size and complexity of the Debtors' businesses, (ii) the number of Debtors and their potential creditors, and (iii) the numerous

burdens the reorganization efforts will impose on the Debtors, particularly in the early days of these chapter 11 cases. The Debtors' management and employees, together with their outside advisors, have been working diligently to compile the information necessary for the Schedules and Statements. The magnitude of that task, when taken together with the considerable stresses of preparing to file these chapter 11 cases, the varying demands on management's time related to the Debtors' transition into chapter 11, and the ongoing burdens of operating the Debtors' businesses on a day-to-day basis, supports the requested extension of the Current Deadline.

13. The relief requested in this Motion will not prejudice or adversely affect the rights of the Debtors' creditors or other parties in interest. This Court has not yet set a bar date for the filing of proofs of claim, and the Debtors do not anticipate asking the Court to set a bar date until after they have filed the Schedules and Statements. Indeed, the extension requested in this Motion will aid the Debtors' efforts to ensure the accuracy and completeness of the Schedules and Statements, which in turn will promote efficient administration of these chapter 11 cases to the benefit of all creditors and parties in interest.

14. Courts in this district routinely grant extensions of the deadline for filing Schedules and Statements, with the length of the extension generally corresponding to the size and complexity of the case in question. See, e.g., In re Smurfit-Stone Container Corp., Case No. 09-10235 (BLS) (Bankr. D. Del. Jan. 27, 2009) (30-day additional extension granted); In re SemCrude, L.P., Case No. 08-11525 (BLS) (Bankr. D. Del. Aug. 19, 2008) (60-day additional extension granted); In re Hilex Poly Co. LLC, Case No. 08-10890 (KJC) (Bankr. D. Del. May 7, 2008) (45-day additional extension granted); In re Buffets Holdings, Inc., Case No. 08-10141 (MFW) (Bankr. D. Del. Mar. 11, 2008) (45-day additional extension granted); In re Remy Worldwide Holdings, Inc., Case No. 07-11481 (KJC) (Bankr. D. Del. Dec. 4, 2007) (extension

granted to 30 days prior to the claims bar date); In re Kaiser Aluminum Corp., Case No. 02-10429 (JKF) (Bankr. D. Del. Mar. 5, 2002) (90-day additional extension granted).

15. The size and complexity of the Debtors' businesses, as well as their geographic scope, make completing the Schedules and Statements a massive and time-consuming undertaking for the Debtors and their professionals. Accordingly, the Debtors respectfully request that this Court extend, by an additional thirty (30) days, for a total of sixty (60) days from the Petition Date, the date by which the Debtors are required to file the Schedules and Statements pursuant to Local Rule 1007-1(b). The Debtors request such an extension without prejudice to their ability to seek further extensions from this Court.

## NOTICE

16. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (vi) counsel to the administrative agent for the Prepetition Working Capital Lenders; (vii) counsel to the agents for the proposed post-petition lenders; (viii) counsel to the Ad Hoc Committee; and (ix) counsel to the holders of the Subordinated Notes. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors request that the Court enter an order, in substantially the form of Exhibit A hereto, (i) granting the Debtors an additional thirty (30) days, for a total of sixty (60) days from the Petition Date, to file their Schedules and Statements, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
       February 3, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP  
Larry J. Nyhan  
Bojan Guzina  
Kerriann Mills  
Alison L. Triggs  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____  
Robert S. Brady (No. 2847)  
Edmon L. Morton (No. 3856)  
Donald J. Bowman, Jr. (No. 4383)  
Kenneth J. Enos (No. 4544)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, Delaware 19899-0391  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

PROPOSED ATTORNEYS FOR THE  
DEBTORS AND DEBTORS-IN-POSSESSION