# EXHIBIT B

# Affidavit of Karen B. Shaer

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Neenah Enterprises Inc., et al.,[1] | Case No. - () |
| Debtors. | Joint Administration Requested |

## AFFIDAVIT OF KAREN B. SHAER

STATE OF NEW YORK )
                            : ss.:
COUNTY OF SUFFOLK )

Karen B. Shaer, being duly sworn, deposes and says:

I am Karen B. Shaer, General Counsel and Executive Vice President of The Garden City Group, Inc. ("GCG")[2], which is engaged in chapter 11 administration and class action consulting and analysis. I submit this affidavit in support of the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), for entry of an order appointing GCG as claims, noticing and balloting agent in these cases (the "Claims Agent").

The services that GCG proposes to render as Claims Agent are set forth in the Motion and are incorporated herein by reference.

GCG specializes in providing consulting and data processing services to chapter 11 debtors in connection with the administration, reconciliation and negotiation of claims and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, Wisconsin 54956.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

solicitation of votes to accept or reject plans of reorganization. GCG has provided identical or substantially similar services to other chapter 11 debtors in cases in this judicial district. Accordingly, I believe that GCG is well qualified to act as Claims Agent in these cases.

To the best of my knowledge, neither GCG, nor any employee thereof, is connected with the Debtors, their creditors, other parties-in-interest or the United States Trustee or any person employed by the Office of the United States Trustee, and that to the best of my knowledge, after due inquiry, GCG does not, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders with respect to the matters upon which it is to be engaged. Where GCG does have relationships with some of the Debtors' creditors, they are in matters completely unrelated to this case, either as vendors or in cases where GCG serves in a neutral capacity as a settlement claims administrator. GCG's assistance in the cases where GCG acts as a settlement claims administrator has been primarily related to the design and dissemination of legal notice and other administrative functions in class actions.

GCG has working relationships with certain of the professionals retained by the Debtors and other parties herein but such relationships are completely unrelated to this case. I have been advised that two Bankruptcy Consultants at GCG, Thomas Augspurger and Walter Brown, are attorneys formerly associated with the Debtors' bankruptcy counsel, Sidley Austin LLP ("Sidley"). Mr. Augspurger and Mr. Brown were engaged as contract attorneys by Sidley from December 2002 through May 2003, and February 2007 through May 2007, respectively. I have also been advised that while associated with Sidley, neither Mr. Augspurger nor Mr. Brown worked on any matters involving the Debtors.

Since 1999, GCG has been a wholly owned subsidiary of Crawford & Company ("Crawford"). Ernst & Young LLP, an ordinary course professional retained by the Debtors, serves as Crawford's auditor in matters completely unrelated to this case. I am advised that

Crawford has no material relationship with the Debtors, and while it may have rendered services to certain creditors or have a vendor relationship with some creditors, such relationships were (or are) in no way connected to GCG's representation of the Debtors in this case.

As compensation for its services, GCG will charge the rates set forth on Schedule A, annexed to the Agreement that is attached hereto as <u>Exhibit A</u>. I believe that such compensation is reasonable in light of the services to be performed by GCG as Claims Agent. These rates are similar to those charged by GCG to other chapter 11 debtors for similar services.

GCG will comply with all requests of the Clerk of the Bankruptcy Court and follow the guidelines promulgated by the Judicial Conference of the United States for the implementation of Section 156(c), Title 28, United States Code, 28 U.S.C. § 156(c).

_____
Karen B. Shaer

Sworn to before me this
21st day of January, 2010

_____
Notary Public

KAREN E. PETRIANO
NOTARY PUBLIC, State of New York
No. 01 RE4853193
Qualified in Suffolk County
Commission Expires March 02, 20__

3