# EXHIBIT C

# AFCO

**Commercial Premium Finance Agreement**
1000 MILWAUKEE AVENUE, GLENVIEW, IL 60025
TEL. NO. 877-701-1212

Page 1 of 2

| Agent (Name and Address)   AU480 | Insured (Name and Address as shown on the policy) |
|---|---|
| ASSOCIATED FINANCIAL GROUP LLC<br>DBA: CFG INSURANCE SERVICES<br>12600 WHITE WATER DRIVE # 100<br>MINNETONKA, MN 55343<br>(952) 945-0200 | NEENAH ENTERPRISES, INC.<br>P.O. BOX 729<br>NEENAH, WI 54957<br>(920) 729-3609 |

| A) Total Premiums | B) Down Payment | C) Amount Financed | D) Finance Charge | E) Total Payments |
|---|---|---|---|---|
| $ 229,449.00 | $ 45,889.80 | $ 183,559.20 | $ 6,009.10 | $ 189,568.30 |

| F) Annual Percentage Rate | No. of Payments | Amount of Payments | First Installment Due | Installment Due Date |
|---|---|---|---|---|
| 7.08% | 10 (Monthly) | $ 18,956.83 | 2/1/2010 | 1st |

## SCHEDULE OF POLICIES

| Policy Prefix and Numbers | Effective Date of Policy/Inst. | Name of Insurance Company and Name and Address of General or Policy Issuing Agent or Intermediary | Type of Coverage | Months Covered | Premium $ |
|---|---|---|---|---|---|
| PENDING | 1/1/2010 | ST. PAUL FIRE & MARINE INS CO | UMB<br>Taxes<br>Fees | 12 | 120,220.00<br>0.00<br>0.00 |
|  | 1/1/2010 | CONTINENTAL CASUALTY COMPANY | XLIA<br>Taxes<br>Fees | 12 | 50,729.00<br>0.00<br>0.00 |
| TME=$0 |  | ADDTL POLICIES ON ATTACHED ADDENDUM |  |  |  |

**(1) DEFINITIONS:** The above named insured ("the insured") is the debtor. AFCO Credit Corporation ("AFCO") is the lender to whom the debt is owed. "Insurance company" or "company", "insurance policy" or "policy" and "premium" refer to those items listed under the "Schedule of Policies". Singular words mean plural and vice-versa as may be required in order to give the Agreement meaning.
**(2) LIMITED POWER OF ATTORNEY:** The insured irrevocably appoints AFCO as its attorney in fact with full authority to cancel the insurance policies for the reasons stated in paragraph (14), and to receive all sums assigned to AFCO or in which it has granted AFCO a security interest. AFCO may execute and deliver on the insured's behalf all documents, instruments of payment, forms, and notices of any kind relating to the insurance policies in furtherance of this Agreement.

**INSURED AGREES TO THE TERMS SET FORTH ABOVE AND ON THE LAST PAGE OF THIS AGREEMENT**

_____  X_____  _____  _____
INSURED'S NAME                SIGNATURE OF INSURED OR AUTHORIZED REPRESENTATIVE  TITLE       DATE

**AGENT OR BROKER REPRESENTATIONS**
The undersigned warrants and agrees: 1. The policies are in full force and effect and the information in the Schedule of Policies and the premiums are correct. 2. The insured has authorized this transaction and recognizes the security interest assigned herein and has received a copy of this Agreement. 3. To hold in trust for AFCO any payments made or credited to the insured through or to the undersigned, directly or indirectly, actually or constructively by the insurance companies or AFCO and to pay the monies as well as any unearned commissions to AFCO upon demand to satisfy the outstanding indebtedness of the insured. Any lien the undersigned has or may acquire in the return premiums arising out of the listed insurance policies is subordinated to AFCO's lien or security interest therein. 4. The policies comply with AFCO's eligibility requirements. 5. No audit or reporting form policies, policies subject to retrospective rating or minimum earned premium are included. The deposit or provisional premiums are not less than anticipated premiums to be earned for the full term of the policies. 6. The policies can be cancelled by the insured and the unearned premiums will be computed on the standard short-rate or pro-rata table. 7. The undersigned represents that a proceeding in bankruptcy, receivership, or insolvency has not been instituted by or against the named insured.

