UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-____ (____) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. ____ |

### ORDER AUTHORIZING THE PAYMENT OF PREPETITION CLAIMS OF SHIPPERS, WAREHOUSEMEN, CUSTOMS BROKERS, AND LIEN CLAIMANTS

Upon the Motion[2] of the above-captioned Debtors for entry of an order pursuant to sections 105(a) and 363 of the Bankruptcy Code authorizing the Debtors to pay certain prepetition claims of shipping vendors, warehousemen, customs brokers, and other lien claimants in the ordinary course of business; and upon consideration of the Motion and all pleadings related thereto, including the Ostendorf Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

ORDERED that the Debtors are authorized, in their discretion and in the ordinary course of business, to pay the Shipping and Warehousing Claims in an aggregate amount not to exceed $700,000 without further order of the Court; and it is further

ORDERED that the Debtors are authorized, in their discretion and in the ordinary course of business, to pay the Customs Brokers Fees and Advances in an aggregate amount not to exceed $5,000 without further order of the Court; and it is further

ORDERED, that the Debtors are authorized, in their discretion and in the ordinary course of business, to pay the Lien Claimant Claims in an aggregate amount not to exceed $1 million without further order of the Court; provided, however, that with respect to each Lien Claimant Claim, the Debtors shall not pay such claim unless the Lien Claimant has perfected or, in the Debtors' judgment, is capable of perfecting, or may be capable of perfecting in the future, one or more Mechanics' Liens or Statutory Liens in respect of such claim; provided, further, that any payment of a Lien Claimant Claim shall not be deemed to be a waiver of any rights of the Debtors regarding the extent, validity, perfection or possible avoidance of the relevant Mechanics' Lien or Statutory Lien; and it is further

ORDERED, that any payment by the Debtors pursuant to the terms of this Order shall also be subject to the provisions of any interim or final order, as applicable, with respect to the Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) to Utilize Cash Collateral of Prepetition Secured Entities, (II) Granting Adequate Protection to Prepetition Secured Entities, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B) and 4001(C), and (IV) Granting Related Relief; and it is further

ORDERED that as a condition to resolving any payment pursuant to this Order, the Shippers, Warehouseman, Customs Brokers, and Lien Claimants shall waive and release any previously asserted mechanics' lien or statutory lien on the assets of the Debtors; and it is further

ORDERED that the Debtors, in their discretion, shall undertake appropriate efforts to cause the Shippers, Warehousemen, Customs Brokers, and Lien Claimants to acknowledge in writing that payment of their prepetition claims is conditioned upon the applicable Shipper, Warehouseman, Customs Broker, or Lien Claimant continuing to supply goods and services to the Debtors on trade terms that, at a minimum, such Shipper, Warehouseman, Customs Broker, or Lien Claimant provided to the Debtors six months prior to the Petition Date, or such other trade practices and programs that are at least as favorable to the Debtors as those in effect prior to the Petition Date, and the Debtors reserve the right to negotiate more favorable trade terms with any Shipper, Warehouseman, Customs Broker, or Lien Claimant as a condition to payment of any such prepetition claim; and it is further

ORDERED that nothing in this Order shall prohibit the Debtors from seeking Court authority to increase the prepetition amounts authorized to be paid to the Shippers and Warehousemen, the Customs Brokers and/or the Lien Claimants hereunder; and it is further

ORDERED that nothing herein shall impair the Debtors' ability to contest, in their discretion, the validity and amounts of the Shipping and Warehousing Claims the Customs Brokers Fees and Advances and/or the Lien Claimant Claims; and it is further

ORDERED, that notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is intended to constitute, the assumption or adoption of any contract or agreement under 11 U.S.C. § 365; and it is further

ORDERED, that all applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts to be paid by the Debtors under this Order whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order; and it is further

ORDERED, that notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is intended to constitute, the assumption or adoption of any contract or agreement under 11 U.S.C. § 365; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE