UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 9 |

**ORDER AUTHORIZING (A) PAYMENT OF PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION; (B) PAYMENT OF PREPETITION COMPENSATION OWED TO INDEPENDENT SALES REPS AND TEMPORARY WORKERS; (C) REIMBURSEMENT OF PREPETITION EMPLOYEE BUSINESS EXPENSES; (D) PAYMENTS FOR WHICH PREPETITION PAYROLL AND TAX DEDUCTIONS WERE MADE; (E) CONTRIBUTIONS TO PREPETITION EMPLOYEE BENEFIT PROGRAMS AND CONTINUATION OF SUCH PROGRAMS IN THE ORDINARY COURSE; (F) PAYMENT OF WORKERS' COMPENSATION OBLIGATIONS; AND (G) PAYMENT TO THIRD PARTIES OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (II) AUTHORIZING AND DIRECTING APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PAY ALL CHECKS AND TRANSFERS DRAWN ON THE DEBTORS' PAYROLL ACCOUNTS TO MAKE THE FOREGOING PAYMENTS**

Upon the Motion[2] of the above-captioned Debtors for entry of an order: (i) authorizing, but not directing, the Debtors, in accordance with their stated policies, to: (a) pay all prepetition wages, salaries, and other compensation owed to the Debtors' Employees; (b) pay all prepetition compensation owed to individuals who work regularly as the Debtors' Independent Sales Reps and Temporary Workers; (c) reimburse all prepetition business expenses to Employees; (d) make all payments for which prepetition payroll and tax

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not otherwise defined herein have the meanings assigned to such terms in the Motion.

deductions were made; (e) honor prepetition obligations under certain employee benefit programs and continue such programs in the ordinary course; (f) honor workers' compensation obligations; (g) make all payments to third parties relating to the foregoing payments and contributions; and (ii) authorizing and directing applicable banks and other financial institutions to honor and pay all checks and transfers drawn on the Debtors' payroll accounts to make the foregoing payments; and upon consideration of the Motion and all pleadings related thereto, including the Ostendorf Affidavit; and due and proper notice of this Motion having been given; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the requirements of Bankruptcy Rule 6003 have been satisfied; and it appearing that the relief requested is in the best interest of the Debtors, their estates, and creditors and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted, as modified herein; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to honor and pay in the ordinary course all prepetition amounts relating to (i) the Unpaid Wages; provided, however, that, without further order of this Court, (a) such payments shall not exceed $1.25 million in the aggregate and (b) such payments to any individual Employee shall not exceed $10,950 in the aggregate, (ii) unpaid compensation of the Independent Sales Reps and Temporary Workers, provided, however, that, without further order of this Court, (a) such payments shall not exceed $175,000 in the aggregate and (b) such payments to any individual Independent Sales Rep or Temporary Worker shall not exceed $10,950 in the

2

aggregate, (iii) Reimbursable Expenses; provided, however, that, without further order of this Court, such payments shall not exceed $60,000 in the aggregate, (iv) the Payroll Taxes, (v) the Deductions, (vi) the Specified Employee Benefits; provided, however, that, without further order of this Court, such payments shall not exceed $4.5 million in the aggregate, and (vii) the Workers' Compensation Programs; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to pay the Wages in the ordinary course and in accordance with their prepetition practices and policies; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to pay for their Independent Sales Reps' services in accordance with their prepetition practices and policies; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to pay for their Temporary Workers' services in accordance with their prepetition practices and policies; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to pay all Reimbursable Expenses in accordance with their prepetition practices and policies; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to allocate and distribute all Payroll Taxes and Deductions in accordance with the Debtors' policies and prepetition practices; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to provide and pay for the Specified Employee Benefits in accordance with their prepetition policies and practices, the terms of any applicable CBA, and applicable law; provided,

however, that relief with respect to the SERP is entered on an interim basis only, with a final hearing to be held on the date and time noted below; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue the Workers' Compensation Programs; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to make all payments to third parties incident to payment of the Employee Wages and Benefits; provided, however, that, without further order of this Court, such payments shall not exceed $50,000 in the aggregate; and it is further

ORDERED, that any payment by the Debtors pursuant to the terms of this Order shall also be subject to the provisions of any interim or final order, as applicable, with respect to the Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) to Utilize Cash Collateral of Prepetition Secured Entities, (II) Granting Adequate Protection to Prepetition Secured Entities, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B) and 4001(C), and (IV) Granting Related Relief; and it is further

ORDERED, that (i) the Debtors' banks are authorized to honor prepetition payroll and transfers on or after the Petition Date and, to the extent the bank may have honored any prepetition payroll checks prior to the Petition Date, such honoring is ratified, and (ii) the Debtors' banks and financial institutions are authorized to process and honor all other checks and transfers issued for payments approved by this Order and/or reissue checks for any payments approved by this Order where checks may be dishonored postpetition; and it is further

ORDERED, that a hearing with respect to the relief requested in the Motion in connection with the Severance Plan shall be held on March 9, 2010 at 1:00 p.m., with any objections to such relief to be filed with the Court by no later than ~~February 25,~~ March 2, 2010 at 4:00 p.m.; and it is further

ORDERED, that a final hearing with respect to the relief requested in the Motion in connection with the SERP shall be held on March 9, 2010 at 1:00 p.m., with any objections to such relief to be filed with the Court by no later than ~~February 25,~~ March 2, 2010 at 4:00 p.m.; and it is further

ORDERED, that (i) the fourteen-day stay under Fed. R. Bankr. P. 6004(h) is hereby waived with respect to this Order and (ii) the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: February __, 2010

_____
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

5