UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 4 |

### ORDER AUTHORIZING THE RETENTION OF THE GARDEN CITY GROUP, INC. AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT AS OF THE PETITION DATE

Upon the Motion[2] of the above-captioned Debtors for entry of an order pursuant to 28 U.S.C. § 156(c), Rule 2002 of the Bankruptcy Rules and Local Rule 2002-1(f), authorizing the Debtors to retain The Garden City Group, Inc. ("GCG"), as the official claims, noticing and balloting agent (the "Claims Agent") in these chapter 11 cases; and upon the Affidavit of Karen B. Shaer, which is annexed to the Motion as Exhibit B, wherein it appears that GCG does not, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders with respect to the matters upon which it is to be engaged, and is not connected with the Debtors, their creditors, other parties-in-interest, the United States Trustee or anyone employed by the Office of the United States Trustee, with respect to the matters upon which GCG is to be engaged; and it appearing that GCG is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; and it appearing that the relief requested therein is in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

the best interests of the Debtors, their estates and creditors; and no notice of the Motion need be given pursuant to Local Rule 2002-1(f); and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The relief requested in the Application is hereby granted.

2. The Debtors are hereby authorized to retain and employ GCG as Claims Agent in these chapter 11 cases for the purposes set forth in the Application and the Engagement Letter, attached to the Application as <u>Exhibit C</u>, effective as of the Petition Date.

3. The indemnification provisions of the Engagement Letter are approved, subject to the following clarifications:

    a. Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, GCG, in accordance with the Engagement Letter and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with GCG's performance of the services described in the Engagement Letter;

    b. GCG shall not be entitled to indemnification, contribution, or reimbursement for services other than the claims agent services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court;

    c. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of GCG contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that

>   person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by the Court's Order; and

>   d.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, GCG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, GCG must file an application before this Court, and the Debtors may not pay any such amounts to GCG before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by GCG for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify GCG.

4.  If GCG is unable to provide the services set forth in the Engagement Letter, GCG will immediately notify the Clerk's Office, the Debtors and Debtors' counsel and cause all original proofs of claim and computer information to be turned over to another claims agent with the advice and consent of the Clerk, the Debtors and Debtors' counsel.

5.  GCG shall not cease providing services for any reason, including nonpayment, without prior order of this Court authorizing GCG from doing so.

6.  Pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of GCG incurred pursuant to the Engagement Letter are to be treated as an administrative expense of the Debtors' chapter 11 estates, and shall be paid by the Debtors in the ordinary course of business after the submission of an invoice in reasonable detail describing the basis for the fees and expenses requested to be paid thereto. GCG shall not be required to file fee applications with this Court pursuant to sections 330 and 331 of the Bankruptcy Code on account of services provided by GCG under the Engagement Letter; provided, however, that the U.S.

Trustee and any official committee appointed in this case (collectively, the "Notice Parties") shall be provided copies of all of GCG's invoices and shall have a period of ten (10) days to object to the amount of such invoice prior to the Debtors' payment of such amounts or such shorter time as agreed to by the Notice Parties.

7. Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with any cash collateral or post-petition financing order entered by this Court and no payment shall be made by the Debtors unless (a) such payment is permitted by the budget then in effect under the cash collateral or post-petition financing order entered by this Court and (b) the cash collateral or post-petition financing order is in effect and has not been terminated in accordance with its terms.

8. This Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated:   February 4, 2010
         Wilmington, Delaware

_____
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE