# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 7 |

## INTERIM ORDER AUTHORIZING THE DEBTORS (I) TO PAY PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS; AND (II) TO PAY CERTAIN OBLIGATIONS ARISING IN CONNECTION WITH GOODS RECEIVED BY THE DEBTORS WITHIN THE TWENTY-DAY PERIOD PRIOR TO THE PETITION DATE

Upon the Motion[2] of the above-captioned Debtors for entry of an order pursuant to sections 105(a), 363, 364, 1107, and 1108 of the Bankruptcy Code (i) authorizing the Debtors to pay, in their discretion, the prepetition claims of certain critical vendors and service providers; and (ii) authorizing the Debtors, in their discretion, to pay certain obligations arising under section 503(b)(9) of the Bankruptcy Code in connection with goods received by the Debtors in the ordinary course of their business within the twenty-day period prior to the Petition Date; and upon consideration of the Motion and all pleadings related thereto, including the Ostendorf Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

estates and creditors; and after due deliberation and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted with respect to payment of the Critical Vendor Claims and the Twenty-Day Claims; and it is further

ORDERED, that the Debtors are authorized, in their discretion and in the reasonable exercise of their business judgment, to pay and/or effect a Cancellation of the prepetition claims of Critical Vendors and Twenty-Day Vendors subject to the conditions set forth in this Order; and it is further

ORDERED, that pending the entry of a final Order approving the Motion, the Debtors' payment of the Critical Vendor Claims shall not exceed $6.75 million in the aggregate unless otherwise ordered by the Court; and it is further

ORDERED, that the Debtors' payment of the Twenty-Day Claims shall not exceed $1.0 million in the aggregate unless otherwise ordered by the Court; and it is further

ORDERED, that any payment by the Debtors pursuant to the terms of this Order shall also be subject to the provisions of any interim or final order, as applicable, with respect to the Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral of Prepetition Secured Entities, (II) Granting Adequate Protection to Prepetition Secured Entities, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B) and 4001(C), and (IV) Granting Related Relief; and it is further

ORDERED, that after the date hereof, the Debtors shall determine who is a Critical Vendor by considering, among other things, whether failure to pay such creditor's prepetition claims will have a material impact on the Debtors' operations; and it is further

ORDERED, that the Debtors shall undertake all appropriate efforts to cause each Critical Vendor to enter into an agreement with the Debtors (the "Critical Vendor Agreement"), including, but not limited to, the following terms:

a. The amount of such Critical Vendor's estimated prepetition claim, after accounting for any setoffs, other credits and discounts thereto, shall be as mutually determined in good faith by the Critical Vendor and the Debtors (but such amount shall be used only for purposes of the Critical Vendor Agreement and this Order (the "Critical Vendor Order") and shall not be deemed a claim allowed by the Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of the Court);

b. The amount and timing of any payment agreed to be paid in satisfaction of such estimated prepetition claim by the Debtors, subject to the terms and conditions as set forth in the Critical Vendor Order;

c. The Critical Vendor's agreement to provide goods and/or services to the Debtors based upon the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, coupon reconciliation, normal product mix and availability and other applicable terms and programs), or such other favorable trade terms as mutually agreed to by the Debtors and such Critical Vendor, and the Debtors' agreement to pay the Critical Vendor in accordance with such terms;

d. The Critical Vendor's agreement not to file or otherwise assert against the Debtors, their estates or any of their assets or property (real or personal) any lien (a "Lien") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Critical Vendor by the Debtors arising from goods provided to the Debtors prior to the Petition Date, and that, to the extent that the Critical Vendor has previously obtained such a Lien, the Critical Vendor shall immediately take all necessary actions to release such Lien;

e. The Critical Vendor's acknowledgment that it has reviewed the terms and provisions of the Critical Vendor Order and consents to be bound thereby;

f. The Critical Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation claims; and

g. If a Critical Vendor who has received payment of a prepetition claim subsequently refuses to supply goods to the Debtors on Customary Trade Terms or other favorable trade terms, any payments received by the Critical Vendor on account of its Critical Vendor Claim will be deemed to have been in payment of then outstanding postpetition obligations owed to such Critical Vendor, and that such Critical Vendor shall immediately repay to the Debtors any payments

received on account of its Critical Vendor Claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding, without the right of setoff or reclamation; and it is further

ORDERED, that the Debtors may, in their discretion, enter into a Trade Agreement with an individual Critical Vendor and the terms of any such Critical Vendor Agreement are hereby incorporated by reference and approved; and it is further

ORDERED, that the Debtors shall condition the payment of Critical Vendor Claims on the agreement of the individual Critical Vendor to continue to supply goods and services to the Debtors (i) with a minimum of 30 day payment terms and (ii) to otherwise continue providing the Debtors with terms that are at least as favorable to the Debtors as the most favorable trade terms, practices, and programs in effect between the Debtors and each such Critical Vendor at any time in the six (6) months prior to the Petition Date (collectively, the "Customary Trade Terms"), or such other trade terms as are agreed to by the Debtors and the Critical Vendor; and it is further

