## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**Hearing Date: March 9, 2010 at 1:00 p.m. (ET)**
**Objection Deadline: March 2, 2010 at 4:00 p.m. (ET)**

## APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO 11 U.S.C. § 327(a) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") hereby submit this application (the "Application") for entry of an order authorizing the employment and retention of Sidley Austin LLP ("Sidley") as general reorganization and bankruptcy counsel for the Debtors pursuant to sections 327(a) and 1107(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), *nunc pro tunc* to the Petition Date (as defined below). Factual background in support of this Application is set forth in the Affidavit of Larry J. Nyhan in Support of Application for an Order Authorizing the Employment and Retention of Sidley Austin LLP as Attorneys for the Debtors and Debtors-in-Possession and Disclosure of Compensation Pursuant to 11 U.S.C. § 329 (the "Nyhan Affidavit"), filed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

concurrently with this Application and incorporated herein by reference.  In further support of

this Application, the Debtors respectfully represent as follows:

**STATUS OF THE CASE AND JURISDICTION**

1.      On February 3, 2010 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.   On the Petition Date, the

Debtors also jointly filed motions or applications seeking certain typical "first day" relief.  On

February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for

procedural purposes only pursuant to Bankruptcy Rule 2015(b).

2.      The Debtors continue in possession of their respective properties and

continue to operate and maintain their businesses as debtors-in-possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

3.      On February 12, 2010, the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the

"Committee").  No request has been made for the appointment of a trustee or examiner.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested

herein are sections 327(a) and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

**RELIEF REQUESTED**

5.      By this Application, the Debtors seek the authority to employ and retain

Sidley as their counsel in these chapter 11 cases *nunc pro tunc* to the Petition Date, pursuant to

section 327(a) of the Bankruptcy Code, to represent the Debtors in all aspects of their

reorganization efforts on the terms described herein. The Debtors' cases are complex and

require counsel – such as Sidley – with extensive experience in bankruptcy, insolvency and

2

restructuring matters, as well as specialized and substantial experience in litigation, corporate, real estate, labor and employment, employee benefits, intellectual property, banking, and tax law.

6.      Sidley is a full-service law firm with approximately 1,700 lawyers in seventeen (17) offices in major cities throughout the United States, Europe, Asia and Australia. Sidley has experience and expertise in nearly every major substantive area of legal practice, and its clients include leading public companies and privately held businesses in a variety of industries, as well as major non-profit organizations. Sidley has a global corporate reorganization and bankruptcy practice composed of approximately sixty (60) attorneys, plus attorneys in numerous other principal areas of practice that have sub-specialties in bankruptcy.

7.      Sidley is frequently retained to act as general bankruptcy counsel for the debtors in complex chapter 11 cases commenced in this District, including: In re R.H. Donnelley Corporation, Case No. 09-11833 (KG) (Bankr. D. Del. 2009); In re Smurfit-Stone Container Corporation, Case No. 09-10235 (BLS) (Bankr. D. Del. 2009); In re Pliant Corporation, Case No. 09-10443 (MFW) (Bankr. D. Del. 2009); In re Merisant Worldwide, Inc., Case No. 09-10059 (PJW); In re Tribune Company, Case No. 08-13141 (KJC) (Bankr. D. Del. 2008); In re Hilex Poly Co., Case No. 08-10890 (KJC) (Bankr. D. Del. 2008); In re Pliant Corporation, Case No. 06-10001 (MFW) (Bankr. D. Del. 2006); In re Meridian Automotive Systems – Composites Operations, Inc., Case No. 05-11168 (MFW) (Bankr. D. Del. 2005); In re The Flintkote Co. and Flintkote Mines Ltd., Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); In re Federal-Mogul Global Inc., T&N Limited, et al., Case No. 01-10578 (JKF) (Bankr. D. Del. 2001); and In re Owens Corning, Case No. 00-3837 (JKF) (Bankr. D. Del. 2000).

8.      In the months leading up to the Petition Date, Sidley has advised the Debtors on restructuring and insolvency issues, including factors pertinent to the commencement of these chapter 11 cases, as well as on general corporate, banking, and environmental matters.

In so doing, Sidley has become intimately familiar with the Debtors and their business affairs. The partners and associates of Sidley who will advise the Debtors in these cases have wide-ranging experience in bankruptcy and insolvency law, as well as in litigation, corporate, real estate, insurance, ERISA, intellectual property, environmental, banking, and tax law. The Debtors believe that Sidley is uniquely qualified to represent them in these chapter 11 cases.

9.     The Debtors have also chosen to retain the law firm of Young Conaway Stargatt and Taylor, LLP ("YCST") to act as their Delaware bankruptcy counsel in these chapter 11 cases. The Debtors are submitting, concurrently herewith, a separate application to retain YCST. Sidley and YCST have worked together on a variety of matters in the past, are currently working together on several active chapter 11 cases in this District, and have conferred about their respective roles in these chapter 11 cases in order to avoid duplication of efforts.

10.     The Debtors believe that Sidley's professional services are necessary to enable the Debtors to effectively execute their duties as debtors-in-possession. Subject to the oversight and orders of this Court, the Debtors anticipate that Sidley will perform the following legal services, among others, for the Debtors in these chapter 11 cases:

    (a)    provide legal advice with respect to the Debtors' powers and duties as debtors-in-possession in the continued operation of their businesses;

    (b)    take all necessary action on behalf of the Debtors to protect and preserve the Debtors' estates, including prosecuting claims and causes of action on behalf of the Debtors, negotiating any and all litigation in which the Debtors are involved, and objecting to claims filed against the Debtors' estates;

    (c)    prepare on behalf of the Debtors all necessary motions, answers, orders, reports, and other legal papers in connection with the administration of the Debtors' estates;

    (d)    attend meetings and negotiate with representatives of creditors and other parties in interest, attend court hearings, and advise the Debtors on the conduct of their chapter 11 cases;

4

(e)     advise and assist the Debtors regarding all aspects of the plan confirmation process, including, but not limited to, negotiating and drafting a plan of reorganization, an accompanying disclosure statement, and related solicitation materials, securing the approval of a disclosure statement, soliciting votes in support of confirmation of the plan, and securing confirmation of the plan;

(f)     perform any and all other legal services for the Debtors in connection with these chapter 11 cases and with implementation of the Debtors' plan of reorganization;

(g)     provide legal advice and perform legal services with respect to matters involving the negotiation of the terms and the issuance of corporate securities, matters relating to corporate governance, and the interpretation, application or amendment of the Debtors' organizational documents, including their articles of incorporation, by-laws, material contracts, and matters involving the fiduciary duties of the Debtors and their directors and officers;

(h)     provide legal advice and legal services with respect to litigation, tax, environmental law and other general non-bankruptcy legal issues for the Debtors to the extent requested by the Debtors; and

(i)     render such other services as may be in the best interests of the Debtors in connection with any of the foregoing and all other necessary or appropriate legal services in connection with these chapter 11 cases, as agreed upon by Sidley and the Debtors.

11.     Subject to this Court's approval, Sidley intends to (i) charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates in effect on the date such services are rendered, and (ii) seek reimbursement of actual and necessary costs and expenses incurred by Sidley in connection with these chapter 11 cases. Sidley has informed the Debtors that its hourly rates are subject to periodic adjustment from time to time in accordance with Sidley's established billing practices and procedures. The current hourly rates of Sidley's bankruptcy and other professionals and para-professionals who are expected to render services to the Debtors in these chapter 11 cases range from $90 to $950 per hour.

12.     In addition to the hourly rates set forth above, Sidley customarily charges its clients for certain costs and expenses incurred in connection with a client's case. These

5

charges include, among other things, long-distance telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, document processing charges, filing fees, photocopying charges, color copying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial overtime. Sidley will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Sidley's other clients and in accordance with the guidelines set forth in the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

13.    Sidley has represented the Debtors since March 2009. Prior to the Petition Date, on November 12, 2009, Sidley received an advance payment retainer from the Debtors in the amount of $500,000 (the "Advance Payment Retainer") in connection with the preparations for the filing of these chapter 11 cases and for its proposed post-petition representation of the Debtors. On February 2, 2010, the Advance Payment Retainer was further increased by $225,000. The Advance Payment Retainer was a payment in advance by the Debtors for services to be rendered by Sidley and was treated as such by both the Debtors and Sidley. As set forth in the Nyhan Affidavit, as of the Petition Date, the amount of Sidley's unpaid fees and expenses that were incurred during the ninety (90) period prior to the Petition Date exceeded the aggregate Advance Payment Retainer by approximately $49,698.41. Sidley has agreed to waive and forego the payment of its unpaid prepetition fees and expenses.

14.    During the one (1) year period prior to the Petition Date, Sidley received approximately $956,620.15 in fees and expenses from the Debtors for services rendered in contemplation of or in connection with the filing of these chapter 11 cases. A breakdown of the payments Sidley received from the Debtors within the ninety (90) day period prior to the Petition Date is provided in the concurrently-filed Nyhan Affidavit.

15.    Sidley has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

## SIDLEY'S DISCLOSURES CONCERNING ITS RETENTION BY THE DEBTORS AND THE STANDARDS APPLICABLE THERETO

16.    The standard for a debtor-in-possession to employ attorneys as general bankruptcy counsel is set forth in sections 327(a) and 1107 of the Bankruptcy Code, as interpreted by the Third Circuit. Those sections provide that a debtor-in-possession, with the Court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estate" and that are "disinterested persons." 11 U.S.C. § 327(a); 11 U.S.C. § 1107; see also In re BH&P, Inc., 949 F.2d 1300, 1314 (3d Cir. 1991) (citing In re Star Broadcasting, Inc., 81 B.R. 835, 838 (Bankr. D.N.J. 1988) (noting that, for counsel to be retained, "counsel must 'not hold or represent an interest adverse to the estate' and must be a 'disinterested person'"). A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect relationship with the debtor, or for any other reason. See 11 U.S.C. § 101(14)(e). In general, however, subject to the requirements of section 327(a) and 1107, a debtor in possession is entitled to the counsel of its choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

17.    As described in detail in the concurrently-filed Nyhan Affidavit, Sidley has conducted an extensive search of its conflict databases with respect to the Debtors and a voluminous list of parties in interest and potential parties in interest in these chapter 11 cases. See Nyhan Affidavit at ¶ 2. The scope of that conflicts search is set out in Exhibit A to the

7

Nyhan Affidavit, while the results of the conflicts search are set forth in <u>Exhibit B</u> to the Nyhan

Affidavit. Based on the results of that conflicts search, Sidley has informed the Debtors that, as

set forth in more detail in the concurrently-filed Nyhan Affidavit and subject to any explanations

and/or exceptions set forth therein, Sidley (a) does not hold or represent any interest adverse to

the Debtors' estates in matters upon which it is to be engaged, and (b) is a "disinterested person"

within the meaning of section 101(14) of the Bankruptcy Code.

18.    Sidley also has informed the Debtors that Sidley has not shared or agreed

to share any compensation received in connection with these chapter 11 cases with any entity

other than its partners and associates in accordance with Sidley's partnership agreement and

section 504(b) of the Bankruptcy Code.

19.    The Debtors believe that it is necessary and in the best interests of their

estates and creditors for the Debtors to be authorized to employ and retain Sidley to render

professional services on their behalf on the terms set forth herein and in the Nyhan Affidavit.

## NOTICE

20.    Notice of this Application has been provided to: (i) the U.S. Trustee; (ii)

counsel to the Committee; (iii) counsel to the agent for the lenders under the prepetition credit

facility; (iv) counsel to the agents for the lenders under the proposed post-petition credit

facilities; (v) counsel to the ad hoc committee of the holders of 9.5% secured notes; (vi) the

indenture trustee for the 9.5% secured notes; (vii) counsel to the holders of the 12.5%

subordinated notes; and (viii) all other parties required to receive service under Rule 2002-1(b).

In light of the nature of the relief requested herein, the Debtors believe no other or further notice

is necessary.

8

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as Exhibit A, (i) authorizing the Debtors to employ and retain Sidley as their general reorganization and bankruptcy counsel, *nunc pro tunc* to the Petition Date, and (ii) granting such other and further relief as the Court deems just and proper.

Dated:  Wilmington, Delaware
        February 19, 2010

                          NEENAH ENTERPRISES, INC.
                          (for itself and on behalf of its Debtor subsidiaries)


                          Robert E. Ostendorf, Jr.
                          President and Chief Executive Officer

9

# **EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No.:** _____ |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION PURSUANT TO 11 U.S.C. §§ 327(a)
AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application[2] of the above-captioned Debtors for entry of an order authorizing the employment and retention of Sidley Austin LLP ("Sidley") as general reorganization and bankruptcy counsel for the Debtors pursuant to sections 327(a) and 1107(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), *nunc pro tunc* to the Petition Date; and upon consideration of the Application and all pleadings related thereto, including the Nyhan Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Application was due and proper under the circumstances; and it appearing that Sidley neither holds nor represents any interest adverse to the Debtors' estates; and it further appearing that Sidley is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code; and it appearing that the relief requested in the Application is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Application.

in the best interests of the Debtors, their estates and creditors; and after due deliberation, and

good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Application is granted; and it is further

ORDERED, that pursuant to sections 327(a) and 1107 of the Bankruptcy Code,

the employment and retention of Sidley as attorneys for the Debtors is hereby approved, *nunc*

*pro tunc* to the Petition Date, on the terms and conditions set forth in the Application and in the

Nyhan Affidavit; and it is further

ORDERED, that Sidley shall be compensated in accordance with the procedures

set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, and any applicable orders of this Court; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

Dated: Wilmington, Delaware
      March _____, 2010

                                           _____
                                           MARY F. WALRATH
                                           UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al., | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**AFFIDAVIT OF LARRY J. NYHAN IN SUPPORT OF APPLICATION FOR
AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE DEBTORS AND
DEBTORS-IN-POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE,
AND DISCLOSURE OF COMPENSATION PURSUANT TO 11 U.S.C. § 329**

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | ss: |
| COUNTY OF COOK | ) | |

Larry J. Nyhan, being duly sworn, deposes and says:

1.    I am a partner in the law firm of Sidley Austin LLP ("Sidley" or the "Firm") and a resident in its office located at One South Dearborn Street in Chicago, Illinois 60603.  This affidavit (the "Affidavit") is submitted in support of the proposed employment and retention of Sidley by each of the above-captioned entities, all of which are debtors and debtors-in-possession herein (collectively, the "Debtors"), as their general reorganization and bankruptcy counsel in the above-referenced chapter 11 cases pursuant to sections 327(a) and 1107(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), *nunc pro tunc* to February 3, 2010 (the "Petition Date").  This Affidavit is also intended to provide the disclosure of compensation required under section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b).  Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein.

2.    Sidley has conducted a series of searches of its conflicts databases to identify representations of creditors and other parties in interest (or potential parties in interest) in these chapter 11 cases. Specifically, Sidley has searched its databases to identify, in each case at any time during the last five (5) years, any (i) circumstances in which Sidley has represented clients other than the Debtors in matters involving the Debtors, (ii) representations by Sidley of holders of more than 5% of the common stock of Neenah Enterprises, Inc., a Debtor herein and the ultimate parent company of each of the other Debtors, (iii) current and former directors and officers of the Debtors, (iv) representations by Sidley of the Debtors' 30 largest unsecured creditors, including the members of the official committee of unsecured creditors, (v) representations by Sidley of the Debtors' prepetition secured lenders, (vi) representations by Sidley of the administrative agent for the Debtors' prepetition secured lenders, (vii) representations by Sidley of professionals retained by the administrative agent for the Debtors' prepetition secured lenders, (viii) representations by Sidley of the members of the ad hoc committee of secured noteholders, (ix) representations by Sidley of the indenture trustee for the secured noteholders, (x) representations by Sidley of the professionals retained by the ad hoc committee of secured noteholders, (xi) representations by Sidley of the Debtors' major insurance carriers, reinsurance carriers, agents and brokers, (xii) representations by Sidley of the Debtors' post-petition lenders, (xiii) representations by Sidley of the agents for the Debtors' post-petition lenders, (xiv) representations by Sidley of the professionals retained by the agents for the Debtors' post-petition lenders, (xv) representations by Sidley of the other professionals retained by the Debtors in connection with these chapter 11 cases, (xvi) representations by Sidley of parties to litigation with the Debtors, (xvii) representations by Sidley of unions representing employees of the Debtors, (xviii) representations by Sidley of judges on the United States

2

Bankruptcy Court for the District of Delaware, (xix) representations by Sidley of attorneys employed by the office of the United States Trustee for Region 3, District of Delaware, (xx) representations by Sidley of the landlords for properties leased by the Debtors, and (xxi) representations by Sidley of the subordinated noteholders.

3.    Attached hereto as Exhibit A is a list of all persons and entities that Sidley reviewed for potential connections. The charts set forth in Exhibit B hereto summarize the results of the foregoing review. As set forth in greater detail in Exhibit B, and subject to any explanations and/or exceptions set forth therein, Sidley (a) does not hold or represent any interest adverse to the Debtors' estates in matters upon which it is to be engaged, and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

4.    To the best of my knowledge and information, Sidley has no connections with the Office of the United States Trustee or any person employed by the Office of the United States Trustee for Region 3 or the United States Bankruptcy Court for the District of Delaware. Names of the attorneys employed by the Office of the United States Trustee for Region 3 and judges of the United States Bankruptcy Court for the District of Delaware were included in the conflicts search described herein.

5.    In light of the extensive number of creditors and other parties in interest in these chapter 11 cases, and because definitive lists of all such creditors and other parties-in-interest have not yet been prepared, neither I nor Sidley are able to conclusively identify all potential relationships. To the extent that I become aware of any additional relationships that may be relevant to Sidley's representation of the Debtors, I will file a supplemental affidavit.

### DISCLOSURE OF COMPENSATION

6.    Sidley has represented the Debtors since March 2009. Prior to the Petition

3

Date, on November 12, 2009, Sidley received an advance payment retainer from the Debtors in the amount of $500,000 (the "Advance Payment Retainer")[1] in connection with the preparations for the filing of these chapter 11 cases and for its proposed post-petition representation of the Debtors. On February 2, 2010, the Advance Payment Retainer was further increased by $225,000. The Advance Payment Retainer was a payment in advance by the Debtors for services to be rendered by Sidley and was treated as such by both the Debtors and Sidley. As of the Petition Date, the amount of Sidley's unpaid fees and expenses that were incurred during the ninety (90) period prior to the Petition Date exceeded the aggregate Advance Payment Retainer by approximately $49,698.41. Sidley has agreed to waive and forego the payment of its unpaid prepetition fees and expenses.

7.    During the one (1) year period prior to the Petition Date, Sidley received approximately $956,620.15 in fees and expenses from the Debtors for services rendered in contemplation of or in connection with the filing of these chapter 11 cases.

8.    For purposes of illustration, below is a chart listing the payments Sidley received from the Debtors from October 9, 2009 through the Petition Date and the amount of the Advance Payment Retainer at the time such payments were made:

| DATE OF INVOICE | AMOUNT OF INVOICE AND PERIOD COVERED | DATE INVOICE PAID | AMOUNT OF ADVANCE PAYMENT RETAINER |
|---|---|---|---|
| September 25, 2009 | $33,799.00 August 1-31, 2009 | November 10, 2009 | $0 |
| October 16, 2009 | $61,283.00 September 1-30, 2009 | November 30, 2009 | $500,000 |
| November 16, 2009 | $88,842.50 October 1-31, 2009 | December 28, 2009 | $500,000 |

---

[1] Under Illinois law, the Advance Payment Retainer became the property of Sidley upon Sidley's receipt thereof from the Debtors, at which time it was deposited into a Sidley operating account. At no time was the Advance Payment Retainer (or any portion thereof) transferred to or held in a client trust, custodial or escrow account.

4

| December 21, 2009 | $160,128.50<br>November 1-30, 2009 | December 28, 2009 | $500,000 |
|---|---|---|---|
| January 15, 2010 | $258,526.50<br>December 1-31, 2009 | January 25, 2010 | $500,000 |

9.    Subject to this Court's approval, Sidley intends to (i) charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates in effect on the date such services are rendered, and (ii) seek reimbursement of actual and necessary costs and expenses incurred by Sidley in connection with these cases.  Sidley has informed the Debtors that its hourly rates are subject to periodic adjustment from time to time in accordance with Sidley's established billing practices and procedures.  The hourly rates of Sidley's bankruptcy and other professionals and para-professionals expected to render services to the Debtors in these chapter 11 cases range from $90 to $950 per hour.

10.    In addition to the hourly rates set forth above, Sidley customarily charges its clients for certain costs and expenses incurred in connection with a client's case.  These charges include, among other things, long-distance telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, document processing charges, filing fees, photocopying charges, color copying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial overtime.  Sidley will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Sidley's other clients and in accordance with the guidelines set forth in the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

11.    Sidley is prepared to act on the Debtors' behalf at its normal and customary rates, together with reimbursement of all costs and expenses incurred by Sidley in

connection with its representation of the Debtors, and the Debtors have proposed to pay Sidley at such rates and to reimburse it for such expenses, subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.

12.    Sidley has not shared or agreed to share any compensation received in connection with these chapter 11 cases with any entity other than its partners and associates in accordance with Sidley's partnership agreement and section 504(b) of the Bankruptcy Code. I declare under penalty of perjury that the foregoing is true and correct.

Larry J. Nyhan

Sworn to and subscribed
before me this 19th day
of February, 2010.

Notary Public

"OFFICIAL SEAL"
Diana R. Manheim
Notary Public, State of Illinois
My Commission Expires March 31, 2010

6