IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., *et al.*,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Objection Deadline: March 2, 2010 at 4:00 p.m. (ET)<br>Hearing Date: March 9, 2010 at 1:00 p.m. (ET) |

## APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submit this application (the "Application") for entry of an order authorizing the Debtors to employ and retain the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm") as their bankruptcy co-counsel, *nunc pro tunc* to the Petition Date (as defined herein). In support of this Application, the Debtors submit the Affidavit of Edmon L. Morton (the "Morton Affidavit"), attached hereto as Exhibit A, and respectfully represent as follows:

### STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors also jointly filed motions or applications seeking certain typical "first day" relief. On

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 2015(b).

2.  The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On February 12, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

4.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are Section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**RELIEF REQUESTED**

5.  By this Application, the Debtors seek authority to employ and retain Young Conaway as their bankruptcy co-counsel with regard to the filing and prosecution of their chapter 11 cases, effective as of the Petition Date. By separate application filed contemporaneously herewith, the Debtors have also asked the Court to approve the retention of Sidley Austin LLP ("Sidley") as bankruptcy co-counsel. Young Conaway has discussed the division of responsibilities with Sidley and will make every effort to avoid duplication of efforts. Accordingly, the Debtors respectfully request the entry of an order pursuant to section 327(a) of the Bankruptcy Code authorizing them to employ and retain Young Conaway as their co-counsel

under a general retainer to perform the legal services that will be necessary during these chapter 11 cases.

6. The Debtors seek to retain Young Conaway as their attorneys because of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Debtors submit that Young Conaway's knowledge, expertise, and experience practicing before this Court will enable it to work in an efficient and cost-effective manner on behalf of the Debtors' estates. Additionally, in preparing for these cases, Young Conaway has become familiar with the Debtors' businesses and affairs and many of the potential legal issues which may arise in the context of these chapter 11 cases. Accordingly, the Debtors believe that Young Conaway is uniquely qualified to represent them as co-counsel in their chapter 11 cases and will do so in a most expedient manner.

7. Subject to court approval, in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Young Conaway on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegal presently designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Robert S. Brady | $660.00 per hour |
| b. | Edmon L. Morton | $530.00 per hour |
| c. | Donald J. Bowman, Jr. | $350.00 per hour |
| d. | Kenneth J. Enos | $335.00 per hour |
| e. | Morgan L. Seward | $265.00 per hour |
| f. | Troy Bollman, paralegal | $135.00 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

8. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

9. The professional services that Young Conaway will render to the Debtors include, but shall not be limited to, the following:

    a. providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their properties;

    b. pursuit of confirmation of the Plan and approval of the corresponding solicitation procedures and disclosure statement;

        c.      preparing on behalf of the Debtors necessary applications, motions, answers, orders, reports and other legal papers;

        d.      appearing in Court and otherwise protecting the interests of the Debtors before the Court; and

        e.      performing all other legal services for the Debtors which may be necessary and proper in these proceedings.

10.    To the best of the Debtors' knowledge, and except as disclosed herein and in the Morton Affidavit, Young Conaway has not represented the Debtors, their creditors, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates.

11.    The Debtors desire to retain Young Conaway under a general retainer because of the extensive legal services that may be required and the fact that the nature and extent of such services are not known at this time. To the best of the Debtors' knowledge and except as otherwise disclosed in the Morton Affidavit, Young Conaway does not hold or represent any interest adverse to the Debtors' estates. Young Conaway is a "disinterested person" as that phrase is defined in section 101(14) as modified by section 1107(b) of the Bankruptcy Code, and Young Conaway's employment is necessary and in the best interests of the Debtors and their estates.

12.    Young Conaway was retained on or about January 12, 2010, pursuant to the terms of an engagement agreement executed subsequently thereto by the Debtors. On or about January 22, 2010, Young Conaway received a retainer in the amount of $50,000 in connection with the planning and preparation of initial documents and its proposed post-petition representation of the Debtors. In addition, the Firm received an additional retainer payment of

$15,000 on February 2, 2010.[2] A portion of the retainer was applied to outstanding balances existing as of the Petition Date. The remainder will constitute a general retainer as security for post-petition services and expenses, which will be applied to the fees and expenses initially incurred in these cases until it is exhausted..

## NOTICE

13.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel the Official Committee of Unsecured Creditors; (iii) counsel to the agent for the lenders under the prepetition credit facility; (iv) counsel to the agents for the lenders under the proposed post-petition credit facilities; (v) counsel to the Ad Hoc Committee of the holders of lenders of 9.5% secured notes; (vi) the indenture trustee for the 9.5% secured notes; (vii) counsel to the holders of the 12.5% subordinated notes; and (vii) all other parties required to receive service under Local Rule 2002-1(b). Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

---

[2] The Debtors also received a payment of $18,702 on January 26, 2010 to cover the filing fees assessed by the Court in connection with the filing of the Debtors' petitions.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>: (i) authorizing the Debtors to employ and retain Young Conaway as bankruptcy co-counsel for the Debtors effective as of the Petition Date; and (ii) granting the Debtors such other and further relief as is just and proper.

Dated: February 19, 2010

        Neenah Enterprises, Inc.
        On behalf of the Debtors

        _____
        Robert E. Ostendorf, Jr.
        President and Chief Executive Officer