## EXHIBIT A

**Morton Affidavit**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., *et al.*,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

### AFFIDAVIT OF EDMON L. MORTON IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

STATE OF DELAWARE        )
                                          : ss.
COUNTY OF NEW CASTLE        )

EDMON L. MORTON, being duly sworn, deposes and says:

1.    I am a partner in the firm of Young Conaway Stargatt & Taylor, LLP

("Young Conaway" or the "Firm"), The Brandywine Building, 17th Floor, 1000 West Street,

Wilmington, DE 19801, and have been duly admitted to practice in the State of Delaware, the

United States District Court for the District of Delaware, the United States Court of Appeals for

the Third Circuit, and the State of New York. This Affidavit is submitted in support of the

Debtors' *Application For An Order Authorizing The Debtors To Retain And Employ Young*

*Conaway Stargatt & Taylor, LLP As Attorneys For The Debtors Nunc Pro Tunc To The Petition*

*Date* (the "Application").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms not otherwise defined herein, shall have the meanings ascribed to them in the Application.

2.      Based on the conflicts and contacts search conducted and described herein, to the best of my knowledge, neither I, the Firm, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors (collectively, the "Debtors"), their creditors, or any other parties in interest, or their respective attorneys and accountants, or the United States Trustee or any person employed in the Office of the United States Trustee, except as stated below:

a.      In recent months, the Firm and certain of its partners and associates have rendered legal services to the Debtors relating to their plans to seek relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and the preparation of the petitions and other papers initiating these cases.

b.      Dalton Corporation Warsaw Manufacturing Facility ("Dalton") and Neenah Foundry Company ("Neenah Foundry") are Debtors in these chapter 11 cases. Young Conaway currently represents Precision Partners, Inc. in its Chapter 11 Cases. Dalton and Neenah Foundry may be creditors of Precision Partners, Inc.

c.      Bank of America, N.A. ("Bank of America"), General Electric Capital Corporation ("GE"), J.P. Morgan Chase Bank ("J.P. Morgan"), Wachovia Capital Finance Corporation ("Wachovia") and Deutsche Bank Trust Company Americas ("Deutsche Bank") are prepetition lenders of the Debtors. Young Conaway either (i) currently represents Bank of America, GE, J.P. Morgan, Wachovia, and Deutsche Bank in corporate and employment matters and/or (ii) has in the past represented Bank of America, GE, J.P. Morgan, Wachovia and Deutsche Bank and/or certain of their possible affiliates. All such representations are wholly unrelated to the Debtors or these Chapter 11 Cases.

d.      Humana Inc. ("Humana"), United Healthcare, Continental Casualty Co. ("Continental"), Federal Insurance Co. ("Federal"), Fireman's Fund Insurance Co.

2

("Fireman's"), Illinois National Insurance Company ("Illinois National"), Indian Harbor Insurance Company ("Indian Harbor"), St. Paul Fire & Marine Insurance Company ("St. Paul"), Travelers Insurance ("Travelers") and XL Specialty Insurance Company ("XL Specialty") (collectively, the "Insurance Carriers") are insurance carriers of the Debtors. Young Conaway currently and/or previously represented the Insurance Carriers in a matter wholly unrelated to the Debtors or these Chapter 11 Cases.

        e.     Caterpillar, Inc. ("Caterpillar") is an unsecured creditor of the Debtors. Young Conaway previously represented Caterpillar in a matter that is wholly unrelated to the Debtors or these Chapter 11 Cases.

        f.     Dana Corporation Commercial Vehicle ("Dana") is an unsecured creditor of the Debtors. Young Conaway previously represented Dana in a matter wholly unrelated to the Debtors or these Chapter 11 Cases.

        g.     Mackay Shields LLC ("Mackay") is a member of the Ad Hoc Committee of Senior Noteholders in these Chapter 11 Cases. Young Conaway previously represented Mackay in matters wholly unrelated to the Debtors or these Chapter 11 Cases.

        h.     Wilmington Trust FSB ("Wilmington Trust") is one of the Debtors' Proposed post-petition lenders. Young Conaway currently and/or previously represented Wilmington Trust and its affiliates in matters wholly unrelated to the Debtors and these Chapter 11 Cases.

        i.     United States Trust Company of New York ("Trust Company") is the indenture trustee for the 12 ½% Senior Subordinated Notes due 2013. Young Conaway previously represented an affiliate of the Trust Company in matters wholly unrelated to the Debtors and these Chapter 11 Cases.

j.     The Debtors are seeking to retain Sidley Austin LLP, K&L Gates LLP, Ernst & Young, and Rothschild Inc. to provide professional services in these cases. Young Conaway has in the past worked and/or currently does work with and/or against these professionals in connection with matters wholly unrelated to the Debtors or these Chapter 11 Cases.

3.     Young Conaway is continuing to review the Debtors' complete lists of creditors and other parties in interest. Based upon its review as of this date, Young Conaway has determined that it does not represent any party in these proceedings with a material adverse interest with respect to these Debtors. Young Conaway will supplement this affidavit, as necessary, with disclosures of additional information as the same develops or becomes available.

4.     Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that said firm, its partners, counsel and associates:

a.     Are not creditors, equity security holders, or insiders of the Debtors;

b.     Are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, directors, officers, or employees of the Debtors; and

c.     Do not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

5.     Young Conaway was retained on or about January 12, 2010, pursuant to the terms of an engagement agreement executed subsequently thereto by the Debtors. On or about January 22, 2010, Young Conaway received a retainer in the amount of $50,000 in connection with the planning and preparation of initial documents and its proposed post-petition representation of the Debtors. In addition, the Firm received an additional retainer payment of $15,000 on February

4

2, 2010.[3]  A portion of the retainer was applied to outstanding balances existing as of the Petition Date. The remainder will constitute a general retainer as security for post-petition services and expenses, which will be applied to the fees and expenses initially incurred in these cases until it is exhausted.

6.      The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.  The principal attorneys and paralegal designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Robert S. Brady | $660.00 per hour |
| b. | Edmon L. Morton | $530.00 per hour |
| c. | Donald J. Bowman, Jr. | $350.00 per hour |
| d. | Kenneth J. Enos | $335.00 per hour |
| e. | Morgan L. Seward | $265.00 per hour |
| f. | Troy Bollman, paralegal | $135.00 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

5.      The hourly rates set forth above are the Firm's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in

---

[3]  The Debtors also received a payment of $18,702 on January 26, 2010 to cover the filing fees assessed by the Court in connection with the filing of the Debtors' petitions.

connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses, approved by the client, such as secretarial and other overtime.  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

6.    No promises have been received by the Firm or by any partner, counsel or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases.

DB02:9186849.4

069152.1001

WHEREFORE, affiant respectfully prays for the entry of the annexed order and for such other and further relief as may be just and proper.

_____
Edmon L. Morton

Sworn to before me this _19th_ day of February, 2010.

_____
Notary Public
My Commission Expires: _____

ANGELA M. COLSON
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Aug. 31, 2011

DB02:9186849.1                                                                069152.1001