## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | **Hearing Date: March 9, 2010 at 1:00 p.m. (ET)**<br>**Objection Deadline: March 2, 2010 at 4:00 p.m. (ET)** |

### MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

The above-captioned debtors and debtors in possession (each a "Debtor" and

collectively, the "Debtors") hereby move this Court (the "Motion") for entry of an order pursuant

to sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code")

establishing (i) procedures for interim compensation for services rendered and reimbursement of

expenses incurred by professionals retained by the Debtors and the official committee of

unsecured creditors (the "Committee") and (ii) expense reimbursement procedures for members

of the Committee. In support of this Motion, the Debtors respectfully state as follows:

### STATUS OF THE CASE AND JURISDICTION

1.    On February 3, 2010 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the

Debtors also jointly filed motions or applications seeking certain typical "first day" relief. On

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

February 4, 2010, the Court entered an order consolidating the Debtors' chapter 11 cases for

procedural purposes only pursuant to Bankruptcy Rule 2015(b).

2.       The Debtors continue in possession of their respective properties and

continue to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

3.       On February 12, 2010, the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed the Committee.  No request has been made for the

appointment of a trustee or examiner.

4.       The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The statutory predicates for

the relief sought herein are sections 105(a) and 331 of the Bankruptcy Code.

## RELIEF REQUESTED

5.       By this Motion, the Debtors seek entry of an order, in substantially the

form attached hereto as Exhibit A, pursuant to sections 105(a) and 331 of the Bankruptcy Code,

establishing certain procedures for (i) interim compensation for services rendered, and

reimbursement of expenses incurred, by professionals retained by the Debtors or the Committee

pursuant to an order of this Court and (ii) the reimbursement of expenses incurred by members of

the Committee in connection with their service on the Committee.

6.       Contemporaneously herewith, the Debtors have filed applications to retain

(a) Sidley Austin LLP as general reorganization and bankruptcy counsel, (b) Young Conaway

Stargatt & Taylor, LLP as general reorganization and bankruptcy co-counsel, (c) Rothschild, Inc.

as investment banker, (d) Mercer (US) Inc. as compensation consultant, (e) Huron Consulting

Services LLC as financial advisor, and (f) Ernst and Young LLP as tax service providers.  The

DB02:9280727.1                                                                                         069152.1001

Debtors anticipate that they may also retain other estate professionals (collectively with the professionals listed in the preceding sentence, the "Estate Professionals") in these chapter 11 cases as the need arises. Moreover, the Committee will likely seek to retain counsel and may also seek to retain other professionals (collectively, the "Committee Professionals").

7.    Concurrently herewith, the Debtors are filing a motion for entry of an order authorizing the Debtors to employ and compensate certain professionals in the ordinary course of business (the "OCP Motion"). The OCP Motion seeks authority for the Debtors to continue to retain and employ professionals in the ordinary course of business on terms substantially similar to those in effect prior to the Petition Date without the need to file individual retention applications for each such professional. In addition, the OCP Motion seeks authority for the Debtors to pay the ordinary course professionals in full without the necessity of filing interim fee applications and in accordance with the existing payment arrangements between the Debtors and such professionals, subject to the monthly caps set forth in the OCP Motion. Any ordinary course professional seeking payment of fees and expenses exceeding the relevant monthly cap approved by the Court will be required to apply to the Court for approval of its fees and expenses in accordance with the procedures set forth in this Motion.

8.    Accordingly, there are two categories of professionals covered by this Motion and the proposed compensation procedures to be established hereunder: (a) chapter 11 professionals who are separately retained under sections 327(a), 327(e), or 328(a) of the Bankruptcy Code (whether retained by the Debtors or by the Committee); and (b) those ordinary course professionals whose fees and expenses are subject to and exceed the monthly cap set forth in the OCP Motion (each, an "OCP Professional," and together with the Committee Professionals and the Estate Professionals, the "Professionals").

DB02:9280727.1                                                                                          069152.1001

## PROPOSED INTERIM COMPENSATION PROCEDURES

9.      Pursuant to sections 105(a) and 331 of the Bankruptcy Code, the Debtors seek the establishment of procedures for the allowance and payment of compensation and reimbursement of the Professionals pursuant to monthly fee applications.  Such an order will streamline the professional compensation process and enable the court and all parties in interest to more effectively monitor the fees incurred by the Professionals.  Such procedures will also allow the Professionals to receive interim payment of their fees and expenses while awaiting final approval thereof.  Such procedures are appropriate and may be approved under section 331 of the Bankruptcy Code, which provides that all professionals employed under sections 327 or 1103 of the Bankruptcy Code may apply to the Court for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.

10.     Specifically, the Debtors propose that the Court adopt the following procedures (the "Compensation Procedures") for the allowance of interim compensation for services rendered and reimbursement of expenses incurred by the Professionals:

(a)     No earlier than the 10th day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (the "Monthly Fee Application") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on each of the following parties (collectively, the "Notice Parties") by first class mail: (i) counsel to the Debtors:  Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, attn: Kerriann S. Mills; and Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, PO Box 391, Wilmington, Delaware 19899-0391, attn: Morgan Seward; (ii) counsel to the ad hoc committee of holders of 9.5% secured notes: Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, attn: Lori E. Kata; (iii) counsel to the prepetition lenders: Goldberg Kohn Ltd., 55 East Monroe St., Chicago, IL 60603, attn: Ronald Barliant; (iv) counsel to the Committee: Greenberg & Traurig, 1007 N. Orange St., Wilmington, Delaware 19801, attn: Don Detweiler; and (v) counsel to the U.S. Trustee. All Monthly Fee Applications shall comply with the Bankruptcy Code, the

4

Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  The first Monthly Fee Application submitted by each Professional shall be filed no earlier than March 10, 2010 and shall cover the period from the Petition Date through and including February 28, 2010.

(b)     Each Notice Party will have ten (10) days after service of a Monthly Fee Application to object thereto (the "<u>Objection Deadline</u>").  If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, at which time the Debtors will be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "<u>Maximum Interim Payment</u>").  If an objection is properly filed pursuant to subparagraph (c) below, the Debtors shall be authorized to pay to such Professional 80% of the fees and 100% of the expenses that are not subject to the objection (the "<u>Actual Interim Payment</u>").

(c)     If any Notice Party objects to the payment of any fees or expenses requested in any Monthly Fee Application submitted by a Professional it must, on or before the expiration of the applicable Objection Deadline, file with the Court and serve on such Professional and all other Notice Parties a written objection (the "<u>Objection</u>") so as to be received by the Notice Parties on or before the Objection Deadline.  Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of the fees and/or expenses subject to such Objection and the basis therefor.  Thereafter, the objecting Notice Party and the applicable Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a resolution within twenty (20) days after service of the Objection, the Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Professional (the "<u>Incremental Amount</u>"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(d)     Beginning with the approximate three month period from the Petition Date and ending on April 30, 2010 and no earlier than the 30th day of every third month thereafter, each Professional shall file with the Court and serve on the Notice Parties a request (a "<u>Quarterly Fee Application Request</u>"), pursuant to Section 331 of the Bankruptcy Code, for interim Court approval and allowance of compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications, including the 20% portion of fees withheld under each Monthly Fee Application, filed during the preceding quarterly period (the "<u>Interim Fee Period</u>").  The Quarterly Fee Application Request will include a summary

5

of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the local rules. Each Quarterly Fee Application Request shall be filed with the Court and served on the Notice Parties by no later than 45 days after the end of the applicable Interim Fee Period (the "Interim Fee Application Deadline"). The first Interim Fee Application Deadline shall be June 15, 2010, and the first Quarterly Fee Application Request shall cover the Interim Fee Period from the Petition Date through and including April 30, 2010. Any Professional who fails to file a Quarterly Fee Application Request when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until the applicable Quarterly Fee Application Request has been submitted.

(e)     The Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every four (4) months or at such other intervals as the Court deems appropriate.

(f)     The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(g)     All fees and expenses paid to Professionals in accordance with the Compensation Procedures shall be subject to disgorgement until final allowance thereof by the Court.

11.     The Debtors further request that each Committee Member be permitted to submit statements of expenses (excluding any fees and expenses of counsel to such Committee Member) and supporting vouchers to counsel to the Committee, who will collect and submit such requests for reimbursement in accordance with the Compensation Procedures as if such Committee Member were a Professional.

12.     The Debtors further request that the Court limit service of the Monthly Fee Applications, Interim Fee Applications, the final fee applications and the Hearing Notices (as defined herein) as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, the Interim Fee Applications, the final fee applications, and notices of any hearing thereon (the "Hearing Notices") and (ii) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Interim Fee Applications and the

6

Hearing Notices. Providing notice of fee applications in this manner will permit the parties most active in these chapter 11 cases to monitor the fees and expenses incurred by the Professionals and will allow the Debtors to avoid unnecessary duplication and mailing expenses.

## BASIS FOR RELIEF

13.     The Congressional intent in enacting section 331 of the Bankruptcy Code is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong. 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

14.     The chapter 11 proceedings of the Debtors, who collectively comprise eighteen (18) entities, are large and complex. Accordingly, consistent with the Congressional intent, the Debtors by this Motion request that the Court establish procedures to govern the allowance and payment of compensation and reimbursement of expenses for the Professionals. The proposed Compensation Procedures will streamline the professional compensation process and enable the Court and all parties-in-interest to monitor the fees and expenses incurred by the Professionals effectively, while permitting the timely compensation and reimbursement of expenses incurred by the Professionals.

15.     The Compensation Procedures are appropriate and consistent with the interim compensation procedures established in other large chapter 11 cases in this District. See, e.g., In re R.H. Donnelley Corporation, Case No. 09-11833 (KG) (Bankr. D. Del. 2009); In re

7

Smurfit-Stone Container Corporation, Case No. 09-10235 (BLS) (Bankr. D. Del. 2009); In re Merisant Corporation, Case No. 09-10059 (PJW) (Bankr. D. Del. 2009; In re Tribune Company, Case No. 08-13141 (KJC) (Bankr. D. Del. 2008); In re Tropicana Entertainment, LLC, Case No. 08-10856 (KJC) (Bankr. D. Del. 2008); In re Hilex Poly Co., LLC, Case No. 08-10890 (KJC) (Bankr. D. Del. 2008); In re Buffets Holdings, Inc., Case No. 08-10141 (MFW) (Bankr. D. Del. 2008); In re American Home Mortgage Holdings, Inc., Case No. 07-11047 (CSS) (Bankr. D. Del. 2008); In re Pliant Corporation, Case No. 06-10001 (MFW) (Bankr. D. Del. 2006); In re Dura Auto. Sys. Inc., Case No. 06-11202 (KJC) (Bankr. D. Del. 2006); In re Meridian Automotive Systems – Composite Operations, Inc., Case No 05-11168 (MFW) (Bankr. D. Del. 2005); In re AstroPower, Inc., Case No. 04-10322 (MFW) (Bankr. D. Del. 2004); In re The Thaxton Group, Inc., Case No. 03-13183 (PJW) (Bankr. D. Del. 2003); In re Orion Refining Corp., Case No. 03-11483 (MFW) (Bankr. D. Del. 2003); In re Fleming Cos., Inc., Case No. 03-10945 (MFW) (Bankr. D. Del. 2003).  The Debtors respectfully submit that similar relief is appropriate in these cases.

## NOTICE

16.    Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the agent for the lenders under the prepetition credit facility; (iv) counsel to the agents for the lenders under the proposed post-petition credit facilities; (v) counsel to the ad hoc committee of the holders of 9.5% secured notes; (vi) the indenture trustee for the 9.5% secured notes; (vii) counsel to the holders of the 12.5% subordinated notes; and (viii) all other parties required to receive service under Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

DB02:9280727.1                                                                 069152.1001

WHEREFORE, the Debtors request that the Court enter an order, in substantially the form attached hereto as Exhibit A, (i) granting the relief requested herein and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      February 19, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Brett H. Myrick
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION

DB02:9280727.1

069152.1001