# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: March 9, 2010 at 1:00 p.m. (ET) |
| | Objection Deadline: March 2, 2010 at 4:00 p.m. (ET) |

## MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO SECTIONS 105(a), 327, AND 330 OF THE BANKRUPTCY CODE, *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion") pursuant to sections 105(a), 327, and 330 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order authorizing the Debtors to employ and compensate certain professionals in the ordinary course of the Debtors' business operations, *nunc pro tunc* to the Petition Date (as defined below). In support of this Motion, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors also jointly filed motions or applications seeking certain typical "first day" relief. On February 4, 2010, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 2015(b).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

2. The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 12, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a), 327, and 330 of the Bankruptcy Code.

## RELIEF REQUESTED

5. The Debtors regularly utilize the services of various attorneys, accountants, and other professionals in the ordinary course of their business operations (each an "Ordinary Course Professional" and, collectively, the "Ordinary Course Professionals"). The Ordinary Course Professionals provide services to the Debtors in a variety of discrete matters unrelated to these chapter 11 cases, including, but not limited to, general litigation, employment and labor law, intellectual property law, accounting, auditing, and tax matters. A non-exclusive list of the Debtors' current Ordinary Course Professionals is attached hereto as Exhibit A. Other Ordinary Course Professionals have been, or may be, utilized by the Debtors from time to time.

6. The Debtors hereby seek permission to continue to utilize the services of the Ordinary Course Professionals on a post-petition basis without the necessity of filing formal applications for the employment and compensation of each Ordinary Course Professional pursuant to section 327 of the Bankruptcy Code. Due to the overall number and the geographic diversity of the Ordinary Course Professionals that are utilized by the Debtors, it would be costly

and administratively burdensome for both the Debtors and this Court to require the Debtors to separately apply for the authority to employ, retain and compensate each such Ordinary Course Professional. Furthermore, as discussed below, although the Debtors do not believe that section 327 of the Bankruptcy Code requires this Court's authorization for each Ordinary Course Professional to continue providing services to the Debtors after the Petition Date, the Debtors nevertheless seek the relief requested herein out of an abundance of caution.

7. The Debtors request that they be permitted to employ and retain the Ordinary Course Professionals on terms substantially similar to those in effect prior to the Petition Date, but subject to the terms and conditions described herein. The Debtors represent that: (a) they wish to employ the Ordinary Course Professionals as necessary for the day-to-day operations of the Debtors' businesses; (b) the fees and expenses incurred by the Ordinary Course Professionals will be kept to a minimum and will be monitored by the Debtors' management; and (c) the Ordinary Course Professionals will not perform any substantial services relating to bankruptcy-specific matters without further approval of this Court.

## EMPLOYMENT AND COMPENSATION PROCEDURES

8. The Debtors request that all Ordinary Course Professionals be excused from submitting separate retention and compensation applications unless otherwise provided herein and that, instead, the Court approve the following simplified procedures for the retention and compensation of Ordinary Course Professionals (the "OCP Procedures"):[2]

   (a) Following the submission by an Ordinary Course Professional of (i) an OCP Affidavit (as defined herein) and (ii) a monthly invoice setting forth in reasonable detail the nature of the services rendered by such Ordinary Course Professional, the Debtors shall be authorized to pay, without the requirement of any further Court approval, 100% of the post-petition fees and expenses incurred by such Ordinary Course Professional, provided

---

[2] For the avoidance of doubt, the OCP Procedures will not apply to any attorneys or other professionals who are specifically retained by the Debtors pursuant to separate orders of this Court.

that the fees incurred by such Ordinary Course Professional (excluding expenses) do not exceed $30,000 per month on average over the rolling three-month period immediately preceding the month of determination with respect to each Ordinary Course Professional (the "Monthly Cap").

(b) In the event that the fees incurred and invoiced by any Ordinary Course Professional exceed the Monthly Cap set forth above, such Ordinary Course Professional shall be required to seek this Court's approval of all such fees in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and applicable orders of the Court; provided, however, that such Ordinary Course Professional shall be entitled to an interim payment of up to $30,000 as a credit against the fees and disbursements ultimately allowed by the Court for the month in question.

(c) Each Ordinary Course Professional shall file with the Court and serve upon (i) counsel to the Debtors: Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, attn: Kerriann S. Mills; and Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, PO Box 391, Wilmington, Delaware 19899-0391, attn: Morgan Seward; (ii) counsel to the ad hoc committee of holders of 9.5% secured notes: Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, attn: Lori E. Kata; (iii) counsel to the agent for the prepetition revolving lenders: Goldberg Kohn Ltd., 55 East Monroe St., Chicago, IL 60603, attn: Ronald Barliant; (iv) counsel to the Committee: Greenberg & Traurig, 1007 N. Orange St., Wilmington, Delaware 19801, attn: Don Detweiler; and (v) counsel to the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, attn: T. Patrick Tinker (collectively, the "Notice Parties"), an executed affidavit of such Ordinary Course Professional (the "OCP Affidavit"), in substantially the form attached hereto as Exhibit B, within the later of (i) thirty (30) days after the entry of an order by this Court granting this Motion or (ii) thirty (30) days from the date on which it commenced providing post-petition services to the Debtors.

(d) The Notice Parties shall have ten (10) days after the receipt of each OCP Affidavit (the "Objection Deadline") to object to the Debtors' employment and compensation of such Ordinary Course Professional. Any objecting party shall serve any such objection upon each of the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline. If any such objection cannot be consensually resolved within ten (10) days of its receipt by the Debtors, the objection shall be scheduled for a hearing before the Court at the next regularly scheduled omnibus hearing date or such other date otherwise agreeable to the parties thereto. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the

    Debtors shall be authorized to employ and compensate such Ordinary Course Professional in accordance with the OCP Procedures.

(e) Commencing on March 31, 2010, and on each June 30, September 30, December 31 and March 31 of every year thereafter in which these chapter 11 cases are pending, unless a plan of reorganization for the Debtors has become effective prior to such date, the Debtors shall file with the Court and serve upon the Notice Parties a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the immediately preceding calendar quarter; and (c) a general description of the services rendered by such Ordinary Course Professional during the immediately preceding calendar quarter.

(f) The Debtors reserve the right to supplement the list of Ordinary Course Professionals in <u>Exhibit A</u> hereto from time to time, in their discretion, as necessary to add or remove Ordinary Course Professionals without the need for further Court approval. In such event, the Debtors will file a supplemental list of Ordinary Course Professionals with this Court and will serve it on the Notice Parties. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to the supplemental list of Ordinary Course Professionals, the Debtors shall be authorized to employ and compensate such additional Ordinary Course Professionals in accordance with the OCP Procedures. In the event any Ordinary Course Professional exceeds or expects to exceed the Monthly Cap on an ongoing basis, the Debtors reserve their right to immediately seek the retention of such Ordinary Course Professional by separate application pursuant to the relevant provision(s) of the Bankruptcy Code.

## **BASIS FOR RELIEF**

9. The Debtors and their estates would be well served by the retention of the Ordinary Course Professionals because of such professionals' past relationships with and understanding of the Debtors and their business operations. While some of the Ordinary Course Professionals may wish to continue to represent the Debtors on an ongoing basis, others may be unwilling to do so if the Debtors cannot pay them in the ordinary course of business. If the knowledge and expertise of any Ordinary Course Professional with respect to the particular areas and matters for which it was responsible prior to the Petition Date are lost, the Debtors would

likely incur additional and unnecessary expenses as other professionals without such background and expertise would have to be retained to assist the Debtors with their business operations. The Debtors respectfully submit that it is in the best interest of all parties in interest in these cases to avoid any disruption in the professional services the Ordinary Course Professionals provide to the Debtors on a day-to-day basis. For these reasons, the OCP Procedures should be approved

10. The Ordinary Course Professionals will not be involved in the administration of the Debtors' chapter 11 cases. Instead, the Ordinary Course Professionals will provide professional services in connection with the Debtors' ongoing business operations, i.e., services which they performed for the Debtors prior to the commencement of these cases. To the extent that the services provided by the Ordinary Course Professionals may involve some element of administration of the Debtors' estates, that involvement will be minimal. Consequently, the Debtors do not believe that the Ordinary Course Professionals are "professionals" within the meaning of section 327 of the Bankruptcy Code, whose retention must be approved by the Court. See e.g., In re Cyrus II Partnership, 2008 WL 3003824, *2-3 (Bankr. S.D. Tex. 2008) (holding that professionals under section 327 are those parties who are central to the reorganization of the estate); In re Artra Group, Inc., 308 B.R. 858, 860 (Bankr. N.D. Ill. 2003) (noting that a party is not a professional under section 327 if it provides services that would be necessary outside of bankruptcy); In re Argus Group 1700, 199 B.R. 525, 534 (Bankr. E.D. Pa. 1996) ("the term 'professional person' is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate"); In re Johns-Manville Corp., 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989) (noting that only those professionals involved in the actual reorganization effort, rather than the debtor's ongoing business affairs, require court approval under section 327); In re That's Entertainment Mktg. Group, Inc., 168 B.R. 226, 230

(N.D. Cal. 1994) (noting that only the retention of professionals whose duties are central to the administration of the estate requires prior court approval under section 327).

11. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion to avoid any subsequent controversy regarding the Debtors' employment and compensation of the Ordinary Course Professionals during the pendency of these chapter 11 cases. Notwithstanding the relief requested in this Motion or the inclusion of any Ordinary Course Professionals on Exhibit A hereto, the Debtors will seek specific Court authority under sections 327 and/or 328 of the Bankruptcy Code to employ any professionals who are involved in the actual administration of these chapter 11 cases.

12. Retention and compensation procedures similar to those proposed herein have been approved in numerous other chapter 11 cases in this District. See, e.g., In re R.H. Donnelley Corporation, Case No. 09-11833 (KG) (Bankr. D. Del. 2009); In re Smurfit-Stone Container Corporation, Case No. 09-10235 (BLS) (Bankr. D. Del. 2009); In re Merisant Corporation, Case No. 09-10059 (PJW) (Bankr. D. Del. 2009; In re Tribune Company, Case No. 08-13141 (KJC) (Bankr. D. Del. 2008); In re Hilex Poly Co., LLC, Case No. 08-10890 (KJC) (Bankr. D. Del. 2008); In re Charys Holding Co., Inc., Case No. 08-10289 (BLS) (Bankr. D. Del. 2008); In re Wickes Holdings, LLC, Case No. 08-10212 (KJC) (Bankr. D. Del. 2008); In re Global Motorsport Group, Inc., Case No. 08-10192 (KJC) (Bankr. D. Del. 2008); In re Friedman's, Inc., Case No. 08-10161 (CSS) (Bankr. D. Del. 2008); In re Buffet Holdings, Inc., Case No. 08-10141 (MFW) (Bankr. D. Del. 2008); In re Pac-West Telecomm, Inc., Case No. 07-10562 (BLS) (Bankr. D. Del. 2007); In re Mortgage Lenders Network USA, Inc., Case No. 07-10146 (PJW) (Bankr. D. Del. 2007); In re Pliant Corp., Case No. 06-10001 (MFW) (Bankr. D. Del. 2006). The Debtors respectfully submit that similar relief is appropriate in these cases.

## **NOTICE**

13. Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the agent for the lenders under the prepetition credit facility; (iv) counsel to the agents for the lenders under the proposed post-petition credit facilities; (v) counsel to the ad hoc committee of the holders of 9.5% secured notes; (vi) the indenture trustee for the 9.5% secured notes; (vii) counsel to the holders of the 12.5% subordinated notes; and (viii) all other parties required to receive service under Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as <u>Exhibit C</u>, (i) authorizing the Debtors to employ, retain and compensate the Ordinary Course Professionals on a post-petition basis in accordance with the OCP Procedures, *nunc pro tunc* to the Petition Date, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
February 19, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann Mills
Brett H. Myrick
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS-IN POSSESSION