# **EXHIBIT C**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket No._____ |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[2] of the above-captioned Debtors for entry of an order, authorizing the employment and compensation of certain professionals utilized in the ordinary course of the Debtors' business operations; and upon consideration of the Motion and all pleadings related thereto; and the Court finding that (a) the Court has jurisdictions over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of this Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is granted; and it is further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED, that the Debtors are authorized to retain, employ, and compensate the Ordinary Course Professionals to assist and advise the Debtors in the day-to-day operations of their businesses, nunc pro tunc to the Petition Date; and it is further

ORDERED, that following the submission by an Ordinary Course Professional of (i) an OCP Affidavit and (ii) a monthly invoice setting forth in reasonable detail the nature of the services rendered by such Ordinary Course Professional, the Debtors shall be authorized to pay, without the requirement of any further Court approval, 100% of the postpetition fees and expenses incurred by such Ordinary Course Professional, provided that the fees incurred by such Ordinary Course Professional (excluding expenses) do not exceed $30,000 per month on average over the rolling three-month period immediately preceding any month of determination; and it is further

ORDERED, that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the Monthly Cap, such Ordinary Course Professional shall be required to seek this Court's approval of all such fees in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and applicable orders of this Court; provided, however, that such Ordinary Course Professional shall be entitled to an interim payment of up to $30,000 as a credit against the fees and disbursements ultimately allowed by the Court for the month in question; and it is further

ORDERED, that each Ordinary Course Professional shall file with the Court and serve upon (i) counsel to the Debtors: Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, attn: Kerriann S. Mills; and Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, PO Box 391, Wilmington, Delaware 19899-0391, attn: Morgan Seward; (ii) counsel to the ad hoc committee of holders of 9.5% secured notes: Stroock

& Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, attn: Lori E. Kata; (iii) counsel to the agent for the prepetition revolving lenders: Goldberg Kohn Ltd., 55 East Monroe St., Chicago, IL 60603, attn: Ronald Barliant; (iv) counsel to the Committee: Greenberg & Traurig, 1007 N. Orange St., Wilmington, Delaware 19801, attn: Don Detweiler; and (v) counsel to the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, attn: T. Patrick Tinker (collectively, the "Notice Parties") an OCP Affidavit, in substantially the form attached to the Motion as Exhibit C, on or before the later of (i) thirty (30) days after the entry of an order by this Court granting the Motion; or (ii) thirty (30) days from the date such Ordinary Course Professional commenced providing post-petition services to the Debtors; and it is further

ORDERED, that the Notice Parties shall have ten (10) days after the receipt of each OCP Affidavit (the "Objection Deadline") to object to the Debtors' employment and compensation of such Ordinary Course Professional; and it is further

ORDERED, that any objecting party shall serve any such objection upon each of the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline, and if any such objection cannot be consensually resolved within ten (10) days of its receipt by the Debtors, the objection shall be scheduled for a hearing before the Court at the next regularly scheduled omnibus hearing date or such other date otherwise agreeable to the parties thereto; and it is further

ORDERED, that if no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized to employ and compensate such Ordinary Course Professional in accordance with the OCP Procedures; and it is further

ORDERED, that unless a plan of reorganization of the Debtors has become effective prior to such date, commencing on March 31, 2010, and on each June 30, September 30, and December 31 and March 31 of every year thereafter in which these chapter 11 cases are pending, the Debtors shall file with the Court and serve upon the Notice Parties a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the immediately preceding calendar quarter; and (c) a general description of the services rendered by such Ordinary Course Professional during the previous quarter; and it is further

ORDERED, that the Debtors shall be authorized to supplement the list of Ordinary Course Professionals annexed to the Motion as Exhibit C from time to time, in their discretion, as necessary to add or remove Ordinary Course Professionals without the need for any further Court approval; and it is further

ORDERED, that in the event the Debtors supplement the list of Ordinary Course Professionals, the Debtors shall file a supplemental list of Ordinary Court Professionals with this Court and serve it on the Notice Parties, and if no objection is received from any of the Notice Parties by the Objection Deadline with respect to the supplemental list of Ordinary Course Professionals, the Debtors shall be authorized to employ and compensate such additional Ordinary Course Professionals in accordance with the OCP Procedures; and it is further

ORDERED, that in the event any Ordinary Course Professional exceeds or expects to exceed the Monthly Cap on an ongoing basis, the Debtors may immediately seek the retention of such Ordinary Course Professional by separate application pursuant to the relevant provision(s) of the Bankruptcy Code and applicable orders of this Court; and it is further

ORDERED, that with the exception of the Ordinary Course Professionals, all professionals utilized by the Debtors or the Committee in connection with the administration of these chapter 11 cases (i) shall be retained by the Debtors or the Committee, as applicable, pursuant to separate retention applications subject to approval of this Court, (ii) shall be compensated in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court, and (iii) shall file and prosecute final fee applications with this Court; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       March ____, 2010

                                                                _____
                                                                MARY F. WALRATH
                                                                UNITED STATES BANKRUPTCY JUDGE