## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: March 9, 2010 at 1:00 p.m. (ET) |
| | Objection Deadline: March 2, 2010 at 4:00 p.m. (ET) |

### APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS TAX SERVICES PROVIDERS TO THE DEBTORS PURSUANT TO 11 U.S.C. §§ 327(a), *NUNC PRO TUNC* TO THE PETITION DATE

The other above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby submit this application (the "Application") for entry of an order authorizing the Debtors to employ and retain Ernst & Young LLP ("E&Y LLP") as tax services providers to the Debtors pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), *nunc pro tunc* to the Petition Date (as defined below). In support of this Application the Debtors submit the affidavit of Mark E. Hellmer, a partner at E&Y LLP (the "Hellmer Affidavit"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference). In further support of this Application, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

## STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors also jointly filed motions or applications seeking certain typical "first day" relief. On February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 2015(b).

2. The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 12, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## RELIEF REQUESTED

5. By this Application, the Debtors seek entry of an order, pursuant to section 327(a) of the Bankruptcy Code, authorizing the Debtors to employ and retain E&Y LLP as their tax services provider, nunc pro tunc to the Petition Date, pursuant to the master tax services agreement and the incorporated statements of work between the Debtors and E&Y LLP for chapter

11 bankruptcy tax services (the "Bankruptcy Tax SOW"), routine on-call tax advice (the "On-Call Tax SOW"), attached to the Hellmer Affidavit as Exhibit 1 (collectively, the "Engagement Letter").[2]

6. The Engagement Letter describes the services that the Debtors and E&Y LLP have agreed E&Y LLP will perform for the Debtors in these chapter 11 cases and the terms and conditions of E&Y LLP's proposed engagement by the Debtors.

7. The Debtors require the services of a seasoned and experienced tax services provider that is familiar with (i) the Debtors' businesses and operations and (ii) the chapter 11 process. In the course of performing services for the Debtors over the past years, E&Y LLP has developed a reserve of institutional knowledge related to, and an intimate understanding of, the Debtors' businesses, finances, operations, systems and capital structure.

8. E&Y LLP has served, or is serving, as accountant and/or tax services provider to numerous debtors in possession in various chapter 11 proceedings. Thus, the Debtors believe that E&Y LLP is well suited and uniquely qualified to serve as the Debtors' tax services provider in these chapter 11 cases.

9. The Debtors respectfully submit that the services of E&Y LLP are necessary to maximize the value of the Debtors' estates and to reorganize successfully. E&Y LLP has indicated a willingness to act on behalf of the Debtors and subject itself to the jurisdiction and supervision of the Court, subject to the approval of the Engagement Letter. Additionally, the Debtors will coordinate the services of E&Y LLP and their other retained professionals in these

---

[2] Any reference to the terms of the Engagement Letter in this Application is subject to the actual terms of the Engagement Letter.

bankruptcy cases to eliminate unnecessary duplication or overlap of work. The Debtors submit that the employment and retention of E&Y LLP is in the best interest of the Debtors, their estates and creditors.

## SERVICES TO BE RENDERED

10. As set forth in further detail in the Engagement Letter, E&Y LLP has agreed to provide certain tax services (the "Services") in connection with these chapter 11 cases, subject to approval of the Court of the Application and the terms and conditions of the Engagement Letter. The Services consist of bankruptcy tax services pursuant to the Bankruptcy Tax SOW (the "Bankruptcy Tax Services"), routine on-call tax services pursuant to the On-Call SOW (the "On-Call Tax Services"). Subject to the detailed description in the Engagement Letter, a summary description of the Services is set forth below:

Bankruptcy Tax Services:

(a) Working with the Company in developing an understanding of the Company's business objectives and strategies, including understanding the tax implications of restructuring alternatives and post-bankruptcy operations;

(b) Assisting the Company in calculating cancellation of indebtedness income for tax purposes;

(c) Preparing calculations and applying appropriate federal, state and local tax law to historic information regarding changes in ownership of the Company's stock to calculate whether any shifts in stock ownership may have caused an ownership change that will restrict the use of tax attributes and the amount of any such limitation;

(d) Providing tax advisory services regarding availability, limitations on the use and preservation of tax attributes, and stock and asset basis as a result of the application of the federal and state cancellation of indebtedness provisions and the validity of tax claims;

(e) Providing assistance with tax issues arising in the ordinary course of business while in bankruptcy, such as assistance with IRS and/or state and local tax

examinations and research, discussions and analysis of federal and state and local tax issues arising during the bankruptcy;

(f) Analyzing professional fees incurred during the bankruptcy for purposes of determining future deductibility of such costs for U.S. federal, state and local tax purposes;

(g) Performing advisory services regarding tax analysis and research related to acquisitions, divestitures and tax-efficient restructurings;

(h) Providing testimony, as necessary, as a fact witness regarding E&Y LLP work performed on the Company's tax attributes and overall tax posture and the impact of bankruptcy on such attributes and overall tax position; and

(i) Performing other related tax advisory services as requested by the Company and agreed by E&Y LLP.

<u>On-Call Tax Services</u>:

(a) Routine tax advice and assistance as requested when such projects are not covered by a separate statement of work, do not involve any significant tax planning, and such projects are expected, at their outset, to involve total professional time not to exceed (with respect to the specific project) $25,000.

11. A copy of the Engagement Letter is attached to the Hellmer Affidavit as <u>Exhibit 1</u> thereto (and incorporated herein by reference) and is submitted to this Court for approval. E&Y LLP's provision of the Services to the Debtors is contingent upon the Court's approval of each term and condition set forth in the Engagement Letter.

## DISINTERESTEDNESS OF PROFESSIONALS

12. Based upon the Hellmer Affidavit and subject to the exceptions disclosed or described therein, the Debtors believe that: (a) E&Y LLP is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) E&Y LLP does not hold or represent an interest adverse to the Debtors' estates and (c) has no material connection to the Debtors, their creditors, equity holders or other parties in interest as reasonably known to E&Y LLP or their

respective attorneys or accountants, or the United States Trustee or any person employed in the office of the United States Trustee.

13. E&Y LLP has informed the Debtors that should any additional significant relationships with parties-in-interest in these cases become known to E&Y LLP or if E&Y LLP discovers additional information that requires disclosure, E&Y LLP will file supplemental disclosures with this Court.

## PROFESSIONAL COMPENSATION

14. Section 328 of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

15. Subject to the Court's approval and pursuant to the terms and conditions of the Engagement Letter, the Debtors have agreed to compensate E&Y LLP for the Services rendered in these Chapter 11 cases based on E&Y LLP's agreed hourly rates for such Services, which are currently as follows:

Bankruptcy Tax Services:

| Partner/Principal/ Executive Director | $765 |
|---|---|
| Senior Manager | $615 |
| Manager | $545 |
| Senior | $375 |
| Staff | $190 |

On-Call Tax Services:

| Partner/Principal/ Executive Director | $610 |
|---|---|
| Senior Manager | $530 |
| Manager | $415 |
| Senior | $360 |
| Staff | $170 |

E&Y LLP's hourly rates are revised annually, effective July 1, respectively. Such rate adjustments will be disclosed to the Debtors.

16. In addition to the hourly rates set forth above, the Debtors and E&Y LLP have agreed that the Debtors shall reimburse E&Y LLP for any direct expenses incurred in connection with E&Y LLP's retention in these chapter 11 cases and the performance of the Services. E&Y LLP's direct expenses shall include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses (including any fees or reasonable expenses of E&Y LLP's legal counsel) specifically related to this engagement.

17. As of the Petition Date, E&Y LLP was not owed any amounts for prepetition services for the Debtors. A listing of payments made to E&Y LLP in the 90 days prior to the Petition Date is attached hereto as Exhibit 5. As of the Petition Date, E&Y LLP is holding a retainer credit balance on the Debtors' account in the amount of $6,589.

18. In these cases, the general security retainer is appropriate for several reasons. See In re Insilco Technologies, Inc., 291 B.R. 628, 634 (Bankr. D. Del. 2003) (Carey, J.) ("Factors to be considered, include . . . whether terms of an engagement agreement reflect normal business terms in the marketplace; . . . the relationship between the Debtor and the professionals,

*i.e.*, whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation[] [and] . . . whether the retention, as proposed, is in the best interests of the estate[] . . ."); see also Statements of Bankruptcy Judge Peter J. Walsh, In re CTC Communications Group, Inc., Case No. 02-12873 (PJW) (Bankr. D. Del. May 22, 2003), transcript of hearing held May 22, 2003, at 43 ("I agree and adopt wholeheartedly Judge Carey's decision in the *Insilco* case."). First, these types of retainer agreements reflect normal business terms in the marketplace. See In re Insilco Technologies, Inc., 291 B.R. at 634 ("[I]t is not disputed that the taking of [security] retainers is a practice now common in the market place."). Second, both E&Y LLP and the Debtors are sophisticated business entities that have negotiated the retainer at arm's length. Third, the retention of E&Y LLP is in the best interests of the Debtors' estates because the retention agreement and retainer allow the Debtors to maintain the prepetition relationship established with E&Y LLP. Thus, under the standards articulated in In re Insilco Technologies, Inc., and adopted In re CTC Communications Group, Inc., the facts and circumstances of these cases support the approval of the retainer.

19. E&Y LLP has informed the Debtors that it has not shared or agreed to share any of its compensation in connection with this matter with any other person (other than its partners and employees).

20. The Debtors believe the compensation arrangements provided for in the Engagement Letter are consistent with and typical of arrangements entered into by E&Y LLP and other accounting firms with respect to rendering similar services for clients such as the Debtors.

21. E&Y LLP intends to apply to the Court for payment of compensation and reimbursement of fees and expenses in accordance with applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware and orders of this Court, and pursuant to any additional procedures that may be or have already been established by the Court in these cases.

22.  E&Y LLP performed audit and tax services for the Debtors prior to the Petition Date. The Debtors expect that they may file an application seeking to expand the scope of E&Y LLP's retention to include continuing audit services for the Debtors in the future.

## NOTICE

23.  Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the agent for the lenders under the prepetition credit facility; (iv) counsel to the agents for the lenders under the proposed post-petition credit facilities; (v) counsel to the ad hoc committee of the holders of 9.5% secured notes; (vi) the indenture trustee for the 9.5% secured notes; (vii) counsel to the holders of the 12.5% subordinated notes; and (viii) all other parties required to receive service under Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as <u>Exhibit B</u>, (i) authorizing the employment and retention of Ernst & Young LLP as tax service providers to the Debtors pursuant to 11 U.S.C. § 327(a), <u>nunc</u> <u>pro</u> <u>tunc</u> to February 3, 2010, and (ii) granting to the Debtors such other relief as may be just and proper.

Dated: February 19, 2010

NEENAH ENTERPRISES, INC.
(for itself and on behalf of its Debtor subsidiaries)

_____
Robert E. Ostendorf, Jr.
President and Chief Executive Officer

-and-

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Brett H. Myrick
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION

11