# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

### AFFIDAVIT IN SUPPORT OF
### APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS TAX SERVICES PROVIDERS TO THE DEBTORS PURSUANT TO 11 U.S.C. § 327(a) NUNC PRO TUNC TO THE PETITION DATE

Mark E. Hellmer, being duly sworn, deposes and says:

1.      I am a partner of Ernst & Young LLP ("E&Y LLP"). I provide this Affidavit on behalf of E&Y LLP in support of the application (the "Application")[2] of Neenah Enterprises, Inc. (the "Company") and the other above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain E&Y LLP, *nunc pro tunc* to the Petition Date, to provide tax services pursuant to the master tax services agreement and the incorporated statements of work between the Debtors and E&Y LLP for chapter 11 bankruptcy tax services (the "Bankruptcy Tax SOW") and routine on-call tax advice (the "On-Call Tax SOW"), attached hereto as Exhibit 1 (collectively, the "Engagement Letter").

2.      The facts set forth in this Affidavit are based upon my personal knowledge, information and belief, and upon client matter records kept in the ordinary course of business

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Application.

that were reviewed by me or other employees of E&Y LLP under my supervision and direction. The procedures pursuant to which E&Y LLP determined whether there were any connections between E&Y LLP and interested parties in these chapter 11 cases are described below. The results of that investigation are set forth herein and in Exhibit 2 appended hereto.

## Scope of Services

3.     As set forth in further detail in the Engagement Letter, E&Y LLP has agreed to provide certain tax services (the "Services") in connection with these chapter 11 cases, subject to approval of the Court of the Application and the terms and conditions of the Engagement Letter. The Services consist of bankruptcy tax services pursuant to the Bankruptcy Tax SOW (the "Bankruptcy Tax Services") and routine on-call tax services pursuant to the On-Call SOW (the "On-Call Tax Services").    Subject to the detailed description in the Engagement Letter, a summary description of the Services is set forth below:

Bankruptcy Tax Services:

    (a) Working with the Company in developing an understanding of the Company's business objectives and strategies, including understanding the tax implications of restructuring alternatives and post-bankruptcy operations;

    (b) Assisting the Company in calculating cancellation of indebtedness income for tax purposes;

    (c) Preparing calculations and applying appropriate federal, state and local tax law to historic information regarding changes in ownership of the Company's stock to calculate whether any shifts in stock ownership may have caused an ownership change that will restrict the use of tax attributes and the amount of any such limitation;

    (d) Providing tax advisory services regarding availability, limitations on the use and preservation of tax attributes, and stock and asset basis as a result of the application of the federal and state cancellation of indebtedness provisions and the validity of tax claims;

    (e) Providing assistance with tax issues arising in the ordinary course of business while in bankruptcy, such as assistance with IRS and/or state and local tax examinations and research, discussions and analysis of federal and state and local tax issues arising during the bankruptcy;

- 2 -

(f) Analyzing professional fees incurred during the bankruptcy for purposes of determining future deductibility of such costs for U.S. federal, state and local tax purposes;

(g) Performing advisory services regarding tax analysis and research related to acquisitions, divestitures and tax-efficient restructurings;

(h) Providing testimony, as necessary, as a fact witness regarding E&Y LLP work performed on the Company's tax attributes and overall tax posture and the impact of bankruptcy on such attributes and overall tax position; and

(i) Performing other related tax advisory services as requested by the Company and agreed by E&Y LLP.

On-Call Tax Services:

(a) Routine tax advice and assistance as requested when such projects are not covered by a separate statement of work, do not involve any significant tax planning, and such projects are expected, at their outset, to involve total professional time not to exceed (with respect to the specific project) $25,000.

### Professional Compensation

4.    Subject to the Court's approval and pursuant to the terms and conditions of the Engagement Letter, E&Y LLP intends to charge the Debtors for the Services rendered in these chapter 11 cases based on its agreed hourly rates for such Services.

5.    E&Y LLP's applicable hourly rates for the Services are as follows:

Bankruptcy Tax Services:

| Partner/Principal/ Executive Director | $765 |
|---|---|
| Senior Manager | $615 |
| Manager | $545 |
| Senior | $375 |
| Staff | $190 |

On-Call Tax Services:

| Partner/Principal/ Executive Director | $610 |
|---|---|
| Senior Manager | $530 |
| Manager | $415 |
| Senior | $360 |
| Staff | $170 |

- 3 -

6.    E&Y LLP's hourly rates are subject to annual adjustment each July 1.

7.    In addition to the hourly rates set forth above, the Debtors and E&Y LLP have agreed that the Debtors shall reimburse E&Y LLP for any direct expenses incurred in connection with E&Y LLP's retention in these chapter 11 cases and the performance of the Services. E&Y LLP's direct expenses shall include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses (including any fees or reasonable expenses of E&Y LLP's legal counsel) specifically related to this engagement.

## Certain Terms of Engagement

8.    A copy of the Engagement Letter is attached for approval.[3] E&Y LLP's provision of Services to the Debtors is contingent upon the Court's approval of each term and condition set forth in the Engagement Letter. Included among the terms and conditions set forth in the Engagement Letter is language substantially similar to the following:

> Any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Agreement or the services provided hereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of the Company or of E&Y LLP) shall be brought in the Bankruptcy Court or the applicable district court (if such district court withdraws the reference) and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for the resolution of such claims, causes of action or lawsuits. The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made. If the Bankruptcy Court, or the district court upon withdrawal of the reference, does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement and any and all successors and assigns thereof, agree to submit first to nonbinding

---

[3] To the extent that this Affidavit and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

- 4 -

mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in Exhibit B to this Agreement. Judgment on any arbitration award may be entered in any court having proper jurisdiction. The foregoing is binding upon the Company, E&Y LLP and any all successors and assigns thereof.

9.    The Debtors or E&Y LLP may terminate the Engagement Letter at any time, but in any event the Engagement Letter will terminate upon the effective date of the Debtors' confirmed plan of reorganization, or liquidation of the Debtors' assets under chapter 11 or 7 of the Bankruptcy Code, or otherwise. Notwithstanding any such termination, the provisions of Engagement Letter set forth in the sections entitled "Fees and Billings", "Fees and Expenses", and "Other Matters," including, but not limited to the alternative dispute provision in the Engagement Letter, will remain operative and in full force and effect regardless of any termination or expiration of the Engagement Letter and shall survive completion of the Debtors' bankruptcy whether through a confirmed plan of reorganization, liquidation of the Debtors' assets under chapter 11 or 7 of the Bankruptcy Code, or otherwise. Upon any such termination of the Engagement Letter, the Debtors will remain obligated to pay all accrued fees and expenses as of the effective date of such termination.

10.    In addition, included among the terms and conditions set forth in the Engagement Letter is limitation of liability language substantially similar to the following:

E&Y LLP shall be solely responsible for the performance of the Services and all of the other liabilities and obligations of E&Y LLP under this Agreement, including any SOW, whether or not performed, in whole or part, by E&Y LLP, any other EY Entity, or any subcontractor or personnel of any EY Entity. Client and its affiliates or other persons or entities for or in respect of which any of the Services are provided shall have no recourse, and shall bring no claim, against any EY Entity other than E&Y LLP, or against any subcontractors, members, shareholders, directors, officers, managers, partners or employees of E&Y LLP or any other EY Entity, or any of the assets of any thereof, in connection with the performance of the Services or otherwise under the Agreement or any SOW.

Neither party will be liable to the other (or to any affiliate thereof or any other person or entity for or in respect of which any of the Services are provided), for any consequential, incidental, indirect, punitive or special damages (including loss of profits, data, business or goodwill) in connection with the performance of the Services or otherwise under this Agreement, regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranty, failure of essential purpose or otherwise, and even if the first party is advised of the likelihood of such damages.

### **Disclosure of Connections**

11.     In connection with E&Y LLP's proposed retention by the Debtors, E&Y LLP has requested from the Debtors the names of the following categories of entities:

(a)     Debtors;

(b)     Debtors' Attorneys (general counsel and special bankruptcy counsel);

(c)     Debtors' Other Professionals retained in connection with these chapter 11 cases;

(d)     Non-Debtor Affiliates;

(e)     Non-Debtor Affiliates' Attorneys;

(f)     Non-Debtor Affiliates' Other Professionals retained in connection with these chapter 11 cases;

(g)     Debtors' Officers;

(h)     Debtors' Officers' Attorneys retained in connection with these chapter 11 cases;

(i)     Debtors' Officers' Other Business Affiliations;

(j)     Debtors' Directors;

(k)     Debtors' Directors' Attorneys retained in connection with these chapter 11 cases;

(l)     Debtors' Directors' Other Business Affiliations;

(m)     Debtors' Major Shareholders (5% or more);

(n)     Debtors' Major Shareholders' Attorneys retained in connection with these chapter 11 cases;

(o)     All Secured Lenders, including DIP lenders;

(p)    All Secured Lenders' Attorneys retained in connection with these chapter 11 cases;

(q)    All Substantial Unsecured Bondholders or Lenders;

(r)    All Substantial Unsecured Bondholders or Lenders' Attorneys retained in connection with these chapter 11 cases;

(s)    All Indenture Trustees;

(t)    All Indenture Trustees' Attorneys retained in connection with these chapter 11 cases;

(u)    Official Statutory Committees Members (All Committees);

(v)    Official Statutory Committees' Attorneys (for each Official Committee);

(w)    Official Statutory Committees' Other Professionals retained by each Official Committee;

(x)    Official Statutory Committees Members' Attorneys retained in connection with these chapter 11 cases;

(y)    Thirty Largest Unsecured Creditors;

(z)    Thirty Largest Unsecured Creditors' Attorneys retained in connection with these chapter 11 cases;

(aa)    Parties to the Debtors' Significant Executory Contracts and Leases;

(ab)    Parties to the Debtors' Significant Executory Contracts and Leases Attorneys retained in connection with these chapter 11 cases;

(ac)    Other Significant Parties-in-Interest including parties in material litigation against the Debtors; and/or parties to potential significant transactions with the Debtors; and

(ad)    Other Significant Parties-in-Interest Attorneys retained in connection with these chapter 11 cases.

12.    E&Y LLP has not received from the Debtors, or does not know of, any persons or entities that would fall into categories: (e), (f), (h), (i), (k), (l), (n), (t), (u), (v), (w), (x), (z), (ab) and (ad). As to the approximately 138 persons or entities identified in the remaining categories set forth above, E&Y LLP received from the Debtors lists of such parties, as listed on Exhibit 2 attached hereto, and searched or caused to be searched certain databases to determine whether E&Y LLP has provided in the recent past or is currently providing services to the parties-in-interest listed in Exhibit 2. To the extent that E&Y LLP's research of relationships with the

- 7 -

parties-in-interest listed on Exhibit 2 indicated that E&Y LLP has had in the recent past, or currently has, a client relationship with such parties-in-interest in matters unrelated to these chapter 11 cases, E&Y LLP has so indicated in Exhibit 2. Should additional significant relationships with parties-in-interest become known to E&Y LLP, a supplemental affidavit will be filed by E&Y LLP with the Court.

13.     To the best of my knowledge, information and belief, formed after reasonable inquiry, except as otherwise set forth herein, none of the services rendered by E&Y LLP to the entities set forth in Exhibit 2 hereto have been in connection with the Debtors or these chapter 11 cases. E&Y LLP believes that these relationships will not impair E&Y LLP's ability to objectively perform professional services on behalf of the Debtors. E&Y LLP will not accept any engagement that would require E&Y LLP to represent an interest materially adverse to the Debtors.

14.     The Ernst & Young global network encompasses independent professional services practices conducted by separate legal entities throughout the world. Such legal entities are members of Ernst & Young Global Limited ("EYGL"), a company incorporated under the laws of England and Wales and limited by guarantee, with no shareholders and no capital. The member firms of EYGL have agreed to operate certain of their professional practices in accordance with agreed standards, but remain separate legal entities. E&Y LLP is a member of EYGL.

15.     On November 30, 2004, Ernst & Young U.S. LLP (an affiliate of E&Y LLP) transferred all of its equity ownership in Ernst & Young Corporate Finance LLC ("EYCF") to Giuliani Partners LLC (the "Transaction"). As a result, EYCF became a subsidiary of Giuliani Partners LLC ("GP") and changed its name to Giuliani Capital Advisors LLC ("GCA"). As a consequence of the Transaction, Ernst & Young U.S. LLP no longer has any direct or indirect ownership interest in EYCF, nor in GCA. Given the absence of an ownership relationship, E&Y

- 8 -

LLP believes that it is not necessary, in performing connections checks for work performed by E&Y LLP on and after December 1, 2004, to review connections that either EYCF or GCA may have or have had, nor to search either of those entities' databases for like information, and E&Y LLP has in fact not undertaken such research.

16.    As part of its practice, E&Y LLP appears in cases, proceedings and transactions involving many different attorneys, financial advisors and creditors, some of which may represent or be claimants and/or parties in interest in these chapter 11 cases. E&Y LLP will have no relationship with any such entity, attorney or financial advisor that would be materially adverse to the Debtors. E&Y LLP believes that the professionals closely associated with the Debtors' chapter 11 cases listed on Exhibit 3 have provided in the past and/or are currently providing services to E&Y LLP.

17.    E&Y LLP is currently a party or participant in certain litigation matters involving parties-in-interest in these chapter 11 cases. Case information and the parties-in-interest involved in these matters are provided in Exhibit 4 to this Affidavit.

18.    E&Y LLP has thousands of professional employees. It is possible that certain employees of E&Y LLP may have business associations with parties in interest in these chapter 11 cases or hold securities of the Debtors or interests in mutual funds or other investment vehicles that may own securities of the Debtors.

19.    Certain entities that are parties in interest are lenders to E&Y LLP: JP Morgan Chase NA and Wachovia Bank NA are participants in E&Y LLP's revolving credit program.

20.    E&Y LLP may perform services for its clients that relate to the Debtors merely because such clients may be creditors or counterparties to transactions with the Debtors and such clients' assets and liabilities may thus be affected by the Debtors' status. The disclosures set forth herein do not include specific indication of such services. If such clients of E&Y LLP are

- 9 -

potential parties in interest in these cases, Exhibit 2 attached hereto indicates that they are also clients of E&Y LLP.

21.    To the best of my knowledge, information, and belief, neither the undersigned nor the E&Y LLP professionals expected to assist the Debtors in these chapter 11 cases are connected to the Judge, U.S. Trustee, or Assistant U.S. Trustee assigned to these chapter 11 cases.

22.    To the best of my knowledge, information and belief, prior to the Petition Date, E&Y LLP performed certain professional services for the Debtors, including audit and tax services.  At the Debtors' request, E&Y LLP began providing services postpetition as of the Petition Date.  Therefore, the Debtors and E&Y LLP request approval of the Application be granted as of the Petition Date.

23.    As of the Petition Date, E&Y LLP was not owed any amounts for prepetition services for the Debtors.  A listing of payments made to E&Y LLP in the 90 days prior to the Petition Date is attached hereto as Exhibit 5.  As of the Petition Date, E&Y LLP is holding a retainer credit balance on the Debtors' account in the amount of $6,589.

24.    E&Y LLP continues to conduct research for possible connections with respect to two parties in interest: St. Paul Fire & Marine Insurance Company and Travelers.  To the extent that E&Y LLP's research reveals material client connections with either of these parties, E&Y LLP will submit a further disclosure affidavit.

25.    Despite the efforts described above to identify and disclose connections with parties-in-interest in these chapter 11 cases, because the Debtors are a large enterprise with numerous creditors and other relationships, E&Y LLP is unable to state with certainty that every client representation or other connection of E&Y LLP with parties-in-interest in these chapter 11 cases has been disclosed herein.  In this regard, if E&Y LLP discovers additional information that requires disclosure, E&Y LLP will file supplemental disclosures with the Court.

- 10 -

26.     E&Y LLP and the professionals that it employs are qualified to represent the Debtors in the matters for which E&Y LLP is proposed to be employed.

27.     Except as otherwise set forth herein, E&Y LLP has not shared or agreed to share any of its compensation in connection with this matter with any other person.

28.     To the best of my knowledge, information and belief formed after reasonable inquiry, E&Y LLP does not hold nor represent any interest materially adverse to the Debtors in the matters for which E&Y LLP is proposed to be retained.  The proposed employment of E&Y LLP is not prohibited by or improper under Bankruptcy Rule 5002.  Accordingly, I believe that E&Y LLP is eligible for retention by the Debtors under title 11 of the United States Code (the "Bankruptcy Code").

29.     E&Y LLP intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and the Engagement Letter, and pursuant to any additional procedures that may be established by the Court in these chapter 11 cases.

*{Signature Page Follows}*

DETR_1379010.4

_Mark E. Holl_

Mark E. Hellmer

Dated: _2/17/10_

Sworn to and subscribed before me this _17_ day of _Feb_____, 20~~00~~.

_Kelly Bokhari_
Notary Public _Kelly Bokhari_

My Commission Expires: _2/5/2012_

# Exhibit 1

**Engagement Letter**



‡‡ ERNST & YOUNG

Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202

Tel: (414) 274-5900
www.ey.com

January 25, 2010

Mr. Bob Gitter
Vice President and Controller
Neenah Enterprises, Inc. & Subsidiaries
P.O. Box 729
Neenah, WI 54957-0729

**Master Tax Services Agreement**

Dear Mr. Gitter:

Thank you for choosing Ernst & Young LLP ("we" or "EY") to perform tax services requested by Neenah Enterprises, Inc. and its debtor subsidiaries (collectively, "you" or "Client")

This letter, together with the attached Exhibits, Notice, and all Statements of Work executed hereunder, constitutes the Master Tax Services Agreement ("Agreement") between the Client and EY, for the provision of tax services to Client subsequent to the Client filing a petition under Chapter 11 of the United States Bankruptcy Code ("Chapter 11") on or about January 27, 2010 with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

We have agreed to provide such services contingent upon the Bankruptcy Court's approval of our retention in accordance with the terms and conditions that are set forth in this Agreement.

This Agreement is effective as of the date of Client's filing of a Chapter 11 petition in the Bankruptcy Court.

**SCOPE OF SERVICES**

Subject to the provisions of this Agreement, including the Dispute Resolution Procedures, which are set forth in Exhibit B hereto, we will provide to the Client tax services (the "Services"), which may be modified by our mutual written agreement and with approval of the Bankruptcy Court.

For each project, the Client and EY shall enter into a Statement of Work that describes the specific Services to be performed for a project and the applicable fees for such project, subject to approval of the Bankruptcy Court. Each Statement of Work will be executed by the parties, subject to the terms and conditions of this Agreement, and be



**ERNST & YOUNG**

Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

Page 2 of 9
January 25, 2010

Neenah Enterprises, Inc.
Master Tax Services Agreement

deemed incorporated herein and shall be contingent upon Bankruptcy Court approving EY's retention in accordance with the terms and conditions that are set forth in this Agreement and the applicable Statement of Work. To the extent the terms of a Statement of Work conflict with the terms provided herein, the separate Statement of Work will be governed by its own terms, contingent upon the Bankruptcy Court's approval thereof.

We will perform all services under this Agreement (including any and all Statements of Work) in accordance with applicable standards established by the American Institute of Certified Public Accountants, including its Statements on Standards for Tax Services.

This Agreement, including all Exhibits hereto and any Statements of Work executed hereunder, constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all agreements and understandings between the parties with respect to the subject matter hereof made prior to the date hereof, including, without limitation, the tax services agreement between the parties dated March 22, 2005.

**FEES AND EXPENSES**

Fees for the Services shall be set forth in each Statement of Work pertaining to such Services and subject to Bankruptcy Court approval. Unless specified otherwise in the applicable Statement of Work, fees for the Services will be billed, based on hours spent, at agreed-upon hourly billing rates that will be updated annually on July 1 and set forth in the applicable Statement of Work.

The Client shall reimburse EY for its direct expenses incurred in connection with the performance of the Services which shall include reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations, telephone, facsimile, overnight mail, messenger services and other expenses specifically relating to the applicable Services. In addition, if the Client requests EY, or if EY is required by government regulation, subpoena or other legal process, to produce documents or personnel as witnesses with respect to the Services or this Agreement, the Client shall, so long as EY is not a party to the proceeding in which the information is sought, reimburse EY at its standard billing rates for its professional time and expenses, as well as reasonable attorneys' fees and expenses, incurred in responding to such requests. EY may receive rebates in connection with certain purchases, which are used to reduce charges that EY would otherwise pass on to its clients. The Client shall also pay all applicable taxes incurred in connection with the delivery of the Services (except for taxes imposed on EY's income).



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

Page 3 of 9
January 25, 2010

Neenah Enterprises, Inc.
Master Tax Services Agreement

We will submit an itemized and detailed billing statement and we will request payment of our fees and expenses in accordance with the United States Bankruptcy Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules for the United States Bankruptcy Court for the District of Delaware ("Local Rules") and any relevant administrative orders. EY will submit its invoices as the work progresses and payment of them will be made upon receipt, or as quickly as the Bankruptcy Code, the Bankruptcy Rules, Local Rules and any relevant orders of the Bankruptcy Court allow.

EY acknowledges that payment of its fees and expenses hereunder is subject to (i) the jurisdiction and approval of the Bankruptcy Court under Sections 330 and 331 of the Bankruptcy Code and any order of the Bankruptcy Court approving the retention of EY, (ii) any applicable fee and expense guidelines and/or orders of the Bankruptcy Court and (iii) any other applicable requirements or guidelines governing interim and final fee applications in the Client's Chapter 11 proceedings, including the U.S. Trustee Guidelines.

## OTHER MATTERS

The Client acknowledges and agrees that EY shall not agree to perform any services pursuant to this Agreement that: (a) are prohibited under the AICPA rules or (b) might, in the sole opinion of EY, impair EY's independence or violate the Securities Exchange Act of 1934, as amended.

In addition, to the extent that SEC audit independence restrictions apply to any relationship between the Client and EY or any other EY Entity (as defined in Exhibit A), the Client represents and warrants to EY, on and as of the date hereof, that neither the Client nor any of its affiliates has agreed, orally or in writing; with any other tax service provider to limit in any way the Client's ability to disclose to any person or entity the tax treatment or tax structure of any transaction that is the subject of the Services. Any such agreement with other tax service providers could impair the independence required of an EY Entity providing services to the Client and neither EY nor any other EY Entity shall have any liability or responsibility whatsoever to the Client in respect of any such agreement or its consequences.

Any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Agreement or the services provided hereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of the Client or its subsidiaries or of EY) shall be brought in the Bankruptcy Court or the applicable district court (if such district court withdraws the reference) and the parties to



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202

Tel: (414) 274-5900
www.ey.com

Page 4 of 9
January 25, 2010

Neenah Enterprises, Inc.
Master Tax Services Agreement

this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for the resolution of such claims, causes of action or lawsuits. The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made. If the Bankruptcy Court, or the district court upon withdrawal of the reference, does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement and any and all successors and assigns thereof, agree to submit first to nonbinding mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in Exhibit B to this Agreement. Judgment on any arbitration award may be entered in any court having proper jurisdiction. The foregoing is binding upon the Client, EY and any all successors and assigns thereof.

There are no representations, warranties, understandings or agreements relating to the subject matter hereof which are not fully expressed in this Agreement. No amendment, modification, waiver or discharge of this Agreement shall be valid unless in writing and signed by an authorized representative of the party against whom such amendment, modification, waiver or discharge is sought to be enforced, and, where required, approved by the Bankruptcy Court. Except as expressly provided herein, this Agreement does not modify the terms or provisions of any engagement letter or agreement for other professional services executed prior to the date of Client's filing of a Chapter 11 petition in the Bankruptcy Court.

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, as if it were made and fully performed in New York by New York residents.

By agreement to the provision of the Services, EY is not providing a guarantee to the Client that EY's performance of those services pursuant to the terms and conditions set forth in this Agreement will guarantee the Client's successful reorganization under Chapter 11.

Please sign this letter in the space provided below to indicate your agreement with these arrangements and return it to Mark Helmer at your earliest convenience. If you have any questions about any of these materials, please do not hesitate to contact Mark Hellmer so that we can address any issues you identify before we begin to provide any services.



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

Page 5 of 9
January 25, 2010

Neenah Enterprises, Inc.
Master Tax Services Agreement

Thanks again for your selection of our firm.

Very truly yours,

*Ernst & Young LLP*

Agreed and accepted by:
Neenah Enterprises, Inc., on behalf of itself
and its debtor subisidiaries

Mr. Bob Gitter
Vice President and Controller

Attachments

**EXHIBIT A: Standard Terms and Conditions for Tax Services**

1. <u>Independent Contractor</u>. EY will provide tax services to Client (the "Services") from time to time described in Statements of Work (each, an "SOW") solely as an independent contractor. Neither party shall have the right, power or authority to obligate or bind the other in any manner.

2. <u>Unexpected Events</u>. If changes to the scope or timing of any Services are required because of a change in applicable law or professional standards or events beyond a party's reasonable control, but not involving its fault or negligence (any of which, a "Change"), the parties agree to adjust the fees for, and/or timing of, the Services appropriately and, if necessary, Client will obtain Audit Committee and/or Bankruptcy Court approval of such adjustments. Each party shall be excused from default or delay in the performance of its obligations (other than payment obligations) under this Agreement to the extent caused by a Change.

3. <u>Client Data and Information</u>.

   A. Client will timely provide, or cause to be provided, to EY all data, information and resources reasonably required by EY to perform the Services ("Client Data"). All Client Data shall be, to the best of Client's knowledge, true, correct and complete in all material respects and will not omit any material fact that would make any data or information provided to EY false or misleading. EY may rely upon the Client Data and will not evaluate or have any responsibility to verify independently the accuracy, completeness, or sufficiency of any Client Data for any purposes.

   B. EY may disclose Client Data, including tax return information and other confidential information, to any affiliate of EY, any other member of the global Ernst & Young network or any of their respective affiliates (all such members,

including EY and its affiliates, collectively, the "EY Entities," and any of them, an "EY Entity") and their respective employees, partners, consultants and contractors for the purpose of rendering the Services provided that such disclosure shall be made only to the extent necessary to further the purposes of this Agreement.

4. <u>Reliance and Disclosure</u>. All EY tax services and any advice, reports, materials, presentations, or other communications (collectively, "Advice") in connection therewith are provided solely for the benefit and use of Client and (other than filings provided to tax authorities) may not be relied upon by anyone else for any purpose without EY's prior written consent. Client (and, if applicable, its officers, directors, employees, agents and advisors) may disclose to any person or entity, without limitation, the tax treatment and tax structure of any transaction or any other tax position with respect to which EY provides tax Services and any Advice in connection therewith. In the event Client discloses such Advice to a third party, Client shall inform the third party that the third party cannot rely on the Advice for any purpose without EY's prior written consent. Client may not rely on any draft Advice.

5. <u>Technical Elements</u>. In performing the Services, EY may use certain data, modules, components, designs, utilities, subsets, objects, program listings, tools, models, methodologies, programs, systems, analysis frameworks, leading practices, and specifications developed or used by EY or its licensors, or to which EY otherwise has rights, including enhancements or improvements developed in the course of performing the Services (collectively, "Technical Elements"). Client may use the Technical Elements owned by EY or its licensors solely to the extent necessary for Client to use the Advice as permitted by this Agreement.

EXHIBIT A: Standard Terms and Conditions for Tax Services

6. Limitations.

A. EY shall be solely responsible for the performance of the Services and all of the other liabilities and obligations of EY under this Agreement, including any SOW, whether or not performed, in whole or part, by EY, any other EY Entity, or any subcontractor or personnel of any EY Entity. Client and its affiliates or other persons or entities for or in respect of which any of the Services are provided shall have no recourse, and shall bring no claim, against any EY Entity other than EY, or against any subcontractors, members, shareholders, directors, officers, managers, partners or employees of EY or any other EY Entity, or any of the assets of any thereof, in connection with the performance of the Services or otherwise under the Agreement or any SOW.

B. Neither party will be liable to the other (or to any affiliate thereof or any other person or entity for or in respect of which any of the Services are provided), for any consequential, incidental, indirect, punitive or special damages (including loss of profits, data, business or goodwill) in connection with the performance of the Services or otherwise under this Agreement, regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranty, failure of essential purpose or otherwise, and even if the first party is advised of the likelihood of such damages.

7. Termination. This Agreement and/or any or all Statements of Work may be terminated at any time by the Client or EY, but in any event this Agreement will expire upon the effective date of the Client's confirmed plan of reorganization, or liquidation of the Client's assets under Chapter 11 or 7 of the Bankruptcy Code, or otherwise. The provisions of this Agreement relating to "Fees and Expenses" and "Other Matters" and Sections 4, 5 and 6 of this Exhibit A will remain operative and in full force and effect regardless of any termination or expiration of this Agreement and shall survive completion of the Client's bankruptcy whether through a confirmed plan of reorganization under Chapter 11, liquidation of the Client's assets under Chapter 7 of the Bankruptcy Code, or otherwise.

8. Use of Names. Neither party shall use, disclose or publicize the other party's name, trademark, service mark or logo in connection with the Services without the prior written consent of the other party, provided, that EY may use Client as a reference for the Services or in a list of clients for which the Services have been provided.

9. Miscellaneous.

A. None of a party's rights or obligations under this Agreement may be assigned, in whole or in part, by either party without the prior written consent of the other party; provided, that, EY may perform the Services together with an affiliate of EY or any other EY Entity, subject to the approval of the Bankruptcy Court. The provisions of this Agreement shall operate for the benefit of, and may be enforced by, any assignee or subcontractor that is providing any of the Services in accordance herewith.

B. Client represents and warrants to EY that (1) this Agreement has, if necessary, been considered and approved by Client's Audit Committee, and (2) the person signing this Agreement, or any SOW, is expressly authorized to execute it on behalf of, and to bind, Client, its affiliates and any other persons or entities for whose benefit any of the Services are provided.

## EXHIBIT A: Standard Terms and Conditions for Tax Services

C. This Agreement merges and supersedes all prior and contemporaneous communications about the Services and the other matters contemplated by this Agreement. This Agreement, including each SOW, may be modified only in writing, signed by both parties and approved by the Bankruptcy Court, if required. If any portion of this Agreement, including any SOW, is held to be void, invalid, or otherwise unenforceable, the other provisions shall not be affected.

**EXHIBIT B: Dispute Resolution Procedures**

*Mediation*

A party shall submit a dispute to mediation by written notice to the other party or parties. The mediator shall be selected by the parties. If the parties cannot agree on a mediator, the International Institute for Conflict Prevention and Resolution ("CPR") shall designate a mediator at the request of a party. Any mediator must be acceptable to all parties and must confirm in writing that he or she is not, and will not become during the term of the mediation, an employee, partner, executive officer, director, or substantial equity owner of any EY audit client.

The mediator shall conduct the mediation as he/she determines, with the agreement of the parties. The parties shall discuss their differences in good faith and attempt, with the mediator's assistance, to reach an amicable resolution of the dispute. The mediation shall be treated as a settlement discussion and shall therefore be confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. The mediation proceedings shall not be recorded or transcribed.

Each party shall bear its own costs in the mediation. The parties shall share equally the fees and expenses of the mediator.

If the parties have not resolved a dispute within 90 days after written notice beginning mediation (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute shall be settled by arbitration. In addition, if a party initiates litigation, arbitration, or other binding dispute resolution process without initiating mediation, or before the mediation process has terminated, an opposing party may deem the mediation requirement to have been waived and may proceed with arbitration.

*Arbitration*

The arbitration will be conducted in accordance with the procedures in this document and the CPR Rules for Non-Administered Arbitration ("Rules") as in effect on the date of the Agreement, or such other rules and procedures as the parties may agree. In the event of a conflict, the provisions of this document will control.

The arbitration will be conducted before a panel of three arbitrators, to be selected in accordance with the screened selection process provided in the Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation, or enforceability of any of these procedures, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator may be appointed unless he or she has agreed in writing to these procedures and has confirmed in writing that he or she is not, and will not become during the term of the arbitration, an employee, partner, executive officer, director, or substantial equity owner of any EY audit client.

The arbitration panel shall have no power to award non-monetary or equitable relief of any sort or to make an award or impose a remedy that (i) is inconsistent with the agreement to which these procedures are attached or any other agreement relevant to the dispute, or (ii) could not be made or imposed by a court deciding the matter in the same jurisdiction.

Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content or results of the arbitration only in accordance with the Rules or applicable professional standards. Before making any such disclosure, a party shall give written notice to all other parties and shall afford them a reasonable opportunity to protect their interests, except to the extent such disclosure is necessary to comply with applicable law, regulatory requirements or professional standards.

The result of the arbitration shall be binding on the parties, and judgment on the arbitration award may be entered in any court having jurisdiction.

**Tax Services Notices**

1. Under Section 5079(a)(5) of the California Business and Professions Code and the regulations thereto, EY is required to inform its clients that in some circumstances, non-CPA personnel may participate in the performance of the Services.

2. In accordance with AICPA professional standards and the Financial Modernization Act of 1999, EY provides the following Privacy Policy Statement: EY considers all nonpublic information about its clients to be confidential, including personal and financial information provided by its clients or by others, as well as information EY generates on behalf of its clients. EY does not disclose confidential client information to unaffiliated third parties, other than EY Entities and their contractors or consultants in connection with the performance of the Services, except as permitted by law or professional obligations, without the client's consent. EY personnel, contractors and consultants working under EY's supervision are required to observe EY's policies concerning confidential client information and EY employs security systems designed to protect against unauthorized access to and use of confidential information.

3. Under AICPA professional standards, EY owns all working papers prepared by it to document, in accordance with EY policy and professional obligations, performance of the Services, and EY may retain, in confidence, copies of tax returns, Advice and other documents prepared by it.

4. EY may receive rebates in connection with certain purchases, which are used to reduce charges that EY would otherwise pass on to its clients.



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

January 25, 2010

Mr. Bob Gitter
Vice President and Controller
Neenah Enterprises, Inc. & Subsidiaries
P.O. Box 729
Neenah, WI 54957-0729

**Statement of Work – Chapter 11 Bankruptcy Tax Services**

Dear Mr. Gitter:

This Statement of Work ("SOW") is made pursuant to the Agreement, dated January 25, 2010, between Neenah Enterprises, Inc. and its debtor subsidiaries (collectively, the "Client") and Ernst & Young LLP ("EY" or "we"), which was executed in connection with the Client filing a petition under Chapter 11 of the United States Bankruptcy Code ("Chapter 11"), on or about January 27, 2010 with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and describes certain tax services that EY will perform for Client during the Client's Chapter 11 bankruptcy proceedings. Unless expressly modified by this SOW, the terms and conditions of the Agreement continue to apply. This SOW shall be effective as of the date of Client's filing of a Chapter 11 petition with the Bankruptcy Court. Capitalized terms used, but not defined in this SOW have the meanings set forth in the Agreement.

**Engagement Team**

Melissa Wichman (Partner) and Mark Hellmer (Partner) will lead the EY team in providing the services described herein (the "Services"). If either of these individuals ceases to provide tax services to the Client pursuant to the Agreement, EY will so advise the Client and, if that person is replaced, provide the Client with the name of that professional's replacement. Other staff not identified herein may be utilized as required to conduct our work in an efficient manner.

**Scope of Services**

EY will provide the following tax advisory services under this SOW to Client, contingent upon the Bankruptcy Court's approval of our retention in accordance with the terms and conditions that are set forth in the Agreement (inclusive of this SOW) and pre-approval of the Client's Audit Committee.



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

Neenah Enterprises, Inc.
Statement of Work – Chapter 11 Bankruptcy Tax Services

EY will work with the appropriate Client personnel and/or Client's outside legal counsel in developing an understanding of the tax issues and alternatives associated with the Client's Chapter 11 filing, restructuring, or other plan, taking into account the Client's specific facts and circumstances, for U.S. Federal and State and Local Income and Indirect Tax purposes. Indirect taxes may include, but are not limited to, franchise taxes, property tax, sales tax, use tax, employment and payroll taxes, unemployment taxes, excise taxes, and incentives. This analysis may include the following:

- Working with Client personnel and/or outside legal counsel and financial advisors in developing an understanding of Client's business objectives and strategies, including understanding the tax implications of any reorganization and/or restructuring alternatives Client is evaluating that may result in a change in the equity, capitalization and/or ownership of the shares of Client or its assets;

- Assisting and advising Client in developing an understanding of the tax implications of its bankruptcy restructuring alternatives and post-bankruptcy operations including, as needed, research and analysis of Internal Revenue Code sections, Treasury regulations, tax-specific provisions of the United States Bankruptcy Code, state tax statutes and regulations, case law and other relevant tax authority and assisting and advising in securing rulings from the Internal Revenue Service ("IRS") or applicable state tax authorities.

- Assisting and advising Client in developing an understanding of the tax forecasting implications of restructuring alternatives; including preparing and asset and stock basis calculations (including the related report discussing facts, assumptions and methodology), reviewing the Company's schedule of tax attributes by entity, and evaluating alternatives with respect to the Company's intercompany accounts;

- Assisting and advising Client in calculating cancellation of indebtedness income for tax purposes;

- Preparing calculations ("Section 382 calculations") and apply the appropriate federal, state and local tax law to historic information regarding changes in ownership of Client's stock to calculate whether any of the shifts in stock ownership may have caused an ownership change that will restrict the use of tax attributes (such as net operating loss, capital loss and credit carry forwards, and built-in losses) and the amount of any such limitation



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

Page 3 of 7
January 25, 2010

Neenah Enterprises, Inc.
Statement of Work – Chapter 11 Bankruptcy Tax Services

- Providing tax advisory services regarding availability, limitations on the use and preservation of tax attributes, stock and asset basis as a result of the application of the federal and state cancellation of indebtedness provisions, including the preparation of calculations to determine the amount of tax attribute reduction related to cancellation of debt income and the estimated impact of attribute reduction on projected future taxable income;

- Providing assistance with tax issues arising in the ordinary course of business while in bankruptcy, such as ongoing assistance with IRS and/or state and local tax examinations, and, as needed, research, discussions and analysis of federal and state and local tax issues arising during the bankruptcy period;

- Providing tax advisory services regarding the validity of tax claims in order to determine if the tax amount claimed correctly reflects true tax liability pursuant to applicable tax law, including tax advisory support in securing tax refunds as well as assisting the Client in managing various state and local claims that may be filed;

- Performing analyses of legal and other professional fees incurred during the bankruptcy period for purposes of determining future deductibility of such costs for U.S. Federal and state and local tax purposes;

- Assisting with the preparation of documentation, as appropriate or necessary, of tax analysis, opinions, recommendations, conclusions and correspondence for any proposed restructuring alternative, bankruptcy tax issues or other tax matters described herein;

- Performing advisory services regarding tax analysis and research related to acquisitions, divestitures, and tax-efficient restructurings;

- SEC auditor independence rules prohibit our testifying as an expert witness or advocate for Client. However, EY can provide testimony, as necessary, as a fact witness regarding EY work done on Client's tax attributes and overall tax posture and the impact of Bankruptcy on such attributes and Client's overall tax position.; and

- Performing other related tax advisory services as requested by Client and agreed upon by EY.



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

Page 4 of 7
January 25, 2010

Neenah Enterprises, Inc.
Statement of Work – Chapter 11 Bankruptcy Tax Services

To the extent that Client determines it would like EY to provide formal reports including analysis and conclusions (each a "Study") as to any of the Client's tax attributes, prior to completing such Study, we will provide Client with a copy of the facts and assumptions (collectively the "Facts") upon which the Study is to be based. Completion of the Study will require that Client review the Facts and provide written approval that EY may rely on the Facts in reaching its conclusions. EY will not independently verify the accuracy or completeness of the Facts.

Client acknowledges and agrees that, whether or not this SOW has been approved by the Bankruptcy Court at the time Advice is rendered, any Advice rendered by EY prior to the delivery of its final Advice is preliminary in nature and cannot be relied upon for any purpose, including penalty protection.

The Services may be modified from time to time by our mutual written agreement and approval of the Bankruptcy Court.

The Internal Revenue Code, related IRS guidance, and professional standards require that tax advisors advise clients regarding their penalty exposure with respect to the advice they render and the disclosures that may avoid such penalties. The Internal Revenue Code has been amended to increase the disclosures that return preparers are required to include on returns to avoid exposure to penalty. Our tax opinions, memoranda, and similar documents will address disclosures we believe are appropriate to comply with applicable taxpayer and tax advisor/return preparer obligations, including our views as to the level of support for the positions addressed therein in a manner designed to facilitate compliance with tax return disclosure requirements.

**Out-of-Scope Services**

Any activities not described as Services, as indicated above under Scope of Services, are not covered by the fees stated herein. These services will be considered outside the scope of this SOW and are the responsibility of Client to perform on a timely basis unless otherwise agreed by the parties in writing and approved by the Bankruptcy Court, if required.

**Responsibilities**

Client shall make all management decisions and perform all management functions in connection with the Services under this SOW. EY may assist Client in rendering



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

Page 5 of 7
January 25, 2010

Neenah Enterprises, Inc.
Statement of Work – Chapter 11 Bankruptcy Tax Services

management decisions or carrying out management functions in connection with the Services, including by providing advice, research material or recommendations, but EY will not make any such decisions or perform any such functions. In its sole discretion, EY may refuse to take any action to the extent it might be construed as a management decision or a management function.

Client accepts responsibility for the results of the Services. Client's approval of any Services shall not constitute a waiver of any of its rights under this SOW. Client further agrees to establish and maintain internal controls in connection with the Services, including monitoring EY's performance under this SOW.

Client shall designate an employee possessing the skill, knowledge and/or experience (but not necessarily the experience to perform the Services) to (1) oversee, (2) evaluate the effectiveness of, and (3) approve, the Services.

In addition, to the extent that SEC audit independence restrictions apply to any relationship between the Client and EY or any other EY Entity, the Client represents and warrants to EY, on and as of the date hereof, that neither the Client nor any of its affiliates has agreed, orally or in writing; with any other tax service provider to limit in any way the Client's ability to disclose to any person or entity the tax treatment or tax structure of any transaction that is the subject of the Services. Any such agreement with other tax service providers could impair the independence required of an E&Y Entity providing services to the Client and neither EY nor any other EY Entity shall have any liability or responsibility whatsoever to the Client in respect of any such agreement or its consequences.

**Fees and Expenses**

Client shall pay EY fees for the Services, which are subject to Bankruptcy Court approval and based on the time that EY professionals expend in performing such Services as adjusted annually on July 1 during the term of the Agreement. The actual time required will depend on the extent and nature of available information, modifications to the scope of our engagement and other developments that may occur as work progresses. The rates, by level of tax professional, are as follows:



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

Page 6 of 7
January 25, 2010

Neenah Enterprises, Inc.
Statement of Work – Chapter 11 Bankruptcy Tax Services

| Title | Rate Hour | Per |
|---|---|---|
| Partner/Principal/Executive Director | $765 | |
| Senior Manager | $615 | |
| Manager | $545 | |
| Senior | $375 | |
| Staff | $190 | |

In addition, Client shall pay EY for expenses and reimbursements in accordance with the terms of the Agreement. We will submit an itemized and detailed billing statement, and we will request payment of our fees and expenses in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware and any relevant orders of the Bankruptcy Court.

If, during the term of this SOW, EY determines that any additional work is necessary, whether at Client's request or because the complexity of the project increases, EY will promptly contact Client to discuss any adjustments to the scope of work and Client obtaining Bankruptcy Court approval before proceeding, if necessary.

**Other terms and conditions**

Neenah represents and warrants to EY that it has the authority to execute this SOW on behalf of its debtor affiliates and this SOW (including the terms and conditions of the Agreement) will be binding upon each debtor affiliate as if executed by such debtor affiliate.

Please indicate Client's acceptance of these additional terms and conditions by executing this SOW in the space provided below and return it to Carol McInerny at your earliest convenience.

Thanks again for your selection of our firm.

Very truly yours,

*Ernst & Young LLP*



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202

Tel: (414) 274-5900
www.ey.com

Page 7 of 7
January 25, 2010

Neenah Enterprises, Inc.
Statement of Work – Chapter 11 Bankruptcy Tax Services

AGREED:

Neenah Enterprises, Inc., on behalf of itself
and its debtor subsidiaries

By: _____
Bob Gitter, Vice President & Controller

Date: _____2/19/10_____



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

January 25, 2010

Mr. Bob Gitter
Vice President and Controller
Neenah Enterprises, Inc. & Subsidiaries
P.O. Box 729
Neenah, WI 54957-0729

**Statement of Work – Routine On-Call Tax Advice**

Dear Mr. Gitter:

This Statement of Work ("SOW") is made pursuant to the Agreement, dated January 25, 2010 between Neenah Enterprises, Inc. and its debtor subsidiaries (collectively, "Client") and Ernst & Young LLP ("EY" or "we"), which was executed in connection with the Client filing a petition under chapter 11 of the United States Bankruptcy Code ("Chapter 11") on or about January 27, 2010 with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and describes certain tax services that E&Y will perform for Client during the Client's Chapter 11 bankruptcy proceedings. Unless expressly modified by this SOW, the terms and conditions of the Agreement continue to apply. This SOW shall be effective as of the date of Client's filing of a Chapter 11 petition with the Bankruptcy Court. Capitalized terms used, but not defined, in this SOW have the meanings set forth in the Agreement.

**Engagement Team**

Mark Hellmer (Partner) and Carol McInerney (Senior Manager) will lead the E&Y team in providing the services described herein (the "Services"). If either of these individuals ceases to provide tax services to the Client pursuant to the Agreement, E&Y will so advise the Client and, if that person is replaced, provide the Client with the name of that professional's replacement. Other staff not identified herein may be utilized as required to conduct our work in an efficient manner.

**Scope of Services**

EY will provide the following services under this SOW to the Client, contingent upon the Bankruptcy Court's approval of our retention in accordance with the terms and conditions that are set forth in the Agreement (inclusive of this SOW) and pre-approval of the Client's Audit Committee:



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202

Tel: (414) 274-5900
www.ey.com

January 25, 2010

Neenah Enterprises, Inc.
Statement of Work – Routine On-Call Tax Advice

EY will provide to the Client routine tax advice and assistance concerning issues as requested by the Client when such projects are not covered by a separate SOW and do not involve any significant tax planning or projects. Such projects may include assistance with tax issues, assistance with transactional issues, or assisting the Client in connection with its dealings with tax authorities. Specific tasks that may be involved in connection with the Services include participation in meetings and telephone calls with the Client, participation in meetings and telephone calls with tax authorities and other third parties, review of transactional documentation, research of technical issues, and the preparation of technical memoranda, letters, emails, and other written documentation.

This SOW is intended to be used to respond to basic tax questions and assignments that are expected, at the beginning of the project, to involve total professional time not to exceed (with respect to the specific project) $25,000.

The Services may be modified from time to time by our mutual written agreement and approval of the Bankruptcy Court.

Client acknowledges and agrees that, whether or not this SOW has been approved by the Bankruptcy Court at the time Advice is rendered, any Advice rendered by EY prior to the delivery of its final Advice is preliminary in nature and cannot be relied upon for any purpose, including penalty protection.

The Internal Revenue Code and professional standards require that tax advisors advise clients regarding their penalty exposure with respect to the advice they render and the disclosures that may avoid such penalties. The Internal Revenue Code has been amended to increase the disclosures that return preparers are required to include on returns to avoid exposure to penalty. Our tax opinions, memoranda, and similar documents will address disclosures we believe are appropriate to comply with applicable taxpayer and tax advisor/return preparer obligations, including our views as to the level of support for the positions addressed therein in a manner designed to facilitate compliance with tax return disclosure requirements.

**Out-of-Scope Services**

Any activities not described as Services, as indicated above under Scope of Services, are not covered by the fees stated herein. These services will be considered outside the scope of this



**ERNST & YOUNG**

Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

Page 3 of 5
January 25, 2010

Neenah Enterprises, Inc.
Statement of Work – Routine On-Call Tax Advice

SOW and are the responsibility of the Client to perform on a timely basis unless otherwise agreed by the parties in writing and approved by the Bankruptcy Court.

**Responsibilities**

The Client shall make all management decisions and perform all management functions in connection with the Services under this SOW. EY may assist the Client in rendering management decisions or carrying out management functions in connection with the Services, including by providing advice, research material or recommendations, but EY will not make any such decisions or perform any such functions. In its sole discretion, EY may refuse to take any action to the extent it might be construed as a management decision or a management function.

The Client accepts responsibility for the results of the Services. The Client's approval of any Services shall not constitute a waiver of any of its rights under this SOW. The Client further agrees to establish and maintain internal controls in connection with the Services, including monitoring EY's performance under this SOW.

The Client shall designate an employee possessing the skill, knowledge and/or experience (but not necessarily the experience to perform the Services) to (1) oversee, (2) evaluate the effectiveness of, and (3) approve, the Services.

In addition, to the extent that SEC audit independence restrictions apply to any relationship between the Client and EY or any other EY Entity, the Client represents and warrants to EY, on and as of the date hereof, that neither the Client nor any of its affiliates has agreed, orally or in writing; with any other tax service provider to limit in any way the Client's ability to disclose to any person or entity the tax treatment or tax structure of any transaction that is the subject of the Services. Any such agreement with other tax service providers could impair the independence required of an EY Entity providing services to the Client and neither EY nor any other EY Entity shall have any liability or responsibility whatsoever to the Client in respect of any such agreement or its consequences.



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202

Tel: (414) 274-5900
www.ey.com

Page 4 of 5
January 25, 2010

Neenah Enterprises, Inc.
Statement of Work – Routine On-Call Tax Advice

**Fees and Expenses**

The Client shall pay EY's fees for the Services, which are subject to Bankruptcy Court approval and based on the actual time of EY professionals expended in performing the Services as adjusted annually on July 1 during the term of the Agreement. The actual time required will depend upon the extent and nature of available information, modifications to the scope of our engagement and other developments that may occur as work progresses. The rates, by level of tax professional, are as follows:

| Title | Rate Per Hour |
| --- | --- |
| Partner/Principal/Executive Director | $610 |
| Senior Manager | $530 |
| Manager | $415 |
| Senior | $360 |
| Staff | $170 |

The Client shall also pay EY's expenses and reimbursements in accordance with the terms of the Agreement. We will submit an itemized and detailed billing statement, and we will request payment of our fees and expenses, in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware and any relevant orders of the Bankruptcy Court.

If, during the term of this SOW, EY determines that any additional work is necessary, whether at the Client's request or because the complexity of the project increases, EY will promptly contact the Client to discuss any adjustments to the scope of work or EY's fees and the Client obtaining Bankruptcy Court approval before proceeding, if necessary.

To the fullest extent permitted by applicable law (including, without limitation, for these purposes, the rules and interpretations of the AICPA and the U.S. Securities and Exchange Commission), the total aggregate liability of EY to the Client (and to any affiliate thereof or any other person or entity for or in respect of which any of the Services are provided) in connection with the performance of the Services shall be limited to the fees actually paid to EY in respect of the Services directly relating to and forming the basis of Client's claim, regardless of whether liability is based on breach of contract, tort, strict liability, breach of warranty, failure of essential purpose or otherwise; provided, however, that the foregoing limitation shall not apply to the



Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 274-5900
www.ey.com

Page 5 of 5
January 25, 2010

Neenah Enterprises, Inc.
Statement of Work – Routine On-Call Tax Advice

extent the liability is finally determined to be the result of EY's bad faith, gross negligence, willful misconduct, self-dealing or breach of fiduciary duty (if any).

Please indicate the Client's acceptance of these additional terms and conditions by executing this SOW in the space provided below and return it to Mark Hellmer at your earliest convenience.

Thanks again for your selection of our firm.

Very truly yours,

*Ernst & Young LLP*

Agreed and accepted by:
Neenah Enterprises, Inc., on behalf of itself
and its debtor subsidiaries

By: _____
Bob Gitter, Vice President & Controller

Date: ____2/19/10____

# Exhibit 2

**Connections Check Matrix**

| Category | PIIL | No Connection | Prior Connection | Current Connection |
|---|---|---|---|---|
| Debtor | A&M Specialties, Inc. | | | X |
| Debtor | ACP Holding Company | | | X |
| Debtor | Advanced Cast Products, Inc. | | | X |
| Debtor | Belcher Corporation | | | X |
| Debtor | Cast Alloys, Inc. | | | X |
| Debtor | Dalton Corporation | | | X |
| Debtor | Dalton Corporation, Ashland Manufacturing Facility | | | X |
| Debtor | Dalton Corporation, Kendallville Manufacturing Facility | | | X |
| Debtor | Dalton Corporation, Stryker Machining Facility | | | X |
| Debtor | Dalton Corporation, Warsaw Manufacturing Facility | | | X |
| Debtor | Deeter Foundry, Inc. | | | X |
| Debtor | Gregg Industries, Inc. | | | X |
| Debtor | Mercer Forge Corporation | | | X |
| Debtor | Morgan's Welding, Inc. | | | X |
| Debtor | Neenah Enterprises, Inc. | | | X |
| Debtor | Neenah Foundry Company | | | X |
| Debtor | Neenah Transport, Inc. | | | X |
| Debtor | NFC Castings, Inc. | | | X |
| Debtor | Peerless Corporation | | | X |
| Debtor | Neenah Corporation | | | X |
| Non Debtor Affiliates | Nieman Porter & Company | | | |
| Non Debtor Affiliates | K&L Gates LLP | X | | |
| Debtors Attorneys | Sidley Austin LLP | X | | |
| Debtors Attorneys | Garden City Group Inc. | X | | |
| Debtors Other Professionals | Hilco Appraisal Services, LLC | X | | |
| Debtors Other Professionals | Huron Consulting Services LLC | | | X |
| Debtors Other Professionals | Mercer (U.S.) Inc. | | | X |
| Debtors Other Professionals | Rothschild, Inc. | | X | |
| Debtors Other Professionals | Schenk Business Solutions | X | | |
| Debtors Other Professionals | Albert E. Ferrara, Jr. | X | | |
| Debtors Officers | | | | |

| Category | Entity | | | | | | |
|---|---|---|---|---|---|---|---|
| Debtors Officers | Dale E. Parker | | | x | | | |
| Debtors Officers | Frank Headington | | | x | | | |
| Debtors Officers | Jeffrey S. Jenkins | | | x | | | |
| Debtors Officers | John H. Andrews | | | x | | | |
| Debtors Officers | Joseph M. Cerulli | | | x | | | |
| Debtors Officers | Louis E. Fratarcangeli | | | x | | | |
| Debtors Officers | Robert J. Gitter | | | x | | | |
| Debtors Directors | David B. Gendell | | | x | | | |
| Debtors Directors | Jeffrey G. Marshall | | | x | | | |
| Debtors Directors | Joseph V. Lash | | | x | | | |
| Debtors Directors | Robert E. Ostendorf Jr. | | | x | | | |
| Debtors Directors | Stephen E.K. Graham | | | x | | | |
| Debtors Major Shareholders (5% or more) | Tontine Capital Overseas Master Fund, L.P. | | | x | | | |
| Debtors Major Shareholders (5% or more) | Tontine Capital Partners, L.P. | | | x | | | |
| All Secured Lenders Professionals | CM&D Capital Advisors LLC | | | x | | | |
| All Secured Lenders Professionals | Goldberg Kohn LTD | | | x | | | |
| All Secured Lenders, including DIP lenders | Banc of America Securities LLC | x | x | | | | |
| All Secured Lenders, including DIP lenders | Bank of America, N.A. | x | x | | | | |
| All Secured Lenders, including DIP lenders | Bennett Management Corporation | | | x | | | |
| All Secured Lenders, including DIP lenders | Deutsche Bank Trust Company Americas | | x | | | | |
| All Secured Lenders, including DIP lenders | General Electric Capital Corporation | | x | | | x | |
| All Secured Lenders, including DIP lenders | GoldenTree Asset Management, LP | | | | | x | |
| All Secured Lenders, including DIP lenders | Mackay Shields LLC | x | | | | | |
| All Secured Lenders, including DIP lenders | Wachovia Capital Finance Corporation (Center) | | x | | | | |
| All Secured Lenders, including DIP lenders | Wexford Capital | | | | | | x |
| All Secured Lenders, including DIP lenders | Wilmington Trust FSB | | | | x | | |

| Role | Entity | | | |
|---|---|---|---|---|
| All Substantial Unsecured Bondholders or Lenders Attorney | Moelis and Company | | | X |
| All Substantial Unsecured Bondholders or Lenders Attorney | Stroock & Stroock & Lavan LLP | | X | |
| All Indenture Trustees | The Bank of New York Mellon Trust Company, N.A. | | X | X |
| Substantial Unsecured Bondholders | Litespeed Management LLC | X | | |
| Thirty Largest Unsecured Creditors | Allied Mineral Products, Inc. | X | | |
| Thirty Largest Unsecured Creditors | American Colloid Company | X | | |
| Thirty Largest Unsecured Creditors | Atmosphere Annealing | X | | |
| Thirty Largest Unsecured Creditors | Atmosphere Annealing, Inc. | X | | X |
| Thirty Largest Unsecured Creditors | Caterpillar, Inc. | | X | X |
| Thirty Largest Unsecured Creditors | Caterpillar, Inc. | | X | X |
| Thirty Largest Unsecured Creditors | Dana Corporation | | | X |
| Thirty Largest Unsecured Creditors | Dana Corporation Commercial Vehicle | | | X |
| Thirty Largest Unsecured Creditors | Div of Allied Mineral Products, Inc. | X | | |
| Thirty Largest Unsecured Creditors | Faith Technologies | X | | |
| Thirty Largest Unsecured Creditors | First Energy Solutions | | X | X |
| Thirty Largest Unsecured Creditors | First Energy Solutions Corp. | | X | X |
| Thirty Largest Unsecured Creditors | Gerdau Ameristeel US Inc. | | | X |
| Thirty Largest Unsecured Creditors | HA International LLC | X | | |
| Thirty Largest Unsecured Creditors | Health Assurance PA, Inc. | X | | |
| Thirty Largest Unsecured Creditors | Health Assurance PA, Inc. | X | | |
| Thirty Largest Unsecured Creditors | Holmes Murphy & Associates | X | | |
| Thirty Largest Unsecured Creditors | Holmes Murphy & Associates, Inc. | X | | |
| Thirty Largest Unsecured Creditors | Lewis Salvage Corporation | X | | |
| Thirty Largest Unsecured Creditors | Louis Padnos Iron & Metal Co. | X | | |
| Thirty Largest Unsecured Creditors | Louis Padnos Iron & Metal Co. | X | | |
| Thirty Largest Unsecured Creditors | Nipsco Business Link Department | X | | |
| Thirty Largest Unsecured Creditors | Nucor Steel Auburn, Inc. | X | | |
| Thirty Largest Unsecured Creditors | Nucor Steel, Auburn, Inc. | X | | |
| Thirty Largest Unsecured Creditors | Oudenhoven Company, Inc. | X | | |
| Thirty Largest Unsecured Creditors | Sadoff Iron & Metal Co. | X | | |
| Thirty Largest Unsecured Creditors | Sandmold Systems, Inc. | X | | |
| Thirty Largest Unsecured Creditors | State of Michigan Tax Division | X | | |
| Thirty Largest Unsecured Creditors | Steel Dynamics Bar Prod | | X | X |
| Thirty Largest Unsecured Creditors | Steel Dynamics Bar Products Division | | X | X |

| Category | Name | | | |
|---|---|---|---|---|
| Thirty Largest Unsecured Creditors | TA Services, Inc. | X | | |
| Thirty Largest Unsecured Creditors | TA Services, Inc. | X | | X |
| Thirty Largest Unsecured Creditors | The Timken Corporation | X | | |
| Thirty Largest Unsecured Creditors | Tontine Capital Partners, L.P. | X | | |
| Thirty Largest Unsecured Creditors | Treasurer - City of Neenah | X | X | X |
| Thirty Largest Unsecured Creditors | Tube City, Inc. | X | | |
| Thirty Largest Unsecured Creditors | Turret Steel Industries | X | | |
| Other Significant Parties-in-Interest | ABC Coke | X | | |
| Other Significant Parties-in-Interest | ACE American Insurance Company | X | | |
| Other Significant Parties-in-Interest | Advance Machining | X | X | |
| Other Significant Parties-in-Interest | Air Products & Chemicals | X | | |
| Other Significant Parties-in-Interest | Alliance Industries | X | | |
| Other Significant Parties-in-Interest | Azcon | X | | |
| Other Significant Parties-in-Interest | Badger Mining Co. | X | | |
| Other Significant Parties-in-Interest | Brendan L. Shannon | X | | |
| Other Significant Parties-in-Interest | Chartis | X | | |
| Other Significant Parties-in-Interest | Christopher S. Sontchi | X | | |
| Other Significant Parties-in-Interest | City of Neenah, Finance Dept. | X | X | X |
| Other Significant Parties-in-Interest | Continental Casualty Co. | X | | |
| Other Significant Parties-in-Interest | Continental Forge | X | | |
| Other Significant Parties-in-Interest | Dauber Company Inc. | X | | |
| Other Significant Parties-in-Interest | David Buchbinder | X | | |
| Other Significant Parties-in-Interest | David Klauder | X | | |
| Other Significant Parties-in-Interest | Disa Industries | X | X | |
| Other Significant Parties-in-Interest | Elkem Metals Market Service | X | | |
| Other Significant Parties-in-Interest | Erie Coke | X | | |
| Other Significant Parties-in-Interest | Federal Insurance Co. | X | | X |
| Other Significant Parties-in-Interest | Firemans Fund Insurance Co. | X | | |
| Other Significant Parties-in-Interest | Foseco Metallurgical | X | | |
| Other Significant Parties-in-Interest | Furness Newburge | X | | |
| Other Significant Parties-in-Interest | GICC/Chief Industries | X | | |
| Other Significant Parties-in-Interest | Glass, Molders, Pottery, Plastics and Allied Workers International Union | X | | |
| Other Significant Parties-in-Interest | Hafemeister Machine Corp | X | | |
| Other Significant Parties-in-Interest | Hickman Williams Company | | X | X |
| Other Significant Parties-in-Interest | Humana Inc | | X | X |
| Other Significant Parties-in-Interest | IGC Technologies | X | | |

| | Name | |
|---|---|---|
| Other Significant Parties-in-Interest | Illinois National Insurance Co. (Chartis) | X |
| Other Significant Parties-in-Interest | Independent Patternmakers Union | X |
| Other Significant Parties-in-Interest | Indian Harbor Insurance | X |
| Other Significant Parties-in-Interest | Jane Leamy | X |
| Other Significant Parties-in-Interest | Joseph McMahon | X |
| Other Significant Parties-in-Interest | Judith K. Fitzgerald | X |
| Other Significant Parties-in-Interest | Kevin Gross | X |
| Other Significant Parties-in-Interest | Kevin J. Carey | X |
| Other Significant Parties-in-Interest | LES | X |
| Other Significant Parties-in-Interest | Lincoln Machine | X |
| Other Significant Parties-in-Interest | Manitowoc Tool & Machine | X |
| Other Significant Parties-in-Interest | Mark Kenney | X |
| Other Significant Parties-in-Interest | Mary F. Walrath | X |
| Other Significant Parties-in-Interest | Mid American Natural Resources | X |
| Other Significant Parties-in-Interest | Miller & Company | X |
| Other Significant Parties-in-Interest | ModTech Industries | X |
| Other Significant Parties-in-Interest | Network Health Plan of WI | X |
| Other Significant Parties-in-Interest | NIPSCO | X |
| Other Significant Parties-in-Interest | OCECO | X |
| Other Significant Parties-in-Interest | Oudenhoven Construction | X |
| Other Significant Parties-in-Interest | Penelec | X |
| Other Significant Parties-in-Interest | Per Mar | X |
| Other Significant Parties-in-Interest | Peter J. Walsh | X |
| Other Significant Parties-in-Interest | Richard Schepacarter | X |
| Other Significant Parties-in-Interest | Roberta A. DeAngelis | X |
| Other Significant Parties-in-Interest | RSUI Indemnity Co. | X |
| Other Significant Parties-in-Interest | Ryder Truck Rental | X |
| Other Significant Parties-in-Interest | Sharp Refractories | X |
| Other Significant Parties-in-Interest | Specialty Paints Inc. | X |
| Other Significant Parties-in-Interest | St. Paul Fire & Marine Insurance Company | X |
| Other Significant Parties-in-Interest | Thomas Tinker | X |
| Other Significant Parties-in-Interest | Tonawanda Coke Corp. | X |
| Other Significant Parties-in-Interest | Travelers | |
| Other Significant Parties-in-Interest | UHC-AARP Medicare | X |
| Other Significant Parties-in-Interest | United Healthcare | X |
| Other Significant Parties-in-Interest | United Steelworkers of America | X |

| Category | Party | | |
|---|---|---|---|
| Other Significant Parties-in-Interest | Valley Trailer Service | x | |
| Other Significant Parties-in-Interest | Walter Coke Inc. | x | x |
| Other Significant Parties-in-Interest | Waste Management | | |
| Other Significant Parties-in-Interest | WE Energies | x | |
| Other Significant Parties-in-Interest | William K. Harrington | x | |
| Other Significant Parties-in-Interest | XL Specialty Insurance Company | x | |
| Parties to Significant Executory Contracts and Leases | CJ&D Properties | x | |
| Parties to Significant Executory Contracts and Leases | Combs Enterprises | x | |
| Parties to Significant Executory Contracts and Leases | Fiserv Investment Support Service | x | |
| Parties to Significant Executory Contracts and Leases | Freeman Properties | x | |
| Parties to Significant Executory Contracts and Leases | Harbor Investments | x | |
| Parties to Significant Executory Contracts and Leases | John & Madeline Kosky | x | |
| Parties to Significant Executory Contracts and Leases | Prairieville LLC | x | |
| Parties to Significant Executory Contracts and Leases | Wade Frauhigher | x | |
| Parties to Significant Executory Contracts and Leases | Warehouse Specialist | x | |
| Parties to Significant Executory Contracts and Leases | Warsaw Plating Works | x | |

## Exhibit 3

### Professionals Which Have In The Past
### And/Or Are Currently Providing Services To E&Y LLP

1. Huron Consulting:  Has provided services in the past and is currently providing services.

2. K&L Gates LLP:  Has provided services in the past.

3. Mercer (U.S.) Inc.:  Has provided services in the past.

4. Moelis and Company:  Has provided services in the past.

5. Sidley Austin LLP:  Has provided services in the past.

6. Stroock & Stroock & Lavan LLP:  Has provided services in the past and is currently providing services.

## Exhibit 4

### List of Parties in Interest Involved in Litigation

1. Banc of America Securities LLC:  is a co-defendant with, among others, E&Y LLP in: (a) action(s) pending in the United States District Court for the Southern District of New York (Case numbers:  09-2363; 09-3478; 09-6041 and 1:08-cv-9793); and (b) a litigation pending in the United States District Court for the Northern District of Georgia (Civil Action No. 1-09-CV-01185).

2. Credit Suisse Securities (USA) LLC:  is a co-defendant with, among others, E&Y LLP in a litigation pending in the United States District Court for the Southern District of New York (Case No:  1:08-cv-9793); and Credit Suisse Syndicated Loan Fund; Credit Suisse High Yield Fund:  are plaintiffs against E&Y LLP in a litigation pending in the United States District Court for the Western District of Pennsylvania (Case number 2:08cv1414).

3. Deutsche Bank AG; Deutsche Bank Securities d/b/a Deutsche Bank Alex Brown:  are co-defendants with, among others, E&Y LLP in an action pending in District Court of Harris County, Texas 113th Judicial District (No:  2004-14400).

4. JPMorgan Securities Inc; JP Morgan Chase and Co; J.P. Morgan Chase Bank, N.A; JP Morgan Chase & Company f/k/a Chase Manhattan Bank & Trust Company: are co-defendants with, among others, E&Y LLP in: (a) a litigation pending in the Supreme Court of the State of New York County of New York (Index No: 04114728); (b) a litigation pending in the 24th Judicial District Court Parish of Jefferson State of Louisiana (Case No:  654-939); (c) a litigation pending in the State of New Mexico County of Santa Fe First Judicial District Court (No:  D-101-CV-2008-01895); and (d) a litigation pending in the United States District Court for the Southern District of New York (Civ. No. 09-2363).

5. Sidley Austin LLP:  is a co-defendant with, among others, E&Y LLP in an action pending in District Court of Harris County, Texas 113th Judicial District (No:  2004-14400).

6. BNY Mellon Capital Markets LLC f/k/a Mellon Financial Markets LLC and BNY Capital Markets, Inc.:  are co-defendants with, among others, E&Y LLP in litigations pending in the United States District Court for the Southern District of New York (Case: Civ. No. 09-2363, Civ. No. 09-6041, Civ. No. 09-3478 and Civ. No:  1:08cv9793).

7. Wachovia Capital Markets, LLC; Wachovia Securities: are co-defendants with, among others, E&Y LLP in litigations pending in the United States District Court for the Southern District of New York (Civil Action No:  09-3161, Case No: 09-CV-3976, Civ. No. 09-2363, Civ. No:  1:08cv9793 and Civ. No: 2:08cv1414).

## Exhibit 5

| Invoice Number | Collection Date | Amount |
|---|---|---|
| US0130147296 | 01/19/10 | $78,113 |
| US0130159919 | 01/19/10 | $82,809 |
| US0130161571 | 01/19/10 | $50,000 |
| US0130170967 | 01/19/10 | $30,363 |
| US0130178703 | 01/22/10 | $30,000 |
| US0130180068 | 01/26/10 | $80,238 |
| US0130180075 | 01/26/10 | $35,000 |
| US0130183673 | 02/02/10 | $88,143 |
| | | |
| Retainer Credit Carried into Bankruptcy | | ($6,589) |