# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**AFFIDAVIT OF NEIL A. AUGUSTINE IN SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS AND DEBTORS-IN-POSSESSION TO EMPLOY AND RETAIN ROTHSCHILD INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), *NUNC PRO TUNC* TO THE PETITION DATE AND GRANTING WAIVER OF COMPLIANCE WITH DEL. BANKR. L.R. 2016-2(d) IN ACCORDANCE WITH DEL. BANKR. L.R. 2016-2(g)**

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | : | ss.: |
| COUNTY OF NEW YORK | ) | |

Neil A. Augustine, being duly sworn, deposes and states:

1.      I am over the age of 18 and competent to testify.  I am a Managing Director, the Head of North America Restructuring, and a member of the management committee of the investment banking firm Rothschild Inc. ("Rothschild"), which has an office located at 1251 Avenue of the Americas, New York, New York 10020.  I am duly authorized to make this declaration (the "Declaration") on behalf of Rothschild and in support of the application (the "Application") of the above-captioned debtor and debtors in possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

(collectively, the "Debtors") in the above-captioned chapter 11 cases, for entry of an order

authorizing the Debtors to employ and retain Rothschild as financial advisors and investment

bankers for the Debtors in connection with their chapter 11 cases.  Unless otherwise stated in this

Affidavit, I have personal knowledge of the facts set forth herein and, if called as a witness, I

would testify thereto.[2]

2.      I submit this affidavit in compliance with sections 105, 327, 328 and

1107(a) of the Bankruptcy Code and to provide the disclosure required under Rule 2014(a), 2016

and 5002 of the Bankruptcy Rules and Rule 2014-1 of the Local Rules.

3.      Rothschild believes that the services will not duplicate the services that

other professionals will be providing to the Debtors in these Chapter 11 Cases.  Specifically,

Rothschild will carry out unique functions and will use reasonable efforts to coordinate with the

Debtors' other retained professionals to avoid the unnecessary duplication of services.

4.      Rothschild is a member of one of the world's leading independent

investment banking groups, with more than forty (40) offices in more than thirty (30) countries,

including an office located at 1251 Avenue of the Americas, 51st Floor, New York, New York

10020.  Rothschild has expertise in domestic and cross-border restructurings, mergers and

acquisitions, new capital raises and other financial advisory services, and with particular

experience in providing high-quality financial advisory services to financially troubled

companies.  Rothschild is an experienced bankruptcy and restructuring advisor to debtors,

bondholders, creditors' committees, single creditor classes, and secured creditors in a variety of

industries.  Rothschild is highly qualified to advise on strategic alternatives and its professionals

---

[2] Certain of the disclosures set forth herein relate to matters within the knowledge of other employees at Rothschild and are based on information they have provided to me.

have extensive experience in deals involving complex financial and operating restructurings.
Rothschild is a member of the Financial Industry Regulatory Authority and the Securities
Investor Protection Corporation.

> 5.      Rothschild and its professionals also have extensive experience working
with financially troubled companies from a variety of industries in complex financial
restructurings, both out-of-court and in chapter 11 cases.  Rothschild's business reorganization
professionals have extensive experience in advising debtors, creditors, and other constituents in
chapter 11 cases and have served as financial and strategic advisors in numerous cases,
including, among others:  Atlantic Express Transportation Group, Barney's, Inc., Bedford Fair
Industries, BHM Technologies Holdings, Inc., Bradlees', Inc., Cadence Innovation LLC, Circuit
City Stores, Inc., Comdisco, Inc., Crown Vantage, Inc., Delphi Corporation, Edison Brothers
Stores, Inc., Fairpoint Communications, Inc., Federal Mogul Corp., Friedman's, Inc., Geneva
Steel Company, Globe Manufacturing, Guilford Mills, Inc., Heartland Steel, HomePlace, Inc.,
Hilex Poly Co. LLC, International Wire Group, James River Coal Company, Key Plastics LLC,
La Roche Industries, Inc., Leiner Health Products, Inc., Metromedia International Group, Inc.,
Milacron Inc., Motor Coach Industries, Inc., Mpower Holdings Corp., New World Pasta
Company, Northwest Airlines, Inc., Oxford Automotive, Inc., Pacific Gas & Electric Company,
PPI Holdings, Inc., Recycled Paper Greetings, Inc., Remy Worldwide Holdings, Inc., Sea
Launch Co., LLC, Service Merchandise Corp., Special Metals Corporation, Solutia, Inc.,
Superior Telecom Inc., Sun-Times Media Group, Inc., The FINOVA Group Inc., Thermadyne
Holdings Corp., Thorn Apple Valley, Inc., Tower Automotive, Trans World Airlines, Trident
Resources Corp., Today's Man, Inc., Trident Resources Corp., Tronox Inc., UAL Corporation,
VeraSun Energy Corporation, Viasystems Group, Inc., Visteon Corp., WestPoint Stevens, Inc.,

Werner Holding Company, Wilcox & Gibbs, Inc. and Zenith Electronics, Inc.

6.    Further, Rothschild has provided prepetition services to the Debtors in connection with the Debtors' restructuring efforts, including assisting the Debtors' management in developing a long-term business plan, conducting an extensive out-of-court financing effort, conducting extensive negotiations with various parties in interest, discussing various recapitalization alternatives with key stakeholders, negotiating the terms of the Debtors' post-petition financing facilities, negotiating the terms of the prenegotiated plan of reorganization, and providing additional investment banking services in preparation for the filing of these chapter 11 cases. As a result, Rothschild has developed a reserve of institutional knowledge related to, and an intimate understanding of, the Debtors' business operations, capital structure, creditors, and other material information. Rothschild is willing to act on behalf of the Debtors and subject itself to the jurisdiction and supervision of this Court.

7.    The Fee Structure described in the Application and Engagement Letter is consistent with Rothschild's normal and customary billing practices for comparably-sized and complex cases and transactions, both in and out of court, involving the services to be provided in connection with these Chapter 11 Cases. Further, the Fee Structure was established to reflect the difficulty of the extensive assignments Rothschild expects to undertake. Accordingly, Rothschild believes that the foregoing compensation arrangements are both reasonable and market based.

8.    Rothschild will file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines for the U.S. Trustee and any applicable orders of this Court.

4

9.    It is not the general practice of investment banking firms, including Rothschild, to keep detailed time records similar to those customarily kept by attorneys. Because Rothschild does not ordinarily maintain contemporaneous time records in one-tenth hour (0.10) increments or provide or conform to a schedule of hourly rates for its professionals, Rothschild should, pursuant to Local Rule 2016-2(g), be excused from compliance with such requirements and should only be required to maintain time records in half-hour (0.50) increments setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors.

10.    Rothschild will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. Rothschild's applications for compensation and expenses will be paid by the Debtors, pursuant to the terms of the Engagement Letter, in accordance with the procedures established by the Court.

11.    According to Rothschild's books and records, within the 90-day period prior to the Petition Date, the Debtors paid Rothschild $543,750.00 in fees and $37,661.84 for reimbursement of expenses. Prior to the Petition Date, Rothschild received approximately $1,562,228.79 from the Debtors for prepetition services rendered and expenses incurred in advising the Debtors. Rothschild will hold any amounts it received prepetition in excess of fees and expenses that Rothschild accrued prepetition, if any, and will apply such excess towards its fees and expenses that accrue after the Petition Date.

12.    In connection with Rothschild's proposed employment and retention by the Debtors, Rothschild undertook a conflicts analysis to determine whether it had any conflicts or other relationships that might cause it to represent or hold any interest adverse to the Debtors' estate. In connection with this inquiry, Rothschild obtained from the Debtors and/or its

representatives the names of individuals and entities that may be parties-in-interest in these chapter 11 cases (the "Potential Parties in Interest"), a copy of which is attached hereto as Exhibit 1

13.    To the best of my knowledge and belief, Rothschild has not represented any Potential Parties in Interest in connection with matters relating to the Debtors, their estates, assets, or businesses and will not represent other entities which are creditors of, or have other relationships to, the Debtors in matters relating to these chapter 11 cases except as set forth herein and in Exhibit 2 attached hereto.

14.    Rothschild provides financial advice and investment banking services to an array of clients in the areas of restructuring and distressed debt.  As a result, Rothschild has represented, and may in the future represent, certain Potential Parties in Interest in matters unrelated to these chapter 11 cases, either individually or as part of representation of a committee of creditors or interest holders.  To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, none of these representations are adverse to the Debtors' interests.

15.    To the best of my knowledge and belief, neither Rothschild nor I, nor any other employee of Rothschild that will work on the Debtors' engagement has any connection with or holds any interest adverse to the Debtors, their estates or the Potential Parties in Interest in matters related to Rothschild retention in these chapter 11 cases, except (i) as set forth in Exhibit 2 and (ii) as otherwise set forth below:

      a)      Before the commencement of these cases, Rothschild rendered prepetition services to the Debtors.  As noted above, although Rothschild's records indicate that it is not owed any amounts in respect of prepetition services provided to the Debtors, it is possible that certain expenses that were incurred by Rothschild, and that are reimbursable

under the terms of the Engagement Letter, were not yet reflected on Rothschild's books and records as of the Commencement Date.

b)     Rothschild is a large investment banking firm and has likely provided services unrelated to the Debtors for companies and individuals that have conducted business in the past and/or currently conduct business with the Debtors, and who may be creditors of the Debtors. To the best of my knowledge, information and belief, Rothschild's services to these parties were and are wholly unrelated to the Debtors, their estates or these chapter 11 cases.

c)     As part of its practice, Rothschild appears in numerous cases, proceedings, and transactions involving many different professionals, some of which may represent claimants and parties in interest in the Debtors' chapter 11 cases. Furthermore, Rothschild has in the past and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to these cases. Based on my current knowledge of the professionals involved, and to the best of my knowledge and information, none of these business relationships represents an interest materially adverse to the Debtors herein in matters upon which Rothschild is to be engaged.

d)     Rothschild, through the equity owners of its parent company, Rothschild North America Inc., has indirect affiliate relationships with numerous investment banking institutions located worldwide (the "Affiliated Entities"). However, none of the Affiliated Entities is being retained in connection with this engagement and none of the professionals or employees of the Affiliated Entities will provide services to the Debtors in connection with this engagement. None of the professionals or employees of Rothschild has discussed or will discuss the Debtors' cases with any professional or employee of the Affiliated Entities. Thus, there has not been and will not be any flow of information between Rothschild and any Affiliated Entity with respect to any matter pertaining to the Debtors or their chapter 11 cases. Rothschild can make no representation as to the disinterestedness of the professionals or employees of the Affiliated Entities in respect of the Debtors' chapter 11 cases.

7

16.     To the best of my knowledge, no individual assignment referenced on Exhibit 2 currently accounts for more than 1.5% of Rothschild's gross annual revenues.

17.     To the best of my knowledge, information, and belief, except as described herein, Rothschild has not been retained to assist any entity or person other than the Debtors on matters relating to these chapter 11 cases.    Rothschild will, however, continue to provide professional services to entities or persons that may be creditors or equity security holders of the Debtors or Interested Parties in these chapter 11 cases; provided that such services do not relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

18.     If any new relevant facts or relationships are discovered or arise during the pendency of these chapter 11 cases, Rothschild will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014.

19.     I am not related or connected to and, to the best of my knowledge, no other professional of Rothschild who will work on this engagement is related or connected to, any United States Bankruptcy Judge for the District of Delaware, any of the District Judges for the District of Delaware who handle bankruptcy cases, or any employee in the Office of the United States Trustee for the District of Delaware.

20.     To the best of my knowledge, Rothschild has no agreement with any other entity to share with such entity any compensation received by Rothschild in connection with the Debtors' bankruptcy cases.

21.     Accordingly, except as otherwise set forth herein, insofar as I have been able to determine, none of Rothschild, I, nor any employee of Rothschild who will work on the engagement holds or represents any interest adverse to the Debtors or their estates, and

8

069152.1001

Rothschild is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14), as modified by § 1107(b) of the Bankruptcy Code, in that Rothschild, and its professionals and employees who will work on the engagement:

a)      are not creditors, equity security holders, or insiders of the Debtors;

b)      were not, within two years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and

c)      do not have an interest materially adverse to the interest of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

22.     If Rothschild discovers additional information that requires disclosure, Rothschild promptly will file a supplemental disclosure with the Court as required by Bankruptcy Rule 2014.

23.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2010                   By: _____

                                                 Neil A. Augustine
                                                 Managing Director
                                                 Rothschild Inc.

9

Exhibit 1

## ALL DEBTOR ENTITIES

(A&M Specialties, Inc.
ACP Holding Company
Advanced Cast Products, Inc.
Belcher Corporation
Cast Alloys, Inc.
Dalton Corporation
Dalton Corporation, Ashland Manufacturing Facility
Dalton Corporation, Kendallville Manufacturing Facility
Dalton Corporation, Stryker Machining Facility
Dalton Corporation, Warsaw Manufacturing Facility
Deeter Foundry, Inc.
Gregg Industries, Inc.
Mercer Forge Corporation
Morgan's Welding, Inc.
Neenah Corporation
Neenah Enterprises, Inc.
Neenah Foundry Company
Neenah Transport, Inc.
Neiman Porter & Co.
NFC Castings, Inc.
Peerless Corporation

## HOLDERS OF MORE THAN 5% OF COMMON STOCK OF NEI

Tontine Capital Partners, L.P.
Tontine Capital Overseas Master Fund, L.P.

## CURRENT DIRECTORS AND OFFICERS

John H. Andrews
Joseph M. Cerulli
Louis E. Fratarcangeli
David B. Gendell
Robert J. Gitter
Stephen E.K. Graham
Frank Headington
Jeffrey S. Jenkins
Joseph V. Lash
Jeffrey G. Marshall
Robert E. Ostendorf Jr.
Dale E. Parker

## 30 LARGEST UNSECURED CREDITORS

American Colloid Company
Atmosphere Annealing, Inc.
Badger Mining Corp
Caterpillar, Inc.
Dana Corporation Commercial Vehicle
Div of Allied Mineral Products, Inc.
Erie Coke Corporation
Faith Technologies
First Energy Solutions Corp.
Foseco Metallurgical Inc.
Gerdau Ameristeel US
Health Assurance PA, Inc.
Holmes Murphy & Associates, Inc.
Lewis Salvage Corporation
Louis Padnos Iron & Metal Co.
State of Michigan Tax Division
Nucor Steel, Auburn, Inc.
Oudenhoven Company, Inc.
Ryder Transportation Services
Sadoff Iron & Metal Co.
Sandmold Systems, Inc.
State of Michigan Tax Division
Steel Dynamics Bar Products Division
TA Services, Inc.
The Timken Corporation
Tonawanda Coke
Tontine Capital Partners, L.P.
Tube City, Inc.
WE Energies

## PREPETITION LENDERS

Banc of America Securities LLC
Bank of America, N.A.
General Electric Capital Corporation
Wachovia Capital Finance Corporation (Center)

## ADMINISTRATIVE AGENTS FOR THE PREPETITION LENDERS

Bank of America, N.A.

## POST PETITION LENDERS

Banc of America Securities LLC
Bank of America, N.A.
General Electric Capital Corporation
Wachovia Capital Finance Corporation (Center)

## AGENTS FOR THE POST PETITION LENDERS

Bank of America, N.A.

## PROFESSIONALS RETAINED BY ADMINISTRATIVE AGENT FOR THE PREPETITION LENDERS

Goldberg Kohn LTD
CM&D Capital Advisors LLC

## INDENTURE TRUSTEE FOR SENIOR NOTEHOLDERS

The Bank of New York Mellon Trust Company, N.A.

## AD HOC COMMITTEE OF SENIOR NOTEHOLDERS

Bennett Management Corporation
GoldenTree Asset Management, LP
Litespeed Management LLC
Mackay Shields LLC

## PROFESSIONALS RETAINED BY AD HOC COMMITTEE OF SENIOR NOTEHOLDERS

Stroock & Stroock & Lavan LLP
Moelis and Company

## MAJOR INSURANCE CARRIERS, REINSURANCE CARRIERS, AGENTS AND BROKERS

ACE American Insurance Co.
Chartis
Continental Casualty Co.
Federal Insurance Co.
Fireman's Fund Insurance Co.
Illinois National Insurance Co. (Chartis)
Indian Harbor Insurance
RSUI Indemnity Co.
St. Paul Fire & Marine Insurance Company
Travelers
XL Specialty Insurance Company

## PROFESSIONALS RETAINED BY THE DEBTORS

Ernst and Young LLP
Garden City Group Inc.
Huron Consulting Services, LLC
Mercer (U.S.) Inc.
Rothschild, Inc.
Sidley Austin LLP

## UNIONS REPRESENTING EMPLOYEES OF THE DEBTORS

Glass, Molders, Pottery, Plastics and Allied Workers International Union
United Steelworkers of America
Independent Patternmakers Union

## JUDGES ON THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Kevin J. Carey
Judith K. Fitzgerald
Kevin Gross
Brendan L. Shannon
Christopher S. Sontchi
Mary F. Walrath
Peter J. Walsh

## ATTORNEYS EMPLOYED BY THE OFFICE OF THE UNITED STATES TRUSTEE FOR REGION 3, DISTRICT OF DELAWARE

David Buchbinder
Roberta A. DeAngelis
William K. Harrington
Mark Kenney
David Klauder
Jane Leamy
Joseph McMahon
Richard Schepacarter
Thomas Tinker

## LANDLORDS OF THE DEBTORS

CJ&D Properties
Combs Enterprises
Fiserv Investment Support Service
Freeman Properties
Harbor Investments
John & Madeline Kosky
Prairieville LLC
Wade Frauhigher
Warehouse Specialist
Warsaw Plating Works

## DIP TERM LOAN LENDERS/AGENT

Bennett Management Corporation
GoldenTree Asset Management, LP
Litespeed Management LLC
Mackay Shields LLC
Wilmington Trust FSB
Bank of America, N.A.

## HOLDERS OF THE 12 ½ NOTES

Tontine Capital Partners, L.P

Exhibit 2

Source: Interested Party List 1/29/10

| Party in Interest | NEI Entity with which RINC has a Connection | Nature of Connection |
|---|---|---|
| ACP Holding Company | ACP Holding Company | RINC represented Tontine Capital Partners, L.P. in 2006 in connection with the acquisition of common stock and/or warrants to purchase common stock of ACP Holding Company. |
| Bank of America, N.A.; Bank of America Securities LLC | Bank of America Capital Investors | Client pitch by RINC on matters unrelated to NEI. |
| Caterpillar, Inc. | Caterpillar Inc. | Client pitch by RINC on matters unrelated to NEI. |
| Dana Corporation; Dana Corporation Commercial Vehicle | Dana Corporation | Client pitches by RINC on matters unrelated to NEI. RINC was involved in a transaction unrelated to NEI where Dana Corporation was listed as a participant. |
| Fiserv Investment Support Services | Fiserv | Client pitch by RINC to Fiserv on matters unrelated to NEI. |
| Foseco Metalllurgical Inc. | Foseco PLC | Client pitch by RINC affiliate on matters unrelated to NEI. |
| Gerdau Ameristeel US Inc. | Gerdau S.A.; Gerdau SA | RINC affiliate was involved in a transaction unrelated to NEI where Gerdau S.A. was listed as a participant. Gerdau SA is a former RINC affiliate client on matters unrelated to NEI. |
| General Electric Capital Corporation | GE Capital; General Electric Corp. | Client pitches by RINC on matters unrelated to NEI. RINC is representing an Ad Hoc Committee |

**NEI**

**Source: Interested Party List 1/29/10**

| Party in Interest | Entity with which RINC has a Connection | Nature of Connection |
|---|---|---|
| GoldenTree Asset Management, L.P. | GoldenTree Asset Management UK LLP | of Bondholders where GE is listed as a participant. The matter is unrelated to NEI.<br><br>RINC affiliate was involved in a transaction unrelated to NEI where GoldenTree Asset Management UK LLP was listed as an interested party. |
| Mackay Shields LLC | MacKay Shields LLC | RINC represented Tontine Capital Partners, L.P. in 2006 in connection with its acquisition of common stock and/or warrants to purchase common stock of ACP Holding Company and MacKay Shields LLC was listed as an interested party. |
| NFC Castings, Inc. | NFC Castings, Inc. | RINC represented Tontine Capital Partners, L.P. in 2006 in connection with the acquisition of common stock and/or warrants to purchase common stock of ACP Holding Company and NFC Castings, Inc. was listed as a participant. |
| Nucor Steel Auburn, Inc. | Nucor Corporation | Client pitch by RINC affiliate on matters unrelated to NEI. |
| St. Paul Fire & Marine Insurance Company Travelers | St. Paul Companies | RINC affiliate was involved in a transaction where St. Paul Companies was a target. The matter was unrelated to NEI. |
| The Bank of New York Mellon Trust Company, N.A. | The Bank of New York; Mellon Financial Corp. | Client pitch by RINC to The Bank of New York and Mellon Financial Corp. on matters unrelated to NEI.<br><br>RINC is representing an Ad Hoc Committee of Bondholders where The Bank of New |

RINC has limited its search to the Parties in Interest provided by NEI. Affiliates, subsidiaries or parent companies of Parties In Interest have not been searched unless specifically noted.

DB02:9281408.1

069152.1001

**NEI**

**Source: Interested Party List 1/29/10**

| Party in Interest | Entity with which RINC has a Connection | Nature of Connection |
|---|---|---|
| | | York is listed as a participant. The matter is unrelated to NEI. |
| Tontine Capital Partners, L.P.; Tontine Capital Overseas Master Fund, L.P. | Tontine Capital Partners, L.P. | Former RINC Client in connection with the acquisition in 2006 of common stock and/or warrants to purchase common stock of ACP Holding Company.. |
| Wachovia Capital Finance Corporation (Center) | Wachovia | Former RINC affiliate Client on matters unrelated to NEI. |
| XL Specialty Insurance Company | XL Capital Assurance Inc. FKA Security Capital Assurance | Former RINC Client on matters unrelated NEI. |

RINC has limited its search to the Parties in Interest provided by NEI. Affiliates, subsidiaries or parent companies of Parties In Interest have not been searched unless specifically noted.

DB02:9281408.1

069152.1001