# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Doc. No.:____ |

## ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISORS TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE, AND (II) DESIGNATING RICHARD D. CARUSO AS THE CHIEF RESTRUCTURING ADVISOR TO THE DEBTORS

Upon the Application[2] of the above-captioned Debtors for an order authorizing the employment and retention of Huron Consulting Services, LLC ("Huron") as financial advisors to the Debtors pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), *nunc pro tunc* to the Petition Date, and designating Richard D. Caruso as the Chief Restructuring Advisor to the Debtors; and upon consideration of the Application and all pleadings related thereto, including the Caruso Declaration; and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (iii) notice of the Application was due and proper under the circumstances; and it appearing that Huron neither holds nor represents any interest adverse to the Debtors or their estates; and it further appearing that Huron is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, that the Application is granted; and it is further

ORDERED, that the retention and employment of Huron as financial advisors to the Debtors pursuant to section 327(a) of the Bankruptcy Code on the terms set forth in the Engagement Letter is hereby approved *nunc pro tunc* to the Petition Date; and it is further

ORDERED, the indemnification provisions set forth in the Huron Engagement Letters are approved, to the extent set forth below:

(a) Huron shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Indemnification Provisions for services under the Huron Engagement Letters or otherwise, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Bankruptcy Court;

(b) The Debtors shall have no obligation to indemnify Huron, or provide contribution or reimbursement to Huron, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Huron's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the material breach of Huron's contractual obligations unless the Court or an appellate court reviewing this Court determines that the indemnification, contribution or reimbursement would not be prohibited by *In re United Artists Theatre Co.*, 351 F.3d 217 (3d Cir. 2003) or other applicable law; provided that in any further proceedings in this Court or on appeal related to this clause (ii) Huron shall not be deemed to have consented to such clause; or (iii) settled prior to a judicial determination as to Huron's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing but determined by the Bankruptcy Court, after notice and a hearing, to be a claim or expense for which Huron should not receive indemnity, contribution, or reimbursement under the terms of the Indemnification Provisions for services under the Huron Engagement Letters;

---

[2] Capitalized terms not otherwise defined herein shall have the meanings assigned to such terms in the Application.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases of the Debtors (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the chapter 11 cases of the Debtors, Huron believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' obligations under the Indemnification Provisions (as modified by the order of the Bankruptcy Court approving the Indemnification Provisions), including without limitation the advancement of defense costs, Huron must file an application therefor in the Bankruptcy Court, and the Debtors may not pay such amounts to Huron before the entry of an order by the Bankruptcy Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Bankruptcy Court shall have jurisdiction over any request for fees and expenses by Huron for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Huron;

ORDERED, that Huron shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and any applicable Bankruptcy Rules and Local Rules, and such procedures as may be fixed by order of this Court; and it is further

ORDERED, that in addition to compensation for professional services rendered by Huron, pursuant to the terms of the Engagement Letter, Huron shall be entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its Services under the Engagement Letter; and it is further

ORDERED, that Richard D. Caruso is hereby designated as the Chief Restructuring Advisor to the Debtors on the terms, and for the purpose of performing the services, set forth in the Second Addendum and the Application; and it is further

ORDERED, that Huron shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2010

_____
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE