# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
|  | **Ref. Docket No.:** _____ |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MERCER (US)**
**INC. AS COMPENSATION CONSULTANT TO THE DEBTORS PURSUANT**
**TO 11 U.S.C. §§ 327(a) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE, AND**
**GRANTING A WAIVER OF COMPLIANCE WITH DEL. BANKR. L.R. 2016-2(d) IN**
**ACCORDANCE WITH DEL. BANKR. L.R. 2016-2(g)**

Upon the Application[2] of the above-captioned Debtors for an order authorizing the

employment and retention of Mercer (US) Inc. ("Mercer") as compensation consultant to the

Debtors pursuant to section 327(a) and 1107 of the Bankruptcy Code, nunc pro tunc to February

3, 2010; and upon consideration of the Application and all pleadings related thereto, including

the Engagement Letter and Dempsey Declaration; and the Court finding that (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Application was

due and proper under the circumstances; and it appearing that the relief requested in the

Application is in the best interests of the Debtors, their estates and creditors; and it appearing that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Application.

Mercer neither holds nor represents any interest adverse to the Debtors or their estates with respect to the matters on which Mercer is to be employed and is a "disinterested person" as required by section 327(a) of the Bankruptcy Code; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted; and it is further

ORDERED, that the retention and employment of Mercer as compensation consultant to the Debtors, pursuant to Bankruptcy Code section 327(a), Bankruptcy Rule 2014(a) and Local Rule 2014-1 on the terms set forth in the Application, the Engagement Letter and the Dempsey Declaration, is hereby approved *nunc pro tunc* to the Petition Date; and it is further

ORDERED, that the Engagement Letter is approved, subject to the following clarifications:

(a)     Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify Mercer for any claim arising from, related to or in connection with Mercer's performance of the services described in the Engagement Letter;.

(b)     Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Mercer's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Mercer believes that it is entitled to the payment of any amounts by the Debtors

2

on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, Mercer must file an application before this Court, and the Debtors may not pay any such amounts to Mercer before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by Mercer for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Mercer;

and it is further

ORDERED, that Mercer shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee and expense guidelines established by the Office of the United States Trustee, and any applicable orders of this Court; provided, however, that a limited waiver of the information requirements of Local Rule 2016-2 is granted such that Mercer may submit time records in a summary format which shall set forth a description of the services rendered by each professional and the amount of time in quarter hour increments spent on each date by each such individual in rendering services on behalf of the Debtors. Notwithstanding the foregoing, the U.S. Trustee retains the right to object to Mercer's compensation on any basis, including under the "reasonableness" standard set forth in section 330 of the Bankruptcy Code; and it is further

ORDERED that in addition to compensation for the Services rendered by Mercer, pursuant to the terms of the Engagement Letter, Mercer is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with its performance of the Services; and it is further

ORDERED, that notwithstanding anything to the contrary, the limitation of loss

provisions in paragraph 10 of the Engagement Letter shall not apply to the services contemplated

in the Application during this engagement; and it is further

ORDERED, that notwithstanding anything to the contrary in the Engagement

Letter, the Court shall retain jurisdiction to hear and determine all matters arising from this

engagement or related to the implementation of this Order.

Dated:  Wilmington, Delaware
          _____, 2010

                                        _____
                                        MARY F. WALRATH
                                        UNITED STATES BANKRUPTCY JUDGE

DB02:9281512.1                                                                                          069152.1001