# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**DECLARATION OF JOHN DEMPSEY IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MERCER (US) INC. AS COMPENSATION CONSULTANT TO THE DEBTORS PURSUANT TO 11 U.S.C. §§ 327(a) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE, AND GRANTING A WAIVER OF COMPLIANCE WITH DEL. BANKR. L.R. 2016-2(d) IN ACCORDANCE WITH DEL. BANKR. L.R. 2016-2(g)**

John Dempsey, being duly sworn, deposes and states:

1. I am a principal of Mercer (US) Inc. ("Mercer") a global consulting and related investment and outsourcing services firm with offices located at 10 South Wacker Drive, Suite 1700, Chicago, Illinois 60606, and I make this declaration (the "Declaration") on behalf of Mercer. I am generally familiar with the Mercer's day-to-day operations, business affairs, practices, clients and books and records.

2. I submit this Declaration in support of the application of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order authorizing the employment and retention of Mercer as compensation consultant to the Debtors (the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

"Application")[2] in these chapter 11 cases pursuant to §§ 327(a) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), nunc pro tunc to the Petition Date, as well as to provide the disclosure required under Rules 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts as set forth herein.

3. Mercer is a consulting firm focused on providing human resource consulting and related outsourcing and investment services. Mercer routinely advises large corporate clients on all aspects of their businesses and has considerable experience providing compensation planning and advisory services to businesses in a chapter 11 environment. Specifically, Mercer has been employed to perform compensation-related analysis and services in numerous cases under the Bankruptcy Code, including the chapter 11 cases of Tribune Company, R.H. Donnelley Corporation, Smurfit-Stone Container Corporation, Nortel Networks, Inc., Adelphia Communications, Dana Corporation, Owens Corning, Kaiser Aluminum Corporation, Solutia, Oglebay Norton, Citation Corp., Intermet Corp., Venture Industries, Alterra, EaglePicher, Allied Holdings, and many others.

4. In December 2009, before commencement of the Debtors' chapter 11 cases, the Debtors approached Mercer about performing compensation-related services. Mercer received a retainer in the amount of $56,000.00 in connection with the services contemplated in the Engagement Letter. In summary, Mercer will analyze proposed management compensation arrangements and assist and advise the Debtors, under the leadership of the compensation committee of the Debtors' board of directors, in developing a management compensation program that aligns the interests of the Debtors, their key employees and their creditors. The Debtors and Mercer promptly began negotiating the terms of Mercer's Engagement Letter,

[2] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Application.

however, in advance of the filing on February 3, 2010, it was necessary for Mercer to begin performing certain services on a limited basis in order to ensure the Debtors could develop the incentive plan and prepare all necessary filings with the Bankruptcy Court to seek approval of that program. As Mercer's engagement progressed, it became evident that Mercer would be required to provide the creditors' committee and/or other parties-in-interest in the Debtors' cases with certain information, and possibly present evidence to the Bankruptcy Court in connection with the compensation programs, at which point the Debtors concluded that it would be necessary to file the Application. Furthermore, although Mercer commenced its services in December 2009, the Debtors were not yet in a position to file the Application as they had not yet filed for bankruptcy.

5. Mercer anticipates that it will render services to the Debtors as needed throughout the course of these chapter 11 cases. General descriptions of the types of services that Mercer will render are set forth in the Engagement Letter. Specifically, Mercer anticipates that it will perform, among others, the following services:[3]

(a) Develop an executive compensation program that would be appropriate and motivational during the restructuring period, including, without limitation, cash-based short-term incentives, new equity participation arrangements, and post-bankruptcy employment security arrangements;

(b) Participating, when requested, in discussions between the Debtors, their creditors constituencies, and the United States Trustee, among other things, to explain the purposes and terms of applicable compensation programs and provide the results of Mercer's analysis of same; and

(c) If requested, provide testimony regarding Mercer's findings, conclusions and recommendations, as applicable, including without limitation, at any deposition or hearing held in connection with the Debtors' restructuring, confirmation of a plan of

[3] This summary is qualified in its entirety by reference to the provisions of the Engagement Letter. To the extent there is any discrepancy between the terms contained in this Declaration and those set forth in the Engagement Letter, the terms of the Engagement Letter shall control.

> reorganization, or in connection with proceedings to approve any particular compensation program(s) and payments during the pendency of the Debtors' chapter 11 cases.

6. As noted above, Mercer has substantial expertise in working with businesses in a chapter 11 environment, and believes that it is well qualified to perform these services and assist the Debtors in these chapter 11 cases. To the best of my knowledge, information and belief, Mercer's services as compensation planning advisors do not duplicate those provided to the Debtors by any of the Debtors' other professionals, nor are they duplicative of any in-house services available to the Debtors.

7. Mercer has provided and agrees to continue to provide assistance to the Debtors pursuant to the terms and conditions set forth in the Application and the Engagement Letter.

8. Mercer has advised the Debtors that Mercer's billing system software is unable to record Mercer's professionals' time in tenths of an hour increments and respectively requests a waiver from having to maintain contemporaneous time descriptions in time periods of tenths of an hour. Mercer instead has asked that they be authorized to report the time incurred by Mercer's professionals in quarter of an hour increments. Mercer believes that given the nature of the services to be provided by Mercer, such billing formats and associated time details will be sufficient for the Debtors and other parties-in-interest to make an informed judgment regarding the nature and appropriateness of Mercer's services and fees.

9. To the best of my knowledge, information and belief, other than in connection with these cases, Mercer has no connection with the Debtors, their creditors, the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth below. In particular:

(a) Mercer is not employed by, and has not been employed by, any entity other than the Debtors in matters related to these chapter 11 cases.

(b) From time to time, Mercer has provided services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties adverse to the Debtors in matters unrelated to these chapter 11 cases. As described below, however, Mercer has undertaken a detailed search to determine, and to disclose, whether it is performing or has performed services for any significant creditors, equity security holders, insiders or other parties in interest in such unrelated matters.

10. To check and clear potential conflicts of interest in these cases, Mercer performed a conflicts search on the Debtors and other significant parties-in-interest (collectively, the "Interested Parties").[4] The identities of the Interested Parties were provided to Mercer by the Debtors and are set forth on Schedule 1 attached hereto. Mercer's research of its relationships with the Interested Parties indicated that Mercer was formerly employed by certain of the Interested Parties (or their apparent affiliates, as the case may be) for whom Mercer provided financial advisory and other similar services unrelated to the Debtors' cases. A summary of such parties that Mercer was able to locate as of the date of this Application using its reasonable efforts are listed on Schedule 2 attached hereto.

11. Despite the efforts described above to identify and disclose Mercer's connections with parties in interest in these cases, because the Debtors and their non-debtor affiliates consist of over 18 entities with thousands of creditors and other relationships, Mercer is unable to state with certainty that every client relationship or other connection has been

[4] As of the date of this Application, Mercer has completed its conflicts search on all of the Debtors and the results of that conflicts search are described herein. Given the large number of Interested Parties listed on Schedule 1 attached hereto, however, it has not been possible for Mercer to complete a search of all of those parties as of the date of this Application. Mercer will promptly file a supplemental declaration in the event that completion of the search of all

disclosed. In this regard, if Mercer discovers additional information that requires disclosure, Mercer will file a supplemental disclosure with the Court as promptly as possible.

12. To the best of the my knowledge, information and belief, Mercer neither holds nor represents any interest adverse to the Debtors or their respective estates in the matters for which it is proposed to be retained. Accordingly, I believe that Mercer is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 19, 2010

JOHN DEMPSEY

**SCHEDULE 1**
**(Potential Parties-in-Interest)**

**ALL DEBTOR ENTITIES**
(including non-debtor affiliates and former names)

A&M Specialties, Inc.
ACP Holding Company
Advanced Cast Products, Inc.
Belcher Corporation
Cast Alloys, Inc.
Dalton Corporation
Dalton Corporation, Ashland Manufacturing Facility
Dalton Corporation, Kendallville Manufacturing Facility
Dalton Corporation, Stryker Machining Facility
Dalton Corporation, Warsaw Manufacturing Facility
Deeter Foundry, Inc.
Gregg Industries, Inc.
Mercer Forge Corporation
Morgan's Welding, Inc.
Neenah Corporation
Neenah Enterprises, Inc.
Neenah Foundry Company
Neenah Transport, Inc.
Neiman Porter & Co.
NFC Castings, Inc.
Peerless Corporation

**HOLDERS OF MORE THAN 5% OF COMMON STOCK OF NEI**

Tontine Capital Partners, L.P.
Tontine Capital Overseas Master Fund, L.P.
Tontine Capital Overseas Master Fund II, L.P.

**DIRECTORS AND OFFICERS OF THE PAST TWO YEARS**

James Ackerman
John H. Andrews
William M. Barrett
Joseph M. Cerulli
Joseph L. DeRita
Albert E. Ferrara, Jr.
Louis E. Fratarcangeli
David B. Gendell
Robert J. Gitter
Stephen E.K. Graham
Frank Headington
Jeffrey S. Jenkins
Gary W. LaChey
Joseph V. Lash
Jeffrey G. Marshall
Robert E. Ostendorf Jr.
Dale E. Parker
Joseph Varkoly

**30 LARGEST UNSECURED CREDITORS**

American Colloid Company
Atmosphere Annealing, Inc.
Badger Mining Corp
Caterpillar, Inc.
Dana Corporation Commercial Vehicle
Div of Allied Mineral Products, Inc.
Erie Coke Corporation
Faith Technologies
First Energy Solutions Corp.
Foseco Metallurgical Inc.
Gerdau Ameristeel US
Health Assurance PA, Inc.
Holmes Murphy & Associates, Inc.
Lewis Salvage Corporation
Louis Padnos Iron & Metal Co.
State of Michigan Tax Division
Nucor Steel, Auburn, Inc.
Oudenhoven Company, Inc.
Ryder Transportation Services
Sadoff Iron & Metal Co.
Sandmold Systems, Inc.
State of Michigan Tax Division
Steel Dynamics Bar Products Division
TA Services, Inc.
The Timken Corporation
Tonawanda Coke
Tontine Capital Partners, L.P.
Tube City, Inc.

WE Energies

**MEMBERS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Dana Corporation Commercial Vehicle
Gerdau Ameristeel US
Sadoff Iron & Metal Co.
The Timken Corporation
WE Energies

**PREPETITION LENDERS**

Banc of America Securities LLC
Bank of America, N.A.
General Electric Capital Corporation
Wachovia Capital Finance Corporation (Center)

**ADMINISTRATIVE AGENTS FOR THE PREPETITION LENDERS**

Bank of America, N.A.

**PROFESSIONALS RETAINED BY ADMINISTRATIVE AGENT FOR THE PREPETITION LENDERS**

Goldberg Kohn LTD
CM&D Capital Advisors LLC

POSTPETITION LENDERS

Banc of America Securities LLC
Bank of America, N.A.
General Electric Capital Corporation
Wachovia Capital Finance Corporation (Center)

**AGENTS FOR THE POSTPETITION LENDERS**

Bank of America, N.A.

**INDENTURE TRUSTEE FOR SENIOR NOTEHOLDERS**

The Bank of New York Mellon Trust Company, N.A.

**AD HOC COMMITTEE OF SENIOR NOTEHOLDERS**

Bennett Management Corporation
GoldenTree Asset Management, LP
Litespeed Management LLC
Mackay Shields LLC

**PROFESSIONALS RETAINED BY AD HOC COMMITTEE OF SENIOR NOTEHOLDERS**

Stroock & Stroock & Lavan LLP
Moelis and Company

**MAJOR INSURANCE CARRIERS, REINSURANCE CARRIERS, AGENTS AND BROKERS**

ACE American Insurance Co.
Chartis
Continental Casualty Co.
Federal Insurance Co.
Fireman's Fund Insurance Co.
Illinois National Insurance Co. (Chartis)
Indian Harbor Insurance
RSUI Indemnity Co.
St. Paul Fire & Marine Insurance Company
Travelers
XL Specialty Insurance Company

**PROFESSIONALS RETAINED BY THE DEBTORS**

Ernst and Young LLP
Garden City Group Inc.
Huron Consulting Services, LLC
Mercer (U.S.) Inc.
Rothschild, Inc.
Sidley Austin LLP
Young Conaway Stargatt & Taylor

**PARTIES TO LITIGATION WITH THE DEBTORS**

Keith Bays
Robert Birkholz
Glenn E. Coates
Fox River Group/Lower Fox River
Mark Howell
J.M. Weller & Associates
Jamie Latham
David Lindsay
Smitherman
Ashlee Stradford
Jessie Sullivan

**UNIONS REPRESENTING EMPLOYEES OF THE DEBTORS**

Glass, Molders, Pottery, Plastics and Allied Workers International Union
United Steelworkers of America
Independent Patternmakers Union

**JUDGES ON THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

Kevin J. Carey
Judith K. Fitzgerald
Kevin Gross
Brendan L. Shannon
Christopher S. Sontchi
Mary F. Walrath
Peter J. Walsh

**ATTORNEYS EMPLOYED BY THE OFFICE OF THE UNITED STATES TRUSTEE FOR REGION 3, DISTRICT OF DELAWARE**

David Buchbinder
Roberta A. DeAngelis
William K. Harrington
Mark Kenney
David Klauder
Trust Company of New York

Jane Leamy
Joseph McMahon
Richard Schepacarter
Thomas Tinker

**OTHER PARTIES TO MATERIAL CONTRACTS WITH THE DEBTORS**

**LANDLORDS OF THE DEBTORS**

CJ&D Properties
Combs Enterprises
Fiserv Investment Support Service
Freeman Properties
Harbor Investments
John & Madeline Kosky
Prairieville LLC
Wade Frauhigher
Warehouse Specialist
Warsaw Plating Works

**DIP TERM LOAN LENDERS/AGENT**

Bennett Management Corporation
GoldenTree Asset Management, LP
Litespeed Management LLC
Mackay Shields LLC
Wilmington Trust FSB
Bank of America, N.A.

**HOLDERS OF THE 12 ½ NOTES**

Tontine Capital Partners, L.P.

**INDENTURE TRUSTEE FOR THE 12 ½ NOTES**

United States Trust Company of New York

**Schedule 2**

(Former Mercer Clients)

| | |
|---|---|
| ACP Holding Company | Advanced Cast Products, Inc. |
| The Timken Corporation | Bank of America, N.A. |
| General Electric Capital Corporation | The Bank of New York Mellon Trust Company, N.A. |
| Sidley Austin LLP | United Steelworkers of America |
| Ernst & Young LLP | Huron Consulting Group, Inc. |
| Wilmington Trust FSB | Dana Corporation |
| Foseco Metallurgical Inc. | Gerdau Ameristeel US |
| Wachovia Capital Finance Corporation (Center) | General Electric Capital Corporation |