IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : |
| | : |
| Neenah Enterprises, Inc., *et al.*, | : Case No. 10-10360 (MFW) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

**OBJECTION OF WISCONSIN ELECTRIC POWER COMPANY TO THE MOTION OF DEBTORS FOR AN INTERIM ORDER AND FINAL ORDER PURSUANT TO SECTION 105(a) AND 366 OF THE BANKRUPTCY CODE, (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Wisconsin Electric Power Company ("WE"), by its undersigned counsel, hereby objects to the Motion of Debtors for an Interim Order and Final Order pursuant to Section 105(a) and 366 of the Bankruptcy Code, (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Utility Services, (II) Deeming Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment (the "Motion"). In support of this objection, WE states as follows:

**Introduction**

As set forth in the objections filed by other utilities in this matter, the Motion is flawed for several reasons. First, the amount that the Debtors propose to place into an escrow account which they estimate as being two **weeks** worth of reduced utility usage is wholly insufficient and inadequate under 11 U.S.C. § 366(c)(2). At a minimum, the Debtors need to provide two **months** worth of estimated usage as adequate assurance. Additionally, the escrow account is not recognized as an acceptable form of adequate assurance under 11 U.S.C. § 366(c)(1)(A) and the procedures proposed by the Debtors are improper. The Court should not permit the Debtors to

avoid the requirements of 11 U.S.C. § 366.  At the end of the day, the Debtors are required, at a minimum, to provide WE with a form of adequate assurance in a sufficient amount as mandated by 11 U.S.C. § 366.

## Factual Background

1. On February 3, 2010 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code").  These cases are now pending before this Court.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors' cases are being jointly administered.

2. Both prior to and after the Petition Date, WE has provided utility goods and services to the Debtors.  As of the Petition Date, WE was owed $1,006,158.83 by the Debtors.

3. The Utilities' billing cycles are governed by tariffs, state laws, regulations and/or ordinances (collectively, the "Tariffs").  Under WE's billing cycles as imposed by the Tariffs, the Debtors receive approximately one month of utility goods and/or services before WE issues its bills.  Once a bill is issued by WE, the Debtors have approximately 20 days to pay the bill.  If the bill is not timely paid, WE issues past due notices.  If the bill is not paid after the issuance of a late notice, WE issues a notice advising that services/goods will be discontinued within approximately 30-45 days if the outstanding arrearage is not cured.  As such, under WE's billing cycles, the Debtors could receive approximately 2 months worth of services/goods before WE could cease supplying services/goods for a post-petition default.  *See* the Tariffs attached as Exhibit 1.

4. WE's post-petition deposit request is $1,448,788 (a two month deposit). Pursuant to the Tariffs, WE is entitled to a two month deposit based upon the two consecutive months in the preceding 12 months with the highest usage.

## The Motion

5. In the Motion, the Debtors seek to avoid the requirements of 11 U.S.C. § 366. The Debtors propose to provide as adequate assurance an escrow account (the "Escrow Account") with $1,100,000 which the Debtors contend represents approximately two (2) weeks worth of utility charges. The Motion does not identify what bank will be holding the Escrow Account – although one would presume it is going to be held by the Debtors' secured lenders. The Motion also does not identify how the Escrow Account will be administered or how any utility would gain access to such funds in the event of a default.

6. The Motion also contains an overly burdensome procedural structure for utilities to request additional adequate assurance and object to a Debtors' request to modify the amount of funds in the Escrow Account.

## Legal Argument

**A. The Debtors' proposed adequate assurance amount is improper.**

11 U.S.C. § 366(c)(2) makes it clear that a debtor is required to provide WE with adequate assurance of payment, satisfactory to WE, within 30 days of the Petition Date. Determination of adequate assurance is done on a case-by-case basis. *In re Utica Floor Maintenance, Inc.*, 25 B.R. 1010, 1016 (N.D.N.Y. 1982). In determining whether a deposit is reasonable, the Court should consider the "length of time necessary for WE to effect termination once one billing cycle is missed." *In re Begley*, 760 F.2d 46, 49 (3d Cir. 1985).

The adequate assurance amount requested by WE, *i.e*., $1,448,788, represents the amount of utility services/goods supplied to the Debtors by WE for the two highest consecutive months of usage over the last 12 months. Due to the Debtors' billing cycles with WE under the Tariffs, this is the minimum amount necessary to provide WE with adequate assurance of payment. The Debtors' proposal of two weeks worth of average payments is wholly inadequate to protect WE from two months worth of possible post-petition exposure.

Moreover, the Motion is completely devoid of any evidence supporting the Debtors' contentions that (a) the amount of WE's adequate assurance request is not reasonable, (b) a two week deposit will provide WE with adequate assurance, and (c) the two week deposit amount is correct. As set forth above, even assuming that the escrow amount is correct, the two week escrow deposit still leaves WE with an exposure in excess of $1,000,000.

The Debtors cannot have it both ways. If they want to continue to receive services from the Debtors on the favorable terms imposed under the Tariffs, the Debtors need to comply with the requirements of 11 U.S.C. § 366 and provide WE with proper adequate assurance.

**B.    The Debtors' Motion is also procedurally flawed.**

The Motion is also procedurally flawed. First, the Debtors should be required to provide WE with deposits or another form of security identified in 11 U.S.C. § 366 – the Escrow Account is not identified as a type of authorized adequate assurance under 11 U.S.C. § 366. Additionally, the Motion does not identify the Bank where the deposit will be held (presumably it will be held by one of the Debtors' secured lenders) or any procedures with respect to obtaining funds from the Escrow Account. The Motion also does not explain how the Escrow Account will interact with the Debtors' secured lenders' security interests. Indeed, the proposed final order specifically provides that it is subject to the DIP financing order. The inadequate two

week escrow proposed by the Debtors will be even more hollow if the Debtors' secured lenders can claim a senior interest in the monies maintained in the Escrow Account. It is certainly foreseeable that in the event of a default by the Debtors or a deterioration of the Debtors' financial position in these bankruptcy proceedings, all utilities could be involved in litigation related to the Escrow Account with the Debtors' secured lenders, the Debtors and other utilities. The proposed framework, in addition to being impermissible under the Bankruptcy Code, is untenable under the circumstances.

The Motion also improperly attempts to shift the burden under 11 U.S.C. § 366 to WE to show why the requested adequate assurance is reasonable. *See In re Viking Offshore (USA), Inc.,* 2008 WL 78449 (Bankr. S.D. Tex. 2008). In an unjustified rush, the Debtors included the Motion as one of their first day motions even though utilities are not authorized to terminate services until 30 days after the petition date. Pursuant to 11 U.S.C. § 366(c)(2), utilities are not required to continue services beyond the 30 day period unless the debtor provides the utility with "adequate assurance of payment for utility service that is **satisfactory to the utility**." (Emphasis added). If a debtor does not believe that the adequate assurance request is appropriate, it may file a motion with the Bankruptcy Court seeking to modify the amount of adequate assurance. 11 U.S.C. § 366(c)(3). In this case, the Debtors proceeded in a manner directly contrary to the requirements of 11 U.S.C. § 366. The Debtors filed the Motion and obtained an interim order regarding adequate assurance prior to even communicating with WE.

The attempt by the Debtors to shift the burden imposed under 11 U.S.C. § 366 by filing the Motion on an emergency basis is improper pursuant to 11 U.S.C. § 366.

WHEREFORE, for the reasons set forth herein and to be presented at the hearing on this matter, WE respectfully requests that this Court enter an order:

A.  Denying the Motion;

B.  Awarding WE post-petition adequate assurance of payment pursuant to Section 366 of the Bankruptcy Code in an amount satisfactory to WE; and

C.  Granting such other and further relief as is just and appropriate under the circumstances.

                          Respectfully submitted,

Date: March 1, 2010                  /s/ David L. Finger
                                      David L. Finger (DE Bar ID #2556)
                                      Finger & Slanina, LLC
                                      One Commerce Center
                                      1201 N. Orange St., 7th floor
                                      Wilmington, Delaware 19801-1186
                                      (302) 573-2525

                                      and

                                      Richard M. Kremen, Esquire
                                      Dale K. Cathell, Esquire
                                      DLA Piper LLP (US)
                                      The Marbury Building
                                      6225 Smith Avenue
                                      Baltimore, Maryland 21209-3600
                                      Telephone:    (410) 580-3000
                                      Facsimile:    (410) 580-3001

                                      Counsel to Wisconsin Power Electric Company d/b/a WE Energies

# **CERTIFICATE OF SERVICE**

I, David L. Finger hereby certify that on this 1st day of March, 2010, the foregoing *Entry of Appearance and Request for Service* was served via first class mail, postage prepaid and through the Court's ECF system, if applicable, to the following:

| | |
|---|---|
| Edmon L. Morton<br>Kenneth J. Enos<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Bldg.<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899 | Larry J. Nyhan<br>Bojan Guzina<br>Kerriann S. Mills<br>Jillian K. Ludwig<br>Sidley Austin LLP<br>One South Dearborn St.<br>Chicago, Illinois 60603 |
| Thomas Patrick Tinker<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207<br>Wilmington, DE 19801 | Sandra G.M. Selzer, Esquire<br>Scott D. Cousins, Esquire<br>Donald J. Detweiler, Esquire<br>Greenberg Traurig, LLC<br>1007 North Orange Street<br>Suite 1200<br>Wilmington, Delaware 19801 |
| William J. Barrett, Esquire<br>Barack Ferrazzano Kirschbaum & Nagelberg<br>200 West Madison Street<br>Suite 3900<br>Chicago, Illinois 60606 | Daniel J. DeFranceschi, Esquire<br>Kristine G. Manoukian, Esquire<br>Richards, Layton & Finger, P.A.<br>920 North King Street<br>Wilmington, Delaware 19801 |
| Kristopher M. Hanson, Esquire<br>Erez Gilad, Esquire<br>Lori E. Kata, Esquire<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982 | David R. Jury, Esquire<br>United Steelworkers<br>Five Gateway Center<br>Room 807<br>Pittsburgh, Pennsylvania 15222 |
| Susan E. Kaufman, Esquire<br>Cooch and Taylor, P.A.<br>1000 West Street, 10th Floor<br>Post Office Box 1680<br>Wilmington, Delaware 19899 | Kathleen M. Miller, Esquire<br>Smith, Katzenstein & Furlow<br>800 Delaware Avenue, Seventh Floor<br>Post Office Box 410<br>Wilmington, Delaware 19899 |

| | |
|---|---|
| Mr. David Boyle<br>Airgas, Inc.<br>259 Radnor-Chester Road, Suite 100<br>Post Office Box 6675<br>Radnor, Pennsylvania 19087-8675 | Susan M. Cook, Esquire<br>Adam D. Bruski, Esquire<br>Lambert, Leser, Isackson, Cook & Giunta, P.C.<br>916 Washington Avenue<br>Suite 309<br>Bay City, Michigan 48708 |
| Eric D. Schwartz, Esquire<br>Matthew B. Harvey, Esquire<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street, 18th Floor<br>Post Office Box 1347<br>Wilmington, Delaware 19899-1347 | Ronald Barliant, Esquire<br>Danielle Wildern Huhle, Esquire<br>Goldberg Kohn Ltd.<br>55 East Monroe Street<br>Suite 3300<br>Chicago, Illinois 60603-5792 |
| Joel A. Kunin, Esquire<br>The Kunin Law Offices, LLC<br>412 Missouri Avenue<br>East Saint Louis, Illinois 62201-3016 | Adam K. Keith, Esquire<br>Honigman Miller Schwartz and Cohn LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, Michigan 48226 |
| Sean Bezark, Esquire<br>Greenberg Traurig LLP<br>77 Wacker Drive<br>Suite 3100<br>Chicago, Illinois 60601 | Scott N. Opincar, Esquire<br>Sean D. Malloy, Esquire<br>McDonald Hopkins LLC<br>600 Superior Avenue, East<br>Suite 2100<br>Cleveland, Ohio 44114 |
| Gennice D. Brickhouse, Esquire<br>Pension Benefit Guaranty Corporation<br>Office of the Chief Counsel<br>1200 K Street, N.W., Suite 340<br>Washington, DC 20005-4026 | |

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th floor
Wilmington, Delaware 19801-1186
(302) 573-2525