**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: NEENAH ENTERPRISES, INC., et al.,[1] Debtors. | Chapter 11 Case No. 10-10360 (MFW) Jointly Administered |
|---|---|

**NOTICE OF AMENDED[2] AGENDA OF MATTERS SCHEDULED FOR HEARING ON MARCH 9, 2010 AT 1:00 P.M. (ET)**

**UNCONTESTED MATTERS WITH CERTIFICATIONS**

1. Motion of the Debtors for an Order Authorizing the Debtors to Honor Their Prepetition Obligations to Customers and to Otherwise Continue Prepetition Customer Programs and Practices in the Ordinary Course of Business [D.I. 6; 2/3/10]

   Related Documents:

   a) Order Authorizing the Debtors to Honor Their Prepetition Obligations to Customers and to Otherwise Continue Prepetition Customer Programs and Practices in the Ordinary Course of Business [D.I. 35; 2/4/10]

   b) Notice of Entry of Interim Order and Final Hearing [D.I. 55; 2/8/10]

   c) Certification of Counsel [D.I. 110; 3/5/10]

   Objection Deadline: March 2, 2010 at 4:00 p.m.

   Objections/Responses Received: None.

   Status: No responses have been filed. An order under Certificate of Counsel has been filed. No hearing is necessary.

2. Motion of the Debtors for an Order Authorizing the Debtors (I) to Pay Prepetition Claims of Certain Critical Vendors and (II) to Pay Certain Obligations Arising in Connection

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] **Amended items appear in bold.**

with Goods Received by the Debtors Within the Twenty-Day Period Prior to the Petition Date [D.I. 7; 2/3/10]

Related Documents:

  a) Interim Order Authorizing the Debtors (I) to Pay Prepetition Claims of Certain Critical Vendors and (II) to Pay Certain Obligations Arising in Connection with Goods Received by the Debtors Within the Twenty-Day Period Prior to the Petition Date [D.I. 40; 2/4/10]

  b) Notice of Entry of Interim Order and Final Hearing [D.I. 57; 2/8/10]

  c) Certification of Counsel [D.I. 111; 3/5/10]

Objection Deadline:  March 2, 2010 at 4:00 p.m.

Objections/Responses Received: None.

Status: No responses have been filed. An order under Certificate of Counsel has been filed. No hearing is necessary.

3. Motion of the Debtors for an Order (I) Authorizing: (A) Payment of Prepetition Employee Wages, Salaries, Commissions and Other Compensation; (B) Payment of Prepetition Compensation Owed to Independent Sales Reps and Temporary Workers; (C) Reimbursement of Prepetition Employee Business Expenses; (D) Payments for Which Prepetition Payroll and Tax Deductions were Made; (E) Contributions to Prepetition Employee Benefit Programs and Continuation of Such Programs in the Ordinary Course; (F) Payment of Workers' Compensation Obligations; and (G) Payment to Third Parties of All Costs and Expenses Incident to the Foregoing Payments and Contributions; and (II) Authorizing and Directing Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn on the Debtors' Payroll Accounts to Make the Foregoing Payments [D.I. 9; 2/3/10]

Related Documents:

  a) Order (I) Authorizing: (A) Payment of Prepetition Employee Wages, Salaries, Commissions and Other Compensation; (B) Payment of Prepetition Compensation Owed to Independent Sales Reps and Temporary Workers; (C) Reimbursement of Prepetition Employee Business Expenses; (D) Payments for Which Prepetition Payroll and Tax Deductions were Made; (E) Contributions to Prepetition Employee Benefit Programs and Continuation of Such Programs in the Ordinary Course; (F) Payment of Workers' Compensation Obligations; and (G) Payment to Third Parties of All Costs and Expenses Incident to the Foregoing Payments and Contributions; and (II) Authorizing and Directing Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn on the Debtors' Payroll Accounts to Make the Foregoing Payments [D.I. 29; 2/4/10]

      b) Notice of Entry of Interim Order and Final Hearing [D.I. 58; 2/8/10]

c) Certification of Counsel [D.I. 112; 3/5/10]

Objection Deadline: March 2, 2010 at 4:00 p.m.

Objections/Responses Received: None.

Status: An order has been entered substantially granting the relief requested and setting a hearing solely with respect to the Employee Severance Plan and SERP. No responses with respect to the Employee Severance Plan or SERP have been filed. An order under Certificate of Counsel has been filed. No hearing is necessary.

4. Motion of the Debtors for an Order Authorizing the Debtors to (I) Pay Installments Under Prepetition Insurance Premium Financing Agreements, (II) Continue Prepetition Insurance Policies, and (III) Pay All Prepetition Obligations in Respect Thereof [D.I. 10; 2/3/10]

Related Documents:

a) Order Authorizing the Debtors to (I) Pay Installments Under Prepetition Insurance Premium Financing Agreements, (II) Continue Prepetition Insurance Policies, and (III) Pay All Prepetition Obligations in Respect Thereof [D.I. 34; 2/4/10]

b) Notice of Entry of Interim Order and Final Hearing [D.I. 59; 2/8/10]

c) Certification of Counsel [D.I. 113; 3/5/10]

Objection Deadline: March 2, 2010 at 4:00 p.m.

Objections/Responses Received: None.

Status: No responses have been filed. An order under Certificate of Counsel has been filed. No hearing is necessary.

5. Application for an Order Authorizing the Employment and Retention of Sidley Austin LLP as Attorneys for the Debtors and Debtors-in-Possession Pursuant to 11 U.S.C. § 327(a) and 1107, Nunc Pro Tunc to the Petition Date [D.I. 81; 2/19/10]

Related Documents:

a) Certificate of No Objection [D.I. 114; 3/5/10]

Objection Deadline: March 2, 2010 at 4:00 p.m. [Extended for the Committee until March 5, 2010 at 12:00 p.m.]

Objections/Responses Received: None at this time.

Status: No responses have been filed. An order under Certificate of No Objection has been filed. No hearing is necessary.

6. Application for an Order Authorizing the Debtors to Retain and Employ Young Conaway Stargatt & Taylor, LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date [D.I. 82; 2/19/10]

Related Documents:

a) Certificate of No Objection [D.I. 115; 3/5/10]

Objection Deadline: March 2, 2010 at 4:00 p.m. [Extended for the Committee until March 5, 2010 at 12:00 p.m.]

Objections/Responses Received: None at this time.

Status: No responses have been filed. An order under Certificate of No Objection has been filed. No hearing is necessary.

7. Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [D.I. 83; 2/19/10]

Related Documents:

a) Certificate of No Objection [D.I. 116; 3/5/10]

Objection Deadline: March 2, 2010 at 4:00 p.m.

Objections/Responses Received: None.

Status: No responses have been filed. An order under Certificate of No Objection has been filed. No hearing is necessary.

8. Application for an Order Authorizing the Employment and Retention of Ernst & Young LLP as Tax Services Providers to the Debtors Pursuant to 11 U.S.C. § 327(a) and 1107, Nunc Pro Tunc to the Petition Date [D.I. 85; 2/19/10]

Related Documents:

a) Certificate of No Objection [D.I. 117; 3/5/10]

Objection Deadline: March 2, 2010 at 4:00 p.m. [Extended for the Committee until March 5, 2010 at 12:00 p.m.]

Objections/Responses Received:

a) Informal Response of the Official Committee of Unsecured Creditors

Status: No responses have been filed. An order under Certificate of No Objection has been filed. No hearing is necessary.

9. Application for an Order (I) Authorizing the Employment and Retention of Huron Consulting Services LLC as Financial Advisors to the Debtors, Nunc Pro Tunc to the Petition Date, and (II) Designating Richard D. Caruso as the Chief Restructuring Advisor to the Debtors [D.I. 87; 2/19/10]

   Related Documents:

   a) Certification of Counsel [D.I. 118; 3/5/10]

   Objection Deadline:    March 2, 2010 at 4:00 p.m. [Extended for the Committee and the United States Trustee until March 5, 2010 at 12:00 p.m.]

   Objections/Responses Received:

   b) Informal Response from the United States Trustee

   c) Informal Response of the Official Committee of Unsecured Creditors

   Status: As a result of discussions with the UST and the Committee, the parties have reached an agreement on a form of order which has been submitted under Certification of Counsel. No hearing is necessary.

10. Application for an Order Authorizing the Employment and Retention of Mercer (US) Inc. as Compensation Consultant to the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to the Petition Date, and Granting a Waiver of Compliance with Del. Bankr. L.R. 2016-2(d) in Accordance with Del. Bankr. L.R. 2016-2(g) [D.I. 88; 2/19/10]

   Related Documents:

   a) Certification of Counsel [D.I. 120; 3/5/10]

   Objection Deadline:    March 2, 2010 at 4:00 p.m. [Extended for the Committee until March , 2010 at 12:00 p.m.]

   Objections/Responses Received:

   a) Informal Response of the Official Committee of Unsecured Creditors

   Status: As a result of discussions with the Committee, the parties have reached an agreement on a form of order which has been submitted under Certification of Counsel. No hearing is necessary.

**UNCONTESTED MATTERS GOING FORWARD**

11. Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals in the Ordinary Course of Business Pursuant to Sections 105(a), 327 and 330 of the Bankruptcy Code, Nunc Pro Tunc to the Petition Date [D.I. 84; 2/19/10]

Related Documents: None.

Objection Deadline: March 2, 2010 at 4:00 p.m. [Extended for the Committee and the United States Trustee until March 5, 2010 at 12:00 p.m.]

Objections/Responses Received:

a) Informal Response from the United States Trustee

b) Informal Response of the Official Committee of Unsecured Creditors

**Additional Pleadings:**

**c) Certification of Counsel Regarding Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals in the Ordinary Course of Business Pursuant to Sections 105(a), 327 and 330 of the Bankruptcy Code, Nunc Pro Tunc to the Petition Date [D.I. 125; 3/8/10**

**Status: An order under Certificate of Counsel has been filed. No hearing is necessary.**

12. Application for an Order Authorizing the Debtors and Debtors-in-Possession to Employ and Retain Rothschild Inc. as Financial Advisor and Investment Banker Pursuant to 11 U.S.C. § 327(a) and 328(a), Nunc Pro Tunc to the Petition Date, and Granting a Waiver of Compliance with Del. Bankr. L.R. 2016-2(d) in Accordance with Del. Bankr. L.R. 2016-2(g) [D.I. 86; 2/19/10]

Related Documents: None.

Objection Deadline: March 2, 2010 at 4:00 p.m. [Extended for the Committee and the United States Trustee until March 5, 2010 at 12:00 p.m.]

Objections/Responses Received:

a) Informal Response from the United States Trustee

b) Informal Response of the Official Committee of Unsecured Creditors

**Additional Pleadings:**

c) **Certification of Counsel Regarding Order Authorizing the Debtors and Debtors-in-Possession to Employ and Retain Rothschild Inc. as Financial Advisor and Investment Banker Pursuant to 11 U.S.C. § 327(a) and 328(a), Nunc Pro Tunc to the Petition Date, and Granting a Waiver of Compliance with Del. Bankr. L.R. 2016-2(d) in Accordance with Del. Bankr. L.R. 2016-2(g) [D.I. 126; 3/8/10**

**Status:** **An order under Certificate of Counsel has been filed. No hearing is necessary.**

**CONTESTED MATTER GOING FORWARD**

13. Motion of the Debtors for an Interim Order and a Final Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment [D.I. 5; 2/3/10]

Related Documents:

a) Interim Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment [D.I. 41; 2/4/10]

b) Notice of Entry of Interim Order and Final Hearing [D.I. 60; 2/8/10]

Objection Deadline: March 2, 2010 at 4:00 p.m.

Objections/Responses Received:

c) Objection of Certain Utility Companies to Motion of the Debtors for an Interim Order and a Final Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment [D.I. 93; 2/25/10]

d) Objection of Wisconsin Electric Power Company to the Motion of the Debtors for an Interim Order and a Final Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment [D.I. 98; 3/1/10]

    e)    Joinder of Southern California Edison Company to Objection of Certain Utility Companies to Motion of the Debtors for an Interim Order and a Final Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment [D.I. 99; 3/2/10]

Status: The Debtors are currently in discussions with the responding parties in an attempt to resolve their concerns and endeavor to present a revised form of order at or prior to the hearing. To the extent a resolution is not reached, this matter will be going forward.

14.    Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral of Prepetition Secured Parties, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), And (IV) Granting Related Relief [D.I. 13; 2/3/10]

Related Documents:

    a)    Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral of Prepetition Secured Parties, (II) Granting Adequate Protection to Prepetition Secured Entities, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), And (IV) Granting Related Relief [D.I. 38; 2/4/10]

    b)    Notice of Entry of Interim Order and Final Hearing [D.I. 61; 2/8/10]

    c)    Notice of Filing Proposed Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral of Prepetition Secured Parties, (II) Granting Adequate Protection to Prepetition Secured Entities, (III) Granting Related Relief [D.I. 96; 3/1/10]

Objection Deadline:    March 2, 2010 at 4:00 p.m. [Extended for the Committee until March 5, 2010 at 12:00 p.m.]

Objections/Responses Received:

    d)    Objection of the Official Committee of Unsecured Creditors to the Motion of the Debtors for the Entry of Interim and Final Orders (I) Authorizing the Debtor s to (A) Obtain Post-Petition Financing and (B) Utilize Cash Collateral of Prepetition Secured Entities , (II) Granting Adequate

Protection to Prepetition Secured Entities, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [D.I. 109; 3/5/10]

Status: The Debtors are currently in discussions with the Committee in an attempt to resolve their concerns and endeavor to present a revised form of order at the hearing. This matter will be going forward.

Dated: Wilmington, Delaware
March 8, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS-IN POSSESSION