**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket Nos.: 6 & 35 |

**FINAL ORDER AUTHORIZING THE DEBTORS TO HONOR
THEIR PREPETITION OBLIGATIONS TO CUSTOMERS AND TO
OTHERWISE CONTINUE PREPETITION CUSTOMER PROGRAMS
AND PRACTICES IN THE ORDINARY COURSE OF BUSINESS**

Upon consideration of the Motion[2] of the above-captioned Debtors for entry of an order pursuant to sections 105(a), 363, 1107(a) and 1108 of the Bankruptcy Code and Rule 6003 of the Bankruptcy Rules authorizing, but not directing, the Debtors to honor prepetition obligations to customers and to otherwise continue their customer programs and practices in the ordinary course of business; and upon consideration of all pleadings related thereto, including the Ostendorf Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and it appearing that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

DB02:9225584.4

069152.1001

requirements of Bankruptcy Rule 6003 have been satisfied; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED that the Debtors are authorized (but not required), in their sole discretion and in the ordinary course of their business operations, to honor and perform all of their prepetition obligations with respect to the Customer Programs, including, without limitation, all of their obligations under the Supply Agreements, the Inventory Agreements, and the Warranty Program, in accordance with the Debtors' customary practices and procedures; and it is further

ORDERED, that any payment by the Debtors pursuant to the terms of this Order shall also be subject to the provisions of any interim or final order, as applicable, with respect to the Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) to Utilize Cash Collateral of Prepetition Secured Entities, (II) Granting Adequate Protection to Prepetition Secured Entities, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B) and 4001(C), and (IV) Granting Related Relief; and it is further

ORDERED that the Debtors are authorized to continue, renew, replace, modify, implement new, and/or terminate any of the Customer Programs as the Debtors deem appropriate, in their discretion and in the ordinary course of their business operations, without further application to the Court; and it is further

ORDERED that notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is intended to constitute, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtors may have to

2

DB02:9225584.4

069152.1001

dispute such obligation, or the assumption or adoption of any contract, agreement, or lease under 11 U.S.C. § 365; and it is further

ORDERED that the Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       March 8, 2010

_____
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

DB02:9225584.4                                                                                              069152.1001