# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket Nos.: 10 & 34 |

### FINAL ORDER AUTHORIZING THE DEBTORS TO (I) PAY INSTALLMENTS UNDER PREPETITION INSURANCE PREMIUM FINANCE AGREEMENTS, (II) CONTINUE PREPETITION INSURANCE POLICIES, AND (III) PAY ALL PREPETITION OBLIGATIONS IN RESPECT THEREOF

Upon the Motion[2] of the above-captioned Debtors for entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code authorizing the Debtors to (i) pay, in the Debtors' discretion, all post-petition installment payments under their prepetition insurance Premium Finance Agreements as they come due, (ii) continue their prepetition insurance policies and practices, and (iii) pay all prepetition obligations in respect thereof; and upon consideration of the Motion and all pleadings related thereto, including the Ostendorf Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and it appearing that the requirements of Bankruptcy Rule 6003 have been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

satisfied; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtors are authorized, in their discretion, to honor the terms of their Policies and Premium Finance Agreements; and it is further

ORDERED, that the Debtors are authorized, in their discretion, to make any prepetition premium payments as necessary and to perform any other prepetition obligations that may be necessary to maintain the Policies; and it is further

ORDERED, that any payment by the Debtors pursuant to the terms of this Order shall also be subject to the provisions of any interim or final order, as applicable, with respect to the Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) to Utilize Cash Collateral of Prepetition Secured Entities, (II) Granting Adequate Protection to Prepetition Secured Entities, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B) and 4001(C), and (IV) Granting Related Relief; and it is further

ORDERED, that nothing in the Motion or this Order, or the Debtors' payment of premium installment payments pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors' banks and financial institutions are authorized to process and honor all checks and transfers issued for payments approved by this Order and/or

reissue checks for any payments approved by this Order where checks may be dishonored postpetition; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
  March 8, 2010

                                             *[signature]*
                                             MARY F. WALRATH
                                             UNITED STATES BANKRUPTCY JUDGE