# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 83 |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS PURSUANT TO 11 U.S.C. §§ 105(a) AND 331

Upon the Motion[2] of the above-captioned Debtors for entry of an order pursuant to sections 105(a) and 331 of the Bankruptcy Code establishing (i) procedures for interim compensation for services rendered and reimbursement of expenses incurred by the Professionals and (ii) expense reimbursement procedures for the Committee Members; and upon consideration of the Motion and all pleadings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Motion.

DB02:9280727.2   069152.1001

ORDERED that, except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in these cases may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

(a) No earlier than the 10th day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (the "Monthly Fee Application") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on each of the following parties (collectively, the "Notice Parties") by first class mail: (i) counsel to the Debtors: Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, attn: Kerriann S. Mills; and Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, PO Box 391, Wilmington, Delaware 19899-0391, attn: Morgan Seward; (ii) counsel to the ad hoc committee of holders of 9.5% secured notes: Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, attn: Lori E. Kata; (iii) counsel to the prepetition revolving lenders: Goldberg Kohn Ltd., 55 East Monroe St., Chicago, IL 60603, attn: Ronald Barliant; (iv) counsel to the Committee: Greenberg & Traurig, 1007 N. Orange St., Wilmington, Delaware 19801, attn: Don Detweiler; and (v) counsel to the U.S. Trustee. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The first Monthly Fee Application submitted by each Professional shall be filed no earlier than March 10, 2010 and shall cover the period from the Petition Date through and including February 28, 2010.

(b) Each Notice Party will have ten (10) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, at which time the Debtors will be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "Maximum Interim Payment"). If an objection is properly filed pursuant to subparagraph (c) below, the Debtors shall be authorized to pay to such Professional 80% of the fees and 100% of the expenses that are not subject to the objection (the "Actual Interim Payment").

(c) If any Notice Party objects to the payment of any fees or expenses requested in any Monthly Fee Application submitted by a Professional it must, on or before the expiration of the applicable Objection Deadline, file

with the Court and serve on such Professional and all other Notice Parties a written objection (the "Objection") so as to be received by the Notice Parties on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of the fees and/or expenses subject to such Objection and the basis therefor. Thereafter, the objecting Notice Party and the applicable Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within twenty (20) days after service of the Objection, the Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(d) Beginning with the approximate three month period from the Petition Date and ending on April 30, 2010 and no earlier than the 30th day of every third month thereafter, each Professional shall file with the Court and serve on the Notice Parties a request (a "Quarterly Fee Application Request"), pursuant to Section 331 of the Bankruptcy Code, for interim Court approval and allowance of compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications, including the 20% portion of fees withheld under each Monthly Fee Application, filed during the preceding quarterly period (the "Interim Fee Period"). The Quarterly Fee Application Request will include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the local rules. Each Quarterly Fee Application Request shall be filed with the Court and served on the Notice Parties by no later than 45 days after the end of the applicable Interim Fee Period (the "Interim Fee Application Deadline"). The first Interim Fee Application Deadline shall be June 15, 2010, and the first Quarterly Fee Application Request shall cover the Interim Fee Period from the Petition Date through and including April 30, 2010. Any Professional who fails to file a Quarterly Fee Application Request when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until the applicable Quarterly Fee Application Request has been submitted.

(e) The Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every four (4) months or at such other intervals as the Court deems appropriate.

(f) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

3

    (g)    All fees and expenses paid to Professionals in accordance with the Compensation Procedures shall be subject to disgorgement until final allowance thereof by the Court.

and it is further

ORDERED, that each Committee Member shall be permitted to submit statements of expenses (excluding any attorneys' fees and expenses) and supporting vouchers to counsel to the Committee, who will collect and submit such requests for reimbursement in accordance with the Compensation Procedures as if such Committee Member were a Professional; and it is further

ORDERED, that service of the Monthly Fee Applications, the Interim Fee Applications, the final fee applications and the Hearing Notices shall be limited as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, the Interim Fee Applications, the final fee applications, and the Hearing Notices, and (ii) any parties-in-interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Interim Fee Applications and the Hearing Notices; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       March 8, 2010

                                            MARY F. WALRATH
                                            UNITED STATES BANKRUPTCY JUDGE

DB02:9280727.2　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　069152.1001