# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | **Ref. Docket Nos: 5 & 41** |

## FINAL ORDER PURSUANT TO SECTIONS 105(a) AND 366(b) OF THE BANKRUPTCY CODE (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon the Motion[2] of the above-captioned Debtors for entry of (i) an Interim Order and (ii) a Final Order (a) prohibiting Utility Providers from altering, refusing, or discontinuing services to the Debtors, except as set forth herein; (b) deeming the Utility Providers adequately assured of future performance; and (c) establishing procedures for resolving requests for additional adequate assurance of future payment and authorizing the Debtors to provide adequate assurance of future payment to the Utility Providers; and upon consideration of the Motion and all pleadings related thereto, including the Ostendorf Affidavit; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and an Interim Order on this matter having been entered on February 5, 2010 [D.I. 41]; and after due deliberation thereon, and good and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted on a final basis; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their prepetition practices, all undisputed invoices for postpetition Utility Services provided by the Utility Providers to the Debtors; and it is further

ORDERED, that any payment by the Debtors pursuant to the terms of this Order shall also be subject to the provisions of any interim or final order, as applicable, with respect to the Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) to Utilize Cash Collateral of Prepetition Secured Entities, (II) Granting Adequate Protection to Prepetition Secured Entities, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B) and 4001(C), and (IV) Granting Related Relief; and it is further

ORDERED, that the Debtors shall maintain the Adequate Assurance Account, as provided in the Interim Order, for the purpose of providing each Utility Provider adequate assurance of payment of its postpetition Utility Services to the Debtors. The Adequate Assurance Account shall be maintained with a minimum balance equal to fifty percent (50%) of the Debtors' estimated average monthly cost of Utility Services, which may be adjusted by the Debtors to account for: (i) the termination of Utility Services by the Debtors regardless of any Additional Assurance Requests, (ii) agreements with Utility Providers, and (iii) to remove from the monthly spending figure cited in paragraph 11 of the Motion, any amount spent on Utility

Services from Utility Providers that hold post-petition deposits or other security from the Debtors for such Utility Services; and it is further

ORDERED, that, except in accordance with the procedures set forth herein and absent further order from this Court, all Utility Providers are (i) prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges; and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors shall serve a copy of the Motion and this Order on each Utility Provider within three (3) business days after entry of this Order by the Court; and it is further

ORDERED, that if a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtors, the Utility Provider shall serve a request for additional adequate assurance (the "Additional Assurance Request") so that it is received by the Debtors at the following addresses: (i) Neenah Enterprises Incorporated, 2121 Brooks Avenue, Neenah, Wisconsin 54956, Attn: Robert J. Gitter, (ii) Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, Attn: Kerriann S. Mills, and (iii) Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, Attn: Morgan Seward; and it is further

ORDERED, that any Additional Assurance Request shall (i) be in writing; (ii) set forth the location(s) for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and

(iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and it is further

ORDERED, that, without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request, if the Debtors, in their discretion, determine that the Additional Assurance Request is reasonable; and it is further

ORDERED, that, if the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider, the Debtors will request a hearing before this Court within a reasonable time after receipt of the Additional Assurance Request to determine the adequacy of assurances of payment with respect to a particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code, without prejudice to the right of any Utility Provider to seek relief separately under section 366(c)(3) of the Bankruptcy Code (any hearing requested by the Debtors or a Utility Provider, the "<u>Determination Hearing</u>"); and it is further

ORDERED, that, pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider is prohibited from altering, refusing, or discontinuing services to, or discriminating against, the Debtors solely on the basis of the commencement of these chapter 11 cases or any unpaid prepetition charges; and it is further

ORDERED, that the Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Provider that fails to make an Additional Assurance Request; and it is further

ORDERED, that the Objection of Certain Utility Companies to Motion of the Debtors for an Interim Order and a Final Order Pursuant to Sections 105(a) and 366 of the

Bankruptcy Code (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment [D.I. 93] (the "Certain Utility Objection") and Joinder of Southern California Edison Company to Objection of Certain Utility Companies to Motion of the Debtors for an Interim Order and a Final Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment [D.I. 99] (the "SCE Joinder") have been resolved pursuant to a separate agreement with the Debtors and, accordingly, neither the Interim Order nor this Order shall apply to the objecting parties in the Certain Utility Objection and SCE Joinder; and it is further

ORDERED, that the Objection of Wisconsin Electric Power Company to the Motion of Debtors for an Interim Order and Final Order Pursuant to Section 105(a) and 366 of the Bankruptcy Code, (I) Prohibiting Utilities From Altering, Refusing or Discontinuing Utility Services; (II) Deeming Utility Providers Adequately Assured of Future Performance; and (III) Establishing Procedures for Determining Adequate Assurance of Payment [D.I. 98] has been resolved pursuant to a separate agreement with the Debtors and, accordingly, neither the Interim Order nor this Order shall apply to Wisconsin Power Electric Company d/b/a WE Energies; and it is further

ORDERED, that nothing in this Final Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Final Order.

Dated: Wilmington, Delaware
March 9, 2010

_____
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE