IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------X
In re:                                              Chapter 11

NEENAH ENTERPRISES, INC., et al.                    Case No. 10-10360 (MFW)

                                                    (Jointly Administered)
                    Debtors.
--------------------------------------------------------X Objection Period: March 22, 2010 at 4:00 pm (ET)

**FIRST MONTHLY APPLICATION OF HURON CONSULTING SERVICES LLC
AS FINANCIAL ADVISORS TO THE DEBTORS FOR ALLOWANCE OF INTERIM
COMPENSATION AND FOR INTERIM REIMBURSMENT OF ALL ACTUAL AND
NECESSARY EXPENSES INCURRED FOR THE PERIOD
FEBRUARY 3, 2010 THROUGH FEBRUARY 28, 2010**

| | |
|---|---|
| Name of Application: | HURON CONSULTING GROUP |
| Authorized to Provide Professional Services to: | Neenah Enterprises, Inc., et al. |
| Date of Retention: | March 8, 2010 nunc pro tunc to February 3, 2010 |
| Period for which Compensation and Reimbursement is sought: | February 3, 2010 Through February 28, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | $288,870.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $11,678.99 |

This is a _x_ monthly     ___ final application

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

- 1 -

## COMPENSATION BY PROFESSIONAL

NEENAH ENTERPRISES, INC., et al
(Case No. 10-10360 (MFW))

February 3, 2010 through February 28, 2010

| Professional | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Richard D. Caruso | Managing Director | 91.7 hrs | $675.0 / hr | 61,897.50 |
| Brent Johnson | Director | 192.6 hrs | $575.0 / hr | 110,745.00 |
| Elaine Lane | Director | 0.9 hrs | $575.0 / hr | 517.50 |
| Nick Zaccagnini | Manager | 13.8 hrs | $375.0 / hr | 5,175.00 |
| Brett Anderson | Manager | 185.0 hrs | $375.0 / hr | 69,375.00 |
| Omer Ozgozukara | Manager | 185.0 hrs | $375.0 / hr | 69,375.00 |
| Total Professional Charges | | 669.0 | | $317,085.00 |
| | | | Less: Travel Time Discount (50%): | ($28,215.00) |
| | | | **Total February Fees:** | **$288,870.00** |
| | | | Blended Hourly Rate: | $431.79 |

## COMPENSATION BY PROJECT CATEGORY

NEENAH ENTERPRISES, INC., et al
(Case No. 10-10360 (MFW))

February 3, 2010 through February 28, 2010

| Activity Code | Activity Code Description | Hours | Fees |
|---|---|---|---|
| 1 | Meeting / teleconference with Debtor Management, Board, or Counsel | 79.1 | 42,172.50 |
| 2 | Meeting / teleconference with Bank Group, Counsel or Advisors | 3.5 | 2,192.50 |
| 3 | Meeting / teleconference with Statutory Committees, Counsels or Advisors | 3.4 | 1,775.00 |
| 4 | Court Hearings/Preparation | 0.8 | 460.00 |
| 5 | Case Reporting: UST Rpts, Statements, & Schedules | 67.0 | 30,895.00 |
| 6 | Retention and Fee Applications | 31.0 | 15,265.00 |
| 7 | Disclosure Statement / Plan of Reorganization | 38.0 | 16,570.00 |
| 8 | Business Plan & Analysis of Operations | 11.2 | 5,360.00 |
| 9 | Cash Flow Analysis and Reporting | 43.8 | 24,625.00 |
| 10 | DIP Financing, Exit Financing, Cash Collateral, Bank Issues | 41.0 | 22,345.00 |
| 15 | Avoidance Action / Reclamation Analysis | 6.9 | 2,857.50 |
| 20 | Accounts Payable / Vendor Issues | 224.0 | 91,710.00 |
| 23 | Lease Issues | 0.4 | 270.00 |
| 24 | Case Administration | 7.3 | 4,157.50 |
| 26 | Travel Time | 111.6 | 56,430.00 |
| | **Totals:** | **669.0** | **$317,085.00** |
| | Less: Travel Time Discount (50%): | | ($28,215.00) |
| | **Total February Fees:** | | **$288,870.00** |


- 4 -

## EXPENSE SUMMARY

NEENAH ENTERPRISES, INC., et al
(Case No. 10-10360 (MFW))

February 3, 2010 through February 28, 2010

| Cost Type | Amount |
|---|---|
| Airfare | 2,648.99 |
| Ground Transportation | 25.00 |
| Hotel/Lodging | 4,894.90 |
| Meals | 1,592.10 |
| Mileage | 1,461.00 |
| Parking & Tolls | 262.50 |
| Rental Car | 794.50 |
| **Total Expenses** | **$11,678.99** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
In re:                                              Chapter 11

NEENAH ENTERPRISES, INC., et al.,[1]                 Case No. 10-10360 (MFW)

                                                    (Jointly Administered)
                      Debtors.
------------------------------------------------------X

**FIRST MONTHLY APPLICATION OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISORS TO THE DEBTORS FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD FEBRUARY 3, 2010 THROUGH FEBRUARY 28, 2010**

Huron Consulting Services LLC ("Huron Consulting Group" or "Huron"), financial advisors to the Debtors in these chapter 11 cases *nunc pro tunc* to the Petition Date (as defined below), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Huron to the Debtors for the period February 3, 2010 through February 28, 2010 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred by Huron during the Compensation Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. § 105 (a) and 331, Fed. R. Bankr. P. 2016 and Del. Banker. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals (the "Interim Compensation Procedures Order")[2]. In support of this Application, Huron represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(a) and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

## BACKGROUND

2. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors also jointly filed motions or applications seeking certain typical "first day" relief. On February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 2015(b).

3. The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

4.      On February 17, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

### HURON'S RETENTION

5.      The Debtors selected Huron to serve as their financial advisors. On March 8, 2010, this Court entered the Order Pursuant to 11 U.S.C. Sections 327 (a) and 1107 (b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing the Employment and Retention of Huron Consulting Services LLC as Financial Advisors to the Debtors, *Nunc Pro Tunc to February 3, 2010*.

### FEE PROCEDURES ORDER

6.      On March 8, 2010, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court no earlier than the tenth day of each month following the month for which compensation is sought. Provided that no objections to such Monthly Fee Application are filed within the ten day Objection Deadline, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If an objection to a portion of the Monthly Fee Application is filed and not resolved, the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses that are not subject to the objection.

### RELIEF REQUESTED

8.      Huron submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered

as financial advisors for the Debtors in these cases for the period from February 3, 2010 through February 28, 2010, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

9. During the period covered by this Application, Huron incurred fees in the amount of $317,085.00 before reduction. In accordance with Local Rules regarding travel time being charged at 50%, net fees for the Compensation Period, after a reduction of $28,215.00 for travel time, are $288,870.00. For the same period, Huron incurred actual, reasonable and necessary expenses totaling $11,678.99. With respect to these amounts, as of the date of this Application, Huron has received no payments.

10. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

11. During the Application Period, Huron professionals billed time incurred in service to the Debtors to distinct service categories. Below is a summary of the activities performed by Huron professionals during the Compensation Period, organized by project category code:

**Task Code 1 – Meeting/Teleconference with Debtor Management, Board, or Counsel**

Huron prepared for and participated in meetings and discussions with Debtor management, key personnel and Counsel related to pre-petition liability segregation, post-filing payment processes and controls, critical vendor management and analysis, and DIP financing and reporting compliance matters. Additional time was spent planning and discussing the timing and execution responsibilities of certain matters regarding Court and U.S. Trustee reporting compliance requirements. In addition, Huron attended Board meetings and had discussions with Debtor management and Counsel regarding the potential treatment of executory contracts, the Debtors' business plan and forecast, customer relations and the

information sharing process with the Committee.

Huron devoted <u>79.10</u> hours to performing these services during the Compensation Period, which resulted in fees of <u>$42,172.50</u> and a blended rate of <u>$533.</u>

**Task Code 2 – Meeting / teleconference with Bank Group, Counsel or Advisors**

During the Compensation Period, Huron participated in discussions with the DIP lenders and their advisors regarding the DIP Budget, cash flow forecasts and updates on business operations.

Huron devoted <u>3.50</u> hours to performing these services during the Compensation Period, which resulted in fees of <u>$2,192.50</u> and a blended rate of <u>$626.</u>

**Task Code 3 – Meeting / teleconference with Statutory Committees, Counsels or Advisors**

During the Compensation Period, Huron participated in discussions with the Committee's financial advisors regarding initial data requests, the information sharing process and general case status updates.

Huron devoted <u>3.40</u> hours to performing these services during the Compensation Period, which resulted in fees of <u>$1,775.00</u> and a blended rate of <u>$522.</u>

**Task Code 4 – Court Hearings / Preparation**

During the Compensation Period, and at the request of Counsel, Huron prepared analyses in support of the first day hearing.

Huron devoted <u>0.80</u> hours to performing these services during the Compensation Period, which resulted in fees of <u>$460.00</u> and a blended rate of <u>$575.</u>

**Task Code 5 – Case Reporting: UST Reports, Statements & Schedules**

Huron devoted time during the Compensation Period to satisfying the U.S. Trustee reporting requirements and preparing the initial monthly operating report. Additional time was spent preparing a case reporting calendar of the key events and deadlines throughout the case, which was shared with all of the Debtors' professionals to aid in ensuring no duplication of

efforts. Huron also spent time gathering information from Debtor management in connection with compiling the required Schedules and Statements of Financial Affairs.

Huron devoted <u>67.00</u> hours to performing these services during the Compensation Period, which resulted in fees of <u>$30,895.00</u> and a blended rate of <u>$461.</u>

**Task Code 6 – Retention and Fee Applications**

As the Debtors' financial advisors, Huron is required to adhere to the requirements of the Bankruptcy Code and related rules, and the U.S. Trustee guidelines with respect to the retention of professionals in bankruptcy cases. These requirements include preparing and reviewing a retention application / motion and related draft order, and a declaration. In addition, Huron spent time consulting with Counsel regarding specific requirements of the U.S. Trustee. Huron also spent time during the Compensation Period preparing and reviewing Huron's First Monthly Fee Application and the related exhibits.

Huron devoted <u>31.00</u> hours to performing these services during the Compensation Period, which resulted in fees of <u>$15,265.00</u> and a blended rate of <u>$492.</u>

**Task Code 7 – Disclosure Statement/Plan of Reorganization**

Huron spent time during the Compensation Period preparing a liquidation analysis to be utilized in the Disclosure Statement. Huron started to gather and review the necessary information from Debtor management to create the liquidation analysis. As part of the liquidation analysis process, Huron also drafted its process methodology, prepared schedules detailing the book values for various asset categories, analyzed accounts receivable aging schedules received from each plant and reviewed plant specific trial balances and intercompany receivables and payables.

Huron devoted <u>38.00</u> hours to performing these services during the Compensation Period, which resulted in fees of <u>$16,570.00</u> and a blended rate of <u>$436.</u>

**Task Code 8 – Business Plan & Analysis of Operations**

During the Compensation Period, Huron devoted time to updating a summary schedule reflecting the timing required for the Debtors 5-year business plan in order to meet Disclosure Statement filing requirements and deadlines. Additional time was spent analyzing a revised business plan and researching the North American casting capacity of the Debtors and their competitors. Huron also spent time discussing a business operations review project for one of the Debtors' plants, as requested by Debtor management.

Huron devoted 11.20 hours to performing these services during the Compensation Period, which resulted in fees of $5,360.00 and a blended rate of $479.

**Task Code 9 – Cash Flow Analysis and Reporting**

During the Compensation Period, Huron spent time preparing weekly updates to the DIP Budget model and building a permitted variance test analysis within the DIP budget model in order to prepare for certain covenant tests and reporting requirements of the DIP loan agreements. Additional time was spent creating and reviewing weekly DIP Budget variance reports on the Debtors' cash flow performance versus the approved DIP Budget. Huron delivered the DIP Budget variance reports to the required parties on a weekly basis and devoted time to discussing the reports and responding to questions.

Huron devoted 43.80 hours to performing these services during the Compensation Period, which resulted in fees of $24,625.00 and a blended rate of $562.

**Task Code 10 – DIP Financing, Exit Financing, Cash Collateral, Bank Issues**

During the Compensation Period, Huron worked with the Debtors, their lenders and Counsel to close the DIP Term Loan and DIP Revolving Loan, including completing the funds flow memorandum, assisting with completing the exhibits and schedules and finalizing the covenant provisions. Huron also spent time reviewing the final DIP Term Loan and DIP

Revolving Loan agreements and assisting the Debtors in setting up covenant compliance procedures and reporting requirements.

Huron devoted 41.00 hours to performing these services during the Compensation Period, which resulted in fees of $22,345.00 and a blended rate of $545.

**Task Code 15 – Avoidance Action / Reclamation Analysis**

During the Compensation Period, Huron spent time reviewing, analyzing and reconciling certain reclamation claims filed by the Debtors' vendors. Huron created a reclamation claims tracking spreadsheet and worked with Debtor management and Counsel to address the various reclamation claims. Additional time was spent maintaining and populating the reclamation claims tracking spreadsheet.

Huron devoted 6.90 hours to performing these services during the Compensation Period, which resulted in fees of $2,857.50 and a blended rate of $414.

**Task Code 20 – Accounts Payable/Vendor Issues**

During the Compensation Period, Huron spent time working with Counsel, Debtor management, and the Debtors' Purchasing and Accounts Payable Departments regarding the post-filing payment process instructions and implementation. Huron assisted the Debtors in analyzing outstanding checks and determining authorized payments, as required by the Debtors' bank group. Huron also spent time formulating a process to track post-petition spending against restrictive caps contained in various Court orders. This involved creating accounts payable tracking scorecards for each of the Debtors' plants to track vendor payments versus the various Court-approved spending cap amounts. Huron spent time updating and analyzing the accounts payable tracking scorecards throughout the Compensation Period. Additional time was spent assisting the Debtors in communicating with vendors. Huron helped the Debtors assess their vendor population and determine an appropriate list of critical vendors. Huron also assisted the Debtors in analyzing 503(b)(9) claims and addressing various payment inquiries.

Furthermore, Huron spent time reviewing, analyzing and responding to various information requests from the Committee's financial advisors.

Huron devoted 224.00 hours to performing these services during the Compensation Period, which resulted in fees of $91,710.00 and a blended rate of $409.

**Task Code 23 – Lease Issues**

Huron devoted time during the Compensation Period reviewing certain issues surrounding the Debtors' equipment leases and discussing potential lease rejections with Debtor management.

Huron devoted 0.40 hours to performing these services during the Compensation Period, which resulted in fees of $270.00 and a blended rate of $675.

**Task Code 24 – Case Administration**

During the Compensation Period, Huron devoted time to developing a work plan, discussing case status and performing other necessary matters related to engagement documentation, setup, and administration.

Huron devoted 7.30 hours to performing these services during the Compensation Period, which resulted in fees of $4,157.50 and a blended rate of $570.

**Task Code 26 – Travel Time**

Whenever possible, Huron encourages its professionals to use travel time productively by reading documents, continuing analyses, etc. while in transit. However, with the increased use of smaller aircraft to service more cities, it is increasingly difficult to work on confidential material during travel time. In addition, several of the traveling members of our engagement team drive to and from their homes and the client site, which clearly eliminates any ability to work and travel simultaneously. In compliance with the Local Rules, Huron has reduced its request for compensation for non-working travel by 50% of the amount incurred. Huron

devoted 111.6 hours, which resulted in fees of $56,430.00, in regards to non-working travel time and this application reflects a reduction of $28,215.00 as required by the Local Rules.

Huron devoted 111.60 hours to performing these services during the Compensation Period, which resulted in fees of $28,215.00 and a blended rate of $253.

12. Exhibit A attached hereto contains logs, sorted by project category task code, which details the time recorded by Huron's professionals and descriptions of the services provided.

13. Exhibit B attached hereto contains a breakdown of disbursements incurred by Huron during the Compensation period for which Huron seeks reimbursement in this application.

14. Exhibit C attached hereto contains the invoice for services rendered for the Compensation Period.

15. Huron has endeavored to represent the Debtors in the most expeditious and economical manner possible. Huron ensured that all tasks were assigned so that work was performed by those professionals at Huron most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter.

16. No agreement or understanding exists between Huron and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

- 11 -

**WHEREFORE**, Huron respectfully requests that this Court: (a) allow Huron (i) interim compensation in the amount of $288,870.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period February 3, 2010 through February 28, 2010, and (ii) interim reimbursement in the amount of $11,678.99 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Huron the amount of $231,096.00 which is equal to 80% of Huron's allowed interim compensation of $288,870.00 and 100% of Huron's allowed expense reimbursement of $11,678.99, for a total amount of $242,774.99; and (c) grant such other and further relief as is just.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: March 11, 2010  
New York, New York

HURON CONSULTING GROUP

*[signature]*

Richard D. Caruso  
Managing Director  
Huron Consulting Group  
1120 Avenue of the Americas, 8th Floor  
New York, NY 10036-6700

Telephone: (412) 298-8675  
Facsimile: (212) 785-1313

Financial Advisors for  
NEENAH ENTERPRISES, INC., et al