IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br><br>Objection Deadline: March 31, 2010 at 4:00 pm<br>Hearing Date: April 7, 2010 at 11:30 a.m. |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GREENBERG TAURIG, LLP AS COUNSEL TO THE COMMITTEE, *NUNC PRO TUNC* TO FEBRUARY 12, 2010**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of Neenah Enterprises, Inc., and its affiliated debtors (collectively, the "**Debtors**") submits this application for entry of an Order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of the law firm of Greenberg Traurig, LLP ("**Greenberg Traurig**"), as counsel to the Committee, *nunc pro tunc* to February 12, 2010. The facts and circumstances supporting this application (the "**Application**") are as set forth herein and in the Affidavit of Donald J. Detweiler (the "**Detweiler Affidavit**"), which is annexed hereto

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. ("Neenah Foundry")(7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

as **Exhibit A** and incorporated herein by reference. In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

3. On February 3, 2010 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court has ordered joint administration of these chapter 11 cases (the "**Cases**").

4. On February 12, 2010 (the "**Formation Meeting**"), the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. At the Formation Meeting, the Committee selected Greenberg Traurig as its counsel, and on February 23, 2010, the Committee selected MorrisAnderson & Associates, Ltd. as its financial advisors. The Committee consists of the following five members:

    (a)    Gerdau Ameristeel;

    (b)    Wisconsin Electric Power Company;

    (c)    The Timken Co.;

    (d)    Sadoff & Rudoy Industries, LLP; and

(e) Dana Holding Corporation.

## RELIEF REQUESTED

5. By this Application, the Committee respectfully requests that this Court enter an Order authorizing the Committee to employ and retain Greenberg Traurig as counsel to the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, *nunc pro tunc* to February 12, 2010.

6. The Committee selected Greenberg Traurig because of its substantial experience appearing before courts in this District and its substantial experience representing committees and creditors in complex bankruptcy cases. The Committee has further determined that Greenberg Traurig has the requisite resources and experience necessary to represent it as counsel in these Cases.

## SCOPE OF EMPLOYMENT

7. The professional services that the Committee expects that Greenberg Traurig will be called upon to render include, but shall not be limited to, the following:

    (a) provide legal advice with respect to the Committee's rights, powers and duties in these Cases;

    (b) prepare all necessary applications, answers, responses, objections, orders, reports and other legal papers;

    (c) represent the Committee in any and all matters arising in these Cases including any disputes or issues with the Debtors, alleged secured creditors and other third parties;

    (d) assist the Committee in its investigation and analysis of the Debtors, including but not limited to, the review and analysis of all pleadings, claims and/or plans of reorganization that may be filed in these Cases and any negotiations or litigation that may arise out of or in connection with such matters, operations and financial affairs;

    (e) represent the Committee in all aspects of confirmation proceedings; and

(f) perform all other legal services for the Committee that may be necessary or desirable in these proceedings.

8. Subject to the Court's approval of this Application, Greenberg Traurig has indicated that it is willing to serve as the Committee's counsel in these Cases and to perform the services described above.

**GREENBERG TRAURIG DOES NOT HOLD
OR REPRESENT ANY ADVERSE INTEREST**

9. As set forth in greater detail in the Detweiler Affidavit, Greenberg Traurig has completed a conflicts check including the following names: (a) those provided to the Committee by Debtors' counsel, Young Conaway Stargatt & Taylor LLP, on February 15, 2010; (b) the members of the Committee; (c) other miscellaneous parties; and (d) certain parties-in-interest in these Cases, including those parties filing a Notice of Appearance (as of March 1, 2010) (collectively, the "**Potentially Interested Parties**"). A list of the Potentially Interested Parties is attached to the Detweiler Affidavit as **Exhibit 1**. Greenberg Traurig compared the names of the Potentially Interested Parties against a list of Greenberg Traurig's current and former engagements, clients and adverse parties (the "**Client Database**").

10. This inquiry revealed that certain of the Potentially Interested Parties are current or former Greenberg Traurig clients (the list of such clients is attached to the Detweiler Affidavit as **Exhibit 2,** and is referred to herein as the "**Client Match List**"). Through the information generated from the above-mentioned computer inquiry, and to the extent necessary, through follow-up inquiries with Greenberg Traurig attorneys responsible for certain clients listed on the Client Match List, except as disclosed herein, Greenberg Traurig determined that the representation of those clients on the Client Match List concerned matters unrelated to the Debtors or these Cases.

11. To the best of the Committee's knowledge, based upon the Detweiler Affidavit and except as set forth herein, Greenberg Traurig (a) does not hold or represent any interest adverse to the Debtors or their chapter 11 estates, their creditors, or any other party-in-interest and (b) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.[2] Because Greenberg Traurig is a large firm with an international practice, the Committee is aware that Greenberg Traurig may represent, or may have represented, certain creditors of the Debtors' estates or other parties-in-interest in matters unrelated to the Debtors or these Cases, which are disclosed in the Detweiler Affidavit.

12. Through a firm wide e-mail, Greenberg Traurig also solicited information from its attorneys to determine if any attorneys employed by Greenberg Traurig are related to the Honorable Mary F. Walrath, the Bankruptcy Judge presiding over these Cases, the United States Trustee for Region 3, or any person employed in the Wilmington Office of the United States Trustee. Greenberg Traurig further solicited information from its attorneys to determine if any attorneys employed by Greenberg Traurig (i) are investors in any of the Debtors or (ii) were, within two years of the Petition Date, a director, officer, or employee of any of the Debtors. No such connections have yet been discovered. In the event that any information in this regard is received, Greenberg Traurig will supplement the Detweiler Affidavit to the extent necessary.

13. In addition, Greenberg Traurig has disclosed the following to the Committee:

A. Sandra G. M. Selzer, one of the attorneys representing the Committee in these cases, worked in the Wilmington office of Pachulski Stang Ziehl Young Jones & Weintraub ("**Pachulski**") from September of 2003 until November of 2006 when she joined

---

[2] Section 1103(b) of the Bankruptcy Code provides that proposed counsel to an official committee of unsecured creditors may not represent any other entity having an adverse interest in connection with the case. Greenberg Traurig has made this disclosure with respect to disinterestedness out of an abundance of caution and to the extent required by section 328(c) of the Bankruptcy Code.

Greenberg Traurig. During the period that Ms. Selzer was employed by Pachulski, Pachulski represented certain of the Debtors[3] (the "**2003 Debtors**") in their first chapter 11 filing, *In re ACP Holding Company et al.*, Cases No. 03-12414 (MFW) (the "**2003 Cases**"). The 2003 Cases were confirmed on September 25, 2003 and a Final Decree was entered on December 22, 2003. Ms. Selzer did not represent the 2003 Debtors or work on the 2003 Cases.

B.    Greenberg Traurig represents a party in a superfund allocation case pending in the Eastern District of Wisconsin entitled *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 2:08-cv-16-WCG, in which one of the Debtors, Neenah Foundry Company ("**Neenah Foundry**"), is a defendant. Neenah Foundry has resolved its liability to the United States and the State of Wisconsin by consent decree in *United States v. George A. Whiting Paper Co.*, No. 1:09-cv-692-WCG (E.D. Wis.) (the Consent Decree was entered Dec. 16, 2009), *appeal pending*, Dkt. No. 10-1367 (7th Cir. filed Feb. 12, 2010).

## COMPENSATION

14.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See* 11 U.S.C. § 328(a). Greenberg Traurig intends to apply for compensation for professional services rendered in connection with these Cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Greenberg Traurig. Greenberg Traurig has advised the Committee that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Committee are:

---

[3] The entities that are Debtors in these Cases, but which were not debtors in the 2003 Cases (as defined herein) are Morgan's Welding, Inc. and Neenah Enterprises, Inc.

| Professional | Rate Per Hour |
|---|---|
| Scott D. Cousins | $710 |
| Donald J. Detweiler | $665 |
| Sandra G.M. Selzer | $495 |
| T. Max Riffin | $285 |
| Elizabeth C. Thomas | $220 |

Other attorneys and paralegals will render services to the Committee as needed. Generally, Greenberg Traurig's hourly rates are in the following ranges:

| Professional | Rate Per Hour |
|---|---|
| Shareholders | $335 to $1,050 |
| Of Counsel | $325 to $900 |
| Associates | $200 to $575 |
| Paralegals | $65 to $310 |

The Committee understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

15. The hourly rates set forth above are Greenberg Traurig's current hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Greenberg Traurig for its work and to cover fixed and routine overhead expenses. It is Greenberg Traurig's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Greenberg Traurig will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to Greenberg Traurig's clients and the expense billing guidelines of the Office of the United States Trustee for Region 3. Greenberg Traurig believes that these expenses should fairly be charged to the clients incurring them rather than to increase the hourly rates and spread

7

the expenses among all clients. In addition, Greenberg Traurig intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of the Application, and related documents, as well as any monthly fee statements or interim or final fee applications.

16. Other than as set forth herein, there is no proposed arrangement to compensate Greenberg Traurig. Greenberg Traurig has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the shareholders, counsel and associates of Greenberg Traurig, or (b) any compensation another person or party has received or may receive.

### REQUEST FOR APPROVAL OF RETENTION OF GREENBERG TRAURIG *NUNC PRO TUNC* TO FEBRUARY 12, 2010

17. The Committee requests that the approval of Greenberg Traurig's retention be approved *nunc pro tunc* to February 12, 2010. Due to the size and complex nature of these Cases as well as the significant relief sought by the Debtors during the early stages of these Cases, there was an immediate need for Greenberg Traurig to perform services for the Committee. The Committee has sought authorization to retain Greenberg Traurig as soon as reasonably practicable. The Committee submits that these circumstances warrant such approval. *See, e.g., F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989).

### NOTICE AND NO PRIOR APPLICATION

18. No prior Application for the relief sought in this Application has been made in this or any other court. No trustee or examiner has been appointed in these Cases. Notice of this Application has been given to the Office of United States Trustee, counsel to the Debtors, and

parties that have requested service pursuant to Fed. R. Bankr. P. 2002 in these cases. The Committee submits that, given the nature of the relief requested, no further notice is necessary.

### CONCLUSION

WHEREFORE, based upon the foregoing, the Committee respectfully requests that the Court enter an order substantially in the form annexed hereto (a) granting this Application, (b) authorizing the Committee to retain and employ Greenberg Traurig as its counsel in these Cases, *nunc pro tunc* to February 12, 2010, and (c) granting such other and further relief as this Court may deem just and proper.

Date: March 11, 2010

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEENAH ENTERPRISES, INC. ET AL.**

By: /s/ Frank Villaire
Name: Frank Villaire, Sadoff & Rudoy Industries LLP
Title: Committee Chair

9

DEL 86307908 v 1