1

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

Case No. 10-10360-MFW

- - - - - - - - - - - - - - - - - - - -x

In re:


NEENAH ENTERPRISES, INC., et al.,


        Debtors.


- - - - - - - - - - - - - - - - - - - -x


            United States Bankruptcy Court

            824 North Market Street

            Wilmington, Delaware


            March 09, 2010

            1:13 PM


B E F O R E:

HON. MARY F. WALRATH

U.S. BANKRUPTCY JUDGE



ECR OPERATOR:   Brandon McCarthy

```
 1    HEARING RE: Motion of the Debtors for an Order Authorizing the
 2    Debtors to Honor Their Prepetition Obligations to Customers and
 3    to Otherwise Continue Prepetition Customer Programs and
 4    Practices in the Ordinary Course of Business.
 5
 6    HEARING RE: Motion of the Debtors for an Order Authorizing the
 7    Debtors (1) to Pay Prepetition Claims of Certain Critical
 8    Vendors and (II) to Pay Certain Obligations Arising in
 9    Connection with Goods Received by the Debtors Within the
10    Twenty-Day Period Prior to the Petition Date.
11
12    HEARING RE: Motion of the Debtors for an Order Authorizing the
13    Debtors to (I) Pay Installments Under Prepetition Insurance
14    Premium Financing Agreements, (II) Continue Prepetition
15    Insurance Policies, and (III) Pay All Prepetition Obligations
16    in Respect Thereof.
17
18    HEARING RE: Application for an Order Authorizing the Employment
19    and Retention of Sidley Austin LLP as Attorneys for the Debtors
20    and Debtors-in-Possession Pursuant to 11 U.S.C. Sections 327(a)
21    and 1107, Nunc Pro Tunc to the Petition Date.
22
23    HEARING RE: Application for an Order Authorizing the Employment
24    and Retention of Young Conaway Stargatt & Taylor, LLP as
25    Attorneys for the Debtors Nunc Pro Tunc to the Petition Date.
```

3

1  HEARING RE: Motion of the Debtors for an Order (I) Authorizing:
2  (A) Payment of Prepetition Employee Wages, Salaries,
3  Commissions and Other Compensation; (B) Payment of Prepetition
4  Compensation Owed to Independent Sales Reps and Temporary
5  Workers; (C) Reimbursement of Prepetition Employee Business
6  Expenses; (D) Payments for Which Prepetition Payroll and Tax
7  Deductions were Made; (E) Contributions to Prepetition Employee
8  Benefit Programs and Continuation of Such Programs in the
9  Ordinary Course; (F) Payment of Workers' Compensation
10 Obligations and: (G) Payment to Third Parties of All Costs and
11 Expenses Incident to the Foregoing Payments and Contributions;
12 and (II) Authorizing and Directing Applicable Banks and Other
13 Financial Institutions to Honor and Pay All Checks and
14 Transfers Drawn on the Debtors' Payroll Accounts to Make the
15 Foregoing Payments.
16
17 HEARING RE: Motion of the Debtors for an Order Pursuant to 11
18 Sections U.S.C. 105(a) and 331 Establishing Procedures for
19 Interim Compensation and Reimbursement of Expenses of
20 Professionals.
21
22 HEARING RE: Application for an Order Authorizing the Employment
23 and Retention of Ernst & Young LLP as Tax Services Providers to
24 the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 1107,
25 Nunc Pro Tunc to the Petition Date.

4

1  HEARING RE: Application for an Order (I) Authorizing the
2  Employment and Retention of Huron Consulting Services LLC as
3  Financial Advisors to the Debtors, Nunc Pro Tunc to the
4  Petition Date, and (II) Designating Richard C. Caruso as the
5  Chief Restructuring Advisor to the Debtors.
6
7  HEARING RE: Application for an Order Authorizing the Employment
8  and Retention of Mercer (US) Inc. as Compensation Consultant to
9  the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 1107,
10 Nunc Pro Tunc to the Petition Date, and Granting a Waiver of
11 Compliance with Del. Bankr. L.R. 2016-2(d) in Accordance with
12 Del. Bankr. L.R. 2016-2(g).
13
14 HEARING RE: Motion for an Order Authorizing to Retain Employ
15 and Compensate Certain Professionals in the Ordinary Course of
16 Business Pursuant to Sections 105(a), 327 and 330 of the
17 Bankruptcy Code, Nunc Pro Tunc to the Petition Date.
18
19 HEARING RE: Application for an Order Authorizing the Debtors
20 and Debtors-in-Possession to Employ and Retain Rothschild Inc.
21 as Financial Advisor and Investment Banker Pursuant to 11
22 U.S.C. Sections 327(a) and 328(a), Nunc Pro Tunc to the
23 Petition Date, and Granting a Waiver of Compliance with Del.
24 Bankr. L.R. 2016-2(d) in Accordance with Del. Bankr. L.R. 2016-
25 2(g).

5

1
2   HEARING RE: Motion of the Debtors for an Interim Order and a
3   Final Order Pursuant to Sections 105(a) and 366 of the
4   Bankruptcy Code (I) Prohibiting Utility Providers From
5   Altering, Refusing, or Discontinuing Utility Services, (II)
6   Deeming Utility Providers Adequately Assured of Future
7   Performance, and (III) Establishing Procedures for Determining
8   Adequate Assurance of Payment.
9
10  HEARING RE: Motion of the Debtors for Interim and Final Orders
11  (I) Authorizing the Debtors to (A) Obtain Post-Petition
12  Financing Pursuant to 11 U.S.C. Sections 105, 361, 362, 363(c),
13  363(e), 364(c), 364(d)(1) and 364(e) and (B) Utilize Cash
14  Collateral of Prepetition Secured Parties, (II) Granting
15  Adequate Protection to Prepetition Secured Parties, (III)
16  Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b)
17  and 4001(c), And (IV) Granting Related Relief.
18
19
20
21
22
23
24  Transcribed by:   Rivka Cubine
25

6

1  A P P E A R A N C E S :

2  SIDLEY AUSTIN LLP.

3      Proposed Attorneys for the Debtor

4      and Debtor-in-Possession

5      One South Dearborn Street

6      Chicago, IL 60603

7

8  BY:   BOJAN GUZINA, ESQ.

9        JILLIAN K. LUDWIG, ESQ. (TELEPHONICALLY)

10       BRETT H. MYRICK, ESQ. (TELEPHONICALLY)

11       ALISON LEFF TRIGGS, ESQ. (TELEPHONICALLY)

12

13 YOUNG CONAWAY STARGATT & TAYLOR, LLP

14       Proposed Attorneys for the Debtor

15       The Brandywine Building

16       1000 West Street, 17th Floor

17       Wilmington, DE 19801

18

19 BY:   EDMON L. MORTON, ESQ.

20       DONALD J. BOWMAN, JR., ESQ.

21

22

23

24

25

```
 1   UNITED STATES DEPARTMENT OF JUSTICE
 2         Office of the United States Trustee
 3         844 King Street
 4         Suite 2207
 5         Wilmington, DE 19801
 6
 7   BY:   PATRICK TINKER, ESQ.
 8
 9   STROOCK & STROOCK & LAVEN LLP
10         Attorneys for the DIP Term Lenders
11         180 Maiden Lane
12         New York, NE 10038
13
14   BY:   EREZ E. GILAD, ESQ.
15         SCOTT WELKIS, ESQ.
16
17   Greenberg Traurig, LLP
18         Attorneys for the Creditors' Committee
19         The Nemours Building
20         1007 North Orange Street, Suite 1200
21         Wilmington, DE 19801
22
23   BY:   DONALD J. DETWEILER, ESQ.
24         SCOTT D. COUSINS, ESQ.
25
```

```
                                                                     8
 1    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
 2         Attorneys for
 3         1201 Market Street
 4         18th Floor
 5         Wilmington, DE 19801
 6
 7    BY:  GREGORY W. WERKHEISER, ESQ.
 8
 9    FOLEY & LARDNER, LLP
10         Attorneys Ad Litem for Ernst & Young
11         And Mark Hellmer
12         One Detroit Center
13         500 Woodward Avenue, Suite 2700
14         Detroit, MI 48226
15
16    BY:  JOHN A. SIMON, ESQ. (TELEPHONICALLY)
17
18    ROPES & GRAY, LLP
19         Attorneys for Interested Party Nila Williams
20         1211 Avenue of the Americas
21         New York, NE 10036
22
23    BY:  DANA L. MYERS, ESQ. (TELEPHONICALLY)
24
25
```

```
 1
 2    LAMBERT, LESER, ISACKSON COOK & GIUNTA, P.C.
 3         Attorneys for Interested Party Linamar Corporation
 4         309 Davidson Building
 5         916 Washington Avenue
 6         Bay City, MI 48708
 7
 8    BY:  SUSAN M. COOK, ESQ. (TELEPHONICALLY)
 9
10    GOLDBERG KOHN LTD.
11         Attorneys for Bank of America, N.A., Agent
12         55 East Monroe Street
13         Suite 3300
14         Chicago, IL 60603
15
16    BY:  RONALD BARLIANT, ESQ.
17         DANIELLE WILDERN JUHLE, ESQ.
18
19
20
21
22
23
24
25
```

10

1        P R O C E E D I N G S

2            THE CLERK: Please rise.

3            THE COURT: You may be seated.

4            MR. MORTON: Good afternoon Your Honor.

5            THE COURT: Good afternoon.

6            MR. MORTON: For the record, Edmon Morton from Young

7    Conaway Stargatt & Taylor on behalf of the debtors.  As we

8    indicated at chambers, we have actually reached resolution with

9    the committee on the DIP issues they've raised, so we're

10   hopeful this is going to be a fairly short hearing --

11           THE COURT: Good.

12           MR. MORTON: -- this afternoon.

13           THE COURT: Good.

14           MR. MORTON: Your Honor, turning to the amended

15   agenda we filed, items one through ten have already been

16   disposed of by Your Honor and orders have appeared on the

17   docket.  Items eleven and twelve, the ordinary course

18   professional motion and the Rothschild retention, were the

19   subject of certifications of counsel.  Unless Your Honor has

20   any questions, we're happy to just wait for those orders in the

21   ordinary course.

22           THE COURT: I did enter those orders.  I have no

23   questions.

24           MR. MORTON: Thank you, Your Honor.  Item number

25   thirteen is the utility motion that we filed on the first day

1    of the case.  We received only three objections, as is fairly
2    common.  We executed side deals with them to govern their
3    specific deposit requirements and, correspondingly, stricken
4    them out of this order.  Otherwise, the order that we have to
5    present is as presented with the motion itself.
6              THE COURT:  All right, I had no concerns.  Anybody
7    else wish to be heard?
8              All right, I'll enter the order then, as revised.
9              MR. MORTON:  If I may approach?
10             THE COURT:  You may.
11             MR. MORTON:  Your Honor, with that I would cede the
12   podium to Mr. Guzina to present the last item on the agenda,
13   which is our debtor-in-possession financing.
14             THE COURT:  All right.  Thank you.
15             MR. GUZINA:  Good afternoon, Your Honor, Bojan Guzina
16   on behalf of the debtors.  As Mr. Morton indicated, we are
17   pleased to report that we have an agreement on a consensual
18   form of the final DIP order.  Since the last hearing, Your
19   Honor, an official committee of unsecured creditors was formed.
20   They are represented by the Greenberg law firm, who is in court
21   today.  And, since the committee's formation, we have worked
22   constructively with its professionals to provide additional
23   information that they would need to get up to speed in this
24   case.
25             The committee filed an objection to approval of the

12

1  final DIP order on Friday, and since that time we, along with
2  the DIP lenders, have been working to resolve the committee's
3  issues.  And what we have now, Your Honor, is a revised form of
4  the final DIP order and a blackline against the last version
5  that we filed with the Court.
6          THE COURT:  Okay.
7          MR. GUZINA:  And if I may approach I can hand you a
8  blackline and walk the Court through the changes.
9          THE COURT:  All right, you may.  Thank you.
10         MR. GUZINA:  Very briefly, Your Honor, the tone of
11 the changes is as follows, that the general principles that
12 were resolved are as follows.
13         Avoidance actions will not encumbered by either the
14 DIP liens or DIP super-priority claims, or the adequate
15 protection liens or adequate protection super-priority claims.
16 The amount of the professional fee carve-out cap has been
17 increased by 125,000 dollars, and the DIP lenders have agreed
18 to give the committee a bifurcated investigation period, with a
19 ninety day deadline for the lien perfection investigation and
20 an investigation of causes of action, and a 165 day deadline to
21 raise any challenges with respect to valuation, and any
22 arguments that the prepetition lenders are undersecured.  That
23 165 day deadline coincides with our deadline for the -- what we
24 call the noteholder plan to go effective.
25         Turning to the order itself, Your Honor, the first

1   notable change is on page 13, where we included a reservation
2   of rights with respect to any additional requests for adequate
3   protection.
4           THE COURT: Okay.
5           MR. GUZINA: And, Your Honor, I'll just -- I'll note
6   these for the Court, if you have any questions at any point,
7   please interrupt me. On page 16 -- this is a clean up change -
8   - we deleted the request for --
9           THE COURT: Okay.
10          MR. GUZINA: -- emergency entry and term approval.
11  On page 18 included, again, a reservation of rights. It's a
12  reference to the investigation, paragraph 22.
13          THE COURT: All right.
14          MR. GUZINA: On page 20, the amount of the
15  committee's investigation budget has been increased to 75,000.
16  On page 21, because we increased the overall carve-out cap, the
17  carve-out reserve, that the working capital lenders will fund,
18  has been increased as well. On page 24, there's clarifying
19  language that the avoidance actions will not be encumbered in
20  any fashion. And, similarly, on page 34, Your Honor, the new
21  paragraph 15.
22          On page 39, you'll note that the overall cap on the
23  carve-out is now 2,625,000. And, on pages 40 and 41 -- I'm
24  sorry, 40 through 43 is the new investigation paragraph, and it
25  provides for a bifurcated challenge period --

1          THE COURT: Okay.

2          MR. GUZINA: -- for the committee. The last notable

3  change, Your Honor, is on pages 51 and 52, the objection

4  period, with respect to any modifications to the DIP documents

5  has been increased from 3 to 5 days.

6          The former budget remains unchanged; it is the budget

7  that was approved in connection with the interim DIP order.

8  And, as I mentioned, Your Honor, with those changes, I believe

9  we have consensus on the terms of the final DIP order, but I'll

10 cede the podium to the committee's professionals and the DIP

11 lenders, if you want.

12         THE COURT: Okay.

13         MR. COUSINS: Good afternoon, Your Honor, Scott

14 Cousins and Don Detweiler on behalf of the committee. We did

15 have very productive discussions. I think the bifurcated

16 investigation period is unique, particularly since that -- the

17 committee certainly hopes that this is a plan, that's laid out

18 in the plan support agreement, and it's confirmed on a

19 timeline. But that we would still have the ability,

20 coextensive with the noteholder plan, and the plan support

21 agreement, to challenge whether a deficiency claim was being

22 paid as part of inadequate protection.

23         We look forward to seeing the plan and working with

24 the debtors and the DIP lenders and the senior noteholders and

25 the prepetition lenders. But this has resolved our objections.

15

1   Thank you very much, Your Honor.
2           THE COURT:  Thank you.  Anybody else?  All right,
3   then I will enter the final order by agreement.
4           MR. MORTON:  If I may approach with the clean, Your
5   Honor?
6           THE COURT:  You may.  Thank you.
7           Mr. Morton:  We'll stand --
8           MR. MORTON:  I believe that's it for the day, Your
9   Honor.
10          THE COURT:  We'll stand adjourned, thank you.
11          MR. MORTON:  Thank you.
12          MR. GUZINA:  Thank you.
13      (Proceedings concluded at 1:22 PM)
14
15
16
17
18
19
20
21
22
23
24
25

```
                                                         16
1                          I N D E X
2
3                          RULINGS
4                       Page      Line
5   Debtors' Motion for     11        8
6   Interim and Final Orders
7   Regarding Utility
8   Providers, Approved.
9
10  Debtors' Motion for     15        3
11  Interim and Final Orders
12  Regarding Post-Petition
13  Financing, Cash Collateral,
14  Scheduling a Final
15  Hearing, Approved.
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    17
 1                       C E R T I F I C A T I O N
 2
 3     I, Rivka Cubine, certify that the foregoing transcript is a
 4     true and accurate record of the proceedings.
 5
 6     _____
 7     RIVKA CUBINE
 8
 9     Veritext
10     200 Old Country Road
11     Suite 580
12     Mineola, New York 11501
13
14     Date: March 17, 2010
15
16
17
18
19
20
21
22
23
24
25
```