UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br><br>Hearing Date: April 7, 2010 at 11:30 a.m. (EST)<br>Objection Deadline: March 31, 2010 at 4 p.m. (EST) |

## SUPPLEMENTAL APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS TAX SERVICES PROVIDERS TO THE DEBTORS PURSUANT TO 11 U.S.C. § 327(a) NUNC PRO TUNC TO THE PETITION DATE

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby submit this supplemental application (the "Supplemental Application") for entry of an order, in substantially the form attached hereto as Exhibit A, authorizing the Debtors to expand the scope of their retention of Ernst & Young LLP ("E&Y LLP") as tax services providers to the Debtors pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), nunc pro tunc to the Petition Date, in accordance with the terms of Debtors' original application to employ and retain E&Y LLP (the "Original Application") [Docket No. 85]. This Court approved the Original Application pursuant to an order entered on March 8, 2010 [Docket No. 137]. This Supplemental Application is supported by the original affidavit of Mark E. Hellmer, a partner at E&Y LLP, submitted in support of the Original Application (and attached as Exhibit A thereto), as well as the supplemental affidavit of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

Mark. E. Hellmer attached as Exhibit B hereto (the "Supplemental Affidavit"). In further support of this Supplemental Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors also jointly filed motions or applications seeking certain typical "first day" relief. On February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 2015(b).

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 12, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## RELIEF REQUESTED

5. By this Supplemental Application, the Debtors seek entry of an order pursuant to sections 327(a) of the Bankruptcy Code authorizing the Debtors to expand the scope

of E&Y's retention and employment as the Debtors' tax advisors, <u>nunc pro tunc</u> to the Petition Date, for the additional purpose of providing the Debtors with tax compliance services for the fiscal year ending September 30, 2009 and related to the preparation of certain state and local tax returns that have not been completed as of the Petition Date, as per the additional Statement of Work, a copy of which is attached to the Supplemental Affidavit as <u>Exhibit 1</u> thereto and incorporated herein by reference (the "<u>Additional Statement of Work</u>").[2]

## BASIS FOR RELIEF REQUESTED

6. The Debtors are required to prepare and file state and local tax returns. Generally speaking, the Debtors utilize the services of outside tax professionals to assist in the preparation of such tax returns and in the performance of certain additional, tax-related services. While the Debtors believe that the overwhelming majority of work related to tax compliance issues for the fiscal year ending September 30, 2009 has been completed by E&Y LLP, much of the work is still subject to manager-level reviews and the final filing of the local tax returns remains to be completed. Therefore, pursuant to this Supplemental Application, the Debtors seek the authority to engage E&Y LLP to perform such additional tax compliance services.

7. E&Y LLP provides the Debtors with a wide variety of tax advisory services. E&Y LLP's professionals have worked closely with the Debtors' management team and the Debtors' other professionals and have become well acquainted with the Debtors' operations and businesses. Further, E&Y LLP has worked closely on the tax returns which are yet to be finalized, and as the original preparer of the returns has intimate knowledge of their contents and issues. Therefore, given the Debtors' need to finalize the tax returns in a timely fashion, the Debtors believe that the supplemental retention of E&Y LLP as tax advisors to the

---

[2] In the event of any conflict between the terms of this Supplemental Application and the terms of the Additional Statement of Work, the latter shall control.

Debtors with regard to these returns is appropriate and in the best interest of the Debtors' estates, their creditors and other parties in interest in these cases.

## **PROFESSIONAL COMPENSATION**

8.      E&Y LLP does not currently anticipate charging any additional fees to the Debtors for the services it expects to perform pursuant to the Additional Statement of Work, because the fees for such services were already paid prior to the Petition Date.

9.      The Debtors and E&Y LLP have agreed that the Debtors shall reimburse E&Y LLP for any direct expenses incurred in connection with E&Y LLP's retention in these chapter 11 cases and the performance of its services for the Debtors. E&Y LLP's direct expenses shall include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses (including any fees or reasonable expenses of E&Y LLP's legal counsel) specifically related to this engagement.

10.     E&Y LLP intends to apply to the Court for payment of compensation and reimbursement of fees and expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware and orders of this Court, and pursuant to any additional procedures that may be or have already been established by the Court in these cases.

## **NOTICE**

11.     Notice of this Supplemental Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the agent for the lenders under the prepetition credit facility; (iv) counsel to the agents for the lenders under the proposed post-petition credit facilities; (v) counsel to the ad hoc committee of the holders of 9.5% secured notes; (vi) the indenture trustee for the 9.5% secured notes; (vii) counsel to the holders of the

4

12.5% subordinated notes; and (viii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as Exhibit A, authorizing the Debtors to expand the scope of E&Y LLP's retention and employment the Debtors' tax advisors for (i) the additional purpose of performing the tax compliance services described in the Additional statement of Work; and (ii) granting such other relief as this Court deems just and proper.

Dated: Wilmington, Delaware
      March 19, 2010

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Brett H. Myrick
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION