# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

### FIRST SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP

Mark E. Hellmer, being duly sworn, deposes and says:

1. I am a partner of Ernst & Young LLP ("E&Y LLP"). I provide this first supplemental affidavit (the "Supplemental Affidavit") on behalf of E&Y LLP in further support of the retention of E&Y LLP by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). This Supplemental Affidavit supplements my original affidavit filed on February 19, 2010 (the "Original Affidavit") in support of the original application to employ E&Y LLP (the "Original Application"). I further provide this Supplemental Affidavit on behalf of E&Y LLP in support of the supplemental application (the "Supplemental Application")[2] of Neenah Enterprises, Inc. (the "Company") and the other Debtors to expand the scope of retention of E&Y LLP, *nunc pro tunc* to the Petition Date, to provide additional tax compliance services pursuant to the further statement of work attached hereto as Exhibit 1 (the "Additional Statement of Work"). The Additional Statement of Work was issued pursuant to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Supplemental Application.

master tax services agreement dated January 25, 2010, which approved pursuant to the Original Application by Court order on March 8, 2010.

2. The facts set forth in this Supplemental Affidavit are based upon my personal knowledge, information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other employees of E&Y LLP under my supervision and direction.

### Scope of Additional Services

3. As set forth in further detail in the Additional Statement of Work, E&Y LLP has agreed to provide certain tax compliance services (the "Additional Services") in connection with these chapter 11 cases, subject to approval of the Court of the Supplemental Application and the terms and conditions of the Engagement Letter. The Additional Services consist of tax compliance services for the Company and its subsidiaries for the year ending September 30, 2009 related to the preparation of state and local tax returns that have not yet been completed as of February 3, 2009, as set forth in the Additional Statement of Work.

### Professional Compensation

4. E&Y LLP does not currently anticipate charging additional fees for the Additional Services under the Additional Statement of Work, because the fees for such work were already paid prior to the Petition Date.

5. The Debtors and E&Y LLP have agreed that the Debtors shall reimburse E&Y LLP for any direct expenses incurred in connection with E&Y LLP's retention in these chapter 11 cases and the performance of the Additional Services. E&Y LLP's direct expenses shall include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses (including any fees or reasonable expenses of E&Y LLP's legal counsel) specifically related to this engagement.

**Further Disclosure of Connections**

6. As described in paragraph 24 of the Original Affidavit, E&Y LLP continued to research connections to two parties in interest: St. Paul Fire & Marine Insurance Company and Travelers. Moreover, the Debtors provided E&Y LLP with names of additional parties in interest falling into the categories set forth in paragraph 11 of the Original Affidavit.

7. E&Y LLP has concluded its research of connections to the foregoing parties in interest, which are set forth on Exhibit 2 hereto, in accordance with the processes described in the Original Affidavit. To the extent that E&Y LLP's research of relationships with the parties-in-interest listed on Exhibit 2 indicated that E&Y LLP has had in the recent past, or currently has, a client relationship with such parties-in-interest in matters unrelated to these chapter 11 cases, E&Y LLP has so indicated in Exhibit 2. Should additional significant relationships with parties-in-interest become known to E&Y LLP, a further supplemental affidavit will be filed by E&Y LLP with the Court.

8. To the best of my knowledge, information and belief, formed after reasonable inquiry, except as otherwise set forth herein, none of the services rendered by E&Y LLP to the entities set forth in Exhibit 2 hereto have been in connection with the Debtors or these chapter 11 cases. E&Y LLP believes that these relationships will not impair E&Y LLP's ability to objectively perform professional services on behalf of the Debtors. E&Y LLP will not accept any engagement that would require E&Y LLP to represent an interest materially adverse to the Debtors.

9. E&Y LLP may perform services for its clients that relate to the Debtors merely because such clients may be creditors or counterparties to transactions with the Debtors and such clients' assets and liabilities may thus be affected by the Debtors' status. The disclosures set forth herein do not include specific indication of such services. If such clients of E&Y LLP are

potential parties in interest in these cases, Exhibit 2 attached hereto indicates that they are also clients of E&Y LLP.

10. Despite the efforts described above to identify and disclose connections with parties-in-interest in these chapter 11 cases, because the Debtors are a large enterprise with numerous creditors and other relationships, E&Y LLP is unable to state with certainty that every client representation or other connection of E&Y LLP with parties-in-interest in these chapter 11 cases has been disclosed herein. In this regard, if E&Y LLP discovers additional information that requires disclosure, E&Y LLP will file supplemental disclosures with the Court.

11. E&Y LLP and the professionals that it employs are qualified to represent the Debtors in the matters for which E&Y LLP is proposed to be employed.

12. Except as otherwise set forth herein, E&Y LLP has not shared or agreed to share any of its compensation in connection with this matter with any other person.

13. To the best of my knowledge, information and belief formed after reasonable inquiry, E&Y LLP continues to not hold nor represent any interest materially adverse to the Debtors in the matters for which E&Y LLP is proposed to be retained. The proposed employment of E&Y LLP is not prohibited by or improper under Bankruptcy Rule 5002. Accordingly, I believe that E&Y LLP continues to be eligible for retention by the Debtors under title 11 of the United States Code (the "Bankruptcy Code").

14. E&Y LLP intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and the Engagement Letter, and pursuant to any additional procedures that may be established by the Court in these chapter 11 cases.

*{Signature Page Follows}*

                                                                               */s/ Mark E. Hellmer*
                                                                               Mark E. Hellmer

Dated: 3/17/10

Sworn to and subscribed before me this 17 day of March, 2010.

*/s/ Kelly Bokhari*
Notary Public Kelly Bokhari

My Commission Expires: 2/5/2012

# Exhibit 1

**Additional Statement of Work**

≡⫶ ERNST & YOUNG

Ernst & Young LLP
875 East Wisconsin Avenue
Milwaukee, WI 53202

(414) 273 5900
www.ey.com

February 3, 2010

Mr. Bob Gitter
Vice President and Controller
Neenah Enterprises, Inc. & Subsidiaries
P.O. Box 729
Neenah, WI 54957-0729

## Statement of Work – Tax compliance services

Dear Mr. Gitter:

This Statement of Work ("SOW") is governed by and subject to the terms and conditions of the Master Tax Services Agreement dated January 25, 2010 (the "Agreement") between Neenah Enterprises, Inc. and its debtor subsidiaries (collectively, the "Client") and Ernst & Young LLP ("EY"), which was executed in connection with the Client filing a petition under chapter 11 of the United States Bankruptcy Code ("Chapter 11") on or about February 3, 2010 with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and describes certain tax services that E&Y will perform for the Client during the Client's Chapter 11 bankruptcy proceedings. Unless expressly modified by this SOW, the terms and conditions of the Agreement continue to apply. This SOW shall be effective as of the date of Client's filing of a Chapter 11 petition with the Bankruptcy Court. Capitalized terms used, but not defined, in this SOW have the meanings set forth in the Agreement.

**Engagement Team**

Mark Hellmer (Partner) and Carol McInerny (Senior Manager) will lead the E&Y team in providing the services described herein (the "Services"). If either of these individuals ceases to provide tax services to the Client pursuant to the Agreement, E&Y will so advise the Client and, if that person is replaced, provide the Client with the name of that professional's replacement. Other staff not identified herein may be utilized as required to conduct our work in an efficient manner.

**Scope of Services**

E&Y will provide the following services under this SOW to the Client, contingent upon the Bankruptcy Court's approval of our retention in accordance with the terms and conditions that are set forth in the Agreement (inclusive of this SOW) and pre-approval of the Client's Audit Committee:

EY will provide to the Client tax compliance services for Neenah Enterprises, Inc. & Subsidiaries for year ending September 30, 2009 related to the preparation of state and local tax return that have not yet been completed as of February 3, 2009 as listed by legal entity in Attachment A. As of February 3, 2010, much of the initial preparation of these returns has been completed and are currently ready for manager level review. After the manager level review, any additional final changes will be made by the

≡*Ji* ERNST & YOUNG

Neenah Enterprises, Inc.
Statement of Work

Page 2 of 4
February 3, 2010

staff and then upon final manager review, the returns will signed by E&Y as the tax return preparer and delivered to the Client for taxpayer signature and filing with the appropriate jurisdictions.

All client copies of the tax return(s) will be presented to Client in an electronic format.

The Services may be modified from time to time by our mutual written agreement and approval of the Bankruptcy Court.

Client acknowledges and agrees that, whether or not this SOW has been approved by the Bankruptcy Court at the time Advice is rendered, any Advice rendered by EY prior to the delivery of its final Advice is preliminary in nature and cannot be relied upon for any purpose, including penalty protection.

The Internal Revenue Code and professional standards require that tax advisors advise clients regarding their penalty exposure with respect to the advice they render and the disclosures that may avoid such penalties. The Internal Revenue Code has been amended to increase the disclosures that return preparers are required to include on returns to avoid exposure to penalty. Our tax opinions, memoranda, and similar documents will address disclosures we believe are appropriate to comply with applicable taxpayer and tax advisor/return preparer obligations, including our views as to the level of support for the positions addressed therein in a manner designed to facilitate compliance with tax return disclosure requirements.

Out-of-Scope Services

Any activities not described as Services, as indicated above under Scope of Services, are not covered by the fees stated herein. These services will be considered outside the scope of this SOW and are the responsibility of the Client to perform on a timely basis unless otherwise agreed by the parties in writing and approved by the Bankruptcy Court.

Responsibilities

The Client shall make all management decisions and perform all management functions in connection with the Services under this SOW. EY may assist the Client in rendering management decisions or carrying out management functions in connection with the Services, including by providing advice, research material or recommendations, but EY will not make any such decisions or perform any such functions. In its sole discretion, EY may refuse to take any action to the extent it might be construed as a management decision or a management function.

The Client accepts responsibility for the results of the Services. The Client's approval of any Services shall not constitute a waiver of any of its rights under this SOW. The Client further agrees to establish and maintain internal controls in connection with the Services, including monitoring EY's performance under this SOW.

≣⫽ ERNST & YOUNG

Neenah Enterprises, Inc.
Statement of Work

Page 3 of 4
February 3, 2010

The Client shall designate an employee possessing the skill, knowledge and/or experience (but not necessarily the experience to perform the Services) to (1) oversee, (2) evaluate the effectiveness of, and (3) approve, the Services.

In addition, to the extent that SEC audit independence restrictions apply to any relationship between the Client and EY or any other EY Entity, the Client represents and warrants to EY, on and as of the date hereof, that neither the Client nor any of its affiliates has agreed, orally or in writing; with any other tax service provider to limit in any way the Client's ability to disclose to any person or entity the tax treatment or tax structure of any transaction that is the subject of the Services. Any such agreement with other tax service providers could impair the independence required of an E&Y Entity providing services to the Client and neither EY nor any other EY Entity shall have any liability or responsibility whatsoever to the Client in respect of any such agreement or its consequences.

**Fees and Expenses**

The professional fixed fee for scope of services described above was already invoiced and collected prior to February 3, 2010 in accordance with our pre-bankruptcy statement of work dated July 8, 2009, related to Neenah Enterprises, Inc. & Subsidiaries' September 30, 2009 tax compliance.

The Client shall also pay EY's expenses and reimbursements in accordance with the terms of the Agreement. We will submit an itemized and detailed billing statement, and we will request payment of our fees and expenses, in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware and any relevant orders of the Bankruptcy Court.

If, during the term of this SOW, EY determines that any additional work is necessary, whether at the Client's request or because the complexity of the project increases, EY will promptly contact the Client to discuss any adjustments to the scope of work or EY's fees and the Client obtaining Bankruptcy Court approval before proceeding, if necessary.

To the fullest extent permitted by applicable law (including, without limitation, for these purposes, the rules and interpretations of the AICPA and the U.S. Securities and Exchange Commission), the total aggregate liability of EY to the Client (and to any affiliate thereof or any other person or entity for or in respect of which any of the Services are provided) in connection with the performance of the Services shall be limited to the fees actually paid to EY in respect of the Services directly relating to and forming the basis of Client's claim, regardless of whether liability is based on breach of contract, tort, strict liability, breach of warranty, failure of essential purpose or otherwise; provided, however, that the foregoing limitation shall not apply to the extent the liability is finally determined to be the result of EY's bad faith, gross negligence, willful misconduct, self-dealing or breach of fiduciary duty (if any).

Please indicate the Client's acceptance of these additional terms and conditions by executing this SOW in the space provided below and return it to Mark Hellmer at your earliest convenience.


Neenah Enterprises, Inc.
Statement of Work

Page 4 of 4
February 3, 2010

Thanks again for your selection of our firm.

Very truly yours,

*Ernst + Young LLP*

Agreed and accepted by:
Neenah Enterprises, Inc., on behalf of itself
 and its debtor subsidiaries

Mr. Bob Gitter
Vice President & Controller

## Exhibit 2

**Additional Connections Check Matrix**

| Category | PIIL | No Connection | Prior Connection | Current Connection |
|---|---|---|---|---|
| All Indenture Trustees | United States Trust Company of New York | | x | |
| Debtors Attorney | Young Conaway Stargatt & Taylor | x | | |
| Debtors Major Shareholders (5% or more) | Tontine Capital Overseas Master Fund II, L.P. | x | | |
| Debtors Major Shareholders (5% or more) | Tontine Capital Overseas Master Fund, L.P. | x | | |
| Debtors Major Shareholders (5% or more) | Tontine Capital Partners, L.P. | x | | |
| Debtors Officers | Gary W. LeChey | x | | |
| Debtors Officers | James Ackerman | x | | |
| Debtors Officers | Joseph L. DeRita | x | | |
| Debtors Officers | Joseph Varkoly | x | | |
| Debtors Officers | William M. Barrett | x | | |
| Other Significant Parties in Interest including material litigation | Ashlee Stradford | x | | |
| Other Significant Parties in Interest including material litigation | David Lindsay | x | | |
| Other Significant Parties in Interest including material litigation | Fox River Group/Lower Fox River | x | | |
| Other Significant Parties in Interest including material litigation | Glenn E. Coates | x | | |
| Other Significant Parties in Interest including material litigation | J.M. Weller & Associates | x | | |
| Other Significant Parties in Interest including material litigation | Jamie Latham | x | | |
| Other Significant Parties in Interest including material litigation | Jessie Sullivan | x | | |
| Other Significant Parties in Interest including material litigation | Keith Bays | x | | |
| Other Significant Parties in Interest including material litigation | Mark Howell | x | | |
| Other Significant Parties in Interest including material litigation | Robert Birkholz | x | | |
| Other Significant Parties in Interest including material litigation | Smitherman | x | | |
| Other Significant Parties-in-Interest | St. Paul Fire & Marine Insurance Company | | | x |
| Other Significant Parties-in-Interest | Travelers | | | x |
| Thirty Largest Unsecured Creditors | Green Bay Pattern | x | | |
| Thirty Largest Unsecured Creditors | Modern Equipment Company | x | | |