IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br><br>Objection Deadline: March 31, 2010 at 4:00 pm<br>Hearing Date: April 7, 2010 at 11:30 a.m. |

### APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF MORRISANDERSON & ASSOCIATES LTD. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO FEBRUARY 23, 2010

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of Neenah Enterprises, Inc., and its affiliated debtors (collectively, the "**Debtors**") hereby moves the Court for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the employment and retention of MorrisAnderson & Associates, Ltd. ("**MA&A**"), *nunc pro tunc* to February 23, 2010, as financial advisors to the Committee. The facts and circumstances supporting this application (the "**Application**") are as set forth herein and in the Affidavit of Dan Dooley, a principal with MA&A (the "**Dooley Affidavit**"), which is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. ("Neenah Foundry") (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

annexed hereto as **Exhibit A** and incorporated herein by reference. In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

3. On February 3, 2010 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court has ordered joint administration of these chapter 11 cases (the "**Cases**").

4. On February 12, 2010 (the "**Formation Meeting**"), the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. At the Formation Meeting, the Committee selected Greenberg Traurig as its counsel, and on February 23, 2010, the Committee selected MA&A as its financial advisors. The Committee consists of the following five members:

    (a)    Gerdau Ameristeel;

    (b)    Wisconsin Electric Power Company;

    (c)    The Timken Co.;

    (d)    Sadoff & Rudoy Industries, LLP; and

(e) Dana Holding Corporation.

## REQUESTED RELIEF

5. By this Application, the Committee seeks to employ and retain MA&A pursuant to section 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, *nunc pro tunc* to February 23, 2010, as set forth in the letter agreement dated as of February 23, 2010, attached hereto as Exhibit B (the "**MA&A Engagement Letter**").

6. The Committee is familiar with the professional standing and reputation of MA&A. The Committee understands and recognizes that MA&A has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

7. The services of MA&A are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Further, MA&A is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

## SCOPE OF SERVICES

8. In its capacity as the Committee's financial advisor, MA&A is prepared to provide certain post-petition services including, without limitation, the following:

   A. Assistance to the Committee in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

B. Assistance to the Committee with information and analyses required pursuant to a possible Debtor-In-Possession ("**DIP**") financing, including, but not limited to, preparation for hearings regarding the use of cash collateral and DIP financing;

C. Assistance with a review of any of the Debtors' proposed key employee bonus and other critical employee benefit programs;

D. Assistance and advice to the committee with respect to the Debtors' identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

E. Assistance with a review of the Debtors' performance of cost/benefit evaluations with respect to the affirmation or rejection of various executor contracts and leases;

F. Assistance regarding the evaluation of business operations and identification of areas of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

G. Assistance in the review of financial information distributed by the Debtors to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

H. Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these Cases, the U.S. Trustee, other parties-in-interest and professionals hired by the same, as requested;

I. Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan of reorganization in these Cases, including consideration of the proposed valuation of the new entity; and

J. Render such other general business consulting or such other assistance as to the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these Cases.

## MA&A'S ELIGIBILITY FOR EMPLOYMENT

9. MA&A has informed the Committee that, except as may be set forth in the Dooley Affidavit, it does not represent any other entity having an adverse interest in connection with these cases, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code. From time to time, MA&A has provided financial advisory and/or consulting services to certain creditors and other parties in interest in matters wholly unrelated to these Cases. MA&A has informed the Committee that, during its retention by the Committee in these cases, it will not provide services to any entity having an adverse interest, including, without limitation, those listed in the Dooley Affidavit, in connection with any matters relating to these cases. However, given its diverse practice and client base, MA&A may provide services to clients in matters unrelated to these Cases, who are or become creditors of the Debtors or who may have interests adverse to the Debtors' creditors in unrelated matters.

10. MA&A will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, MA&A will supplement its disclosure to the Court.

11. MA&A has agreed not to share with any person or firm the compensation to be paid

for professional services rendered in connection with these cases.

## TERMS OF RETENTION

12. As set forth in the MA&A Engagement Letter, subject to Court approval, MA&A is entitled to receive from the Debtors' estates, as compensation for its services in these cases the following compensation (the "**Fee Structure**"):

    a. A monthly fixed fee equal to $100,000 per month for the first six (6) months of MA&A's retention or portions thereof; and

    b. for all subsequent months or portion thereof, a monthly fixed fee of $50,000.

13. In addition to any fees that may be paid to MA&A, the Debtors shall reimburse MA&A, promptly upon receipt of an invoice therefore, for all court approved out-of-pocket expenses (such expenses include but are not limited to: travel, lodging, meals, equipment and vehicle rental, and telephone, fax and photocopying charges) incurred by MA&A in connection with the engagement contemplated hereunder.

14. The Fee Structure is comparable to those generally charged by financial advisory and investment banking firms of similar stature to MA&A and for comparable engagements, both in and out of court. The Committee acknowledges and agrees that the Fee Structure has been agreed upon by the parties in anticipation that a substantial commitment of professional time and effort will be required of MA&A and its professionals hereunder, and in light of the fact that such commitment may foreclose other opportunities for MA&A and that the actual time and commitment required of MA&A and its professionals to perform its services hereunder may vary substantially from week to week or month to month, creating "peak load" issues for the firm.

15. Except as otherwise provided herein, MA&A intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines promulgated by the

DEL 86308861 v 2

6

United States Trustee for and the Local Rules of the United States Bankruptcy Court for the District of Delaware and orders of this Court, and pursuant to any additional procedures that may be or have already been established by the Court in these cases.

### REQUEST FOR APPROVAL OF RETENTION OF MA&A NUNC PRO TUNC TO FEBRUARY 23, 2010

16. The Committee requests that the approval of MA&A' retention be approved *nunc pro tunc* to February 23, 2010. Due to the size and complex nature of these Cases as well as the significant relief sought by the Debtors during the early stages of these Cases, there was an immediate need for MA&A to perform services for the Committee. The Committee has sought authorization to retain MA&A as soon as reasonably practicable. The Committee submits that these circumstances warrant such approval. *See, e.g., F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989).

### NOTICE

17. Notice of this Application has been given to (i) the Debtors, (ii) the United States Trustee and (iii) those parties requesting notice pursuant to Del. Bankr. L.R. 2002-1(b). In light of the nature of the relief requested, the Committee submits that no further notice is required.

### NO PRIOR REQUEST

18. No prior Application for the relief requested herein has been made to this or any other Court.

[SIGNATURE PAGE FOLLOWS]

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain MA&A as financial advisors for the Committee for the purposes set forth above, *nunc pro tunc* to February 23, 2010, and grant such further relief as is just and proper.

Date: March 19, 2010

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEENAH ENTERPRISES, INC. ET AL.**

By: _____
Name: Frank Villaire, Sadoff & Rudoy Industries LLP
Title: Committee Chair