# EXHIBIT A

## [DOOLEY AFFIDAVIT]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., *et al.*,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**AFFIDAVIT OF DAN DOOLEY**
**IN SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING**
**EMPLOYMENT AND RETENTION OF MORRISANDERSON & ASSOCIATES, LTD.**
**AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS**

STATE OF ILLINOIS          )
                                          ) ss.
COUNTY OF DuPage       )

I, Dan Dooley, being duly sworn, hereby deposes and says:

1.      I am a Principal and Chief Operating Officer with MorrisAnderson & Associates,

Ltd. ("**MA&A**"), a financial advisory services firm with its principal offices located at 55 West

Monroe Street, #2500, Chicago, Illinois 60603.  I submit this Affidavit on behalf of MA&A (the

"**Affidavit**") in support of the application (the "**Application**") of the Official Committee of

Unsecured Creditors (the "**Committee**") of Neenah Enterprises, Inc., *et al.*, the debtors and

---

1  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. ("Neenah Foundry") (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and

debtors-in-possession in the above-captioned chapter 11 cases (collectively, the **"Debtors"**), for

an order authorizing the employment and retention of MA&A as the Committee's financial

advisors under the terms and conditions set forth in the Application. Except as otherwise noted,[2]

I have personal knowledge of the matters set forth herein.

### Disinterestedness and Eligibility

2.      In connection with the preparation of this Affidavit, MA&A conducted a review

of its contacts with the Debtors, their affiliates and certain entities holding large claims against or

interests in the Debtors that were made reasonably known to MA&A. A listing of the parties

reviewed is reflected on **Exhibit A** to this Affidavit. MA&A's review, completed under my

supervision, consisted of a query of the Exhibit A parties within an internal computer database

containing names of individuals and entities that are present or recent former clients of MA&A.

A summary of such relationships that MA&A identified during this process is set forth on

**Exhibit B** to this Affidavit.

3.      Based on the results of its review, MA&A does not have a relationship with any

of the parties on Exhibit A in matters related to these proceedings except as noted on Exhibit B

to this Affidavit.

4.      MA&A has provided and could reasonably expect to continue to provide

services unrelated to the Debtors' cases for the various entities shown on Exhibit B. MA&A's

assistance to these parties has been related to providing various financial advisory, interim

management, investment banking, liquidation management and litigation support. To the best of

my knowledge, no services have been provided to these parties-in-interest which are adverse to

Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.
[2]    Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at MMA

the rights of the Committee, nor does MA&A's involvement in these cases compromise its ability to continue such consulting services.

5.      Further, as part of its diverse practice, MA&A appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' cases.  Also, MA&A has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys, and law firms, some of whom may be involved in these proceedings.  In addition, MA&A has in the past, may currently, and will likely in the future, be working with or against other professionals involved in these cases in matters unrelated to the Debtors and these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Committee herein in matters upon which MA&A is to be employed, and none are in connection with these cases.

6.      MA&A is not believed to be a "Creditor" with respect to fees and expenses of any of the Debtors within the meaning of Section 101(10) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the **"Bankruptcy Code"**).  Further, neither I nor any other member of the MA&A engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

7.      As such, to the best of my knowledge, MA&A does not represent any other entity having an interest adverse to the Committee in connection with these cases, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

---

and are based on information provided by them.

Page 3

8.      It is MA&A's policy and intent to update and expand its ongoing relationship search for additional parties-in-interest in an expedient manner.  If new material relevant facts or relationships are discovered or arise, MA&A will supplement this Affidavit to the extent necessary.

9.      From time to time, MA&A will review its disclosures in these cases and in the event that additional material connections are discovered, MA&A will disclose such information to the Court on notice to parties-in-interest and the United States Trustee.

10.     Based on the foregoing and except as set forth herein, neither I, MA&A, nor any director or employee thereof, insofar as I have been able to ascertain based on the information currently available to me, represents any interest adverse to the Debtors or their estates.  To the best of my knowledge, information and belief, MA&A is a "disinterested person"[3] as that term is defined in section 101(14) of the Bankruptcy Code in that neither MA&A nor any employee of MA&A:

    (a)     are not creditors, equity security holders or insiders of the Debtors;

    (b)     are not and were not, within two years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and

    (c)     do not have an interest materially adverse to the interest of the estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

11.     As set forth in the MA&A Engagement Letter, subject to Court approval, MA&A is seeking as compensation for its services in these cases the following (the "**Fee Structure**"):

    a.      a monthly fixed fee equal to $100,000 per month for the first six (6) months of MA&A's retention or portions thereof; and

---

Page 4

b.     for all subsequent months or portion thereof, a monthly fixed fee of $50,000.

12.    In addition to any fees that may be paid to MA&A, MA&A, shall seek reimbursement for all out-of-pocket expenses (such expenses include but are not limited to: travel, lodging, meals, equipment and vehicle rental, and telephone, fax and photocopying charges) incurred by MA&A in connection with the engagement contemplated hereunder.

13.    Except as otherwise provided herein, MA&A intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the guidelines promulgated by the United States Trustee for and the Local Rules of the United States Bankruptcy Court for the District of Delaware and orders of this Court, and pursuant to any additional procedures that may be or have already been established by the Court in these cases.

14.    According to MA&A's books and records, during the ninety day period prior to the Debtors' petition date, MA&A performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

15.    To the best of my knowledge, a) no commitments have been made or received by MA&A with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and b) MA&A has no agreement with any other entity to share with such entity any compensation received by MA&A in connection with these chapter 11 cases.

Page 5

**<u>Request for Approval of Retention of MA&A <i>Nunc Pro Tunc</i> to February 23, 2010</u>**

16.     For the reasons stated in the Application, MA&A has requested, and the

Committee has agreed, that MA&A's retention be approved *nunc pro tunc* to February 23, 2010

in order to allow MA&A to be compensated for the work it has performed for the Committee

since such date, but prior to the Court's consideration of this Application.

Dated this _18_ day of March 2010.

(signature) _Daniel R Dooley_

<u>Dan Dooley</u>

SUBSCRIBED AND SWORN TO BEFORE ME this _18_ day of March 2010.

_Donald G Skogsberg_
Notary Public

My Commission Expires:

DONALD G SKOGSBERG
MY COMMISSION EXPIRES
JULY 7, 2012

Page 6

# EXHIBIT A

(Potentially Interested Parties)

## ALL DEBTOR ENTITIES (including non-debtor affiliates and former names)

A&M Specialties, Inc.
ACP Holding Company
Advanced Cast Products, Inc.
Belcher Corporation
Cast Alloys, Inc.
Dalton Corporation
Dalton Corporation, Ashland Manufacturing Facility
Dalton Corporation, Kendallville Manufacturing Facility
Dalton Corporation, Stryker Machining Facility
Dalton Corporation, Warsaw Manufacturing Facility
Deeter Foundry, Inc.
Gregg Industries, Inc.
Mercer Forge Corporation
Morgan's Welding, Inc.
Neenah Corporation
Neenah Enterprises, Inc.
Neenah Foundry Company
Neenah Transport, Inc.
Neiman Porter & Co.
NFC Castings, Inc.
Peerless Corporation

## HOLDERS OF MORE THAN 5% OF COMMON STOCK OF NEENAH ENTERPRISES, INC.

Tontine Capital Partners, L.P.
Tontine Capital Overseas Master Fund, L.P.
Tontine Capital Overseas Master Fund II, L.P.

## CURRENT DIRECTORS AND OFFICERS

John H. Andrews
Joseph M. Cerulli
Louis E. Fratarcangeli
David B. Gendell
Robert J. Gitter

Stephen E.K. Graham
Frank Headington
Jeffrey S. Jenkins
Joseph V. Lash
Jeffrey G. Marshall
Robert E. Ostendorf Jr.
Dale E. Parker

## 30 LARGEST UNSECURED CREDITORS

American Colloid Company
Atmosphere Annealing, Inc.
Badger Mining Corp
Caterpillar, Inc.
Dana Corporation Commercial Vehicle
Div of Allied Mineral Products, Inc.
Erie Coke Corporation
Faith Technologies
First Energy Solutions Corp.
Foseco Metallurgical Inc.
Gerdau Ameristeel US
Health Assurance PA, Inc.
Holmes Murphy & Associates, Inc.
Lewis Salvage Corporation
Louis Padnos Iron & Metal Co.
State of Michigan Tax Division
Nucor Steel, Auburn, Inc.
Oudenhoven Company, Inc.
Ryder Transportation Services
Sadoff Iron & Metal Co.
Sandmold Systems, Inc.
State of Michigan Tax Division
Steel Dynamics Bar Products Division
TA Services, Inc.
The Timken Corporation
Tonawanda Coke
Tontine Capital Partners, L.P.
Tube City, Inc.
WE Energies

## PREPETITION LENDERS

Banc of America Securities LLC
Bank of America, N.A.

General Electric Capital Corporation
Wachovia Capital Finance Corporation (Center)

## ADMINISTRATIVE AGENTS FOR THE PREPETITION LENDERS

Bank of America, N.A.

## PROFESSIONALS RETAINED BY ADMINISTRATIVE AGENT FOR THE PREPETITION LENDERS

Goldberg Kohn LTD
CM&D Capital Advisors LLC

## POSTPETITION LENDERS

Banc of America Securities LLC
Bank of America, N.A.
General Electric Capital Corporation
Wachovia Capital Finance Corporation (Center)

## AGENT FOR THE POSTPETITION LENDERS

Bank of America, N.A

## INDENTURE TRUSTEE FOR SENIOR NOTEHOLDERS

The Bank of New York Mellon Trust Company, N.A.

## AD HOC COMMITTEE OF SENIOR NOTEHOLDERS

Bennett Management Corporation
GoldenTree Asset Management, LP
Litespeed Management LLC
Mackay Shields LLC

## PROFESSIONALS RETAINED BY AD HOC COMMITTEE OF SENIOR NOTEHOLDERS

Stroock & Stroock & Lavan LLP
Moelis and Company

## MAJOR INSURANCE CARRIERS, REINSURANCE CARRIERS, AGENTS AND BROKERS

ACE American Insurance Co.
Chartis
Continental Casualty Co.
Federal Insurance Co.
Fireman's Fund Insurance Co.
Illinois National Insurance Co. (Chartis)
Indian Harbor Insurance
RSUI Indemnity Co.
St. Paul Fire & Marine Insurance Company
Travelers
XL Specialty Insurance Company

## PROFESSIONALS RETAINED BY THE DEBTORS

Ernst and Young LLP
The Garden City Group Inc.
Huron Consulting Services, LLC
Mercer (U.S.) Inc.
Rothschild, Inc.
Sidley Austin LLP
Young Conaway Stargatt & Taylor

## PARTIES TO LITIGATION WITH THE DEBTORS

NCR Corp.

## UNIONS REPRESENTING EMPLOYEES OF THE DEBTORS

Glass, Molders, Pottery, Plastics and Allied Workers International Union United
Steelworkers of America
Independent Patternmakers Union

## JUDGES ON THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Kevin J. Carey
Judith K. Fitzgerald
Kevin Gross
Brendan L. Shannon
Christopher S. Sontchi

Mary F. Walrath
Peter J. Walsh

**ATTORNEYS EMPLOYED BY THE OFFICE OF THE
UNITED STATES TRUSTEE FOR REGION 3, DISTRICT OF
DELAWARE**

David Buchbinder
Roberta A. DeAngelis
William K. Harrington
Mark Kenney
David Klauder
Jane Leamy
Joseph McMahon
Richard Schepacarter
Thomas Tinker

## LANDLORDS OF THE DEBTORS

CJ&D Properties
Combs Enterprises
Fiserv Investment Support Service
Freeman Properties
Harbor Investments
John & Madeline Kosky
Prairieville LLC
Wade Frauhigher
Warehouse Specialist
Warsaw Plating Works

## DIP TERM LOAN LENDERS/AGENT

Bennett Management Corporation
GoldenTree Asset Management, LP
Litespeed Management LLC
Mackay Shields LLC
Wilmington Trust FSB
Bank of America, N.A.

## HOLDERS OF THE 12 ½ NOTES

Tontine Capital Partners, L.P.

**INDENTURE TRUSTEE FOR THE 12 ½ NOTES**

United States Trust Company of New York

**MEMBERS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Dana Holding Corporation
Gerdau Ameristeel
Sadoff & Rudoy Industries, LLP
The Timken Co.
Wisconsin Electric Power Company

**PROFESSIONALS RETAINED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

MorrisAnderson & Associates, Ltd.

**PARTIES REQUESTING NOTICE (as of 3/1/10)**

Airgas, Inc.
Linamar Corporation
Azcon Corp, Div. of Blue Tee Corp.
General Engine Products LLC
Pension Benefit Guaranty Corporation

## EXHIBIT B

MA&A receives referrals from and does work directly for several parties involved in this case in matters entirely unrelated to this case. The following is a list of those parties.

- Bank of America and its affiliated companies
- Wachovia and Wells Fargo and its affiliated companies
- General Electric and its affiliated companies
- Sidley & Austin
- Goldberg Kohn
- Greenberg Traurig
- Frost Brown & Todd
- Freeborn & Peters

# EXHIBIT B

# MA&A WORK/PROJECT AUTHORIZATION

In accordance with our Agreement for Consulting Services dated the 23rd day of February, 2010 the undersigned Client hereby authorizes MA&A to undertake the following work and/or projects, at the specified fees, all as stated below:

## DESCRIPTION OF WORK TO BE PERFORMED

1.    Assistance to the Committee in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

2.    Assistance to the Committee with information and analyses required pursuant to a possible Debtor-In-Possession ("DIP") financing, including, but not limited to, preparation for hearings regarding the use of cash collateral and DIP financing;

3.    Assistance with a review of any of the Debtors' proposed key employee bonus and other critical employee benefit programs;

4.    Assistance and advice to the committee with respect to the Debtors' identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

5.    Assistance with a review of the Debtors' performance of cost/benefit evaluations with respect to the affirmation or rejection of various executor contracts and leases;

6.    Assistance regarding the evaluation of business operations and identification of areas of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

7.    Assistance in the review of financial information distributed by the Debtors to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

8.    Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these Chapter II Cases, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

9.    Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan of reorganization in these Chapter 11 Cases, including consideration of the proposed valuation of the new entity;

10.    Render such other general business consulting or such other assistance as to the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these Chapter 11

cases.

## CONSULTING PROJECT FEES

- $100,000 monthly fixed fee for the first six (6) months or portions thereof; and
- $50,000 monthly fixed fee for all subsequent months or portion thereof.
- Additionally, reasonable out-of-pocket fees and expenses to be reimbursed.

MA&A is to be reimbursed by Debtor for all reasonable expenses incurred under this Work Authorization in accordance with the terms specified under Agreement for Consulting Services dated February 23, 2010.

Upon signing of this Authorization, MA&A will receive a retainer of $0 prior to commencement of the activities described herein. Subject to the provisions of the Agreement for Consulting Services and any Administrative Order entered by the Court, hourly fees and expenses will be billed and payable on a monthly basis. The retainer above will be held by MA&A as security for the payment of all fees and expenses due hereunder and will be applied to the last $0 of fees and expenses due and payable hereunder.

## CANCELLATION

This Authorization can be canceled by either party at any time prior to the completion of this Authorization in accordance with Paragraph 6 of the Agreement.

The Official Committee of Unsecured Creditors of Neenah Enterprises, Inc. DIP, et. al.

Dated: _3-19-2010_        By: _Frank Villare_

# AGREEMENT for CONSULTING SERVICES

This Agreement for Consulting Services ("Agreement") is made and entered into this 23rd day of February, 2010, by and between MorrisAnderson & Associates, Ltd., a corporation duly organized and existing under the laws of the State of Illinois, with corporate offices located at 55 West Monroe Street, Suite 2500, Chicago, IL 60603 (hereinafter referred to as "MA&A") and THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RE: NEENAH ENTERPRISES, INC. DIP, et. al. (hereinafter referred to as "Client" and "Debtors", respectively). In consideration of the mutual covenants herein contained, the parties agree as follows:

1.  **Scope of Work.**  From time to time, Client shall call upon MA&A to provide adequate qualified personnel to perform services for Client. This document is a general definition of the terms and considerations under which those projects are to be performed. The Work/Project Authorization attached hereto sets forth the scope of the engagement (the "Authorization"). If the Authorization does not cover the terms and conditions of this Agreement, the terms and conditions of this Agreement shall control. In the event of conflict between the terms of the Authorization and the terms of this Agreement, the terms of the Authorization shall control.

2.  **Compensation.**  MA&A shall be paid for any work undertaken at the agreed upon hourly rates contained in the Authorization from the estates of Debtors subject to court approval. MA&A acknowledges that payment of fees is subject to Court approval and that interim payment of fees will only be made by the Debtors in compliance with any Administrative Order entered by the Court. MA&A hereby acknowledges and agrees that neither the Client, nor any members of the Committee, nor counsel to the Committee are liable to it for payment of any fees of MA&A in connection with this Agreement.

3.  **Reimbursement of Expenses.**       MA&A shall be reimbursed for all expenses incurred directly relating to any work undertaken hereunder by the Debtors' estates, subject to court approval. Such expenses include but are not limited to: travel, lodging, meals, equipment and vehicle rental, and telephone, fax and photocopying charges.    MA&A acknowledges that reimbursement of expenses is subject to Court approval and that interim reimbursement of expenses will only be made by the Debtors in compliance with any Administrative Order entered by the Court. MA&A hereby acknowledges and agrees that neither the Client, nor any members of the Committee, nor counsel to the Committee are liable to it for payment of any expenses of MA&A in connection with this Agreement.

4.  **Rights to Work Product.** Client shall retain exclusive rights to ownership of all work product hereunder. Work product includes reports issued pursuant to any Authorization, but excludes, among other things, all working papers of MA&A and any correspondence, memoranda, calculations, notes, etc. that MA&A may have used in the development of the reports above or such working papers or in the performance of any

work covered by an Authorization.  With Client's consent, MA&A shall have the right however to designate, in writing, certain work product, as belonging to MA&A, prior to the creation of such work product and such designated work product will be the exclusive property of MA&A.

5.      **Cancellation.**      N/A

6.      **Limitation of Liability.**      MA&A assumes no responsibility or liability under this Agreement other than to render the services called for hereunder in good faith and with reasonable care.   MA&A shall not be responsible for any action taken by Client in following or in declining to follow any advice or recommendations of MA&A.   MA&A makes no express or implied representations and/or warranties to Client with respect to any conclusions that MA&A will reach any opinions that MA&A will render in performing the work under this Agreement.  MA&A shall not be liable for any consequential or special damages arising out of the performance of the work or the failure to perform the work or services or for counsel given.

7.      **Confidentiality and Independence.**      MA&A will maintain in strict confidence any and all information of a non-public nature relating to Client, the Debtors, these Cases or the Debtors' business that it may gain or develop in the course of its engagement by Client (including, without limitation, its own work product and advice to Client), and will not disclose any such information to any person during or after its engagement by Client except with the written consent of Client, as permitted by law or as required by court order.

MA&A receives referrals and maintains business relationships with banks, insurance companies, financial organizations, investors, attorneys, etc. on a regular basis and has a variety of financial interests.  Such relationships and interests, however, are always dealt with separately from Client's business.  In conjunction with the confidentiality agreement contained herein, MA&A will not without Client's consent during the term of this Agreement nor thereafter knowingly provide any services to any person or entity regarding Client's business, other than to Client.

8.      **Authorization.**      Client warrants and represents that this Agreement has been duly authorized by the Committee and that this Agreement represents the valid and binding obligation of Client.

9.      **Headings.**  Paragraph headings of this Agreement have been inserted for convenience of reference only and shall not be construed to affect the meaning of this Agreement.

10.     **Governing Law.**     The terms of this Agreement shall be construed, interpreted and enforced under laws of the State of Delaware without regard to the State of Delaware rules concerning conflicts of laws.

11.     **Counterparts.**      This  Agreement  may  be  executed  in  any  number  of

counterparts and by different parties hereto in separate counterparts and transmitted by facsimile to the other parties, each of which when so executed and delivered by facsimile shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date first above written.

The Official Committee of Unsecured Creditors of Neenah Enterprises, Inc. DIP, et.al.

MorrisAnderson & Associates, Ltd.

By: _David F Gouley_          By: _Fund Villare_
Its ____ Principal & COO            Its _Chairman_

Dated: _3/18/10_              Dated: _3-19-2010_