## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: April 7, 2010 at 11:30 a.m. (ET)<br>Objection Deadline: March 31, 2010 at 4 p.m. (ET) |

### MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO SECTIONS 501, 502, AND 1111(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULE 2002-1(e) ESTABLISHING CERTAIN DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court (the "Motion") pursuant to sections 501, 502, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order (i) establishing deadlines for certain parties in interest to file proofs of claim against the Debtors in these chapter 11 cases and (ii) approving the form and manner of notice thereof. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

## STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have not yet filed their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), but they expect to file the Schedules prior to the hearing on this Motion.

3. On February 12, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 501, 502, and 1111(b) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e).

## RELIEF REQUESTED

5. By this Motion, the Debtors seek the entry of an order, in substantially the form attached hereto as Exhibit A (the "Bar Date Order"), establishing certain deadlines for the filing of Proofs of Claim (as defined below) in these chapter 11 cases and approving the form and manner of notice thereof. Specifically, the Debtors request that the Court:

    a) establish **May 21, 2010 at 4:00 p.m.** (prevailing Eastern Time) (the "General Bar Date") as the deadline for all persons and entities (excluding

governmental units, as such term is defined in section 101(27) of the Bankruptcy Code) holding a claim against any of the Debtors to file a Proof of Claim, except as otherwise set forth herein;

b) establish **August 6, 2010, at 4:00 p.m.** (prevailing Eastern Time) (the "Governmental Unit Bar Date") as the deadline for each governmental unit holding a claim against any of the Debtors to file a Proof of Claim;

c) except as otherwise set forth in any order of this Court authorizing the Debtors' rejection of an executory contract or unexpired lease, establish the later of (i) the General Bar Date or (ii) thirty (30) days after the entry of any order of this Court authorizing the Debtors' rejection of an executory contract or unexpired lease as the deadline (the "Rejection Damages Bar Date" and together with the General Bar Date and the Governmental Unit Bar Date, the "Bar Dates") on or before which a Proof of Claim for any alleged damages resulting from the Debtors' rejection of such executory contract or unexpired lease must be filed.

## ESTABLISHMENT OF THE BAR DATES

6. Bankruptcy Rule 3003(c)(3) governs the filing of Proofs of Claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which Proofs of Claim must be filed in chapter 11 cases.[2] Here, the Debtors propose to give all creditors and parties in interest approximately forty (40) days' notice of the General Bar Date.

7. The Debtors' goal is to complete their restructuring and emerge from chapter 11 as soon as possible. To that end, the Debtors contemplate scheduling a hearing on approval of the disclosure statement for their plan of reorganization for April 27, 2010, with the

---

[2] However, section 502(b)(9) of the Bankruptcy Code provides that governmental units shall have a minimum of 180 days after the commencement of a voluntary chapter 11 case to file their Proofs of Claim.

plan solicitation process beginning shortly thereafter. As a result, the Debtors will require, as soon as practicable, complete and accurate information regarding the nature, validity, amount, and status of all claims against the Debtors that will be asserted in these chapter 11 cases. For this reason, the Debtors seek to establish the Bar Dates in order to determine, on an expedited basis, the amount and nature of all claims that may be asserted against the Debtors.

8. <u>General Bar Date</u>. The Debtors request that the Court establish **May 21, 2010 at 4:00 p.m.** (prevailing Eastern Time) as the General Bar Date. No later than three (3) business days following the entry of the Bar Date Order (the "<u>Service Date</u>"), the Debtors intend to provide notice of the Bar Dates, in substantially the form of the notice attached hereto as <u>Exhibit C</u> (the "<u>Bar Date Notice</u>"), by mailing a copy of the Bar Date Notice, together with a Proof of Claim form,[3] by first-class U.S. mail, postage prepaid, to the following persons and entities (collectively, the "<u>Bar Date Notice Parties</u>"):

a) counsel to the U.S. Trustee;
b) counsel to the Committee;
c) all persons and entities that have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date the Bar Date Order is entered;
d) counsel to the agent for the Debtors' prepetition secured lenders;
e) counsel to the ad hoc committee of the holders of 9.5% secured notes;
f) the indenture trustee for the holders of the 9.5% secured notes;
g) counsel to the holders of the 12.5% subordinated notes;
h) counsel to the agents for the Debtors' post-petition lenders;
i) any labor organizations that are parties to collective bargaining agreements with the Debtors and their counsel, if known;
j) all entities that have filed claims against the Debtors as of the date the Bar Date Order is entered;

---

[3] The Proof of Claim form is substantially in the form of Official Bankruptcy Form B10 but has been modified, and may be further modified in certain limited respects, to accommodate the claims process in these chapter 11 cases.

k) all known creditors of the Debtors and other known holders of potential claims against the Debtors as of the date the Bar Date Order is entered;

l) all parties to executory contracts and unexpired leases with any Debtor, using the last known address for each such party;

m) all parties to litigation with the Debtors, using the last known address for each such party and its counsel (if known);

n) the Internal Revenue Service and all other federal, state and local governmental units that are entitled to notice of the Bar Date Order; and

o) such additional entities as may be deemed appropriate by the Debtors.

9. The General Bar Date would be the date by which all persons and entities (excluding governmental units) holding prepetition claims against the Debtors must file Proofs of Claim unless they fall within one of the exceptions set forth in this Motion. Subject to such exceptions, the General Bar Date would apply to all persons or entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4), (5) and (8) and 503(b)(9) of the Bankruptcy Code), and unsecured non-priority claims.

10. The Debtors also propose that the filing of a Proof of Claim be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code (which, despite their administrative priority status, are prepetition claims); provided, however, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by Proof of Claim.

11. Governmental Unit Bar Date. Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules

or a court order] may provide. . . ." 11 U.S.C. § 502(b)(9). Accordingly, the Debtors propose to establish **August 6, 2010, at 4:00 p.m.** (prevailing Eastern Time) as the deadline for all governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim against the Debtors in these chapter 11 cases. The Governmental Unit Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from (i) prepetition tax years or periods or (ii) prepetition transactions to which the Debtors were a party.

12. <u>Rejection Damages Bar Date</u>. The Debtors anticipate that certain persons or entities may assert claims ("<u>Rejection Damages Claims</u>") for damages resulting from the Debtors' rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtors propose that the Court establish the Rejection Damages Bar Date as the deadline for filing Proofs of Claim on account of any Rejection Damages Claims.

**PARTIES REQUIRED TO FILE PROOFS OF CLAIM**

13. The proposed Bar Date Order provides that each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust or governmental unit) asserting a claim against one or more of the Debtors shall be required to file a separate Proof of Claim in the bankruptcy case of each Debtor against which such claim is asserted. Each Proof of Claim must substantially comply with Official Bankruptcy Form 10, as modified in the form attached hereto as <u>Exhibit B</u> (a "<u>Proof of Claim</u>"), and must be <u>actually received</u> on or before the applicable Bar Date by The Garden City Group, Inc. ("<u>GCG</u>"), the Court-approved claims and noticing agent in these chapter 11 cases. Proofs of Claim sent to GCG via first-class mail must be addressed to The Garden City

Group, Inc., <u>attn</u>: Neenah Enterprises Claims Processing, P.O. Box 9594, Dublin, OH 43017-4894. Proofs of Claim sent to GCG via hand delivery or overnight courier must be addressed to The Garden City Group, Inc., <u>attn</u>: Neenah Enterprises Claims Processing, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017. **Proofs of Claim will be deemed timely filed only if <u>actually received</u> by GCG on or before the applicable Bar Date.** GCG will not accept Proofs of Claim that are sent by facsimile, telecopy, e-mail or any other form of electronic transmission.

### PARTIES NOT REQUIRED TO FILE PROOFS OF CLAIM

14. The Debtors propose that the following persons or entities not be required to file Proofs of Claim in these chapter 11 cases:

   a) any person or entity that has already properly filed a Proof of Claim against the applicable Debtor(s) with either GCG or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware in a form substantially similar to Official Bankruptcy Form 10;

   b) any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, <u>and</u> (ii) whose claim is not described in the Schedules as "disputed," "contingent," or "unliquidated," <u>and</u> (iii) who does not dispute the amount or characterization of its claim (including on grounds that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules) as set forth in the Schedules;[4]

   c) any professionals retained by the Debtors or the Committee pursuant to orders of this Court (including any "ordinary course" professionals retained by the Debtors pursuant to this Court's approval) who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

   d) any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; <u>provided, however</u>, that any person or entity that asserts a claim pursuant to section 503(b)(9) of the Bankruptcy Code on account of goods received by the

---

[4] The Debtors will retain the right to amend or supplement the Schedules, if necessary, to change the amount, priority or characterization of any claim set forth therein or to subsequently designate any such claim as disputed, contingent or unliquidated. If the Debtors amend or supplement the Schedules after the Service Date (i) to reduce the undisputed, non-contingent and liquidated amount of any claim, (ii) to change the nature or characterization of a claim, or (iii) to add a new claim to the Schedules, the affected claimants will, in accordance with Local Rule 1009-2, be afforded twenty (20) days from the date of service by the Debtors of the notice of the applicable amendment or supplement to the Schedules to file a Proof of Claim on account of such claims, if necessary.

Debtors within the twenty day period preceding the Petition Date must file a Proof of Claim on or before the General Bar Date;

e) current or former officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or post-petition services to the Debtors;

f) any Debtor asserting a claim against another Debtor;

g) any entity whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under that certain Amended and Restated Loan and Security Agreement, dated as of December 29, 2006 (the "Prepetition Credit Agreement"), by and among Neenah Foundry Company ("Neenah") and certain of its subsidiaries as borrowers, Bank of America, N.A. as agent, and the lenders party thereto from time to time, with claims arising thereon or thereunder referred to herein as the "Prepetition Credit Facility Claims"); provided, however, that any holder of a Prepetition Credit Facility Claim that asserts a claim other than a Prepetition Credit Facility Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

h) any entity whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under (i) the 9.5% Senior Secured Notes due 2017 issued by Neenah or (ii) the 12.5% Senior Subordinated Notes due 2013 issued by Neenah (collectively the "Notes"), with claims relating to the Notes and/or their respective indentures (collectively, the "Notes Indentures") being referred to herein as the "Note Claims"), including any indenture trustee for the holders of the Note Claims; provided, however, that any holder of a Note Claim that wishes to assert a claim other than a Note Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date unless another exception in this paragraph applies;

i) any entity whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under the Debtors' post-petition credit facilities, which the Court approved on an interim basis on February 4, 2010 (the "DIP Facilities"), with claims arising thereon or thereunder referred to herein as the "DIP Facility Claims"); provided, however, that any holder of a DIP Facility Claim that asserts a claim other than a DIP Facility Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

j)  any person or entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the General Bar Date; and

k)  any person or entity whose claim against the Debtors has been paid in full by any of the Debtors pursuant to an order of the Court entered on or before the General Bar Date.

## NO REQUIREMENT TO FILE PROOFS OF INTEREST

15. The Debtors additionally wish to clarify that any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based solely upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability company, or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), shall not be required to file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders that wish to assert *claims* against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the purchase, sale, issuance, or distribution of an Interest, shall be required to file Proofs of Claim on or before the General Bar Date unless one or more of the exceptions enumerated in the preceding paragraph applies.

## EFFECT OF FAILURE TO FILE PROOFS OF CLAIM

16. The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a timely Proof of Claim in the form and manner specified in the Bar Date Order and who fails to do so on or before the applicable Bar Date: (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases; (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan of reorganization in these proceedings; and (iii) shall not receive or be entitled to

receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim, pursuant to the Debtors' plan of reorganization or otherwise.

### PROPOSED PROCEDURES FOR PROVIDING NOTICE OF BAR DATES AND OF THE PROCEDURES FOR FILING PROOFS OF CLAIM

17. The Debtors intend to provide notice of the Bar Dates on the Service Date by mailing a copy of the Bar Date Notice, together with a Proof of Claim form, by first-class U.S. mail, postage prepaid, to each of the Bar Date Notice Parties. Mailing the Bar Date Notice no later than the Service Date will ensure that the Bar Date Notice Parties receive no less than forty (40) days' notice of the General Bar Date, which notice would comport with the minimum twenty one (21) day notice period required under Bankruptcy Rule 2002(a)(7).

18. Furthermore, the Debtors intend to provide notice of the Bar Dates to unknown creditors by causing a copy of the notice attached hereto as Exhibit D (the "Publication Notice") to be published at least once no later than twenty (21) days prior to the General Bar Date in the national editions of the Wall Street Journal and USA Today. In the Debtors' judgment, these publications are likely to reach the widest possible audience of creditors who may not otherwise have notice of these chapter 11 cases.

19. The Bar Date Notice and the Publication Notice will: (i) set forth the Bar Dates; (ii) advise creditors under what circumstances they must file a Proof of Claim under Bankruptcy Rules 3002(c)(2) and 3003(c)(3) or an order of this Court, as applicable; (iii) alert creditors to the consequences of failing to timely file a Proof of Claim, as set forth in Bankruptcy Rule 3003(c)(2) or an order of this Court, as applicable; (iv) set forth the addresses to which Proofs of Claim must be sent for filing; and (v) notify creditors that (a) Proofs of Claim must be filed with original signatures and supporting documentation and (b) facsimile or e-mail filings of Proofs of Claim are not acceptable and shall not be valid for any purpose. The Debtors submit

that the Bar Date Notice and the Publication Notice will provide creditors with sufficient information to file properly prepared and executed Proofs of Claim in a timely manner.

## LEGAL BASIS FOR THE DEBTORS' NOTICE PROCEDURES

20. In conjunction with the setting of the General Bar Date and the Governmental Unit Bar Date, the Debtors must ensure that interested parties receive appropriate notice of such deadline. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. See Chemetron Corp. v. Jones (In re Chemetron Corp.), 72 F.3d 341, 345 (3d Cir. 1995). As the Chemetron court explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by publication will generally suffice." Id. at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." Id. (citing Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." Chemetron, 71 F.3d at 346 ((citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950)).

21. In defining the efforts required to identify "known" creditors, the Third Circuit stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . . . The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are 'reasonably ascertainable' and hence 'known' creditors.

Chemetron, 72 F.3d at 346-47 (citations omitted). As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date

'depends upon the facts and circumstances of a given case.'" In re Grand Union Co., 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.), 863 F.2d 393, 396 (5th Cir. 1989), cert. denied, 493 U.S. 811 (1989)). The Debtors submit that the proposed notice procedures respecting the Bar Dates satisfy the Chemetron standard. The Debtors have identified those entities that are either known to the Debtors to hold claims against one or more Debtors or may be potential holders of claims. The Debtors identified such entities following a careful review of their books and records.

22.     The Debtors have tailored the Publication Notice to provide notice of the Bar Dates to unknown creditors throughout the United States. The Debtors believe that the Publication Notice suffices to provide adequate notice of the Bar Dates to any claimants who are unknown to the Debtors. Accordingly, the Debtors believe that the Publication Notice constitutes good and sufficient notice to "unknown" creditors, as defined in Chemetron.

## NOTICE

23.     Notice of this Motion has been provided to: (i) counsel to the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent for the Debtors' prepetition secured lenders; (iv) counsel to the agents for the Debtors' post-petition lenders; (v) counsel to the ad hoc committee of the holders of the 9.5% secured notes; (vi) counsel to the holders of the 12.5% subordinated notes; and (vii) those parties requesting notice pursuant to Bankruptcy Rule 2002(i), in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Bar Date Order, in substantially the form attached hereto as <u>Exhibit A</u>, (i) establishing the Bar Dates, (ii) approving the form and manner of notice of the Bar Dates and the Bar Date Order, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       March 23, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Brett H. Myrick
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION