# EXHIBIT A

(Bar Date Order)

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket No _____ |

**ORDER PURSUANT TO SECTIONS 501, 502, AND 1111(a)
OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002 AND
3003(c)(3), AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES
FOR FILING PROOFS OF CLAIM AND APPROVING
THE FORM AND MANNER OF NOTICE THEREOF**

Upon the Motion[2] of the above-captioned Debtors for entry of an order pursuant to sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e) for entry of an order (i) establishing deadlines for filing Proofs of Claim against the Debtors in these chapter 11 cases and (ii) approving the form and manner of notice thereof; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances and in accordance with Local Rule 2002-1(e); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Motion.

ORDERED, that the relief requested in the Motion is granted; and it is further

ORDERED, that each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit, that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against which such person or entity asserts a claim; and it is further

ORDERED, that except as otherwise provided herein, any person and entity (excluding any governmental unit) asserting a claim against one or more Debtors in these chapter 11 cases shall file a Proof of Claim so that it is received by The Garden City Group, Inc. ("GCG") on or before **May 21, 2010 at 4:00 p.m. (prevailing Eastern Time)**; and it is further

ORDERED, that all governmental units (as defined in section 101(27) of the Bankruptcy Code) asserting claims against one or more Debtors shall file a Proof of Claim so that it is received by GCG on or before **August 6, 2010 at 4:00 p.m. (prevailing Eastern Time)**; and it is further

ORDERED, that if any Debtor rejects an executory contract or an unexpired lease pursuant to 365 of the Bankruptcy Code, Proofs of Claim on account of any Rejection Damages Claims shall be filed so that they are received by GCG on or before the later of (i) the General Bar Date and (ii) thirty (30) days after the effective date of such rejection; and it is further

ORDERED, that Proofs of Claim sent to GCG via first-class mail shall be addressed to The Garden City Group, Inc., attn: Neenah Enterprises Claims Processing, P.O. Box 9594, Dublin, OH 43017-4894; Proofs of Claim sent to GCG via hand delivery or overnight courier must be addressed to The Garden City Group, Inc., attn: Neenah Enterprises Claims Processing, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; and it is further

ORDERED, that Proofs of Claim mailed or delivered to GCG shall be deemed timely filed only if <u>actually received</u> by GCG on or before the applicable Bar Date at one of the applicable addresses listed above; and it is further

ORDERED, that GCG shall not be required to accept Proofs of Claim by sent facsimile, telecopy, e-mail or other electronic submission; and it is further

ORDERED, that the following persons or entities shall not be required to file Proofs of Claim in these chapter 11 cases:

a) any person or entity that has already properly filed a Proof of Claim against the applicable Debtor(s) with either GCG or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware in a form substantially similar to Official Bankruptcy Form 10;

b) any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, <u>and</u> (ii) whose claim is not described in the Schedules as "disputed," "contingent," or "unliquidated," <u>and</u> (iii) who does not dispute the amount or characterization of its claim (including on grounds that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules) as set forth in the Schedules;[3]

c) any professionals retained by the Debtors or the Committee pursuant to orders of this Court (including any "ordinary course" professionals retained by the Debtors pursuant to this Court's approval) who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

d) any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; <u>provided, however,</u> that any person or entity that asserts a claim pursuant to section 503(b)(9) of the Bankruptcy Code on account of goods received by the Debtors within the twenty day period preceding the Petition Date must file a Proof of Claim on or before the General Bar Date;

---

[3] The Debtors shall retain the right to amend or supplement the Schedules, if necessary, to change the amount, priority or characterization of any claim set forth therein or to subsequently designate any such claim as disputed, contingent or unliquidated. If the Debtors amend or supplement the Schedules after the Service Date (i) to reduce the undisputed, non-contingent and liquidated amount of any claim, (ii) to change the nature or characterization of a claim, or (iii) to add a new claim to the Schedules, the affected claimants shall, in accordance with Local Rule 1009-2, be afforded twenty (20) days from the date of service by the Debtors of the notice of the applicable amendment or supplement to the Schedules to file a Proof of Claim on account of such claims, if necessary.

e) current or former officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or post-petition services to the Debtors;

f) any Debtor asserting a claim against another Debtor;

g) any entity whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under that certain Amended and Restated Loan and Security Agreement, dated as of December 29, 2006 (the "Prepetition Credit Agreement"), by and among Neenah Foundry Company ("Neenah") and certain of its subsidiaries as borrowers, Bank of America, N.A. as agent, and the lenders party thereto from time to time, with claims arising thereon or thereunder referred to herein as the "Prepetition Credit Facility Claims"); provided, however, that any holder of a Prepetition Credit Facility Claim that asserts a claim other than a Prepetition Credit Facility Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

h) any entity whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under (i) the 9.5% Senior Secured Notes due 2017 issued by Neenah or (ii) the 12.5% Senior Subordinated Notes due 2013 issued by Neenah (collectively the "Notes"), with claims relating to the Notes and/or their respective indentures (collectively, the "Notes Indentures") being referred to herein as the "Note Claims"), including any indenture trustee for the holders of the Note Claims; provided, however, that any holder of a Note Claim that wishes to assert a claim other than a Note Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date unless another exception in this paragraph applies;

i) any entity whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under the Debtors' post-petition credit facilities, which the Court approved on an interim basis on February 4, 2010 (the "DIP Facilities"), with claims arising thereon or thereunder referred to herein as the "DIP Facility Claims"); provided, however, that any holder of a DIP Facility Claim that asserts a claim other than a DIP Facility Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

j) any person or entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the General Bar Date; and

        k)        any person or entity whose claim against the Debtors has been paid in full by any of the Debtors pursuant to an order of the Court entered on or before the General Bar Date.

and it is further

        ORDERED, that any Interest Holder whose interest is based solely upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability company, warrants or rights to purchase, sell or subscribe to such a security or interest, need not file a proof of interest on or before the General Bar Date; <u>provided</u>, <u>however</u>, that Interest Holders that wish to assert *claims* against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the purchase, sale, issuance, or distribution of an Interest, must file Proofs of Claim on or before the General Bar Date, unless another of the exceptions enumerated above applies; and it is further

        ORDERED, that any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Bar Date Order and who fails to do so on or before the applicable Bar Date (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases; (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan of reorganization in these proceedings; and (iii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim; and it is further

        ORDERED, that the Proof of Claim form, in substantially the form attached to the Motion as <u>Exhibit B</u>, and the Bar Date Notice, in substantially the form attached to the Motion as <u>Exhibit C</u>, are hereby approved in all respects; and it is further

        ORDERED, that the Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Bar Date Order to all known creditors of the Debtors

if it is served, together with the Proof of Claim form, by being deposited in first-class U.S. mail, postage prepaid no later than three (3) business days following the entry of this Bar Date Order, upon all Bar Date Notice Parties; and it is further

ORDERED, that the Debtors shall publish the Publication Notice, substantially in the form attached to the Motion as <u>Exhibit D</u>, in the national editions of the <u>Wall Street Journal</u> and <u>USA Today</u> at least once no later than twenty (21) days prior to the General Bar Date, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the Bar Dates by publication; and it is further

ORDERED, that nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party-in-interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated; and it is further

ORDERED, that the Debtors are hereby authorized and empowered to take such steps, expense such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Bar Date Order.

Dated: _____, 2010
Wilmington, Delaware

                                                                         MARY F. WALRATH
                                                                         UNITED STATES BANKRUPTCY JUDGE