UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360-MFW |
| Debtors. | Jointly Administered |

## VERIFIED STATEMENT OF
## STROOCK & STROOCK & LAVAN LLP AND
## RICHARDS, LAYTON & FINGER, P.A. PURSUANT TO BANKRUPTCY RULE 2019

**KRISTOPHER M. HANSEN and DANIEL J. DEFRANCESCHI** each certify as follows:

1. I, Kristopher M. Hansen, am an attorney at law and a member of the law firm of Stroock & Stroock & Lavan LLP ("Stroock"). I am an attorney in good standing admitted to practice before the courts in the State of New York and the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeal for the Second and Third Circuits and the United States Supreme Court.

2. I, Daniel J. DeFranceschi, am an attorney at law and a member of the law firm of Richards, Layton & Finger, P.A. ("RLF"). I am a member in good standing of the Bar of the Supreme Court of the State of Delaware, the United States District Court for the District of Delaware, and the United States Court of Appeals for the Third Circuit.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54956.

3. This verified statement is provided in connection with Stroock and RLF's representation of a committee formed by certain holders (collectively, the "Ad Hoc Committee of Secured Noteholders"), on behalf of certain funds and managed accounts, of the 9.5% Senior Secured Notes due 2017 (the "Secured Notes") issued by Neenah Foundry Company (the "Company"), in connection with the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").

4. The Ad Hoc Committee of Secured Noteholders was formed in June 2009 and is comprised of GoldenTree Asset Management LP (on behalf of certain funds and/or accounts managed by it) and MacKay Shields LLC (on behalf of certain funds and/or accounts managed by it). The Ad Hoc Committee does not represent any creditors other than its members, and is expressly not assuming any obligations either contractually or otherwise to represent the interests of any other parties including any other holders of Secured Notes, unless such holders become members of the Ad Hoc Committee.

5. As of the date hereof, each member of the Ad Hoc Committee of Secured Noteholders is acting on behalf of a creditor of the Debtors. The aggregate principal amount of Secured Notes held by the members of the Ad Hoc Committee of Secured Noteholders is approximately $125,425,000 of the $225,000,000 aggregate principal amount of Secured Notes issued and outstanding. The amounts of claims or interests held by each member of the Ad Hoc Committee of Secured Noteholders, the times when acquired since the filing of these cases (the "Petition Date") and the amounts paid therefor, are set forth on Exhibit A attached hereto. Certain funds and/or accounts managed by GoldenTree Asset Management LP acquired approximately $25,000,000 of Secured Notes on December 15, 2006, which was more than one year prior to the Petition Date. Certain funds and/or accounts managed by MacKay Shields LLC

acquired approximately $59,555,000 of Secured Notes on December 15, 2006, which was more than one year prior to the Petition Date. The attached Annex A is consistent with Rule 2019(a)(2) as it lists the transactions in such claims beginning at the period of one year prior to the Petition Date. On February 12, 2010, the time of formation of the Ad Hoc Committee, certain funds and/or accounts managed by GoldenTree Asset Management LP owned approximately $56,837,000 of Secured Notes and certain funds and/or accounts managed by MacKay Shields LLC owned approximately $68,588,000 of Secured Notes.

6. Shortly after its formation in June 2009, the Ad Hoc Committee of Secured Noteholders retained Stroock as its counsel to enter into discussions with the Debtors regarding a restructuring of the Debtors. A copy of the engagement letter entered into between Stroock and the members of the Ad Hoc Committee of Secured Noteholders is attached hereto as Exhibit B (the "Stroock Engagement Letter"). The Ad Hoc Committee of Secured Noteholders retained RLF as its counsel in December 2009. A copy of the engagement letter entered into between RLF and Stroock, on behalf of the Ad Hoc Committee of Secured Noteholders, is attached hereto as Exhibit C.

7. There is no instrument whereby the Ad Hoc Committee of Secured Noteholders is empowered to act on behalf of creditors, except as may be set forth in the Stroock Engagement Letter.

8. Pursuant to the Final Order, dated March 9, 2010, (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral Of Prepetition Secured Entities, (II) Granting Adequate Protection To Prepetition Secured Entities, and (III) Granting Related Relief (the "Final DIP Order"), the Debtors are required to pay the reasonable fees and

expenses of Stroock and RLF in connection with their representation of the Ad Hoc Committee of Secured Noteholders and the DIP Term Lenders (as defined in the Final DIP Order). The Debtors are also obligated to pay the reasonable fees and expenses of Stroock pursuant to an engagement letter between Stroock and the Company, dated November 18, 2009.

9. Neither Stroock nor RLF owns, nor have either of them ever owned, any claims against the Debtors or any equity securities of the Debtors, except for claims for services rendered to the Ad Hoc Committee of Secured Noteholders.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10. The undersigned certify that this Statement is true and accurate, to the best of their knowledge and belief. Stroock and RLF reserve their right to revise and supplement this Statement as needed.

Dated: March 31, 2010
      Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Daniel J. DeFranceschi*

Daniel J. DeFranceschi, Esq. (No. 2732)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302)-651 7700
Facsimile: (302) 651-7701

-and-

Dated: March 31, 2010
      New York, New York

*/s/ Kristopher M. Hansen*

STROOCK & STROOCK & LAVAN LLP
Kristopher M. Hansen, Esq.
Lori E. Kata, Esq.
Marianne Mortimer, Esq.
180 Maiden Lane
New York, New York 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Counsel to the Ad Hoc Committee of Secured Noteholders*