# Exhibit A

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | ss: |
| COUNTY OF CUYAHOGA | ) | |

William E. Coughlin, being duly sworn, deposes and says:

1.    I am a Partner of Calfee, Halter & Griswold LLP (the "Firm"), which maintains offices at 1400 KeyBank Center, 800 Superior Avenue, Cleveland, Ohio 44114.

2.    This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about March 9, 2010, authorizing the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3.    The Firm has represented and advised the Debtors as environmental legal counsel with respect to certain aspects of the Debtors' business operations.  The Debtors have

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300).  The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis in the course of these chapter 11 cases.

4.    The Firm's current customary rates for the attorneys who have been providing services to the Debtors, subject to change from time to time, are $290-$425 per hour. In the normal course of its business, the Firm revises its billing rates on January of each year and requests that, effective January of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5.    The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

6.    As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties-in-interest in these chapter 11 cases.

7.    Neither I nor any partner of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the partners and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

8.    Neither I nor any partner of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

{00784529.DOCX;1 }

9.    As of the Petition Date, the Debtors owed the Firm $56,815.05 for

prepetition services.  Subsequent to the Petition Date, on February 4, 2010, the Firm received a

$79,629.68 payment for its services from the Debtors' insurer.  After applying the monies

received from the insurer to the prepetition amounts owed, the Firm continues to hold

$22,814.63 in its IOLTA account for the benefit of the Debtors.

10.    The Firm is conducting further inquiries regarding its retention by any

creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of

its employment, if the Firm should discover any facts bearing on the matters described herein,

the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2010

William E. Coughlin

Sworn to and subscribed before me
this _3/st_ day of _MARCH_ , 2010

Notary Public

KATHLEEN T. MILLARD
Notary Public, State of Ohio
My Commission Expires
July 24, 2011