## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") are filing their respective schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methodology and Disclaimer regarding the Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements.  These Global Notes should be referred to and reviewed in connection with the Schedules and Statements.

The Schedules and Statements have been prepared based on information provided by the Debtors' management and are unaudited and subject to potential adjustment.  In preparing the Schedules and Statements, the Debtors and their advisors relied on financial data derived from the Debtors' books and records that were available at the time of preparation.  The Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist.  The Debtors reserve the right to amend or supplement their Schedules and Statements.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

**Reservation of Rights**.  Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to any aspect of their chapter 11 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

**Description of the Chapter 11 Cases and "As of" Information Date**.  On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On February 4, 2010, the Bankruptcy Court entered an order jointly administering the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are currently operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Debtors each filed for bankruptcy protection during the middle of the business day on the Petition Date.  Because it is impractical and difficult to determine assets and liabilities during the middle of a business day, the Debtors elected to close their books as of the end of the business day immediately prior to the Petition Date, with certain adjustments for material, identifiable transactions that occurred between midnight and the filing of the petitions on the Petition Date, provided that income/loss and asset values are presented as they appeared as of the January 2010 month-end close.  Procedures were and are in place to clearly delineate pre and post-petition liabilities. Consequently, the liabilities, as presented in the Schedules and Statements, are reflective of the Debtors' prepetition liabilities as of the Petition Date.

**Basis of Presentation**.  For financial reporting purposes, prior to the Petition Date, the Debtors prepared consolidated financial statements that were audited annually and publicly filed with the Securities and Exchange Commission ("SEC"). These Schedules and Statements are unaudited and reflect the Debtors' best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.  These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to the consolidated financial statements prepared by the Debtors.  For these reasons, combining the assets and liabilities set forth in the Schedules and Statements of the Debtors could result in amounts that could be substantially different from financial information regarding the Debtors that would be prepared on a consolidated basis under GAAP.  Except where otherwise indicated, the Schedules and Statements reflect the assets and liabilities of each Debtor on a non-consolidated basis where possible.

For purposes of the Schedules and Statements, the Debtors used reasonable efforts to attribute the assets and liabilities of each of their businesses to the proper legal entity. While the Debtors generally record accounting entries at the individual legal entities, it is possible that not all assets or liabilities have been recorded at the correct legal entity on the Schedules and Statements. As such, the Debtors reserve all rights to amend these Schedules and Statements accordingly.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent at the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or at any time prior to the Petition Date.

**Consolidated Entity Accounts Payable and Disbursement Systems**.  The Debtors use a centralized cash management system to collect funds from operations and transfer them into their primary concentration accounts.  The Debtors also maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.  A more complete description of the Debtors' centralized cash management system can be found in the "cash management" motion the Debtors filed on the Petition Date [Docket No. 12].  Due to the centralized cash management system and the Debtors' payment practices, certain payments reflected in response to items 3b, 9 and 23 in the Statements for a specific Debtor may have been made on behalf of other affiliated Debtors.

**Confidentiality**.  There may be instances within the Schedules and Statements where certain information has been redacted or identified by account number due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The omissions or redactions will be limited to only what is necessary to protect the Debtor or such third party.

**Intercompany Claims**.  Receivables and payables exist among the Debtors (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims") and are reported as assets on Schedule B or liabilities on Schedule F, as appropriate.

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) directors, (b) officers, (c) persons in control of the Debtors, and (d) relatives of directors, officers, or persons in control of the Debtors.  Except as otherwise disclosed, payments to insiders listed in (a) through (d) above are set forth on Statement 3c.  Persons listed as "insiders" have been included for informational purposes only and such listing is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Further, the Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Excluded Assets and Liabilities**.  Liabilities resulting from accruals and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported and, therefore, do not represent specific claims as of the Petition Date and are not otherwise set forth in the Statement and Schedules.  Additionally, certain deferred charges, accounts, or reserves recorded for GAAP reporting purposes only and certain assets with a net book value of zero have not been

included in the Schedules and Statements.  Excluded categories of assets and liabilities include pension plan assets, deferred tax assets, accrued liabilities (including but not limited to, accrued salaries and employee benefits), tax accruals, and accrued accounts payable and reserves. Other immaterial assets and liabilities of the Debtors may also have been excluded.

**Summary of Significant Reporting Policies**. The following is a summary of certain significant reporting policies:

    a.    **Current Market Value — Net Book Value**.  In many instances, current market valuations are neither maintained by nor readily available to the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book values, rather than current market values, of such interests and may not reflect the net realizable value.  For this reason, amounts ultimately realized will vary, at some times materially, from net book value.

    b.    **Paid Claims**.  Pursuant to various "first-day" orders entered by the Bankruptcy Court (collectively, the "First Day Orders"), the Bankruptcy Court has authorized the Debtors to pay certain outstanding prepetition claims, including, without limitation, certain employee wages and benefit claims (including workers' compensation claims), claims for certain taxes and governmental fees, claims related to customer programs, claims of certain critical vendors and the priority claims of vendors that delivered goods within 20 days of the Petition Date, certain claims of shippers, warehousemen, customs brokers, and other potential lien claimants, and the prepetition amounts due under certain insurance programs.  Unless otherwise stated, these Schedules and Statements reflect the payments of prepetition obligations that have been made pursuant to the First Day Orders.  However, notwithstanding the Debtors' best efforts, certain claims paid pursuant to the First Day Orders may inadvertently be listed in the Schedules and Statements, and the Debtors may pay some of the claims listed on the Schedules and Statements in the ordinary course of business during these cases pursuant to such First Day Orders or other Bankruptcy Court orders.  To the extent any claims listed in the Schedules and Statements have been paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as may be appropriate.

    c.    **Setoffs**.  To the extent the Debtors incurred any ordinary course setoffs from customer/vendors, such setoffs are excluded from the Schedules and Statements.

    d.    **Credits and Adjustments**. Claims of creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert defenses and/or rights of setoff with respect to same.

e.      **Accounts Receivable**.  The accounts receivable information listed in Schedule B includes both billed and unbilled receivables from the Debtors' customers.

f.      **Leases**.  In the ordinary course of business, the Debtors lease certain fixtures and equipment from certain third-party lessors for use in the daily operation of their businesses. The underlying lease agreements are listed in Schedule G and any current amounts due under such leases that were outstanding as of the Petition Date are listed in Schedule F.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

g.      **Property and Equipment**.  Schedule B contains a listing of all property of the Debtors, including inventory, vehicles, office equipment, furnishings, supplies, machinery, fixtures, and supplies used in the Debtors' business operations. Values stated reflect the book value of such assets pursuant to the most recent fixed asset register information available for each individual Debtor.  In some cases, property is fully depreciated and carried on the Debtors' books and records at a zero value. Furthermore, in some instances, property values for *de minimis* assets are unknown and reflected in the Schedules and Statements as such.  While commercially reasonable efforts have been made, determining the current market value of each and every asset would be unduly burdensome and cost prohibitive and, therefore, the Debtors have listed the available book values in Schedule B.

**Undetermined Amounts**.  Where a description of an amount is left blank or is listed as "unknown," such response is not intended to reflect upon the materiality of such amount.

**Estimates**.  To timely close the books and records of the Debtors and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtors reserve all rights to amend the reported amounts of assets, liabilities, reported revenue, and expenses to reflect changes in those estimates and assumptions.

**Totals**.  The asset totals listed in Schedules A and B represent all known amounts included in the Debtors' books and records as of the Petition Date.  To the extent there are unknown or undetermined amounts, the actual totals may be different than the totals listed in the Schedules.

**Classifications**.  Listing a claim in (a) Schedule D as a "secured claim," (b) Schedule E as a "priority claim," (c) Schedule F as an "unsecured priority claim," or (d) listing a contract or lease in Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of any claimant, or a waiver of the Debtors' right to recharacterize or reclassify any such claim, contract or lease.

**Claims Description**.  Any failure to designate a claim in the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to

amend their Schdules in order to dispute, or to assert any offsets or defenses to, any claim reflected in their respective Schedules on any grounds including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently amend the Schedules to designate any claim as "disputed," "contingent," or "unliquidated."

**Guaranties and Other Secondary Liability Claims**.  The Debtors have used their best efforts to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") with respect to their executory contracts, unexpired leases, secured financing, debt instruments, and other such agreements; however, a review of these agreements, specifically the Debtors' leases and contracts, is ongoing.  Where such Guaranties have been identified, they have been included in the relevant Schedule for the Debtors affected by such Guaranties.  The Debtors have reflected the Guaranty obligations for both the primary obligor and the guarantors with respect to their secured financings and debt instruments in Schedule H.  However, guaranties with respect to the Debtors' contracts and leases are not included in Schedule H.  The Debtors believe that certain Guaranties with respect to the Debtors' executory contracts, unexpired leases, other secured financing, debt instruments and similar agreements may exist and, to the extent they do, will be identified upon further review.  Therefore, the Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified.

**Schedule A.**  Schedule A of a particular Debtor includes solely that Debtor's owned real property.  As noted herein, the values listed for the various properties are the net book values contained on the fixed asset register for the named Debtor.

**Schedule B.**  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions to recover assets under other relevant non-bankruptcy laws.  Some items in Schedule B, excluding item B2, are reported from the Debtors' fixed asset registers.  Bank account records listed in Schedule B2 are reflective of the account balances as of February 2, 2010.  The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

**Schedule D — Creditors Holding Secured Claims**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and/or their estates reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  Further, the Debtors have included the results of UCC searches performed prior to the Petition Date; however, the listing of such results is not and shall not be deemed an admission as to the validity or existence of any such lien.  The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  Reference to the

applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  The Debtors have not included in Schedule D the claims of parties that may believe their claims are secured through setoff rights, deposit posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies, and other parties which may hold security deposits.

The amount listed in Schedule D as owed by certain Debtors under that certain Amended and Restated Loan and Security Agreement dated as of December 29, 2006 (together with the collateral and ancillary documents related thereto, the "Prepetition Working Capital Documents") represents the aggregate principal amount outstanding under the Prepetition Working Capital Documents as of the Petition Date.  Such amount, however, has not been adjusted to reflect the Debtors' post-petition repayments of principal, interest and fees due and owing under the Prepetition Working Capital Documents.  Specifically, in accordance with the Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105,361,362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral of Prepetition Secured Entities, (II) Granting Adequate Protection to Prepetition Secured Entities, and (III) Granting Related Relief, subsequent to the Petition Date, the Debtors have repaid approximately $38,000,000.00 of the principal amount outstanding under the Prepetition Working Capital Documents.  Accordingly, as of April 1, 2010, the principal amount outstanding under the Prepetition Working Capital Documents is approximately $16,000,000.00.

**Schedule E — Creditors Holding Unsecured Priority Claims**.  Listed in the Schedule E for each of the Debtors are claims owing to various taxing authorities in jurisdictions in which the Debtors conduct business.  However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E.  Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of on-going audits or other outstanding issues.

The Debtors have not listed in Schedule E any tax, non-contingent wage, or non-contingent wage-related obligations for which the Debtors have been granted authority to pay pursuant to a First Day Order.  The Debtors believe that all such claims have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted in the relevant First Day Orders.  The Debtors reserve their right to dispute or challenge whether creditors listed in Schedule E are entitled to priority treatment of their unsecured claims.

**Schedule F — Creditors Holding Unsecured Nonpriority Claims**.  The claims listed in Schedule F are based on the Debtors' books and records as of the Petition Date, with adjustments made for payments of prepetition liabilities made pursuant to the First Day Orders.  The claims listed in Schedule F arose or were incurred on various dates prior to the Petition Date.  In certain instances, the date on which a claim arose is an open issue of fact.  While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date of incurrence for each claim listed in Schedule F.

**Schedule G — Executory Contracts and Unexpired Leases**.  The businesses of the Debtors are complex.  Although reasonable efforts have been made to ensure the accuracy of Schedule G

regarding executory contracts and unexpired leases (collectively the "Agreements"), the Debtors' review of such Agreements is ongoing and omissions may have occurred. Furthermore, the Debtors may have entered into various other types of Agreements in the ordinary course of their business operations, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements which may not be set forth in Schedule G. In addition, the Debtors have not listed in Schedule G any short-term purchase and sales orders because of their large number and transitory nature. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement in Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is otherwise valid or enforceable. The Agreements listed in Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed in Schedule G. Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed in Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth in Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed in Schedule G and (iii) to amend or supplement such Schedule as necessary. Certain of the Agreements listed in Schedule G may have been entered into or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) under certain of the Agreements could not be specifically ascertained in every circumstance.

**Schedule H — Co-Debtors**. The Debtors are party to various secured debt agreements, all of which are guaranteed by multiple Debtors. The obligations under guarantees with respect to the prepetition funded debt obligations are noted in Schedule H for each individual Debtor. Further, the Debtors may not have identified certain guarantees with respect to the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, or other such agreements.

# United States Bankruptcy Court

## District of Delaware

In re Dalton Corporation,                                             Case No. 10-10370
           Debtor

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether the schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under Chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Y | 1 | $0 | | |
| B - Personal Property | Y | 4 | $127,851 | | |
| C - Property Claimed as Exempt | N | 0 | | | |
| D - Creditors Holding Secured Claims | Y | 2 | | $291,634,052 | |
| E - Creditors Holding Unsecured Priority Claims | Y | 2 | | $0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Y | 1 | | $88,740,234 | |
| G - Executory Contracts and Unexpired Leases | Y | 1 | | | |
| H - Codebtors | Y | 4 | | | |
| I - Current Income of Individual Debtor(s) | N | 0 | | | |
| J - Current Expenditures of Individual Debtor(s) | N | 0 | | | |
| Total Number of Sheets in ALL Schedules | | 15 | | | |
| Total Assets | | | $127,851 | | |
| Total Liabilities | | | | $380,374,286 | |

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|---|
| **DESCRIPTION** | **ADDRESS** | | | | |
| NONE | | | | | |
| | | | | | |
| | | | **Total** | $                    - | |

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *See Exhibit B-2* | | $ 127,850.77 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | *See Response to B-9 for Neenah Foundry Company for Schedule of all Debtors Insurance Policies* | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. §530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the records of any such interest(s). 11 U.S.C. §521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | | *See Exhibit B-13* | | $ - |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farms supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

**Total**  $  127,850.77

4

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL (1) | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| BANK OF AMERICA, N.A. AS AGENT 9 WEST 57TH STREET NEW YORK, NEW YORK 10019 | X | | AMENDED AND RESTATED LOAN AND SECURITY AGREEMENT ENTERED 12/29/06 SECURED BY ASSETS OF NEENAH FOUNDRY AND ITS SUBSIDIARIES. | | | | $ 54,165,301.69 | $ - |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE 2 NORTH LASALLE STREET SUITE 1020 CHICAGO, IL 60602 | X | | GUARANTOR OF $225,000,000 9.5% SENIOR SECURED NOTES DUE 2017. NOTES ISSUED 12/29/06. SECURED BY ASSETS OF NEENAH FOUNDRY AND ITS SUBSIDIARIES. TOTAL PRINCIPAL AND INTEREST. | X | | | $ 237,468,750.00 | $ - |
| SAFECO CREDIT COMPANY PO BOX 7241 PASADENA, CA 91110-7421 | | | UCC LIEN ON SPECIFIED ITEM OF EQUIPMENT (HORIZONTAL MACHINING CENTER); FILED 3/28/05 | X | X | X | UNKNOWN | $ - |
| CARLYLE COMPRESSOR, STONE MOUNTAIN, PO BOX 981995, MS 543-35V, EL PASO, TX 79998 | | | UCC LIEN ON SETS OF NEW CORE BOXES; FILED 6/28/06 | X | X | X | UNKNOWN | $ - |
| | | | | | | Totals | $ 291,634,051.69 | $ - |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(1) The amount listed in Schedule D as owed by certain Debtors under that certain Amended and Restated Loan and Security Agreement dated as of December 29, 2006 (together with the collateral and ancillary documents related thereto, the "Prepetition Working Capital Documents") represents the aggregate principal amount outstanding under the Prepetition Working Capital Documents as of the Petition Date. Such amount, however, has not been adjusted to reflect the Debtors' post-petition repayments of principal, interest and fees due and owing under the Prepetition Working Capital Documents. Specifically, in accordance with the Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105,361,362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral of Prepetition Secured Entities, (II) Granting Adequate Protection to Prepetition Secured Entities, and (III) Granting Related Relief, subsequent to the Petition Date, the Debtors have repaid approximately $38,000,000.00 of the principal amount outstanding under the Prepetition Working Capital Documents. Accordingly, as of April 1, 2010, the principal amount outstanding under the Prepetition Working Capital Documents is approximately $16,000,000.00.

The Debtor reserves the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtor has scheduled claims of various creditors as secured claims, the Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction, or any document or instrument (including, without limitation, any intercompany agreement), related to such creditor's claim.

The descriptions provided are intended only to be a summary. Reference to the applicable credit agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing herein shall be deemed a modification or interpretation of the terms of any such agreements.

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the Debtor or the property of the Debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the Debtor has with the creditor is useful to the trustee and the creditor and may be provided if the Debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as A.B., a minor child, by John Doe, guardian. Do not disclose the child's name. See 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H","W","J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[X]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

[ ]  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ **Certain farmers and fisherman**

Claims of certain farmers and fisherman, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as A.B., a minor child, by John Doe, guardian. Do not disclose the child's name. See 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H","W","J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| JESSE & ORDELL SULLIVAN<br>C/O LINDA GEORGE<br>LAUDIG, GEORGE, RUTHERFORD & SIPES<br>156 E MARKET, SUITE 600<br>INDIANAPOLIS, IN 46204 | | | LITIGATION CLAIM | X | X | X | UNKNOWN |
| TONTINE CAPITAL PARTNERS L.P.<br>C/O TONTINE CAPITAL MANAGEMENT, L.L.C.<br>55 RAILROAD AVE, 1ST FLOOR<br>GREENWICH, CT 06830 | X | | GUARANTOR OF $75,000,000 12.5% SENIOR SUBORDINATED NOTES PAYABLE DUE 2014. TOTAL PRINCIPAL AND INTEREST. | X | | | $          88,740,234.35 |
| | | | | | | Total | $          88,740,234.35 |

9

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing address of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as A.B., a minor child, by John Doe, guardian. Do not disclose the child's name. See 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| RONALD SCHMUCKER<br>1900 E JEFFERSON ST<br>WARSAW, IN 46581 | EMPLOYMENT / CONSULTING AGREEMENT |
| STEVE SHAFFER<br>1900 E JEFFERSON ST<br>WARSAW, IN 46581 | EMPLOYMENT / CONSULTING AGREEMENT |

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as A.B., a minor child, by John Doe, guardian. Do not disclose the child's name. See 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| A&M SPECIALTIES, INC.<br>100 FIRST STREET<br>WHEATLAND, PA 16161 | BANK OF AMERICA, N.A. AS AGENT<br>9 WEST 57TH STREET<br>NEW YORK, NEW YORK 10019 |
| A&M SPECIALTIES, INC.<br>AS GUARANTOR<br>100 FIRST STREET<br>WHEATLAND, PA 16161 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 |
| A&M SPECIALTIES, INC.<br>AS GUARANTOR<br>100 FIRST STREET<br>WHEATLAND, PA 16161 | TONTINE CAPITAL PARTNERS L.P.<br>C/O TONTINE CAPITAL MANAGEMENT, L.L.C.<br>55 RAILROAD AVE, 1ST FLOOR<br>GREENWICH, CT 06830 |
| ADVANCED CAST PRODUCTS, INC.<br>18700 MILL STREET<br>MEADVILLE, PA 16335 | BANK OF AMERICA, N.A. AS AGENT<br>9 WEST 57TH STREET<br>NEW YORK, NEW YORK 10019 |
| ADVANCED CAST PRODUCTS, INC.<br>AS GUARANTOR<br>18700 MILL STREET<br>MEADVILLE, PA 16335 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 |
| ADVANCED CAST PRODUCTS, INC.<br>AS GUARANTOR<br>18700 MILL STREET<br>MEADVILLE, PA 16335 | TONTINE CAPITAL PARTNERS L.P.<br>C/O TONTINE CAPITAL MANAGEMENT, L.L.C.<br>55 RAILROAD AVE, 1ST FLOOR<br>GREENWICH, CT 06830 |
| BELCHER CORPORATION<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | BANK OF AMERICA, N.A. AS AGENT<br>9 WEST 57TH STREET<br>NEW YORK, NEW YORK 10019 |
| BELCHER CORPORATION<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 |
| BELCHER CORPORATION<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | TONTINE CAPITAL PARTNERS L.P.<br>C/O TONTINE CAPITAL MANAGEMENT, L.L.C.<br>55 RAILROAD AVE, 1ST FLOOR<br>GREENWICH, CT 06830 |
| CAST ALLOYS, INC.<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | BANK OF AMERICA, N.A. AS AGENT<br>9 WEST 57TH STREET<br>NEW YORK, NEW YORK 10019 |
| CAST ALLOYS, INC.<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 |

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| CAST ALLOYS, INC.<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | TONTINE CAPITAL PARTNERS L.P.<br>C/O TONTINE CAPITAL MANAGEMENT, L.L.C.<br>55 RAILROAD AVE, 1ST FLOOR<br>GREENWICH, CT 06830 |
| DALTON CORPORATION, ASHLAND MANUFACTURING<br>FACILITY<br>AS GUARANTOR<br>1681 ORANGE ROAD<br>ASHLAND, OH 44805 | BANK OF AMERICA, N.A. AS AGENT<br>9 WEST 57TH STREET<br>NEW YORK, NEW YORK 10019 |
| DALTON CORPORATION, ASHLAND MANUFACTURING<br>FACILITY<br>AS GUARANTOR<br>1681 ORANGE ROAD<br>ASHLAND, OH 44805 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS<br>TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 |
| DALTON CORPORATION, ASHLAND MANUFACTURING<br>FACILITY AS GUARANTOR<br>1681 ORANGE ROAD<br>ASHLAND, OH 44805 | TONTINE CAPITAL PARTNERS L.P.<br>C/O TONTINE CAPITAL MANAGEMENT, L.L.C.<br>55 RAILROAD AVE, 1ST FLOOR<br>GREENWICH, CT 06830 |
| DALTON CORPORATION, KENDALLVILLE MANUFACTURING<br>FACILITY<br>200 W OHIO STREET<br>KENDALLVILLE, IN 46755 | BANK OF AMERICA, N.A. AS AGENT<br>9 WEST 57TH STREET<br>NEW YORK, NEW YORK 10019 |
| DALTON CORPORATION, KENDALLVILLE MANUFACTURING<br>FACILITY<br>AS GUARANTOR<br>200 W OHIO STREET<br>KENDALLVILLE, IN 46755 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS<br>TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 |
| DALTON CORPORATION, KENDALLVILLE MANUFACTURING<br>FACILITY<br>AS GUARANTOR<br>200 W OHIO STREET<br>KENDALLVILLE, IN 46755 | TONTINE CAPITAL PARTNERS L.P.<br>C/O TONTINE CAPITAL MANAGEMENT, L.L.C.<br>55 RAILROAD AVE, 1ST FLOOR<br>GREENWICH, CT 06830 |
| DALTON CORPORATION, STRYKER MACHINING FACILITY<br>CO.<br>310 ELLIS STREET<br>STRYKER, OH 43557 | BANK OF AMERICA, N.A. AS AGENT<br>9 WEST 57TH STREET<br>NEW YORK, NEW YORK 10019 |
| DALTON CORPORATION, STRYKER MACHINING FACILITY<br>CO.<br>AS GUARANTOR<br>310 ELLIS STREET<br>STRYKER, OH 43557 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS<br>TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 |
| DALTON CORPORATION, STRYKER MACHINING FACILITY<br>CO.<br>AS GUARANTOR<br>310 ELLIS STREET<br>STRYKER, OH 43557 | TONTINE CAPITAL PARTNERS L.P.<br>C/O TONTINE CAPITAL MANAGEMENT, L.L.C.<br>55 RAILROAD AVE, 1ST FLOOR<br>GREENWICH, CT 06830 |
| DALTON CORPORATION, WARSAW MANUFACTURING<br>FACILITY<br>1900 EAST JEFFERSON STREET<br>WARSAW, IN 46581 | BANK OF AMERICA, N.A. AS AGENT<br>9 WEST 57TH STREET<br>NEW YORK, NEW YORK 10019 |
| DALTON CORPORATION, WARSAW MANUFACTURING<br>FACILITY<br>AS GUARANTOR<br>1900 EAST JEFFERSON STREET<br>WARSAW, IN 46581 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS<br>TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 |

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| DALTON CORPORATION, WARSAW MANUFACTURING FACILITY AS GUARANTOR 1900 EAST JEFFERSON STREET WARSAW, IN 46581 | TONTINE CAPITAL PARTNERS L.P. C/O TONTINE CAPITAL MANAGEMENT, L.L.C. 55 RAILROAD AVE, 1ST FLOOR GREENWICH, CT 06830 |
| DEETER FOUNDRY, INC. 5945 NORTH 70TH STREET LINCOLN, NE 69529 | BANK OF AMERICA, N.A. AS AGENT 9 WEST 57TH STREET NEW YORK, NEW YORK 10019 |
| DEETER FOUNDRY, INC. AS GUARANTOR 5945 NORTH 70TH STREET LINCOLN, NE 69529 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE 2 NORTH LASALLE STREET SUITE 1020 CHICAGO, IL 60602 |
| DEETER FOUNDRY, INC. AS GUARANTOR 5945 NORTH 70TH STREET LINCOLN, NE 69529 | TONTINE CAPITAL PARTNERS L.P. C/O TONTINE CAPITAL MANAGEMENT, L.L.C. 55 RAILROAD AVE, 1ST FLOOR GREENWICH, CT 06830 |
| GREGG INDUSTRIES, INC. 10460 HICKSON STREET EL MONTE, CA 91731 | BANK OF AMERICA, N.A. AS AGENT 9 WEST 57TH STREET NEW YORK, NEW YORK 10019 |
| GREGG INDUSTRIES, INC. AS GUARANTOR 10460 HICKSON STREET EL MONTE, CA 91731 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE 2 NORTH LASALLE STREET SUITE 1020 CHICAGO, IL 60602 |
| GREGG INDUSTRIES, INC. AS GUARANTOR 10460 HICKSON STREET EL MONTE, CA 91731 | TONTINE CAPITAL PARTNERS L.P. C/O TONTINE CAPITAL MANAGEMENT, L.L.C. 55 RAILROAD AVE, 1ST FLOOR GREENWICH, CT 06830 |
| MERCER FORGE CORPORATION 200 BROWN STREET MERCER, PA 16137 | BANK OF AMERICA, N.A. AS AGENT 9 WEST 57TH STREET NEW YORK, NEW YORK 10019 |
| MERCER FORGE CORPORATION AS GUARANTOR 200 BROWN STREET MERCER, PA 16137 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE 2 NORTH LASALLE STREET SUITE 1020 CHICAGO, IL 60602 |
| MERCER FORGE CORPORATION AS GUARANTOR 200 BROWN STREET MERCER, PA 16137 | TONTINE CAPITAL PARTNERS L.P. C/O TONTINE CAPITAL MANAGEMENT, L.L.C. 55 RAILROAD AVE, 1ST FLOOR GREENWICH, CT 06830 |
| MORGAN'S WELDING, INC. 1941 CAMP SWATARA ROAD MYERSTOWN, PA 17067 | BANK OF AMERICA, N.A. AS AGENT 9 WEST 57TH STREET NEW YORK, NEW YORK 10019 |
| MORGAN'S WELDING, INC. AS GUARANTOR 1941 CAMP SWATARA ROAD MYERSTOWN, PA 17067 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE 2 NORTH LASALLE STREET SUITE 1020 CHICAGO, IL 60602 |
| MORGAN'S WELDING, INC. AS GUARANTOR 1941 CAMP SWATARA ROAD MYERSTOWN, PA 17067 | TONTINE CAPITAL PARTNERS L.P. C/O TONTINE CAPITAL MANAGEMENT, L.L.C. 55 RAILROAD AVE, 1ST FLOOR GREENWICH, CT 06830 |
| NEENAH FOUNDRY COMPANY 2121 BROOKS AVENUE NEENAH, WI 54956 | BANK OF AMERICA, N.A. AS AGENT 9 WEST 57TH STREET NEW YORK, NEW YORK 10019 |

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NEENAH FOUNDRY COMPANY<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 |
| NEENAH FOUNDRY COMPANY<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | TONTINE CAPITAL PARTNERS L.P.<br>C/O TONTINE CAPITAL MANAGEMENT, L.L.C.<br>55 RAILROAD AVE, 1ST FLOOR<br>GREENWICH, CT 06830 |
| NEENAH TRANSPORT, INC.<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | BANK OF AMERICA, N.A. AS AGENT<br>9 WEST 57TH STREET<br>NEW YORK, NEW YORK 10019 |
| NEENAH TRANSPORT, INC.<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 |
| NEENAH TRANSPORT, INC.<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | TONTINE CAPITAL PARTNERS L.P.<br>C/O TONTINE CAPITAL MANAGEMENT, L.L.C.<br>55 RAILROAD AVE, 1ST FLOOR<br>GREENWICH, CT 06830 |
| NFC CASTINGS, INC.<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | BANK OF AMERICA, N.A. AS AGENT<br>9 WEST 57TH STREET<br>NEW YORK, NEW YORK 10019 |
| PEERLESS CORPORATION<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | BANK OF AMERICA, N.A. AS AGENT<br>9 WEST 57TH STREET<br>NEW YORK, NEW YORK 10019 |
| PEERLESS CORPORATION<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 |
| PEERLESS CORPORATION<br>AS GUARANTOR<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | TONTINE CAPITAL PARTNERS L.P.<br>C/O TONTINE CAPITAL MANAGEMENT, L.L.C.<br>55 RAILROAD AVE, 1ST FLOOR<br>GREENWICH, CT 06830 |

In re <u>Dalton Corporation,</u>                                                                 Case No. <u>10-10370</u>

# SCHEDULE B - PERSONAL PROPERTY
## EXHIBIT B-2
### BANK ACCOUNTS

| BANK NAME | ADDRESS | TYPE OF ACCOUNT | ACCOUNT # | BALANCE |
|---|---|---|---|---|
| TOWER BANK | P O BOX 2581 FORT WAYNE, IN 46801-2581 | CHECKING - SALARY PAYROLL | ****4119 | $ 127,850.77 |
| BANK OF AMERICA | P O BOX 105713 ATLANTA, GA 30348-5713 | CHECKING - GENERAL PAYABLES | ******7031 | $ - |
| | | **TOTAL:** | | **$ 127,850.77** |

15

In re Dalton Corporation,                                                                    Case No. 10-10370

# SCHEDULE B - PERSONAL PROPERTY
## EXHIBIT B-13
### STOCKS AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES

| NAME OF PARTNERSHIP OR BUSINESS | ADDRESS | DESCRIPTION | PERCENTAGE OWNERSHIP | BOOK VALUE |
|---|---|---|---|---|
| DALTON CORPORATION, ASHLAND MANUFACTURING FACILITY | 1681 ORANGE ROAD ASHLAND, OH 44805 | 100 SHARES COMMON STOCK | 100% | UNKNOWN |
| DALTON CORPORATION, KENDALLVILLE MANUFACTURING FACILITY | 200 WEST OHIO STREET KENDALLVILLE, IN 46755 | 100 SHARES COMMON STOCK | 100% | UNKNOWN |
| DALTON CORPORATION, STRYKER MACHINING FACILITY CO. | 310 ELLIS STREET STRYKER, OH 43557 | 1,000 SHARES COMMON STOCK | 100% | UNKNOWN |
| DALTON CORPORATION, WARSAW MANUFACTURING FACILITY | 1900 EAST JEFFERSON STREET WARSAW, IN 46581 | 1,000 SHARES COMMON STOCK | 100% | UNKNOWN |
| | | | TOTAL: | $              - |

In re <u>Dalton Corporation,</u>                                                                                                    Case No. <u>10-10370</u>

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Chief Financial Officer of DALTON CORPORATION named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   16   sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date     March 31, 2010

Signature: _____

Dale E. Parker, Chief Financial Officer

*Penalty for making a false statement or concealing property:*  **Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§152 and 3571.**