## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") are filing their respective schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methodology and Disclaimer regarding the Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements.  These Global Notes should be referred to and reviewed in connection with the Schedules and Statements.

The Schedules and Statements have been prepared based on information provided by the Debtors' management and are unaudited and subject to potential adjustment.  In preparing the Schedules and Statements, the Debtors and their advisors relied on financial data derived from the Debtors' books and records that were available at the time of preparation.  The Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist.  The Debtors reserve the right to amend or supplement their Schedules and Statements.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

**Reservation of Rights**.  Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to any aspect of their chapter 11 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

**Description of the Chapter 11 Cases and "As of" Information Date**.  On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On February 4, 2010, the Bankruptcy Court entered an order jointly administering the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are currently operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Debtors each filed for bankruptcy protection during the middle of the business day on the Petition Date.  Because it is impractical and difficult to determine assets and liabilities during the middle of a business day, the Debtors elected to close their books as of the end of the business day immediately prior to the Petition Date, with certain adjustments for material, identifiable transactions that occurred between midnight and the filing of the petitions on the Petition Date, provided that income/loss and asset values are presented as they appeared as of the January 2010 month-end close.  Procedures were and are in place to clearly delineate pre and post-petition liabilities. Consequently, the liabilities, as presented in the Schedules and Statements, are reflective of the Debtors' prepetition liabilities as of the Petition Date.

**Basis of Presentation**.  For financial reporting purposes, prior to the Petition Date, the Debtors prepared consolidated financial statements that were audited annually and publicly filed with the Securities and Exchange Commission ("SEC"). These Schedules and Statements are unaudited and reflect the Debtors' best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.  These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to the consolidated financial statements prepared by the Debtors.  For these reasons, combining the assets and liabilities set forth in the Schedules and Statements of the Debtors could result in amounts that could be substantially different from financial information regarding the Debtors that would be prepared on a consolidated basis under GAAP.  Except where otherwise indicated, the Schedules and Statements reflect the assets and liabilities of each Debtor on a non-consolidated basis where possible.

For purposes of the Schedules and Statements, the Debtors used reasonable efforts to attribute the assets and liabilities of each of their businesses to the proper legal entity. While the Debtors generally record accounting entries at the individual legal entities, it is possible that not all assets or liabilities have been recorded at the correct legal entity on the Schedules and Statements. As such, the Debtors reserve all rights to amend these Schedules and Statements accordingly.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent at the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or at any time prior to the Petition Date.

**Consolidated Entity Accounts Payable and Disbursement Systems**.  The Debtors use a centralized cash management system to collect funds from operations and transfer them into their primary concentration accounts.  The Debtors also maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.  A more complete description of the Debtors' centralized cash management system can be found in the "cash management" motion the Debtors filed on the Petition Date [Docket No. 12].  Due to the centralized cash management system and the Debtors' payment practices, certain payments reflected in response to items 3b, 9 and 23 in the Statements for a specific Debtor may have been made on behalf of other affiliated Debtors.

**Confidentiality**.  There may be instances within the Schedules and Statements where certain information has been redacted or identified by account number due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The omissions or redactions will be limited to only what is necessary to protect the Debtor or such third party.

**Intercompany Claims**.  Receivables and payables exist among the Debtors (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims") and are reported as assets on Schedule B or liabilities on Schedule F, as appropriate.

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) directors, (b) officers, (c) persons in control of the Debtors, and (d) relatives of directors, officers, or persons in control of the Debtors.  Except as otherwise disclosed, payments to insiders listed in (a) through (d) above are set forth on Statement 3c.  Persons listed as "insiders" have been included for informational purposes only and such listing is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Further, the Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Excluded Assets and Liabilities**.  Liabilities resulting from accruals and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported and, therefore, do not represent specific claims as of the Petition Date and are not otherwise set forth in the Statement and Schedules.  Additionally, certain deferred charges, accounts, or reserves recorded for GAAP reporting purposes only and certain assets with a net book value of zero have not been

included in the Schedules and Statements.  Excluded categories of assets and liabilities include pension plan assets, deferred tax assets, accrued liabilities (including but not limited to, accrued salaries and employee benefits), tax accruals, and accrued accounts payable and reserves. Other immaterial assets and liabilities of the Debtors may also have been excluded.

**Summary of Significant Reporting Policies**. The following is a summary of certain significant reporting policies:

a.   **Current Market Value — Net Book Value**.  In many instances, current market valuations are neither maintained by nor readily available to the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book values, rather than current market values, of such interests and may not reflect the net realizable value.  For this reason, amounts ultimately realized will vary, at some times materially, from net book value.

b.   **Paid Claims**.  Pursuant to various "first-day" orders entered by the Bankruptcy Court (collectively, the "First Day Orders"), the Bankruptcy Court has authorized the Debtors to pay certain outstanding prepetition claims, including, without limitation, certain employee wages and benefit claims (including workers' compensation claims), claims for certain taxes and governmental fees, claims related to customer programs, claims of certain critical vendors and the priority claims of vendors that delivered goods within 20 days of the Petition Date, certain claims of shippers, warehousemen, customs brokers, and other potential lien claimants, and the prepetition amounts due under certain insurance programs.  Unless otherwise stated, these Schedules and Statements reflect the payments of prepetition obligations that have been made pursuant to the First Day Orders.  However, notwithstanding the Debtors' best efforts, certain claims paid pursuant to the First Day Orders may inadvertently be listed in the Schedules and Statements, and the Debtors may pay some of the claims listed on the Schedules and Statements in the ordinary course of business during these cases pursuant to such First Day Orders or other Bankruptcy Court orders.  To the extent any claims listed in the Schedules and Statements have been paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as may be appropriate.

c.   **Setoffs**.  To the extent the Debtors incurred any ordinary course setoffs from customer/vendors, such setoffs are excluded from the Schedules and Statements.

d.   **Credits and Adjustments**. Claims of creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert defenses and/or rights of setoff with respect to same.

e.     **Accounts Receivable**.  The accounts receivable information listed in Schedule B includes both billed and unbilled receivables from the Debtors' customers.

f.     **Leases**.  In the ordinary course of business, the Debtors lease certain fixtures and equipment from certain third-party lessors for use in the daily operation of their businesses. The underlying lease agreements are listed in Schedule G and any current amounts due under such leases that were outstanding as of the Petition Date are listed in Schedule F.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

g.     **Property and Equipment**.  Schedule B contains a listing of all property of the Debtors, including inventory, vehicles, office equipment, furnishings, supplies, machinery, fixtures, and supplies used in the Debtors' business operations. Values stated reflect the book value of such assets pursuant to the most recent fixed asset register information available for each individual Debtor.  In some cases, property is fully depreciated and carried on the Debtors' books and records at a zero value. Furthermore, in some instances, property values for *de minimis* assets are unknown and reflected in the Schedules and Statements as such.  While commercially reasonable efforts have been made, determining the current market value of each and every asset would be unduly burdensome and cost prohibitive and, therefore, the Debtors have listed the available book values in Schedule B.

**Undetermined Amounts**.  Where a description of an amount is left blank or is listed as "unknown," such response is not intended to reflect upon the materiality of such amount.

**Estimates**.  To timely close the books and records of the Debtors and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtors reserve all rights to amend the reported amounts of assets, liabilities, reported revenue, and expenses to reflect changes in those estimates and assumptions.

**Totals**.  The asset totals listed in Schedules A and B represent all known amounts included in the Debtors' books and records as of the Petition Date.  To the extent there are unknown or undetermined amounts, the actual totals may be different than the totals listed in the Schedules.

**Classifications**.  Listing a claim in (a) Schedule D as a "secured claim," (b) Schedule E as a "priority claim," (c) Schedule F as an "unsecured priority claim," or (d) listing a contract or lease in Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of any claimant, or a waiver of the Debtors' right to recharacterize or reclassify any such claim, contract or lease.

**Claims Description**.  Any failure to designate a claim in the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to

amend their Schdules in order to dispute, or to assert any offsets or defenses to, any claim reflected in their respective Schedules on any grounds including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently amend the Schedules to designate any claim as "disputed," "contingent," or "unliquidated."

**Guaranties and Other Secondary Liability Claims**.  The Debtors have used their best efforts to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") with respect to their executory contracts, unexpired leases, secured financing, debt instruments, and other such agreements; however, a review of these agreements, specifically the Debtors' leases and contracts, is ongoing.  Where such Guaranties have been identified, they have been included in the relevant Schedule for the Debtors affected by such Guaranties.  The Debtors have reflected the Guaranty obligations for both the primary obligor and the guarantors with respect to their secured financings and debt instruments in Schedule H.  However, guaranties with respect to the Debtors' contracts and leases are not included in Schedule H.  The Debtors believe that certain Guaranties with respect to the Debtors' executory contracts, unexpired leases, other secured financing, debt instruments and similar agreements may exist and, to the extent they do, will be identified upon further review.  Therefore, the Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified.

**Schedule A.**  Schedule A of a particular Debtor includes solely that Debtor's owned real property.  As noted herein, the values listed for the various properties are the net book values contained on the fixed asset register for the named Debtor.

**Schedule B.**  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions to recover assets under other relevant non-bankruptcy laws.  Some items in Schedule B, excluding item B2, are reported from the Debtors' fixed asset registers.  Bank account records listed in Schedule B2 are reflective of the account balances as of February 2, 2010.  The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

**Schedule D — Creditors Holding Secured Claims**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and/or their estates reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  Further, the Debtors have included the results of UCC searches performed prior to the Petition Date; however, the listing of such results is not and shall not be deemed an admission as to the validity or existence of any such lien.  The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  Reference to the

applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  The Debtors have not included in Schedule D the claims of parties that may believe their claims are secured through setoff rights, deposit posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies, and other parties which may hold security deposits.

The amount listed in Schedule D as owed by certain Debtors under that certain Amended and Restated Loan and Security Agreement dated as of December 29, 2006 (together with the collateral and ancillary documents related thereto, the "Prepetition Working Capital Documents") represents the aggregate principal amount outstanding under the Prepetition Working Capital Documents as of the Petition Date.  Such amount, however, has not been adjusted to reflect the Debtors' post-petition repayments of principal, interest and fees due and owing under the Prepetition Working Capital Documents.  Specifically, in accordance with the Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105,361,362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral of Prepetition Secured Entities, (II) Granting Adequate Protection to Prepetition Secured Entities, and (III) Granting Related Relief, subsequent to the Petition Date, the Debtors have repaid approximately $38,000,000.00 of the principal amount outstanding under the Prepetition Working Capital Documents.  Accordingly, as of April 1, 2010, the principal amount outstanding under the Prepetition Working Capital Documents is approximately $16,000,000.00.

**Schedule E — Creditors Holding Unsecured Priority Claims**.  Listed in the Schedule E for each of the Debtors are claims owing to various taxing authorities in jurisdictions in which the Debtors conduct business.  However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E.  Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of on-going audits or other outstanding issues.

The Debtors have not listed in Schedule E any tax, non-contingent wage, or non-contingent wage-related obligations for which the Debtors have been granted authority to pay pursuant to a First Day Order.  The Debtors believe that all such claims have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted in the relevant First Day Orders.  The Debtors reserve their right to dispute or challenge whether creditors listed in Schedule E are entitled to priority treatment of their unsecured claims.

**Schedule F — Creditors Holding Unsecured Nonpriority Claims**.  The claims listed in Schedule F are based on the Debtors' books and records as of the Petition Date, with adjustments made for payments of prepetition liabilities made pursuant to the First Day Orders.  The claims listed in Schedule F arose or were incurred on various dates prior to the Petition Date.  In certain instances, the date on which a claim arose is an open issue of fact.  While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date of incurrence for each claim listed in Schedule F.

**Schedule G — Executory Contracts and Unexpired Leases**.  The businesses of the Debtors are complex.  Although reasonable efforts have been made to ensure the accuracy of Schedule G

regarding executory contracts and unexpired leases (collectively the "Agreements"), the Debtors' review of such Agreements is ongoing and omissions may have occurred.  Furthermore, the Debtors may have entered into various other types of Agreements in the ordinary course of their business operations, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements which may not be set forth in Schedule G.  In addition, the Debtors have not listed in Schedule G any short-term purchase and sales orders because of their large number and transitory nature.  Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  Schedule G may be amended at any time to add any omitted Agreements.  Likewise, the listing of an Agreement in Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is otherwise valid or enforceable.  The Agreements listed in Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed in Schedule G.  Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed in Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth in Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed in Schedule G and (iii) to amend or supplement such Schedule as necessary.  Certain of the Agreements listed in Schedule G may have been entered into or on behalf of more than one of the Debtors.  Additionally, the specific Debtor obligor(s) under certain of the Agreements could not be specifically ascertained in every circumstance.

**Schedule H — Co-Debtors**.  The Debtors are party to various secured debt agreements, all of which are guaranteed by multiple Debtors.  The obligations under guarantees with respect to the prepetition funded debt obligations are noted in Schedule H for each individual Debtor.  Further, the Debtors may not have identified certain guarantees with respect to the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, or other such agreements.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:   **A&M Specialties, Inc.**            Case No.  **10-10373**
                Debtor                                   (if known)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

*"In business."* A debtor is "in business" for the purposes of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securitiesof a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the Debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal eyar.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Exhibit S-1.**

In re:  **A&M Specialties, Inc.**                              Case No.  **10-10373**
_____
                    Debtor                                                          (if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

**2.  Income other than from employment or operation of business**

None  
[X]  
State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**3.  Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None  
[X]  
a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  
[ ]  
b. *Debtor whose debts are not primarily consumer debts:*  List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Exhibit S-3B.**

None  
[ ]  
c. *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**For payments made to insiders, see Statement 23.**

2

In re:   **A&M Specialties, Inc.**                          Case No.   **10-10373**
                     Debtor                                                      (if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

### 4.   Suits and administrative proceedings, executions, garnishments and attachments

None ☐   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

   **See Exhibit S-4A.**

None ☒   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 5.   Repossessions, foreclosures and returns

None ☒   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 6.   Assignments and receiverships

None ☒   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 7.   Gifts

None ☒   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

In re:  **A&M Specialties, Inc.**                                      Case No.  **10-10373**

_____                              _____

Debtor                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

**8.  Losses**

None   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement
☒     of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 or chapter 13 must
       include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
       joint petition is not filed.)

---

**9.   Payments related to debt counseling or bankruptcy**

None   List all payments made or property transferred by or on behalf of the Debtor to any persons, including attorneys, for
☐     consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy
       within **one year** immediately preceding the commencement of this case.

       **Unless otherwise disclosed, all professional fees relating to restructuring and bankruptcy counseling,
       were paid by Neenah Foundry Company on behalf of this debtor, and multiple U.S. affiliates.**

---

**10.   Other transfers**

None   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of
☒     the Debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of
       this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses
       whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case
☒     to a self-settled trust or similar device of which the debtor is a beneficiary.

---

**11.   Closed financial accounts**

None   List all financial accounts and instruments held in the name of the Debtor or for the benefit of the Debtor which were
☒     closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include
       checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts
       held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
       institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or
       instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are
       separated and a joint petition is not filed.)

---

**12.   Safe deposit boxes**

None   List each safe deposit box or other box or depository in which the Debtor has or had securities, cash, or other valuables
☒     within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or
       chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition filed, unless
       the spouses are separated and a joint petition is not filed.)

4

In re:  **A&M Specialties, Inc.**                                    Case No.  **10-10373**
_____                         _____
                    Debtor                                                          (if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

####        13.   Setoffs

None
[X]

List all setoffs made by any creditor, including a bank, against a debt or deposit of the Debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition filed, unless the spouses are separated and a joint petition is not filed.)

---

####        14.   Property held for another person

None
[ ]

List all property owned by another person that the Debtor holds or controls.

**See Exhibit S-14.**

---

####        15.   Prior address of debtor

None
[X]

If Debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the Debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

---

####        16.   Spouses and Former Spouses

None
[X]

If the Debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the Debtor's spouse and of any former spouse who resides or resided with the Debtor in the community property state.

In re:   **A&M Specialties, Inc.**                                  Case No.   **10-10373**
_____                                  _____
                        Debtor                                                          (if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

### 17.   Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the Debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
[X]   a. List the name and address of every site for which the Debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None
[X]   b. List the name and address of every site for which the Debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

None
[X]   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the Debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a part to the  proceeding and the docket number.

---

### 18.   Nature, location and name of business

None
[X]   a. *If the Debtor is an individual* , list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the Debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the Debtor is a partnership* , list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the Debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of the case.

*If the Debtor is a corporation* , list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the Debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of the case.

None
[X]   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. §101.

In re:   **A&M Specialties, Inc.**                                    Case No.   **10-10373**
                    Debtor                                                                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtors should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

**19.   Books, records and financial statements**

None
☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case have kept or supervised the keeping of books of account and records of the Debtor.

**See Exhibit S-19A.**

None
☐ b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the Debtor.

**See Exhibit S-19B.**

None
☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the Debtor.  If any of the books of account and records are not available, explain.

**See Exhibit S-19C.**

None
☒ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

**20.   Inventories**

None
☐ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

**See Exhibit S-20A.**

None
☐ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**See Exhibit S-20B.**

In re:    **A&M Specialties, Inc.**                          Case No.    **10-10373**

_____

Debtor                                                (if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

### 21.   Current Partners, Officers, Directors and Shareholders

None

[X]   a. If the Debtor is a partnership, list the nature and percentage of partnership interest of each member of the
        partnership.

None

[ ]   b. If the Debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
        directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
        corporation.

**See Exhibit S-21B.**

---

### 22.   Former partners, officers, directors and shareholders

None

[X]   a. If the Debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
        preceding the commencement of this case.

None

[ ]   b. If the Debtor is a corporation, list all officers or directors whose relationship with the corporation terminated
        within **one year** immediately preceding the commencement of this case.

**See Exhibit S-22B.**

---

### 23.   Withdrawals from a partnership or distributions by a corporation

None

[ ]   If the Debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider,
        including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite
        during **one year** immediately preceding the commencement of this case.

**See Exhibit S-23.**

---

### 24.   Tax Consolidation Group

None

[ ]   If the Debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any
        consolidated group for tax purposes of which the Debtor has been a member at any time within **six years**
        immediately preceding the commencement of the case.

**See Exhibit S-24.**

---

### 25.   Pension Funds.

None

[ ]   If the Debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to
        which the Debtor, as an employer, has been responsible for contributing at any time within **six years** immediately
        preceding the commencement of the case.

**See Exhibit S-25.**

* * * * * *

In re **A&M Specialties, Inc.**                                                    Case No.: **10-10373**

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-1**
**INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS**

| YEAR | SOURCE | AMOUNT |
|---|---|---|
| YTD<br>(10/1/2009 - 2/2/2010) | BUSINESS OPERATIONS | $              741,312.21 |
| FISCAL YEAR 2009<br>(10/1/2008 - 9/30/2009) | BUSINESS OPERATIONS | $            2,611,452.20 |
| FISCAL YEAR 2008<br>(10/1/2007 - 9/30/2008) | BUSINESS OPERATIONS | $            4,000,951.76 |

In re <u>A&M Specialties, Inc.</u>                                                    Case No.: <u>10-10373</u>

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-3B**
**<u>PAYMENTS TO CREDITORS (90 DAYS)</u>**

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENT | AMOUNT PAID | |
|---|---|---|---|
| EXPRESS POLYMERS, INC. 500 MILLERS RUN ROAD P.O. BOX 500 MORGAN, PA  15064 | | | |
| | 11/13/2009 | $ | 8,351.65 |
| | Total: | $ | 8,351.65 |
| HEALTHASSURANCE PA, INC. P.O. BOX 6506 CAROL STREAM, IL  60197-6506 | | | |
| | 11/6/2009 | $ | 27,062.95 |
| | 11/30/2009 | $ | 32,946.20 |
| | 1/27/2010 | $ | 30,592.90 |
| | Total: | $ | 90,602.05 |
| HUSTON GROUP 2 GEORGE STREET NEW CASTLE, PA  16101 | | | |
| | 11/13/2009 | $ | 288.69 |
| | 11/30/2009 | $ | 3,123.45 |
| | 12/15/2009 | $ | 1,394.52 |
| | 1/7/2010 | $ | 3,881.14 |
| | 1/27/2010 | $ | 1,449.29 |
| | Total: | $ | 10,137.09 |
| INTERNAL REVENUE SERVICE P.O. BOX 105273 ATLANTA, GA  30348-5273 | | | |
| | 11/3/2009 | $ | 4,950.63 |
| | 11/12/2009 | $ | 5,034.48 |
| | 11/12/2009 | $ | 4,852.71 |
| | 11/19/2009 | $ | 4,984.15 |
| | 11/25/2009 | $ | 4,969.44 |
| | 11/30/2009 | $ | 5,042.26 |
| | 12/10/2009 | $ | 4,998.20 |
| | 12/17/2009 | $ | 5,053.19 |
| | 12/24/2009 | $ | 5,061.74 |
| | 12/31/2009 | $ | 5,030.15 |
| | 1/8/2010 | $ | 4,703.25 |
| | 1/15/2010 | $ | 4,743.22 |
| | 1/21/2010 | $ | 5,279.86 |
| | 1/22/2010 | $ | 3.64 |
| | 1/22/2010 | $ | 0.68 |
| | 1/28/2010 | $ | 5,306.15 |
| | Total: | $ | 70,013.75 |

In re A&M Specialties, Inc.                                    Case No.: 10-10373

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3B
### PAYMENTS TO CREDITORS (90 DAYS)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENT | AMOUNT PAID |
|---|---|---|
| J. POTTER INDUSTRIAL SUPPLY | | |
| 203 COMMERCE DRIVE | | |
| P.O. BOX 7058 | | |
| NEW CASTLE, PA  16107 | | |
| | 11/13/2009 | $ 3,225.23 |
| | 11/30/2009 | $ 1,583.55 |
| | 12/15/2009 | $ 865.45 |
| | 1/7/2010 | $ 2,282.67 |
| | Total | $ 7,956.90 |
| JOLLEY INDUSTRIAL SUPPLY CO., INC. | | |
| P.O. BOX 671 | | |
| SHARON, PA  16146 | | |
| | 11/13/2009 | $ 2,982.61 |
| | 11/30/2009 | $ 711.36 |
| | 1/7/2010 | $ 2,750.76 |
| | 1/27/2010 | $ 3,304.82 |
| | Total: | $ 9,749.55 |
| MERCER FORGE CORPORATION | | |
| 200 BROWN STREET | | |
| MERCER, PA  16137 | | |
| | 11/13/2009 | $ 18,456.44 |
| | 11/19/2009 | $ 544.13 |
| | 11/30/2009 | $ 2,483.14 |
| | 12/15/2009 | $ 15,196.72 |
| | 1/7/2010 | $ 1,632.39 |
| | 1/27/2010 | $ 16,312.59 |
| | Total | $ 54,625.41 |
| MILCAM REALTY | | |
| 514 REYNOLDS DRIVE | | |
| GREENVILLE, PA  16125 | | |
| | 11/13/2009 | $ 14,400.47 |
| | 12/4/2009 | $ 14,400.47 |
| | 1/7/2010 | $ 14,400.47 |
| | Total: | $ 43,201.41 |
| MIYANO MACHINERY INC. | | |
| 1867 SOLUTIONS CENTER | | |
| CHICAGO, IL  60677-1008 | | |
| | 11/6/2009 | $ 3,700.94 |
| | 11/13/2009 | $ 4,221.01 |
| | Total: | $ 7,921.95 |
| MSC INDUSTRIAL SUPPLY | | |
| 20 PARKWAY VIEW DRIVE | | |
| PITTSBURGH, PA  15205-0000 | | |
| | 11/13/2009 | $ 3,050.97 |
| | 11/30/2009 | $ 1,212.41 |

In re <u>A&M Specialties, Inc.</u>                                                           Case No.: <u>10-10373</u>

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3B
### PAYMENTS TO CREDITORS (90 DAYS)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENT | AMOUNT PAID | |
|---|---|---|---|
| | 12/15/2009 | $ | 1,103.64 |
| | 1/7/2010 | $ | 856.43 |
| | 1/27/2010 | $ | 1,982.78 |
| | Total: | $ | 8,206.23 |
| NORTH AMERICAN MACHINE & ENGINEERING CO. 13290 WEST STAR DRIVE SHELBY TOWNSHIP, MI 48315 | | | |
| | 11/13/2009 | $ | 6,106.00 |
| | Total: | $ | 6,106.00 |
| PA DEPARTMENT OF REVENUE DEPARTMENT 280401 HARRISBURG, PA  17128-0401 | | | |
| | 11/16/2009 | $ | 1,502.31 |
| | 12/4/2009 | $ | 1,011.80 |
| | 12/15/2009 | $ | 1,013.99 |
| | 12/31/2009 | $ | 1,021.66 |
| | 1/27/2010 | $ | 1,451.65 |
| | 1/27/2010 | $ | 638.34 |
| | Total: | $ | 6,639.75 |
| PENN POWER 1 E. WASHINGTON STREET NEW CASTLE, PA  16101-3872 | | | |
| | 11/13/2009 | $ | 3,334.69 |
| | 12/15/2009 | $ | 6,684.96 |
| | 1/27/2010 | $ | 9,362.53 |
| | Total: | $ | 19,382.18 |
| PROPER CUTTER, INC. P.O. BOX 137 GUYS MILLS, PA  16327-0137 | | | |
| | 11/13/2009 | $ | 2,673.12 |
| | 11/30/2009 | $ | 1,372.27 |
| | 12/15/2009 | $ | 825.18 |
| | 1/7/2010 | $ | 2,749.13 |
| | Total: | $ | 7,619.70 |
| UNIFIRST CORPORATION 18999 PARK AVE. PLAZA MEADVILLE, PA  16335 | | | |
| | 11/13/2009 | $ | 2,489.26 |
| | 11/30/2009 | $ | 2,527.75 |
| | 12/15/2009 | $ | 1,540.63 |
| | 1/7/2010 | $ | 1,418.97 |

**In re A&M Specialties, Inc.**                                        **Case No.: 10-10373**

STATEMENT OF FINANCIAL AFFAIRS
EXHIBIT S-3B
PAYMENTS TO CREDITORS (90 DAYS)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENT | AMOUNT PAID |
|---|---|---|
| | 1/27/2010 | $        1,449.44 |
| | Total: | $        9,426.05 |
| | **Grand Total:** | **$      359,939.67** |

In re **A&M Specialties, Inc.**                                                                 Case No.: **10-10373**

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-4A**
**SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTIONS, GARNISHMENTS, AND ATTACHMENTS**

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| WILLIAM ROCK V. A&M SPECIALTIES, INC., WC #324712470 | WORKERS' COMPENSATION | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY BUREAU OF WORKERS' COMPENSATION 1171 S. CAMERON ST, ROOM 103 HARRISBURG, PA 17104-2501 | CLOSED |

**In re A&M Specialties, Inc.**                                                                    **Case No.: 10-10373**

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-14**
**SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTIONS, GARNISHMENTS, AND ATTACHMENTS**

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| CUSTOMER C | TOOLING AND GAUGING TO MACHINE; MASTER LINKS (124 PCS.)<br><br>UNKNOWN VALUE | 100 FIRST STREET<br>PO BOX 459<br>WHEATLAND, PA 16161 |
| CUSTOMER P | 2 AUTOMATIC INDEX CHUCKS 570 AXN 8 X 45<br><br>$334,610.00 | 100 FIRST STREET<br>PO BOX 459<br>WHEATLAND, PA 16161 |

In re **A&M Specialties, Inc.**                                                    Case No.: **10-10373**

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-19A**
**BOOKS, RECORDS AND FINANCIAL STATEMENTS**

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| JAMES ACKERMAN - RETIRED AS PRESIDENT, CFO (PARENT)<br>7 VIRGINIA RAIL LANE<br>HILTON HEAD ISLAND, SC 29926 | AUGUST 1990 - OCTOBER 2009 |
| SHARON ALTMAN - CONTROLLER OF PARENT<br>200 BROWN STREET<br>MERCER, PA 16137 | JULY 1983 - PRESENT |
| MIKE KRONER<br>100 FIRST STREET; PO BOX 459<br>WHEATLAND, PA 16161 | AUGUST 14, 1995 - PRESENT |
| DALE PARKER - CHIEF FINANCIAL OFFICER OF ULTIMATE PARENT<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | FEBRUARY 1, 2010 - PRESENT |
| JEFF JENKINS - FORMER CHIEF FINANCIAL OFFICER OF ULTIMATE PARENT<br>6620 WESTSHORE DRIVE<br>LINCOLN, NE 68516 | APRIL 4, 2008 - JANUARY 31, 2010 |
| GARY LACHEY - FORMER CHIEF FINANCIAL OF ULTIMATE PARENT<br>OFFICER<br>7822 COUNTY TRUNK T<br>LARSEN, WI 54947 | JULY 1, 1971 - MAY 15, 2008 |
| ROBERT GITTER - VICE PRESIDENT / CONTROLLER OF ULTIMATE PARENT<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | FEBRUARY 2, 1998  - PRESENT |

In re A&M Specialties, Inc.                                        Case No.: 10-10373

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-19B**
**BOOKS, RECORDS AND FINANCIAL STATEMENTS**

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| ERNST & YOUNG LLP - AUDITOR OF ULTIMATE PARENT / TAX AUDITORS 875 EAST WISCONSIN AVENUE MILWAUKEE, WI 53202 | FISCAL YEAR 2008 FISCAL YEAR 2009 |
| BANK OF AMERICA 135 S. LASALLE CHICAGO, IL 60603 | INVENTORY AND RECEIVABLES AUDIT 12/1/2009 |
| SCHENCK BUSINESS SOLUTIONS 200 EAST WASHINGTON STREET P O BOX 1739 APPLETON, WI  54912-1739 | SARBANES OXLEY AUDIT 4/1/2009 4/1/2008 |
| WAUSAU INSURANCE COMPANY 300 EXECUTIVE DRIVE WEST ORANGE,  NJ  07052-3372 | WORKMEN'S COMPENSATION AUDIT 2/1/2009 2/1/2008 |

In re A&M Specialties, Inc.                                                      Case No.: 10-10373

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-19C
### BOOKS, RECORDS AND FINANCIAL STATEMENTS

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| SHARON ALTMAN - CONTROLLER (PARENT)<br>200 BROWN STREET<br>MERCER, PA 16137 | JULY 1983 - PRESENT |
| MIKE KRONER<br>100 FIRST STREET; PO BOX 459<br>WHEATLAND, PA 16161 | AUGUST 14, 1995 - PRESENT |
| DALE PARKER - CHIEF FINANCIAL OFFICER<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | FEBRUARY 1, 2010 - PRESENT |
| ROBERT GITTER - VICE PRESIDENT / CONTROLLER<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | FEBRUARY 2, 1998  - PRESENT |

In re **A&M Specialties, Inc.**                                              Case No.: **10-10373**

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-20A**
**INVENTORIES**

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market, or other basis) |
|---|---|---|
| 12/31/2009 | MIKE KRONER | COST; $85,524.01 |
| 2/2/2010 | MIKE KRONER | COST; $83,932.03 |

In re **A&M Specialties, Inc.**                                          Case No.: **10-10373**

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-20B**
**INVENTORIES**

| DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| 12/31/2009<br>2/2/2010 | MIKE KRONER<br>100 FIRST STREET; PO BOX 459<br>WHEATLAND, PA 16161 |

In re A&M Specialties, Inc.                                                Case No.: 10-10373

STATEMENT OF FINANCIAL AFFAIRS
EXHIBIT S-21B
CURRENT PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| ROBERT OSTENDORF<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | PRESIDENT & CEO | |
| DALE PARKER<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | VP- CFO | |
| JOHN ANDREWS<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | VP- COO | |
| ROBERT GITTER<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | VP- CORP. CONTROLLER | |
| WILLIAM MARTIN<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | VP-INTERIM COO | |
| JOSEPH HARVEY<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | VP- PURCHASING | |
| FRANK HEADINGTON<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | VP- TECHNOLOGY | |
| LOU FRATARCANGELI<br>2121 BROOKS AVENUE<br>NEENAH, WI 54956 | VP- INDUSTRIAL SALES | |
| JOSEPH LASH<br>28 OLMSTEAD HILL ROAD<br>WILTON, CT 06897 | DIRECTOR | |
| JOSEPH CERULLI<br>10 WEST ROAD<br>SHORT HILLS, NJ 07078 | DIRECTOR | |
| DAVID GENDELL<br>49 MAPLE AVENUE N<br>WESTPORT, CT 06880 | DIRECTOR | |
| JEFFREY MARSHALL<br>795 NORTH DRYFALLS ROAD<br>PALM SPRINGS, CA 92262 | DIRECTOR | |
| STEPHEN GRAHAM<br>4448 SWAN LAKE DRIVE<br>COPLEY, OH 44321 | DIRECTOR | |
| MERCER FORGE CORPORATION<br>200 BROWN STREET<br>MERCER, PA 16137 | EQUITY OWNER | 100% |

**In re A&M Specialties, Inc.**                                                                    **Case No.: 10-10373**

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-22B
### FORMER PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| ALBERT E. FERRARA, JR.<br>8124 WOODBRIDGE COURT<br>SPRINGBORO, OH 45066 | DIRECTOR | 5/6/2009 |
| JEFF JENKINS<br>6620 WESTSHORE DRIVE<br>LINCOLN, NE 68516 | CFO | 2/25/2010 |
| DENNIS O'BRIEN<br>18242 JOYCE LANE<br>LAKEWOOD, WI 54138 | VP- HUMAN RESOURCES | 6/30/2009 |
| WILLIAM M. BARRETT<br>998 PRAIRIEVIEW COURT<br>NEENAH, WI 54956 | CHAIRMAN OF THE BOARD AND DIRECTOR | 2/3/2009 |
| JAMES ACKERMAN<br>7 VIRGINIA RAIL LINE<br>HILTON HEAD ISLAND, SC 29926 | PRESIDENT, CFO (MERCER FORGE CORPORATION) | 9/30/2009 |

In re **A&M Specialties, Inc.**                                                    Case No.: **10-10373**

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-23**
**WITHDRAWALS OR DISTRIBUTIONS CREDITED OR GIVEN TO AN INSIDER - WITHIN 1 YEAR**

| NAME | ADDRESS | RELATIONSHIP TO DEBTOR | DATE RANGE OF DISTRIBUTION | PURPOSE OF DISTRIBUTION | AMOUNT OR DESCRIPTION AND VALUE OF PROPERTY |
|------|---------|------------------------|----------------------------|-------------------------|---------------------------------------------|
| JAMES V ACKERMAN | 7 VIRGINIA RAIL LANE HILTON HEAD ISLAND, SC 29926 | FORMER PRESIDENT, CFO | 5/14/2009 | EXPENSE REIMBURSE-MENT | $        4,112.79 |
| JAMES V ACKERMAN | 7 VIRGINIA RAIL LANE HILTON HEAD ISLAND, SC 29926 | FORMER PRESIDENT, CFO | 8/31/2009 | EXPENSE REIMBURSE-MENT | $        2,270.72 |
|  |  |  |  | TOTAL: | $        6,383.51 |

**In re A&M Specialties, Inc.**                                    Case No.: **10-10373**

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-24
### TAX CONSOLIDATION GROUP

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| NEENAH ENTERPRISES, INC. | 25-1618281 |

**In re A&M Specialties, Inc.**                                    **Case No.: 10-10373**

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-25**
**PENSION FUNDS**

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| STEELWORKERS PENSION TRUST<br>7 NESHAMINY INTERPLEX SA 301<br>P O BOX 660<br>TREVOSE, PA   19053 | 23-6648508 |

In re <u>A&M Specialties, Inc.</u>,                                                          Case No. <u>10-10373</u>

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  <u>March 31, 2010</u>                    Signature

                                    Print Name and
                                    Title          <u>Dale E. Parker, Chief Financial Officer</u>

                        ____17____ continuation sheets added

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§152 and 3571.*