IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., *et al.*,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: Only if objections filed.<br>Objection Deadline: April 16, 2010 at 4:00 p.m. (ET) |

**FIRST MONTHLY APPLICATION OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE
DEBTORS AND DEBTORS-IN-POSSESSION FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE INTERIM PERIOD FEBRUARY 3, 2010 THROUGH FEBRUARY 28, 2010**

| | |
|---|---|
| Name of Applicant: | Young Conaway Stargatt & Taylor, LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | Effective as of February 3, 2010 |
| Period for which compensation and reimbursement is sought: | February 3, 2010 through February 28, 2010 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $40,790.50 |
| Amount of Interim Expense Reimbursement sought as actual, reasonable and necessary: | $15,344.25 |

This is an:  __X__ interim  ____ final application

This application includes 0.00 hours and $0.00 in fees incurred in connection with the preparation of Fee Applications.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

Prior applications:

| Date Filed / Docket No. | Period Covered | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| | | Fees ($) | Expenses($) | Fees | Expenses |
| N/A | N/A | N/A | N/A | N/A | N/A |

## INTERIM COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate ($) (including changes) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|
| Robert S. Brady | Partner since 1998. Joined firm as an associate in 1990. Member of DE Bar since 1990. | $660.00 | 2.50 | 1,650.00 |
| Edmon L. Morton | Partner since 2008. Joined firm as an associate in 1999. Member of DE Bar since 1999. | $530.00 | 32.50 | 17,225.00 |
| Donald J. Bowman, Jr. | Joined the firm as an associate in 2004. Member of the DE Bar since 2003. | $350.00 | 14.30 | 5,005.00 |
| Kenneth Enos | Joined firm as an associate in 2004. Member of the DE Bar since 2004. | $335.00 | 31.00 | 10,385.00 |
| Morgan Seward | Joined the firm as an associate in 2009. Member of the DE Bar Since 2009. | $265.00 | 15.20 | 4,028.00 |
| Troy Bollman | Paralegal | $135.00 | 18.50 | 2,497.50 |
| **Grand Total:** | | | 114.00 | $40,790.50 |
| **Blended Rate:** | | $357.81 | | |

## INTERIM COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees ($) |
|---|---:|---:|
| Prepetition (1000) | 6.00 | 810.00 |
| Case Administration (1001) | 13.10 | 3,768.50 |
| Court Hearings (1002) | 32.40 | 12,789.00 |
| Cash Collateral/DIP Financing (1003) | 9.00 | 3,880.50 |
| Schedules & Statements, U.S. Trustee Reports (1004) | 6.00 | 2,279.00 |
| Use, Sale or Lease of Property (363 Issues) (1006) | 2.90 | 1,066.50 |
| Claims Analysis, Objections and Resolutions (1007) | 1.60 | 608.00 |
| Meetings (1008) | 5.50 | 2,075.50 |
| Plan and Disclosure Statement (1012) | 1.60 | 692.00 |
| Creditor Inquiries (1013) | 0.80 | 254.50 |
| Employee Matters (1015) | 1.00 | 279.00 |
| Retention of Professionals/Fee Issues (1017) | 30.80 | 11,209.50 |
| Utility Services (1020) | 3.30 | 1,078.50 |
| **TOTALS** | **114.00** | **$40,790.50** |

## INTERIM EXPENSE SUMMARY

| Expenses Category (Examples) | Total Expenses ($) |
|---|---:|
| Reproduction Charges | 1,949.90 |
| Long Distance Telephone | 130.76 |
| Federal Express | 47.27 |
| Miscellaneous | 12,614.90 |
| Delivery/Courier | 306.25 |
| Working Meals | 117.50 |
| Teleconference/Video Conference | 72.00 |
| Postage | 78.40 |
| Staff Overtime | 27.27 |
| **TOTAL** | **$15,344.25** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., *et al.*,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: Only if objections filed.<br>Objection Deadline: April 16, 2010 at 4:00 p.m. (ET) |

**FIRST MONTHLY APPLICATION OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE
DEBTORS AND DEBTORS-IN-POSSESSION FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE INTERIM PERIOD FEBRUARY 3, 2010 THROUGH FEBRUARY 28, 2010**

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Young Conaway Stargatt & Taylor, LLP (hereinafter "YCS&T") hereby moves this Court for reasonable compensation for professional legal services rendered as counsel to Neenah Enterprises, Inc., *et al*, the debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), in the amount of $40,790.50 together with reimbursement for actual and necessary expenses incurred in the amount of $15,344.25 for the interim period February 3, 2010 through February 28, 2010 (the "Interim Fee Period"). In support of its Application, YCS&T respectfully represents as follows:

1.   YCS&T was employed under a general retainer to represent the Debtors as bankruptcy counsel in connection with these chapter 11 cases effective as of February 3, 2010, pursuant to an Order entered by this Court on March 8, 2010. The Order authorized YCS&T to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

2.      All services for which compensation is requested by YCS&T were performed for or on behalf of the Debtors.

## COMPENSATION PREVIOUSLY PAID

3.      YCS&T represented the Debtors in preparing for the filing of these chapter 11 cases and was paid pre-petition for those services.

## SUMMARY OF SERVICES RENDERED

4.      Attached hereto as Exhibit A is a detailed statement of fees incurred during the Interim Fee Period showing the amount of $40,790.50 due for fees. Exhibit B is a detailed statement of expenses paid during the Interim Fee Period showing the amount of $15,344.25 for reimbursement of expenses.

5.      The services rendered by YCS&T during the Interim Fee Period are grouped into the categories set forth in Exhibit A. The attorneys and paralegals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the attachments hereto.

## DISBURSEMENTS

6.      YCS&T has incurred out-of-pocket disbursements during the Interim Fee Period in the amount of $15,344.25. This disbursement sum is broken down into categories of charges, including, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels)

provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. A complete review by category of the expenses incurred for the Interim Fee Period may be found in the attachments hereto as Exhibit B.

7. Costs incurred for overtime and computer assisted research are not included in YCS&T's normal hourly billing rates and, therefore, are itemized and included in YCS&T's disbursements. Pursuant to Local Rule 2016-2, YCS&T represents that its rate for duplication is $.10 per page, its rate for outgoing telecopier transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions and there is no surcharge for computerized research.

## VALUATION OF SERVICES

8. Attorneys and paraprofessionals of YCS&T have expended a total of 114 hours in connection with this matter during the Interim Fee Period.

9. The amount of time spent by each of these persons providing services to the Debtors for the Fee Period is fully set forth in the detail attached hereto as Exhibit A. These are YCS&T's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by YCS&T for the Interim Fee Period as counsel for the Debtor in these cases is $40,790.50.

10. YCS&T believes that the time entries included in Exhibit A attached hereto and the expense breakdown set forth in Exhibit B hereto are in compliance with the requirements of Local Rule 2016-2.

11. In accordance with the factors enumerated in 11 U.S.C. §330, the amount

requested is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

12. This Application covers the Interim Fee Period February 3, 2010 through February 28, 2010.

WHEREFORE, YCS&T requests that allowance be made to it in the sum of $40,790.50 as compensation for necessary professional services rendered to the Debtors for the Interim Fee Period, and the sum of $15,344.25 for reimbursement of actual necessary costs and expenses incurred during that period, and further requests such other and further relief as this Court may deem just and proper.

Dated: Wilmington, Delaware
April 6, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

## VERIFICATION

STATE OF DELAWARE )
                           ) SS:
NEW CASTLE COUNTY )

Edmon L. Morton, Esquire, after being duly sworn according to law, deposes and says:

1. I am a Partner in the applicant firm, Young Conaway Stargatt & Taylor, LLP, and have been admitted to the bar of the Supreme Court of Delaware since 1999.

2. I have personally performed many of the legal services rendered by Young Conaway Stargatt & Taylor, LLP, as counsel to the Debtor and am familiar with all other work performed on behalf of the lawyers and paraprofessionals in the firm.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
EDMON L. MORTON

SWORN TO AND SUBSCRIBED before me this 6 day of April, 2010.

_____
Notary Public
My Commission Expires:_____

DEBBIE ELLEN LASKIN
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Dec. 21, 2012