**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

| DEBTOR | CASE NO. | EID NO. |
|---|---|---|
| Neenah Enterprises, Inc. | 10-10360 | 25-1618281 |
| NFC Castings, Inc. | 10-10361 | 39-1887913 |
| Neenah Foundry Company | 10-10362 | 39-1580311 |
| Cast Alloys, Inc. | 10-10363 | 33-0071223 |
| Neenah Transport, Inc. | 10-10364 | 39-1378433 |
| Advanced Cast Products, Inc. | 10-10365 | 25-1607691 |
| Gregg Industries, Inc. | 10-10366 | 95-1498664 |
| Mercer Forge Corporation | 10-10367 | 25-1511711 |
| Deeter Foundry, Inc. | 10-10369 | 47-0355148 |
| Dalton Corporation | 10-10370 | 35-0259770 |
| Belcher Corporation | 10-10371 | 52-1643193 |
| Peerless Corporation | 10-10372 | 52-1644462 |
| A&M Specialties, Inc. | 10-10373 | 25-1741756 |
| Dalton Corporation, Warsaw Manufacturing Facility | 10-10374 | 35-2054775 |
| Dalton Corporation, Ashland Manufacturing Facility | 10-10375 | 34-1873079 |
| Dalton Corporation, Kendallville Manufacturing Facility | 10-10376 | 35-2054777 |
| Dalton Corporation, Stryker Machining Facility Co. | 10-10377 | 34-1873080 |
| Morgan's Welding, Inc. | 10-10378 | 26-3091300 |

**NOTICE OF ENTRY OF BAR DATE ORDER ESTABLISHING**
**DEADLINES FOR FILING PROOFS OF CLAIM**
**(INCLUDING SECTION 503(b)(9) CLAIMS) AGAINST THE DEBTORS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

**PLEASE TAKE NOTICE THAT:**

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing certain deadlines for the filing of Proofs of Claim (as defined below), including Section 503(b)(9) Claims (as defined below), against the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") on account of any claims that arose prior to February 3, 2010 (the "Petition Date").

You should not file a Proof of Claim if you do not have a claim against the Debtors. The fact that you received this Notice does not necessarily mean that you have a claim or that either the Debtors or the Bankruptcy Court believe that you have a claim.

Pursuant to the terms of the Bar Date Order, and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit) that holds or asserts a claim (including a Section 503(b)(9) Claim) against any Debtor must file a Proof of Claim that substantially conforms to the Proof of Claim form attached hereto (a "Proof of Claim"), so that it is **actually received** by The Garden City Group, Inc. ("GCG"), the Bankruptcy Court-approved claims and noticing agent in these chapter 11 cases, on or before the applicable Bar Date set forth below. Proofs of Claim sent by **first-class mail** must be sent to the following address:

> **The Garden City Group, Inc.**
> **Attn: Neenah Enterprises Claims Processing**
> **P.O. Box 9594, Dublin, OH 43017-4894**

Proofs of Claim sent by hand delivery or overnight mail must be sent to the following address:

> **The Garden City Group, Inc.**
> **Attn: Neenah Enterprises Claims Processing**
> **5151 Blazer Pkwy., Suite A, Dublin, OH 43017**

To be properly filed, a Proof of Claim must be filed in the bankruptcy case of the specific Debtor against which the claimant holds or asserts a claim. For example, if a claimant holds or asserts a claim against Belcher Corporation, the Proof of Claim must be filed against Belcher Corporation in case number 10-10371. If a claimant wishes to assert a claim against more than one Debtor, separate Proof of Claim forms must be filed against each applicable Debtor. A complete list of Debtors with corresponding case numbers is set forth above.

Proofs of Claim will be deemed timely filed only if actually received by GCG on or before the bar date associated with such claim. Further, GCG will not accept Proofs of Claim sent by facsimile, telecopy, e-mail or other electronic submission.

General Bar Date. Except as otherwise provided herein, each person or entity holding or asserting a claim (including a 503(b)(9) Claim) against one or more of the Debtors that arose prior to the Petition Date must file a Proof of Claim so that it is actually received by GCG on or before **May 21, 2010 at 4:00 p.m. (prevailing Eastern Time).**

Governmental Unit Bar Date. Each governmental unit holding or asserting a claim against one or more of the Debtors that arose prior to the Petition Date must file a Proof of Claim so that it is <u>actually received</u> by GCG on or before **August 6, 2010 at 4:00 p.m. (prevailing Eastern Time)**.

Rejection Damages Bar Date. A Proof of Claim relating to a claim arising from he Debtors' rejection of an executory contract or unexpired lease pursuant to an order of the Court must be filed so that it is actually received by GCG on or before the later of (i) the General Bar Date or (ii) thirty (30) days after the effective date of such Court order.

For purposes of the Bar Date Order and this Notice, the term "claim" means (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured as of the Petition Date.

For purposes of the Bar Date Order and this Notice, the term "Section 503(b)(9) Claim" means the value of any goods received by the Debtors within the twenty (20) days prior to the Petition Date, which goods were sold to the Debtors in the ordinary course of their business.

The following persons and entities need **NOT** file a Proof of Claim:

a) any person or entity that has already properly filed a Proof of Claim against the applicable Debtor(s) with either GCG or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware in a form substantially similar to Official Bankruptcy Form 10;

b) any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, <u>and</u> (ii) whose claim is not described in the Schedules as "disputed," "contingent," or "unliquidated," <u>and</u> (iii) who does not dispute the amount or characterization of its claim (including on grounds that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules) as set forth in the Schedules;[2]

c) any professionals retained by the Debtors or the Committee pursuant to orders of this Court (including any "ordinary course" professionals retained by the Debtors pursuant to this Court's approval) who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

---

[2] The Debtors shall retain the right to amend or supplement the Schedules, if necessary, to change the amount, priority or characterization of any claim set forth therein or to subsequently designate any such claim as disputed, contingent or unliquidated. If the Debtors amend or supplement the Schedules after the Service Date (i) to reduce the undisputed, non-contingent and liquidated amount of any claim, (ii) to change the nature or characterization of a claim, or (iii) to add a new claim to the Schedules, the affected claimants shall, in accordance with Local Rule 1009-2, be afforded twenty (20) days from the date of service by the Debtors of the notice of the applicable amendment or supplement to the Schedules to file a Proof of Claim on account of such claims, if necessary.

3

d) any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that any person or entity that asserts a claim pursuant to section 503(b)(9) of the Bankruptcy Code on account of goods received by the Debtors within the twenty day period preceding the Petition Date must file a Proof of Claim on or before the General Bar Date;

e) current or former officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or post-petition services to the Debtors;

f) any Debtor asserting a claim against another Debtor;

g) any entity whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under that certain Amended and Restated Loan and Security Agreement, dated as of December 29, 2006 (the "<u>Prepetition Credit Agreement</u>"), by and among Neenah Foundry Company ("<u>Neenah</u>") and certain of its subsidiaries as borrowers, Bank of America, N.A. as agent, and the lenders party thereto from time to time, with claims arising thereon or thereunder referred to herein as the "<u>Prepetition Credit Facility Claims</u>"); <u>provided</u>, <u>however</u>, that any holder of a Prepetition Credit Facility Claim that asserts a claim <u>other than a Prepetition Credit Facility Claim</u> shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

h) any entity whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under (i) the 9.5% Senior Secured Notes due 2017 issued by Neenah or (ii) the 12.5% Senior Subordinated Notes due 2013 issued by Neenah (collectively the "<u>Notes</u>"), with claims relating to the Notes and/or their respective indentures (collectively, the "<u>Notes Indentures</u>") being referred to herein as the "<u>Note Claims</u>"), including any indenture trustee for the holders of the Note Claims; <u>provided</u>, <u>however</u>, that any holder of a Note Claim that wishes to assert a claim <u>other than a Note Claim</u> shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date unless another exception in this paragraph applies;

i) any entity whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under the Debtors' post-petition credit facilities, which the Court approved on an interim basis on February 4, 2010 (the "<u>DIP Facilities</u>"), with claims arising thereon or thereunder referred to herein as the "<u>DIP Facility Claims</u>"); <u>provided</u>, <u>however</u>, that any holder of a DIP Facility Claim that asserts a claim <u>other than a DIP Facility Claim</u> shall be

4

      required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

j)  any person or entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the General Bar Date; and

k)  any person or entity whose claim against the Debtors has been paid in full by any of the Debtors pursuant to an order of the Court entered on or before the General Bar Date

The following persons and entities need **NOT** file a Proof of Interest: any entity holding any interest in any Debtor (an "Interest Holder") which interest is based solely upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability company, warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"); provided, however, that Interest Holders that wish to assert *claims* against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of an Interest, must file Proofs of Claim on or before the General Bar Date, unless another of the exceptions enumerated above applies.

  **Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit) that is required to file a timely Proof of Claim in the form and manner specified by the Bar Date Order and this Notice and that fails to do so on or before the bar date associated with such claim (or other applicable date as may be fixed by the Court), (i) shall be forever barred, estopped and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases; (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purposes of voting upon any plan of reorganization in these proceedings; and (iii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.**

  Please note that acts or omissions of the Debtors that occurred prior to the Petition Date, including any acts or omissions related to any indemnity agreements, guarantees, goods sold to or services provided to or rendered by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they are based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds or asserts a claim or a potential claim against the Debtors, no matter how remote or contingent such claim or potential claim may be, must file a Proof of Claim on or before the General Bar Date.

Dated: Wilmington, Delaware
   April 6, 2010

BY ORDER OF MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

5

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Brett H. Myrick
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION