# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: April 27, 2010 at 9:30 (ET) |
| | Objection Deadline: April 20, 2010 at 4:00 p.m. (ET) |

## MOTION OF THE DEBTORS FOR AN ORDER EXTENDING THE DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move this Court (the "Motion") pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order granting a ninety (90) day extension, through and including September 1, 2010, of the deadline for the Debtors to assume or reject any of the leases, subleases, or other agreements to which any of the Debtors are a party that may be deemed to constitute unexpired leases of nonresidential real property (collectively the "Real Property Leases"). In support of this Motion, the Debtors respectfully state:

### STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

2. The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 12, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory and legal predicate for the relief sought herein is section 365(d)(4) of the Bankruptcy Code.

## RELIEF REQUESTED

5. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors have an initial one hundred twenty (120) day period to assume or reject each of the Real Property Leases (the "Assumption/Rejection Period"). Such Assumption/Rejection Period is scheduled to expire on June 3, 2010. By this Motion, the Debtors request the entry of an order extending the original Assumption/Rejection Period by ninety (90) days, through and including September 1, 2010. Such an extension would be subject to and without prejudice to the rights of the Debtors to seek further extensions of the Assumption/Rejection Period with the consent of the non-Debtor counterparties to such Real Property Leases (collectively, the "Landlords")[2] as contemplated by section 365(d)(4)(B)(ii) of the Bankruptcy Code.

---

[2] Service of this Motion on the Landlords shall not constitute an admission by the Debtors that any Real Property Lease constitutes a non-residential lease of real property within the meaning of 11 U.S.C. § 365(d)(4).

2

DB02:9485360.1                                                                                                                  069152.1001

## BASIS FOR RELIEF REQUESTED

6. Section 365(d)(4) of the Bankruptcy Code provides that the debtor has an initial 120-day period following the filing of a bankruptcy petition during which to elect to assume or reject unexpired leases of nonresidential real property. *See* 11 U.S.C. § 365(d)(4) Under section 365(d)(4)(B), upon a motion by the debtor, the Court may extend the initial 120-day deadline by 90 days "for cause." 11 U.S.C. § 365(d)(4)(B).

7. The term "cause," as used in section 365(d)(4), is not defined in the Bankruptcy Code. In determining whether cause exists to warrant extending the initial 120 day period under section 365(d)(4) courts have relied on a number of factors, including:

  (a) Whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

  (b) Whether the case is complex and involves large numbers of leases; and

  (c) Whether the debtor has had sufficient time to intelligently appraise each lease's value to a plan of reorganization.

*See In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); *see also South St. Seaport L. P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (considering the complexity of the debtors' cases, the number of leases the debtors must evaluate, and the need for judicial determination of whether a lease exits); *Channel Home Centers, Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating." (citing *Wedtech*, 72 B.R. at 471-72)). Indeed, "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *Channel Home Ctrs.*, 989 F.2d at 689.

8. The Debtors submit that ample cause exists to extend the Assumption/Rejection Period in these chapter 11 cases. The Debtors are party to at least twenty four (24) Real Property Leases. The facilities leased by the Debtors pursuant to the Real Property Leases include many of the Debtors' warehousing centers, production facilities, and sales facilities throughout the United States. These facilities are at the core of the Debtors' operations and many of the locations subject to the Real Property Leases undoubtedly will play a significant role in the Debtors' ongoing operations. Moreover, the Debtors' chapter 11 cases are large and complex, and it is important that the Debtors be afforded sufficient time to make determinations regarding the role each Real Property Lease will play in their ongoing operations.

9. Without an extension of the Assumption/Rejection Period, the Debtors may be forced to prematurely assume certain Real Property Leases that may later prove to be burdensome and could give rise to large administrative expense claims against the Debtors' estates. Conversely, if the Debtors precipitously reject the Real Property Leases or are deemed to reject the Real Property Leases by operation of section 365(d)(4) of the Bankruptcy Code, they may forego significant value in such Real Property Leases, thereby resulting in the loss of valuable property interests that may be essential to the Debtors' ongoing operations.

10. Pending the Debtors' election to assume or reject the Real Property Leases, the Debtors will have performed, and will continue performing, in a timely fashion all of their obligations under the Real Property Leases arising from and after the Petition Date, including the payment of all post-petition rent when due and payable, as required by section 365(d)(3) of the Bankruptcy Code. As a result, there should be no prejudice to the Landlords if the Assumption/Rejection Period is extended as requested herein.

11. Based upon the foregoing, the Debtors respectfully request that this Court extend the deadline for the Debtors may assume or reject the Real Property Lease by ninety (90) days, through and including September 1, 2010, without prejudice to the Debtors' rights to seek further extensions of such deadline with the consent of the affected Landlords.

## NOTICE

12. Notice of this Motion has been provided to: (i) counsel to the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent for the Debtors' prepetition secured lenders; (iv) counsel to the agents for the Debtors' post-petition lenders; (v) counsel to the ad hoc committee of the holders of the 9.5% secured notes; (vi) counsel to the holders of the 12.5% subordinated notes; (vii) each Landlord and its counsel (if known) and (viii) those parties requesting notice pursuant to Bankruptcy Rule 2002(i), in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form of <u>Exhibit A</u> hereto, (i) granting an extension through and including September 1, 2010 of the deadline for the Debtors to assume or reject the Real Property Leases, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       April 9, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Brett H. Myrick
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION

DB02:9485360.1
069152.1001