April 6th, 2010

RE:   Thomas E. Foar 111, P.O. Box 591, Waterloo, IN 46793

It has come to my attention that Neenah Enterprises, Inc., is filing chapter 11 in the United States Bankruptcy Court. I lost my job almost one year ago, due to Dalton Foundry in Kendallville, IN closing the plant down. I do have a pension plan that is vested with this company. I am aware that my pension is protected, according to The Pension Protection Act of 2006.

I am suffering financial hardship since losing my job with Dalton Foundry. I am objecting, in writing, and am requesting that I receive a lump sum payment of all money that I have vested in my pension plan.

I have enclosed a copy of a statement from GMP and Employers Pension Fund. I have also included a fact sheet in reference to retirement plans that states what I am entitled too and protected against.

Respectfully Yours,

4-6-2010

*Thomas E. Foar III* (signature)

Thomas E. Foar 111



# GMP and Employers Pension Fund
205 West Fourth Street, Suite 225 / Cincinnati, Ohio 45202 / Telephone (513) 381-6886

```
THOMAS E FOAR                                    2 DALTON CORP-KENDALLVILLE

PO BOX 591                                       1

WATERLOO IN 46793                                BIRTH DATE        9/20/1968

                                                 LAST HIRE DATE    7/29/1996
```

BENEFICIARY - FOAR ELIZABETH F - WIFE

THIS IS A STATEMENT OF YOUR PENSION STANDING AS OF DECEMBER 31, 2009.
FOR A COMPLETE DESCRIPTION OF THE PENSION PLAN, PLEASE REFER TO YOUR
COPY OF THE SUMMARY PLAN DESCRIPTION.  IF YOU DO NOT HAVE A COPY, ASK
YOUR EMPLOYER OR UNION REPRESENTATIVE, OR CONTACT THIS OFFICE.

| | |
|---|---|
| MONTHLY PENSION BENEFIT EARNED IN 2009 | $.00 |
| MONTHLY PENSION BENEFIT EARNED THROUGH 2009 | $580.61 |
| TOTAL HOURS ON WHICH PENSION CONTRIBUTIONS MADE IN 2009 | 257.00 |
| TOTAL EMPLOYER CONTRIBUTIONS IN 2009 | $169.62 |
| PAST SERVICE PENSION CREDITS | .00 |
| FUTURE SERVICE PENSION CREDITS | 12.50 |
| TOTAL PENSION CREDITS | 12.50 |
| VESTING SERVICE CREDITS | 13 |

YOU ARE VESTED.  YOUR BENEFITS ARE NONFORFEITABLE AND YOU HAVE A
LEGAL RIGHT TO THEM AT RETIREMENT DATE.  IF YOU WERE AGE 65 AND
OTHERWISE QUALIFED UNDER THIS PENSION PLAN, YOUR MONTHLY PENSION
WOULD BE  $580.61, SINGLE LIFE ANNUITY.

THIS STATEMENT IS SUBJECT TO ADJUSTMENT IF ERRORS ARE DISCOVERED.
IF CORRECTIONS NEED TO BE MADE OR IF YOU HAVE QUESTIONS, PLEASE
RETURN THIS FORM WITH THE CORRECTIONS/QUESTIONS TO THE FUND OFFICE.

DOL > EBSA > Newsroom > **Fact Sheet**

# Fact Sheet: Your Employer's Bankruptcy - How Will It Affect Your Employee Benefits?

Printer Friendly Version

*The Department of Labor's Employee Benefits Security Administration (EBSA), administers the Employee Retirement Income Security Act of 1974 (ERISA), which governs retirement plans (including profit sharing and 401(k) plans) and welfare plans (including health, disability, and life insurance plans). ERISA also includes the health coverage continuation and accessibility provisions of the Consolidated Omnibus Budget Reconciliation Act (COBRA) and the Health Insurance Portability and Accountability Act (HIPAA). This information sheet focuses on bankruptcy's effect on pension plans and group health plans.*

If an employer declares bankruptcy, it will generally take one of two forms: reorganization under Chapter 11 of the Bankruptcy Code, or liquidation under Chapter 7. A Chapter 11 (reorganization) usually means that the company continues in business under the court's protection while attempting to reorganize its financial affairs. A Chapter 11 bankruptcy may or may not affect your pension or health plan. In some cases, plans continue to exist throughout the reorganization process. In a Chapter 7 bankruptcy, the company liquidates its assets to pay its creditors and ceases to exist. Therefore, it is likely your pension and health plans will be terminated.

When your employer files for bankruptcy you should contact the administrator of each plan or your union representative (if you are represented by a union) to request an explanation of the status of your plan or benefits. The summary plan description will tell how to get in touch with the plan administrator. Questions that you may want to ask include:

- Will the plan continue or will it be terminated?
- Who will be acting as plan administrator of the plans during and after the bankruptcy, and who will be the trustee in charge of the pension plan?
- If the pension plan is to be terminated, how will accrued benefits be paid?
- Will COBRA continuation coverage be offered to terminated employees?
- If the health plan is to be terminated, how will outstanding health claims be paid, and when will certificates of creditable coverage (showing, among other things, the dates of enrollment in your employer's health plan) be issued?

## Know Your Plan

Know the plan rules that govern the way your pension assets and health benefits are treated when the plan is terminated. The following documents contain valuable information about your health and pension plans and should be helpful to you. You should be able to obtain most of them from your plan administrator, employer, or union representative.

- Summary plan description - A description of your pension and health plan.
- Summary annual report (not available for some plans) - An annual summary of the plan's finances that may contain names and addresses you may need to know.
- Earnings and leave statements - These are your pay stubs and may help you establish your employment dates, compensation, and contributions to a plan.
- Certificate of creditable coverage (available upon request even if you still have health coverage and provided automatically when your health coverage ceases) - A certificate of creditable coverage is a statement of your past health care coverage with your employer.
- Individual benefit statements showing how much money is in your retirement account (for individual account plans) or the value of your pension benefit (for defined benefit plans).

## Retirement Plans

Workers in bankruptcy situations face two important issues when it comes to their retirement benefits: access to pension benefits and the continued safety of their pension assets. Generally, your pension assets should not be at risk when a business declares bankruptcy, because ERISA requires that promised pension benefits be adequately funded and that pension monies be kept separate from an employer's business assets and held in trust or invested in an insurance contract. Thus, if an employer declares bankruptcy, the retirement funds should be secure from the company's creditors. In addition, plan fiduciaries must comply with the ERISA provisions that prohibit the mismanagement and abuse of plan assets. If contributions to a plan have been withheld from your pay, you may want to confirm that the amounts deducted have been forwarded to the plan's trust or insurance contract.

In addition, some pension benefits may be insured by the Federal Government. Traditional plans (defined benefit plans) are protected by the Pension Benefit Guaranty Corporation (PBGC), a Federal Government corporation. If a plan is terminated because an employer has financial difficulty and cannot fund the plan, and the plan does not have enough money to pay the promised benefits, the PBGC will assume responsibility for the plan. The PBGC pays benefits after termination up to a certain maximum guaranteed amount. On the other hand, defined contribution plans, such as 401(k) plans, are not insured by the PBGC.

In the event the pension plan is terminated, the plan must vest your accrued benefit 100 percent. This means that the plan owes you all the pension benefits that you have earned so far, even benefits you would have lost if you had voluntarily left your employment. ERISA does not require that pension benefits be paid out before normal retirement age, usually age 65. Your plan may provide for distribution sooner than this. Some plans require participants to reach a certain age before benefits will be distributed, and some require the participant to have been separated from employment for a specified period of time. You should review the summary plan description for the plan rules regarding payment of benefits. Also remember that taking a distribution of pension benefits before retirement may have important tax consequences. You may need to consult with a tax advisor before accepting the distribution.

## Health Plans

Your group health plan must notify you within 60 days of any reduction in benefits. If a reorganizing employer maintained several health plans and discontinues most of its plans, you may be eligible to continue coverage in its remaining plan. If you are covered under your employer's health plan and you lose your job, have your hours reduced, or get laid off and lose coverage as a result, you and your dependents may qualify for COBRA continuation coverage. COBRA provides a right to purchase extended health coverage under your employer's plan.

You and your dependents may also have a special enrollment right in a spouse's group health plan. However, you and your dependents must request enrollment within 30 days of losing your coverage. If you elect COBRA coverage instead of special enrollment in a spouse's plan, you must exhaust COBRA before you may be eligible for another special enrollment opportunity.

If, however, your employer discontinues all its health plans, COBRA continuation coverage will not be available. You will have to seek other coverage. Other coverage may be available by converting your employer's group health coverage to an individual policy. As mentioned above, you may also have rights to special enrollment in a spouse's employer's plan, or by being an "eligible individual" who is guaranteed access to individual insurance. The opportunity to buy an individual insurance policy is the same whether the individual is laid off, is fired, or quits his or her job.

Special bankruptcy rules may apply if you are receiving health benefits as a retiree or if your health benefits are the subject of a collective bargaining agreement.

Finally, if you have unpaid health claims and your plan sponsor has declared bankruptcy, you may want to consider filing a proof of claim with the bankruptcy court.

Fact Sheet: Your Employer's Bankruptcy: How Will It Affect Your Employee Benefits?    Page 2 of 2

Case 10-10360-MFW    Doc 2801   Filed 04/12/10   Page 4 of 4

**Where To Go For Help**

You should contact the EBSA regional office nearest you if:

- You are unable to obtain information or documents about your benefits or related to your pension or health plan;

- You suspect contributions deducted from your pay check have not been deposited to the plan, your pension benefits are not safe, or the assets are not prudently invested;

- You need information and assistance with unpaid health claims or in obtaining a certificate of creditable coverage.

Contact EBSA electronically at **www.askebsa.dol.gov** or call the EBSA toll-free Hotline at **1.866.444.EBSA (3272)** to speak to a Benefits Advisor if you have questions about your options during a bankruptcy. For more information about rights to coverage, visit our Web site at **www.dol.gov/ebsa**.

If your health plan coverage ends, you should contact your State department of insurance to inquire about your eligibility for an individual policy under HIPAA.

If your retirement plan is a defined benefit pension plan, all or a portion of the benefits may be insured by the Pension Benefit Guaranty Corporation (PBGC). For further information contact the:

Pension Benefit Guaranty Corporation
Processing and Technical Assistance Branch
1200 K Street, NW
Washington, DC 20005
Tel: 1.800.400.7242

This fact sheet has been developed by the U.S. Department of Labor, Employee Benefits Security Administration, Washington, DC 20210. It will be made available in alternate formats upon request: Voice phone: 202.693.8664; TTY: 202.501.3911. In addition, the information in this fact sheet constitutes a small entity compliance guide for purposes of the Small Business Regulatory Enforcement Fairness Act of 1996.