
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
In re:                                                    Chapter 11


NEENAH ENTERPRISES, INC., et al.                          Case No. 10-10360 (MFW)

                                                          (Jointly Administered)
                              Debtors.
------------------------------------------------------X   Objection Period: May 3, 2010 at 4:00 pm (ET)
```

**SECOND MONTHLY APPLICATION OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISORS TO THE DEBTORS FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MARCH 1, 2010 THROUGH MARCH 31, 2010**

| | |
|---|---|
| Name of Application: | HURON CONSULTING GROUP |
| Authorized to Provide Professional Services to: | Neenah Enterprises, Inc., et al. |
| Date of Retention: | March 8, 2010 nunc pro tunc to February 3, 2010 |
| Period for which Compensation and Reimbursement is sought: | March 1, 2010 Through March 31, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | $495,568.75 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $16,781.85 |

This is a _x_ monthly           ___ final application

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 03/11/10 | February 3, 2010 through February 28, 2010 | $288,870.00/$11,678.99 | Received payment of 80% of fees and 100% of expenses |

## COMPENSATION BY PROFESSIONAL

NEENAH ENTERPRISES, INC., et al
(Case No. 10-10360 (MFW))

March 1, 2010 through March 31, 2010

| Professional | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Richard D. Caruso | Managing Director | 134.5 hrs | $675.0 / hr | 90,787.50 |
| Brent Johnson | Director | 259.2 hrs | $575.0 / hr | 149,040.00 |
| Elaine Lane | Director | 50.7 hrs | $575.0 / hr | 29,152.50 |
| Fernando Pena-Alfaro | Director | 68.2 hrs | $575.0 / hr | 39,215.00 |
| Nick Zaccagnini | Manager | 33.6 hrs | $375.0 / hr | 12,600.00 |
| Brett Anderson | Manager | 309.0 hrs | $375.0 / hr | 115,875.00 |
| Omer Ozgozukara | Manager | 259.1 hrs | $375.0 / hr | 97,162.50 |
| Lisa Mays | Analyst | 7.0 hrs | $225.0 / hr | 1,575.00 |
| Total Professional Charges | | 1,121.3 | | $535,407.50 |
| | | Less: Travel Time Discount (50%): | | ($39,838.75) |
| | | Total March Fees: | | $495,568.75 |
| | | Blended Hourly Rate: | | $441.96 |

# COMPENSATION BY PROJECT CATEGORY

### NEENAH ENTERPRISES, INC., et al
(Case No. 10-10360 (MFW))

March 1, 2010 through March 31, 2010

| Activity Code | Activity Code Description | Hours | Fees |
|---|---|---|---|
| 1 | Meeting / teleconference with Debtor Management, Board, or Counsel | 18.3 | 11,242.50 |
| 2 | Meeting / teleconference with Bank Group, Counsel or Advisors | 11.3 | 7,247.50 |
| 3 | Meeting / teleconference with Statutory Committees, Counsels or Advisors | 1.7 | 1,017.50 |
| 5 | Case Reporting: UST Rpts, Statements, & Schedules | 394.5 | 169,937.50 |
| 6 | Retention and Fee Applications | 31.4 | 14,065.00 |
| 7 | Disclosure Statement / Plan of Reorganization | 102.5 | 46,127.50 |
| 8 | Business Plan & Analysis of Operations | 134.0 | 70,440.00 |
| 9 | Cash Flow Analysis and Reporting | 77.0 | 43,545.00 |
| 10 | DIP Financing, Exit Financing, Cash Collateral, Bank Issues | 43.7 | 25,957.50 |
| 18 | Employee Retention Programs | 0.4 | 270.00 |
| 20 | Accounts Payable / Vendor Issues | 140.9 | 62,247.50 |
| 23 | Lease Issues | 1.5 | 802.50 |
| 24 | Case Administration | 6.0 | 2,830.00 |
| 26 | Travel Time | 158.1 | 79,677.50 |
| | Totals: | 1,121.3 | $535,407.50 |
| | Less: Travel Time Discount (50%): | | ($39,838.75) |
| | Total March Fees: | | $495,568.75 |

**EXPENSE SUMMARY**

NEENAH ENTERPRISES, INC., et al
(Case No. 10-10360 (MFW))

March 1, 2010 through March 31, 2010

| Cost Type | Amount |
|---|---|
| Airfare | 3,148.21 |
| Conferencing (Audio, Video, Web, CATV) | 3.27 |
| Ground Transportation | 165.00 |
| Hotel/Lodging | 5,744.28 |
| Meals | 2,468.69 |
| Mileage | 1,947.00 |
| Office Supplies | 193.12 |
| Parking & Tolls | 370.00 |
| Rental Car | 2,727.38 |
| Telecom | 14.90 |
| **Total Expenses** | **$16,781.85** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
In re:                                          Chapter 11

NEENAH ENTERPRISES, INC., et al.,[1]            Case No. 10-10360 (MFW)

                                                (Jointly Administered)
                        Debtors.
----------------------------------------------------------X

**SECOND MONTHLY APPLICATION OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISORS TO THE DEBTORS FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MARCH 1, 2010 THROUGH MARCH 31, 2010**

Huron Consulting Services LLC ("Huron Consulting Group" or "Huron"), financial advisors to the Debtors in these chapter 11 cases *nunc pro tunc* to the Petition Date (as defined below), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Huron to the Debtors for the period March 1, 2010 through March 31, 2010 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred by Huron during the Compensation Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. § 105 (a) and 331, Fed. R. Bankr. P. 2016 and Del. Banker. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals (the "Interim Compensation Procedures Order")[2]. In support of this Application, Huron represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(a) and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

## BACKGROUND

2. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors also jointly filed motions or applications seeking certain typical "first day" relief. On February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 2015(b).

3. The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

4. On February 17, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

### HURON'S RETENTION

5. The Debtors selected Huron to serve as their financial advisors. On March 8, 2010, this Court entered the Order Pursuant to 11 U.S.C. Sections 327 (a) and 1107 (b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing the Employment and Retention of Huron Consulting Services LLC as Financial Advisors to the Debtors, *Nunc Pro Tunc to February 3, 2010*.

### FEE PROCEDURES ORDER

6. On March 8, 2010, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court no earlier than the tenth day of each month following the month for which compensation is sought. Provided that no objections to such Monthly Fee Application are filed within the ten day Objection Deadline, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If an objection to a portion of the Monthly Fee Application is filed and not resolved, the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses that are not subject to the objection.

### RELIEF REQUESTED

8. Huron submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered

- 3 -

as financial advisors for the Debtors in these cases for the period from March 1, 2010 through March 31, 2010, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

9. During the period covered by this Application, Huron incurred fees in the amount of $535,407.50 before reduction. In accordance with Local Rules regarding travel time being charged at 50%, net fees for the Compensation Period, after a reduction of $39,838.75 for travel time, are $495,568.75. For the same period, Huron incurred actual, reasonable and necessary expenses totaling $16,781.85. With respect to these amounts, as of the date of this Application, Huron has received no payments.

10. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

11. During the Application Period, Huron professionals billed time incurred in service to the Debtors to distinct service categories. Below is a summary of the activities performed by Huron professionals during the Compensation Period, organized by project category code:

**Task Code 1 – Meeting/Teleconference with Debtor Management, Board, or Counsel**

Huron prepared for and participated in meetings and discussions with Debtor management, key personnel and Counsel related to the information sharing process with the advisors to the Unsecured Creditors Committee and the Ad Hoc Noteholders Committee. Additional time was spent planning and discussing the timing, process and execution of preparing the Statements of Financial Affairs and the Schedules of Assets and Liabilities for each Debtor. In addition, Huron attended Board meetings and had weekly conference calls with Debtor management, Counsel and Investment Bankers regarding the case status, upcoming deadlines and deliverables. Huron also spent time meeting with Debtor management

- 4 -

to discuss the re-forecasted 2010 business plan, certain industry and competitor issues, vendor payment matters, the liquidation analysis and the Dalton facility's business plan assessment.

Huron devoted 18.30 hours to performing these services during the Compensation Period, which resulted in fees of $11,242.50 and a blended rate of $614.

**Task Code 2 – Meeting / teleconference with Bank Group, Counsel or Advisors**

During the Compensation Period, Huron prepared for and participated in status update meetings and discussions with the DIP lenders and their advisors regarding the DIP Budget, cash flow forecasts, updates on business operations and the bankruptcy process, insurance matters and critical vendor and other spending.

Huron devoted 11.30 hours to performing these services during the Compensation Period, which resulted in fees of $7,247.50 and a blended rate of $641.

**Task Code 3 – Meeting / teleconference with Statutory Committees, Counsels or Advisors**

During the Compensation Period, Huron participated in discussions with the Unsecured Creditors Committee's financial advisors regarding the DIP Budget, the information sharing process and general case status updates.

Huron devoted 1.70 hours to performing these services during the Compensation Period, which resulted in fees of $1,017.50 and a blended rate of $599.

**Task Code 5 – Case Reporting: UST Reports, Statements & Schedules**

Huron devoted time during the Compensation Period to satisfying the U.S. Trustee reporting requirements and preparing the initial monthly operating report. Huron spent time gathering information from Debtor management in connection with compiling the required Statements of Financial Affairs ("Statements") and Schedules of Assets and Liabilities ("Schedules"). Huron spent time discussing the Statements and Schedules with Counsel and Debtor management, reviewing drafts and editing the Statements and Schedules with revisions and additional information provided by Counsel and Debtor management. Additional time was

spent preparing the Global Notes and reviewing the final versions of the Statements and Schedules prior to filing with the Court.

Huron also spent time preparing, reviewing and finalizing the February monthly operating report, including the drafting of supplemental notes and supporting schedules. Huron worked with Debtor management to gather and analyze the information required to complete the monthly operating report. In addition, Huron spent time preparing the initial monthly operating report templates for each Debtor and populating them with the data provided by Debtor management. Additional time was spent reviewing drafts of the February monthly operating report prior to filing with the Court.

Huron devoted 394.50 hours to performing these services during the Compensation Period, which resulted in fees of $169,937.50 and a blended rate of $431.

**Task Code 6 – Retention and Fee Applications**

As the Debtors' financial advisors, Huron is required to adhere to the requirements of the Bankruptcy Code and related rules, and the U.S. Trustee guidelines with respect to the retention of professionals in bankruptcy cases. Huron spent time during the Compensation Period preparing, reviewing and finalizing Huron's February Monthly Fee Application and the related exhibits. Huron also spent time during the Compensation Period reviewing the draft time and expense detail exhibits for time incurred from March 1, 2010 through March 15, 2010 in preparation for the March Fee Application.

Huron devoted 31.40 hours to performing these services during the Compensation Period, which resulted in fees of $14,065.00 and a blended rate of $448.

**Task Code 7 – Disclosure Statement/Plan of Reorganization**

Huron spent time during the Compensation Period preparing a liquidation analysis to be utilized in the Disclosure Statement and Plan of Reorganization. Huron gathered, reviewed and analyzed the necessary information from Debtor management in order to create

the liquidation analysis. As part of the liquidation analysis process, Huron discussed the process methodology with key Debtor personnel, prepared the required schedules to support the liquidation analysis, worked with Debtor management to assess the inventory recovery percentages and related costs to liquidate, reviewed an independent appraiser's report, created a distribution waterfall analysis to determine recoveries for each creditor class, documented the assumptions used in the liquidation analysis and drafted the supplemental notes to the liquidation analysis.

Huron also spent time assisting Counsel in preparing information to be included in the Disclosure Statement. This data included post-petition intercompany activity, the composition of creditor claim classes and certain other figures, as requested by Counsel. Additional time was spent reviewing and commenting on the drafts of the Disclosure Statement and Plan of Reorganization.

Huron devoted 102.50 hours to performing these services during the Compensation Period, which resulted in fees of $46,127.50 and a blended rate of $450.

**Task Code 8 – Business Plan & Analysis of Operations**

During the Compensation Period, Huron devoted time to the business operations assessment project for one of the Debtors' plants, as requested by Debtor management. This project involved an extensive analysis of the plant's operations, capacity, constraints and environmental matters. Huron toured the plant and met with Debtor management to discuss the plant's business plan and the underlying assumptions. Huron prepared a summary due diligence report to deliver to the Board of Directors, as well as a detailed report to share with Debtor management, on Huron's assessment of the plant.

Additional time was spent creating various analyses of the Debtors' operations, including a comparative shipped tons analysis by business segment, a market study on the casting industry capacity and recent changes to the Debtors' competitors' capacities, research

on the shut down and sale of various plants in the industry, an analysis of the historical and projected demand for the casting market and a comparison of year-to-date performance to the business plan. In addition, Huron spent time compiling data to be used in the Debtors' revised 2010 business plan. Huron assisted the Debtors' Investment Bankers in reviewing, analyzing and finalizing the Debtors' revised 2010 business plan. Huron also spent time reviewing drafts of the Debtors' February financial statements and responding to certain environmental matters.

Huron devoted 134.00 hours to performing these services during the Compensation Period, which resulted in fees of $70,440.00 and a blended rate of $526.

**Task Code 9 – Cash Flow Analysis and Reporting**

During the Compensation Period, Huron spent time preparing weekly updates to the DIP Budget model and updating the permitted variance test analysis within the DIP Budget model in order to meet certain covenant tests and reporting requirements of the DIP Loan agreements. Additional time was spent creating and reviewing weekly DIP Budget variance reports on the Debtors' cash flow performance versus the approved DIP Budget. Huron delivered the DIP Budget variance reports to the required parties on a weekly basis and devoted time to discussing the reports and responding to questions. In addition, Huron spent time updating the DIP Budget model with data from the Debtors' revised 2010 business plan and the updated borrowing base certificate.

Huron devoted 77.00 hours to performing these services during the Compensation Period, which resulted in fees of $43,545.00 and a blended rate of $566.

**Task Code 10 – DIP Financing, Exit Financing, Cash Collateral, Bank Issues**

During the Compensation Period, Huron spent time compiling documentation and certifications in response to the DIP Loan compliance reporting requirements. Additional time was spent updating year-to-date financials and comparative information in support of the monthly compliance certificate required by the DIP Loan. Huron also researched and

- 8 -

responded to inquiries from the financial advisors to the DIP lenders, Debtors' Counsel and the Debtors' Investment Bankers regarding interest charges on the DIP Revolver loan balances, payment of the DIP Term Loan fees, environmental matters, the revised 2010 business plan and the DIP Loan compliance reporting. Huron also spent time participating in the weekly status conference calls with the financial advisors to the DIP lenders to discuss the DIP Loan compliance reporting and various other matters raised by the advisors.

Huron devoted 43.70 hours to performing these services during the Compensation Period, which resulted in fees of $25,957.00 and a blended rate of $594.

**Task Code 18 – Employee Retention Programs**

During the Compensation Period, Huron spent time reviewing the design of the municipal sales team incentive compensation plan and the proposed management compensation and incentive programs.

Huron devoted 0.40 hours to performing these services during the Compensation Period, which resulted in fees of $270.00 and a blended rate of $675.

**Task Code 20 – Accounts Payable/Vendor Issues**

During the Compensation Period, Huron devoted time to working with Counsel, Debtor management, and the Debtors' Purchasing and Accounts Payable Departments regarding the post-petition and pre-petition payment processes. Huron spent time updating the accounts payable tracking scorecards of post-petition spending against restrictive caps contained in various Court orders for each Debtor. Huron also spent time updating the master pre-petition payment tracking spreadsheet to track the pre-petition payments that are subject to a restrictive spending cap, analyzing the pre-petition payment forms received from Debtor management at each of the Debtors' plants and circulating a daily update to Counsel and Debtor management.

Additional time was spent assisting the Debtors in communicating with vendors. Huron addressed certain utility vendor issues relating to the Debtors' security deposits. In

addition, Huron spent time reviewing, processing and documenting critical vendor and freight vendor payment approval forms. Huron also assisted the Debtors in resolving 503(b)(9) claims and addressing various payment inquiries. Furthermore, Huron spent time reviewing, analyzing and responding to various information requests from the Unsecured Creditors Committee's financial advisors. Huron also spent time preparing presentation materials and participating in a plant tour and meeting with the Unsecured Creditors Committee's financial advisors and chairman on March 16, 2010 to provide information on the Debtors' business plan, market and strategy.

Huron devoted 140.90 hours to performing these services during the Compensation Period, which resulted in fees of $62,247.50 and a blended rate of $442.

**Task Code 23 – Lease Issues**

Huron devoted time during the Compensation Period to reviewing certain issues surrounding the Debtors' leases and discussing the status of the bankruptcy with the Debtors' lessors.

Huron devoted 1.50 hours to performing these services during the Compensation Period, which resulted in fees of $802.50 and a blended rate of $535.

**Task Code 24 – Case Administration**

During the Compensation Period, Huron devoted time to updating the work plan, reviewing recent filings on the court docket, discussing case status and performing other necessary matters related to engagement documentation and administration. In addition, Huron assisted Debtor management in coordinating the proper procedures for ordinary course professionals.

Huron devoted 6.00 hours to performing these services during the Compensation Period, which resulted in fees of $2,830.00 and a blended rate of $472.

**Task Code 26 – Travel Time**

  Whenever possible, Huron encourages its professionals to use travel time productively by reading documents, continuing analyses, etc. while in transit. However, with the increased use of smaller aircraft to service more cities, it is increasingly difficult to work on confidential material during travel time. In addition, several of the traveling members of our engagement team drive to and from their homes and the client site, which clearly reduces the ability to work and travel simultaneously. In compliance with the Local Rules, Huron has reduced its request for compensation for non-working travel by 50% of the amount incurred. Huron devoted 158.10 hours, which resulted in fees of $79,677.50, in regards to non-working travel time and this application reflects a reduction of $39,838.75 as required by the Local Rules.

  Huron devoted <u>158.10</u> hours to performing these services during the Compensation Period, which resulted in fees of <u>$39,838.75</u> and a blended rate of <u>$252.</u>

  12. <u>Exhibit A</u> attached hereto contains logs, sorted by project category task code, which details the time recorded by Huron's professionals and descriptions of the services provided.

  13. <u>Exhibit B</u> attached hereto contains a breakdown of disbursements incurred by Huron during the Compensation period for which Huron seeks reimbursement in this application.

  14. <u>Exhibit C</u> attached hereto contains the invoice for services rendered for the Compensation Period.

  15. Huron has endeavored to represent the Debtors in the most expeditious and economical manner possible. Huron ensured that all tasks were assigned so that work was performed by those professionals at Huron most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter.

16. No agreement or understanding exists between Huron and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Huron respectfully requests that this Court: (a) allow Huron (i) interim compensation in the amount of $495,568.75 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period March 1, 2010 through March 31, 2010, and (ii) interim reimbursement in the amount of $16,781.85 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Huron the amount of $396,455.00 which is equal to 80% of Huron's allowed interim compensation of $495,568.75 and 100% of Huron's allowed expense reimbursement of $16,781.85, for a total amount of $413,236.85; and (c) grant such other and further relief as is just.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: April 21, 2010  HURON CONSULTING GROUP
New York, New York

_____
Richard D. Caruso
Managing Director
Huron Consulting Group
1120 Avenue of the Americas, 8th Floor
New York, NY 10036-6700

Telephone: (412) 298-8675
Facsimile: (212) 785-1313

Financial Advisors for
NEENAH ENTERPRISES, INC., et al