## EXHIBIT 1

Proposed Solicitation Procedures Order

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
|  | Related to Docket No. _____ |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING
PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO
ACCEPT OR REJECT THE DEBTORS' JOINT PLAN OF REORGANIZATION,
(III) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE
DEBTORS' JOINT PLAN OF REORGANIZATION AND ESTABLISHING
NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF
AND (IV) GRANTING RELATED RELIEF**

Upon the motion, dated April 9, 2010 (the "Motion"), of the above-captioned

debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order pursuant to

sections 105, 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), (i) approving the Disclosure Statement[2] as containing "adequate information" within the

meaning of section 1125(a)(1) of the Bankruptcy Code; (ii) establishing procedures for the

solicitation and tabulation of votes to accept or reject the Plan, including (a) fixing the voting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion and/or in the Plan.

record date for purposes of determining which Holders of Claims against the Debtors are entitled to vote on the Plan, (b) approving solicitation packages and procedures for distribution of the Disclosure Statement to those Holders of Claims against the Debtors who are entitled to vote on the Plan, and (c) approving forms of Ballots and establishing procedures for the submission of votes on the Plan; (iii) scheduling the Confirmation Hearing and establishing certain notice and objection procedures in respect thereof; and (iv) granting related relief; and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and the Court having jurisdiction over this matter; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve the Disclosure Statement has been given; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AND DETERMINES THAT:

A.      The Ballots and Master Ballots attached to this Order as **Exhibits A** and **B**, respectively, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of the Debtors' chapter 11 cases, and are appropriate for each Class of Claims entitled under the Plan to vote to accept or reject the Plan.

B.      Ballots need not be provided to the Holders of Unimpaired Claims and Interests in Classes 1, 2, 3, and 10 because the Plan provides that Holders in such Classes are unimpaired and are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and thus are not entitled to vote to accept or reject the Plan.

C.      Ballots need not be provided to Holders of Intercompany Claims in Class 7 because the Debtors, in their capacity as Holders in such Class and Plan proponents, are deemed to have accepted the Plan and thus are not entitled to vote to accept or reject the Plan.

D.      Ballots need not be provided to the Holders of Impaired Claims and Interests in Classes 8 and 9 because the Plan provides that Holders in such Classes are Impaired under the Plan and shall neither receive nor retain any property under the Plan, and thus are deemed to have rejected the Plan and are not entitled to vote to accept or reject the Plan.

E.      The voting instructions and procedures attached to the Ballots and Master Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

F.      The procedures associated with the Ballots with respect to a party's right to voluntarily grant the releases contained in Section 10.2 of the Plan and the related injunction are fair and reasonable.

G.      In accordance with Bankruptcy Rule 3017(c), the procedures set forth in the Motion for transmitting Solicitation Packages to Beneficial Owners of securities of the Debtors are adequate under the circumstances for creditors to make an informed decision to accept or reject the Plan.

H.      The contents of the Solicitation Packages and Non-Voting Packages, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and Interests in the Debtors.

I.      The combination of direct and published notice of the Plan and Confirmation Hearing, as set forth in the Motion, satisfies the requirements of due process with respect to all known and unknown creditors of the Debtors.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      <u>Disposition</u>.  The Motion is granted.

2.      The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.  Any objections that have not previously been withdrawn or resolved are hereby overruled.

3.      <u>Record Date</u>.  April 29, 2010, is established as the record date (the "<u>Record Date</u>") for purposes of determining the Holders of Claims in Voting Classes entitled to receive Solicitation Packages and vote to accept or reject the Plan, and the Holders of Claims and Interests in the Non-Voting Classes that shall receive a Non-Voting Package.  In addition, the amount of each Holder's Claim shall be determined as of the Record Date.

4.      <u>Solicitation Packages</u>.  The Debtors are authorized and empowered to distribute or cause to be distributed to each Holder of a Claim in one of the Voting Classes, by the Solicitation Commencement Date, a Solicitation Package, by first-class mail, containing copies of:

a.      the Disclosure Statement together with the Plan and all other exhibits annexed thereto, and  the Voting Procedures Order, excluding the exhibits annexed thereto;

b.      the Confirmation Hearing Notice;

c.      a Ballot[3] with a return envelope; and

---

[3] Consistent with securities industry practices in bankruptcy solicitations, Master Ballots will be distributed to Voting Nominees after the Solicitation Packages have been distributed to the Beneficial Owners.

       d.     such other materials as the Court may direct or approve, including any supplemental solicitation materials the Debtors may file with the Court.

5.     <u>Non-Voting Packages</u>.  The Debtors are authorized and empowered to distribute, or cause to be distributed, by the Solicitation Commencement Date, the Non-Voting Packages, by first-class mail, containing copies of: (a) the Confirmation Hearing Notice and (b) the appropriate Non-Voting Notice.

6.     To the extent the Debtors anticipate distributing any supplemental solicitation materials, the Debtor shall file such materials with the Court not less than two (2) business days before the hearing to approve the Disclosure Statement.

7.     To the extent the following parties have not otherwise received a Solicitation Package, as of the Solicitation Commencement Date, the Debtors are authorized and empowered to commence distribution of (a) the Disclosure Statement, together with the Plan and all other exhibits annexed thereto, and (b) the Voting Procedures Order, excluding the exhibits annexed thereto, and (c) the Confirmation Hearing Notice to: (i) the Office of the U.S. Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel to the Committee; (vi) counsel to the agents for the Debtors' post-petition lenders; (vii) counsel to the Ad Hoc Committee of Secured Noteholders; (viii) counsel to the Subordinated Noteholders; and (ix) those parties requesting notice pursuant to Bankruptcy Rule 2002(i).

8.     A transferee of a scheduled or filed Claim shall be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date.

9. When a Claim is transferred after the transferor has executed and submitted a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder of such transferred Claim as of the Record Date.

10. The Debtors are not required to mail Solicitation Packages or other solicitation materials to Holders of Claims that have already been paid in full during the Debtors' chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

11. Delivery to Holders of Unimpaired Claims Deemed to Accept the Plan. The Notice of Unimpaired Class Non-Voting Status, substantially in the form attached hereto as **Exhibit C**, is hereby approved. The Debtors shall mail or cause to be mailed by the Solicitation Commencement Date by first-class mail to all Holders of Claims or Interests in Classes 1, 2, 3, and 10 and to all Holders of an Unclassified Claim a Non-Voting Package consisting of: (a) the Confirmation Hearing Notice and (b) a Notice of Unimpaired Class Non-Voting Status.

12. Delivery to Potential Holders of Unsecured Claims. The Notice of Non-Voting Status with Respect to Potential Holders of General Unsecured Claims, substantially in the form attached hereto as **Exhibit D** (the "Potential General Unsecured Claim Notice of Non-Voting Status"), is hereby approved. The Debtors are authorized to deliver a Non-Voting Package (consisting of (a) the Confirmation Hearing Notice and (b) a Potential General Unsecured Claim Notice of Non-Voting Status) to potential holders of Claims in Class 5 that are included in the Debtors' consolidated list of creditors but are not included in the Debtors' Schedules. If such holder believes that the notice was sent in error and that the holder is entitled to receive a Ballot, the holder may contact the Voting Agent to request a Ballot by no later than

May 21, 2009 at 4:00 p.m. (Eastern Time), which is the general bar date established in these

cases (the "General Bar Date"). The Voting Agent will promptly send a Ballot to holders who

received a Potential General Unsecured Claim Notice of Non-Voting Status and who timely

request a Ballot. Provided the holder makes such request and files a Proof of Claim prior to the

General Bar Date, the holder may cast a Ballot on the Plan. The holder must return the

completed Ballot to the Voting Agent by the Voting Deadline (as defined below). The holder

may write in a claim amount on the Ballot, but the amount must match the amount set forth in

the holder's Proof of Claim.

13.     Delivery of Notices to Deemed Rejecting Classes. The Notice of Deemed

Rejecting Class Non-Voting Status, substantially in the form of the notice attached hereto as

**Exhibit E**, is hereby approved. The Debtors shall mail or cause to be mailed by the Solicitation

Commencement Date by first-class mail to each Holder of a Claim or Interest in Classes 8 and 9

a Non-Voting Package consisting of: (a) the Confirmation Hearing Notice; and (b) a Notice of

Deemed Rejecting Class Non-Voting Status.

14.     No Solicitation of Votes to Holders of Intercompany Claims. The Debtors

shall not mail or cause to be mailed a Ballot or Confirmation Hearing Notice to Holders of

Intercompany Claims in Class 7. The Debtors, as the Holders of Intercompany Claims and the

proponents of the Plan, shall be deemed to have accepted the Plan and thus are not entitled to

vote to accept or reject the Plan.

15.     Undeliverable or Returned Notices and Solicitation Packages. The

Debtors are excused from distributing Solicitation Packages or Non-Voting Packages to entities

to whom undeliverable Disclosure Statement Hearing Notices were distributed where the

Debtors are unable to obtain accurate addresses for such entities before the Solicitation

Commencement Date after having exercised good faith efforts to locate a more current address.

16.    Further, if the Debtors send Solicitation Packages or Non-Voting

Packages, which are deemed undeliverable and, in good faith, cannot obtain more current

addresses, the Debtors are excused from attempting to re-deliver Solicitation Packages or Non-

Voting Packages to such entities.

17.    <u>Approval of Ballots, Master Ballots and Procedures for Voting on the

Plan</u>.  The Ballots and Master Ballot, substantially in the forms of the ballots attached hereto as

**Exhibits A** and **B**, respectively, are hereby approved.

18.    Holders of Claims who have more than one non-duplicative Claim in a

particular Voting Class shall receive only one Solicitation Package and one Ballot in the

aggregate amount of all Claims held by such Holders within that Voting Class, as necessary.

19.    Solicitation Packages shall be distributed to Holders of Claims as of the

Record Date in the Voting Classes, which are: Classes 4, 5, and 6.

20.    In the event that no Holder of a Claim in a particular Class votes to accept

or reject the Plan by the Voting Deadline, such Class shall be deemed eliminated from the Plan

for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or

rejection of the Plan pursuant to section 1129(a)(8) of the Bankruptcy Code.

21.    Holders of Claims in Class 5 shall receive Ballots with the amount of their

non-contingent, liquidated and undisputed claims pre-printed on the Ballots based on the

Debtors' Schedules or, in the case of Holders of contingent, unliquidated or disputed Claims,

Ballots in the amount of $1.00.  Such Holder may cross-out the pre-printed amount on the Ballot

and write-in the amount of the Holder's timely filed Proof of Claim in the event the timely filed Proof of Claim amount is different from the pre-printed amount.

22.    With respect to the Solicitation Packages the Debtors will send to certain Holders of debt securities entitled to vote on the Plan, the Debtors propose to deliver Solicitation Packages to the Voting Nominees.[4] Each Voting Nominee will receive reasonably sufficient numbers of Solicitation Packages, including sufficient Beneficial Ballots, to distribute to the beneficial owners of the Claims for whom such Voting Nominee acts (collectively, the "Beneficial Owners"). In addition, upon written request with supporting documentation, the Debtors shall reimburse each Voting Nominee's reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims, the tabulation of the Ballots, and the completion of Master Ballots.

23.    The Debtors are authorized to distribute or cause to be distributed Master Ballots to the Voting Nominees in accordance with customary procedures.

24.    Each Voting Nominee is required to forward the Solicitation Packages to Beneficial Owners, receive returned Ballots from the Beneficial Owners, tabulate the results according to the instructions set forth in the Master Ballots, and (i) return such results in a Master Ballot to the Voting Agent so that the Voting Agent has received the results prior to the Voting Deadline, and (ii) retain the underlying Ballots received from the Beneficial Owners for inspection for a period of one (1) year following the Voting Deadline.

25.    To cast its vote, the Beneficial Owner should return its Beneficial Ballot to the Voting Nominee so that it is received by the date set by the Voting Nominee, so that the

---

[4] Unless pre-validated, Beneficial Owners should return their executed Beneficial Ballots to the Voting Nominee in either the pre-addressed envelope provided by the Voting Nominee and/or by any other means prescribed by the Voting Nominee and **should not** mail their Beneficial Ballots to the Debtors, the Voting Agent, or the indenture trustee for their series of notes. Any Beneficial Ballot not timely received by the Voting Nominee shall not be

Voting Nominee has enough time to process the Ballots and summarize the results on the Master Ballot and submit the Master Ballot to the Voting Agent so that it is received on or before the Voting Deadline.

26.     To aid this process, the Debtors propose that upon the Debtors' request, the Secured Notes Indenture Trustee be required to request on behalf of the Debtors the security position listing for the Secured Notes as of the Record Date from The Depository Trust Company ("DTC"). To the extent the Debtors provide a draft letter to the Secured Notes Indenture Trustee, the Secured Notes Indenture Trustee shall furnish the completed letter to DTC within two (2) business days of receipt of such request, with a copy to the Debtors, as directed in the request. The Debtors shall be responsible for making any payments DTC may require in connection with the request.

27.     The Solicitation Packages and the manner of service of the Solicitation Packages satisfy the requirements of Bankruptcy Rule 3017(d).

28.     Voting Deadline. June 18, 2010 at 4:00 p.m. (Eastern Time) is established as the deadline by which all Ballots and Master Ballots must be properly executed, completed, delivered to and received by the Voting Agent (the "Voting Deadline").

29.     The Garden City Group, Inc. as the Voting Agent. The Garden City Group, Inc. (the "Voting Agent") is authorized to, among other things, perform all Balloting Services.

30.     Ballot Tabulation. The Ballots and Master Ballots must be properly executed, completed and the original thereof shall be delivered to the Voting Agent so as to be received on or before the Voting Deadline by (a) first-class mail in the return envelope provided

---

counted for voting purposes.

with the Ballot, (b) first-class mail to The Garden City Group, Inc., Attn: Neenah Ballot Processing

Center, P.O. Box 9594, Dublin, OH 43017-4894, or (c) overnight courier or hand-delivery to The

Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A,

Dublin, OH 43017.

   31. Except as otherwise provided by the express terms of this Order, each

Holder of a Claim within a Voting Class shall be entitled to vote the amount of such Claim as of

the Record Date.

   32. If a Holder of Claims casts multiple Ballots or Master Ballots dated with

the same date, but which are voted inconsistently, such Ballots or Master Ballots will not be

counted, except in the case of a supplemental Master Ballot.

   33. Creditors with multiple Claims within a particular Class under the Plan,

must vote all of their Claims within each particular Class to either accept or reject the Plan and

may not split their votes.

   34. For purposes of the numerosity requirement of section 1126(c) of the

Bankruptcy Code, to the extent that it is possible to do so for all Voting Classes, separate Claims

held by a single creditor in each Class will be aggregated as if such creditor held a single Claim

in such Class, and the votes related to those Claims shall be treated as a single vote on the Plan.

   35. Any creditor who has filed or purchased duplicative Claims that are

classified under the Plan in the same Class, shall be provided with only one Solicitation Package

and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have

objected to such duplicate Claims.

   36. A Holder of Claims in more than one Class under the Plan must execute a

separate Ballot for each Class of Claims in which the claimant holds a Claim, including in the

case of debt securities, each Beneficial Owner must execute a separate Beneficial Ballot for each

block of debt securities that it holds through any Voting Nominee and must return each such

Beneficial Ballot to the appropriate Voting Nominee.

37.    If any party wishes to have its Claim allowed for purposes of voting on the

Plan in a manner that is inconsistent with the Ballot it received or if any party that did not receive

a Ballot or a Non-Voting Status Notice wishes to have its Claim temporarily allowed for voting

purposes only, such party must serve on the Debtors and file with the Bankruptcy Court, on or

before June 2, 2010, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily

allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth

with particularity the amount and classification of which such party believes its Claim should be

allowed for voting purposes and the evidence in support of its belief.  _____, 2010 is

established as the date for a hearing to consider all 3018 Motions.  Parties who were given the

option of filling in a Claim amount on their Ballots do not need to file a 3018 Motion.

38.    In respect of any timely-filed 3018 Motion, the Ballot in question shall be

counted (a) in the amount established by the Bankruptcy Court in an order entered on or before

the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and

unless the Debtors and the party have come to an agreement as to the relief requested in the 3018

Motion, in an amount equal to the preprinted amount on the Ballot or in the event a party did not

receive a Ballot, such party shall not have a Ballot counted at all.

39.    The following types of Ballots **will not be counted** in determining

whether the Plan has been accepted or rejected:

    a.    any Ballot or Master Ballot that is otherwise properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan;

    b.    any Ballot or Master Ballot received after the Voting Deadline except in the Debtors' sole discretion;

c.    any Ballot or Master Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

d.    any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

e.    any Ballot that partially accepts and partially rejects the Plan;

f.    any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

g.    any unsigned Ballot or a Ballot without an original signature, except in the Debtors' sole discretion; and

h.    any Ballot transmitted to the Voting Agent by facsimile or other electronic means, except in the Debtors' sole discretion.

40.    In addition, the following voting procedures and standard assumptions will be used in tabulating the Ballots:

a.    The method of delivery of Ballots to the Voting Agent is at the election and risk of each voting Holder, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent.

b.    If multiple Ballots are received from an individual voting Holder with respect to the same Claim prior to the Voting Deadline, the last dated valid Ballot timely received will be deemed to reflect such Holder's intent and shall supersede and revoke any prior dated Ballot.

c.    If a Holder of Claim(s) casts multiple Ballots on account of the same Claim or Class of Claims, which are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted (except in the case of a supplemental Master Ballot).

d.    The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot or Master Ballot at any time, including failure to timely file such Ballot, either before or after the close of voting, and without notice.

e.    After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

f.    Subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots or Master Ballots not proper in form.

g.     Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

h.     Unless otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots or Master Ballots must be cured within such time as the Debtors (or the Court) determine, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

i.     Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots or Master Ballots, nor will any such party incur any liability for failure to provide such notification.  Ballots or Master Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

41.     The Debtors propose that each Claim within the Class of Claims entitled to vote to accept or reject the Plan will be temporarily allowed for purposes of voting on the Plan in accordance with the following:

a.     a Claim will be temporarily allowed for voting purposes as listed in the Debtors' Schedules, provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed or in the amount of $0.00, (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed under applicable law), or (iii) such Claim has not been satisfied by the Debtors;

b.     non-contingent, liquidated, determined or undisputed Claims will be temporarily allowed for voting purposes in the amount specified in a Proof of Claim timely filed with the Court (or otherwise deemed timely filed under applicable law) to the extent the Proof of Claim is not the subject of an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court in the amount set forth in such stipulation or order);

c.     unless a Proof of Claim has been filed for such a Claim, contingent, unliquidated or disputed Claims listed on the Debtors' Schedules will be temporarily allowed for voting purposes in the amount allowed by the Court, pursuant to Bankruptcy Rule 3018(a);

d.     except as provided in subsection (e) below, Ballots for timely filed Claims (or Claims that are deemed timely filed by the Court under applicable law) that are the subject of an objection filed on or before the Voting Deadline shall be provisionally allowed by the Court for voting purposes in the

amount of $1; provided, however, that if the Holder of any such Claim timely responds to the objection, their vote will ultimately be allowed in the amount set by the Court after a hearing is held and order entered by the Court on the objection;

e.     if the Debtors have requested that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to an objection to such Claim, such Holder's Ballot shall be counted in the reduced amount requested by the Debtors and/or in the requested category, subject to any order entered pursuant to a motion filed by that Holder;

f.     Ballots for timely filed Claims (i) that are listed as contingent, unliquidated and/or disputed on the face of the Claim or (ii) that the Debtors determine, after reasonable review of the Claim (including any supporting documentation contained therewith) is a contingent, unliquidated and/or disputed Claim and is not the subject of an objection filed before the Voting Deadline, shall vote in the amount of $1.00, unless otherwise allowed by Court order after a timely filed motion by the Holder of such Claim;

g.     for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

42.    Master Ballot Tabulation. With respect to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners, the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by such Voting Nominees and Beneficial Owners as of the Record Date; provided, however, that any principal amounts may be adjusted by the Voting Agent to reflect the amount of the Claim actually voted, including any prepetition interest.

43.    The following additional rules apply to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners:

a.     Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable debt security of the Debtors as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee pursuant to

a Master Ballot will not be counted in excess of the Record Amount of the applicable securities held by such Voting Nominee on the Record Date.

b.    For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its securities, although any principal amounts may be adjusted by the Voting Agent to reflect the amount of the Claim actually voted, including prepetition interest;

c.    To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the applicable Voting Nominees.

d.    To the extent overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

e.    Where a Beneficial Owner holds securities through more than one Voting Nominee, it must execute a separate Ballot for each block of debt securities it owns.  Such Holder must, however, vote all its Claims in each Class in the same manner, to either accept or reject the Plan.  Accordingly, if such Holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

44.    <u>Plan Confirmation</u>.  A hearing shall be held before this Court on June 25, 2010 at 11:30 a.m. (Eastern Time) (the "<u>Confirmation Hearing</u>"), to consider confirmation of the Plan.  The Confirmation Hearing may be continued from time to time by the Court without further notice to creditors or other parties in interest.

45.    <u>Objection Deadline</u>.  Any objection to the confirmation of the Plan (including any supporting memoranda) must: (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the Plan; and (iv) be filed with the Court, together with proof of service, and served so that they are received on or before June 18, 2010 at 4:00 p.m. (Eastern Time) (the "<u>Objection Deadline</u>") by the following parties:

<u>Counsel for the Debtors</u>

Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Fax: (312) 853-7036
Attn: Larry J. Nyhan
      Bojan Guzina

-and-

Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Fax: (302) 571-1253
Attn: Robert S. Brady
      Edmon L. Morton

-and-

<u>The U.S. Trustee</u>

U.S. Trustee
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801
Fax (302) 573-6497
Attn: Thomas P. Tinker

-and-

<u>Counsel to the Official Committee of Unsecured Creditors</u>

Greenberg Traurig, LLP
1007 North Orange Street
The Nemours Building
Wilmington, DE 19801
Facsimile: 302-661-7360
Attn: Donald J. Detweiler

Greenberg Traurig, LLP
1007 North Orange Street

Suite 1200
Wilmington, DE 19801
Facsimile: 302-661-7360
Attn: Sandra G.M. Selzer

-and-

Counsel to the Ad Hoc Committee of Secured Noteholders:

Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Facsimile: (212) 806-2508
Attn:  Kristopher M. Hansen
        Lori E. Kata

Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Facsimile: (302) 498-7816
Attn:  Daniel J. DeFranceschi

   46. The Court shall consider only timely filed written objections.  All

objections not timely filed and served in accordance herewith by the Objection Deadline shall be

deemed overruled.

   47. The forms of mailed and published notice of the Confirmation Hearing,

substantially in the form attached hereto as **Exhibits F** and **G**, respectively, are approved in all

respects.  The scope of mailed and published notice of the Confirmation Hearing is adequate and

provides known and unknown claimants with good and sufficient notice of the Confirmation

Hearing.

   48. Service of the Solicitation Packages, Non-Voting Packages and other

notices and documents described in the Motion is adequate and sufficient and no further notice is

necessary.

49.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, Master Ballots, Confirmation Hearing Notice, Publication Notice, Notice of Deemed Rejecting Class Non-Voting Status, Notice of Unimpaired Class Non-Voting Status, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package and/or Non-Voting Packages prior to their distribution.

50.     The Debtors and any party supporting the Plan are granted an opportunity to file a response to any objections to confirmation of the Plan by no later than 12:00 p.m. (Eastern Time) two (2) Business Days prior to the date of the Confirmation Hearing.  At that time, the Debtors will also file their proposed findings of fact and conclusions of law and form of order confirming the Plan, and a memorandum of law in support of confirmation of the Plan.

51.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

52.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

Dated:  Wilmington, Delaware
        April __, 2010

_____

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## (General Ballots)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, Inc., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**BALLOT FOR BENEFICIAL HOLDERS OF SECURED NOTES (CUSIP**
**NUMBER _____) CLAIMS IN CLASS 4 TO ACCEPT OR REJECT THE JOINT**
**PLAN OF REORGANIZATION FOR NEENAH ENTERPRISES, INC.**
**AND ITS SUBSIDIARIES**

COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO YOUR BROKER, BANK, COMMERCIAL BANK, TRANSFER AGENT, TRUST COMPANY, DEALER, OTHER AGENT OR NOMINEE, OR THEIR MAILING AGENT (THE "VOTING NOMINEE") TO PERMIT YOUR VOTING NOMINEE TO COMPLETE AND RETURN A MASTER BALLOT TO THE VOTING AGENT BY 4:00 P.M. EASTERN TIME ON [JUNE 18, 2010] (THE "VOTING DEADLINE"). DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS, THE VOTING AGENT OR THE SECURED NOTES INDENTURE TRUSTEE. PLEASE RETURN YOUR BALLOT TO THE VOTING NOMINEE BEFORE THE VOTING DEADLINE TO ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT BY THE VOTING DEADLINE.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended and supplemented, the "Plan"),[2] which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is attached as Exhibit A to the Disclosure Statement for the Plan (as may be amended and supplemented, the "Disclosure Statement"), which accompanies this Ballot.

You should review the Disclosure Statement and the Plan before you vote. In addition, on [_____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Voting Procedures Order"), which accompanies this Ballot, that establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Voting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.
[2] All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan or the Voting Procedures Order, as applicable.

2

Procedures Order contains important information regarding the balloting process. Please read the Voting Procedures Order and the instructions sent with this Ballot prior to submitting this Ballot.

Your Secured Notes Claims have been placed in Class 4. If you hold Claims in other Classes that you are entitled to vote, you will receive a Ballot for each such other Class.

You may not split your vote on the Plan. You must vote all of your Secured Notes Claims in this Class to either accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE AMOUNT OF CLASS 4 CLAIMS. The undersigned certifies that as of [April 29, 2010] (the "Record Date"), the undersigned was the Holder of Secured Notes Claims in the aggregate unpaid principal amount set forth below (for purposes of this Ballot, it is not necessary to and you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

**The aggregate unpaid principal amount reflected in the Voting Nominee's records as of the Record Date will control the amount of your Secured Notes Claim.**

ITEM 2.    VOTE ON THE PLAN. The Holder of the Secured Notes Claims set forth in Item 1 above hereby votes with respect to his, her or its Secured Notes Claims as follows (check one box only):

☐    to ACCEPT the Plan          ☐    to REJECT the Plan

ITEM 3.    OPTIONAL RELEASE ELECTION. Check this box if you elect not to grant the releases contained in Section 10.2(c) of the Plan and elect not to consent to the related injunction. Election to withhold consent is at your option. If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Section 10.2(c) of the Plan and the related injunction to the fullest extent permitted by applicable law.

☐    The undersigned elects not to grant the releases contained in Section 10.2(c) of the Plan and elects not to consent to the related injunction.

ITEM 4.    CERTIFICATION AS TO NOTES HELD IN ADDITIONAL ACCOUNTS. By signing this Ballot, the undersigned certifies that either (a) this Ballot is the only Ballot submitted by the undersigned for this Class of Noteholder Claims or (b) in addition to this Ballot, one or more Ballots ("Additional Ballots") for this Class of Noteholder Claims have been submitted to other Voting Nominees as follows (please use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER
CLASS 4 BALLOTS**

| Account Number With Voting Nominee to Which Additional Ballot Was Sent | Name of Voting Nominee to Which Additional Ballot Was Sent | Your Vote in the Additional Ballot (Accept or Reject) | Principal Dollar Amount in the Additional Ballot |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

To be counted, a Beneficial Owner must vote all of its Noteholder Claims in this Class to either accept or reject the Plan. No split votes will be permitted. Accordingly, if a Beneficial Owner casts conflicting votes on this Ballot and other Ballots in respect of Noteholder Claims, those votes will not be counted.

ITEM 5.    CERTIFICATION. By signing this Ballot, the Holder of the Secured Notes Claims identified in Item 1 above certifies that he, she or it:

a.    is the Holder of the Secured Notes Claims to which this Ballot pertains or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

b.    has been provided with a copy of the Plan, Disclosure Statement, Confirmation Hearing Notice, and Voting Procedures Order and that it acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Voting Procedures Order; and

c.    has not submitted any other Ballots relating to this Class of Claims that are inconsistent with the vote as set forth in this Ballot or that, as limited by the terms of the Voting Procedures Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name:_____
          (Print or Type)

Signature:_____

By:_____
          (If Appropriate)

Title:_____

4

(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a Proof of Claim or Interest or an assertion of a Claim against or Interest in the Debtors.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [JUNE 18, 2010] UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BALLOT TO THE VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT BY THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (866) 405-2136.**

**[Voting Instructions Follow]**

## **VOTING INSTRUCTIONS**

1.     All capitalized terms used in the Ballot or these instructions but not otherwise defined herein shall have the meanings ascribed to them in the Plan or Voting Procedures Order, as applicable.

2.     Please read and follow these instructions carefully. Your Ballot must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is <u>received</u> by the Voting Agent no later than 4:00 p.m. Eastern Time on [June 18, 2010] unless such time is extended (the "<u>Voting Deadline</u>"), or your Ballot will not be counted.

3.     For your vote to count, you must:

   a.   Complete Item 1 if it is not already completed;

   b.   Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2 (NOTE: if you check both boxes or do not check either box, your vote will not be counted);

   c.   Check the box in Item 3 if you elect <u>not</u> to grant the releases contained in Section 10.2 of the Plan and elect <u>not</u> to consent to the related injunction.  Election to withhold consent is at your option.  If you submit your Ballot without the box in Item 3 checked, you will be deemed to consent to the releases set forth in Section 10.2 of the Plan and the related injunction to the fullest extent permitted by applicable law;

   d.   Complete Item 4 if you have submitted other Class 4 Ballots.

   e.   Review and complete the certifications in Item 5;

   f.   Sign the Ballot — your original signature is required on the Ballot in order for your vote to count;

   g.   If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if requested provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the Ballot; and

   h.   Return the completed Ballot to the Voting Nominee and NOT to the Debtors, the Voting Agent or to the Secured Notes Indenture Trustee.  Do not return any debt instruments with your Ballot.

4.     If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

5.     If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the latest dated, validly executed Ballot timely received will supersede and revoke any earlier received Ballot.  If, however, a Holder of Claims casts Ballots received by the Voting Agent dated with the same date, but which are voted inconsistently, such Ballots will not be counted.

6.      Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant shall not be counted.

7.      Any Ballot that attempts to partially accept and partially reject the Plan will not be counted.

8.      After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

9.      This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

10.     If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

**PLEASE MAIL YOUR BALLOT PROMPTLY.**
**BALLOTS SUBMITTED BY FACSIMILE OR OTHER**
**ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 405-2136.**

**YOUR BALLOT MUST BE SENT TO YOUR NOMINEE SO THAT THE MASTER BALLOT CAST ON YOUR BEHALF IS RECEIVED BY THE VOTING AGENT BY 4:00 P.M. PREVAILING EASTERN TIME ON [JUNE 18, 2010], THE VOTING DEADLINE, OR YOUR BALLOT WILL NOT BE COUNTED.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, Inc., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**BALLOT FOR BENEFICIAL HOLDERS OF**
**SUBORDINATED NOTES (CUSIP NUMBER [_____]) CLAIMS IN CLASS 6**
**TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION**
**FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES**

COMPLETE, SIGN AND DATE THE BALLOT, AND RETURN IT TO THE
GARDEN CITY GROUP, INC. (THE "VOTING AGENT") BY 4:00 P.M. EASTERN TIME
ON [JUNE 18, 2010] (THE "VOTING DEADLINE") (I) IN THE ENCLOSED RETURN
ENVELOPE; (II) BY FIRST-CLASS MAIL TO THE GARDEN CITY GROUP, INC., ATTN:
NEENAH BALLOT PROCESSING CENTER, P.O. BOX 9594, DUBLIN, OH 43017-4894;
OR (III) BY OVERNIGHT COURIER OR HAND-DELIVERY TO THE GARDEN CITY
GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, 5151 BLAZER PKWY.,
SUITE A, DUBLIN, OH 43017.  DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS.
PLEASE RETURN YOUR ORIGINAL BALLOT TO THE VOTING AGENT SO THAT IT IS
RECEIVED ON OR BEFORE THE VOTING DEADLINE.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Joint Plan of
Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended and
supplemented, the "Plan"),[2] which is proposed by the above-captioned debtors and debtors-in-
possession (the "Debtors").  The Plan is attached as Exhibit A to the Disclosure Statement for the
Plan (as may be amended and supplemented, the "Disclosure Statement"), which accompanies
this Ballot.

You should review the Disclosure Statement and the Plan before you vote.  In addition,
on [_____], 2010, the United States Bankruptcy Court for the District of Delaware signed
an order (the "Voting Procedures Order"), which accompanies this Ballot, that establishes certain
procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Voting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast
Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc.
(8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher
Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw
Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation,
Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and
Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.
[2] All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan or
the Voting Procedures Order, as applicable.

Procedures Order contains important information regarding the balloting process.  Please read the Voting Procedures Order and the instructions sent with this Ballot prior to submitting this Ballot.

Your Subordinated Notes Claims have been placed in Class 6.  If you hold Subordinated Notes Claims in other Classes that you are entitled to vote, you will receive a Ballot for each such other Class.

You may not split your vote on the Plan.  You must vote all of your Claims in this Class to either accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE AMOUNT OF CLASS 6 CLAIMS.  The undersigned certifies that as of [April 29, 2010] (the "Record Date"), the undersigned was the Holder of Subordinated Notes Claims in the aggregate unpaid principal amount set forth below (for purposes of this Ballot, it is not necessary to and you should not adjust the principal amount for any accrued or unpaid interest).

$ _____

**The preprinted amount of your Subordinated Notes Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE ON THE PLAN.  The Holder of the Subordinated Notes Claims set forth in Item 1 above hereby votes with respect to his, her or its Subordinated Notes Claims as follows (check one box only):

☐    to ACCEPT the Plan          ☐    to REJECT the Plan

ITEM 3.    OPTIONAL RELEASE ELECTION.  Check this box if you elect not to grant the releases contained in Section 10.2(c) of the Plan and elect not to consent to the related injunction.  Election to withhold consent is at your option.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Section 10.2(c) of the Plan and the related injunction to the fullest extent permitted by applicable law.

☐    The undersigned elects not to grant the releases contained in Section 10.2(c) of the Plan and elects not to consent to the related injunction.

ITEM 4.    CERTIFICATION.  By signing this Ballot, the Holder of the Subordinated Notes Claims identified in Item 1 above certifies that he, she or it:

a.  is the Holder of the Subordinated Notes Claims to which this Ballot pertains or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

b.  has been provided with a copy of the Plan, Disclosure Statement and Voting Procedures Order and that it acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Voting Procedures Order; and

c.  has not submitted any other Ballots relating to this Class of Claims that are inconsistent with the vote as set forth in this Ballot or that, as limited by the terms of the Voting Procedures Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name:_____
      (Print or Type)

Signature:_____

By:_____
     (If Appropriate)

Title:_____
     (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a Proof of Claim or Interest or an assertion of a Claim against or Interest in the Debtors.

---

**YOUR BALLOT MUST BE <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JUNE 18, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**PLEASE RETURN THIS BALLOT TO THE VOTING AGENT (I) IN THE**

---

> ENCLOSED RETURN ENVELOPE; (II) BY FIRST-CLASS MAIL TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, P.O. BOX 9594, DUBLIN, OH 43017-4894; OR (III) BY OVERNIGHT COURIER OR HAND-DELIVERY TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, 5151 BLAZER PKWY., SUITE A, DUBLIN, OH 43017

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (866) 405-2136.

[Voting Instructions Follow]

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Ballot or these instructions but not otherwise defined herein shall have the meanings ascribed to them in the Plan or Voting Procedures Order, as applicable.

2.    Please read and follow these instructions carefully. Your Ballot must be _received_ by the Voting Agent by (a) first-class mail in the return envelope provided with the Ballot, (b) first-class mail to The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894, or (c) overnight courier or hand-delivery to The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017 no later than 4:00 p.m. Eastern Time on [June 18, 2010], unless such time is extended, or your Ballot will not be counted.

3.    For your vote to count, you must:

    a.  Complete Item 1 if it is not already completed;

    b.  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2 (NOTE: if you check both boxes or do not check either box, your vote will not be counted);

    c.  Check the box in Item 3 if you elect _not_ to grant the releases contained in Section 10.2 of the Plan and elect _not_ to consent to the related injunction. Election to withhold consent is at your option. If you submit your Ballot without the box in Item 3 checked, you will be deemed to consent to the releases set forth in Section 10.2 of the Plan and the related injunction to the fullest extent permitted by applicable law;

    d.  Review and complete the certifications in Item 4;

    e.  Sign the Ballot — your original signature is required on the Ballot in order for your vote to count;

    f.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if requested provide proof

4

of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the Ballot; and

g.  Return the completed Ballot to the Voting Agent by (a) first-class mail in the return envelope provided with the Ballot, (b) first-class mail to The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894, or (c) overnight courier or hand-delivery to The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017, so that it is received no later than 4:00 p.m. Eastern Time on [June 18, 2010].

4.    If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

5.    If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the latest dated, validly executed Ballot timely received will supersede and revoke any earlier received Ballot.  If, however, a Holder of Claims casts Ballots received by the Voting Agent dated with the same date, but which are voted inconsistently, such Ballots will not be counted.

6.    Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant shall not be counted.

7.    Any Ballot that attempts to partially accept and partially reject the Plan will not be counted.

8.    After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

9.    This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

10.   If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

**PLEASE MAIL YOUR BALLOT PROMPTLY.**
**BALLOTS SUBMITTED BY FACSIMILE OR OTHER**
**ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES**
**GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER**
**ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 405-2136.**

**PLEASE RETURN THIS BALLOT TO THE VOTING AGENT (I) IN THE RETURN**
**ENVELOPE PROVIDED WITH THE BALLOT; (II) BY FIRST-CLASS MAIL TO THE**
**GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, P.O.**
**BOX 9594, DUBLIN, OH 43017-4894; OR (III) BY OVERNIGHT COURIER OR HAND-**
**DELIVERY TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT**
**PROCESSING CENTER, 5151 BLAZER PKWY., SUITE A, DUBLIN, OH 43017**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, Inc., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS**
**IN CLASS 5 TO ACCEPT OR REJECT THE JOINT PLAN OF**
**REORGANIZATION FOR NEENAH ENTERPRISES, INC.**
**AND ITS SUBSIDIARIES**

COMPLETE, SIGN AND DATE THE BALLOT, AND RETURN IT TO THE GARDEN CITY GROUP, INC. (THE "VOTING AGENT") BY 4:00 P.M. EASTERN TIME ON [JUNE 18, 2010] (THE "VOTING DEADLINE") (I) IN THE ENCLOSED RETURN ENVELOPE; (II) BY FIRST-CLASS MAIL TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, P.O. BOX 9594, DUBLIN, OH 43017-4894; OR (III) BY OVERNIGHT COURIER OR HAND-DELIVERY TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, 5151 BLAZER PKWY., SUITE A, DUBLIN, OH 43017. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR ORIGINAL BALLOT TO THE VOTING AGENT SO THAT IT IS RECEIVED ON OR BEFORE THE VOTING DEADLINE.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended and supplemented, the "Plan"),[2] which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is attached as Exhibit A to the Disclosure Statement for the Plan (as may be amended and supplemented, the "Disclosure Statement"), which accompanies this Ballot.

You should review the Disclosure Statement and the Plan before you vote. In addition, on [_____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Voting Procedures Order"), which accompanies this Ballot, that establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Voting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan or the Voting Procedures Order, as applicable.

1

Procedures Order contains important information regarding the balloting process. Please read the Voting Procedures Order and the instructions sent with this Ballot prior to submitting this Ballot.

Your General Unsecured Claims have been placed in Class 5. If you hold Claims in other Classes that you are entitled to vote, you will receive a Ballot for each such other Class.

You may not split your vote on the Plan. You must vote all of your Claims in this Class to either accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.        AGGREGATE AMOUNT OF CLASS 5 CLAIMS. The undersigned certifies that as of [April 29, 2010] (the "Record Date"), the undersigned was the holder of General Unsecured Claims in the aggregate unpaid principal amount set forth below (for purposes of this Ballot, it is not necessary to and you should not adjust the principal amount for any accrued or unpaid interest).

$ _____

**Unless otherwise stated in the Solicitation Procedures, the preprinted amount of your Claim as set forth in the front of this Ballot controls for voting purposes. If you filed a Proof of Claim with the Bankruptcy Court for a different aggregate unpaid amount, the amount stated in the Proof of Claim will be used for voting purposes and you should cross-out the pre-printed amount set forth above and enter the correct amount above.**

ITEM 2.        VOTE ON THE PLAN. The Holder of the General Unsecured Claims set forth in Item 1 above hereby votes with respect to his, her or its General Unsecured Claims as follows (check one box only):

☐    to ACCEPT the Plan          ☐    to REJECT the Plan

ITEM 3.        OPTIONAL RELEASE ELECTION. Check this box if you elect not to grant the releases contained in Section 10.2(c) of the Plan and elect not to consent to the related injunction. Election to withhold consent is at your option. If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Section 10.2(c) of the Plan and the related injunction to the fullest extent permitted by applicable law.

☐    The undersigned elects not to grant the releases contained in Section 10.2(c) of the Plan and elects not to consent to the related injunction.

2

ITEM 4.    CERTIFICATION.  By signing this Ballot, the Holder of the General Unsecured Claims identified in Item 1 above certifies that he, she or it:

a.    is the Holder of the General Unsecured Claims to which this Ballot pertains or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

b.    has been provided with a copy of the Plan, Disclosure Statement and Voting Procedures Order and that it acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Voting Procedures Order; and

c.    has not submitted any other Ballots relating to this Class of Claims that are inconsistent with the vote as set forth in this Ballot or that, as limited by the terms of the Voting Procedures Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name:_____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a Proof of Claim or Interest or an assertion of a Claim against or Interest in the Debtors.

**YOUR BALLOT MUST BE <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE [JUNE 18, 2010], OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION**

WILL NOT BE COUNTED.

PLEASE RETURN THIS BALLOT TO THE VOTING AGENT (I) IN THE ENCLOSED RETURN ENVELOPE; (II) BY FIRST-CLASS MAIL TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, P.O. BOX 9594, DUBLIN, OH 43017-4894; OR (III) BY OVERNIGHT COURIER OR HAND-DELIVERY TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, 5151 BLAZER PKWY., SUITE A, DUBLIN, OH 43017

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (866) 405-2136.

[Voting Instructions Follow]

## <u>VOTING INSTRUCTIONS</u>

1.      All capitalized terms used in the Ballot or these instructions but not otherwise defined herein shall have the meanings ascribed to them in the Plan or Voting Procedures Order, as applicable.

2.      Please read and follow these instructions carefully.  Your Ballot must be <u>received</u> by the Voting Agent by (a) first-class mail in the return envelope provided with the Ballot, (b) first-class mail to The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894, or (c) overnight courier or hand-delivery to The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017 no later than 4:00 p.m. Eastern Time on [June 18, 2010], unless such time is extended, or your Ballot will not be counted.

3.      For your vote to count, you must:

      a.    Complete Item 1 if it is not already completed;

      b.    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2 (NOTE: if you check both boxes or do not check either box, your vote will not be counted);

      c.    Check the box in Item 3 if you elect <u>not</u> to grant the releases contained in Section 10.2 of the Plan and elect <u>not</u> to consent to the related injunction.  Election to withhold consent is at your option.  If you submit your Ballot without the box in Item 3 checked, you will be deemed to consent to the releases set forth in Section 10.2 of the Plan and the related injunction to the fullest extent permitted by applicable law;

      d.    Review and complete the certifications in Item 4;

      e.    Sign the Ballot — your original signature is required on the Ballot in order for your vote to count;

      f.    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if requested provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the Ballot; and

      g.    Return the completed Ballot to the Voting Agent by (a) first-class mail in the return envelope provided with the Ballot, (b) first-class mail to The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894, or (c) overnight courier or hand-delivery to The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017, so that it is <u>received</u> no later than 4:00 p.m. Eastern Time on [June 18, 2010].

4.      If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

5.      If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the latest dated, validly executed Ballot timely received will supersede

and revoke any earlier received Ballot.  If, however, a Holder of Claims casts Ballots received by the Voting Agent dated with the same date, but which are voted inconsistently, such Ballots will not be counted.

6.    Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant shall not be counted.

7.    Any Ballot that attempts to partially accept and partially reject the Plan will not be counted.

8.    After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

9.    This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

10.    If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

11.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before [June 2, 2010], a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. [ _____, 2010] has been established as the date for a hearing to consider all 3018 Motions.  **PARTIES WHO WERE GIVEN THE OPTION OF FILLING IN A CLAIM AMOUNT ON THEIR BALLOTS DO NOT NEED TO FILE A 3018 MOTION.**

**PLEASE MAIL YOUR BALLOT PROMPTLY.**
**BALLOTS SUBMITTED BY FACSIMILE OR OTHER**
**ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 405-2136.**

**PLEASE RETURN THIS BALLOT TO THE VOTING AGENT (I) IN THE RETURN ENVELOPE PROVIDED WITH THE BALLOT; (II) BY FIRST-CLASS MAIL TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, P.O.**

BOX 9594, DUBLIN, OH 43017-4894; OR (III) BY OVERNIGHT COURIER OR HAND-DELIVERY TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, 5151 BLAZER PKWY., SUITE A, DUBLIN, OH 43017

**EXHIBIT B**

**(Master Ballots)**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

NEENAH ENTERPRISES, Inc., <u>et al.</u>,[1]

                    Debtors.

Chapter 11

Case No. 10-10360 (MFW)

Jointly Administered

**MASTER BALLOT FOR HOLDERS OF CLASS 4 CLAIMS ARISING FROM 9½% SENIOR SECURED NOTES DUE 2017 (CUSIP NUMBER [_____]) TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR NEENAH ENTERPRISES, INC. <u>AND ITS SUBSIDIARIES</u>**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

      PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO THE GARDEN CITY GROUP, INC. (THE "<u>VOTING AGENT</u>"), AT THE FOLLOWING ADDRESS:  BY FIRST CLASS MAIL TO: THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, P.O. BOX 9594, DUBLIN, OH 43017-4894; OR BY OVERNIGHT COURIER OR HAND-DELIVERY TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, 5151 BLAZER PKWY., SUITE A, DUBLIN, OH 43017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>RECEIVED</u> BY THE VOTING AGENT BY [JUNE 18, 2010] AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "<u>VOTING DEADLINE</u>"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

This master ballot (the "Master Ballot") is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee, or its mailing agent, (each of the foregoing, a "Voting Nominee"), for Beneficial Owners of the Class 4 Claims, to transmit the votes of such Holders in respect of their Claims to accept or reject the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended and supplemented, the "Plan"),[2] which is proposed by the above-captioned debtors and debtors in possession (the "Debtors").

On [_____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Voting Procedures Order") that approved the Debtors' Disclosure Statement for the Plan (as may be amended and supplemented, the "Disclosure Statement") and establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan, Disclosure Statement, and Voting Procedures Order are contained in the materials sent previously as part of the Solicitation Packages provided for the Beneficial Owners of the Class 4 Claims. The Voting Procedures Order contains important information regarding the balloting process. Please read the Voting Procedures Order and the instructions sent with this Master Ballot prior to submitting this Master Ballot.

This Master Ballot is being sent to Voting Nominees to use to cast votes to accept or reject the Plan on behalf of and in accordance with the Beneficial Ballots cast by the Beneficial Owners of Class 4 Claims arising from 9½% Senior Secured Notes due 2017.

You must deliver the completed, executed Master Ballot so that it is **received** by the Voting Agent on or before the Voting Deadline. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one year from the Voting Deadline.

---

[2] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined herein shall have the meanings ascribed to them in the Plan or Voting Procedures Order, as applicable.

**Item 1 – CERTIFICATION OF AUTHORITY TO VOTE.** The Undersigned certifies that as of [April 29, 2010], (the "<u>Record Date</u>"), the Undersigned (please check applicable box):

☐      Is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Claims arising from 9½% Senior Secured Notes due 2017 listed in Items 2 and 3 below that is the registered holder of such securities; or

☐      Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered Holder of the aggregate principal amount of Claims arising from 9½% Senior Secured Notes due 2017 listed in Items 2 and 3 below; or

☐      Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered Holder of the aggregate principal amount of Claims arising from 9½% Senior Secured Notes due 2017 listed in Items 2 and 3 and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Claims arising from 9½% Senior Secured Notes due 2017 described below.

**Items 2 and 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL NOTEHOLDER BENEFICIAL BALLOTS.** The undersigned transmits the following votes of Beneficial Owners of Claims arising from 9½% Senior Secured Notes due 2017 and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account - please note that each Beneficial Owner must vote all of his, her, or its Claims to accept or reject the Plan and may not split such vote):

| Your Customer Name or Account Number for Each Beneficial Owner of Claims arising from 9½% Senior Secured Notes due 2017 and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Claims arising from 9½% Senior Secured Notes due 2017 Voted to ACCEPT the Plan[*] | Principal Amount of Claims arising from 9½% Senior Secured Notes due 2017 Voted to REJECT the Plan[*] | Check if the Beneficial Owner checked the Box in Item 3 of the Individual Beneficial Ballot |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| 8. | $ | $ | ☐ |
| 9. | $ | $ | ☐ |
| 10. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If space provided is insufficient, attach additional sheets in same format.

---

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims to accept or reject the Plan and may not split such vote.

**Item 4 – ADDITIONAL BALLOTS SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Claims arising from 9½% Senior Secured Notes due 2017.  Please use additional sheets of paper if necessary.

**Information to be transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Claims arising in Class 4**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of their Beneficial Ballot | Transcribe from Item 4 of the Beneficial Ballot | | | |
|---|---|---|---|---|
| | Account Number With Voting Nominee to Which Additional Ballot Was Sent | Name of Voting Nominee to Which Additional Ballot Was Sent | Your Vote in the Additional Ballot (Accept or Reject) | Principal Dollar Amount Voted in the Additional Ballot |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If space provided is insufficient, attach additional sheets in the same format.

**Item 5 - CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of the 9½% Senior Secured Notes due 2017 whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Voting Procedures Order, Confirmation Hearing Notice, and a Beneficial Ballot for voting their Claims; and (b) it is the registered Holder of Claims to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan.  The undersigned also acknowledges that this solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Voting Procedures Order, dated [_____], 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Date Complete

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: BY FIRST CLASS MAIL TO: THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, P.O. BOX 9594, DUBLIN, OH 43017-4894; OR BY OVERNIGHT COURIER OR HAND-DELIVERY TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, 5151 BLAZER PKWY., SUITE A, DUBLIN, OH 43017.**

**IF THIS MASTER BALLOT HAS NOT BEEN <u>RECEIVED</u> BY THE VOTING AGENT BY [JUNE 18, 2010] AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

      The Voting Deadline is [June 18, 2010] at 4:00 p.m. Eastern Time, unless such time is extended. To have the vote of your customers count, you must complete, sign, and return this master ballot (the "Master Ballot") so that it is <u>received</u> by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[3]

**HOW TO VOTE:**

      If you are transmitting the votes of any Beneficial Owners of Claims arising from 9½% Senior Secured Notes due 2017 other than yourself, you must deliver the Beneficial Ballot to the Beneficial Owner, along with the Plan, Disclosure Statement, Voting Procedures Order, Confirmation Hearing Notice, and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot, and to return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

      With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

    i.      Check the appropriate box in Item 1 on the Master Ballot;

    ii.     Transcribe the votes from the Beneficial Ballots in Items 2 and 3 and indicate whether the Beneficial Owner voted to accept or reject the Plan and whether the Beneficial Owner of the Claim arising from 9½% Senior Secured Notes due 2017 elected <u>not</u> to grant the releases contained in section 10.2 of the Plan and elected <u>not</u> to consent to the related injunctions in Items 2 and 3 of the Master Ballot;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iii.    Transcribe from Item 4 of the Beneficial Ballot for Claims arising from 9½% Senior Secured Notes due 2017 the information provided by the Beneficial Owners into Item 4;

    iv.    Review the certification in Item 5 of the Master Ballot;

    v.     Ensure that the Beneficial Ballot is signed and the certification is complete;

    vi.    Sign and date the Master Ballot;

---

[3] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Voting Procedures Order, as applicable.

vii.      If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

viii.      You must deliver the completed, executed Master Ballot so that it is **received** by the Voting Agent on or before the Voting Deadline. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one year from the Voting Deadline;

ix.      Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable debt security of the Debtors as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee pursuant to a Master Ballot will not be counted in excess of the Record Amount of the applicable securities held by such Voting Nominee on the Record Date.

x.      For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its securities.

xi.      To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the applicable Voting Nominees.

xii.      To the extent overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

xiii.      Where a Beneficial Owner holds securities through more than one Voting Nominee, it must execute a separate Ballot for each block of debt securities it owns. Such Holder must, however, vote all its Claims in each Class in the same manner, to either accept or reject the Plan. Accordingly, if such Holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender debt instruments at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a Proof of Claim or Interest or an assertion of a Claim or Interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Beneficial Ballots and the completion of this Master Ballot.

IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE
SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT
AND/OR MASTER BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER
BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF
THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE
VOTING AGENT AT 866-405-2136.

PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE
VOTING AGENT AT THE FOLLOWING ADDRESS:
BY FIRST CLASS MAIL TO: THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT
PROCESSING CENTER, P.O. BOX 9594, DUBLIN, OH 43017-4894; OR
BY OVERNIGHT COURIER OR HAND-DELIVERY TO THE GARDEN CITY GROUP, INC.,
ATTN: NEENAH BALLOT PROCESSING CENTER, 5151 BLAZER PKWY., SUITE A,
DUBLIN, OH 43017.

## EXHIBIT C

**(Notice of Unimpaired Class Non-Voting Status)**

<u>Notice of Unimpaired Class Non-Voting Status</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, Inc., <u>et al.</u>,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO
UNIMPAIRED CLASSES DEEMED TO ACCEPT THE JOINT PLAN
OF REORGANIZATION FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES**

TO:    ALL HOLDERS OF CLAIMS AND INTERESTS IN CLASSES 1, 2, 3, 10, AND
      UNCLASSIFIED CLAIMS

     1.     On March 23, 2010, the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>"), filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended or supplemented, the "<u>Plan</u>")[2] and the Disclosure Statement related to the Plan (as may be amended or supplemented, the "<u>Disclosure Statement</u>").

     2.     On [_____], 2010, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered an order (the "<u>Voting Procedures Order</u>") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

     3.     In accordance with the terms of the Plan and the Bankruptcy Code, Holders of Claims or Interests in Classes 1, 2, 3, and 10 are Unimpaired under section 1124 of the Bankruptcy Code and, therefore, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan.  You have been sent this notice because you have been identified as a Holder of a Claim or Interest in Classes 1, 2, 3, or 10 or an Unclassified Claim. This notice and Non-Voting Package are provided to you for informational purposes only.  If you have any questions regarding the status of your Claim or Interest or wish to obtain additional information, you may contact The Garden City Group, Inc. (the "<u>Voting Agent</u>") by (i) first-class mail at The Garden City Group, Inc, Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894; (ii)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.
[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Voting Procedures Order, as applicable.

overnight courier or hand-delivery at The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; or (iii) telephone at 866-405-2136.

Dated:  [_____ __], 2010

| | |
|---|---|
| SIDLEY AUSTIN LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | |
| Larry J. Nyhan | Robert S. Brady (No. 2847) |
| Bojan Guzina | Edmon L. Morton (No. 3856) |
| Kerriann S. Mills | Donald J. Bowman, Jr. (No. 4383) |
| Alison L. Triggs | Kenneth J. Enos (No. 4544) |
| One South Dearborn Street | The Brandywine Building |
| Chicago, Illinois 60603 | 1000 West Street, 17th Floor |
| Telephone:  (312) 853-7000 | Wilmington, Delaware 19801 |
| Facsimile:  (312) 853-7036 | Telephone:  (302) 571-6600 |
| | Facsimile:  (302) 571-1253 |

Counsel for Debtors and Debtors-in-Possession

## EXHIBIT D

**(Notice of Potential General Unsecured Claim Non-Voting Status)**

**Non-Voting of Potential General Unsecured Claim Notice**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO POTENTIAL HOLDERS OF
GENERAL UNSECURED CLAIMS NOT LISTED IN THE DEBTORS' SCHEDULES**

TO:    POTENTIAL HOLDERS OF CLASS 5 (GENERAL UNSECURED CLAIMS)

1.      On March 23, 2010, the above-captioned debtors and debtors-in-possession (the "Debtors"), filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended or supplemented, the "Plan")[2] and the Disclosure Statement related to the Plan (as may be amended or supplemented, the "Disclosure Statement").

2.      On [_____], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Voting Procedures Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

3.      In accordance with the terms of the Plan and the Bankruptcy Code, holders of Claims in Class 5 (General Unsecured Claims) against each of the Debtors are impaired under section 1124 of the Bankruptcy Code and, therefore, pursuant to section 1126 of the Bankruptcy Code, are entitled to vote on the Plan. This notice and the notice of Confirmation Hearing are provided to you for informational purposes only. While you are not listed in the Debtors' Schedules as having a Claim, if you believe that you have a general unsecured claim against one or more of the Debtors, you may file a Proof of Claim and request a Ballot by contacting The Garden City Group, Inc. (the "Voting Agent") by (i) first-class mail at The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894; (ii) overnight courier or hand-delivery at The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; or (iii) telephone at 866-405-2136. Any such Proof of Claim must be filed by no later than May 21, 2009 at 4:00 p.m. (Eastern Time), which is the general bar date established in these cases, and any such Ballot must be completed and returned to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.
[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Voting Procedures Order, as applicable.

the Voting Agent so that it is received by the Voting Agent by [June 18, 2010 at 4:00 p.m. (Eastern Time)].

Dated:  [_____ __], 2010

SIDLEY AUSTIN LLP

Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:   (312) 853-7036

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

## EXHIBIT E

**(Notice of Deemed Rejecting Class Non-Voting Status)**

Notice of Deemed Rejecting Class Non-Voting Status

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, Inc., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO IMPAIRED CLASSES DEEMED TO REJECT THE JOINT PLAN OF REORGANIZATION FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES

TO:    ALL HOLDERS OF CLAIMS AND INTERESTS IN CLASSES 8 AND 9

1.      On March 23, 2010, the above-captioned debtors and debtors-in-possession (the "Debtors"), filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended or supplemented, the "Plan")[2] and the Disclosure Statement related to the Plan (as may be amended or supplemented, the "Disclosure Statement").

2.      On [_____], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Voting Procedures Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

3.      In accordance with the terms of the Plan and section 1126(g) of the Bankruptcy Code, Holders of Claims or Interests in Classes 8 and 9 are neither receiving nor retaining any property on account of their Claims and Interests and, therefore, are conclusively presumed to have rejected the Plan and are not entitled to vote on the Plan. You have been sent this notice because you have been identified as a Holder of a Claim or Interest in Classes 8 or 9. This notice and the Confirmation Hearing Notice are provided to you for informational purposes only. If you have any questions regarding the status of your Claim or Interest or wish to obtain additional information, you may contact The Garden City Group, Inc. (the "Voting Agent") by (i) first-class mail at The Garden City Group, Inc, Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894; (ii) overnight courier or hand-delivery at The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; or (iii) telephone at 866-405-2136.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Voting Procedures Order, as applicable.

Dated:  [_____ __], 2010

| SIDLEY AUSTIN LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| Larry J. Nyhan | Robert S. Brady (No. 2847) |
| Bojan Guzina | Edmon L. Morton (No. 3856) |
| Kerriann S. Mills | Donald J. Bowman, Jr. (No. 4383) |
| Alison L. Triggs | Kenneth J. Enos (No. 4544) |
| One South Dearborn Street | The Brandywine Building |
| Chicago, Illinois 60603 | 1000 West Street, 17th Floor |
| Telephone:  (312) 853-7000 | Wilmington, Delaware 19801 |
| Facsimile:   (312) 853-7036 | Telephone:  (302) 571-6600 |
|  | Facsimile:  (302) 571-1253 |

Counsel for Debtors and Debtors-in-Possession

## EXHIBIT F

### (Confirmation Hearing Notice)

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, Inc., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES

PLEASE TAKE NOTICE THAT on March 23, 2010, the above-captioned debtors and debtors-in-possession (the "Debtors"), filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended or supplemented, the "Plan")[2] and the Disclosure Statement related to the Plan (as may be amended or supplemented, the "Disclosure Statement").

PLEASE TAKE FURTHER NOTICE THAT:

1.      On [_____], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Voting Procedures Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

2.      A hearing (the "Confirmation Hearing") will be held on [June 25, 2010 at 11:30 a.m.] (Eastern Time), before the Honorable Mary F. Walrath, United States Bankruptcy Judge, convened at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801, to consider confirmation of the Plan, as the same may be further amended or modified, and for such other and further relief as may be just and proper. The Confirmation Hearing may be continued from time to time (after consultation with the Committee) without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

3.      If you hold a Claim against one of the Debtors as of [April 29, 2010] (the "Record Date") and are entitled to vote to accept or reject the Plan, you have received with this Confirmation Hearing Notice a Ballot and voting instructions appropriate for your Claim. Although you should carefully read the Disclosure Statement and Plan and all documents attendant thereto, a summary of the treatment of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.
[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Voting Procedures Order, as applicable.

Claims and Interests is located in section 2 of the Disclosure Statement. For your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot, and return the completed Ballot to the address indicated on the Ballot so as to be <u>received</u> by The Garden City Group, Inc. (the "<u>Voting Agent</u>") no later than 4:00 p.m. Eastern Time on [June 18, 2010], unless such time is extended by the Debtors (the "<u>Voting Deadline</u>"). If you are the Beneficial Owner of debt securities, you will have to return your Beneficial Ballot to the Voting Nominee providing enough time for your Voting Nominee to process your vote on a Master Ballot and return the Master Ballot so that it is <u>actually</u> <u>received</u> by the Voting Agent prior to the Voting Deadline. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

       4.     If you have not received a Ballot and are entitled to vote on the Plan, you may request a Ballot and voting instructions appropriate for your Claim from the Voting Agent by phone at 866-405-2136 and submit your Ballot as set forth above by the Voting Deadline. All submitted Ballots will be tabulated according to the rules set forth in the Voting Procedures Order approving the Disclosure Statement.

       5.     Objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan; and (d) be filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Fifth Floor, Wilmington, Delaware 19801 together with proof of service, and served so as to be <u>received</u> on or before 4:00 p.m. Eastern Time on [June 18, 2010] by the following: (i) Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, Facsimile (312) 853-7036, Attn: Larry Nyhan and Bojan Guzina; (ii) Young, Conaway, Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, Facsimile (302) 571-6600, Attn: Robert S. Brady; (iii) The United States Trustee, Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Facsimile (302) 573-6497, Attn: Thomas P. Tinker; (iv) Greenberg Traurig, LLP, 1007 North Orange Street, Suite 1200, Wilmington, DE 19801, Facsimile: (302) 661-7360, Attn: Donald J. Detweiler; and (v) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Facsimile (212) 806-6006, Attn: Kristopher M. Hansen and Lori E. Kata. Objections not timely filed and served in the manner set forth in the Voting Procedures Order shall not be considered and shall be deemed overruled.

       6.     Any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, or the Voting Procedures Order or other information about the solicitation procedures may request such information by contacting the Voting Agent (i) by first class mail at The Garden City Group, Inc, Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894 or by overnight courier or hand-delivery at The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; or (ii) by telephoning the Voting Agent at 866-405-2136. Copies of the Plan, the Disclosure Statement, and the Voting Procedures Order are available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 3rd Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained at www.neenahrestructuring.com or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

       7.    **Pursuant to the terms of the Plan, the Debtors seek the following releases and injunctions:**

          *Exculpation.* **From and after the Effective Date, the Released Parties shall neither have nor incur any liability to, or be subject to any right of action by, any Holder of a Claim or an Interest, or any other party in interest, or any of their respective employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or affiliates,**

or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, formulating, negotiating or implementing the Plan, the Disclosure Statement, the Restructuring Transactions, or any of the transactions contemplated under Article V of the Plan, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the confirmation of the Plan, the consummation of the Plan, the administration of the Plan, the property to be distributed under the Plan, or any other act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases; provided, however, that this section shall not apply to (x) obligations under, and the contracts, instruments, releases, agreements, and documents delivered, Reinstated or assumed under the Plan, and (y) any claims or causes of action arising out of willful misconduct or gross negligence as determined by a Final Order. Any of the Released Parties shall be entitled to rely, in all respects, upon the advice of counsel with respect to their duties and responsibilities under the Plan.

_Releases by the Debtors._ Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each of the Debtors and Reorganized Debtors on its own behalf and as a representative of its respective Estate, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Claims and Causes of Action (including, without limitation, Avoidance Actions), any and all other obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever, and any and all Interests or other rights of a Holder of an equity security or other ownership interest, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors, the Reorganized Debtors, their respective assets, property and Estates, the Chapter 11 Cases or the Plan, the Disclosure Statement, or the Restructuring Transactions that may be asserted by or on behalf of any of the Debtors, the Reorganized Debtors or their respective Estates against any of the Released Parties; provided, however, that nothing in this section shall be construed to release any Released Party from willful misconduct or gross negligence as determined by a Final Order.

_Releases by Holders of Claims and Interests._ Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each Person that has held, currently holds or may hold a Claim or any other obligation, suit, judgment, damages, debt, right, remedy, cause of action or liability of any nature whatsoever, or any Interest, or other right of a Holder of an equity security or other ownership interest that is terminated, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally each and all of the Released Parties of and from any and all Claims, any and all other obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, those arising under the Bankruptcy Code), and any and all Interests or other rights of a Holder of an equity security or other ownership interest, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection

with or related to any of the Debtors, the Reorganized Debtors or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, the Disclosure Statement, or the Restructuring Transactions; provided, however, that each Person that has submitted a Ballot may elect, by checking the appropriate box on its Ballot, not to grant the releases set forth in Section 10.2(c) of the Plan, unless otherwise bound by the Lock-Up Agreement to do so, with respect to those Released Parties other than the Debtors, the Reorganized Debtors, and their respective successors and assigns (whether by operation of law or otherwise; and provided, further, however, that nothing in this section shall be construed to release any party from willful misconduct or gross negligence as determined by a Final Order.

*Injunction Related to Exculpation and Releases.* Except as provided in the Plan or the Confirmation Order, as of the Effective Date, (i) all Persons that hold, have held, or may hold a Claim or any other obligation, suit, judgment, damages, debt, right, remedy, causes of action or liability of any nature whatsoever, or any Interest or other right of a Holder of an equity security or other ownership interest, relating to any of the Debtors or the Reorganized Debtors or any of their respective assets, property and Estates, that is released or enjoined pursuant to Section 10.2 of the Plan and (ii) all other parties in interest in these Chapter 11 Cases are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Released Party or its property on account of such released liabilities, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities, and of all Interests or other rights of a Holder of an equity security or other ownership interest: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under Section 10.2 of the Plan; and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

*Injunction.* (a) Except as otherwise provided in the Plan or the Confirmation Order, from and after the Effective Date all Persons who have held, hold or may hold Claims against or Interests in the Debtors, are (i) permanently enjoined from taking any of the following actions against the Estate(s), or any of their property, on account of any such Claims or Interests and (ii) permanently enjoined from taking any of the following actions against any of the Debtors, the Reorganized Debtors or their property on account of such Claims or Interests: (A) commencing or continuing, in any manner or in any place, any action, or other proceeding; (B) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting or enforcing any lien or encumbrance; (D) asserting any right of setoff, subrogation or recoupment of any kind and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained in the Plan shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan. (b) By accepting distributions

**pursuant to the Plan, each Holder of an Allowed Claim shall be deemed to have specifically consented to the injunctions set forth in Section 10.4 of the Plan.**

Dated:  Wilmington, Delaware
[ _____ __, 2010]

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois  60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

**EXHIBIT G**

**(Publication Notice)**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, Inc., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES

PLEASE TAKE NOTICE THAT on March 23, 2010, the above-captioned debtors and debtors-in-possession (the "Debtors"), filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. (as may be amended or supplemented, the "Plan")[2] and the Disclosure Statement related to the Plan (as may be amended or supplemented, the "Disclosure Statement").

PLEASE TAKE FURTHER NOTICE THAT:

1. On [＿＿＿＿＿], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Voting Procedures Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

2. The deadline for voting to accept or reject the Plan is 4:00 p.m. Eastern Time on [June 18, 2010], unless such time is extended. Objections to the Plan must comply with the Voting Procedures Order and be filed by 4:00 p.m. (prevailing Eastern Time) on [June 18, 2010]. A hearing to consider confirmation of the Plan will be held on [June 25, 2010 at 11:30 a.m.] (Eastern Time), convened at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801.

3. Any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Voting Procedures Order or other information about the solicitation procedures may request such information by contacting the Voting Agent (i) by first-class mail at The Garden City Group, Inc, Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894 or by overnight courier or hand-delivery at The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; or (ii) by telephoning the Voting Agent at 866-405-2136. Copies of the Plan, the Disclosure Statement, and the Voting Procedures Order are available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 3rd Floor, 824 N. Market Street,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Voting Procedures Order, as applicable.

Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained from at www.neenahrestructuring.com, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

Dated: Wilmington, Delaware
     [_____ __, 2010]

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

    -and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION