# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br><br>Related to Docket Nos. 272, 325 & _327_ |

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE DEBTORS' JOINT PLAN OF REORGANIZATION, (III) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF AND (IV) GRANTING RELATED RELIEF

Upon the motion, dated April 9, 2010 (the "Motion"), of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order pursuant to sections 105, 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) approving the Disclosure Statement[2] as containing "adequate information" within the meaning of section 1125(a)(1) of the Bankruptcy Code; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan, including (a) fixing the voting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion and/or in the Plan.

record date for purposes of determining which Holders of Claims against the Debtors are entitled to vote on the Plan, (b) approving solicitation packages and procedures for distribution of the Disclosure Statement to those Holders of Claims against the Debtors who are entitled to vote on the Plan, and (c) approving forms of Ballots and establishing procedures for the submission of votes on the Plan; (iii) scheduling the Confirmation Hearing and establishing certain notice and objection procedures in respect thereof; and (iv) granting related relief; and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and the Court having jurisdiction over this matter; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve the Disclosure Statement has been given; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AND DETERMINES THAT:

A. The Ballots and Master Ballots attached to this Order as **Exhibits A** and **B**, respectively, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of the Debtors' chapter 11 cases, and are appropriate for each Class of Claims entitled under the Plan to vote to accept or reject the Plan.

B. Ballots need not be provided to the Holders of Unimpaired Claims and Interests in Classes 1, 2, 3, and 10 because the Plan provides that Holders in such Classes are Unimpaired and are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and thus are not entitled to vote to accept or reject the Plan.

C. Ballots need not be provided to Holders of Intercompany Claims in Class 7 because the Debtors, in their capacity as Holders in such Class and Plan proponents, are deemed to have accepted the Plan and thus are not entitled to vote to accept or reject the Plan.

D. Ballots need not be provided to the Holders of Impaired Claims and Interests in Classes 8 and 9 because the Plan provides that Holders in such Classes are Impaired under the Plan and shall neither receive nor retain any property under the Plan, and thus are deemed to have rejected the Plan and are not entitled to vote to accept or reject the Plan.

E. The voting instructions and procedures attached to the Ballots and Master Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

F. The procedures associated with the Ballots with respect to a Holder's right to voluntarily grant the releases contained in Section 10.2 of the Plan and the related injunction are fair and reasonable.

G. In accordance with Bankruptcy Rule 3017(e), the procedures set forth in the Motion for transmitting Solicitation Packages to Holders of Impaired Claims are adequate under the circumstances for such Holder's to make an informed decision to accept or reject the Plan.

H. The contents of the Solicitation Packages and Non-Voting Packages, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and Interests in the Debtors.

I. The combination of direct and published notice of the Plan and Confirmation Hearing, as set forth in the Motion, satisfies the requirements of due process with respect to all known and unknown creditors of the Debtors.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. <u>Disposition</u>. The Motion is granted.

2. The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Any objections to approval of the Disclosure Statement that have not previously been withdrawn or resolved are hereby overruled.

3. <u>Record Date</u>. April 30, 2010 is established as the record date (the "Record Date") for purposes of determining the Holders of Claims in Voting Classes that shall be entitled to receive Solicitation Packages and vote to accept or reject the Plan, and the Holders of Claims and Interests in the Non-Voting Classes that shall receive a Non-Voting Package. In addition, the amount of each Holder's Claim shall be determined as of the Record Date.

4. <u>Solicitation Packages</u>. The Debtors are authorized and empowered to distribute or cause to be distributed to each Holder of a Claim in one of the Voting Classes, by the Solicitation Commencement Date, a Solicitation Package, by first-class mail, containing copies of:

   a. the Disclosure Statement together with the Plan and all other exhibits annexed thereto, and the Voting Procedures Order, excluding the exhibits annexed thereto;

   b. the Confirmation Hearing Notice;

   c. a Ballot[3] with a return envelope; and

---

[3] Consistent with securities industry practices in bankruptcy solicitations, Master Ballots will be distributed to Voting Nominees after the Solicitation Packages have been distributed to the Beneficial Owners.

d. such other materials as the Court may direct or approve, including any supplemental solicitation materials the Debtors may file with the Court.

5. <u>Non-Voting Packages</u>. The Debtors are authorized and empowered to distribute, or cause to be distributed, by the Solicitation Commencement Date, the Non-Voting Packages, by first-class mail, containing copies of: (a) the Confirmation Hearing Notice and (b) the appropriate Non-Voting Notice.

6. To the extent the following parties have not otherwise received a Solicitation Package, as of the Solicitation Commencement Date, the Debtors are authorized and empowered to commence distribution of (a) the Disclosure Statement, together with the Plan and all other exhibits annexed thereto, and (b) the Voting Procedures Order, excluding the exhibits annexed thereto, and (c) the Confirmation Hearing Notice to: (i) the Office of the U.S. Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel to the Committee; (vi) counsel to the agents for the Debtors' post-petition lenders; (vii) counsel to the Ad Hoc Committee of Secured Noteholders; (viii) counsel to the Subordinated Noteholders; and (ix) those parties requesting notice pursuant to Bankruptcy Rule 2002(i).

7. A transferee of a scheduled or filed Claim shall be entitled to receive a Solicitation Package and shall be entitled to cast a Ballot on account of the transferred Claim only if all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date.

8. When a Claim is transferred after the transferor has executed and submitted a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder of such transferred Claim as of the Record Date.

9. The Debtors are not required to mail Solicitation Packages or other solicitation materials to Holders of Claims that have already been paid in full during the Debtors' chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

10. **Delivery to Holders of Unimpaired Claims Deemed to Accept the Plan.** The Notice of Unimpaired Class Non-Voting Status, substantially in the form attached hereto as **Exhibit C**, is hereby approved. The Debtors shall mail or cause to be mailed by the Solicitation Commencement Date by first-class mail to all Holders of Claims or Interests in Classes 1, 2, 3, and 10 and to all Holders of an Unclassified Claim a Non-Voting Package consisting of: (a) the Confirmation Hearing Notice and (b) a Notice of Unimpaired Class Non-Voting Status.

11. **Delivery to Potential Holders of Unsecured Claims.** The Notice of Non-Voting Status with Respect to Potential Holders of General Unsecured Claims, substantially in the form attached hereto as **Exhibit D** (the "Potential General Unsecured Claim Notice of Non-Voting Status"), is hereby approved. The Debtors shall mail or cause to be mailed a Non-Voting Package (consisting of (a) the Confirmation Hearing Notice and (b) a Potential General Unsecured Claim Notice of Non-Voting Status) to potential Holders of Claims in Class 5 that are included in the Debtors' consolidated list of creditors but are not included in the Debtors' Schedules. If any such Holder believes that the notice was sent in error and that the Holder is entitled to receive a Ballot, the Holder may contact the Voting Agent to request a Ballot by no later than May 21, 2010 at 4:00 p.m. (Eastern Time), which is the general bar date established in these cases (the "General Bar Date"). The Voting Agent shall promptly send a Ballot to each Holder who received a Potential General Unsecured Claim Notice of Non-Voting Status and who timely requests a Ballot. Provided the Holder makes such request and files a Proof of Claim

prior to the General Bar Date, the Holder may cast a Ballot on the Plan. The Holder must return the completed Ballot to the Voting Agent by the Voting Deadline (as defined below). The Holder may write in a claim amount on the Ballot, but the amount must match the amount set forth in the Holder's Proof of Claim.

12. **Delivery of Notices to Deemed Rejecting Classes.** The Notice of Deemed Rejecting Class Non-Voting Status, substantially in the form of the notice attached hereto as **Exhibit E**, is hereby approved. The Debtors shall mail or cause to be mailed by the Solicitation Commencement Date by first-class mail to each Holder of a Claim or Interest in Classes 8 and 9 a Non-Voting Package consisting of: (a) the Confirmation Hearing Notice; and (b) a Notice of Deemed Rejecting Class Non-Voting Status.

13. **No Solicitation of Votes to Holders of Intercompany Claims.** The Debtors shall not mail or cause to be mailed a Ballot or Confirmation Hearing Notice to Holders of Intercompany Claims in Class 7. The Debtors, as the Holders of Intercompany Claims and the proponents of the Plan, shall be deemed to have accepted the Plan and thus are not entitled to vote to accept or reject the Plan.

14. **Undeliverable or Returned Notices and Solicitation Packages.** The Debtors are excused from distributing Solicitation Packages or Non-Voting Packages to entities to whom undeliverable Disclosure Statement Hearing Notices were distributed where the Debtors are unable to obtain accurate addresses for such entities before the Solicitation Commencement Date after having exercised good faith efforts to locate a more current address.

15. Further, if the Debtors send Solicitation Packages or Non-Voting Packages, which are deemed undeliverable and, in good faith, cannot obtain more current

addresses, the Debtors are excused from attempting to re-deliver Solicitation Packages or Non-Voting Packages to such entities.

16. **Approval of Ballots, Master Ballots and Procedures for Voting on the Plan.** The Ballots and Master Ballot, substantially in the forms of the ballots attached hereto as **Exhibits A** and **B**, respectively, are hereby approved.

17. Holders of Claims who have more than one non-duplicative Claim in a particular Voting Class shall receive only one Solicitation Package and one Ballot in the aggregate amount of all Claims held by such Holders within that Voting Class, as necessary.

18. Solicitation Packages shall be distributed to Holders of Claims as of the Record Date in the Voting Classes, which are: Classes 4, 5, and 6.

19. In the event that no Holder of a Claim in a particular Class votes to accept or reject the Plan by the Voting Deadline, such Class shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan pursuant to section 1129(a)(8) of the Bankruptcy Code.

20. With respect to the Solicitation Packages the Debtors will send to certain Holders of debt securities entitled to vote on the Plan, the Debtors propose to deliver Solicitation Packages to the Voting Nominees.[4] Each Voting Nominee will receive reasonably sufficient numbers of Solicitation Packages, including sufficient Beneficial Ballots, to distribute to the beneficial owners of the Claims for whom such Voting Nominee acts (collectively, the "Beneficial Owners"). In addition, upon written request with supporting documentation, the Debtors shall reimburse each Voting Nominee's reasonable, actual, and necessary out-of-pocket

---

[4] Unless pre-validated, Beneficial Owners should return their executed Beneficial Ballots to the Voting Nominee in either the pre-addressed envelope provided by the Voting Nominee and/or by any other means prescribed by the Voting Nominee and **should not** mail their Beneficial Ballots to the Debtors, the Voting Agent, or the indenture trustee for their series of notes. Any Beneficial Ballot not timely received by the Voting Nominee shall not be

expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims, the tabulation of the Ballots, and the completion of Master Ballots.

21. The Debtors are authorized to distribute or cause to be distributed Master Ballots to the Voting Nominees in accordance with customary procedures.

22. Each Voting Nominee is required to forward the Solicitation Packages to Beneficial Owners, receive returned Ballots from the Beneficial Owners, tabulate the results according to the instructions set forth in the Master Ballots, and (i) return such results in a Master Ballot to the Voting Agent so that the Voting Agent has <u>received</u> the results prior to the Voting Deadline, and (ii) retain the underlying Ballots received from the Beneficial Owners for inspection for a period of one (1) year following the Voting Deadline.

23. To cast its vote, the Beneficial Owner should return its Beneficial Ballot to the Voting Nominee so that it is received by the date set by the Voting Nominee, so that the Voting Nominee has enough time to process the Ballots and summarize the results on the Master Ballot and submit the Master Ballot to the Voting Agent so that it is received on or before the Voting Deadline.

24. To aid this process, the Debtors propose that upon the Debtors' request, the Secured Notes Indenture Trustee be required to request on behalf of the Debtors the security position listing for the Secured Notes as of the Record Date from The Depository Trust Company ("DTC"). To the extent the Debtors provide a draft letter to the Secured Notes Indenture Trustee, the Secured Notes Indenture Trustee shall furnish the completed letter to DTC within two (2) business days of receipt of such request, with a copy to the Debtors, as directed in

---

counted for voting purposes.

the request. The Debtors shall be responsible for making any payments DTC may require in connection with the request.

25. The Solicitation Packages and the manner of service of the Solicitation Packages satisfy the requirements of Bankruptcy Rule 3017(d).

26. <u>Voting Deadline</u>. June 16, 2010 at 4:00 p.m. (Eastern Time) is established as the deadline by which all Ballots and Master Ballots must be properly executed, completed, delivered to and received by the Voting Agent (the "<u>Voting Deadline</u>").

27. <u>The Garden City Group, Inc. as the Voting Agent</u>. The Garden City Group, Inc. (the "<u>Voting Agent</u>") is authorized to, among other things, perform all Balloting Services.

28. <u>Ballot Tabulation</u>. The Ballots and Master Ballots must be properly executed, completed and the original thereof shall be delivered to the Voting Agent so as to be received on or before the Voting Deadline by (a) first-class mail in the return envelope provided with the Ballot, (b) first-class mail to The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894, or (c) overnight courier or hand-delivery to The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017.

29. Except as otherwise provided by the express terms of this Order, each Holder of a Claim within a Voting Class shall be entitled to vote the amount of such Claim as of the Record Date.

30. Holders of Claims in Class 5 shall receive Ballots with the amount of their non-contingent, liquidated and undisputed claims pre-printed on the Ballots based on the Debtors' Schedules or, in the case of Holders of contingent, unliquidated or disputed Claims, Ballots in the amount of $1.00. Each such Holder may cross-out the pre-printed amount on the

Ballot and write-in the amount of the Holder's timely filed Proof of Claim in the event the timely filed Proof of Claim amount is different from the pre-printed amount.

31. If a Holder of Claims casts multiple Ballots or Master Ballots dated with the same date, but which are voted inconsistently, such Ballots or Master Ballots will not be counted, except in the case of a supplemental Master Ballot.

32. Creditors with multiple Claims within a particular Class under the Plan must vote all of their Claims within each particular Class to either accept or reject the Plan and may not split their votes.

33. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, to the extent that it is possible to do so for all Voting Classes, separate Claims held by a single creditor in each Class will be aggregated as if such creditor held a single Claim in such Class, and the votes related to those Claims shall be treated as a single vote on the Plan.

34. Any creditor who has filed or purchased duplicative Claims that are classified under the Plan in the same Class, shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

35. A Holder of Claims in more than one Class under the Plan must execute a separate Ballot for each Class of Claims in which the claimant holds a Claim, including in the case of debt securities, each Beneficial Owner must execute a separate Beneficial Ballot for each block of debt securities that it holds through any Voting Nominee and must return each such Beneficial Ballot to the appropriate Voting Nominee.

36. If any party wishes to have its Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot it received or if any party that did not receive

a Ballot or a Non-Voting Status Notice wishes to have its Claim temporarily allowed for voting purposes only, such party must serve on the Debtors and file with the Court, on or before May 31, 2010, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification of which such party believes its Claim should be allowed for voting purposes and the evidence in support of its belief. June 7, 2010 at 10:30 a.m. (Eastern Time) is established as the date for a hearing to consider all 3018 Motions. Parties who were given the option of filling in a Claim amount on their Ballots do not need to file a 3018 Motion.

37. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted in the amount established by the Court in an order entered on or before the Voting Deadline.

38. The following types of Ballots **will not be counted** in determining whether the Plan has been accepted or rejected:

    a. any Ballot or Master Ballot that is otherwise properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan;

    b. any Ballot or Master Ballot received after the Voting Deadline except in the Debtors' sole discretion or as may be ordered by the Court;

    c. any Ballot or Master Ballot containing a vote that the Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

    d. any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    e. any Ballot that partially accepts and partially rejects the Plan;

    f. any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

g.  any unsigned Ballot or a Ballot without an original signature, except in the Debtors' sole discretion; and

h.  any Ballot transmitted to the Voting Agent by facsimile or other electronic means, except in the Debtors' sole discretion.

39. In addition, the following voting procedures and standard assumptions will be used in tabulating the Ballots:

a.  The method of delivery of Ballots to the Voting Agent is at the election and risk of each voting Holder, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent.

b.  If multiple Ballots are received from an individual voting Holder with respect to the same Claim prior to the Voting Deadline, the last dated valid Ballot timely received will be deemed to reflect such Holder's intent and shall supersede and revoke any prior dated Ballot.

c.  If a Holder of Claim(s) casts multiple Ballots on account of the same Claim or Class of Claims, which are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted (except in the case of a supplemental Master Ballot).

d.  The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot or Master Ballot at any time, including failure to timely file such Ballot, either before or after the close of voting, and without notice.

e.  After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

f.  Subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots or Master Ballots not proper in form.

g.  Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

h.  Unless otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots or Master Ballots must be cured within such time as the Debtors (or the Court) determine, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

i.  Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries

of Ballots or Master Ballots, nor will any such party incur any liability for failure to provide such notification. Ballots or Master Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

40. The Debtors propose that each Claim within the Class of Claims entitled to vote to accept or reject the Plan will be temporarily allowed for purposes of voting on the Plan in accordance with the following:

    a. a Claim will be temporarily allowed for voting purposes as listed in the Debtors' Schedules, provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed or in the amount of $0.00, (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed under applicable law), or (iii) such Claim has not been satisfied by the Debtors;

    b. non-contingent, liquidated, determined or undisputed Claims will be temporarily allowed for voting purposes in the amount specified in a Proof of Claim timely filed with the Court (or otherwise deemed timely filed under applicable law) to the extent the Proof of Claim is not the subject of an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court in the amount set forth in such stipulation or order);

    c. unless a Proof of Claim has been filed for such a Claim, contingent, unliquidated or disputed Claims listed on the Debtors' Schedules will be temporarily allowed for voting purposes in the amount allowed by the Court, pursuant to Bankruptcy Rule 3018(a);

    d. except as provided in subsection (f) below, Ballots for timely filed Claims (or Claims that are deemed timely filed by the Court under applicable law) that are the subject of an objection filed on or before the Voting Deadline shall be provisionally allowed by the Court for voting purposes in the amount of $1; provided, however, that if the Holder of any such Claim timely responds to the objection, their vote will ultimately be allowed in the amount set by the Court after a hearing is held and order entered by the Court on the objection;

    e. if the Debtors have requested that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to an objection to such Claim, such Holder's Ballot shall be counted in the reduced amount requested by the Debtors and/or in the requested category, subject to any order entered pursuant to a motion filed by the Holder of the Claim under Bankruptcy Rule 3018;

f.  Ballots for timely filed Claims (i) that are listed as contingent, unliquidated and/or disputed on the face of the Claim or (ii) that the Debtors determine, after reasonable review of the Claim (including any supporting documentation contained therewith) is a contingent, unliquidated and/or disputed Claim and is not the subject of an objection filed before the Voting Deadline, shall vote in the amount of $1.00, unless otherwise allowed by Court order after a timely filed motion by the Holder of such Claim;

g.  for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

41. <u>Master Ballot Tabulation</u>. With respect to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners, the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by such Voting Nominees and Beneficial Owners as of the Record Date; <u>provided, however</u>, that any principal amounts may be adjusted by the Voting Agent to reflect the amount of the Claim actually voted, including any prepetition interest.

42. The following additional rules apply to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners:

a.  Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable debt security of the Debtors as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee pursuant to a Master Ballot will not be counted in excess of the Record Amount of the applicable securities held by such Voting Nominee on the Record Date.

b.  For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its securities, although any principal amounts may be adjusted by the Voting Agent to reflect the amount of the Claim actually voted, including prepetition interest.

c.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the applicable Voting Nominees.

d. To the extent overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

e. Where a Beneficial Owner holds securities through more than one Voting Nominee, it must execute a separate Ballot for each block of debt securities it owns. Such Holder must, however, vote all its Claims in each Class in the same manner, to either accept or reject the Plan. Accordingly, if such Holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

43. <u>Plan Confirmation</u>. A hearing shall be held before this Court on June 23, 2010 at 9:30 a.m. (Eastern Time) (the "<u>Confirmation Hearing</u>"), to consider confirmation of the Plan. The Confirmation Hearing may be continued from time to time by the Court without further notice to creditors or other parties in interest.

44. <u>Objection Deadline</u>. Any objection to the confirmation of the Plan (including any supporting memoranda) must: (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the Plan; and (iv) be filed with the Court, together with proof of service, and served so that they are received on or before June 16, 2010 at 4:00 p.m. (Eastern Time) (the "<u>Objection Deadline</u>") by the following parties:

<u>Counsel for the Debtors</u>

Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Facsimile: (312) 853-7036
Attn: Larry J. Nyhan
   Bojan Guzina

-and-

Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Facsimile: (302) 571-1253
Attn: Robert S. Brady
    Edmon L. Morton

-and-

The U.S. Trustee

U.S. Trustee
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801
Facsimile: (302) 573-6497
Attn: Thomas P. Tinker

-and-

Counsel to the Official Committee of Unsecured Creditors

Greenberg Traurig, LLP
1007 North Orange Street
The Nemours Building
Wilmington, DE 19801
Facsimile: 302-661-7360
Attn: Donald J. Detweiler

Greenberg Traurig, LLP
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
Facsimile: 302-661-7360
Attn: Sandra G.M. Selzer

-and-

Counsel to the Ad Hoc Committee of Secured Noteholders:

Stroock & Stroock & Lavan LLP
180 Maiden Lane

New York, NY 10038
Facsimile: (212) 806-2508
Attn: Kristopher M. Hansen
 Lori E. Kata

Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Facsimile: (302) 498-7816
Attn: Daniel J. DeFranceschi

45. The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance herewith by the Objection Deadline shall be deemed overruled.

46. The forms of mailed and published notice of the Confirmation Hearing, substantially in the form attached hereto as **Exhibits F** and **G**, respectively, are approved in all respects. The scope of mailed and published notice of the Confirmation Hearing is adequate and provides known and unknown claimants with good and sufficient notice of the Confirmation Hearing.

47. Service of the Solicitation Packages, Non-Voting Packages and other notices and documents described in the Motion is adequate and sufficient and no further notice is necessary.

48. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, Master Ballots, Notice of Unimpaired Class Non-Voting Status, Notice of Potential General Unsecured Claim Non-Voting Status, Notice of Deemed Rejecting Class Non-Voting Status, Confirmation Hearing Notice, Publication Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the

Disclosure Statement, the Plan, and any other materials in the Solicitation Package and/or Non-Voting Packages prior to their distribution.

49. The Debtors and any party supporting the Plan are granted an opportunity to file a response to any objections to confirmation of the Plan by no later than 12:00 p.m. (Eastern Time) two (2) Business Days prior to the date of the Confirmation Hearing. At that time, the Debtors will also file their proposed findings of fact and conclusions of law and form of order confirming the Plan, and a memorandum of law in support of confirmation of the Plan.

50. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

51. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

Dated: Wilmington, Delaware
April 21, 2010

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE