# EXHIBIT B

## (Master Ballots)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

NEENAH ENTERPRISES, Inc., et al.,[1]

Debtors.

Chapter 11

Case No. 10-10360 (MFW)

Jointly Administered

**MASTER BALLOT FOR HOLDERS OF CLASS 4 CLAIMS ARISING FROM 9½% SENIOR SECURED NOTES DUE 2017 (CUSIP NUMBER [_____]) TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES**

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO THE GARDEN CITY GROUP, INC. (THE "VOTING AGENT"), AT THE FOLLOWING ADDRESS: BY FIRST CLASS MAIL TO: THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, P.O. BOX 9594, DUBLIN, OH 43017-4894; OR BY OVERNIGHT COURIER OR HAND-DELIVERY TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, 5151 BLAZER PKWY., SUITE A, DUBLIN, OH 43017. IF THIS MASTER BALLOT HAS NOT BEEN RECEIVED BY THE VOTING AGENT BY JUNE 16, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "VOTING DEADLINE"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

This master ballot (the "Master Ballot") is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee, or its mailing agent, (each of the foregoing, a "Voting Nominee"), for Beneficial Owners of the Class 4 Claims, to transmit the votes of such Holders in respect of their Claims to accept or reject the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended and supplemented, the "Plan"),[2] which is proposed by the above-captioned debtors and debtors in possession (the "Debtors").

On [_____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Voting Procedures Order") that approved the Debtors' Disclosure Statement for the Plan (as may be amended and supplemented, the "Disclosure Statement") and establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan, Disclosure Statement, and Voting Procedures Order are contained in the materials sent previously as part of the Solicitation Packages provided for the Beneficial Owners of the Class 4 Claims. The Voting Procedures Order contains important information regarding the balloting process. Please read the Voting Procedures Order and the instructions sent with this Master Ballot prior to submitting this Master Ballot.

This Master Ballot is being sent to Voting Nominees to use to cast votes to accept or reject the Plan on behalf of and in accordance with the Beneficial Ballots cast by the Beneficial Owners of Class 4 Claims arising from 9½% Senior Secured Notes due 2017.

You must deliver the completed, executed Master Ballot so that it is **received** by the Voting Agent on or before the Voting Deadline. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one year from the Voting Deadline.

---

[2] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined herein shall have the meanings ascribed to them in the Plan or Voting Procedures Order, as applicable.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The Undersigned certifies that as of April 30, 2010, (the "<u>Record Date</u>"), the Undersigned (please check applicable box):

☐      Is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Claims arising from 9½% Senior Secured Notes due 2017 listed in Items 2 and 3 below that is the registered holder of such securities; or

☐      Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered Holder of the aggregate principal amount of Claims arising from 9½% Senior Secured Notes due 2017 listed in Items 2 and 3 below; or

☐      Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered Holder of the aggregate principal amount of Claims arising from 9½% Senior Secured Notes due 2017 listed in Items 2 and 3 and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Claims arising from 9½% Senior Secured Notes due 2017 described below.

**Items 2 and 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL NOTEHOLDER BENEFICIAL BALLOTS.** The undersigned transmits the following votes of Beneficial Owners of Claims arising from 9½% Senior Secured Notes due 2017 and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account - please note that each Beneficial Owner must vote all of his, her, or its Claims to accept or reject the Plan and may not split such vote):

| Your Customer Name or Account Number for Each Beneficial Owner of Claims arising from 9½% Senior Secured Notes due 2017 and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Claims arising from 9½% Senior Secured Notes due 2017 Voted to ACCEPT the Plan[*] | Principal Amount of Claims arising from 9½% Senior Secured Notes due 2017 Voted to REJECT the Plan[*] | Check if the Beneficial Owner checked the Box in Item 3 of the Individual Beneficial Ballot |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| 8. | $ | $ | ☐ |
| 9. | $ | $ | ☐ |
| 10. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If space provided is insufficient, attach additional sheets in same format.

---

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims to accept or reject the Plan and may not split such vote.

**Item 4 – ADDITIONAL BALLOTS SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Claims arising from 9½% Senior Secured Notes due 2017. Please use additional sheets of paper if necessary.

**Information to be transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Claims arising in Class 4**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of their Beneficial Ballot | Transcribe from Item 4 of the Beneficial Ballot | | | |
|---|---|---|---|---|
| | Account Number With Voting Nominee to Which Additional Ballot Was Sent | Name of Voting Nominee to Which Additional Ballot Was Sent | Your Vote in the Additional Ballot (Accept or Reject) | Principal Dollar Amount Voted in the Additional Ballot |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If space provided is insufficient, attach additional sheets in the same format.

**Item 5 - CERTIFICATION.** By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of the 9½% Senior Secured Notes due 2017 whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Voting Procedures Order, Confirmation Hearing Notice, and a Beneficial Ballot for voting their Claims; and (b) it is the registered Holder of Claims to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that this solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Voting Procedures Order, dated [_____], 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Date Complete

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**
**BY FIRST CLASS MAIL TO: THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, P.O. BOX 9594, DUBLIN, OH 43017-4894; OR**
**BY OVERNIGHT COURIER OR HAND-DELIVERY TO THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT PROCESSING CENTER, 5151 BLAZER PKWY., SUITE A, DUBLIN, OH 43017.**

**IF THIS MASTER BALLOT HAS NOT BEEN <u>RECEIVED</u> BY THE VOTING AGENT BY JUNE 16, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

### VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is June 16, 2010 at 4:00 p.m. Eastern Time, unless such time is extended. To have the vote of your customers count, you must complete, sign, and return this master ballot (the "Master Ballot") so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[3]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Claims arising from 9½% Senior Secured Notes due 2017 other than yourself, you must deliver the Beneficial Ballot to the Beneficial Owner, along with the Plan, Disclosure Statement, Voting Procedures Order, Confirmation Hearing Notice, and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot, and to return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

    i.       Check the appropriate box in Item 1 on the Master Ballot;

    ii.      Transcribe the votes from the Beneficial Ballots in Items 2 and 3 and indicate whether the Beneficial Owner voted to accept or reject the Plan and whether the Beneficial Owner of the Claim arising from 9½% Senior Secured Notes due 2017 elected not to grant the releases contained in section 10.2 of the Plan and elected not to consent to the related injunctions in Items 2 and 3 of the Master Ballot;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iii.    Transcribe from Item 4 of the Beneficial Ballot for Claims arising from 9½% Senior Secured Notes due 2017 the information provided by the Beneficial Owners into Item 4;

    iv.    Review the certification in Item 5 of the Master Ballot;

    v.     Ensure that the Beneficial Ballot is signed and the certification is complete;

    vi.    Sign and date the Master Ballot;

---

[3] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Voting Procedures Order, as applicable.

vii.     If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

viii.    You must deliver the completed, executed Master Ballot so that it is **received** by the Voting Agent on or before the Voting Deadline.  For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one year from the Voting Deadline;

ix.      Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable debt security of the Debtors as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee pursuant to a Master Ballot will not be counted in excess of the Record Amount of the applicable securities held by such Voting Nominee on the Record Date.

x.       For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its securities.

xi.      To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the applicable Voting Nominees.

xii.     To the extent overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

xiii.    Where a Beneficial Owner holds securities through more than one Voting Nominee, it must execute a separate Ballot for each block of debt securities it owns.  Such Holder must, however, vote all its Claims in each Class in the same manner, to either accept or reject the Plan.  Accordingly, if such Holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender debt instruments at this time.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a Proof of Claim or Interest or an assertion of a Claim or Interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Beneficial Ballots and the completion of this Master Ballot.

IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE
SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT
AND/OR MASTER BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER
BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF
THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE
VOTING AGENT AT 866-405-2136.

PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE
VOTING AGENT AT THE FOLLOWING ADDRESS:
BY FIRST CLASS MAIL TO: THE GARDEN CITY GROUP, INC., ATTN: NEENAH BALLOT
PROCESSING CENTER, P.O. BOX 9594, DUBLIN, OH 43017-4894; OR
BY OVERNIGHT COURIER OR HAND-DELIVERY TO THE GARDEN CITY GROUP, INC.,
ATTN: NEENAH BALLOT PROCESSING CENTER, 5151 BLAZER PKWY., SUITE A,
DUBLIN, OH 43017.

## EXHIBIT C

**(Notice of Unimpaired Class Non-Voting Status)**

<u>Notice of Unimpaired Class Non-Voting Status</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, Inc., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO
### UNIMPAIRED CLASSES DEEMED TO ACCEPT THE JOINT PLAN
### OF REORGANIZATION FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES

TO:    ALL HOLDERS OF CLAIMS AND INTERESTS IN CLASSES 1, 2, 3, 10, AND
       UNCLASSIFIED CLAIMS

1.    On March 23, 2010, the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>"), filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended or supplemented, the "<u>Plan</u>")[2] and the Disclosure Statement related to the Plan (as may be amended or supplemented, the "<u>Disclosure Statement</u>").

2.    On [_____], 2010, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered an order (the "<u>Voting Procedures Order</u>") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

3.    In accordance with the terms of the Plan and the Bankruptcy Code, Holders of Claims or Interests in Classes 1, 2, 3, and 10 are Unimpaired under section 1124 of the Bankruptcy Code and, therefore, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan. You have been sent this notice because you have been identified as a Holder of a Claim or Interest in Classes 1, 2, 3, or 10 or an Unclassified Claim. This notice and Non-Voting Package are provided to you for informational purposes only. If you have any questions regarding the status of your Claim or Interest or wish to obtain additional information, you may contact The Garden City Group, Inc. (the "<u>Voting Agent</u>") by (i) first-class mail at The Garden City Group, Inc, Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894; (ii)

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.
[2]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Voting Procedures Order, as applicable.

overnight courier or hand-delivery at The Garden City Group, Inc., Attn: Neenah Ballot Processing
Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; or (iii) telephone at 866-405-2136.

Dated:  [_____ __], 2010

SIDLEY AUSTIN LLP

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

## <u>EXHIBIT D</u>

**(Notice of Potential General Unsecured Claim Non-Voting Status)**

Non-Voting of Potential General Unsecured Claim Notice

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO POTENTIAL HOLDERS OF GENERAL UNSECURED CLAIMS NOT LISTED IN THE DEBTORS' SCHEDULES

TO:   POTENTIAL HOLDERS OF CLASS 5 (GENERAL UNSECURED CLAIMS)

1.     On March 23, 2010, the above-captioned debtors and debtors-in-possession (the "Debtors"), filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended or supplemented, the "Plan")[2] and the Disclosure Statement related to the Plan (as may be amended or supplemented, the "Disclosure Statement").

2.     On [_____], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Voting Procedures Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

3.     In accordance with the terms of the Plan and the Bankruptcy Code, holders of Claims in Class 5 (General Unsecured Claims) against each of the Debtors are impaired under section 1124 of the Bankruptcy Code and, therefore, pursuant to section 1126 of the Bankruptcy Code, are entitled to vote on the Plan. This notice and the notice of Confirmation Hearing are provided to you for informational purposes only. While you are not listed in the Debtors' Schedules as having a Claim, if you believe that you have a general unsecured claim against one or more of the Debtors, you may file a Proof of Claim and request a Ballot by contacting The Garden City Group, Inc. (the "Voting Agent") by (i) first-class mail at The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894; (ii) overnight courier or hand-delivery at The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; or (iii) telephone at 866-405-2136. Any such Proof of Claim must be filed by no later than May 21, 2009 at 4:00 p.m. (Eastern Time), which is the general bar date established in these cases, and any such Ballot must be completed and returned to the Voting Agent so that it is received by the Voting Agent by June 16, 2010 at 4:00 p.m. (Eastern Time).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.
[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Voting Procedures Order, as applicable.

Dated:  [_____], 2010

SIDLEY AUSTIN LLP                             YOUNG CONAWAY STARGATT & TAYLOR, LLP

Larry J. Nyhan                                Robert S. Brady (No. 2847)
Bojan Guzina                                  Edmon L. Morton (No. 3856)
Kerriann S. Mills                             Donald J. Bowman, Jr. (No. 4383)
Alison L. Triggs                              Kenneth J. Enos (No. 4544)
One South Dearborn Street                     The Brandywine Building
Chicago, Illinois 60603                       1000 West Street, 17th Floor
Telephone:  (312) 853-7000                    Wilmington, Delaware 19801
Facsimile:  (312) 853-7036                    Telephone:  (302) 571-6600
                                              Facsimile:  (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

## <u>EXHIBIT E</u>

**(Notice of Deemed Rejecting Class Non-Voting Status)**

Notice of Deemed Rejecting Class Non-Voting Status

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, Inc., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO IMPAIRED CLASSES DEEMED TO REJECT THE JOINT PLAN OF REORGANIZATION FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES

TO:    ALL HOLDERS OF CLAIMS AND INTERESTS IN CLASSES 8 AND 9

1.      On March 23, 2010, the above-captioned debtors and debtors-in-possession (the "Debtors"), filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended or supplemented, the "Plan")[2] and the Disclosure Statement related to the Plan (as may be amended or supplemented, the "Disclosure Statement").

2.      On [_____], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Voting Procedures Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

3.      In accordance with the terms of the Plan and section 1126(g) of the Bankruptcy Code, Holders of Claims or Interests in Classes 8 and 9 are neither receiving nor retaining any property on account of their Claims and Interests and, therefore, are conclusively presumed to have rejected the Plan and are not entitled to vote on the Plan. You have been sent this notice because you have been identified as a Holder of a Claim or Interest in Classes 8 or 9. This notice and the Confirmation Hearing Notice are provided to you for informational purposes only. If you have any questions regarding the status of your Claim or Interest or wish to obtain additional information, you may contact The Garden City Group, Inc. (the "Voting Agent") by (i) first-class mail at The Garden City Group, Inc, Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894; (ii) overnight courier or hand-delivery at The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; or (iii) telephone at 866-405-2136.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.
[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Voting Procedures Order, as applicable.

Dated: [_____], 2010

SIDLEY AUSTIN LLP

Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

**<u>EXHIBIT F</u>**

**(Confirmation Hearing Notice)**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, Inc., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE JOINT PLAN OF
REORGANIZATION FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES**

PLEASE TAKE NOTICE THAT on March 23, 2010, the above-captioned debtors and debtors-in-possession (the "Debtors"), filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as may be amended or supplemented, the "Plan")[2] and the Disclosure Statement related to the Plan (as may be amended or supplemented, the "Disclosure Statement").

PLEASE TAKE FURTHER NOTICE THAT:

1. On [_____], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Voting Procedures Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

2. A hearing (the "Confirmation Hearing") will be held on June 23, 2010 at 9:30 a.m. (Eastern Time), before the Honorable Mary F. Walrath, United States Bankruptcy Judge, convened at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801, to consider confirmation of the Plan, as the same may be further amended or modified, and for such other and further relief as may be just and proper. The Confirmation Hearing may be continued from time to time (after consultation with the Committee) without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

3. If you hold a Claim against one of the Debtors as of April 30, 2010 (the "Record Date") and are entitled to vote to accept or reject the Plan, you have received with this Confirmation Hearing Notice a Ballot and voting instructions appropriate for your Claim. Although you should carefully read the Disclosure Statement and Plan and all documents attendant thereto, a summary of the treatment of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Voting Procedures Order, as applicable.

Claims and Interests is located in section 2 of the Disclosure Statement. For your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot, and return the completed Ballot to the address indicated on the Ballot so as to be <u>received</u> by The Garden City Group, Inc. (the "<u>Voting Agent</u>") no later than 4:00 p.m. Eastern Time on June 16, 2010, unless such time is extended by the Debtors (the "<u>Voting Deadline</u>"). If you are the Beneficial Owner of debt securities, you will have to return your Beneficial Ballot to the Voting Nominee providing enough time for your Voting Nominee to process your vote on a Master Ballot and return the Master Ballot so that it is <u>actually</u> <u>received</u> by the Voting Agent prior to the Voting Deadline. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

4.    If you have not received a Ballot and are entitled to vote on the Plan, you may request a Ballot and voting instructions appropriate for your Claim from the Voting Agent by phone at 866-405-2136 and submit your Ballot as set forth above by the Voting Deadline. All submitted Ballots will be tabulated according to the rules set forth in the Voting Procedures Order approving the Disclosure Statement.

5.    Objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan; and (d) be filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Fifth Floor, Wilmington, Delaware 19801 together with proof of service, and served so as to be <u>received</u> on or before 4:00 p.m. Eastern Time on June 16, 2010 by the following: (i) Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, Facsimile (312) 853-7036, Attn: Larry Nyhan and Bojan Guzina; (ii) Young, Conaway, Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, Facsimile (302) 571-6600, Attn: Robert S. Brady; (iii) The United States Trustee, Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Facsimile (302) 573-6497, Attn: Thomas P. Tinker; (iv) Greenberg Traurig, LLP, 1007 North Orange Street, Suite 1200, Wilmington, DE 19801, Facsimile: (302) 661-7360, Attn: Donald J. Detweiler; and (v) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Facsimile (212) 806-6006, Attn: Kristopher M. Hansen and Lori E. Kata. Objections not timely filed and served in the manner set forth in the Voting Procedures Order shall not be considered and shall be deemed overruled.

6.    Any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, or the Voting Procedures Order or other information about the solicitation procedures may request such information by contacting the Voting Agent (i) by first class mail at The Garden City Group, Inc, Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894 or by overnight courier or hand-delivery at The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; or (ii) by telephoning the Voting Agent at 866-405-2136. Copies of the Plan, the Disclosure Statement, and the Voting Procedures Order are available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 3rd Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained at www.neenahrestructuring.com or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

7.    **Pursuant to the terms of the Plan, the Debtors seek the following releases and injunctions:**

> *Exculpation.* **From and after the Effective Date, the Released Parties shall neither have nor incur any liability to, or be subject to any right of action by, any Holder of a Claim or an Interest, or any other party in interest, or any of their respective employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or affiliates,**

or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, formulating, negotiating or implementing the Plan, the Disclosure Statement, the Restructuring Transactions, or any of the transactions contemplated under Article V of the Plan, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the confirmation of the Plan, the consummation of the Plan, the administration of the Plan, the property to be distributed under the Plan, or any other act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases; provided, however, that this section shall not apply to (x) obligations under, and the contracts, instruments, releases, agreements, and documents delivered, Reinstated or assumed under the Plan, and (y) any claims or causes of action arising out of willful misconduct or gross negligence as determined by a Final Order. Any of the Released Parties shall be entitled to rely, in all respects, upon the advice of counsel with respect to their duties and responsibilities under the Plan.

*Releases by the Debtors.* Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each of the Debtors and Reorganized Debtors on its own behalf and as a representative of its respective Estate, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Claims and Causes of Action (including, without limitation, Avoidance Actions), any and all other obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever, and any and all Interests or other rights of a Holder of an equity security or other ownership interest, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors, the Reorganized Debtors, their respective assets, property and Estates, the Chapter 11 Cases or the Plan, the Disclosure Statement, or the Restructuring Transactions that may be asserted by or on behalf of any of the Debtors, the Reorganized Debtors or their respective Estates against any of the Released Parties; provided, however, that nothing in this section shall be construed to release any Released Party from willful misconduct or gross negligence as determined by a Final Order.

*Releases by Holders of Claims and Interests.* Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each Holder of a Claim entitled to vote on the Plan shall be deemed to have completely and forever released, waived, and discharged unconditionally each and all of the Released Parties of and from any and all Claims, any and all other obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, those arising under the Bankruptcy Code), and any and all Interests or other rights of a Holder of an equity security or other ownership interest, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors, the Reorganized Debtors or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, the Disclosure Statement, or the Restructuring Transactions; provided, however, that each Holder of a

Claim that has submitted a Ballot may elect, by checking the appropriate box on its Ballot, not to grant the releases set forth in Section 10.2(c) of the Plan, unless otherwise bound by the Lock-Up Agreement to do so, with respect to those Released Parties other than the Debtors, the Reorganized Debtors, and their respective successors and assigns (whether by operation of law or otherwise; and provided, further, however, that nothing in this section shall be construed to release any Released Party from willful misconduct or gross negligence as determined by a Final Order.

*Injunction Related to Exculpation and Releases.* Except as provided in the Plan or the Confirmation Order, as of the Effective Date, (i) all Persons that hold, have held, or may hold a Claim or any other obligation, suit, judgment, damages, debt, right, remedy, causes of action or liability of any nature whatsoever, or any Interest or other right of a Holder of an equity security or other ownership interest, relating to any of the Debtors or the Reorganized Debtors or any of their respective assets, property and Estates, that is released or enjoined pursuant to Section 10.2 of the Plan and (ii) all other parties in interest in these Chapter 11 Cases are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Released Party or its property on account of such released liabilities, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities, and of all Interests or other rights of a Holder of an equity security or other ownership interest: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under Section 10.2 of the Plan; and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

*Injunction.* (a) Except as otherwise provided in the Plan or the Confirmation Order, from and after the Effective Date all Persons who have held, hold or may hold Claims against or Interests in the Debtors, are (i) permanently enjoined from taking any of the following actions against the Estate(s), or any of their property, on account of any such Claims or Interests and (ii) permanently enjoined from taking any of the following actions against any of the Debtors, the Reorganized Debtors or their property on account of such Claims or Interests: (A) commencing or continuing, in any manner or in any place, any action, or other proceeding; (B) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting or enforcing any lien or encumbrance; (D) asserting any right of setoff, subrogation or recoupment of any kind and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained in the Plan shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan. (b) By accepting distributions pursuant to the Plan, each Holder of an Allowed Claim shall be deemed to have specifically consented to the injunctions set forth in Section 10.4 of the Plan.

Dated:  Wilmington, Delaware
      [ _____ __, 2010]

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois  60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

          -and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

## EXHIBIT G

**(Publication Notice)**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, Inc., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES

PLEASE TAKE NOTICE THAT on March 23, 2010, the above-captioned debtors and debtors-in-possession (the "Debtors"), filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. (as may be amended or supplemented, the "Plan")[2] and the Disclosure Statement related to the Plan (as may be amended or supplemented, the "Disclosure Statement").

PLEASE TAKE FURTHER NOTICE THAT:

1.    On [ _____ ], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Voting Procedures Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

2.    The deadline for voting to accept or reject the Plan is 4:00 p.m. Eastern Time on June 16, 2010, unless such time is extended. Objections to the Plan must comply with the Voting Procedures Order and be filed by 4:00 p.m. (prevailing Eastern Time) on June 16, 2010. A hearing to consider confirmation of the Plan will be held on June 23, 2010 at 9:30 a.m. (Eastern Time), convened at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801.

3.    Any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Voting Procedures Order or other information about the solicitation procedures may request such information by contacting the Voting Agent (i) by first-class mail at The Garden City Group, Inc, Attn: Neenah Ballot Processing Center, P.O. Box 9594, Dublin, OH 43017-4894 or by overnight courier or hand-delivery at The Garden City Group, Inc., Attn: Neenah Ballot Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; or (ii) by telephoning the Voting Agent at 866-405-2136. Copies of the Plan, the Disclosure Statement, and the Voting Procedures Order are available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 3rd Floor, 824 N. Market Street,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.
[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Voting Procedures Order, as applicable.

Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained from at www.neenahrestructuring.com, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.


Dated: Wilmington, Delaware        Respectfully submitted,
      [_____, 2010]

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP


_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION