```
 1                IN THE UNITED STATES BANKRUPTCY COURT
 2                     FOR THE DISTRICT OF DELAWARE
 3   IN RE:                            :
                                       : Chapter 11
 4   NEENAH ENTERPRISES,               :
     INC., et al.,                     : Case No. 10-10360(MFW)
 5                                     :
          Debtors.                     :
 6   . . . . . . . . . . . . . . . .

 7                         Wilmington, Delaware
                            April 27, 2010
 8                             9:31 a.m.

 9                        TRANSCRIPT OF HEARING
                 BEFORE THE HONORABLE MARY F. WALRATH
10                  UNITED STATES BANKRUPTCY JUDGE

11   APPEARANCES:

12   For the Debtors:          Edmon L. Morton, Esquire
                               Young, Conaway, Stargatt & Taylor
13
                               Bojan Guzina, Esquire
14                             Kerriann Mills, Esquire
                               Larry Nyhan, Esquire
15                             Sidley Austin, LLP

16   For Bank of America:      Matthew B. Harvey, Esquire
                               Morris, Nichols, Arsht & Tunnel, LLP
17
     For the Ad Hoc:           Lori Kata, Esquire
18   Committee                 Stroock & Stroock

19                             Kristine Manoukian, Esquire
                               Richards, Layton & Finger
20
     For the Committee:        Donald Detweiler, Esquire
21                             Greenberg Traurig, LLP

22   For the United States:    Kevin Callahan, Esquire
     Trustee                   United States Trustee's Office
23
     VIA TELEPHONE:
24
     For Banc of America:      Danielle Juhle, Esquire
25   Business Capital          Goldberg, Kohn, Bell, Black
```

```
 1   For the Debtors:         Jillian Ludwig, Esquire
                              Brett Myrick, Esquire
 2                            Alison Triggs, Esquire
                              Sidley Austin, LLP
 3
     For Creditor Liquidity:  Robert Tannor, Esquire
 4                            Creditor Liquidity, LP

 5   For Members of the Ad:   Marianne S. Mortimer, Esquire
     Hoc Committee of Senior  Stroock & Stroock & Lavan, LLP
 6   Secured Noteholders

 7   Court Recorder:          Brandon McCarthy

 8   Transcription Service:   Perfect Pages Transcription, Inc.
                              18 Tuckerton Road
 9                            Shamong, NJ 08088
                              www.perfecttranscripts.com
10                            (609) 654-8880

11   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1       (Call to order of the Court.)
2           THE CLERK:  All rise.  Please be seated.
3           THE COURT:  Good morning.
4           MR. MORTON:  Good morning, Your Honor.  For the
5   record, Edmon Morton from Young, Conaway, Stargatt & Taylor,
6   on behalf of the Debtors.  You know one small point of order,
7   Your Honor, before we begin, I wanted to introduce to the
8   Court Kevin Callahan from the U.S. Trustee's Office.  Mr.
9   Tinker as you may recall who's been assigned to this case is
10  going on a somewhat temporary assignment to Washington, D.C.
11  for a special project, and Mr. Callahan has the privilege, we
12  might say with a little bit of a snicker, to be filling in for
13  Mr. Tinker.
14          THE COURT:  Good.  Welcome.
15          MR. CALLAHAN:  Good morning, Your Honor.
16          THE COURT:  Nice to see you again.
17          MR. CALLAHAN:  Thank you, Your Honor.
18          MR. MORTON:  And, Your Honor, turning to the Agenda
19  we're pleased to report as the Agenda notes that we're
20  uncontested for purposes of today's hearing.  The first item
21  on the Agenda is our 365(d)(4) Extension Motion.  We did file
22  a Certificate of No Objection, but we haven't seen an order
23  yet.  I don't know if Your Honor had any questions.
24          THE COURT:  I have entered the Order.  Maybe it just
25  has not hit the Docket yet.

|   |   |
|---|---|
| 1 | MR. MORTON:  Certainly.  Well, Your Honor, without |
| 2 | further ado, I'll cede the podium to Mr. Guzina then to |
| 3 | present the Disclosure Statement. |
| 4 | THE COURT:  All right.  Thank you. |
| 5 | MR. GUZINA:  Good morning, Your Honor.  Bojan |
| 6 | Guzina, on behalf of the Debtors.  The remaining item on the |
| 7 | Agenda, Your Honor, is the Motion for Approval of Voting |
| 8 | Procedures and approval of the Disclosure Statement.  By way |
| 9 | of background, Your Honor, we sent the Disclosure Statement |
| 10 | notice to more than 8,000 parties-in-interest.  We did not |
| 11 | receive any formal objections.  We received one written |
| 12 | response from a party that we are treating as an informal |
| 13 | proof of claim and it will be noted on the Claims Register. |
| 14 | We also received comments from the Official Committee of |
| 15 | Unsecured Creditors and from the United States Trustee's |
| 16 | Office.  And I'm pleased to report that we were able to work |
| 17 | through those comments consensually.  We made conforming |
| 18 | changes to the Disclosure Statement and the Plan.  Most of |
| 19 | those revisions were reflected in the version that we filed |
| 20 | with the Court on Friday.  There are some additional changes |
| 21 | since then, mostly of the cleanup variety, and we will be |
| 22 | filing a further updated Disclosure Statement showing those |
| 23 | changes at the conclusion of this hearing. |
| 24 | We also, Your Honor, throughout this process, solicited |
| 25 | an input from the Secured Note Holders and the Subordinated |

5

Note Holders, so I'm pleased to report that this was a truly collaborative and consensual process and it's reflective of the way this case has progressed to date.  We are here today on a very important milestone, but we're mindful of the work that still needs to be done.  To that end, Your Honor, we're going to be asking for a confirmation hearing to be scheduled for June 25.  We would ask that the voting deadline be set for a week before, that's the day that Your Honor earlier gave us for an omnibus hearing.

THE COURT:  Did I?  I think that has to be changed.  Can we make it the 23rd, June 23rd?  Are you going to have timing issues?

MR. GUZINA:  I believe that works in terms of the schedule that we're obligated to keep under the Lockup Agreements.  I believe -- we will confer with the client after the hearing, Your Honor, because we will be submitting the order under Cert. of Counsel.  I believe that will work.  We would have to move up the other dates as far as the objection deadline and the voting deadline by a couple of days as well, but I believe that should work.

THE COURT:  Actually, I can give you more time.  I'm not sure this will be a contested matter.  I can give you more time on the 22nd if you think that's necessary but, otherwise, the 23rd at 9:30.

MR. GUZINA:  Okay.

6

1  THE COURT: I'll give you two days. The 23rd at 9:30
2  or the 22nd at 3:00.
3  MR. GUZINA: Okay. We will confer and we'll get
4  back to your clerk, Your Honor.
5  THE COURT: Okay.
6  MR. GUZINA: Your Honor, the Disclosure Statement is
7  -- the document is in excess of a 100 pages. We have
8  extensive exhibits. We believe it provides more than adequate
9  information on the operations of these Debtors, the terms of
10 the Plan, of the projections, the valuation and we believe
11 that it satisfies the requirements of Section 1 and 25. I
12 wanted to very briefly touch upon the changes that we made in
13 response to the comments from the Creditors' Committee and the
14 U.S. Trustee's Office. The Creditors' Committee reached out
15 to us with concerns over the voting status of class 5. This
16 is the class of general Unsecured Creditors. Under the
17 original version of the Plan, that class would be treated as
18 unimpaired and it would not have the right to vote on the
19 Plan. We had a discussion with the Committee's counsel
20 whether or not payment in full in cash of an Unsecured
21 Creditor on the effective date makes that Creditor impaired or
22 unimpaired. It struck us that that's a largely academic
23 discussion in a case where we're paying a 100 cents to the
24 Unsecured Creditors, so we agreed to flip the treatment, the
25 voting status, to impaired and we will be soliciting votes

1  from class 5.  We expect that class 5 will strongly support a
2  Plan that provides for a payment of a 100 percent of their
3  claims in cash, but they will have the opportunity to vote,
4  and an important related point is that they will not have the
5  opportunity to opt out of the third-party releases that are
6  part of this Plan.  So those changes are reflected in the
7  version of the Disclosure Statement in the Plan that we filed
8  with the Court on Friday.
9       In terms of the comments we received from the U.S.
10 Trustee, Your Honor, they were simple.  Mr. Tinker asked us to
11 highlight the release and injunction provisions.  We have done
12 so and that change will be reflected in the version that we
13 filed today.
14      In terms of the process, Your Honor, we would get revised
15 versions of the documents on file after the hearing, and if
16 Your Honor approves the Disclosure Statement and the voting
17 procedures, we will start the solicitation process later this
18 week and the dates we will have to get back to you as soon as
19 we're able to check the calendars.
20           THE COURT:  All right.  If you can, I'd like you to
21 get that filed.  I'm here all day, but I have the judicial
22 conference the rest of the week, so --
23           MR. GUZINA:  We will get it on file today
24 immediately after this hearing.
25           THE COURT:  Yes, and get me the order.

8

1  MR. GUZINA: As I mentioned, we did have a handful
2  of final changes to the Disclosure Statement. I will turn the
3  podium over to Ms. Mills, and she can walk Your Honor through
4  those changes.
5  THE COURT: All right.
6  MR. GUZINA: And with that, Your Honor, we would ask
7  that the Disclosure Statement be approved. Thank you.
8  THE COURT: Thank you.
9  MS. MILLS: Good morning, Your Honor. Kerriann
10 Mills for the Debtors. I do have with me black-line copies of
11 the Plan and Disclosure Statement, and if I may approach, I'd
12 like to give you a binder with marked pages.
13 THE COURT: Well, are these different from what was
14 filed the 23rd?
15 MS. MILLS: Correct. The changes that I have with
16 me are the changes that have been made since that time.
17 THE COURT: Since then. Okay, you may hand it up.
18 (Counsel complies.)
19 THE COURT: Thank you.
20 MS. MILLS: Your Honor, at the outset, I'll note
21 that the majority of the changes that have been made to the
22 Disclosure Statement are stylistic or typographical.
23 THE COURT: All right.
24 MS. MILLS: There are a few that are a bit more
25 detailed worth a bit of mentioning. Those are the ones that

9

1  are marked with red flags in the binder that you've been
2  handed.
3          THE COURT:  All right.  We can skip the typos and
4  hit --
5          MS. MILLS:  Okay.
6          THE COURT:  -- the substantive.
7          MS. MILLS:  The first such change is on page 42 of
8  the black line that you have, the Disclosure Statement is
9  behind tab number 1.
10         THE COURT:  I have it.
11         MS. MILLS:  And that's changes simply to clarify the
12 time in which the new common stock will be registered to
13 specify that that will be as soon as reasonably practical
14 after the second anniversary of the effective date.
15         THE COURT:  Okay.
16         MS. MILLS:  Or to correct that, on or as soon as
17 reasonably practical after the second anniversary date.  The
18 second change, Your Honor is on page 49 of the black line, and
19 that's language to clarify that as of the effective date, all
20 equity based awards granted by the Debtors prior to the
21 petition date shall terminate and cease to be binding on the
22 Debtors.  We believe that was the intent of the original
23 draft, but have added that language just to make that concept
24 clear.
25         THE COURT:  Okay.

10

1  MS. MILLS: Skipping ahead, there is a red flag on
2  page 61 of your binder and that flag is only to note that we
3  have highlighted the releases as requested by the Trustee.
4  THE COURT: The U.S. Trustee, all right.
5  MS. MILLS: And the final change, Your Honor, is on
6  page 86 of the Disclosure Statement and that change is to fill
7  in the previous blanks with respect to the shares of new
8  common stock.
9  THE COURT: Okay.
10  MS. MILLS: And also, to remove brackets surrounding
11  the new (indiscernible) price.
12  THE COURT: Okay.
13  MS. MILLS: There are also similar changes in the
14  Plan, I'm happy to walk through those as well, but they have
15  been reflected in the changes we just discussed.
16  THE COURT: That's not necessary. They're all just
17  conforming changes. That's fine.
18  MS. MILLS: Thank you. And the final document you
19  have in your binder is the former Solicitation Order, the
20  black line, it also shows some changes that have been made in
21  the interim. Those changes, again, are primarily stylistic or
22  typographical. We did adjust some of the dates from the
23  version that was filed. All of those dates, however, were
24  teed off of the June 25th confirmation date, so unless you
25  would prefer otherwise, I propose that we go back and confer

1  with your chambers and adjust those dates.  Once again, it's
2  submitted under Certification of Counsel.
3              THE COURT:  That's fine.
4              MS. MILLS:  And the final change worth mentioning
5  with respect to that order is that we did go ahead and update
6  the exhibit, the Plan notice exhibit, so that it now reflects
7  the release language that's currently in the Plan as well.
8              THE COURT:  Okay.  All right.  They look fine.
9              MS. MILLS:  And with that, I'm happy to ask --
10             THE COURT:  Anybody else have any comments?
11        (No verbal response.)
12             THE COURT:  All right.  It looks fine and there be
13  no objections, I'm happy to approve the Disclosure Statement
14  and voting procedures so we can get them out.
15             MS. MILLS:  Thank you.
16             THE COURT:  Thank you.  Anything else today then?
17        (No verbal response.)
18             THE COURT:  All right.  I'll look for the
19  Certification of Counsel early this afternoon, and I'll
20  approve it then.
21             MS. MILLS:  Thank you very much.
22             THE COURT:  Thank you, and we'll stand adjourned.
23        (Court adjourned at 9:42 a.m.)
24
25

12

1         CERTIFICATE
2         I certify that the foregoing is a correct transcript
3 from the electronic sound recording of the proceedings in the
4 above-entitled matter.
5
6  *S/April J. Foga*                          April 29, 2010
  April J. Foga, CET, CCR, CRCR
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25