UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NEENAH ENTERPRISES, INC., et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 10-10360 (MFW) <br><br> Jointly Administered <br><br> Hearing Date: TBD <br> Objection Deadline: TBD |

## MOTION OF THE DEBTORS FOR AN ORDER APPROVING CERTAIN MODIFICATIONS TO THE DISCLOSURE STATEMENT AND THE SOLICITATION PROCEDURES ORDER

The above-captioned debtors and debtors in possession (the "Debtors") hereby move this Court (the "Motion"), pursuant to sections 105, 1125 and 1126 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rules 2002, 3016, 3017 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3017-1(a) and 3017-1(b) of the Local Rules of Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (i) approving certain modifications to the Debtors' financial projections that are attached as Exhibit D to the Disclosure Statement for the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries dated April 27, 2010 (including all exhibits thereto, the "Disclosure Statement") [Docket No. 325], which this Court approved at the hearing held on April 27, 2010, before the Disclosure Statement is distributed to creditors and other parties in interest, and (ii) amending the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

Order (I) Approving the Disclosure Statement, (II) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject The Debtors' Joint Plan of Reorganization, (III) Scheduling a Hearing to Consider Confirmation of the Debtors' Joint Plan of Reorganization and Establishing Notice and Objection Procedures in Respect Thereof and (IV) Granting Related Relief (the "<u>Solicitation Procedures Order</u>")[2] [Docket No. 329] to allow the Debtors additional time to complete the distribution of Solicitation Packages and Non-Voting Packages to creditors and other parties in interest. In support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 4, 2010, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 17, 2010, the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed the Official Committee of Unsecured Creditors (the "<u>Committee</u>") pursuant to section 1102 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in these chapter 11 cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105, 1125 and 1126 of title 11 of the Bankruptcy Code, Bankruptcy Rules

---

[2] Capitalized terms used but not otherwise defined herein have the meanings assigned to such terms in the Solicitation Procedures Order or the Disclosure Statement, as applicable.

2002, 3016, 3017 and 3020, and Local Rules 3017-1(a) and 3017-1(b).

## BACKGROUND TO THE MOTION

5.  On March 26, 2010, the Debtors filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (as subsequently amended, the "Plan") [Docket No. 180] and an initial version of the Disclosure Statement. On April 9, 2010, the Debtors filed the Motion of the Debtors for an Order (I) Approving the Disclosure Statement, (II) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Debtors' Joint Plan of Reorganization, (III) Scheduling a Hearing to Consider Confirmation of the Debtors' Joint Plan of Reorganization and Establishing Notice and Objection Procedures in Respect Thereof (the "Solicitation Procedures Motion") [Docket No. 272], seeking this Court's approval of the Disclosure Statement and entry of the Solicitation Procedures Order. In advance of the April 27, 2010 hearing on approval of the Solicitation Procedures Motion, the Debtors filed amended versions of the Plan and Disclosure Statement on April 16, 2010 and April 23, 2010 [Docket Nos. 298 and 311].

6.  On April 27, 2010, the Court entered the Solicitation Procedures Order [Docket No. 329]. Pursuant to the Solicitation Procedures Order, the Court approved the Disclosure Statement as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code, approved certain procedures for the solicitation of votes on the Plan, and scheduled the Confirmation Hearing for June 23, 2010. The Solicitation Procedures Order requires the Debtors to cause the appropriate Solicitation Packages and Non-Voting Packages to be distributed no later than May 6, 2010 (the "Solicitation Commencement Date").

7.  At the time the Solicitation Procedures Order was entered, the Debtors were in the process of completing their analysis of the income tax consequences of the Plan. As

a result, the Debtors' financial projections (the "Projections") for the period from July 1, 2010 through September 30, 2014 (the "Projection Period"), which are attached as Exhibit D to the Disclosure Statement, do not reflect the full tax impact that confirmation of the Plan is anticipated to have on the Debtors. The Debtors have now updated their tax analysis and have a more fulsome understanding of the likely income tax consequences of the Plan, including the Debtors' projected income tax liabilities during the Projection Period. The Debtors now seek the authority to replace the existing Exhibit D to the Disclosure Statement with the updated Projections (the "Updated Projections") in the form attached to this Motion as Exhibit A.

8. The Updated Projections do not require any adjustments to the valuation analysis set forth in the Disclosure Statement, nor do they alter the Debtors' conclusion that the Plan is feasible. In addition, the Updated Projections will have no impact on the treatment of Allowed Claims against and Interests in the Debtors under the Plan or the proposed distributions on account thereof. Indeed, inclusion of the Updated Projections as Exhibit D to the Disclosure Statement would not require any other modifications to the Plan or the Disclosure Statement.

9. Prior to filing this Motion, the Debtors shared a draft of the Motion with counsel for the Committee, counsel for the U.S. Trustee, counsel for the Ad Hoc Committee of Secured Noteholders, and counsel for the Subordinated Noteholders. Each of these parties has indicated that they either have no opposition to the relief requested or have given their affirmative support for such relief.

## RELIEF REQUESTED

10. By this Motion, the Debtors respectfully request entry of an order (i) authorizing the Debtors to modify Exhibit D to the Disclosure Statement by replacing the Projections with the Updated Projections before the Disclosure Statement is distributed to

creditors and other parties in interest, and (ii) amending the Solicitation Procedures Order to extend the Solicitation Commencement Date to the date that is two (2) business days after the date on which this Motion is approved by the Court. Except as specifically set forth in the order approving this Motion, the Debtors propose that all of the other terms, conditions, provisions and deadlines set forth in the Solicitation Procedures Order would remain unchanged.

## BASIS FOR THE RELIEF REQUESTED

11.  Section 1125 of the Bankruptcy Code provides, in pertinent part, that "a plan may not be solicited...unless, at the time of or before...solicitation, there is transmitted...a written disclosure statement...containing adequate information." 11 U.S.C. § 1125(b). "Adequate information" is defined in 11 U.S.C. § 1125(a) as "information of a kind, and in sufficient detail...that would enable a hypothetical reasonable investor...to make an informed judgment about the plan..." 11 U.S.C. § 1125(a). Bankruptcy Rule 3017(d), in turn, sets forth the materials that must be provided to holders of Claims and Interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
> 
> (1) the plan or a court-approved summary of the plan;
> 
> (2) the disclosure statement approved by the court;
> 
> (3) notice of the time within which acceptances and rejections of the plan may be filed; and
> 
> (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
> 
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity

> security holders in accordance with Rule 2002(b), and a form of
> ballot conforming to the appropriate Official Form shall be mailed
> to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

12. This Court has already approved the Disclosure Statement as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code. Although the Updated Projections have no impact on the Debtors' valuation analysis, do not alter the Debtors' conclusion that the Plan is feasible and in the best interests of creditors, and do not modify the treatment of Allowed Claims against and Interests in the Debtors under the Plan, the Debtors (in consultation with the Ad Hoc Committee of Secured Noteholders) have decided to distribute the Updated Projections with the Disclosure Statement so that Holders of Claims who are entitled to vote on the Plan have access to the most up-to-date projected financial information when deciding whether to accept or reject the Plan.[3]

13. Because the Debtors are seeking to modify Exhibit D to the Disclosure Statement before the Disclosure Statement is distributed to creditors and other parties in interest, the Debtors will be unable to distribute the appropriate Solicitation Packages and Non-Voting Packages by the Solicitation Commencement Date. However, the Debtors believe that the solicitation and confirmation timeline set forth in the Solicitation Procedures Order provides sufficient flexibility to allow the Debtors to comply with all of the requirements of Bankruptcy Rules 2002(b) and 3017(d) and the Solicitation Procedures Order even if the Solicitation Commencement Date is extended as requested herein. Assuming that this Motion is approved

---

[3] The Debtors and their financial advisors have prepared a comparison that shows the variances between the Projections and the Updated Projections. Such comparison is attached to this Motion as Exhibit B.

before May 14, 2010,[4] Holders of Claims entitled to vote on the Plan will have approximately thirty (30) days to submit their Ballots and all parties in interest will have approximately thirty (30) days' notice of the deadline to file objections to confirmation of the Plan. As a result, the Debtors submit that all other provisions of the Solicitation Order should remain unchanged.

## NOTICE

14. The Debtors have provided notice of this Motion to: (i) counsel to the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent for the Debtors' prepetition secured lenders; (iv) counsel to the agents for the Debtors' post-petition lenders; (v) counsel to the Ad Hoc Committee of Secured Noteholders; (vi) counsel to the Subordinated Noteholders; and (vii) those parties requesting notice pursuant to Bankruptcy Rule 2002(i), in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

---

[4] Concurrently herewith, the Debtors have filed a motion to shorten notice of this Motion and have requested that the Court schedule a hearing on this Motion on or prior to May 14, 2010.

WHEREFORE, the Debtors respectfully request the entry of an order, in substantially the form attached hereto as Exhibit C, (i) granting the relief requested in this Motion and (ii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>May 6, 2010 | Respectfully submitted,<br>SIDLEY AUSTIN LLP<br>Larry J. Nyhan<br>Bojan Guzina<br>Kerriann S. Mills<br>Jillian K. Ludwig<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>- and -<br><br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ Robert S. Brady<br>Robert S. Brady (No. 2847)<br>Edmon L. Morton (No. 3856)<br>Donald J. Bowman, Jr. (No. 4383)<br>Kenneth J. Enos (No. 4544)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>ATTORNEYS FOR THE DEBTORS<br>AND DEBTORS IN POSSESSION |