IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
In re:                                              Chapter 11

NEENAH ENTERPRISES, INC., et al.                    Case No. 10-10360 (MFW)

                                                    (Jointly Administered)
                             Debtors.
---------------------------------------------------------X Objection Period: June 3, 2010 at 4:00 pm (ET)


**THIRD MONTHLY APPLICATION OF HURON CONSULTING SERVICES LLC
AS FINANCIAL ADVISORS TO THE DEBTORS FOR ALLOWANCE OF INTERIM
COMPENSATION AND FOR INTERIM REIMBURSMENT OF ALL ACTUAL AND
NECESSARY EXPENSES INCURRED FOR THE PERIOD
APRIL 1, 2010 THROUGH APRIL 30, 2010**

| | |
|---|---|
| Name of Application: | HURON CONSULTING GROUP |
| Authorized to Provide Professional Services to: | Neenah Enterprises, Inc., et al. |
| Date of Retention: | March 8, 2010 nunc pro tunc to February 3, 2010 |
| Period for which Compensation and Reimbursement is sought: | April 1, 2010 Through April 30, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | $316,137.50 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $13,302.15 |

This is a _x_ monthly      ___ final application

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 03/11/10 | February 3, 2010 through February 28, 2010 | $288,870.00/$11,678.99 | Received payment of 80% of fees and 100% of expenses |

- 1 -

| 04/22/10 | March 1, 2010 through March 31, 2010 | $495,568.75/$16,781.85 | Received payment of 80% of fees and 100% of expenses |

## COMPENSATION BY PROFESSIONAL

NEENAH ENTERPRISES, INC., et al
(Case No. 10-10360 (MFW))

April 1, 2010 through April 30, 2010

| Professional | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Richard D. Caruso | Managing Director | 97.6 hrs | $675.0 / hr | 65,880.00 |
| Brent Johnson | Director | 207.8 hrs | $575.0 / hr | 119,485.00 |
| Elaine Lane | Director | 14.1 hrs | $575.0 / hr | 8,107.50 |
| Fernando Pena-Alfaro | Director | 24.4 hrs | $575.0 / hr | 14,030.00 |
| Nick Zaccagnini | Manager | 49.7 hrs | $375.0 / hr | 18,637.50 |
| Brett Anderson | Manager | 149.7 hrs | $375.0 / hr | 56,137.50 |
| Omer Ozgozukara | Manager | 180.7 hrs | $375.0 / hr | 67,762.50 |
| Total Professional Charges | | 724.0 | | $350,040.00 |
| | | | Less: Travel Time Discount (50%): | $33,902.50 |
| | | | **Total April Fees:** | $316,137.50 |
| | | | Blended Hourly Rate: | $436.65 |

# COMPENSATION BY PROJECT CATEGORY

## NEENAH ENTERPRISES, INC., et al
(Case No. 10-10360 (MFW))

April 1, 2010 through April 30, 2010

| Activity Code | Activity Code Description | Hours | Fees |
|---|---|---|---|
| 1 | Meeting / teleconference with Debtor Management, Board, or Counsel | 15.0 | 8,635.00 |
| 2 | Meeting / teleconference with Bank Group, Counsel or Advisors | 8.1 | 5,187.50 |
| 3 | Meeting / teleconference with Statutory Committees, Counsels or Advisors | 0.4 | 230.00 |
| 5 | Case Reporting: UST Rpts, Statements, & Schedules | 75.9 | 34,642.50 |
| 6 | Retention and Fee Applications | 33.0 | 14,185.00 |
| 7 | Disclosure Statement / Plan of Reorganization | 30.6 | 14,825.00 |
| 8 | Business Plan & Analysis of Operations | 137.0 | 64,225.00 |
| 9 | Cash Flow Analysis and Reporting | 102.5 | 53,507.50 |
| 10 | DIP Financing, Exit Financing, Cash Collateral, Bank Issues | 64.6 | 36,155.00 |
| 12 | Tax Issues/Analysis | 9.6 | 5,590.00 |
| 16 | Unsecured Claim Analysis | 20.2 | 8,125.00 |
| 18 | Employee Retention Programs | 1.7 | 947.50 |
| 20 | Accounts Payable / Vendor Issues | 79.0 | 31,355.00 |
| 21 | Accounts Receivable Issues | 0.4 | 150.00 |
| 22 | Appraisals / Valuations | 1.0 | 675.00 |
| 23 | Lease Issues | 0.7 | 262.50 |
| 24 | Case Administration | 6.9 | 3,537.50 |
| 26 | Travel Time | 137.4 | 67,805.00 |
| | Totals: | 724.0 | $350,040.00 |
| | Less: Travel Time Discount (50%): | | $33,902.50 |
| | Total April Fees: | | $316,137.50 |

**EXPENSE SUMMARY**

NEENAH ENTERPRISES, INC., et al
(Case No. 10-10360 (MFW))

April 1, 2010 through April 30, 2010

| Cost Type | Amount |
|---|---|
| Airfare | 1,853.68 |
| Conferencing (Audio, Video, Web, CATV) | 170.83 |
| Ground Transportation | 172.50 |
| Hotel/Lodging | 4,879.10 |
| Meals | 1,929.01 |
| Mileage | 1,929.50 |
| Research | 204.56 |
| Parking & Tolls | 230.50 |
| Rental Car | 1,917.90 |
| Telecom | 14.57 |
| **Total Expenses** | **$13,302.15** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
In re:                                                          Chapter 11


NEENAH ENTERPRISES, INC., et al.,[1]                           Case No. 10-10360 (MFW)

                                                                (Jointly Administered)
                            Debtors.
------------------------------------------------------------X

**THIRD MONTHLY APPLICATION OF HURON CONSULTING SERVICES LLC
AS FINANCIAL ADVISORS TO THE DEBTORS FOR ALLOWANCE OF INTERIM
COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL
AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
APRIL 1, 2010 THROUGH APRIL 30, 2010**

Huron Consulting Services LLC ("Huron Consulting Group" or "Huron"), financial advisors to the Debtors in these chapter 11 cases *nunc pro tunc* to the Petition Date (as defined below), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Huron to the Debtors for the period April 1, 2010 through April 30, 2010 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred by Huron during the Compensation Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. § 105 (a) and 331, Fed. R. Bankr. P. 2016 and Del. Banker. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals (the "Interim Compensation Procedures Order")[2]. In support of this Application, Huron represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(a) and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

## BACKGROUND

2.  On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors also jointly filed motions or applications seeking certain typical "first day" relief. On February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 2015(b).

3.  The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

4.  On February 17, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

### HURON'S RETENTION

5.  The Debtors selected Huron to serve as their financial advisors. On March 8, 2010, this Court entered the Order Pursuant to 11 U.S.C. Sections 327 (a) and 1107 (b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing the Employment and Retention of Huron Consulting Services LLC as Financial Advisors to the Debtors, *Nunc Pro Tunc to February 3, 2010*.

### FEE PROCEDURES ORDER

6.  On March 8, 2010, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7.  In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court no earlier than the tenth day of each month following the month for which compensation is sought. Provided that no objections to such Monthly Fee Application are filed within the ten day Objection Deadline, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If an objection to a portion of the Monthly Fee Application is filed and not resolved, the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses that are not subject to the objection.

### RELIEF REQUESTED

8.  Huron submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered

as financial advisors for the Debtors in these cases for the period from April 1, 2010 through April 30, 2010, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

9. During the period covered by this Application, Huron incurred fees in the amount of $350,040.00 before reduction. In accordance with Local Rules regarding travel time being charged at 50%, net fees for the Compensation Period, after a reduction of $33,902.50 for travel time, are $316,137.50. For the same period, Huron incurred actual, reasonable and necessary expenses totaling $13,302.15. With respect to these amounts, as of the date of this Application, Huron has received no payments.

10. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

11. During the Application Period, Huron professionals billed time incurred in service to the Debtors to distinct service categories. Below is a summary of the activities performed by Huron professionals during the Compensation Period, organized by project category code:

**Task Code 1 – Meeting/Teleconference with Debtor Management, Board, or Counsel**

Huron prepared for and participated in meetings and discussions with Debtor management, key personnel and Counsel during the Compensation Period. Huron participated in Board meetings and had weekly conference calls with Debtor management, Counsel and Investment Bankers regarding case status, strategy, upcoming deadlines and deliverables. Huron also spent time meeting with Debtor management to discuss key performance metrics and responses to due diligence requests from the Lender's financial advisors. In addition, Huron spent time meeting with Debtor management to discuss the objectives, scope and deliverables for a profitability analysis assignment, as requested by Debtor management.

Additional time was spent meeting with Debtor management to obtain detailed information on one of the Debtors in order to conduct the profitability analysis assignment.

Huron devoted 15.0 hours to performing these services during the Compensation Period, which resulted in fees of $8,635.00 and a blended rate of $576.

**Task Code 2 – Meeting / teleconference with Bank Group, Counsel or Advisors**

During the Compensation Period, Huron prepared for and participated in weekly status update discussions with the DIP lenders and their advisors regarding business operations, the business plan, the general unsecured claims pool and related treatment / distribution logistics, and the bankruptcy process. Additional discussions were held with the Debtors' lenders and their advisors regarding exit financing, funding requirements and the borrowing base.

Huron devoted 8.1 hours to performing these services during the Compensation Period, which resulted in fees of $5,187.50 and a blended rate of $640.

**Task Code 3 – Meeting / teleconference with Statutory Committees, Counsels or Advisors**

During the Compensation Period, Huron participated in discussions with the Unsecured Creditors Committee's financial advisors to provide general case status updates and respond to inquiries.

Huron devoted 0.4 hours to performing these services during the Compensation Period, which resulted in fees of $230.00 and a blended rate of $575.

**Task Code 5 – Case Reporting: UST Reports, Statements & Schedules**

Huron devoted time during the Compensation Period to satisfying the U.S. Trustee reporting requirements and preparing the monthly operating report. Huron spent time reviewing, revising and finalizing the required Statements of Financial Affairs ("Statements") and Schedules of Assets and Liabilities ("Schedules"). Huron spent time discussing the Statements and Schedules with Counsel and Debtor management and editing the Statements and Schedules with revisions and additional information provided by Counsel and Debtor

management. Additional time was spent editing the footnotes and Global Notes, as requested by Counsel. Huron reviewed the final versions of the Statements and Schedules prior to filing with the Court and facilitated the filing process.

Huron also spent time preparing, reviewing and finalizing the March monthly operating report, including the drafting of supplemental notes and supporting schedules. Huron worked with Debtor management to gather and analyze the information required to complete the monthly operating report. In addition, Huron spent time preparing the monthly operating report templates for each Debtor and populating them with the data provided by Debtor management. Additional time was spent reviewing drafts of the March monthly operating report prior to filing with the Court.

Huron devoted 75.9 hours to performing these services during the Compensation Period, which resulted in fees of $34,642.50 and a blended rate of $456.

**Task Code 6 – Retention and Fee Applications**

As the Debtors' financial advisors, Huron is required to adhere to the requirements of the Bankruptcy Code and related rules, and the U.S. Trustee guidelines with respect to the retention of professionals in bankruptcy cases. Huron spent time during the Compensation Period preparing, reviewing and finalizing Huron's March Monthly Fee Application and the related exhibits. Huron also spent time during the Compensation Period reviewing the draft time and expense detail exhibits for time incurred from April 1, 2010 through April 15, 2010 in preparation for the April Fee Application.

Huron devoted 33.0 hours to performing these services during the Compensation Period, which resulted in fees of $14,185.00 and a blended rate of $430.

**Task Code 7 – Disclosure Statement/Plan of Reorganization**

Huron spent time during the Compensation Period providing necessary information to Counsel to prepare the Disclosure Statement and Plan of Reorganization. Huron provided

- 6 -

data on trade claims, trade debt, recovery estimates for certain creditor classes, COD income and various other information requested by Counsel. Additional time was spent reviewing and revising the liquidation analysis, as well as the supporting narrative to the liquidation analysis, utilized in the Disclosure Statement and Plan of Reorganization. Huron also edited the liquidation analysis documents with revisions provided by Counsel. Additional time was spent reviewing drafts of the Disclosure Statement, Plan of Reorganization and Supplemental Exhibits and providing comments with revisions and additional information. In addition, Huron reviewed the amended and black-lined version of the Disclosure Statement provided by Counsel.

Huron devoted 30.6 hours to performing these services during the Compensation Period, which resulted in fees of $14,825.00 and a blended rate of $484.

**Task Code 8 – Business Plan & Analysis of Operations**

During the Compensation Period, Huron spent time working with Debtor management to discuss and review key performance indicators, the status of certain restructuring initiatives and the revised business plan. Additional time was spent gathering and summarizing information concerning the Company's sales forecasts for industrial sales and municipal sales, analyzing top customers, creating EBITDAR bridge graphs illustrating the changes in the revised business plan and preparing presentation materials for meetings with the financial advisors to the Debtors' Lenders and the Unsecured Creditors Committee. Huron also spent time responding to due diligence requests from the financial advisors to the Debtors' Lenders. Additional time was spent preparing presentation materials summarizing the revised business plan to the Board of Directors.

In addition, Huron spent time meeting with Debtor management regarding the objectives, scope and work plan for a profitability analysis assignment. Huron met with key Debtor personnel to assess the revenues, costs, profitability, operations and historical financial

data of one of the Debtor entities. Huron spent time analyzing the reporting system and contribution margin at each plant. Additional time was spent discussing industry and plant issues with Debtor management.

Furthermore, Huron spent time reviewing the Debtors' March financial statements and addressing follow-up questions on certain items.

Huron devoted 137.0 hours to performing these services during the Compensation Period, which resulted in fees of $64,225.00 and a blended rate of $469.

**Task Code 9 – Cash Flow Analysis and Reporting**

During the Compensation Period, Huron spent time preparing weekly updates to the DIP Budget model and updating the permitted variance test analysis within the DIP Budget model in order to meet certain covenant tests and reporting requirements of the DIP Loan agreements. Additional time was spent creating and reviewing weekly DIP Budget variance reports on the Debtors' cash flow performance versus the approved DIP Budget. Huron delivered the DIP Budget variance reports to the required parties on a weekly basis and devoted time to discussing the reports and responding to questions. In addition, Huron spent time creating a cash flow forecast reflecting a June 2010 emergence and continuation through June 2011, as requested by the financial advisors to the Debtors' Lenders. Additional time was spent working with the Debtors' Investment Bankers to review and analyze the cash flow forecast for quality control purposes.

Huron devoted 102.5 hours to performing these services during the Compensation Period, which resulted in fees of $53,507.50 and a blended rate of $522.

**Task Code 10 – DIP Financing, Exit Financing, Cash Collateral, Bank Issues**

During the Compensation Period, Huron spent time assisting Debtor management in preparing for meetings with the financial advisors to the DIP Lenders on April 13th and April 15th to discuss the industrial sales forecast and the municipal sales forecast, respectively.

Huron spent time compiling documentation and certifications in response to the DIP Loan compliance reporting requirements. Additional time was spent updating year-to-date financials and comparative information in support of the monthly compliance certificate required by the DIP Loan. In addition, Huron spent time addressing certain environmental issues raised by the DIP Term Lenders' Counsel. Huron also spent time participating in the weekly status conference calls with the financial advisors to the DIP Lenders to discuss the DIP Loan compliance reporting and various other matters raised by the advisors.

In addition, Huron spent time working with the Debtors' Investment Bankers to discuss and plan for the exit financing process. Huron reviewed drafts of the exit financing discussion materials, exit financing contact log and distribution letter provided by the Debtors' Investment Bankers and provided comments and revisions to the materials to the Debtors' Investment Bankers. Huron also spent time reviewing the documents in the virtual data room set up by the Debtors' Investment Bankers and provided comments regarding potential additional documents or revisions to previously existing documents. Additionally, Huron drafted responses to various due diligence requests received from certain potential exit financing lenders.

Huron devoted <u>64.6</u> hours to performing these services during the Compensation Period, which resulted in fees of <u>$36,155.00</u> and a blended rate of <u>$560.</u>

**Task Code 12 – Tax Issues / Analysis**

During the Compensation Period, Huron spent time reviewing the cash tax analysis prepared by Debtor management and the Debtors' Tax Advisors. Huron also prepared a summary spreadsheet of the average capital spending by plant between 2006 and 2009, as requested by the Debtors' Tax Advisors. Furthermore, Huron reviewed the tax attribute reduction analysis and related cash payments analysis prepared by the Debtors' Tax Advisors and provided comments. Huron also discussed tax planning strategies with Debtor management, the Debtors' advisors and the financial advisors to the Debtors' Lenders.

Huron devoted 9.6 hours to performing these services during the Compensation Period, which resulted in fees of $5,590.00 and a blended rate of $582.

**Task Code 16 – Unsecured Claim Analysis**

During the Compensation Period, Huron spent time entering scheduled claims data into the template provided by the Debtors' claims agent for each Debtor. Additional time was spent preparing, reviewing and revising the claims resolution process memorandum and timeline to be discussed with Debtor management.

Huron devoted 20.2 hours to performing these services during the Compensation Period, which resulted in fees of $8,125.00 and a blended rate of $402.

**Task Code 18 – Employee Retention Programs**

During the Compensation Period, Huron spent time addressing issues regarding compensation claims for employees associated with discontinued operations. Additional time was spent responding to inquiries regarding certain employee payments.

Huron devoted 1.7 hours to performing these services during the Compensation Period, which resulted in fees of $947.50 and a blended rate of $557.

**Task Code 20 – Accounts Payable/Vendor Issues**

During the Compensation Period, Huron spent time updating the accounts payable tracking scorecards of post-petition spending against restrictive caps contained in various Court orders for each Debtor. Huron also spent time updating the master pre-petition payment tracking spreadsheet to track the pre-petition payments that are subject to a restrictive spending caps and analyzing the pre-petition payment forms received from Debtor management at each of the Debtors' plants.

Additional time was spent responding to matters regarding the pre-petition and post-petition split for certain ordinary course professional invoices and tracking ordinary course professional payments. In addition, Huron spent time addressing and tracking critical vendor

and freight vendor payments. Furthermore, Huron spent time reviewing, analyzing and responding to various information requests from the Unsecured Creditors Committee's financial advisors. Huron also spent time preparing materials for discussions with the Unsecured Creditors Committee's financial advisors.

Huron devoted 79.0 hours to performing these services during the Compensation Period, which resulted in fees of $31,355.00 and a blended rate of $397.

**Task Code 21 – Accounts Receivable Issues**

Huron spent time during the Compensation Period researching potential liquidity issues for a customer with large past due balances, as requested by Debtor management.

Huron devoted 0.4 hours to performing these services during the Compensation Period, which resulted in fees of $150.00 and a blended rate of $375.

**Task Code 22 – Appraisals / Valuations**

Huron devoted time during the Compensation Period to reviewing a draft valuation prepared by the Debtors' Investment Bankers.

Huron devoted 1.0 hours to performing these services during the Compensation Period, which resulted in fees of $675.00 and a blended rate of $675.

**Task Code 23 – Lease Issues**

Huron spent time during the Compensation Period reviewing the list of non-residential real property leases and corresponded with Counsel regarding the inclusion of certain lease agreements in the motion to extend time to assume or reject unexpired leases.

Huron devoted 0.7 hours to performing these services during the Compensation Period, which resulted in fees of $262.50 and a blended rate of $375.

**Task Code 24 – Case Administration**

During the Compensation Period, Huron devoted time to updating the work plan, reviewing recent filings on the court docket, discussing case status and performing other necessary matters related to engagement documentation and administration.

Huron devoted 6.9 hours to performing these services during the Compensation Period, which resulted in fees of $3,537.50 and a blended rate of $513.

**Task Code 26 – Travel Time**

Whenever possible, Huron encourages its professionals to use travel time productively by reading documents, continuing analyses, etc. while in transit. However, with the increased use of smaller aircraft to service more cities, it is increasingly difficult to work on confidential material during travel time. In addition, several of the traveling members of our engagement team drive to and from their homes and the client site, which clearly reduces the ability to work and travel simultaneously. In compliance with the Local Rules, Huron has reduced its request for compensation for non-working travel by 50% of the amount incurred. Huron devoted 137.4 hours, which resulted in fees of $67,805.00, in regards to non-working travel time and this application reflects a reduction of $33,902.50 as required by the Local Rules.

Huron devoted 137.4 hours to performing these services during the Compensation Period, which resulted in fees of $33,902.50 and a blended rate of $247.

    12.    Exhibit A attached hereto contains logs, sorted by project category task code, which details the time recorded by Huron's professionals and descriptions of the services provided.

    13.    Exhibit B attached hereto contains a breakdown of disbursements incurred by Huron during the Compensation period for which Huron seeks reimbursement in this application.

14. <u>Exhibit C</u> attached hereto contains the invoice for services rendered for the Compensation Period.

15. Huron has endeavored to represent the Debtors in the most expeditious and economical manner possible. Huron ensured that all tasks were assigned so that work was performed by those professionals at Huron most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter.

16. No agreement or understanding exists between Huron and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Huron respectfully requests that this Court: (a) allow Huron (i) interim compensation in the amount of $316,137.50 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period April 1, 2010 through April 30, 2010, and (ii) interim reimbursement in the amount of $13,302.15 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Huron the amount of $252,910.00 which is equal to 80% of Huron's allowed interim compensation of $316,137.50 and 100% of Huron's allowed expense reimbursement of $13,302.15, for a total amount of $266,212.15; and (c) grant such other and further relief as is just.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: May 24, 2010  
New York, New York

HURON CONSULTING GROUP

*/s/ Richard D. Caruso*

Richard D. Caruso  
Managing Director  
Huron Consulting Group  
1120 Avenue of the Americas, 8th Floor  
New York, NY 10036-6700  

Telephone: (412) 298-8675  
Facsimile: (212) 785-1313  

Financial Advisors for  
NEENAH ENTERPRISES, INC., et al