**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In Re:

NEENAH ENTERPRISES, INC., *et al.*,

Debtors.

Chapter 11

Case No. 10-10360 (MFW)

Jointly Administered

Obj. Deadline: June 16 at 4:00 p.m.
Hearing: June 23 at 9:30 a.m.

**OBJECTION OF THE MICHIGAN DEPARTMENT OF TREASURY**
**TO THE DEBTORS' JOINT PLAN OF REORGANIZATION**

The State of Michigan, Department of Treasury, through its attorneys, Michael A. Cox, Attorney General and Deborah Benedict Waldmeir, Assistant Attorney General objects to the Debtors' Joint Plan of Reorganization as follows:

1. The debtors filed their petition for bankruptcy under Chapter 11 of the Bankruptcy Code on February 3, 2010.

2. The business activities of the debtors resulted in liabilities to Michigan Treasury for single business taxes under 1975 Mich. Pub. Acts 228 for the 2006 through 2007 tax years.

3. Michigan Treasury filed a priority tax claim against debtor in the amount of $110,527.43 for unpaid single business taxes.

4. Section 3.1(d) of the Plan does not specify the payment of interest on Treasury's Priority Tax Claims at the applicable non-bankruptcy interest rate, as required by 11 U.S.C. § 511.

5. The exculpation and release provisions in Section 10.2 of the Plan improperly attempt to release debtors and non-debtor third parties, from their obligation to comply with state tax laws.

6. Section 10.4 improperly attempts to enjoin the State from collection of tax liabilities from non-debtors in violation of the Tax Injunction Act, 28 U.S.C.S. § 1341, and improperly attempts to enjoin Treasury's setoff rights.

### Request

7. Michigan Treasury respectfully requests that this honorable Court deny confirmation and grant such other relief as is just and reasonable.

### Basis for Objections

8. If the Priority Tax Claim is not paid on the Effective Date, 11 U.S.C. § 1129 requires Debtor make regular installment payments which include interest at the rate determined under applicable non-bankruptcy law. *See* 11 U.S.C. § 511. Treasury's current interest rate for bankruptcy tax claims is 4.25 %.

9. Exculpation and release provisions under Section 10.2 of the Plan should not apply to any violation of state statutes, including tax laws, pursuant to 28 U.S.C. §§ 959 and 960. The exception for state regulatory and police powers should also include state tax laws. Federal law requires that debtors in possession and trustees comply with all applicable laws in operating a business under Chapter 11. There is no authority for excusing compliance with the law, and violations of tax laws should be excepted from the exculpation and release provisions of Article 10.

10. Treasury objects to Article 10.4 or any other provision of the Plan, to the extent it may be interpreted as improperly enjoining all setoff rights, including those of tax creditors.

Setoff rights survive confirmation under 11 U.S.C. § 553. *In re Luongo*, 259 F.3d 323 (CA 5, 2001); *In re De Laurentiis Entertainment Group, Inc*, 963 F.2d 1269 (CA 9, 1992), *In re Continental Airlines*, 203 F.3d 536, 542 (CA 3, 1998). Tax creditors may object to any attempt to deprive them of setoff rights, which objection will preserve those rights. *In re Alta & Cast*, 2004 W.L. 484881 (Bankr. D. Del).

11.  Furthermore, to the extent Article 10.4 of the proposed Plan is an attempt to limit or enjoin the collection of tax debts due the State from non-debtors, the Article violates the Tax Injunction Act, 28 U.S.C.S. § 1341, which provides:

> The District Court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and effective remedy may be had in the courts of such state.

Michigan law provides remedies found to be "plain, speedy and efficient." *See Kistner v. Milliken*, 432 F. Supp. 1001 (E.D. Mich. 1977).

The Plan appears to provide releases and protection to non-debtors in excess of the Court's jurisdiction and offers no explanation or justification for such extraordinary relief. *See Monarch Life Ins Co v Ropes & Gray*, 65 F.3d 973, 983-84 (CA 1, 1995) (setting forth standards for issuance of injunctive relief protecting non-debtor parties from liability); *Resorts Int'l, Inc. v. Lowenschuss*, 67 F.3d 1394, 1401 (CA 9, 1995), *cert denied*, 517 US 1243 (1996); *Feld v Zale Corp (In re Zale Corp)*, 62 F3d 746, 761 (CA 5, 1995); *In re Western Real Estate Fund, Inc*, 922 F.2d 592, 601 (CA 10, 1991).

The Third Circuit has concluded that release and permanent injunction is inappropriate absent a conclusion, based on specific factual findings that such a release or injunction is fair and necessary to the reorganization *In re Continental Airlines*, 203 F.3d 203 (CA 3, 2000). In addition, the Courts of Appeal which have examined the interplay of the Bankruptcy code and

3

the Anti-Injunction Act, 26 USC 7421, a statute similar to the Tax Injunction Act but applicable to federal tax liabilities, have concluded that Bankruptcy Courts may not enjoin the collection of tax liabilities from responsible officers of corporate debtors. *See In re American Bicycle Association,* 895 F.2d 1277, 1279-80 (CA 9, 1990), *A to Z Welding & Mfg Co. v. United States,* 803 F.2d 932, 933 (CA 8, 1986), and *In re LaSalle Rolling Mills, Inc,* 832 F.2d 390, 394 (CA 7, 1987).

**WHEREFORE**, unless the Plan defects discussed above are cured, the State of Michigan Department of Treasury requests that this Court grant its objections and deny confirmation of the Plan.

Respectfully submitted,

Michael A. Cox
Attorney General

/s/Deborah Benedict Waldmeir
Deborah Benedict Waldmeir (P60869)
Assistant Attorney General
3030 W. Grand Blvd
Ste 10-200
Detroit, MI 48202
Telephone: (313) 456-0140
Fax: (313) 456-0141

Dated: May 26, 2010