## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br><br>**Hearing Date: June 23, 2010 at 9:30 a.m. ET**<br>**Objection Deadline: June 16, 2010 at 4 p.m. ET** |

### OMNIBUS MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move this Court (the "Motion") for entry of an order, pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Debtors to assume all executory contracts and unexpired leases to which any of the Debtors is a party and (ii) setting the cure amounts payable by the Debtors in connection therewith.  In support of this Motion, the Debtors respectfully state the following:

### STATUS OF THE CASE AND JURISDICTION

1.      On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On February 4, 2010, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2.      On April 27, 2010, the Court entered an order approving the Disclosure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300).  The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

Statement for the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (the "Disclosure Statement") [Docket No. 325]. The Debtors are currently soliciting votes on the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries, dated April 27, 2010 (the "Plan") [Docket No. 324]. The Court has scheduled a hearing for June 23, 2010 at 9:30 a.m. to consider confirmation of the Plan.

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On February 17, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in these chapter 11 cases.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

## BACKGROUND AND RELIEF REQUESTED

7.      Prior to the Petition Date, the Debtors entered into numerous contracts and leases to which they are still parties and which remain executory or unexpired within the meaning of section 365 of the Bankruptcy Code (the "Executory Contracts" and the "Unexpired Leases").

8.      Section 7.1 of the Plan provides that the Debtors will assume all of their Executory Contracts and Unexpired Leases unless an Executory Contract or Unexpired Lease (a) was previously assumed or rejected by the Debtors, (b) previously expired or terminated pursuant

2

to its own terms, or (c) is rejected by the Debtors after notice and a hearing.

9.     Since the Petition Date, as part of their on-going restructuring efforts, the Debtors have worked with their legal and financial advisors to identify which of the Executory Contracts and Unexpired Leases may be burdensome and/or no longer beneficial to the Debtors' estates, and which of the Executory Contracts and Unexpired Leases are expected to be necessary components of the Debtors' business operations going forward.

10.     As part of this process, the Debtors have determined, in an exercise of their sound business judgment, that none of the Executory Contracts and Unexpired Leases merit rejection under section 365 of the Bankruptcy Code. Accordingly, the Debtors respectfully request entry of an order authorizing the assumption of all Executory Contracts and Unexpired Leases, including, without limitation, those set forth in Exhibits A, B, and C[2] hereto (each, an "Assumed Contract" or "Assumed Lease," as applicable). The Debtors also request that any Executory Contract or Unexpired Lease to which any of the Debtors is a party, but which is not listed in Exhibits A through C, be deemed assumed by the Debtors on the Effective Date[3] of the Plan pursuant to Section 7.1 of the Plan. Exhibit C contains a list of Executory Contracts between the Debtors and their customers that the Debtors are seeking to assume. Due to the sensitive and proprietary nature of the Debtors' customer lists, the Debtors are separately seeking this Court's permission to file Exhibit C under seal. The Debtors will provide the counterparties to Executory Contracts set forth in Exhibit C hereto with a customized notice of this Motion. The Debtors

---

[2] The inclusion of any Executory Contract or Unexpired Lease in Exhibits A through C hereof shall not constitute an admission by the Debtors that such Executory Contract or Unexpired Lease constitutes an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve the right to remove any Executory Contract or Unexpired Lease from Exhibit A through C hereto prior to the hearing on this Motion.

[3] Capitalized terms used but not defined in this Motion shall have the meaning assigned to them in the Plan.

069152.1001

propose to assume the Assumed Contracts and Assumed Leases as of the Effective Date of the Plan (the "Assumption Effective Date").

11.    In an exercise of their sound business judgment, the Debtors have determined to assume all employment or severance agreements to which any of the Debtors is a party, including the employment or severance agreements for the members of the Debtors' senior management team.  This decision is consistent with the terms of Section 5.4(c) of the Plan, which provides that "all existing executive officers of the Debtors are currently expected to serve as officers of the Reorganized Debtors in their existing capacities from and after the Effective Date." Furthermore, the Debtors believe that all members of their management team have diligently performed their duties during the course of these chapter 11 cases and that their performance has been instrumental to the success of the Debtors' reorganization efforts.

12.    To comply with their cure requirements under section 365 of the Bankruptcy Code and Section 7.2 of the Plan, the Debtors propose paying each applicable counterparty to the Assumed Contracts and Assumed Leases the amounts set forth in the column entitled "Cure Amount" on Exhibit A (the "Cure Amount").  The Cure Amount set forth in Exhibit A reflects the Cure Amount owed with respect to the Assumed Contracts and Assumed Leases according to the Debtors' books and records as of the filing of this Motion, and shall be paid by the Debtors in cash on the Effective Date of the Plan or on such other terms as the parties to such Assumed Contracts and Assumed Leases may otherwise agree.

13.    To the extent the Debtors make payment on any of the Assumed Contracts and/or Assumed Leases on account of the Cure Amounts listed on Exhibit A prior to the Assumption Effective Date, the Debtors request authority to reduce the Cure Amount with respect to such Executory Contract and/or Unexpired Lease by the amount of such payment(s).  The

4

069152.1001

Debtors will continue to pay all undisputed amounts under the Assumed Contracts and Assumed Lease accruing on or after the Petition Date in the ordinary course of business.

14.     With respect to the Assumed Contracts and Assumed Leases listed in Exhibit B, C, and all other Executory Contracts and Unexpired Leases that may be assumed pursuant to Section 7.1 of the Plan, either (a) the Debtors are not in default under such Executory Contracts and Unexpired Leases and there are no associated cure amounts owing as of the Assumption Effective Date or (b) the counterparties to such Executory Contracts and Unexpired Leases have either (i) consensually waived all defaults, or (ii) otherwise agreed that there is no Cure Amount owing as of the Assumption Effective Date.  Accordingly, the Debtors propose to fix the Cure Amount at zero dollars for each Assumed Contract and Lease listed on Exhibit B, C, and all other Executory Contracts and Unexpired Leases that are assumed pursuant to the Plan.

14.     If any party objects to the Cure Amount for an Assumed Contract or Assumed Lease, or to the assumption thereof, such party must file an objection to this Motion (an "Assumption Objection") no later than **4:00 p.m. (ET) June 16, 2010** (the "Objection Deadline"). Each Assumption Objection must:

   a.     be in writing;

   b.     state with specificity the grounds for the objection, including, if applicable, the fully liquidated Cure Amount which such party believes is owed by the Debtors under section 365 of the Bankruptcy Code along with the specific nature and dates of any alleged defaults, the pecuniary losses resulting therefrom, and the conditions giving rise thereto;

   c.     include any supporting documentation; and

   d.     be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and be served so as to be actually received on or before the Objection Deadline by (i) counsel to the Debtors: Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, Attn: Bojan Guzina and Kerriann Mills; and Young Conaway Stargatt &

5

Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, Attn: Edmon L. Morton and Kenneth Enos.

15.     Notwithstanding anything to the contrary in any Assumed Contract or Assumed Lease, or any proof of claim that has been filed or may be filed by the applicable counterparty to an Assumed Contract and/or Assumed Lease, or any other document or instrument, if no Assumption Objection is timely received with respect to any Assumed Contract and/or Assumed Lease: (a) the Debtors request the authority to assume such Assumed Contract and/or Lease upon the occurrence of the Assumption Effective Date; (b) for those Assumed Contracts and Assumed Leases listed in Exhibit A, the Debtors request that the Cure Amount be fixed at the amount set forth in the relevant exhibit, subject to a reduction for any payment(s) the Debtors may have made prior to the Assumption Effective Date, notwithstanding anything to the contrary in any Assumed Contract or Assumed Lease, proof of claim (whether formal or informal) or any other document and instrument; (c) the Debtors request that the Cure Amount be fixed at zero for the Assumed Contracts and Unexpired Leases listed in Exhibits B and C and all other Executory Contracts and Unexpired Leases that may be assumed pursuant to Section 7.1 of the Plan, notwithstanding anything to the contrary in any Assumed Contract or Assumed Lease, or Executory Contract or Unexpired Lease, proof of claim (whether formal or informal) or any other document and instrument; and (d) the Debtors request that each counterparty to such Assumed Contract or Assumed Lease be forever barred from asserting any claims arising on or before the Assumption Effective Date against the Debtors, or their successors or assigns, in connection with or related to such Assumed Contract or Assumed Lease.

16.     Moreover, notwithstanding anything to the contrary in any Assumed Contract or Assumed Lease, on the Effective Date of the Plan, each Executory Contract and Unexpired Lease appearing in Exhibit A, B, or C that is assumed by the Debtors pursuant to this

6

Motion or the Plan shall be assigned, revest in, and be fully enforceable by the Reorganized

Debtors in accordance with the terms of the Plan. Each counterparty to an Executory Contract or

Unexpired Lease that is assumed pursuant to this Motion or the Plan which fails to file an

Assumption Objection shall be deemed to have consented to the assumption and assignment by

the Debtors of its applicable Executory Contract and/or Unexpired Lease.

17.     If a dispute arises regarding: (a) the Cure Amount; (b) the Debtors' ability

to provide adequate assurance of future performance under any Assumed Contract or Assumed

Lease; or (c) any other matter pertaining to assumption, then such Cure Amount shall be paid

following entry of a final order resolving the dispute and approving the assumption. Pending the

Bankruptcy Court's resolution of such a dispute or an Assumption Objection, the Executory

Contract or Unexpired Lease shall be deemed assumed by the Reorganized Debtors as of the

Assumption Effective Date unless otherwise ordered by the Bankruptcy Court.

18.     The Debtors reserve the right to modify any exhibit attached to this Motion

to, among other things, add or remove Executory Contracts and Unexpired Leases, or modify the

Cure Amount associated with any Assumed Contract or Assumed Lease, upon notice to the

parties to any Executory Contract or Unexpired Lease affected by such amendment, no later than

three (3) days prior to the hearing on this Motion. In the event that the hearing to consider

confirmation of the Plan, which is currently scheduled for June 23, 2010, is postponed or

otherwise adjourned, the Debtors reserve the right to adjourn the hearing on this Motion.

## BASIS FOR RELIEF REQUESTED

19.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a

debtor  in possession, "subject to the court's approval, may assume or reject any executory

contract or unexpired lease." 11. U.S.C. § 365(a) (2010). By enacting section 365(a) of the

7

Bankruptcy Code, Congress intended to allow a debtor to assume those contracts that benefit the estate and to reject those that are of no value or are burdensome to the estate. In re Whitcomb & Keller Mortgage Co., 715 F.2d 375, 379 (7th Cir. 1983); In re Sandman Assocs., 251 B.R. 473, 480 (D. Va. 2000) ("The authority granted by section 365 allows the trustee or debtor in possession to pick and choose among contracts, assuming those that are favorable and rejecting those that are not.").

        20.     It is well established in the Third Circuit, and in other jurisdictions, that decisions to assume or reject executory contracts or unexpired leases are matters within the "business judgment" of the debtor.  Sharon Steel Corp. v. Nat'l Fuel Gas Dist. Corp., 872 F.2d 36, 40 (3d Cir. 1989); NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984); In re G Survivor Corp., 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) ("In determining whether a debtor may be permitted to reject an executory contract, courts usually apply the business judgment test. Generally, absent a showing of bad faith, or an abuse of discretion, the debtor's business judgment will not be altered.") (internal citations omitted); In re Orion Pictures Corp., 4 F.3d 1095, 1099 (2d Cir. 1993), cert. dismissed 511 U.S. 1026 (1994).  Accordingly, courts approve the assumption or rejection of an executory contract or unexpired lease unless evidence is presented that the debtor's decision to assume or reject "was so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice."  In re Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986).  Indeed, to impose more exacting scrutiny would slow a debtor's reorganization, thereby increasing its cost and undermining the "Bankruptcy Code's provisions for private control" of the estate's administration.  Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir. 1986).

069152.1001

21.     Pursuant to section 365(b)(1) of the Bankruptcy Code, a debtor in

possession may not assume an executory contract or unexpired lease unless, at the time of

assumption, the debtor in possession:

(A)   cures, or provides adequate assurance that the trustee will promptly cure,
such default; other than a default that is a breach of a provision relating to
the satisfaction of any provision (other than a penalty rate or penalty
provision) relating to a default arising from any failure to perform
nonmonetary obligations under an expired lease of real property, if it is
impossible for the trustee to cure such default by performing nonmonetary
acts at and after the time of assumption, except that if such default arises
from a failure to operate in accordance with a nonresidential real property
lease, then such default shall be cured by performance at and after the time
of assumption in accordance with such lease, and pecuniary losses resulting
from such default shall be compensated in accordance with the provisions of
this paragraph;

(B)   compensates, or provides adequate assurance that the trustee will promptly
compensate, a party other than the debtor to such contract or lease, for any
actual or pecuniary loss to such party resulting from such default; and

(C)   provides adequate assurance of future performance under such contract or
lease.

11 U.S.C. § 365(b)(1)(A)-(C).  See also Cinicola v. Scharffenberger, 248 F.3d 110, 119 (3d Cir.

2001) (holding that section 365(b) of the Bankruptcy Code requires prompt cure of any default

under an unexpired lease before a debtor in possession may assume such lease); L.R.S.C. Co. v.

Rickel Home Ctrs., Inc. (In re Rickels Home Ctrs., Inc.), 209 F.3d 291, 298 (3d Cir. 2000)

(requiring a debtor in possession to cure defaults under lease agreement before assumption).

22.     The Debtors' decision to assume the Assumed Contracts and Assumed

Leases is supported by the Debtors' sound business judgment.  Since the Petition Date, the

Debtors have reviewed the Executory Contracts and Unexpired Leases to which they are a party

and have determined in their business judgment that the Assumed Contracts and Assumed Leases

are beneficial to the Debtors' ongoing reorganization efforts and are necessary to sustain

069152.1001

profitable business operations upon emergence from chapter 11. Furthermore, given that all

Holders of General Unsecured Claims will receive a 100% recovery under the Plan, the Debtors

do not believe that the potential economic benefits of rejecting any particular Executory Contract

or Unexpired Lease outweigh the likely burdens associated with such rejection.

    23. By this Motion, the Debtors also seek authorization to pay the Cure

Amounts set forth in Exhibit A to fully comply with the requirements of section 365(b) of the

Bankruptcy Code. The Debtors submit that they are substantially current on all post-petition

amounts owing under the Assumed Contracts and Assumed Leases. Further, the Debtors believe

that the Cure Amounts associated with the Assumed Contracts and Assumed Leases are relatively

minimal when compared to the size of the Debtors' estates and the benefits such contracts and

leases are expected to provide to the Debtors' business operations going forward. The Debtors

believe that paying any Cure Amounts associated with the Assumed Contracts and Assumed

Leases is necessary to their reorganization efforts.

    24. In light of the foregoing, the Debtors respectfully submit that assumption of

the Assumed Contracts and Assumed Leases is supported by the Debtors' sound business

judgment and is in the best interests of their estates and creditors.

## NOTICE

    25. Notice of this Motion and exhibits other than Exhibit C have been provided

to: (i) counsel to the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the

administrative agent for the Debtors' prepetition secured lenders; (iv) counsel to the agents for the

Debtors' post-petition lenders; (v) counsel to the ad hoc committee of holders of the 9.5% secured

notes; (vi) counsel to the holders of the 12.5% subordinated notes; (vii) counterparties to the

Assumed Contracts and Leases listed on Exhibits A through C; and (viii) those parties requesting

10

notice pursuant to Bankruptcy Rule 2002(i).  In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request entry of an order, in substantially the form attached hereto as Exhibit D, (i) authorizing the Debtors to assume the Assumed Contracts and the Assumed Leases, (ii) fixing Cure Amounts with respect thereto, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      June 8, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois  60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP


    /s/ Kenneth J. Enos
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

YCST01:9771022.1

069152.1001