# EXHIBIT D

**(Proposed Order)**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. _____** |

### ORDER AUTHORIZING THE ASSUMPTION
### OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the Motion[2] of the above-captioned Debtors for entry of an order authorizing the Debtors to (i) assume all Executory Contracts and Unexpired Leases to which any of the Debtors is a party and (ii) fixing cure amounts with respect thereto; and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) proper notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtors are authorized to assume the Executory Contracts and Unexpired Leases (the "Assumed Contracts" and "Assumed Leases") listed in Exhibits A

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

1

through C to the Motion pursuant to section 365(a) of the Bankruptcy Code, effective as of the Assumption Effective Date; and it is further

ORDERED, that any Executory Contract or Unexpired Lease to which any of the Debtors is a party, but which is not listed in Exhibits A through C, shall be deemed assumed by the Debtors on the Effective Date pursuant to Section 7.2 of the Plan; and it is further

ORDERED, that for those Assumed Contracts and Assumed Leases listed in Exhibit A to the Motion, the Cure Amounts shall be fixed in the amounts listed in the column entitled "Cure Amount" in Exhibit A to the Motion, subject to any payments the Debtors may have made prior to the Assumption Effective Date, and provided no other monetary or other default exists under such Assumed Contracts and Assumed Leases; and it is further

ORDERED, that for those Assumed Contracts and Assumed Leases listed in Exhibits B or C to the Motion and for all other Executory Contracts and Unexpired Leases assumed pursuant to the Plan, the Cure Amounts shall be fixed at zero; and it is further

ORDERED, that the inclusion of a Cure Amount in Exhibit A to the Motion does not constitute an admission by the Debtors of any default under any Assumed Contract or Assumed Lease; and it is further

ORDERED, that each non-debtor counterparty to the Assumed Contracts and Assumed Leases shall be forever barred from asserting any and all claims arising on or before the date of this Order against the Debtors, each of the Reorganized Debtors, or their respective successors or assigns, or any of their respective assets, with respect to such Assumed Contracts or Assumed Leases, subject to any pending Assumption Objection; and it is further

ORDERED, that notwithstanding anything to the contrary in any Assumed Contract or Assumed Lease, or any proof of claim (whether formal or informal) that has been

filed or may be filed by the applicable counterparty to an Assumed Contract or Assumed Lease, or any other document or instrument, subject to the resolution of any applicable Assumption Objection: (i) each counterparty to each Assumed Contract or Assumed Lease on <u>Exhibit A</u> shall be bound by and subject to, and shall be deemed to have consented to, the Cure Amounts, if any, proposed in the Motion and the exhibits thereto and the assumption by the Reorganized Debtors of its Assumed Contract or Assumed Lease, (ii) the Debtors shall be authorized to assume the Assumed Contracts or Assumed Leases upon the occurrence of the Assumption Effective Date, and (iii) the Debtors shall be authorized, pursuant to section 365 and the terms of the Plan, to take all reasonable and necessary steps to cause the applicable Assumed Contract or Assumed Lease to be assumed by and to revest in the Reorganized Debtors pursuant to the terms of the Plan and the Confirmation Order as of the Effective Date; and it is further

ORDERED, that the Debtors retain their rights, subject to appropriate notice and opportunity to object and Bankruptcy Court approval, to assign any of the Assumed Contracts and Assumed Leases pursuant to and in accordance with the requirements of section 365 of the Bankruptcy Code; and it is further

ORDERED, that in the event of a timely filed Assumption Objection regarding (a) the Cure Amount, or (b) the assumption of an Assumed Contract or Assumed Lease by the Debtors, payment of any such Cure Amount shall be made pursuant to any agreement resolving such Assumption Objection or following entry of a final order resolving such Assumption Objection; and it is further

ORDERED, that in the event an Assumption Objection remains unresolved as of the Effective Date, the applicable Assumed Contract or Assumed Lease shall be deemed assumed by the Debtors pending resolution of such Assumption Objection; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this order.

Dated: Wilmington, Delaware
_____ \_\_, 2010

                                                            _____
Honorable Mary F. Walrath
United States Bankruptcy Judge

YCST01:9771022.1     069152.1001