# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br><br>Hearing Date: June 23, 2010 at 9:30 a.m. ET<br>Objection Deadline: June 16, 2010 at 4 p.m. ET |

## MOTION OF THE DEBTORS FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE CERTAIN CUSTOMER INFORMATION UNDER SEAL AND (II) DIRECTING THAT SUCH CUSTOMER INFORMATION REMAIN CONFIDENTIAL

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move this Court (the "Motion") for entry of an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5003-1(b) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) authorizing the Debtors to file under seal a list of executory contracts between the Debtors and their respective customers (the "Customer Information"), and (ii) directing that such Customer Information remain under seal and confidential, and that it not be made available to any party other than the Court, the United States Trustee, and parties in interest who have executed confidentiality agreements acceptable to the Debtors. In support of this Motion, the Debtors respectfully state the following:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

## STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 4, 2010, the Court entered an order consolidating these chapter 11 cases for procedural purposes only.

2. On April 27, 2010, the Court entered an order approving the Disclosure Statement for the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (the "Disclosure Statement") [Docket No. 325]. The Debtors are currently soliciting votes on the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries, dated April 27, 2010 (the "Plan") [Docket No. 324]. The Court has scheduled a hearing for June 23, 2010 at 9:30 a.m. to consider confirmation of the Plan.

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On February 17, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in these chapter 11 cases.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 5003-3-1(b).

**RELIEF REQUESTED**

6.     By this Motion, the Debtors seek entry of an order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 5003-1(b), (i) authorizing the Debtors to file the Customer Information under seal and (ii) directing that the Customer Information remain under seal and confidential, and that it not be made available to any party other than the Court, the U.S. Trustee, and parties in interest who have executed confidentiality agreements acceptable to the Debtors.

7.     Concurrently with this Motion, the Debtors are filing the Omnibus Motion of the Debtors For An Order Authorizing the Assumption of Executory Contracts and Unexpired Leases (the "Assumption Motion"). Attached to the Assumption Motion as <u>Exhibit C</u> is a list of all executory contracts between the Debtors and their customers, which the Debtors are seeking to assume as of the Effective Date of the Plan. The identity of the customers listed in <u>Exhibit C</u> to the Assumption Motion is confidential and is not known to the Debtors' competitors, as it is common practice in the Debtors' industry to keep customer information private. Accordingly, the Debtors are seeking the authority to file the Customer Information under seal in order to prevent the disclosure of such information to the Debtors' competitors.

**BASIS FOR RELIEF**

8.     The Bankruptcy Code authorizes bankruptcy courts to issue orders to protect the debtor from the potential harm that may result from the disclosure of confidential information. Section 107(b) of the Bankruptcy Code provides, in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development or commercial information . . . ." 11 U.S.C. § 107(b)(1) (2010). Bankruptcy Rule 9018 defines the procedures pursuant to which a party may seek relief under section 107(b).

9. Cause exists for the Court to grant the relief the Debtors are requesting in this Motion. The Debtors consider the Customer Information to be proprietary and confidential. If the Customer Information were to become known to the Debtors' competitors, the Debtors may suffer a competitive disadvantage that could harm the Debtors' revenues. The Debtors believe that filing the Customer Information under seal would prevent their competitors from using such information to obtain an unfair business advantage over the Debtors.

10. For the foregoing reasons, the Debtors believe that filing the Customer Information under seal, as an exhibit to the Assumption Motion, is in the best interests of the Debtors, their estates and creditors, and all other parties in interest. The Debtors will make the Customer Information available to the U.S. Trustee, the Committee, and all other parties in interest that have executed confidentiality agreements acceptable to the Debtors.

## NOTICE

11. Notice of this Motion has been provided to: (i) counsel to the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent for the Debtors' prepetition secured lenders; (iv) counsel to the agents for the Debtors' post-petition lenders; (v) counsel to the ad hoc committee of holders of the 9.5% secured notes; (vi) counsel to the holders of the 12.5% subordinated notes; and (vii) those parties requesting notice pursuant to Bankruptcy Rule 2002(i). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as <u>Exhibit A</u> (i) authorizing the Debtors to file the Customer Information under seal; (ii) directing that the Customer Information remain under seal and confidential, and that it not be disclosed to any party other than the Court, the U.S. Trustee, and parties who have executed confidentiality agreements acceptable to the Debtors; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      June 8, 2010

Respectfully submitted,
SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Kenneth J. Enos*
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION