IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NEENAH ENTERPRISES, INC., *et al.* ) | |
| ) | Case No. 10-10360 (MFW) |
| ) | |
| Debtors. ) | Hearing Date: June 23, 2010 @ 9:30 a.m. |
| ) | Related Dkt. No. 495 |
| ) | |

**OBJECTION OF AIRGAS NORTH CENTRAL, INC. TO THE OMNIBUS MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Airgas, North Central, Inc. ("Airgas") objects to the Omnibus Motion of the Debtors for an Order Authorizing the Assumption of Executory Contracts and Unexpired Leases (the "Motion") and states as follows:

**Background**

1. Airgas is in the business of selling industrial gases, among other things.

2. On February 3, 2010, Neenah Enterprises, Inc. and related entities, including Neenah Foundry Company (the "Debtors") filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

3. Prior to the Petition Date, Airgas and Neenah Foundry Company entered into a Product Sale Agreement, pursuant to which, Airgas agreed to supply oxygen and nitrogen, among other things (the "Airgas Contract").

4. On June 8, 2010, the Debtors filed the Motion, in which they advised of their intent to assume certain contracts. The Motion identifies the Airgas Contract as a contract to be assumed and lists the cure amount on the Airgas Contract at "0".

5. Section 365(b)(1) of the Bankruptcy Code provides that if "there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract

or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default. . . ." 11 U.S.C. § 365(b)(1)(A). Airgas does not object to its contract being assumed, however, it does object to the cure amount set forth in the Motion.

6.    The Debtors owe Airgas $75,827 for post-petition invoices arising out of the Airgas Contract (Statements of invoices are attached as Ex. A). To the extent that the Debtors do not pay the continuing invoices in the ordinary course, those amounts too must be paid prior to assumption of the Airgas Contract.

WHEREFORE, Airgas requests that the Court deny any request to assume the Airgas Contract until the proper cure is paid and granting such other relief as the Court deems just.

Dated: June 10, 2010                SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (I.D. No. 2898)
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899
Telephone: 302-652-8400
Telecopy: 302-652-8405
E-mail: Kmiller@skfdelaware.com

Attorneys for Airgas North Central, Inc.