IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br>*Proposed* Hearing Date:  6/23/2010 at 9:30 a.m. (ET)<br>*Proposed* Objection Deadline:  6/21/2010 at 4:00 p.m. (ET) |

## MOTION OF CATERPILLAR INC. TO MODIFY
## THE AUTOMATIC STAY TO ALLOW FOR SETOFF

Caterpillar, Inc. ("**Caterpillar**"), by and through its undersigned attorneys, respectfully

submits this motion (the "**Motion**") to modify the automatic stay pursuant to sections 362(d) and

553 of title 11, United States Code (the "**Bankruptcy Code**") to allow Caterpillar to exercise

rights of set-off it has under that certain Steel Rebill Program Sales Agreement dated as of

December 10, 2009 (the "**Agreement**")[1], between Caterpillar and Mercer Forge Corporation

("**Mercer**") with respect to any: (a) prepetition amounts owed to Caterpillar by Mercer against

prepetition amounts owed to Mercer by Caterpillar under the Agreement; or (b) postpetition

amounts owed to Caterpillar by Mercer against postpetition amounts owed to Mercer by

Caterpillar under the Agreement.  In support of this Motion, Caterpillar respectfully states as

follows:

### JURISDICTION

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C.

§§ 157(b)(2)(A), (G) and (O). Venue of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1]      A true and correct copy of the Agreement is attached hereto as **Exhibit A**.  Capitalized
terms used but not defined herein have the meaning attributed to them in the Agreement.

1409. The statutory predicates for the relief requested herein are sections 362(d) and 553 of the Bankruptcy Code.

## **BACKGROUND**

2.        On Febuary 3, 2010 (the "**Petition Date**"), Mercer, along with its parent, Neenah Enterprises, Inc. ("**Neenah**"), and certain of its affiliates and subsidiaries (collectively with Mercer and Neenah, the "**Debtors**"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors' cases are being jointly administered under the Neenah case, which is known as Case No. 10-10360.

3.        Prior to the Petition Date, Caterpillar and Mercer entered into the Agreement, pursuant to which Caterpillar would purchase steel for Mercer (the "**Supplied Steel**"), pay the steel mill's or processor's invoice, and, after the steel mill or processor had shipped the steel to Mercer, bill Mercer for the steel supplied, in exchange for which Caterpillar agreed to purchase goods manufactured by Mercer from the supplied steel (the "**Mercer Goods**") for use in Caterpillar's products (as more particularly described  therein, the "**Program**").

4.        Pursuant to Section 3 of the Agreement, Caterpillar is entitled to set-off amounts payable by Caterpillar to Mercer for the Mercer Goods against amounts payable by Mercer to Caterpillar for the Supplied Steel.

5.        Prior to the Petition Date, pursuant to the Agreement, Caterpillar supplied Mercer with steel, and Mercer supplied Caterpillar with the Mercer Goods.  As of the Petition Date, Mercer owed Caterpillar $260,619.49 for the Supplied Steel (the "**Prepetition Claim**") and Caterpillar owed Mercer $251,367.35 for the unpaid purchase price of the Mercer Goods (the "**Prepetition Debt**").  Caterpillar, through this Motion, respectfully requests relief from the automatic stay to exercise its right pursuant to Section 3 of the Agreement to set-off the

1512639

Prepetition Claim against the Prepetition Debt.  Additionally, Caterpillar has continued to supply steel to Mercer under the Agreement.  As such, Caterpillar respectfully requests that the automatic stay be modified to allow Caterpillar to set-off any postpetition amounts that Caterpillar may owe Mercer under the Agreement against any postpetition amounts that Mercer may owe Caterpillar under the Agreement.

## DISCUSSION

6.    Section 362(a)(7) of the Bankruptcy Code provides that the filing of the Debtors' voluntary petitions operates as an automatic stay, applicable to all parties, against "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor."  Section 362(a)(7).  The automatic stay, however, does not defeat the right of setoff under the Bankruptcy Code.  A party may exercise its right to setoff in a bankruptcy proceeding but must first obtain relief from the automatic stay or obtain an order allowing setoff prior to exercising any right to setoff.  *See In re NTG Industries, Inc.*, 103 B.R. 195, 197 (Bankr. N.D. Ill. 1989).  By requiring a motion for relief from the stay to effect a setoff, section 362 creates a mechanism pursuant to which setoff can be subject to an orderly examination by the Court and the creditors of the estate.  *See Matter of Corland Corp.*, 967 F.2d 1069, 1076 (5th Cir. 1992).

7.    It is well-established that where, as here, the three requirements for exercising a right of setoff pursuant to section 553 of the Bankruptcy Code are satisfied, "cause" exists for modifying the automatic stay to permit such setoff rights to be exercised.  *See, e.g.*, *In re Nuclear Imaging Systems, Inc.*, 260 B.R. 724 (Bankr. E.D.Pa. 2000) (existence of mutual obligations subject to setoff constitutes sufficient "cause" to meet creditor's initial evidentiary burden in seeking relief from automatic stay); *In re Firestone*, 179 B.R. 148, 148 (D. Neb. 1995) (a right to setoff establishes a prima facie case of cause to lift the automatic stay); *In re Whitaker*, 173 B.R.

3

359, 361 (Bankr. S.D. Ohio 1994) (same); *United States v. Orlinski (In re Orlinski)*, 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991) (same); *Row Steel, Inc. v. Asphalt and Sealers Equip. Mfg. (In re Row Steel, Inc.)*, 33 B.R. 20, 23 (Bankr. E.D.N.C. 1983) (once creditor has moved to lift the stay and established the mutuality of debt necessary for set-off, it becomes the debtor's burden to show that cause to lift the stay does not exist); *In re Coleman*, 52 B.R. 1, 2 (Bankr. W.D. Ohio 1985) (if a right of setoff exists, "cause" exists to lift the automatic stay).  Pursuant to section 553 of the Bankruptcy Code, a right to setoff may be exercised when the creditor establishes that: (1) the debt and claim both arose prior to the commencement of the bankruptcy case or both arose subsequent to the commencement of the bankruptcy case; (2) the debt and claim are mutual obligations; and (3) a right to setoff exists under non-bankruptcy law. *In re Luongo*, 2001 WL 811766, at *3 (5th Cir. July 18, 2001), *In re Southern Indus. Banking Corp.*, 809 F.2d 329 (6th Cir. 1987); *In re Glenn*, 207 B.R. 418, 420 (E.D. Pa. 1997).  "[D]ebts are considered 'mutual' only when 'they are due to and from the same persons in the same capacity.'"  *In re SemCrude, L.P.*, 399 B.R. 388, 393 (Bankr. D. Del. 2009) *aff'd*, 08-11525, 2010 WL 1737103 (D. Del. Apr. 30, 2010) (citing *Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 149 (2d Cir.2002)).

8.     Applied to the circumstances present in this matter, it is clear that the three requirements for modifying the stay to permit an exercise of setoff rights are clearly satisfied. First, the  Prepetition Claim and Prepetition Debt both arose prepetition, and, likewise, any additional claims of Caterpillar and any additional debts owed to Mercer by Caterpillar arose postpetition, thereby satisfying the first requirement.  Second,  the Prepetition Claim is owed by Mercer to Caterpillar, whereas the Prepetition Debt is owed by Caterpillar to Mercer, satisfying the mutuality requirement.  Third, section 3 of the Agreement clearly authorizes Caterpillar to setoff amounts owed to it by Mercer for the Supplied Steel against amount Caterpillar owes to

4

Mercer for the Mercer Goods, thereby satisfying the third requirement.  As such, relief from the stay is appropriate to allow Caterpillar to exercise its right of set off.

## **CONFERENCE**

9.      Pursuant to local rule 4001-1(d), Caterpillar's counsel has conferred with counsel for the Debtors.  The Debtors' counsel has informed Caterpillar's counsel that the Debtors do not oppose the relief requested by this Motion but rather support entry of an order that will enable Caterpillar to exercise its setoff rights since, among other things, the exercise of such setoff rights will facilitate the Debtors' ongoing, expedited reorganization efforts.

1512639

## CONCLUSION

WHEREFORE, Caterpillar respectfully requests that this Court grant its Motion and any such further relief as may be appropriate under the circumstances.

Dated: June 10, 2010
Wilmington, Delaware

                    __/s/ Ericka F. Johnson_____
                    Steven K. Kortanek (Del. Bar No. 3106)
                    Ericka F. Johnson (Del Bar No. 5024)
                    Womble Carlyle Sandridge & Rice, PLLC
                    222 Delaware Avenue, Suite 1501
                    Wilmington, DE  19801
                    Ph: (302) 252-4363
                    Fax: (302) 661-7728
                    skortanek@wcsr.com
                    erjohnson@wcsr.com

                    - and -

                    MAYER BROWN LP
                    Craig Reimer, Esq. (*pro hac vice* admission pending)
                    Michael W. Ott, Esq. (*pro hac vice* admission pending)
                    71 South Wacker Drive
                    Chicago, IL  60606
                    Ph: 312-782-0600
                    Fax: 312-701-7711
                    creimer@mayerbrown.com
                    mott@mayerbrown.com

                    Co-Counsel to Caterpillar Inc.

6

1512639