**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEENAH ENTERPRISES, INC. et al., | ) | Case No. 10-10360 (MFW) |
| | ) | |
| Debtors. | ) | **Related D.I. No. 495** |
| | ) | |

**LIMITED OBJECTION OF EMPLOYERS INSURANCE COMPANY OF WAUSAU TO OMNIBUS MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE <u>ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

Employers Insurance Company of Wausau, on behalf of itself and its affiliates (collectively, "<u>Wausau</u>"), by and through its undersigned counsel, hereby files this limited objection (the "<u>Limited Objection</u>") to the Omnibus Motion of the Debtors For an Order Authorizing the Assumption of Executory Contracts and Unexpired Leases (the "<u>Motion</u>").

In support of its Limited Objection, Wausau respectfully states as follows:

1. During the period from approximately January 1, 2000, until January 1, 2010, Wausau provided workers' compensation and employers' liability and automobile insurance to the Debtors, subject to the terms, conditions, limitations and exclusions contained in certain insurance policies and related agreements (collectively, the "<u>Policies</u>"). Certain of the Policies provide that the amounts due thereunder are subject to change and are determined retrospectively on the basis of, among other things, loss experience and claims paid.

2. The Debtors' obligations to Wausau are secured by, among other things, certain letters of credit in the total amount of $1,275,000. Each of the Debtors are jointly and severally liable for the obligations that are owed to Wausau under the terms of the Policies.

3. On May 21, 2010, Wausau timely filed contingent and unliquidated partially secured proofs of claim (the "<u>Proofs of Claim</u>") against each of the Debtors' estates, which

76896 v1

claims arise under the Policies. While no amounts are presently due and owing under the Policies, Wausau anticipates that its claim against the Debtors' estates will substantially exceed the amount of the security represented by the letters of credit established in its favor.

4.  Pursuant to the Motion, the Debtors seek to assume all of their executory contracts and unexpired leases, whether or not such contracts or leases appear on the exhibits to the Motion. None of the Policies (or any other agreements between the Debtors and Wausau) are identified on those exhibits. Moreover, counsel to the Debtors has indicated to Wausau that the Debtors believe that the Policies are not executory contracts, and therefore are not subject to the Motion.

5.  Recognizing that there is a divergence of authority as to whether contracts like the Policies are executory, Wausau, out of an abundance of caution, objects to the Motion to the extent that it does apply to the Policies.

6.  As a condition to assuming the Policies, the Debtors would be required to cure all defaults and to provide adequate assurance of future performance thereunder. 11 U.S.C. §§ 365(b). While there are no liquidated amounts presently due and owing that would mandate a cure payment, the Debtors have not provided adequate assurance of performance under the Policies, particularly in light of the fact that future losses are likely to exceed the amount of the letters of credit. At a minimum, as adequate assurance Wausau is entitled to withhold any credits that may be due in connection with the Policies until such time as those credits are, in the ordinary course, either offset by corresponding obligations of the Debtors or returned to the Debtors in accordance with the terms of the Policies.

## RESERVATION OF RIGHTS

7. Wausau hereby reserves all of its rights under the Policies and applicable law, including but not limited to its right to seek additional security from the Debtors in accordance with the terms of the Policies. Nothing contained herein shall operate as a waiver of Wausau's various rights, claims, remedies and defenses against the Debtors, including, without limitation, its right to assert and/or effect rights of recoupment and/or setoff.

**WHEREFORE**, Wausau respectfully requests that any order granting the Motion, to the extent the Motion is deemed to apply to the Policies, condition the assumption of the Policies on the provision of adequate assurance of future performance as described herein.

**EMPLOYERS INSURANCE COMPANY OF WAUSAU,**

By its attorneys,

Dated: June 18, 2010

*/s/ R. Karl Hill*
R. Karl Hill, Esq. (DE# 2747)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware  19899
Tel.:  (302) 888-0600
Fax:  (302) 888-0606

-and-

Douglas R. Gooding
Eleanor P. Williams
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000

76896 v1