**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br><br>Hearing Date: N/A<br>Objection Deadline: N/A |

**MOTION PURSUANT TO LOCAL RULE 9006-1(e) FOR AN ORDER
(A) SCHEDULING AN EXPEDITED HEARING ON THE MOTION OF THE
DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO (I) REIMBURSE
ALL REASONABLE AND DOCUMENTED FEES AND EXPENSES INCURRED BY
EXIT FINANCING LENDERS AND (II) PROVIDE RELATED INDEMNITIES AND (B)
SHORTENING THE TIME FOR NOTICE OF SUCH HEARING**

The above-captioned debtors and debtors in possession (the "Debtors") hereby move this Court (the "Motion to Shorten") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Procedure (the "Local Rules"), (A) scheduling an expedited hearing on the concurrently-filed Motion of the Debtors for an Order Authorizing the Debtors to (I) Reimburse all Reasonable and Documented Fees and Expenses Incurred By the Exit Financing Lenders and (II) Provide Related Indemnities (the "Motion")[2] and (B) shortening the time for notice of such hearing. The Debtors respectfully request that the Court hear the Motion at the omnibus hearing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Unless otherwise defined herein, all capitalized terms have the meanings assigned to such terms in the Motion.

YCST01:9814731.2    069152.1001

Docket No. 553
Date Filed 6/18/10

previously scheduled for June 23, 2010 at 9:30 a.m. (Eastern Time), and that responses or objections to the relief requested be heard at the hearing. In support of this Motion to Shorten, the Debtors respectfully state as follows:

1. On April 27, 2010, the Court entered an order approving the Disclosure Statement for the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (the "Disclosure Statement") [Docket No. 325]. The Debtors are currently soliciting votes on the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries, dated April 27, 2010 (the "Plan") [Docket No. 324]. The hearing to consider confirmation of the Plan (the "Confirmation Hearing") was originally scheduled for June 23, 2010 at 9:30 a.m. (Eastern Time). On June 18, 2010, at the request of the Debtors, the Court entered an order [Docket No. 547] continuing the Confirmation Hearing to July 6, 2010 at 11:30 a.m. (Eastern Time).

2. The Plan provides for the Reorganized Debtors to enter into the Exit Term Loan Facility[3] and the Exit Revolving Facility (collectively, the "Exit Facilities") on the Effective Date.[4] The Debtors have worked diligently to negotiate the Exit Facilities as the Exit Facilities are a key element in the Debtors' contemplated restructuring.

3. After examining their options, and following consultation with the Ad Hoc Committee of Secured Noteholders, the Debtors have decided to (i) pursue a commitment from Bank of America (the "Exit Revolving Facility Lender") to provide the Exit Revolving Facility in a principal amount of up to $75,000,000 and (ii) pursue a commitment from GoldenTree Asset Management LP and MacKay Shields LLC (not in their individual capacities

---

[3] Capitalized terms used but not defined in this Motion have the meaning assigned to such terms in the Plan.

[4] Section 5.8 of the Plan specifically provides that, on the Effective Date, the Reorganized Debtors shall be authorized and directed to enter into the Exit Term Loan Facility Documentation and the Exit Revolving Facility Documentation and to execute all other necessary and appropriate documentation in connection with the Exit Facilities.

but on behalf of certain funds and/or accounts that they manage or advise) (the "Exit Term Loan Lenders" and, together with the Exit Revolving Facility Lender, the "Exit Lenders") to provide the Exit Term Loan Facility in a principal amount of up to $60,000,000. The Debtors and the Exit Lenders, with the assistance of their respective legal and financial advisors, are in the process of negotiating detailed term sheets, commitment letters, and fee letters for the Exit Facilities. By the Motion, the Debtors seek the authority, pursuant to sections 105(a), 363(b) and 503(b) of the Bankruptcy Code, to (i) reimburse all reasonable and documented out-of-pocket fees, costs and expenses (including, without limitation, the reasonable fees and disbursements of counsel and other professionals) incurred by the Exit Lenders in connection with the preparation of the Exit Term Loan Facility Documentation and the Exit Revolving Facility Documentation and (ii) provide related indemnities to the Exit Lenders.

4. Pursuant to Local Rule 9006-1(e), the notice period for a motion may be shortened by order of the Court upon written motion "specifying the exigencies supporting shortened notice." Del. Bankr. L.R. 9006-1(e). The Debtors submit that sufficient cause exists to justify shortening the notice period for the hearing on the Motion. Approval of the requested relief will allow the Exit Lenders to prepare the definitive documentation for the Exit Facilities prior to the Confirmation Hearing. It is therefore necessary for the Motion to be considered on shortened notice so that the Debtors are able to maintain the current confirmation and emergence timeline. Moreover, the Debtors are aware of the Court's schedule through the Confirmation Hearing and the Debtors' previously scheduled hearing on June 23, 2010 appears to be the only feasible time for the Motion to be heard prior to the Confirmation Hearing.

5. Accordingly, the Debtors respectfully request that the Court permit the relief requested in the Motion to be considered at the previously scheduled hearing on June 23,

2010. The Debtors further request that responses or objections to the relief requested in the Motion be heard at the hearing.

    6.  To ensure that all parties receive notice of this Motion to Shorten and the Motion as soon as possible, the Debtors shall serve this Motion to Shorten, the Motion, and any order granting the relief requested in this Motion to Shorten and the Motion via overnight or hand delivery on: (i) counsel to the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent for the Debtors' prepetition secured lenders; (iv) counsel to the agents for the Debtors' post-petition lenders; (v) counsel to the Ad Hoc Committee of Secured Noteholders; (vi) counsel to the Subordinated Noteholders; and (vii) those parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).

WHEREFORE, the Debtors respectfully request the entry of an order, in substantially the form attached hereto as Exhibit A, (i) granting the relief requested in this Motion to Shorten and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
June 18, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

- and -

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert S. Brady*

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Morgan L. Seward (No. 5388)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION