# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket No.: 552 |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b) AND 503(b) AUTHORIZING THE DEBTORS TO (I) REIMBURSE THE REASONABLE AND DOCUMENTED FEES AND EXPENSES INCURRED BY THE EXIT FINANCING LENDERS AND (II) PROVIDE RELATED INDEMNITIES

Upon the Motion[2] of the above-captioned Debtors for entry of an order pursuant to sections 105(a), 363(b), and 503(b) of the Bankruptcy Code, authorizing the Debtors to (i) reimburse the reasonable and documented out-of-pocket fees, costs and expenses (including, without limitation, the reasonable fees and disbursements of counsel and other professionals), incurred by the Exit Lenders in connection with (a) the preparation, negotiation, execution and delivery of commitment letters, term sheets, and any and all documentation for the Exit Facilities; and (ii) provide related indemnities to the Exit Lenders; and the Debtors having modified the relief requested in the Motion following consultation with counsel for the Committee and counsel for the Exit Lenders; and upon consideration of the Motion and all pleadings relating thereto; and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

U.S.C. § 157(b)(2), and (c) proper notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and it appearing that the relief requested therein is in the best interest of the Debtors, their estates and creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted on the terms set forth herein; and it is further

ORDERED, that the Expense Reimbursement and Indemnity Provisions are hereby approved and shall be binding on the Debtors; provided, however, that (i) absent further order of this Court, the reasonable and documented out-of-pocket fees, costs and expenses (including, without limitation, the reasonable fees and disbursements of counsel and other professionals) incurred through the date of confirmation of the Plan in connection with the preparation, negotiation, execution and delivery of commitment letters, term sheets, and any and all documentation for the Exit Facilities by (a) Bank of America shall not exceed $250,000 in the aggregate (excluding the fees, costs and expenses payable to Hilco Appraisal Services, LLC or an affiliate thereof in connection with certain appraisals of the Debtors' assets) and (b) the Exit Term Loan Lenders and the Exit Term Loan Agent shall not exceed $250,000 in the aggregate, without prejudice to the Debtors' ability to seek the authority to reimburse additional out-of-pocket fees, costs and expenses incurred by the Exit Lenders, and without prejudice to the Exit Lenders' ability to seek the reimbursement of such additional out-of-pocket fees, costs and expenses pursuant to any applicable provision of the Bankruptcy Code; and (ii) notwithstanding anything in the Motion to the contrary, such out-of-pocket fees, costs and expenses shall be payable by the Debtors no later than five (5) business days after the Debtors' receipt of a written

payment request from the applicable Exit Lender, which requests shall be provided to the Committee promptly upon receipt by the Debtors; and it is further

ORDERED, that the Debtors are authorized and directed to perform all of their obligations under the Expense Reimbursement and Indemnity Provisions, as modified herein; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this order.

Dated: Wilmington, Delaware
June 23, 2010

_____
Honorable Mary F. Walrath
United States Bankruptcy Judge

YCST01:9820804.4  069152.1001