# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: July 6, 2010 at 11:30 a.m. (ET)<br>Objection Deadline: July 2, 2010 at 12:00 p.m. (ET) |

## MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE FILING UNDER SEAL OF CERTAIN FEE LETTERS RELATING TO THE DEBTORS' PROPOSED EXIT FINANCING FACILITIES

The debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the filing under seal of certain fee letters relating to the Debtors' proposed exit financing facilities. In support of this Motion, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 4, 2010, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

2. On February 12, 2010, the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the requested relief are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## BACKGROUND TO THE MOTION

4. On April 27, 2010, the Court entered an order approving the Disclosure Statement for the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (the "Disclosure Statement") [Docket No. 325]. The Debtors are currently soliciting votes on the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries, dated April 27, 2010 (the "Plan") [Docket No. 324]. The hearing to consider confirmation of the Plan (the "Confirmation Hearing") was originally scheduled for June 23, 2010 at 9:30 a.m. (Eastern Time). On June 18, 2010, at the request of the Debtors, the Court entered an order [Docket No. 547] continuing the Confirmation Hearing to July 6, 2010 at 11:30 a.m. (Eastern Time).

5. The Plan provides for the Reorganized Debtors to enter into the Exit Term Loan Facility[2] and the Exit Revolving Facility (collectively, the "Exit Facilities") on the Effective Date.[3] The Exit Facilities are a key element of the restructuring contemplated by the Plan and will, among other things, allow the Reorganized Debtors to repay the DIP Term Facility

---

[2] Capitalized terms used but not defined in this Motion have the meaning assigned to such terms in the Plan.

[3] Section 5.8 of the Plan specifically provides that, on the Effective Date, the Reorganized Debtors shall be authorized and directed to enter into the Exit Term Loan Facility Documentation and the Exit Revolving Facility Documentation and to execute all other necessary and appropriate documentation in connection with the Exit Facilities.

2

and the DIP Revolving Facility on the Effective Date, make cash distributions under the Plan and pay administrative expenses, and fund their business operations after the Effective Date.

6. The Debtors filed the Plan Supplement on June 25, 2010 [Docket No. 578]. Included in the Plan Supplement were (i) the commitment letter and term sheet for the Exit Revolving Facility (the "Exit Revolving Facility Commitment Documents") and (ii) the commitment letter and term sheet for the Exit Term Loan Facility (the "Exit Term Loan Commitment Documents" and, collectively with the Exit Revolving Facility Commitment Documents, the "Exit Facility Commitment Documents"). The Exit Revolving Facility Commitment Documents provide that Bank of America, N.A. (the "Exit Revolving Facility Agent") shall serve as the sole administrative agent for the lenders under the Exit Revolving Facility (the "Exit Revolving Facility Lenders"). The Exit Term Loan Facility Commitment Documents provide that Wilmington Trust FSB (the "Exit Term Loan Agent" and, collectively with the Exit Revolving Facility Agent, the "Exit Agents") shall serve as the sole administrative agent for the lenders under the Exit Term Loan Facility (the "Exit Term Loan Facility Lenders" and, collectively with the Exit Revolving Facility Lenders, the "Exit Lenders").

7. In consideration for the commitments and undertakings of the Exit Lenders and the Exit Agents under the Exit Facility Commitment Documents, the Debtors have agreed, subject to this Court's approval, to pay certain fees and expenses to the Exit Lenders and the Exit Agents. Specifically, the Debtors have agreed, subject to this Court's approval, to pay the fees and expenses set forth in (i) a fee letter to be executed by the Debtors and the Exit Revolving Facility Agent (the "Exit Revolving Facility Agent Fee Letter"); (ii) a fee letter to be executed by the Debtors and the Exit Revolving Facility Lenders (the "Exit Revolving Facility Commitment Fee Letter"); (iii) a fee letter to be executed by the Debtors and the Exit Term Loan

3

Agent (the "Exit Term Loan Agent Fee Letter"); and (iv) a fee letter to be executed by the Debtors and the Exit Term Loan Facility Lenders (the "Exit Term Loan Commitment Fee Letter" and, collectively with the Exit Revolving Facility Agent Fee Letter, the Exit Revolving Facility Commitment Fee Letter, and the Exit Term Loan Agent Fee Letter, the "Exit Facility Fee Letters").

## RELIEF REQUESTED

8. Pursuant to the terms of the Exit Facility Commitment Documents and the Exit Facility Fee Letters themselves, the Debtors have agreed to keep the terms of the Exit Facility Fee Letters confidential. Maintaining the confidential nature of the Exit Facility Fee Letters is a condition of the Exit Lenders' commitment to provide the Exit Facilities to the Debtors. Accordingly, the Debtors respectfully request entry of an order, in substantially the form attached hereto as Exhibit A, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b), authorizing the Debtors to file the Exit Facility Fee Letters under seal. The Debtors will disclose the Exit Facility Fee Letters on a confidential basis to counsel for the U.S. Trustee and counsel for the Committee.

## BASIS FOR RELIEF

9. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Exit Facility Fee Letters under seal. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (2010).

10. Bankruptcy Rule 9018 sets forth the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, as follows:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018 (2010).

11. Once the Court determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Court, "the court is required to protect a requesting interested party and has no discretion to deny the application. Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (finding the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Courts have also stated that commercial information need not rise to the level of a trade secret in order to be protected under section 107(b) of the Bankruptcy Code. See Orion, 21 F.3d at 28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

12.     The Debtors submit that sufficient cause exists for this Court to grant the relief requested herein. The Debtors are informed that the Exit Facility Fee Letters contain certain terms that the Exit Lenders and the Exit Agents consider to be proprietary and confidential. For this reason, the Debtors believe that the Exit Facility Fee Letters contain commercial information that is entitled to protection under section 107(b) of the Bankruptcy Code. More importantly, maintaining the confidential nature of the Exit Facility Fee Letters is an essential condition to the Exit Lenders' commitment to provide the Exit Facilities to the Debtors. For these reasons, the Debtors request that the Court grant the relief requested in this Motion.

## NOTICE

13.     The Debtors will provide notice of this Motion to: (i) counsel to the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Prepetition Agent and the DIP Revolving Facility Agent; (iv) counsel to the DIP Term Facility Agent; (v) counsel to the Ad Hoc Committee of Secured Noteholders; (vi) counsel to the Subordinated Noteholders; and (vii) those parties requesting notice pursuant to Bankruptcy Rule 2002(i). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as Exhibit A, (a) authorizing the Debtors to file the Exit Facility Fee Letters under seal; and (b) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
June 29, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Brett H. Myrick
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

- and -

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION