UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br><br>**Hearing Date: N/A**<br>**Objection Deadline: N/A** |

**MOTION PURSUANT TO LOCAL RULE 9006-1(e) FOR AN ORDER (A) SCHEDULING AN EXPEDITED HEARING ON THE MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE FILING UNDER SEAL OF CERTAIN FEE LETTERS RELATING TO THE DEBTORS' PROPOSED EXIT FINANCING FACILITIES AND (B) SHORTENING THE TIME FOR NOTICE OF SUCH HEARING**

The above-captioned debtors and debtors in possession (the "Debtors") hereby move this Court (the "Motion to Shorten") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Procedure (the "Local Rules"), (A) scheduling an expedited hearing on the Motion of the Debtors for an Order Authorizing the Filing Under Seal of Certain Fee Letters Relating to the Debtors' Proposed Exit Financing Facilities (the "Motion"),[2] and (B) shortening the time for notice of such hearing. The Debtors respectfully request that the Court consider approval of the Motion during the Confirmation Hearing scheduled for July 6, 2010 at 11:30 a.m. (Eastern

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined in this Motion have the meaning assigned to such terms in the Motion or the Plan (as defined herein), as applicable.

Time), and that responses or objections to the relief requested in the Motion be due no later than 12:00 p.m. (Eastern Time) on July 2, 2010. In support of this Motion to Shorten, the Debtors respectfully state as follows:

1. On April 27, 2010, the Court entered an order approving the Disclosure Statement for the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (the "Disclosure Statement") [Docket No. 325]. The Debtors are currently soliciting votes on the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries, dated April 27, 2010 (the "Plan") [Docket No. 324]. The hearing to consider confirmation of the Plan (the "Confirmation Hearing") was originally scheduled for June 23, 2010 at 9:30 a.m. (Eastern Time). On June 18, 2010, at the request of the Debtors, the Court entered an order [Docket No. 547] continuing the Confirmation Hearing to July 6, 2010 at 11:30 a.m. (Eastern Time).

2. The Plan provides for the Reorganized Debtors to enter into the Exit Term Loan Facility and the Exit Revolving Facility (collectively, the "Exit Facilities") on the Effective Date.[3] The Debtors have worked diligently to negotiate the Exit Facilities as the Exit Facilities are a key element in the Debtors' contemplated restructuring.

3. The Debtors filed the Plan Supplement on June 25, 2010 [Docket No. 578]. Included in the Plan Supplement were (i) the commitment letter and term sheet for the Exit Revolving Facility (the "Exit Revolving Facility Commitment Documents") and (ii) the commitment letter and term sheet for the Exit Term Loan Facility (the "Exit Term Loan Commitment Documents" and, collectively with the Exit Revolving Facility Commitment Documents, the "Exit Facility Commitment Documents"). The Exit Revolving Facility

---

[3] Section 5.8 of the Plan specifically provides that, on the Effective Date, the Reorganized Debtors shall be authorized and directed to enter into the Exit Term Loan Facility Documentation and the Exit Revolving Facility Documentation and to execute all other necessary and appropriate documentation in connection with the Exit Facilities.

2

Commitment Documents provide that Bank of America, N.A. (the "Exit Revolving Facility Agent") shall serve as the sole administrative agent for the lenders under the Exit Revolving Facility (the "Exit Revolving Facility Lenders"). The Exit Term Loan Facility Commitment Documents provide that Wilmington Trust FSB (the "Exit Term Loan Agent" and, collectively with the Exit Revolving Facility Agent, the "Exit Agents") shall serve as the sole administrative agent for the lenders under the Exit Term Loan Facility (the "Exit Term Loan Facility Lenders" and, collectively with the Exit Revolving Facility Lenders, the "Exit Lenders").

4. In consideration for the commitments and undertakings of the Exit Lenders and the Exit Agents under the Exit Facility Commitment Documents, the Debtors have agreed, subject to this Court's approval, to pay certain fees and expenses to the Exit Lenders and the Exit Agents. Specifically, the Debtors have agreed, subject to this Court's approval, to pay the fees and expenses set forth in (i) a fee letter to be executed by the Debtors and the Exit Revolving Facility Agent (the "Exit Revolving Facility Agent Fee Letter"); (ii) a fee letter to be executed by the Debtors and the Exit Revolving Facility Lenders (the "Exit Revolving Facility Commitment Fee Letter"); (iii) a fee letter to be executed by the Debtors and the Exit Term Loan Agent (the "Exit Term Loan Agent Fee Letter"); and (iv) a fee letter to be executed by the Debtors and the Exit Term Loan Facility Lenders (the "Exit Term Loan Commitment Fee Letter" and, collectively with the Exit Revolving Facility Agent Fee Letter, the Exit Revolving Facility Commitment Fee Letter, and the Exit Term Loan Agent Fee Letter, the "Exit Facility Fee Letters"). By the Motion, the Debtors seek entry of an order pursuant to section 107(b) of the

Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b), authorizing the Debtors to file the Exit Facility Fee Letters under seal.[4]

5. Pursuant to Local Rule 9006-1(e), the notice period for a motion may be shortened by order of the Court upon written motion "specifying the exigencies supporting shortened notice." Del. Bankr. L.R. 9006-1(e). The Debtors believe sufficient cause exists to justify shortening the notice period for the hearing on the Motion. Maintaining the confidential nature of the Exit Facility Fee Letters is a condition of the Exit Lenders' commitment to provide the Exit Facilities to the Debtors. It is therefore necessary for the Motion to be considered on shortened notice so that the relief requested therein may be considered at the Confirmation Hearing, which will enable the Debtors to maintain the current confirmation and emergence timeline.

6. Accordingly, the Debtors respectfully request that the Court consider the relief requested in the Motion during the Confirmation Hearing scheduled for July 6, 2010 at 11:30 a.m. (Eastern Time). The Debtors further request that responses or objections to the relief requested in the Motion be filed and served on the Debtors by July 2, 2010 at 12:00 p.m. (Eastern Time).

7. To ensure that all parties receive notice of this Motion to Shorten and the Motion as soon as possible, the Debtors shall serve this Motion to Shorten, the Motion, and any order granting the relief requested in this Motion to Shorten via overnight or hand delivery on: (i) counsel to the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Prepetition Agent and the DIP Revolving Facility Agent; (iv) counsel to the DIP Term Facility Agent; (v) counsel

---

[4] As noted in the Motion, the Debtors will disclose the Exit Facility Fee Letters on a confidential basis to counsel for the U.S. Trustee and counsel for the Committee.

to the Ad Hoc Committee of Secured Noteholders; (vi) counsel to the Subordinated Noteholders; and (vii) those parties requesting notice pursuant to Bankruptcy Rule 2002(i).

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as <u>Exhibit A</u>, (i) granting the relief requested in this Motion to Shorten and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
June 29, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Brett H. Myrick
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

- and -

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION