# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br><br>**Ref. Docket No. 324** |

### AFFIDAVIT OF STEPHEN J. ANTINELLI IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES

STATE OF NEW YORK       )
                        :   ss.:
COUNT OF NEW YORK       )

Stephen J. Antinelli, being duly sworn, deposes and states:

1. I am over the age of 18 and competent to testify. I am a Managing Director of the investment banking firm Rothschild Inc. ("Rothschild"), which has an office located at 1251 Avenue of the Americas, New York, New York 10020.

2. I submit this affidavit (the "Affidavit") in support of confirmation of the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries [Docket No. 324] (as the same may be amended, supplemented or modified, the "Plan").[2] Except as otherwise

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used but not defined in this Affidavit have the meaning assigned to such terms in the Plan.

indicated herein, I have personal knowledge of the facts stated in this Affidavit. If I were called to testify, I could and would testify competently to the facts stated herein.[3]

3. The above-captioned Debtors have retained Rothschild as their financial advisor and investment banker, effective as of the Petition Date, pursuant to an order the Bankruptcy Court entered on or about March 8, 2010 [Docket No. 144].

4. Rothschild is a member of one of the world's leading independent investment banking groups, with more than forty (40) offices in more than thirty (30) countries. Rothschild has expertise in domestic and cross-border restructurings, mergers and acquisitions, new capital raises and other financial advisory services, and with particular experience in providing high-quality financial advisory services to financially troubled companies. Rothschild is an experienced bankruptcy and restructuring advisor to debtors, bondholders, creditors' committees, single creditor classes, and secured creditors in a variety of industries. Rothschild is highly qualified to advise on strategic alternatives and its professionals have extensive experience in deals involving complex financial and operating restructurings. Rothschild is a member of the Financial Industry Regulatory Authority and the Securities Investor Protection Corporation.

5. The Debtors engaged Rothschild to provide a variety of financial advisory and investment banking services during these Chapter 11 Cases. In addition, prior to the Petition Date, Rothschild provided a variety of services to the Debtors in connection with the Debtors' restructuring efforts, such as conducting an extensive out-of-court financing effort, conducting extensive negotiations with various parties in interest, discussing various recapitalization alternatives with key stakeholders, negotiating the terms of the Debtors' post-petition financing facilities, negotiating the terms of the Plan, and providing additional investment banking services

---

[3] Certain of the disclosures set forth herein relate to matters within the knowledge of other employees at Rothschild and are based on information they have provided to me.

in preparation for the filing of these Chapter 11 Cases. As a result, Rothschild has developed a reserve of institutional knowledge related to, and an intimate understanding of, the Debtors' business operations, capital structure, creditors, and other material information.

6. I have been a principal member of the Rothschild team working with the Debtors since prior to the Petition Date. I joined Rothschild in January 2009 and have over fifteen years of investment banking experience. Prior to joining Rothschild, I was a Managing Director at Conway, Del Genio, Gries & Co. ("CDG"). Prior to joining CDG, I was a Senior Manager in Ernst & Young's Corporate Finance group. I received a B.S. from University of Notre Dame and a Masters of Business Administration from Boston College, Carroll Graduate School of Management.

7. I have received no direct compensation from the Debtors in connection with the preparation of this Affidavit. I am compensated directly by Rothschild, which is compensated by the Debtors pursuant to applicable provisions of the Bankruptcy Code.

8. As financial advisors and investment bankers for the Debtors, other Rothschild professionals and I have worked closely with the Debtors' management, financial and accounting staff, and other professionals and have become well-acquainted with the Debtors' businesses and financial affairs. In addition, other Rothschild professionals and I have assisted the Debtors in negotiating the terms of the Plan Term Sheet, the Lock-Up Agreement, the Plan, the Exit Revolving Facility, the Exit Term Loan Facility, the New Secured Notes, the issuance of the New Common Stock and the New Warrants, and other potential financing options.

**PROJECTED FINANCIAL INFORMATION**

9. In connection with the development of the Plan, and for purposes of determining, among other things, whether the Plan satisfies the feasibility standards under

section 1129(a)(11) of the Bankruptcy Code, the Debtors developed a business plan and prepared financial projections (the "Projections"), in the form of Exhibit D to the Disclosure Statement, for the period beginning July 1, 2010 through September 30, 2014 (the "Projection Period"). Following the Bankruptcy Court's approval of the Disclosure Statement, the Debtors updated the Projections to reflect the Debtors' projected income tax liabilities during the Projection Period (the "Updated Projections") and filed the Updated Projections with the Bankruptcy Court on May 6, 2010 [Docket No. 368]. The Updated Projections are premised on numerous assumptions, which are described in detail in the Disclosure Statement.

10. I understand that the Debtors prepared the Updated Projections based upon, among other things, the anticipated future financial condition and results of operations of the Debtors and the Reorganized Debtors. I also understand that the Updated Projections are based on forecasts of key economic variables and may be significantly impacted by, among other factors, changes in the economic and competitive environment, regulatory changes, and/or a variety of other factors, including those factors that are specifically identified in the Plan and the Disclosure Statement. Accordingly, the Debtors believe, and I concur, that the estimates and assumptions underlying the Updated Projections are inherently uncertain and are subject to significant business, economic, and competitive uncertainties.

11. Although the Debtors prepared the Updated Projections, Rothschild has expended significant time and resources to understand and analyze the Debtors' business, including its historical and potential future financial performance. In preparing the Updated Projections, the Debtors' management informed us that it considered, among other things, (a) the Debtors' historical and recent operating performance; (b) the Debtors' opportunities to improve manufacturing processes and operational efficiency and reduce costs; (c) the Debtors' ability to

increase business with existing customers and acquire new customers in the foundry market; and (d) sourcing initiatives and potential distribution channel enhancements.  Based on the information provided to us by the Debtors, current general business and economic conditions, and current conditions in the foundry industry, nothing has come to the attention of the Rothschild professionals working on this engagement to lead us to conclude that the Updated Projections are (a) unreasonable or (b) an inappropriate basis for the Debtors' restructuring.

12. Based on the Updated Projections and other information provided by the Debtors' management and relied upon by Rothschild, we have analyzed the Debtors' ability to meet their obligations under the Plan and to maintain sufficient liquidity and capital resources to conduct their business after the Effective Date.  Subject to the risks highlighted above and described in greater detail in the Disclosure Statement, I believe the Updated Projections indicate that the Reorganized Debtors should have sufficient cash flow to (a) make all payments and other distributions that the Debtors are required to make under the Plan, (b) service all debt obligations that are contemplated under the Plan, and (c) maintain their business operations on and after the Effective Date as a going concern.

13. Accordingly, based upon the Updated Projections, the assumptions underlying such Updated Projections, the various transactions contemplated by the Plan, the current business and economic conditions, and the information provided to me by the Debtors, I believe that confirmation of the Plan is not likely to be followed by the liquidation, or the need for any further financial reorganization, of the Debtors or the Reorganized Debtors.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: July 1, 2010

/s/ Stephen J. Antinelli  
Stephen J. Antinelli