## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 324** |

### AFFIDAVIT OF RICHARD D. CARUSO IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION FOR NEENAH ENTERPRISES, INC. AND ITS SUBSIDIARIES

STATE OF ILLINOIS     )
                                    )  ss:
COUNTY OF COOK     )

RICHARD D. CARUSO, being duly sworn, deposes and states:

      1.      I am a Managing Director of Huron Consulting Services LLC ("Huron"). I submit this affidavit (the "Affidavit") in support of Confirmation of the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries, dated April 27, 2010 (as may be amended, supplemented or modified, the "Plan"). Unless otherwise defined herein, all capitalized terms used in this Affidavit have the meaning assigned to such terms in the Plan. Except as otherwise indicated, I have personal knowledge of the facts stated in this Affidavit. If I were called to testify, I could and would testify competently as to the facts set forth herein.

      2.      I have been employed by Huron for approximately three years and have

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

worked in the restructuring industry for approximately twenty-five years. I am the person responsible for the services being provided to the Debtors by Huron and supervise all Huron employees who have been assigned to work on these Chapter 11 Cases. I have received no direct compensation from the Debtors in connection with the preparation of this Affidavit and my anticipated testimony in support of the Plan. I am compensated directly by Huron, which is compensated by the Debtors pursuant to applicable provisions of the Bankruptcy Code. The Bankruptcy Court authorized the Debtors to retain Huron as their financial advisors, effective as of the Petition Date, pursuant to an order entered on or about March 8, 2010 [Docket No. 138].

3.  The Debtors engaged Huron to provide certain financial advisory services in connection with these Chapter 11 Cases. Among other things, Huron assisted the Debtors in preparing the liquidation analysis that is attached to the Disclosure Statement as <u>Exhibit E</u> (the "<u>Liquidation Analysis</u>"). In connection with the Debtors' preparation of the Liquidation Analysis, Huron reviewed the Plan, the Disclosure Statement, and certain related documents, as well as certain publicly available business and financial information relating to the Debtors.

4.  Huron assisted the Debtors in their preparation of the Liquidation Analysis. As such, I am familiar with the methods the Debtors used, the assumptions the Debtors made, and the conclusions the Debtors reached in the Liquidation Analysis.

5.  The Liquidation Analysis demonstrates that, under the Plan, each Holder of an Impaired Claim against or an Impaired Interest in any of the Debtors will receive property with a value equal to or in excess of the value such Holder would receive in a hypothetical liquidation of the Debtors under chapter 7 of the Bankruptcy Code. Accordingly, I believe the Liquidation Analysis demonstrates that the Plan satisfies the "best interests of creditors" test under section 1129(a)(7) of the Bankruptcy Code. Furthermore, I believe that the estimates and

assumptions the Debtors used in preparing the Liquidation Analysis are reasonable.

       I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 1, 2010

                                              /s/ Richard D. Caruso
                                              Richard D. Caruso