## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | **Objection Deadline:  July 19, 2010 at 4 p.m. ET** |

## FOURTH MONTHLY FEE APPLICATION OF SIDLEY AUSTIN LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM MAY 1, 2010 THROUGH MAY 31, 2010

| | |
|---|---|
| Name of Applicant: | Sidley Austin LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | March 8, 2010 (*nunc pro tunc* to February 3, 2010) |
| Period for Which Compensation and Reimbursement is Sought: | May 1, 2010 through May 31, 2010 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $266,268.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $4,051.81 |

This is a(n):  __X__  monthly  ____  interim  ____  final application.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

Prior Fee Applications:

| Date Filed | Period Covered | Requested | | Paid | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 3/30/10 | 2/3/10 – 2/28/10 | $361,911.50[2] | $16,431.42 | $288,773.20 | $9,598.70 |
| 4/29/10 | 3/1/10 – 3/31/10 | $405,076.75 | $6,451.34 | $324,061.40 | $6,451.34 |
| 5/28/10 | 4/1/10 – 4/30/10 | $360,728.00 | $8,582.74 | $288, 582.40 | $8,582.74 |

Fees at 80%                                    $213,014.4

Expenses at 100%                          $4,051.81

**Payment Amount**                     **$217,066.21**

[remainder of page intentionally left blank]

---

[2] Sidley voluntarily reduced the fees requested in the First Monthly Fee Application by $945.00 and the amount of expense reimbursement requested by $6,832.72 in response to comments received from the United States Trustee.

## COMPENSATION BY PROFESSIONAL

| Name of Professional/ Individual | Position, Area of Expertise, Number of Years in Practice, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Suresh T. Advani | Partner/ Tax/ 18 years. Admitted 1992. | $800.00 | 5.30 | $4,240.00 |
| James N. Cahan | Partner/ Environmental Law/ 34 years. Admitted 1976. | $625.00 | 9.50 | $5,937.50 |
| Judith M. Praitis | Partner/ Environmental/ 20 years. Admitted 1990. | $650.00 | 10.50 | $6,825.00 |
| Larry J. Nyhan | Partner/ Corporate Reorganization and Bankruptcy/ 30 years. Admitted 1980. | $950.00 | 25.90 | $24,605.00 |
| Robert L. Verigan | Partner/ Corporate / 11 years. Admitted 1999. | $630.00 | 41.00 | $25,830.00 |
| Alan Gabbay | Counsel/ Banking and Financial Transactions/ 26 years. Admitted 1984. | $575.00 | 6.80 | $3,910.00 |
| Les Carter | Associate/ Tax/ 1 year. Admitted 2009. | $315.00 | 6.80 | $2,142.00 |
| Bojan Guzina | Associate/ Corporate Reorganization and Bankruptcy/ 8 years. Admitted 2002. | $650.00 | 99.40 | $64,610.00 |
| James P. Langdon | Associate/ Corporate/ 4 years. Admitted 2006. | $430.00 | 67.70 | $29,111.00 |

| Jillian K. Ludwig | Associate/ Corporate Reorganization and Bankruptcy/ 3 years. Admitted 2007. | $475.00 | 23.30 | $11,067.50 |
|---|---|---|---|---|
| Kerriann S. Mills | Associate/ Corporate Reorganization and Bankruptcy/ 5 years. Admitted 2005. | $560.00 | 26.90 | $15,064.00 |
| Brett H. Myrick | Associate/ Corporate Reorganization and Bankruptcy/ 1 year. Admitted 2009. | $375.00 | 65.80 | $24,675.00 |
| Jonathan R. Rosaluk | Associate/ Banking and Financial Transactions/ 1 year. Admitted 2009. | $315.00 | .10 | $31.50 |
| Brett M. Steele | Associate/ Corporate/ 1 year. Admitted 2009. | $315.00 | 48.80 | $15,372.00 |
| Alison Leff Triggs | Associate/ Corporate Reorganization and Bankruptcy/ 2 years. Admitted 2008. | $425.00 | 45.30 | $19,252.50 |
| Luke J. Valentino | Associate/ Corporate/ 7 years. Admitted 2003. | $515.00 | 1.90 | $978.50 |
|  |  |  |  |  |
| Kelly A. Crissie | Legal Assistant/ Investment Products and Derivatives/ 10 years. | $220.00 | 7.10 | $1,562.00 |
| Denise M. Kerschhackl | Legal Assistant/ Corporate/ 28 years. | $245.00 | 37.10 | $9,089.50 |
| Betsy A. Schmidt | Legal Assistant/ Corporate/ 13 years. | $225.00 | .30 | $67.50 |
| Nebojsa Rebic | Legal Assistant/ Financial and Securities/ 10 years. | $225.00 | 6.80 | $1,530.00 |

| Mary L. Wiersema | Legal Assistant/ Investment Products and Derivatives/ 29 years. | $245.00 | 1.50 | $367.50 |
|---|---|---|---|---|
| | | | | |
| **Grand Total** | | | | |
| **Blended Rate** | | **$495.11** | **537.80** | **$266,268.00** |

## COMPENSATION BY PROJECT CATEGORY
## FOR THE PERIOD FROM MAY 1, 2010 THROUGH MAY 31, 2010

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Business Operations | 6.90 | $2,273.50 |
| Plan and Disclosure Statement | 139.90 | $75,194.50 |
| Professional Retention | 7.20 | $2,829.50 |
| Corporate and Securities Issues | 203.40 | $79,608.00 |
| Case Administration | 57.20 | $41,797.50 |
| Vendor Issues | 6.70 | $2,779.50 |
| Creditor Communications | 3.70 | $1,712.00 |
| Fee Applications | 13.30 | $5,455.00 |
| Employee Issues | 25.70 | $15,041.50 |
| Environmental Issues | 20.70 | $13,182.50 |
| Tax Issues | 13.10 | $7,032.00 |
| Executory Contracts and Leases | 18.40 | $7,585.00 |
| Claims Processing | 21.60 | $11,777.50 |
| | | |
| **Total** | **537.80** | **$266,268.00** |

**EXPENSE SUMMARY FOR THE PERIOD**
**FROM MAY 1, 2010 THROUGH MAY 31, 2010**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Air Transportation (AIR) | Various Carriers | $920.80 |
| Duplicating Charges (CPY)[3] | | $548.30 |
| Document Delivery Services (DLV) | | $13.22 |
| Ground Transportation (GND) | | $326.88 |
| Lexis Research Service (LEX) | | $1,407.75 |
| Meals – Out of Town (MLO) | | $42.94 |
| Meals | | $11.64 |
| Search Services (SRC) | | $112.78 |
| Telephone Tolls (TEL) | | $85.47 |
| Travel/Lodging (TRV) | | $438.90 |
| Westlaw Research Service (WES)[4] | Westlaw | $143.13 |
| | | |
| **Total** | | **$4,051.81** |

[3] Sidley's rate for standard (non-color) copying is $0.10 per page and is in compliance with the requirements of Local Rule 2016-2(e)(iii).
[4] Sidley charges its clients for computer-assisted legal research at a rate that recovers no more than the Firm's cost.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: July 17, 2010 at 4 p.m. ET** |

## FOURTH MONTHLY FEE APPLICATION OF SIDLEY AUSTIN LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM MAY 1, 2010 THROUGH MAY 31, 2010

Sidley Austin LLP ("Applicant"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), respectfully submits this monthly fee application (the "Application") to this Court, pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for approval of compensation for professional legal services rendered as counsel to the Debtors in the amount of $266,268.00 together with reimbursement for actual and necessary expenses incurred in the amount of $4,051.81 for the period from May 1, 2010 through and including May 31, 2010 (the "Fee Period"). In support of this Application, the Applicant represents as follows:

### STATUS OF THE CASE AND JURISDICTION

1.     On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 4, 2010, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

2.    The Debtors continue in possession of their respective properties and continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On February 12, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

4.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2016-2.

## BASIS FOR THE MONTHLY FEE APPLICATION

5.    By this Application, Applicant seeks compensation for the services rendered and reimbursement of expenses incurred by Applicant as general reorganization and bankruptcy counsel to the Debtors during the Fee Period. The amount of fees Applicant seeks for services rendered during the Fee Period is $266,268.00, representing 537.80 hours in professional and paraprofessional time for such services. Applicant also seeks reimbursement of actual and necessary expenses incurred by Applicant during the Fee Period in connection with the services rendered in the amount of $4,051.81.

6.    The Debtors sought approval of this Court to retain Applicant as general reorganization and bankruptcy counsel, pursuant to section 327(a) of the Bankruptcy Code, by application filed on February 19, 2010 (the "Retention Application") [Docket No. 81]. As contemplated by the Retention Application, Applicant's services to the Debtors, though focused upon restructuring and insolvency issues, have also encompassed a wide range of legal services, including (but not limited to) corporate, tax, banking and financial transactions, environmental,

and employment and labor matters. Applicant's retention was approved by this Court by order dated March 8, 2010 (*nunc pro tunc* to the Petition Date ) (the "Retention Order") [Docket No. 134]. The Retention Order authorized the Debtors to compensate the Applicant on an hourly basis and to reimburse the Applicant for actual and necessary out-of-pocket expenses.

7.      Applicant has received no payment and no promises of payment from any source for services rendered in these chapter 11 cases. There is no agreement between Applicant and any other party for the sharing of compensation for the services rendered by Applicant in these chapter 11 cases. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors in these cases.

8.      A detailed breakdown of the hours expended by each of Applicant's professionals and paraprofessionals with respect to individual matters in these cases is contained in Exhibit A to this Application. A breakdown of the total hours expended by each professional and paraprofessional on all matters covered herein is included in the cover pages to this Application, as required by Local Rule 2016-2.

## EXPENSES INCURRED BY APPLICANT

9.      Applicant has incurred out-of-pocket expenses in the amount of $4,051.81 in connection with the services it provided to the Debtors during the Fee Period.[2] These expenses were incurred for items not included in Applicant's hourly rates, including, but not limited to, duplicating charges[3], document delivery and messenger services, telephone tolls, computer-assisted legal research, travel-related expenses, and in-house document production. Applicant submits that all such expenses are necessary and actual expenses for the performance of its services in these cases, and further submits that many of such expenses were necessitated

---

[2] This amount includes previously unbilled expenses from prior post-petition months.
[3] Sidley's rate for standard (non-color) copying is $0.10 per page and is in compliance with the rates as required by Local Rule 2016-2(e)(iii). Charges for color printing were charged at 57¢ per page.

by the time constraints under which Applicant's professionals and staff have operated in these cases.

10.    Applicant submits that all travel expenses incurred during the Fee Period covered by this Application were necessary and reasonable under the circumstances.  During the Fee Period, non-working travel time was billed at 50% of Applicant's standard hourly rates.

## INTERIM NATURE OF COMPENSATION

11.    In accordance with the terms of the Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331 dated March 8, 2010 (the "Interim Compensation Order") [Docket No. 136], Applicant requests that, upon the expiration of the objection deadline in respect of this Application and the Applicant's filing of a certificate of no objection, the Debtors be authorized to pay Applicant an amount equal to 80% of the fees and 100% of the expenses requested in this Application.

## NOTICE

12.    Notice of this Application has been provided to: (i) counsel to the ad hoc committee of holders of 9.5% secured notes; (ii) counsel to the prepetition revolving lenders; (iii) counsel to the Committee; and (iv) counsel to the U.S. Trustee. In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

## REVIEW OF APPLICABLE LOCAL RULE

13.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

WHEREFORE, Applicant requests that the Court (i) approve this Application, (ii) authorize the Debtors to remit to Applicant any amounts due and owing in accordance with the Interim Compensation Order, and (iii) grant such other and further relief as may be appropriate.

Dated: Chicago, Illinois
      July 9, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP

_____/s/ Bojan Guzina_____
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Brett H. Myrick
One South Dearborn Street
Chicago, Illinois  60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036