# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: August 11, 2010 at 10:30 a.m. (ET)<br>Objection Deadline: August 4, 2010 at 4 p.m. (ET) |

## DEBTORS' SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this objection should locate their name(s) and claim number(s) on Schedule 1, to learn which of the lettered exhibits, A, B, or C contains the grounds for objection pertaining to their claim(s) and the relief being sought by the Debtors.**

> **Your rights may be affected by this Objection and by any further objection that may be filed by the Debtors.**
>
> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on Exhibit A, Exhibit B, and Exhibit C to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this second omnibus objection (the "Objection") to each of the claims (the "Disputed Claims") identified on Schedule 1 and on Exhibit A, Exhibit B, and Exhibit C attached hereto,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order reducing and/or disallowing the Disputed Claims as indicated in further detail below. In support of this Objection, the Debtors rely on the declaration of Robert Gitter, Corporate Vice President – Corporate Controller of the Debtors (the "Gitter Declaration"), attached hereto as Exhibit D. In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2.      The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On February 12, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought

CHI 5369265v.4

herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local

Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

5.     On April 5, 2010, the Debtors filed their schedules of assets and liabilities

and statements of financial affairs (the "Schedules") [D.I. 214-227, 229-249, 253].  On June 24,

2010, the Debtors filed certain amendments to the Schedules (collectively, the "Amendments")

with the Court [D.I 575].[2]

6.     On April 6, 2010, the Court entered an order (the "Bar Date Order") [D.I.

256] establishing May 21, 2010, at 4:00 p.m. (prevailing Eastern Time) (the "General Bar Date")

as the final date and time for all persons and entities (excluding governmental units, as such term

is defined in section 101(27) of the Bankruptcy Code) holding or asserting a claim against the

Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in

these chapter 11 cases; (ii) establishing August 16, 2010 at 4:00 p.m. (prevailing Eastern Time)

(the "Governmental Unit Bar Date") as the deadline for each governmental unit holding a claim

against any of the Debtors to file a Proof of Claim; (iii) granting any claimant affected by an

amendment or supplement to the Schedules an additional 21 days from the date of service by the

Debtors of the notice of the applicable amendment or supplement to the schedules to file a Proof

of Claim or amend a previously filed Proof of Claim in connection therewith (the "Amended

Schedules Bar Date"); (v) granting any claimants holding a claim relating to a Debtor's rejection

of an executory contract or unexpired lease an additional 30 days from the effective date of

rejection to file a Proof of Claim or amend a previously filed Proof of Claim in connection

---

[2] The Amendments amended and supplemented Schedule F of A&M Specialties, Inc., Advanced Cast Products, Inc.; Dalton Corporation, Kendallville Manufacturing Facility; Dalton Corporation, Stryker Machining Facility Co.; Dalton Corporation, Warsaw Manufacturing Facility; Deeter Foundry, Inc.; Mercer Forge Corporation; Morgan's Welding, Inc.; Neenah Foundry Company; and Neenah Transport, Inc.

CH1 5369265v.4

therewith (the "Rejection Damages Bar Date" and, together with the General Bar Date, the Governmental Unit Bar Date, and the Amended Schedules Bar Date, the "Bar Dates"); and (v) approving the form and manner of notice of the Bar Dates.

7.     The Debtors provided written notice of the Bar Dates to, among others, all known creditors listed on the Schedules and Amendments and served the Bar Date Order on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to providing such actual notice, the Debtors also published notice of the Bar Dates in the national editions of the *Wall Street Journal* and *USA Today*.

8.     To date, approximately 640 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by The Garden City Group, Inc., the claims and noticing agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

9.     By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

(i)     reducing the value of each of the Disputed Claims identified in the column titled "Modified Amount Claims" on Exhibit A to the dollar values listed in the column titled "Modified Claim Amount" for the reasons specified in the column titled "Reason for Modification";

(ii)     disallowing in full each of the Disputed Claims identified in the column titled "Substantive Duplicate Claims" on Exhibit B as filed claims that each substantively duplicate another claim appearing on the Claims Register as specified in the column titled "Reason for Disallowance"; and

(iii)     disallowing in full each of the Disputed Claims identified in the column titled "No Liability Claims" on Exhibit C as filed claims for which the Debtors have no liability for the reasons specified in the column titled "Reason for Disallowance."

10.     This Objection complies in all respects with Local Rule 3007-1.

**BASIS FOR OBJECTION**

11.     Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim in lawful
> currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the
> extent that—
> > (1)     such claim is unenforceable against the debtor and
> > property of the debtor, under any agreement or applicable
> > law for a reason other than because such claim is
> > contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

**A.     Request to Reduce and Allow the Modified Amount Claims**

12.     After reviewing the Proofs of Claim filed in these chapter 11 cases and reconciling such claims against their books and records, the Debtors have identified 47 claims, identified on Exhibit A hereto (the "Modified Amount Claims"), which assert an amount that is higher than the amount of prepetition liability reflected in the Debtors' books and records.[3]  For example, certain of the Modified Amount Claims include amounts due on account of (i) post-petition invoices or portions of post-petition invoices which have been or will be satisfied in the ordinary course of business; (ii) unmatured interest and/or fees and penalties asserted on a post-petition basis on account of prepetition liabilities; and/or (iii) invoices that are due and owing by another Debtor (and which have been claimed and/or scheduled against such other Debtor).  In many instances, the Debtors have reached a consensual agreement with the holders of the Modified Amount Claims as to the modified amounts set forth on Exhibit A.  The Debtors

---

[3] Certain of the Modified Amount Claims assert the same underlying liability in multiple places on the face of the proof of claim form, e.g., as a general unsecured liability, a secured liability, and/or a priority liability, such that the total "calculated claim amount" as it appears in the Claims Register is many times higher than what the Debtors believe was the claimant's intended claim amount.  The Debtors have included such claims on Exhibit A merely to correct the Claims Register.

CH1 5369265v.4

believe that the amount of the Modified Amount Claims should be reduced and/or fixed to the corresponding dollar values listed in the column titled "Modified Claim Amount" on Exhibit A.

13.     The Debtors believe that Exhibit A reflects the appropriate amount of liability for each of the Modified Amount Claims for the reasons specified for each respective claim in the column titled "Reason for Modification" on Exhibit A.  Any failure to modify these claims as set forth herein and on Exhibit A would result in the applicable claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these chapter 11 cases.  Accordingly, the Debtors hereby object to the Modified Amount Claims and request that the Court enter an order reducing and/or fixing the value of such claims to the dollar values set forth on Exhibit A.

**B.     Request to Disallow the Substantive Duplicate Claims**

14.     After reviewing the Proofs of Claim filed in these chapter 11 cases and reconciling such claims against their books and records, the Debtors have identified 5 claims, identified on Exhibit B hereto (the "Substantive Duplicate Claims"), each of which appears to have the same basis for liability as another claim filed by the same creditor (or a successor), either against the same Debtor or against multiple Debtors, as specified for each respective claim in the column titled "Reason for Disallowance" on Exhibit B.  The Debtors have reviewed each of the Substantive Duplicate Claims and have determined the particular Debtor against which the claim is properly asserted.

15.     The Debtors should not be required to pay a claimant twice on the same obligation or debt.  Moreover, elimination of redundant claims will enable the Claims Register to reflect more accurately the claims properly asserted against the Debtors.  Accordingly, the Debtors seek to disallow in full the Substantive Duplicate Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the

6

CH1 5369265v.4

claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

16.    If the Debtors' objection to the Substantive Duplicate Claims is sustained, the claims listed in the column titled "Remaining Claims" on Exhibit B will remain on the Claims Register (the "Remaining Claims") as outstanding liabilities, subject to the Debtors' right to object on any grounds that bankruptcy or non-bankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. See, e.g., 11 U.S.C. § 502(a).

17.    The claimants will suffer no prejudice if the relief requested herein is granted because the Remaining Claims listed on Exhibit B will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' ongoing rights to object to the Remaining Claims on any other applicable grounds, including other grounds set forth in the Debtors' subsequent Omnibus Objections. For these cumulative reasons, the Debtors object to the allowance of each of the Substantive Duplicate Claims and request that such Substantive Duplicate Claims be disallowed in their entirety.

C.    **Request to Disallow the No Liability Claims**

18.    After reviewing the Proofs of Claim filed in these chapter 11 cases and reconciling such claims against their books and records, the Debtors have determined that they are not liable with respect to the 42 claims identified on Exhibit C hereto (the "No Liability Claims"). The Debtors have diligently reviewed their books and records, the No Liability Claims, and the materials submitted in support thereof, and believe that they are not liable for the No Liability Claims for the reasons specified for each respective claim in the column titled "Reason for Disallowance" on Exhibit A, including, but not limited to (i) the Debtors' books and records, which the Debtors believe to be accurate, do not reflect that any prepetition amounts are

7

due and owing on account of such claims; (ii) the Proof of Claim asserts amounts that are due

from a non-debtor entity; and/or (iii) the Proof of Claim is asserted on account of pending

litigation and is contingent, unliquidated, and disputed.

19.    Accordingly, the Debtors object to the allowance of each of the No

Liability Claims and request that such No Liability Claims be disallowed in their entirety. The

Debtors also request that the Court authorize the Claims Agent to expunge the No Liability

Claims from the Claims Register as sought by this Objection so that the Claims Register reflects

more accurately the claims legitimately asserted and outstanding against the Debtors.

20.    Accordingly, the Debtors hereby object to the No Liability Claims and

request that the Court enter the Proposed Order disallowing in full these claims, as provided for

on Exhibit C.

## RESERVATION OF RIGHTS

21.    The Debtors hereby reserve their right to object in the future to any of the

Proofs of Claim listed in this Objection or set forth on the exhibits attached to the Order on any

ground, and to amend, modify, and/or supplement this Objection, including, without limitation,

to object to amended or newly-filed claims. Separate notice and hearing will be provided and

scheduled, respectively, for any such objection.

22.    Notwithstanding anything contained in this Objection or the exhibits

attached to the Order, nothing herein shall be construed as a waiver of any rights that the Debtors

may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code

against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff

against the holders of such claims relating to such avoidance actions.

8

## NOTICE

23.     Notice of this Objection has been provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent for the Debtors' prepetition secured lenders; (iv) counsel to the agents for the Debtors' post-petition lenders; (v) counsel to the ad hoc committee of the holders of the 9.5% secured notes; (vi) counsel to the holders of the 12.5% subordinated notes; (vii) those claimants listed on Exhibits A, B, and C attached hereto and (viii) those parties requesting notice pursuant to Bankruptcy Rule 2002(i), in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

CH1 5369265v.4

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy

Rules 3001 and 3007, and Local Rule 3007-1, (i) modifying each of the Modified Amount

Claims set forth on Exhibit A to reduce the amount of such claims as specified therein; (ii)

disallowing in full each of the Substantive Duplicate Claims set forth on Exhibit B; (iii)

disallowing in full each of the No Liability Claims set forth on Exhibit C; (iv) authorizing the

Claims Agent to modify the Modified Amount Claims and to expunge the Substantive Duplicate

Claims and No Liability Claims from the Claims Register; and (v) granting such other and

further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
     July 9, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

CHI 5369265v.4