# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered |

**Hearing Date: September 9, 2010 at 3:00 p.m. (ET)**
**Objection Deadline: September 2, 2010 at 4:00 p.m. (ET)**

## DEBTORS' THIRD OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this objection should locate their name(s) and claim number(s) on Schedule 1, to learn which of the lettered exhibits, A or B, contains the grounds for objection pertaining to their claim(s) and the relief being sought by the Debtors.**

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on Exhibit A and Exhibit B to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this third omnibus objection (the "Objection") to each of the claims (the "Disputed Claims") identified on Schedule 1 attached hereto and to the proposed order submitted herewith, on the basis that such claims (i) are claims that have been amended by claims subsequently filed by or on behalf of the same claimant against the same Debtor in respect of the same liabilities, as so indicated on the face of the relevant claim (the "Amended Claims"), as set forth on Exhibit A hereto; or (ii) either fail to specify the particular Debtor against which the claims are asserted or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

are asserted against the incorrect Debtor, based on the Debtors' review of the documentation supporting the claims and their own books and records (the "Incorrect Debtor Claims"), as set forth on Exhibit B hereto.  This objection is made pursuant to Section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  By this Objection, the Debtors request the entry of an order modifying and/or expunging and disallowing the Disputed Claims as indicated in further detail below.  In support of this Objection, the Debtors rely on the declaration of Robert Gitter, Corporate Vice President – Corporate Controller of the Debtors (the "Gitter Declaration"), attached hereto as Exhibit C.  In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2.      The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On February 12, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").  No request has been made for the appointment of a trustee or examiner.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought

2

herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local

Rule 3007-1.

<b><u>FACTUAL BACKGROUND TO THE OBJECTION</u></b>

5.       On April 5, 2010, the Debtors filed their schedules of assets and liabilities

and statements of financial affairs (the "<u>Schedules</u>") [D.I. 214-227, 229-249, 253].  On June 24,

2010, the Debtors filed certain amendments to the Schedules (collectively, the "<u>Amendments</u>")

with the Court [D.I 575].[2]

6.       On April 6, 2010, the Court entered an order (the "<u>Bar Date Order</u>") [D.I.

256] establishing May 21, 2010, at 4:00 p.m. (prevailing Eastern Time) (the "<u>General Bar Date</u>")

as the final date and time for all persons and entities (excluding governmental units, as such term

is defined in section 101(27) of the Bankruptcy Code) holding or asserting a claim against the

Debtors arising on or before the Petition Date to file proofs of claim (the "<u>Proofs of Claim</u>") in

these chapter 11 cases; (ii) establishing August 6, 2010 at 4:00 p.m. (prevailing Eastern Time)

(the "<u>Governmental Unit Bar Date</u>") as the deadline for each governmental unit holding a claim

against any of the Debtors to file a Proof of Claim; (iii) granting any claimant affected by an

amendment or supplement to the Schedules an additional 21 days from the date of service by the

Debtors of the notice of the applicable amendment or supplement to the schedules to file a Proof

of Claim or amend a previously filed Proof of Claim in connection therewith (the "<u>Amended</u>

<u>Schedules Bar Date</u>"); (v) granting any claimants holding a claim relating to a Debtor's rejection

of an executory contract or unexpired lease an additional 30 days from the effective date of

rejection to file a Proof of Claim or amend a previously filed Proof of Claim in connection

therewith (the "<u>Rejection Damages Bar Date</u>" and, together with the General Bar Date, the

---

[2] The Amendments amended and supplemented Schedule F of A&M Specialties, Inc., Advanced Cast Products, Inc.; Dalton Corporation, Kendallville Manufacturing Facility; Dalton Corporation, Stryker Machining Facility Co.; Dalton Corporation, Warsaw Manufacturing Facility; Deeter Foundry, Inc.; Mercer Forge Corporation; Morgan's Welding, Inc.; Neenah Foundry Company; and Neenah Transport, Inc.

Governmental Unit Bar Date, and the Amended Schedules Bar Date, the "Bar Dates"); and (v) approving the form and manner of notice of the Bar Dates.

7.    Written notice of the Bar Dates was mailed to, among others, all known creditors listed on the Schedules and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Dates in the national editions of the *Wall Street Journal* and *USA Today*.

8.    To date, approximately 650 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by The Garden City Group, Inc., the claims and noticing agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

9.    By this Objection, the Debtors seek entry of an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging each of the Amended Claims identified in the column titled "Claims to be Expunged" on Exhibit A as filed claims that have been amended and superseded by another claim subsequently filed against the same Debtor by or on behalf of the same claimant in respect of the same liabilities (identified in the column titled "Surviving Claims"); and (ii) modifying each of the Incorrect Debtor Claims identified on Exhibit B as filed claims that either fail to specify the particular Debtor against which the claim is asserted or are asserted against the incorrect Debtor, based on the Debtors' review of the documentation supporting the Proofs of Claim and their own books and records; and (iii) authorizing the Claims Agent expunge the Amended Claims from and to modify the Incorrect Debtor Claims on the Claims Register.  This Objection complies in all respects with Local Rule 3007-1.

4

## BASIS FOR OBJECTION

10.     Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1)     such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

## A.     Request to Disallow Amended Claims

11.     The Amended Claims set forth on Exhibit A attached hereto are those Disputed Claims that were amended and therefore superseded by a subsequent claim filed by or on behalf of the same claimant, against the same Debtor, in respect of the same liabilities that should be disallowed in their entirety and expunged. The claims set forth under the column heading "Surviving Claims" on Exhibit A (the "Surviving Claims") are claims that were subsequently filed in respect of the same liabilities as the Amended Claims. The Surviving Claims have thus amended and superseded the Amended Claims. By filing the Surviving Claims, the claimants liquidated, reduced, or otherwise modified the liability originally identified in the Amended Claims.

12.     The Surviving Claims will remain on the Claims Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. See, e.g., 11 U.S.C. § 502(a). The Debtors reserve their ongoing rights to object to the Surviving Claims on any other applicable grounds, including other grounds as may be set forth in this Objection or in the Debtors' subsequent omnibus objections.

069152.1001

13.     The relief requested herein is necessary to (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant.  This relief is necessary to prevent the allowance of claims, which by their nature, have been superseded and remain on the Claims Register only as a technicality.  Moreover, the elimination of the Amended Claims is consistent with the apparent intent of the claimants in filing the Surviving Claims.  Finally, the claimants will suffer no prejudice because the Surviving Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds, including other grounds set forth in this Objection or any subsequent objection.

14.     For these reasons, the Debtors object to the allowance of each of the Amended Claims and request that such Amended Claims be disallowed in their entirety and expunged.

**B.     Request to Modify Incorrect Debtor Claims**

15.     In the notice of the Bar Dates that was sent to all creditors, the Debtors advised all creditors of the necessity of filing their claim (or claims) against the specific Debtor (or Debtors) that the creditor sought to hold liable for the claim:

> To be properly filed, a Proof of Claim must be filed in the bankruptcy case of the specific Debtor against which the claimant holds or asserts a claim. For example, if a claimant holds or asserts a claim against Belcher Corporation, the Proof of Claim must be filed against Belcher Corporation in case number 10-10371. If a claimant wishes to assert a claim against more than one Debtor, separate Proof of Claim forms must be filed against each applicable Debtor.

The Incorrect Debtor Claims identified on <u>Exhibit B</u> were filed without any such specification, for example, among other reasons, because the applicable line or check-box on the Proof of Claim was left blank or a Debtors' trade name was used rather than the legal entity name.  In

6

other words, such Incorrect Debtor Claims fail to specify a particular Debtor against which the claims are asserted. Others of the Incorrect Debtor Claims were asserted against a particular Debtor; however, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that the liability for such claims is owed by a different Debtor.

16.    Accordingly, the Debtors seek the relief requested herein solely to modify the Incorrect Debtor Claims to specify the correct Debtor(s) against which the claim is properly asserted, and as indicated in the column on Exhibit B titled "Modified Claims." The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases.

17.    Nothing herein should be construed as an admission by the Debtors or any of them of the liability stated in the Proofs of Claim listed under the column titled "Modified Claims" on Exhibit B. The Debtors reserve their rights to object to such claims on any other applicable grounds, including other grounds as may be set forth in this Objection or in the Debtors' subsequent omnibus objections.

## RESERVATION OF RIGHTS

18.    The Debtors hereby reserve their right to object in the future to any of the Proofs of Claim listed on Exhibit A and Exhibit B to this Objection on any ground, and to amend, modify, and/or supplement this Objection pending the entry of an order by this Court sustaining the Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

19.    Notwithstanding anything contained in this Objection or the exhibits attached hereto and to the Order, nothing herein shall be construed as a waiver of any rights that

YCST01:9966989.1                                                                                           069152.1001

the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## NOTICE

20.     Notice of this Objection has been provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent for the Debtors' prepetition secured lenders; (iv) counsel to the agents for the Debtors' post-petition lenders; (v) counsel to the ad hoc committee of the holders of the 9.5% secured notes; (vi) counsel to the holders of the 12.5% subordinated notes; (vii) those claimants listed on Exhibit A and Exhibit B attached hereto and (viii) those parties requesting notice pursuant to Bankruptcy Rule 2002(i), in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

YCST01:9966989.1

069152.1001

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the Amended Claims set forth on Exhibit A; (ii) modifying each of the Incorrect Debtor Claims set forth on Exhibit B to assert such claims against the Debtor specified therein; (iii) authorizing the Claims Agent to expunge the Amended Claims from and modify the Incorrect Debtor Claims on the Claims Register; and (v) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      July 27, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

YCST01:9966989.1

069152.1001