UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: September 9, 2010 at 3:00 p.m. (ET)<br>Objection Deadline: September 2, 2010 at 4:00 p.m. (ET) |

**DEBTORS' FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

> **Your rights may be affected by this Objection and by any further objection that may be filed by the Debtors.**
>
> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on Exhibit A and Exhibit B, to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this fourth omnibus objection (the "Objection") to each of the claims (the "Disputed Claims") identified on Exhibit A and Exhibit B attached hereto, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

reducing and/or disallowing the Disputed Claims as indicated in further detail below. In support of this Objection, the Debtors rely on the declaration of Robert Gitter, Corporate Vice President – Corporate Controller of the Debtors (the "Gitter Declaration"), attached hereto as Exhibit C. In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 12, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

5. On April 5, 2010, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (the "Schedules") [D.I. 214-227, 229-249, 253]. On June 24,

2010, the Debtors filed certain amendments to the Schedules (collectively, the "Amendments") with the Court [D.I 575].[2]

6. On April 6, 2010, the Court entered an order (the "Bar Date Order") [D.I. 256] establishing May 21, 2010, at 4:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities (excluding governmental units, as such term is defined in section 101(27) of the Bankruptcy Code) holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases; (ii) establishing August 6, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Governmental Unit Bar Date") as the deadline for each governmental unit holding a claim against any of the Debtors to file a Proof of Claim; (iii) granting any claimant affected by an amendment or supplement to the Schedules an additional 21 days from the date of service by the Debtors of the notice of the applicable amendment or supplement to the schedules to file a Proof of Claim or amend a previously filed Proof of Claim in connection therewith (the "Amended Schedules Bar Date"); (v) granting any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the effective date of rejection to file a Proof of Claim or amend a previously filed Proof of Claim in connection therewith (the "Rejection Damages Bar Date" and, together with the General Bar Date, the Governmental Unit Bar Date, and the Amended Schedules Bar Date, the "Bar Dates"); and (v) approving the form and manner of notice of the Bar Dates.

7. The Debtors provided written notice of the Bar Dates to, among others, all known creditors listed on the Schedules and Amendments and served the Bar Date Order on all

---

[2] The Amendments amended and supplemented Schedule F of A&M Specialties, Inc., Advanced Cast Products, Inc.; Dalton Corporation, Kendallville Manufacturing Facility; Dalton Corporation, Stryker Machining Facility Co.; Dalton Corporation, Warsaw Manufacturing Facility; Deeter Foundry, Inc.; Mercer Forge Corporation; Morgan's Welding, Inc.; Neenah Foundry Company; and Neenah Transport, Inc.

parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to providing such actual notice, the Debtors also published notice of the Bar Dates in the national editions of the *Wall Street Journal* and *USA Today*.

8. To date, approximately 650 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by The Garden City Group, Inc., the claims and noticing agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

9. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

(i) reducing the value of each of the Disputed Claims identified in the column titled "Modified Amount Claims" on Exhibit A to the dollar values listed in the column titled "Modified Claim Amount" for the reasons specified in the column titled "Reason for Modification"; and

(ii) disallowing in full each of the Disputed Claims identified in the column titled "No Liability Claims" on Exhibit B as filed claims for which the Debtors have no liability for the reasons specified in the column titled "Reason for Disallowance."

This Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

10. Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

4

> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

### A.   Request to Reduce and Allow the Modified Amount Claims

11.   After reviewing the Proofs of Claim filed in these chapter 11 cases and reconciling such claims against their books and records, the Debtors have identified 2 claims, identified on Exhibit A hereto (the "Modified Amount Claims"), which assert an amount that is higher than the amount of prepetition liability reflected in the Debtors' books and records. The first of the Modified Amount Claims asserts on its face that $161.40 is due on a general unsecured basis and $906.25 is due on a priority basis (for which invoices are attached), but contains a total amount due of $1,216.24 (instead of $1067.65, which is the sum of those amounts). The Debtors have objected to this Proof of Claim merely to correct what the Debtors believe to be a calculation error. The other Modified Amount Claim includes amounts due on account of post-petition invoices (or portions of post-petition invoices), which have been satisfied in the ordinary course of business. For these reasons, the Debtors believe that the amount of the Modified Amount Claims should be reduced and/or fixed to the corresponding dollar values listed in the column titled "Modified Claim Amount" on Exhibit A.

12.   The Debtors believe that Exhibit A reflects the appropriate amount of liability for each of the Modified Amount Claims for the reasons specified above and summarized for each respective claim in the column titled "Reason for Modification" on Exhibit A. Any failure to modify these claims as set forth herein and on Exhibit A would result in the applicable claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these chapter 11 cases. Accordingly, the Debtors hereby object to

the Modified Amount Claims and request that the Court enter an order reducing and/or fixing the value of such claims to the dollar values set forth on Exhibit A.

**B.      Request to Disallow the No Liability Claims**

13.     After reviewing the Proofs of Claim filed in these chapter 11 cases and reconciling such claims against their books and records, the Debtors have determined that they are not liable with respect to the 2 claims identified on Exhibit B hereto filed by the State of Michigan, Department of Treasury ("Michigan Treasury") (the "No Liability Claims"). The Debtors—together with their financial, legal, and tax advisors—have diligently reviewed their books and records, the No Liability Claims, and the materials submitted in support thereof. Based upon this review, the Debtors have concluded that they have satisfied all obligations for taxes due to the Michigan Treasury pursuant to (a) a Voluntary Disclosure Agreement between the applicable Debtor, Dalton Corporation, Warsaw Manufacturing Facility, and Michigan Treasury entered into prior to the Petition Date and (b) this Court's Order Authorizing the Payment of Prepetition Sales, Use, Property, Franchise, and Other Taxes and Governmental Charges entered on February 4, 2010 (Docket No. 33), and that no additional amounts are due and owing to Michigan Treasury on account of prepetition tax obligations, as asserted in the No Liability Claims.

14.     Accordingly, the Debtors object to the allowance of each of the No Liability Claims and request that such No Liability Claims be disallowed in their entirety for the reasons specified above and summarized for each respective claim in the column titled "Reason for Disallowance" on Exhibit B. The Debtors also request that the Court authorize the Claims Agent to expunge the No Liability Claims from the Claims Register as sought by this Objection so that the Claims Register reflects more accurately the claims legitimately asserted and outstanding against the Debtors.

15. Accordingly, the Debtors hereby object to the No Liability Claims and request that the Court enter the Proposed Order disallowing in full these claims, as provided for on Exhibit B.

## RESERVATION OF RIGHTS

16. The Debtors hereby reserve their right to object in the future to any of the Proofs of Claim listed in this Objection or set forth on the exhibits attached to the Order on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

17. Notwithstanding anything contained in this Objection or the exhibits attached to the Order, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## NOTICE

18. Notice of this Objection has been provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent for the Debtors' prepetition secured lenders; (iv) counsel to the agents for the Debtors' post-petition lenders; (v) counsel to the ad hoc committee of the holders of the 9.5% secured notes; (vi) counsel to the holders of the 12.5% subordinated notes; (vii) those claimants listed on Exhibit A and Exhibit B attached hereto and (viii) those parties requesting notice pursuant to Bankruptcy Rule 2002(i), in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

YCST01:9967053.1                                                                                                                     069152.1001

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) modifying each of the Modified Amount Claims set forth on Exhibit A to reduce the amount of such claims as specified therein; (ii) disallowing in full each of the No Liability Claims set forth on Exhibit B; (iii) authorizing the Claims Agent to modify the Modified Amount Claims and to expunge the No Liability Claims from the Claims Register; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
       July 27, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP  
Larry J. Nyhan  
Bojan Guzina  
Kerriann S. Mills  
Jillian K. Ludwig  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)  
Edmon L. Morton (No. 3856)  
Donald J. Bowman, Jr. (No. 4383)  
Kenneth J. Enos (No. 4544)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, Delaware 19899-0391  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS  
AND DEBTORS IN POSSESSION