**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEENAH ENTERPRISES, INC., et al.[1] | ) | Case No. 10-10360 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: September 9, 2010 at 3:00 p.m.** |
| | ) | **Objection Deadline:  September 2, 2010** |

**MOTION FOR LEAVE TO FILE PROOF OF**
**CLAIM AS TIMELY FILED AFTER BAR DATE**

Knauf USA Polystyrene, Inc. ("KPS"), by and through its undersigned counsel, and pursuant to Section 105(a) of Title 11, United States Code, 11 U.S.C. §101, et. seq. (the "Bankruptcy Code") and Rules 3003(c) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully requests the Court for leave to Permit KPS to file its proof of claim in the amount of $36,467.15 as though it were timely filed, and in support thereof, states as follows:

**VENUE**

1.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).  Venue is proper in this District pursuant to 28 U.S.C. § 1408 and 1409.

**BACKGROUND**

2.  On February 3, 2010, (the "Petition Date"), each of the above-captioned debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (223); Neenah Transport, Inc. (8433); Advance Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300).   The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

(collectively, the "Debtors"), filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").  On February 4, 2010, the Court entered an order directing the joint administration of the Debtors' cases.

      3.  On April 6, 2010, the Court entered the Order Pursuant to Sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 265] (the "Bar Date Order") which set May 21, 2010 as the general bar date (the "Bar Date").  A notice of the Bar Date was subsequently filed on April 9, 2010 (the "Bar Date Notice").

      4.  Movant is a manufacturer of expanded polyestrene products and is a creditor of Advanced Cast Products, Inc., a debtor in the above-captioned Chapter 11 case.  See the Affidavit of Stephen K. Brown at ¶ 1 attached hereto as Exhibit "A" and subsequently referred to as "Affidavit at ¶ __".

      5.  According to a Certificate of Service filed by the Debtors on April 13, 2010 [Docket No. 275], the Bar Date Notice was improperly addressed and sent to KPS at 2725 Henkle Drive, Lebanon, Ohio 45036.  This address is the location of a former KPS facility that was sold by KPS on February 18, 2009, to an unrelated and unaffiliated third party.  Affidavit at ¶ 7.  KPS's current and proper address is One Knauf Drive, Shelbyville, Indiana 46176.  Affidavit at ¶ 8.  Information received by the present owner of KPS's former facility regarding this bankruptcy and any notices from the debtor or the Court that were sent to this former KPS location were not forwarded to KPS until recently.  Affidavit at ¶9.  As a result of this mistake by the Debtors, and

through no fault of its own, KPS did not learn of the bankruptcy and the Bar Date to file its proof of claim in this matter until after the Bar Date had passed.  Affidavit at ¶10.

      6. Bankruptcy Code Section 105(a) provides in pertinent part, "the court may issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. §105(a).  Bankruptcy Rule 9006(b)(1) clearly permits a court to extend the time for a creditor to file its claim where, as here, the failure of such party to file its claim stems from excusable neglect.  *See,* 5 Collier on Bankruptcy ¶ 9006.06(3) at 9006-14 (15th Rev. Ed. 2007).  Cases which have found excusable neglect commonly involved events or circumstances beyond the creditor's control.  *See,* In re Carlton, 72 Bankr. 543, 546 (Bankr. E.D.N.Y. 1987)(interpreting "excusable neglect" as meaning "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform."); *see also,* In re O'Shaughnessy, 252 B.R. 722 (Bankr. N.D.Ill. 2000).  In O'Shaughnessy, the debtor sent notice to the incorrect address and, as a result, the creditor did not receive any notice of the bar date for filing claims.  The court held that the neglect by the creditor to file its motion to extend time to file its claim by five months after discovering the bankruptcy filing and three months after the depbtor's plan was confirmed was excusable because the creditor did not receive notice prior to the bar date.  Id. at 733.

      7. The purpose of requiring a debtor to list creditors with their proper mailing addresses is to afford such creditors due process notice.  In re Glenwood Med. Group, Ltd., 211 B.R. 282, 285 (Bankr. N.D.Ill 1997).  If a creditor is not given reasonable notice of the case and relevant bar dates, its claim cannot be constitutionally discharged.  *See,* In re Longardner and Assoc., Inc., 855 F.2d 455, 465 (7th Cir. 1988).

8. KPS meets the "excusable neglect" standard as set forth by the Supreme Court in <u>Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380, 113 S. Ct. 1489 (1993). The <u>Pioneer</u> standard "requires inquiry into whether the failure to file resulted from neglect and then whether that neglect is excusable". <u>In re: Spring Ford Industries, Inc</u>., 2003 Bankr. LEXIS 882, (Bankr. E.D. Pa. 2003) <u>discussing Pioneer</u>. KPS meets both parts of this standard.

9. Based on the four-prong "excusable" test set forth in <u>Pioneer</u>, KPS's omission to file a timely proof of claim is excusable. In discussing this test, the court in <u>In re: Spring Ford</u> stated, "The determination of whether the neglect is excusable is 'at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission. These include…the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith". <u>In re Spring Ford Industries, Inc.</u>, 2003 Bankr. LEXIS at 6-7 <u>quoting</u> <u>Pioneer Inv. Serv. Co. v. Brunswick Assocs., Ltd., Partnership</u>, 507 U.S. at 395. Each prong of the test weighs in KPS's favor.

10. First, there is no danger of prejudice to the Debtors by allowing KPS's proof of claim to be filed late. Prior to the claims bar date, the Debtors were aware of KPS's claim. The Debtors' awareness of KPS's claim is sufficient for the Debtors not to be prejudiced by an untimely proof of claim. <u>See In re McKissick</u>, 2003 Bankr. LEXIS 1103, 10 (Bankr. W.D. Pa., 2003, where the court noted that "Debtor is and has been throughout the course of this case fully aware of the nature and amount of CIT's claims. CIT's claim is not a surprise").

11. Second, KPS filed this motion seeking relief in a timely fashion and the length of delay is not substantial. Allowing KPS's late proof of claim will not interfere with the judicial

proceeding. In Pioneer, in allowing the claimant to file the late proof of claim, the court found "that there was no danger of prejudice to the debtor or the administration of judicial proceedings, as the claim, though untimely, was accounted for in the reorganization plan and was filed prior to the plan's effective date". In re McKissick, 2003 Bankr. LEXIS at 9 discussing Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380. Similarly, KPS's claim, albeit at a lesser amount, is already accounted for in the Debtors' Reorganization Plan (the "Plan"). Regardless, KPS's claim is respectively small given the entirety of this case.

12. Third, KPS has a valid reason for the delay in filing its proof of claim. KPS did not receive effective notice of the Bar Date. The Debtors sent KPS's notice to the wrong address. Courts have found that claimants need not seek out information regarding the claims bar date, but rather, a debtor must provide reasonable and effective notice. In In re: Spring Ford, in granting claimants' additional time to file a proof of claim, the court stated that, "While it is true that Claimants knew of the bankruptcy case, they had no duty to inquire about the claims bar date." In re: Spring Ford Industries, Inc., 2003 Bankr. LEXIS at 8.

13. The responsibility does not lie with creditors or claimants to search out what is required procedurally of them in this regard. The bankruptcy rules provide them with a right to appropriate and effective notice. In re: Spring Ford Industries, Inc., 2003 Bankr. LEXIS at 9 quoting Dahlkemper Co. v. Liberatore (In re: Dahlkemper Co.), 170 B.R. 853, 861 (Bankr. W.D. Pa., 1994).

14. The mailing of the Bar Date Notice to KPS's former location clearly demonstrates that KPS did not receive proper notice to file its proof of claim. KPS had not received any correspondence at their former location since it was sold on February 18, 2009. KPS only happened to find out about the bankruptcy when contacted by the existing facility owner about

information it had received from a third party that was offering to purchase KPS's claim rights. Unfortunately, this notification by the present facility owner did not occur until after the Bar Date had passed. As a result, KPS's claim cannot be constitutionally discharged.

WHEREFORE, for the foregoing, KPS, the movant, prays that this Court enter an order enlarging the bar date to allow KPS's late filed proof of claim as timely filed and for such additional relief that this Court deems equitable and just.

Dated: August 6, 2010                                       FERRY, JOSEPH & PEARCE, P.A.


  /s/ Jason C. Powell
JASON C. POWELL, ESQUIRE (No. 3768)
824 N. Market Street, Suite 1000
P.O. Box 1351
Wilmington, DE 19899
Tel: (302)575-1555
Knauf USA Polystyrene, Inc.