B210
(12/04)

# United States Bankruptcy Court

District of Delaware

In re Neenah Enterprises, Inc  Case No. 10-10360

Court ID (Court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

Export Development Canada (EDC)
Name of Transferee

Nicholson & Cates
Name of Transferor

Name and Address where notices to transferee should be sent
151 O'Connor St.
Ottawa, On, Canada K1A 1K3
Attn: Jo-Ann Keech-Barker
Phone: 613-598-3103
Last Four Digits of Acct #: _____

Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct #: _____

Name and Address where transferee payments should be sent (if different from above)

Name and Current Address of Transferor
3060 Mainway, Suite 300
Burlington, Ontario, Canada L7M 1A3
Attn: William Best

Phone: _____
Phone: 905-335-3366 ext 203
Last Four Digits of Acct #: _____
Last Four Digits of Acct #: _____

Court Claim # (if known): 487
Date Claim Filed: 05/13/2010

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Date: August 5, 2010
Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Paul Hare, Senior Recovery Services Manager

--DEADLINE TO OBJECT TO TRANSFER--

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

Debt Number : 152411
Claim No. : 152411

---

# ASSIGNMENT AGREEMENT

---

This **ASSIGNMENT AGREEMENT** is made as of May 31, 2010, between

>Nicholson And Cates Limited (herein referred to as the "Assignor")
>3060 Mainway Suite 300
>Burlington, Ontario
>CANADA, L7M 1A3

>- and -

>Export Development Canada (herein referred to as the "Assignee")
>151 O'Connor Street
>Ottawa, Ontario, Canada   K1A 1K3

**WHEREAS** the Assignee issued an insurance policy No. GE1-0681520090301 (the "Policy") to the Assignor, insuring against the risk of non-payment of amounts owing to the Assignor pursuant to various sales contracts;

**AND WHEREAS** Neenah Foundry Company (the "Buyer"), a corporation with offices located at Neenah, UNITED STATES OF AMERICA has failed to make payments due and owing to the Assignor in an aggregate amount of US $ 11,625.00 (such payments due and owing to the Assignor are hereinafter referred to as the "Receivable"), such Receivable being due pursuant to the terms of one or more sales contracts between the Assignor and the Buyer (the "Contract") covered under the Policy;

**AND WHEREAS** pursuant to the terms of the Policy, the Assignee made a claim payment to the Assignor (the "Claim Payment") and upon making the Claim Payment, the Assignee has requested that the Assignor transfer and assign to the Assignee all right, title and interest in the Receivable;

**NOW THEREFORE**, in consideration of the Assignee making the Claim Payment and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

### 1. Assignment

The Assignor hereby absolutely and unconditionally assigns, transfers, conveys and sets over unto the Assignee the entire unencumbered right, title, benefit and ownership interest in the Receivable and in the Contract with respect to the recovery of the Receivable. The Assignor shall provide all agreements and documents relating to or evidencing the Contract and the Receivable or otherwise existing among or between any of the Assignor, the Buyer or any third party in relation to the Contract, to have and to hold the same for the Assignee's use and benefit absolutely, together with all rights, claims, benefits, and advantages now or hereafter accruing with respect thereto or derived or to be derived therefrom.

## 2. Recovery Rights of the Assignee

As absolute assignee of, and in exercising the Assignee's absolute discretion over, the Contract with respect to the recovery of the Receivable as assigned and transferred hereunder, the Assignee may, and the Assignor hereby expressly acknowledges the absolute power of the Assignee to, realize, demand, recover, sue for and deal with the Contract with respect to the recovery of the Receivable, in such manner and at such times as the Assignee may, in the Assignee's absolute discretion, deem advisable. The Assignee may sign, execute and deliver good and sufficient agreements, receipts, releases and discharges therefore with full power and authority to compromise, settle and adjust the Receivable and the Contract with respect to the recovery of the Receivable on such terms, in such manner and at such times as the Assignee may determine.

## 3. No Assumption of Obligations

This Agreement shall not constitute a transfer or an assignment by the Assignor to the Assignee or an assumption by the Assignee of any liabilities or obligations of the Assignor under the Contract, or otherwise. The Assignee shall not be, and nothing contained herein shall be construed as rendering the Assignee, liable or responsible, directly or indirectly, for any liabilities or obligations of the Assignor to the Buyer or any third party, including, but not limited to, any claim by the Buyer or any third party for damages, set-offs, warranties, interest, costs, fees, charges or other expenses or any other claims of any nature.

## 4. Representations and Warranties

The Assignor hereby represents and warrants to the Assignee that :

(1) it has full power and authority to execute and deliver this Agreement and all documents delivered in connection herewith to which it is a party, and to perform and fulfill its obligations under and consummate the transactions contemplated by this Agreement, and this Agreement and all such documents and instruments have been duly executed and delivered by the Assignor;

(2) this Agreement constitutes a legal, valid and binding obligation of the Assignor, enforceable against the Assignor in accordance with its terms, except as such enforcement may be limited by applicable bankruptcy, insolvency, reorganization or similar laws relating to or limiting creditor's rights generally or by general principles of equity;

(3) the Contract is in full force and effect and is a legal, valid and binding obligation of the Assignor and the Buyer, enforceable in accordance with its terms;

(4) the Contract does not contain any provision, term or condition which could restrict, prohibit or adversely affect the Assignee's ability to collect the Receivable or enforce any rights or remedies with respect thereto;

(5) it has duly performed and fulfilled all its obligations under and in accordance with the Contract;

(6) the Receivable is legally required to be paid by the Buyer without, any defence against payment (including, but not limited to, a good faith dispute), conditions precedent or contingencies for payment, credits, abatement, set-off rights, right of compensation, retention or other deduction of any nature;

(7) subject to the rights of the Assignee and to the assignment and transfer contemplated by this Agreement:
  (a) the Receivable is due and owing to the Assignor;
  (b) no portion of the Receivable, or interest therein, has been sold, assigned, transferred, or pledged to or set-off with any third party, including the Buyer; and
  (c) the Assignor owns and has good and sole legal and beneficial title to the Receivable, and has the right to assign and transfer and is hereby assigning and transferring to the Assignee the entire legal and beneficial title to the Receivable free and clear of any mortgage, lien, charge, pledge, security interest, encumbrance or other right, claim or interest (howsoever arising) of any third party; and

(8) the Buyer has not denied, counterclaimed or contested in any manner whatsoever that the Receivable is due and owing by the Buyer to the Assignor.

5. Covenants

The Assignor hereby covenants and agrees that :

(1) The Assignor shall duly execute and deliver or cause to be executed and delivered all such other assurances, agreements, instruments and other documentation which the Assignee deems necessary or desirable to enable the Assignee to obtain the full benefit of this Agreement and to perfect or enforce the Assignee's rights hereunder. In connection therewith, the Assignor hereby irrevocably constitutes and appoints any officer of the Assignee the true and lawful attorney of the Assignor, with full power of substitution to do, make and execute all such agreements, instruments or documents, and to take such action as may be necessary in the name of the Assignor to carry out the intent of this Agreement; and

(2) the Assignor shall act with the utmost good faith in the performance of its obligations hereunder, and specifically, the Assignor shall assist and cooperate with the Assignee, to the extent required by the Assignee, in all efforts to collect and recover the Receivable and shall not take or refuse to take any action which could affect the Assignee's ability to exercise the rights granted hereunder.

## 6. Repayment of Claim

(1) The Assignor shall, forthwith upon the Assignee's demand, repay the amount of the Claim Payment to the Assignee as well as pay to the Assignee all damages, interest, costs, fees, charges or other expenses incurred by the Assignee in relation to the Claim Payment and this Agreement if:

   (a) the Assignor breaches any covenant, term, agreement or provision contained in this Agreement;

   (b) any representation or warranty made by the Assignor in this Agreement is incorrect or false;

   (c) the Receivable is reduced in any way by set-off, counterclaim or otherwise; or

   (d) the Assignee is not entitled to commence, continue or maintain an action in respect of the Contract or the Receivable, or if any such action or award rendered therein is stayed or dismissed.

(2) Notwithstanding the provisions of Paragraph 6(1)(c) of this Agreement, if the Receivable is reduced to any amount other than zero, the Assignor shall be liable to repay to the Assignee only the portion of the Claim Payment equal to the difference between the amount of the Claim Payment and the amount that the Assignee would have been required to pay under the Policy had such reduction been known to the Assignee at the time of the Claim Payment.

## 7. Indemnity

The Assignor shall indemnify and save harmless the Assignee from and against any and all claims, suits, actions, liabilities, damages, set-offs, interest, costs, fees, charges or other expenses that may be brought against or incurred by the Assignee in connection with any reasonable and proper action that was taken by the Assignee in seeking to recover the Receivable, or that may have arisen out of an action or claim brought against the Assignee by the Buyer or any other party, if such action or claim was brought in respect of a failure to perform or an unreasonable action or inaction by the Assignor in relation to the Contract, or any related agreement, or otherwise.

## 8. Costs and Remittance and Sharing of Recoveries

Amounts recovered with respect to the Receivable and all external costs and expenses incurred to effect the recovery of such amounts will be shared between the Assignor and the Assignee in accordance with the terms of the Policy. Any amounts recovered by the Assignor shall be reported to and remitted to the Assignee in accordance with the terms of the Policy, and any failure by the Assignor to so report and remit shall be deemed to be a breach of this Agreement as well as a breach of the Policy.

### 9. Notice

The Assignor hereby covenants and agrees to give notice to the Buyer, its successors, assigns and any third party having an interest (including a trustee in bankruptcy), to pay any and all portions of the Receivable to and for the benefit of the Assignee at such place as the Assignee may so direct from time to time. The Assignor further covenants and agrees to cooperate with the Assignee should the Assignee give any such notice.

### 10. Legal Advice

The Assignor acknowledges that it has been given the opportunity to retain independent legal advice regarding this Agreement and all matters referred to herein or related hereto and the Assignor understands the nature and effect of this Agreement.

### 11. Enurement

All terms, representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and shall be binding upon and enure to the benefit of the parties and their respective, heirs, administrators, successors and permitted assigns.

### 12. Governing Law

This Agreement is made under and will be governed by and construed in accordance with the laws of the Province of Ontario and the laws of Canada applicable therein.

### 13. Language

The parties hereto have explicitly requested and hereby accept that this Agreement be drawn up in English. Les parties aux présentes ont expressément requis et acceptent par les présentes que ce document <<Agreement>> soit rédigé en anglais.

### 14. Counterparts

This Agreement may be executed in any number of counterparts and all the counterparts taken together will be deemed to constitute one and the same instrument, and the parties further agree that executed copies of this Agreement may be delivered by telefax and such telefax copy will have the same binding effect on the parties as would an original copy.

### 15. Severability

Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction will, as to that jurisdiction, be ineffective to the extent of that prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of that provision in any other jurisdiction.

### 16. Non-Waiver

The Assignee hereby expressly reserves all rights under this Agreement. No action or failure to act by or on behalf of the Assignee in connection with this Agreement, shall constitute a waiver by the Assignee of any of its rights under this Agreement or prevent or estop the Assignee from thereafter exercising any of its rights under this Agreement. Furthermore, nothing in this Agreement shall constitute a waiver by the parties of any of their rights under the Policy or prevent or estop the parties exercising any of their rights under the Policy.

### 17. Entire Agreement

This Agreement and the related provisions of the Policy constitute the entire agreement between the parties with respect to the subject matter hereof. This Agreement may only be amended by instrument in writing, duly signed by both parties.

**IN WITNESS WHEREOF** the parties hereto have caused this Agreement to be duly executed by their respective authorized signatories as of the date set forth on the first page of this Agreement.

Nicholson And Cates Limited (Assignor)

By: _[signature]_
Name: William J Bost
Title: CFO

By: _____
Name: _____
Title: _____

Export Development Canada (Assignee)

By: _[signature]_
Name: N. ARRUDA-THOM
Title: CSeP

By: _[signature]_
Name: JOEL BOUCHER
Title: C.S.M.

01010239
NEN0202702259



# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

**PROOF OF CLAIM**

Name of Debtor (Check Only One):

| | Case No. | | | | |
|---|---|---|---|---|---|
| ☐ Neenah Enterprises, Inc. | 10-10360 | ☐ Gregg Industries, Inc. | 10-10366 | ☐ Dalton Corporation, Warsaw Manufacturing Facility | 10-10374 |
| ☐ NFC Castings, Inc. | 10-10361 | ☐ Mercer Forge Corporation | 10-10367 | ☐ Dalton Corporation, Ashland Manufacturing Facility | 10-10375 |
| ☐ Neenah Foundry Company | 10-10362 | ☐ Deeter Foundry, Inc. | 10-10369 | ☐ Dalton Corporation, Kendallville Manufacturing Facility | 10-10376 |
| ☐ Cast Alloys, Inc. | 10-10363 | ☐ Dalton Corporation | 10-10370 | ☐ Dalton Corporation, Stryker Machining Facility Co. | 10-10377 |
| ☐ Neenah Transport, Inc. | 10-10364 | ☐ Belcher Corporation | 10-10371 | ☐ Morgan's Welding, Inc. | 10-10378 |
| ☐ Advanced Cast Products, Inc. | 10-10365 | ☐ Peerless Corporation | 10-10372 | | |
| | | ☐ A&M Specialties, Inc. | 10-10373 | | |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see item #1). All other requests for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): NICHOLSON & CATES LTD

Name and address where notices should be sent:

NICHOLSON & CATES LTD
DEPT CH17946
PALATINE, IL 60055-7946

Telephone number:
Email Address:

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**Your Claim is Scheduled As Follows:**
Neenah Foundry Company

Unsecured: $11,508.75

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form. EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. **Amount of Claim as of Date Case Filed:** $ 11,508.75

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if any portion of the claim is based on the value of any goods received by the Debtor within 20 days before February 3, 2010, the date of commencement of the Debtor's chapter 11 case, which goods were sold to the Debtor in the ordinary course of the Debtor's business, and is therefore entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). Please indicate amount entitled to administrative expense priority under 11 U.S.C. § 503(b)(9) status and attach documentation supporting such a claim: $ _____

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Goods Sold
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** NICH
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount of Unsecured Claim: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Date: MM/14/2010   /s/ William T. B____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG)

## A/R Aged Trial Balance (by Due Date)

As At Date:05-11-2010, Customer Id:NEENAH

| Customer ID/ Credit Limit | Invoice No. | Invoice Date | Invoice Due Date | Invoice Discount | Balance | Current | 1-30 Days | 31-60 Days | 61-90 Days | Over 91 Days |
|---|---|---|---|---|---|---|---|---|---|---|
| NEENAH | NEENAH FOUNDRY COMPANY (N1192) | | | | Credit Limit: $35,000.00 | | | | | |
| | 364141 | 1/26/2010 | 2/5/2010 | 116.25 | 11,625.00 | | | | | 11,625.00 |
| 35,000.00 | NEENAH FOUNDRY COMPANY (N1192) | | | 116.25 | 11,625.00 | | | | | 11,625.00 |
| Report Total | | | | 116.25 | 11,625.00 | | | | | 11,625.00 |

# NEENAH NF
## FOUNDRY COMPANY

2121 BROOKS AVENUE, BOX 729
NEENAH, WISCONSIN 54957
PHONE:(920) 725-7000
FAX: (920) 729-3640

** acknowledge price changes BEFORE shipping! **

TO: NICHOLSON & CATES LTD
    BOX 219
    BURLINGTON  ON  L7 3Y

FAX 905-335-2328

| PURCHASE ORDER - ORIGINAL | | |
|---|---|---|
| DATE | VENDOR NO. | PURCHASE ORDER |
| 8/27/09 | N1192 | NO. 21881 - B |

THESE NUMBERS MUST APPEAR ON ALL BILLS OF LADING, CONTAINERS, SHIPPING DOCUMENTS, CORRESPONDENCE, INVOICES AND CREDIT MEMOS.

SHIP TO: NEENAH FOUNDRY COMPANY
         RECEIVING DEPT.
         411 MIDDLE STREET
         NEENAH, WI 54956

SHIP VIA:
UNDER 150 LBS. SHIP UPS -
OVER 150 LBS PLEASE CALL BUYER
FOB- NEENAH

| REQUIRED ON OR BEFORE | DATE PROMISED | DIRECT INQUIRIES TO | | T = TAXABLE  E = EXEMPT  R = RESALE |
|---|---|---|---|---|
| 12/31/09 | 0/00/00 | MARK LARSON | 920-729-3671 | #004-0000384325-01 |

| QUANTITY | U/M | DESCRIPTION | PRICE |
|---|---|---|---|
| 4,950 | EA | HERE IS THE PO YOU WERE LOOKING FOR!<br>40 X 48 X 5/8 PLYWOOD DIVIDERS W/CORNERS CLIPPED 2". THIS PURCHASE ORDER FOR 3 LOADS. APPRX 1650/LD START AND DELIVER WITHIN THE WEEKS OF AUG 31, SEP 21, OCT 12. | 6.2000 E |

**IMPORTANT INSTRUCTIONS**

- PLEASE ACKNOWLEDGE AT ONCE GIVING PRICE AND DELIVERY INFORMATION. THIS PURCHASE ORDER INVALID UNLESS ACKNOWLEDGED AT PRICE TO BE INVOICED!
- PACKING SLIP SHOWING CONTENTS, PURCHASE ORDER NUMBER, AND VENDOR NUMBER MUST ACCOMPANY ALL SHIPMENTS.
- THIS PURCHASE ORDER IS SUBJECT TO THE TERMS AND CONDITIONS ABOVE AND ON THE REVERSE SIDE. WE ARE NOT RESPONSIBLE FOR CLERICAL OR TYPOGRAPHICAL ERRORS.

BY _____
       MARK LARSON
       PHONE  920-729-3671

PO6



# Nicholson and Cates Limited
## FOREST PRODUCTS

P.O. BOX 219, BURLINGTON, ON L7R 3Y2
TELEPHONE: (905) 335-3366 FAX: (905) 335-2328
FSC CHAIN OF CUSTODY#: SW-COC-002277

# INVOICE
## 364141

**SOLD TO:**
NEENAH FOUNDRY COMPANY (N1192)
2121 BROOKS AVENUE
BOX 729
NEENAH WISCONSIN U.S.A. 54957

PHONE: 920-725-7000    FAX: 920-729-3682

**SHIP TO:**
NEENAH FOUNDRY RECIEVING
411 MIDDLE STREET
NEENAH WISC.

Tag name:

| | | | |
|---|---|---|---|
| INVOICE DATE: | 1/26/2010 | SHIP DATE: | 1/21/2010 |
| ORDER NO: | E10188 | CUST. ORDER: | 21881-B |
| F.O.B.: | DELIVERED | SHIP VIA | MILL TRUCK |
| CURRENCY: | U.S. Funds | TERMS: | 1% 10 ADF NET 30 |
| SALES REP.: | TL - Thomas Latour | | |

| DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|---|---|---|---|
| 5/8 x 40 x 48 Used Plywood<br>1875/48 | 1,875 PCS | $6.20 /PCS | $11,625.00 |
| | | SUB TOTAL: | $11,625.00 |
| YOU MAY DEDUCT $116.25 IF PAID BEFORE February 05, 2010 CALCULATED NET OF FREIGHT | | TOTAL: | $11,625.00 |

GST# 103879441RT0001
QST# 1008318669

Auth #:
Batch#: IV-01262010

Currency: U.S. Funds

**THANK YOU, Please call on us again !**

NICCAT.INV_16_6759a_RD/2.3.24/Nicholson

Please Remit To:   Nicholson and Cates Limited
Dept CH 17946
Palatine, IL
60055-7946

Page: 1

CUSTOMER

**MASON FOREST PRODUCTS, INC.**
Wholesale Division
Highway 49 North - P. O. Box 15429
Hattiesburg, Mississippi 39404-5429
Phone: (601) 268-1105

Sold To: _____

DATE 1-20-10
ORDER NO. 72569

↑
this # relates to the confirmation of my order with Mason Forest.

Invoice To: _____

| PKG. | PCS. | DESCRIPTION |
|------|------|-------------|
| 1975 | 40×48×5/8 | |

T.

Load # 18126-B

Proof of Delivery

TICKET NO. Nº 49442

Received by: [signature]

24273



**Export Development Canada**
**Exportation et développement Canada**

August 5, 2010

Mr. David D. Bird
Bankruptcy Clerk
U.S. Bankruptcy Court
824 Market St., Third Floor
Wilmington, DE 19801

Our File Ref: 710-152411
Case Number: 10-10360

Re: Neenah Enterprises, Inc. - Bankrupt
    Nicholson and Cates Limited - Creditor

Dear Mr. Bird,

Please find attached EDC's completed Notice of Transfer of Claim Other Than for Security form in order to register the above-referenced debt in the name of Export Development Canada.

Also attached are the Assignment Agreement, Commercial Documents and a copy of the original Proof of Claim form completed by Nicholson and Cates Limited relating to this debt for your reference.

If you require further information, please do not hesitate to contact me at 613-598-3103 or at jkeech-barker@edc.ca.

Yours truly,

Jo-Ann Keech-Barker
Recoveries Assistant

Encl.

151 O'Connor Ottawa ON Canada K1A 1K3
613-598-2500  Fax: 613-237-2690  www.edc.ca

Canada