UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered<br>**Ref. Docket No. 648 and 666** |

## ORDER PARTIALLY SUSTAINING DEBTORS' SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the Debtors' Second Omnibus (Substantive) Objection to Claims, by which the Debtors[2] request the entry of an order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 modifying or disallowing the Disputed Claims as set forth on Exhibit A, Exhibit B, and Exhibit C attached hereto; and upon consideration of the Gitter Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Objection.

CH1 5416436v.1

ORDERED that the Modified Amount Claims set forth on the attached <u>Exhibit A</u> are hereby modified to reduce the amount of such claims to the corresponding dollar value listed in the column titled "Modified Claim Amount" on <u>Exhibit A</u>; and it is further

ORDERED that the Substantive Duplicate Claims set forth on the attached <u>Exhibit B</u> in the column titled "Substantive Duplicate Claims" are hereby disallowed in their entirety; and it is further

ORDERED that the No Liability Claims set forth on the attached <u>Exhibit C</u> in the column titled "No Liability Claims" are hereby disallowed in their entirety; and it is further

ORDERED, that solely with respect to the Debtors' Objections to the following claims: Claim Nos. 630 and 632 of Missouri Department of Revenue; Claim Nos. 609 and 610 of Linamar de Mexico SA de CV; Claim Nos. 578 and 579 of Roctel Manufacturing; Claim No. 646 of Los Angeles County Treasurer & Tax Collector; and Claim No. 414 of Department of the Treasury - IRS, the Objection is continued to the next omnibus hearing date scheduled in these chapter 11 cases, being September 9, 2010 at 3:00 p.m. (prevailing Eastern Time), or such other date and time as the Court directs or the parties consent, and the parties reserve all rights with respect to such Claims and the Objections thereto; and it is further

ORDERED, that the Debtors' withdrawal of the Objection to Claim No. 194 of American Electric Power is without prejudice to the Debtors' right to later object to such claim on the basis that the claim has been superseded by Claim No. 675 of American Electric Power; and it is further

ORDERED that the Claims Agent is authorized to amend the Claims Register to comport with the entry of this Order; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware

August 12 , 2010

_____
The Honorable Mary F. Walrath
UNITED STATES BANKRUPTCY JUDGE