# EXHIBIT A

**Supplemental Declaration of Robert Gitter**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL DECLARATION OF ROBERT GITTER IN SUPPORT OF THE DEBTORS' SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Robert Gitter, declare as follows:

1.  I am Corporate Vice President – Corporate Controller of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). I submit this Supplemental Declaration to supplement the Declaration previously filed on or about July 9, 2010 in support of the Debtors; Second Omnibus (Substantive) Objection to Claims (the "Objection") [D.I. 625]. My prior Declaration is expressly incorporated herein.

2.  Attached to the Objection as Exhibits A through C were claims identified by the Debtors, after consultation with their financial and legal advisors, that were not properly asserted against the Debtors' estates as to either liability or amount (collectively, the "Disputed Claims"). Set forth opposite each of the Disputed Claims on Exhibits A through C in columns titled "Reason for Modification" or "Reason for Disallowance" was the Debtors' basis supporting the modification or disallowance of each of the Disputed Claims.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

3.  At the request of the Court, the Debtors, with the assistance of their advisors, have reviewed each of the claims for which the Debtors' initial stated basis for modification or disallowance was that the claim, as asserted, was not reflected in the Debtors' books and records. The Debtors have amended <u>Exhibits A</u> and <u>C</u> to provide additional factual support for the Objection as to each of such claims. The amended <u>Exhibits A</u> and <u>C</u> have been submitted to the Court together with a revised form of Order partially sustaining the Objection as to each of the claims that appear thereon.

4.  To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, and upon information received from the Debtors' advisors and Garden City, the claims identified in the amended <u>Exhibit A</u> to the Objection (the "<u>Modified Amount Claims</u>") are claims that assert an amount that is higher than the amount of prepetition liability reflected in the Debtors' books and records. In many instances, the claims assert amounts that were incurred after February 3, 2010, the date the Debtors commenced these chapter 11 cases (the "<u>Petition Date</u>"), due to a failure to prorate invoices or an improper proration of invoices submitted in support of the claim. In other instances, the claims fail to account for prepetition rate adjustments, credits, or other agreements and/or concessions agreed to by the Debtors and the claimant prior to the Petition Date, that results in a reduction of the liability owed by the Debtors. The Debtors have identified several claims that improperly assert amounts for sales tax where the underlying purchases by the Debtors were tax exempt. The Debtors have also identified certain claims that assert amounts that are either duplicative of other claims, or that are overstated based on an error in completing the proof of claim. In most cases, the Debtors' employees have directly contacted the affected claimants and have reached a consensual reconciliation of the Proofs of Claim. Consequently, the Debtors believe that the amount of the Modified Amount Claims should be reduced and/or fixed to the corresponding

dollar values listed in the column titled "Modified Claim Amount" on the amended Exhibit A. The Debtors believe that the amended Exhibit A reflects the appropriate amount of liability for each of the Modified Amount Claims for the reasons specified for each respective claim in the column titled "Reason for Modification" on the amended Exhibit A.

        5.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, and upon information received from the Debtors' advisors and Garden City, the claims identified in the amended Exhibit C to the Objection (the "No Liability Claims") are claims for which Debtors have determined, after reconciling each of the Proofs of Claim and supporting materials against their books and records, they have no liability. This determination was made after the review of the applicable contracts and/or other documentation, correspondence, and written records in the Debtors' possession relating to the Debtors' relationship with the particular claimant. In addition, the Debtors' personnel undertook to contact each of the affected claimants to either obtain additional information in support of the claims or to provide documentation or other evidence to refute the claims. As noted on the amended Exhibit C, in certain instances the Debtors and the claimants have reached a consensual reconciliation of the claims and the Objection is not contested. With respect to the remaining claims, the Debtors respectfully submit that they have no liability on account of such claims and request that the Court disallow and expunge the claims for the reasons specified for each respective claim in the column titled "Reason for Disallowance" on the amended Exhibit C.

        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17 day of August 2010

By: Robert Gitter
Corporate Vice President – Corporate Controller

3