IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al., | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Objection Deadline: August 23, 2010 @ 4:00 pm<br>Hearing Date: To be Determined. |

### 3RD AND FINAL MONTHLY FEE APPLICATION OF MORRISANDERSON & ASSOCIATES, INC. AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE INTERIM PERIODS JUNE 1, 2010 THROUGH JUNE 30, 2010 AND JULY 1, 2010 THROUGH JULY 31, 2010

| | |
|---|---|
| Name of Applicant: | MorrisAnderson & Associates, Ltd. |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of February 23, 2010 |
| Period for which compensation and reimbursement is sought: | June 1, 2010 through June 30, 2010 and July 1, 2010 through July 31, 2010. |
| Amount of Compensation sought as reasonable and necessary: | $200,000.00 |
| Plus 1st and 2nd 20% Holdback per procedures for interim compensation and reimbursement of expenses | $ 80,000.00 |
| TOTAL FEES | $ 280,000.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $     58.47 |
| This is a Final application | |

1

## HOURS BILLED BY TASK

| Task # | Task Description | Hours |
|---|---|---|
| 1 | Debtor Meetings & Preparation | 0.0 |
| 2 | Committee Meetings & Preparation | 20.3 |
| 3 | Court & Preparation | 0.0 |
| 4 | Cash Flow & DIP Budget | 69.5 |
| 5 | Prepetition Lenders, DIP financing | 7.5 |
| 6 | Asset Sale | 0.0 |
| 7 | Tax Issues | 0.0 |
| 8 | Unsecured Claims, Critical vendors, etc. | 0.5 |
| 9 | Accounting Issues, Financial Statement review | 1.0 |
| 10 | Plan of Reorganization and Court Filings | 18.1 |
| 11 | Firm Retention and Fees | 5.6 |
|   | Total | **122.5** |

## EXPENSE SUMMARY

| Expense Category | Amount |
|---|---|
| Pacer Court Documents | 58.47 |
| Total | $58.47 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al., | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Objection Deadline: August 23, 2010 @ 4:00 pm<br>Hearing Date: To be Determined. |

### 3RD AND FINAL MONTHLY FEE APPLICATION OF MORRISANDERSON & ASSOCIATES, INC. AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE INTERIM PERIODS JUNE 1, 2010 THROUGH JUNE 30, 2010 AND JULY 1, 2010 THROUGH JULY 31, 2010

MorrisAnderson & Associates Ltd. ("MAA"), as Financial Advisor to the Official Committee of Unsecured Creditors ( "Committee"), appointed in the chapter 11 cases of NEENAH ENTERPRISES, INC., et al., (the "Debtors"), submits its first monthly application for allowance of compensation and reimbursement of expenses for the period June 1, 2010 through June 30, 2010 and for the period July 1, 2010 through July 31, 2010 (collectively, the "Fee Period"), and in support thereof respectively represents as follows:

1. On February 3, 2010, the Debtors each filed voluntary petitions for relief of under chapter 11 of the bankruptcy code. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 of the Bankruptcy Code. This Court has ordered joint administration of these chapter 11 cases ("Cases").

2. No trustee or examiner has been appointed in these Cases.

3. On February 12, 2010, the Office of the United States Trustee appointed the Committee pursuant to 11 U.S.C. §§ 1102 of the bankruptcy code (the "Formation Meeting"). At the Formation Meeting, the Committee selected Greenberg Traurig as its counsel, and on February 23, 2010, the Committee selected MAA as its financial advisors.

4. On April 5, 2010, the Court entered an order Authorizing the Employment and Retention of MAA as Financial Advisors to the Committee *Nunc Pro Tunc* to February 23, 2010 [Docket No 251]

3

(the "Retention Order").  A copy of the Retention Order is attached hereto as Exhibit A.  The Retention Order authorizes MAA to receive compensation as follows:  (a) A monthly fixed fee equal to $100,000.00 per month for the first six (6) months or portions thereof; and (b) a $50,000.00 monthly fixed fee for all subsequent months or portions thereof.  In addition, the Debtors shall reimburse MAA, promptly upon receipt of an invoice therefore, for all court approved out-of-pocket expenses (such expenses include but are not limited to: travel, lodging, meals, equipment, and vehicle rental, and telephone, fax and photocopying charges) incurred by MAA in connection with this engagement.

5. On March 8, 2010, the Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to 11 U.S.C §§ 105(a) and 331 [Docket No. 136] (the "Interim Compensation Order")

6. This is the 3rd and final application made by MAA in accordance with the Interim Compensation Order for an allowance of compensation and for professional services rendered on behalf of the Committee for the Fee Period and for reimbursement of actual and necessary costs and expenses incurred during the Fee Period.

7. Specifically, MAA seeks allowance of $200,000.00, plus a twenty percent (20%) holdback from the 1st and 2nd application in the amount of $80,000.00, for services rendered during the Fee Period.  The services rendered by MAA during the Fee Period are grouped into the categories set forth in Exhibit B.  As set forth therein, the consultants who rendered services relating to each category are identified, along with the number of hours for each individual and the total hours for each category.  Exhibit C is a summary statement of actual and necessary expenses paid during the Fee Period in the amount of $58.47.

8. During the Fee Period, MAA rendered many different types of services.  MAA diligently and frequently consulted with the Committee, the Committee's legal Counsel, advisors and management for the Debtors, and other parties in interest concerning the general administration of the Cases.  Such consultations have occurred throughout the Fee Period, in substantial part, on site at Debtors office, by telephone and e-mails.  In addition, MAA has devoted substantial effort in validating and substantiating the cash flow budgets and other financial analysis provided by Debtors to support operations of the Cases.  In addition, MAA has devoted substantial time assisting and validation preparation and verification of the Debtors proposed reorganization plan and other court filings.

9. All services for which compensation is requested by MAA were performed for or on behalf of the Committee.

10. MAA has rendered professional services as Financial Advisor to the Committee as requested and necessary and appropriate in furtherance of the Committee's duties and functions in the Cases.

## SUMMARY OF SERVICES RENDERED BY TASKS

11. The services rendered by MAA during the Fee Period can be grouped in the following categories:

| Task # | Task Description | Hours |
|---|---|---|
| 1 | Debtor Meetings & Preparation | 0.0 |
| 2 | Committee Meetings & Preparation | 20.3 |
| 3 | Court & Preparation | 0.0 |
| 4 | Cash Flow & DIP Budget | 69.5 |
| 5 | Prepetition Lenders, DIP financing | 7.5 |
| 6 | Asset Sale | 0.0 |
| 7 | Tax Issues | 0.0 |
| 8 | Unsecured Claims, Critical vendors, etc. | 0.5 |
| 9 | Accounting Issues, Financial Statement review | 1.0 |
| 10 | Plan of Reorganization and Court Filings | 18.1 |
| 11 | Firm Retention and Fees | **5.6** |
|  | Total | **122.5** |

12. In accordance with the factors enumerated in 11 U.S.C. §330, the amount requested is fair and reasonable given (a) complexity of the Cases; (b) time expended; (c) the nature and extent of the services rendered; (d) the value of the services; and (e) the costs of comparable services other than in a case under this title.

## DISBURSEMENTS

13. As set forth in Exhibit C, MAA has incurred or disbursed actual and necessary out-of-pocket expenses during the Fee Period in the amount of $58.47.
14. MAA hereby certifies (i) that it has reviewed the requirements of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court in the District of Delaware and (ii) that this Application complies with such rule.
15. MAA has provided a copy of this Application to the Debtors, the United States Trustee and all parties required to be given notice as set forth in Paragraph (a) of the Interim Compensation Order.

WHEREFORE, MAA respectively requests that in accordance with the terms of the Interim Compensation Order, it be allowed compensation in the amount of $200,000.00 for professional services rendered plus $80,000 of the 20% hold back from the 1st and 2nd application (to be paid upon filing of a certification of no objection) and actual and necessary expenses in the amount of $58.47 (100% of which is to be paid upon filing of a certification of no objection) for the Fee Period and that the Court authorize and direct the Debtors to pay MAA the amounts due and owing hereunder in accordance with the Interim Compensation Order.

Dated: August 18, 2010

MorrisAnderson & Associates Ltd.

BY: /s/ Mark Welch

Mark J. Welch
Managing Director
55 West Monroe St. Suite 2500
Chicago, Illinois 60603
Tel: (412)498-8258
E-mail: mwelch@morrisanderson.com

# EXHIBITS