## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., *et al.*,[2] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

Hearing Date: October 19, 2010 at 2:00 p.m. (ET)
Objection Deadline: September 9, 2010 at 4:00 p.m. (ET)

## SIXTH MONTHLY AND FINAL APPLICATION OF
## YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE
## DEBTORS AND DEBTORS-IN-POSSESSION FOR ALLOWANCE
## OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
## FOR THE INTERIM PERIOD JULY 1, 2010 THROUGH JULY 29, 2010 AND THE
## FINAL PERIOD FEBRUARY 3, 2010 THROUGH JULY 29, 2010

| | |
|---|---|
| Name of Applicant: | Young Conaway Stargatt & Taylor, LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | Effective as of February 3, 2010 |
| Period for which interim compensation and reimbursement is sought: | July 1, 2010 through July 29, 2010 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $22,548.00 |
| Amount of Interim Expense Reimbursement sought as actual, reasonable and necessary: | $2,139.37 |
| Period for which final compensation and reimbursement is sought: | February 3, 2010 through July 29, 2010 |
| Amount of Final Compensation sought as actual, reasonable and necessary: | $176,053.50 |
| Amount of Final Expense Reimbursement sought as actual, reasonable and necessary: | $17,211.59 |
| This is an:   __X__ interim   __X__ final application | |

This application includes 2.50 hours and $714.00 fees incurred in connection with the preparation of Fee Applications.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

Prior applications:

| Date Filed / Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees ($) | Expenses($) | Fees | Expenses |
| 4/6/10; D.I. 260 | 2/3/10 – 2/28/10 | 40,790.50 | 15,344.25 | 40,790.50 | 2,729.35 |
| 4/15/10; D.I. 283 | 3/1/10 – 3/31/10 | 47,768.50 | 3,894.73 | 47,768.50 | 3,894.73 |
| 6/15/10 D.I. 531 | 4/1/10 – 4/30/10 | 23,929.00 | 5,853.56 | 23,929.00 | 5,853.56 |
| 7/14/10 D.I. 637 | 5/1/10 – 5/31/10 | 13,558.50 | 1,310.69 | 10,846.80 | 1,310.69 |
| 8/28/10 D.I. 688 | 6/1/10 – 6/30/10 | 27,459.00 | 1,283.89 | N/A | N/A |

## INTERIM COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate ($) (including changes) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|
| James P. Hughes | | $660.00 | 1.10 | 726.00 |
| Robert S. Brady | Partner since 1998. Joined firm as an associate in 1990. Member of DE Bar since 1990. | $660.00 | 1.40 | 924.00 |
| Edmon L. Morton | Partner since 2008. Joined firm as an associate in 1999. Member of DE Bar since 1999. | $530.00 | 14.40 | 7,632.00 |
| Donald J. Bowman, Jr. | Joined the firm as an associate in 2004. Member of the DE Bar since 2003. | $350.00 | 21.90 | 7,665.00 |
| Kenneth Enos | Joined firm as an associate in 2004. Member of the DE Bar since 2004. | $335.00 | 9.80 | 3,283.00 |
| Troy Bollman | Paralegal | $135.00 | 14.80 | 1,998.00 |
| Elizabeth M. Henry | Clerk | $80.00 | 2.00 | 160.00 |
| Kasey Riddle | Clerk | $80.00 | 2.00 | 160.00 |
| **Grand Total:** | | | 67.40 | $22,548.00 |
| **Blended Rate:** | | $334.54 | | |

## INTERIM COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration  (1001) | 6.30 | 1,035.00 |
| Court Hearings (1002) | 21.30 | 7,273.50 |
| Cash Collateral/DIP Financing (1003) | 0.30 | 105.00 |
| Schedules & Statements, U.S. Trustee Reports (1004) | 0.90 | 250.50 |
| Lease/Executory Contract Issues (1005) | 0.90 | 405.00 |
| Claims Analysis, Objections and Resolutions (1007) | 13.90 | 4,347.50 |
| Other Adversary Proceedings (1011) | 1.00 | 135.00 |
| Plan and Disclosure Statement (1012) | 16.90 | 7,563.00 |
| Retention of Professionals/Fee Issues (1017) | 3.40 | 719.50 |
| Fee Application Preparation (1018) | 2.50 | 714.00 |
| **TOTALS** | **67.40** | **$22,548.00** |

## INTERIM EXPENSE SUMMARY

| Expenses Category (Examples) | Total Expenses ($) |
|---|---|
| Reproduction Charges | 1,684.00 |
| Long Distance Telephone | 11.70 |
| Federal Express | 12.00 |
| Filing Fee | 26.00 |
| Delivery/Courier | 117.50 |
| Car/Bus/ Subway Travel | 83.20 |
| Working Meals | 47.50 |
| Certified Court Documents | 142.50 |
| Postage | 14.97 |
| **TOTAL** | **$2,139.37** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., *et al.*,[3] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

Hearing Date:  October 19, 2010 at 2:00 p.m. (ET)
Objection Deadline:  September 9, 2010 at 4:00 p.m. (ET)

### SIXTH MONTHLY AND FINAL APPLICATION OF
### YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE
### DEBTORS AND DEBTORS-IN-POSSESSION FOR ALLOWANCE
### OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
### FOR THE INTERIM PERIOD JULY 1, 2010 THROUGH JULY 29, 2010 AND THE
### FINAL PERIOD FEBRUARY 3, 2010 THROUGH JULY 29, 2010

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of

Bankruptcy Procedure, the law firm of Young Conaway Stargatt & Taylor, LLP (hereinafter

"YCS&T") hereby moves this Court for reasonable compensation for professional legal services

rendered as counsel to Neenah Enterprises, Inc. *et al*, the debtors and debtors-in-possession in the

above-captioned cases (collectively the "Debtors"), in the amount of $22,548.00 together with

reimbursement for actual and necessary expenses incurred in the amount of $2,139.37 for the

interim period July 1, 2010 through July 29, 2010 (the "Interim Fee Period") and in the amount of

$176,053.50 together with reimbursement of actual and necessary expenses incurred in the amount

of $17,211.59 for the final period February 3, 2010 through July 29, 2010 (the "Final Fee Period").

In support of its Application, YCS&T respectfully represents as follows:

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

1.      YCS&T was employed under a general retainer to represent the Debtors as bankruptcy counsel in connection with these chapter 11 cases effective as of February 3, 2010, pursuant to an Order entered by this Court on March 8, 2010.  The Order authorized YCS&T to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

2.      All services for which compensation is requested by YCS&T were performed for or on behalf of the Debtors.

### COMPENSATION PREVIOUSLY PAID

3.      YCS&T represented the Debtors in preparing for the filing of these chapter 11 cases and was paid pre-petition for those services.

### SUMMARY OF SERVICES RENDERED

4.      Attached hereto as Exhibit A is a detailed statement of fees incurred during the Interim Fee Period showing the amount of $22,548.00 due for fees.  Exhibit B is a detailed statement of expenses paid during the Interim Fee Period showing the amount of $2,139.37 for reimbursement of expenses.

5.      The services rendered by YCS&T during the Interim Fee Period are grouped into the categories set forth in Exhibit A.  The attorneys and paralegals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the attachments hereto.

### DISBURSEMENTS

6.      YCS&T has incurred out-of-pocket disbursements during the Interim Fee Period in the amount of $2,139.37.  This disbursement sum is broken down into categories of charges, including, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying

charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. A complete review by category of the expenses incurred for the Interim Fee Period may be found in the attachments hereto as Exhibit B.

7.      Costs incurred for overtime and computer assisted research are not included in YCS&T's normal hourly billing rates and, therefore, are itemized and included in YCS&T's disbursements. Pursuant to Local Rule 2016-2, YCS&T represents that its rate for duplication is $.10 per page, its rate for outgoing telecopier transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions and there is no surcharge for computerized research.

## VALUATION OF SERVICES

8.      Attorneys and paraprofessionals of YCS&T have expended a total of 67.40 hours in connection with this matter during the Interim Fee Period.

9.      The amount of time spent by each of these persons providing services to the Debtors for the Fee Period is fully set forth in the detail attached hereto as Exhibit A. These are YCS&T's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by YCS&T for the Interim Fee Period as counsel for the Debtor in these cases is $22,548.00.

10.      YCS&T believes that the time entries included in Exhibit A attached hereto and the expense breakdown set forth in Exhibit B hereto are in compliance with the requirements of Local Rule 2016-2.

11.      In accordance with the factors enumerated in 11 U.S.C. §330, the amount requested is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of

comparable services other than in a case under this title.

12.    This Application covers the Interim Fee Period July 1, 2010 through July 29,

2010.

## FINAL FEE PERIOD

13.    This Application also covers the Final Fee Period of February 3, 2010 through

and including July 29, 2010, for the amount of $176,053.50 together with reimbursement for actual

and necessary expenses incurred in the amount of $17,211.59.  During the Final Fee Period,

YCS&T performed necessary services and incurred out-of-pocket disbursements for the Debtors

and their estates.  As set forth in prior Monthly applications, in accordance with the factors

enumerated in 11 U.S.C. § 330, approval of the fees requested for the Final Fee Period is fair and

reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under this title.  In addition, the out-of-pocket disbursements for which

reimbursement is sought were actual, reasonable and necessary costs (i) incurred while representing

the Debtors and (ii) of preserving the value of the Debtors' estates.

WHEREFORE, YCS&T requests that allowance be made to it in (i) the sum of $22,548.00 as compensation for necessary professional services rendered to the Debtors for the Interim Fee Period, and the sum of $2,139.37 for reimbursement of actual necessary costs and expenses incurred during that period, (ii) that final allowance be made to it in the sum of $176,053.50 as compensation for necessary professional services rendered to the Debtors for the Final Fee Period, and the sum of $17,211.59 for reimbursement of actual and necessary costs and expenses incurred during that period, and (iii) such other and further relief as this Court may deem just and proper.

Dated: Wilmington, Delaware
     August 30, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Alison L. Triggs
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

<u>VERIFICATION</u>

STATE OF DELAWARE   )
                         )    SS:
NEW CASTLE COUNTY   )

        Edmon L. Morton, Esquire, after being duly sworn according to law, deposes and says:

        1.     I am a Partner in the applicant firm, Young Conaway Stargatt & Taylor, LLP, and have been admitted to the bar of the Supreme Court of Delaware since 1999.

        2.     I have personally performed many of the legal services rendered by Young Conaway Stargatt & Taylor, LLP, as counsel to the  Debtor and am familiar with all other work performed on behalf of the lawyers and paraprofessionals in the firm.

        3.     The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

                                     EDMON L. MORTON

SWORN TO AND SUBSCRIBED before me this 3 day of August, 2010.

                                     Notary Public
                                     My Commission Expires:_____

ANGELA M. COLSON
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Aug. 31, 2011