EXHIBIT A

RETENTION ORDER

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket Nos.: 86 & 126 |

**ORDER AUTHORIZING THE DEBTORS AND DEBTORS-IN-POSSESSION TO EMPLOY AND RETAIN ROTHSCHILD INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), *NUNC PRO TUNC* TO THE PETITION DATE, AND GRANTING WAIVER OF COMPLIANCE WITH DEL. BANKR. L.R. 2016-2(d) IN ACCORDANCE WITH DEL. BANKR. L.R. 2016-2(g)**

Upon the Application[2] of the above-captioned Debtors for an order authorizing the employment and retention of Rothschild Inc. ("Rothschild") as financial advisor and investment banker to the Debtors pursuant to 11 U.S.C. §§ 327(a) and 328(a), *nunc pro tunc* to the Petition Date, and granting a waiver of compliance with the information requirements relating to compensation requests set forth in Local Rule 2016-2(d), in accordance with Local Bankruptcy Rule 2016-2(g); and upon consideration of the Application and all pleadings related thereto, including the Augustine Affidavit; and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (iii) notice of the Application was

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080); and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

DB02:9281408.2    069152.1001

due and proper under the circumstances; and the Court having found that the Application and the Augustine Affidavit are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and it appearing that Rothschild neither holds nor represents any interest adverse to the Debtors or their estates; and it further appearing that Rothschild is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the terms and conditions of Rothschild's employment, including the compensation structure set forth in the Engagement Letter (as defined in the Application), are reasonable as required by section 328(a) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted as set forth herein in its entirety *nunc pro tunc* to the Petition Date.

ORDERED, that (i) the retention and employment of Rothschild as financial advisor and investment banker to the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code on the terms set forth in the Engagement Letter, which is attached hereto as Exhibit 1 and incorporated by reference herein, and this Order is hereby approved *nunc pro tunc* to the Petition Date, and (ii) Rothschild's compensation shall be subject to the standard of review provided for in section 328(a) of the Bankruptcy Code, and not subject to any other standard of review under Section 330 of the Bankruptcy Code.

ORDERED, that the aggregate fees payable to Rothschild under the Engagement Letter (including the fees Rothschild received from the Debtors prior to the Petition Date) shall not exceed $3.85 million.

ORDERED, that Rothschild is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the fees, disbursements and other charges by Rothschild's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise).

ORDERED, that the indemnification provisions included in the Engagement Letter and incorporated by reference herein are approved, subject to the following:

a) Rothschild shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

b) The Debtors shall have no obligation to indemnify Rothschild, or provide contribution or reimbursement to Rothschild, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Rothschild's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Rothschild's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to Rothschild's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which Rothschild should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, Rothschild believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification,

3

contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Rothschild must file an application therefore in this Court, and the Debtors may not pay any such amounts to Rothschild before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Rothschild for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Rothschild. All parties in interest shall retain the right to object to any demand by Rothschild for indemnification, contribution or reimbursement.

ORDERED, that Rothschild shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, the fee applications filed by Rothschild shall be subject to review only pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code.

ORDERED, that notwithstanding any provision to the contrary in this Order, the Application or the Engagement Letter, the United States Trustee shall have the right to object to Rothschild's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the Office of the United States Trustee to challenge the reasonableness of Rothschild's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of

fact or conclusion of law binding the Office of the United States Trustee, on appeal or otherwise, with respect to the reasonableness of the Rothschild fees.

ORDERED, that Exhibit A of the Engagement Letter is modified by deleting the following clause from the fifth paragraph: "provided that, in no event shall the aggregate contribution of all such Indemnified Parties exceed the amount of fees received by Rothschild under this Agreement."

ORDERED, that Rothschild's fee applications shall include, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-half hour increments, but shall be excused from keeping time in one-tenth of an hour increments.

ORDERED, that Rothschild is granted a waiver of the informational requirements relating to compensation requests set forth in Local Rule 2016-2(d) to the extent requested in the Application.

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

ORDERED, that the relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

ORDERED, that to the extent that this Order is inconsistent with any prior order or pleading with in these cases, the terms of this Order shall govern.

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
March 8, 2010

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE