IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., *et al.*,[1] | Case No. 10-10360 (MFW) |
| Reorganized Debtors. | Jointly Administered |
| | Ref. Docket Nos. 647 |

**SUPPLEMENTAL DECLARATION OF ROBERT GITTER IN SUPPORT OF THE DEBTORS' FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Robert Gitter, declare as follows:

1. I am Corporate Vice President – Corporate Controller of the above-captioned reorganized debtors (collectively, the "Debtors"). I submit this Supplemental Declaration to supplement the Declaration previously filed on or about July 27, 2010 in support of the *Debtors' Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Objection") [D.I. 647]. My prior Declaration is expressly incorporated herein.

2. Attached to the Objection as Exhibits A and B were four (4) claims identified by the Debtors, after consultation with their financial and legal advisors, that were not properly asserted against the Debtors' estates as to either liability or amount (collectively, the "Disputed Claims"). Set forth opposite each of the Disputed Claims on Exhibits A and B in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

columns titled "Reason for Modification" or "Reason for Disallowance" was the Debtors' basis supporting the modification or disallowance of the Disputed Claims.

A. **Claims Appearing on Exhibit A to the Objection**

  3. At a hearing held on August 11, 2010, the Court directed the Debtors to provide additional factual support for each of the claims appearing on the *Debtors' Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 625] for which the Debtors' stated basis for modification or disallowance was that the claim, as asserted, was not reflected in the Debtors' books and records. Similarly, the Debtors, with the assistance of their advisors, have reviewed each of the claims appearing on Exhibit A to the Objection to determine whether further factual support for the Objection may be necessary. In ¶¶ 11-12 of the Objection, the Debtors set forth the specific grounds for the modification requested as to each of the claims appearing on Exhibit A. Out of an abundance of caution, the Debtors, with the assistance of their advisors, have amended Exhibit A to reflect the detailed factual basis for the Objection that is described in the text of the Objection.

B. **Claims Appearing on Exhibit B to the Objection**

  4. I have been advised by the Debtors' claims and noticing agent, The Garden City Group, Inc. ("GCG") that on August 2, 2010, GCG received (i) an amended proof of claim filed by creditor State of Michigan, Department of Treasury ("Michigan") (recorded on the Debtors' Claims Register as Claim No. 680), which, on its face, amends Claim No. 464 that appears on Exhibit B to the Objection; and (ii) an amended proof of claim filed by Michigan (recorded on the Debtors' Claims Register as Claim No. 681), which, on its face, amends Claim No. 465 that appears on Exhibit B to the Objection.

5.  Subsequently, on August 11, 2010, I have been advised by GCG that GCG received a letter from Michigan withdrawing Claim No. 681. On August 16, 2010, GCG received an amended proof of claim filed by Michigan (recorded on the Debtors' Claims Register as Claim No. 695), which, on its face, amends Claim No. 680. Based upon the foregoing, I have been informed by Debtors' counsel that counsel for Michigan has agreed to having the Objection sustained as to the Michigan Claim Nos. 464 and 465 on the alternative grounds that such Claims have been amended and superseded by Claim Nos. 680 and 681, respectively, which Claims have been further amended or withdrawn; provided, however, that the disallowance of Michigan Claim Nos. 464 and 465 shall not prejudice the allowance of the surviving claim, Claim No. 695, as to which Claim the Debtors have agreed with the asserted liability and priority. The Debtors reserve all rights with respect to Claim No. 680.

6.  Attached hereto are amended Exhibits A and B to the Objection, in clean and black-line, which (i) provide additional factual support for the Objection as to each of the claims appearing on Exhibit A; and (ii) modifies the grounds for the Objection as to Michigan Claim Nos. 464 and 465 appearing on Exhibit B on the basis that such Claims have been amended and superseded by Claim Nos. 680 and 681, respectively, which Claims have been further amended or withdrawn.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of August 2010

_____
By: Robert Gitter
Corporate Vice President – Corporate Controller