**IF THERE ARE ANY EXCEPTIONS TO THE ABOVE STATEMENTS PLEASE LIST BELOW :**

THE UNDERSIGNED FURTHER WARRANTS THAT IT HAS RECEIVED THE DOWN PAYMENT AND ANY OTHER
SUMS DUE AS REQUIRED BY THE AGREEMENT AND IS HOLDING SAME OR THEY ARE ATTACHED TO THIS AGREEMENT

_____  X_____  _____  _____
AGENT OR BROKER               SIGNATURE OF AGENT OR BROKER                    TITLE       DATE

CPFA-1W(1/98-win) c. 1998 Afco Credit Corporation [02-48]     QIV# 627630A-1

QIV# 627630A-1 PRN:12/29/2009 2:07 PM BY:AU480 CFG:12=150m RT:SR323 PF:0.00 T:7.08 B1:7.08 B2:7.08

(3) **PROMISE OF PAYMENT:** The insured requests that AFCO pay the premiums in the Schedule of Policies. The insured promises to pay to AFCO the amount stated in Block E above according to the payment schedule, subject to the remaining terms of this Agreement.

(4) **SECURITY INTEREST:** The insured assigns to AFCO as security for the total amount payable in this Agreement any and all unearned premiums and dividends which may become payable under the insurance policies for whatever reason and loss payments which reduce the unearned premiums subject to any mortgagee or loss payee interests. The insured gives to AFCO a security interest in all items mentioned in this paragraph. The insured further grants to AFCO its interest which may arise under any state insurance guarantee fund relating to any policy shown in the Schedule of Policies.

(5) **WARRANTY OF ACCURACY:** The insured warrants to AFCO that the insurance policies listed in the Schedule have been issued to the insured and are in full force and effect and that the insured has not assigned any interest in the policies except for the interest of mortgagees and loss payees. The insured authorizes AFCO to insert or correct on this Agreement, if omitted or incorrect, the insurer's name, the policy numbers, and the due date of the first installment. AFCO is permitted to correct any obvious errors. In the event of any change or insertion, AFCO will give the insured written notice of those changes or corrections made in accordance with this provision.

(6) **REPRESENTATION OF SOLVENCY:** The insured represents that the insured is not insolvent or presently the subject of any insolvency proceeding.

(7) **ADDITIONAL PREMIUMS:** The money paid by AFCO is only for the premium as determined at the time the insurance policy is issued. The insured agrees to pay the company any additional premiums which become due for any reason. AFCO may assign the company any rights it has against the insured for premiums due the company in excess of the premiums returned to AFCO.

(8) **SPECIAL INSURANCE POLICIES:** If the insurance policy issued to the insured is auditable or is a reporting form policy or is subject to retrospective rating, then the insured promises to pay to the insurance company the earned premium computed in accordance with the policy provisions which is in excess of the amount of premium advanced by AFCO which the insurance company retains.

(9) **NAMED INSURED:** If the insurance policy provides that the first named insured in the policy shall be responsible for payment of premiums and shall act on behalf of all other insureds with respect to any actions relating to the policy, then the same shall apply to this Agreement. If such is not the case, then all insureds' names must be shown on this Agreement unless a separate agreement specifies one insured to act in all matters for the others.

(10) **FINANCE CHARGE:** The finance charge shown in Block D begins to accrue as of the earliest policy effective date unless otherwise indicated in the Schedule of Policies.

(11) **AGREEMENT BECOMES A CONTRACT:** This Agreement becomes a binding contract when AFCO mails a written acceptance to the insured.

(12) **DEFAULT CHARGES:** If the insured is in default for a period of 5 days or more, the insured will pay to AFCO a default charge of 5% of any delinquent installment subject to a minimum default charge of $1.00.

(13) **DISHONORED CHECK:** If an insured's check is dishonored for any reason and if permitted by law, the insured will pay to AFCO a fee for expenses in processing that check not to exceed the amount permitted by law.

(14) **CANCELLATION:** AFCO may cancel the insurance policies after giving any required statutory notice and the unpaid balance due to AFCO shall be immediately payable by the insured if the insured does not pay any installment according to the terms of this agreement. AFCO at its option may enforce payment of this debt without recourse to the security given to AFCO. If cancellation occurs, the borrower agrees to pay a finance charge on the balance due at the contract rate of interest until that balance is paid in full or until such other date as required by law.

(15) **CANCELLATION CHARGES:** If AFCO cancels any insurance policy in accordance with the terms of this Agreement, then the insured will pay AFCO a cancellation charge of $15.00.

(16) **MONEY RECEIVED AFTER NOTICE OF CANCELLATION:** Any payments made to AFCO after AFCO's notice of cancellation of the insurance policy has been mailed may be credited to the insured's account without affecting the acceleration of this Agreement and without any liability or obligation on AFCO's part to request reinstatement of a cancelled insurance policy. Any money AFCO receives from an insurance company shall be credited to the amount due AFCO with any surplus being paid over to whomever is entitled to the money. No refund of less than $1.00 shall be made. In the event that AFCO does request, on the insured's behalf, a reinstatement of the policy, such request does not guarantee that coverage under the policy will be reinstated or continued.

(17) **ATTORNEY FEES - COLLECTION EXPENSE:** If, for collection, this Agreement is placed in the hands of an attorney who is not a salaried employee of AFCO, then the insured agrees to pay statutory attorneys' fees and statutory court costs.

(18) **REFUND CREDITS:** The insured will receive a refund credit of the finance charge calculated according to the Rule of 78s if the account is voluntarily prepaid in full prior to the last installment due date. AFCO may retain an additional service charge of $10.00 which shall not be refundable.

(19) **INSURANCE AGENT OR BROKER:** The insurance agent or broker named in this Agreement is the insured's agent, not AFCO's, and AFCO is not legally bound by anything the agent or broker represents to the insured orally or in writing.

(20) **NOT A CONDITION OF OBTAINING INSURANCE:** This Agreement is not required as a condition of the insured obtaining insurance coverage.

(21) **SUCCESSORS AND ASSIGNS:** All legal rights given to AFCO shall benefit AFCO's successors and assigns. The insured will not assign the policies without AFCO's written consent except for the interest of mortgagees and loss payees.

(22) **LIMITATION OF LIABILITY:** The insured agrees that AFCO's liability for breach of any of the terms of this Agreement or the wrongful exercise of any of its powers shall be limited to the amount of the principal balance outstanding except in the event of gross negligence or willful misconduct.

(23) **ENTIRE DOCUMENT - GOVERNING LAW:** This document is the entire Agreement between AFCO and the insured and can only be changed in writing and signed by both parties except as stated in paragraph (5). The laws of the State of Wisconsin will govern this Agreement.

CPFA-1W Last(1/98-win) [02-48]

| INSURED'S INITIALS |
|---|
|   |



## Commercial Premium Finance Agreement

### SCHEDULE OF POLICIES

| Policy Prefix and Numbers | Effective Date of Policy/Inst. | Name of Insurance Company and Name and Address of General or Policy Issuing Agent or Intermediary | Type of Coverage | Months Covered | Premium $ |
|---|---|---|---|---|---|
| * | 1/1/2010 | RSUI INDEMNITY COMPANY | XLIA | 12 | 31,000.00 |
|   |   |   | Taxes |   | 0.00 |
|   |   |   | Fees |   | 0.00 |
| * | 1/1/2010 | FIREMAN'S FUND INSURANCE CO | XLIA | 12 | 16,500.00 |
|   |   |   | Taxes |   | 0.00 |
|   |   |   | Fees |   | 0.00 |
| * | 1/1/2010 | ACE AMERICAN INSURANCE COMPANY | FLIA | 12 | 11,000.00 |
|   |   |   | Taxes |   | 0.00 |
|   |   |   | Fees |   | 0.00 |
| | | TOTAL PREMIUMS must agree with Block "A" Above ---> TOTAL | | | $229,449.00 |

CPFA-1W(1/98-win) c. 1998 Afco Credit Corporation (02-48)   QIV# 627630A-1