ORDERED, that unless otherwise agreed to by the Debtors, in their sole discretion, any payment of Critical Vendor Claims under this Order shall be applied first to the Critical Vendor's claims for goods received by the Debtors within twenty (20) days of the Petition Date with the remainder, if any, being applied to the Critical Vendor's claims for good received by the Debtors prior to twenty (20) days of the Petition Date; and it is further

ORDERED, that any such Critical Vendor Agreement entered into by the Debtors with an individual Critical Vendor and hereby incorporated by reference and approved shall not automatically terminate upon confirmation of a plan of reorganization (the "Confirmation Date"); and it is further

ORDERED, that the Debtors may, in their discretion, terminate a Critical Vendor Agreement with an individual Critical Vendor (a "Terminated Critical Vendor"), together with

4

the other benefits to the Terminated Critical Vendor as contained in this Order, provided, however, that in the event the Debtors terminate a Critical Vendor Agreement with a Critical Vendor they shall provide notice of such termination to the office of the United States Trustee and any other official committee of unsecured creditors appointed in these cases; and it is further

ORDERED, that if the Debtors choose not to immediately terminate a Critical Vendor Agreement upon a refusal by the participating Critical Vendor party to provide goods in accordance with such Critical Vendor Agreement, the Debtors shall not be deemed to have waived their right to terminate such Critical Vendor Agreement; and it is further

ORDERED, that if a Critical Vendor Agreement is terminated as set forth above, or a Critical Vendor who has received payment of a prepetition claim later refuses to continue to supply goods or services to the Debtors on Customary Trade Terms during the pendency of these chapter 11 cases, the Debtors may, in their discretion, deem provisional payments made to the Critical Vendor on account of prepetition Trade Claims to have been in payment of then outstanding postpetition amounts owed to such Terminated Critical Vendor without further order of the Court or action by any person or entity. Such Terminated Critical Vendor shall then immediately repay to the Debtors any payments made to it on account of its Critical Vendor Claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor, without the right of setoff or reclamation; and it is further

ORDERED, that upon termination of a Critical Vendor Agreement by the Debtors, and any related recovery by the Debtors from the Terminated Critical Vendor of amounts paid by the Debtors to the Terminated Critical Vendor, the claim for which such payment initially was made shall be reinstated as a prepetition claim in the amount disgorged as

a result of the termination, subject to objection by the Debtors and other parties-in-interest and the claims allowance process; and it is further

ORDERED, that the execution of the Critical Vendor Agreement by the Debtors shall not be declared a waiver of any other cause of action, including avoidance actions, that may be held by the Debtors; and it is further

ORDERED, that the Debtors, in their discretion, shall undertake appropriate efforts to cause the Twenty-Day Vendors to acknowledge in writing that payment of their Twenty-Day Claims is conditioned upon the applicable Twenty-Day Vendor continuing to supply goods and services to the Debtors (i) with a minimum of 30 day payment terms and (ii) to otherwise continue providing the Debtors with terms that are at least as favorable to the Debtors as the most favorable trade terms, practices, and programs in effect between the Debtors and each such Twenty-Day Vendor at any time in the six (6) months prior to the Petition Date, or such other trade terms as are agreed to by the Debtors and the Twenty-Day Vendor, and the Debtors reserve the right to negotiate more favorable trade terms with any Twenty-Day Vendor as a condition to payment of any such Twenty-Day Claim; and it is further

ORDERED, that any payment made by the Debtors on account of section 503(b)(9) of the Bankruptcy Code is conditioned upon the Twenty-Day Vendor's agreement to refrain from asserting, or to withdraw, any reclamation claim with respect to the goods that are the subject of any such payment; and it is further

ORDERED, that nothing in this Order shall prohibit the Debtors from seeking Court authority to increase the prepetition amounts authorized to be paid hereunder; and it is further

ORDERED, that nothing in this Order shall be deemed either a grant of administrative expense priority status to, or authority to pay, any amounts that are disputed by the Debtors; and it is further

ORDERED, that notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is intended to constitute, the assumption or adoption of any contract or agreement under 11 U.S.C. § 365; and it is further

ORDERED, that all applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order to the extent the Debtors have good funds standing to their credit with such bank or other financial institution without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that a final hearing, if required, on the Motion will be held on March ~~4~~ 9, 2010, at ~~3~~ 1:00 p.m. (EST). The deadline by which any objection to the Motion must be filed and served on counsel to the Debtors is ~~February 25~~ March 2, 2010, at 4:00 p.m. (EST). The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this interim Order. If no objections are filed to the Motion, this Court may enter a final Order on the Motion without further notice or hearing; and it is further

7

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  February 4, 2010
Wilmington, Delaware

_____
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE