# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**Hearing Date: October 19, 2010 at 2:00 p.m. (ET)**
**Objection Deadline: October 5, 2010 at 4:00 p.m. (ET)**

## DEBTORS' FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

> **Your rights may be affected by this Objection and by any further objection that may be filed by the Debtors.**

The debtors in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this fifth omnibus objection (the "Objection") to each of the claims (the "Disputed Claims") identified on Exhibit A attached hereto and appended to this Objection as Exhibits B-E, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order disallowing the Disputed Claims, in whole or in part, as indicated in further detail below. In support of this Objection, the Debtors rely on the declaration of Robert Gitter,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

Corporate Vice President – Corporate Controller of the Debtors (the "Gitter Declaration"),

attached hereto as Exhibit F.  In further support of the Objection, the Debtors respectfully state as

follows:

**STATUS OF THE CASE AND JURISDICTION**

1.      On February 3, 2010 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On February 4, 2010 the

Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2.      On July 6, 2010, the Court entered an order (the "Confirmation Order")

[Docket No. 610] confirming the Joint Plan of Reorganization for Neenah Enterprises, Inc. and

Its Subsidiaries (the "Plan").  The Plan became effective on July 29, 2010.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought

herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and

Local Rule 3007-1.

**FACTUAL BACKGROUND TO THE OBJECTION**

4.      On April 5, 2010, the Debtors filed their schedules of assets and liabilities

and statements of financial affairs (the "Schedules") [D.I. 214-227, 229-249, 253].  On June 24,

2010, the Debtors filed certain amendments to the Schedules (collectively, the "Amendments")

with the Court [D.I 575].[2]

---

[2] The Amendments amended and supplemented Schedule F of A&M Specialties, Inc., Advanced Cast Products, Inc.; Dalton Corporation, Kendallville Manufacturing Facility; Dalton Corporation, Stryker Machining Facility Co.; Dalton Corporation, Warsaw Manufacturing Facility; Deeter Foundry, Inc.; Mercer Forge Corporation; Morgan's Welding, Inc.; Neenah Foundry Company; and Neenah Transport, Inc.

5.	On April 6, 2010, the Court entered an order (the "Bar Date Order") [D.I. 256] establishing May 21, 2010, at 4:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities (excluding governmental units, as such term is defined in section 101(27) of the Bankruptcy Code) holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases; (ii) establishing August 6, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Governmental Unit Bar Date") as the deadline for each governmental unit holding a claim against any of the Debtors to file a Proof of Claim; (iii) granting any claimant affected by an amendment or supplement to the Schedules an additional 21 days from the date of service by the Debtors of the notice of the applicable amendment or supplement to the schedules to file a Proof of Claim or amend a previously filed Proof of Claim in connection therewith (the "Amended Schedules Bar Date"); (v) granting any claimant holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the effective date of rejection to file a Proof of Claim or amend a previously filed Proof of Claim in connection therewith (the "Rejection Damages Bar Date" and, together with the General Bar Date, the Governmental Unit Bar Date, and the Amended Schedules Bar Date, the "Bar Dates"); and (v) approving the form and manner of notice of the Bar Dates.

6.	The Debtors provided written notice of the Bar Dates to, among others, all known creditors listed on the Schedules and Amendments and served the Bar Date Order on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to providing such actual notice, the Debtors also published notice of the Bar Dates in the national editions of the *Wall Street Journal* and *USA Today*.

YCST01:10131076.1                    069152.1001

7.     To date, approximately 650 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by The Garden City Group, Inc., the claims and noticing agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

8.     By this Objection, the Debtors seek entry of an order, attached hereto as Exhibit G, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, disallowing, in whole or in part, each of the Disputed Claims on the basis that such claims represent contingent, unliquidated, disputed, and/or estimated environmental liabilities asserted against the Debtors by various state Governmental Units.[3] With limited exceptions discussed in further detail below, the Debtors believe that (i) no amounts were due on account of the Disputed Claims as of the Petition Date and (ii) the Debtors have no present liability to pay the face value of the Disputed Claims.

9.     In the event that the environmental liabilities that are covered by the Disputed Claims become mature, liquidated, fixed, and/or undisputed in the future, by consent or by final non-appealable determination of a court of competent jurisdiction, such liabilities will be honored as an obligation of the reorganized Debtors in accordance with applicable non-bankruptcy law, and shall not be barred by any provision of the Plan or the Confirmation Order, as provided in the proposed order attached hereto.  This Objection complies in all respects with Local Rule 3007-1.

---

[3] "Governmental Unit" is defined with reference to 11 U.S.C. § 101(27).

YCST01:10131076.1                                                                                    069152.1001

**BASIS FOR OBJECTION**

A.    **State of Wisconsin Dept. of Natural Resources: Claim #684 against Neenah Foundry Company for $9,960,000 (Estimated)**

    10. This Claim is a contingent, estimated, protective claim filed by the State of Wisconsin on account of alleged potential reimbursement obligations that may become due in the future regarding Neenah Foundry Company's alleged obligations to conduct a remediation at the Byrd Street storm sewer outfall area on the Neenah Slough waterway in Neenah, Wisconsin. As indicated on the face of the proof of claim, the asserted liability is a speculative estimation and has not been liquidated.  Neenah Foundry Company is cooperating with the State of Wisconsin with respect to this matter.  No prepetition amounts are due to the State of Wisconsin on account of this Claim.

B.    **Indiana Dept. of Environmental Management: Claim #685 against Dalton Corporation, Kendallville Manufacturing Facility for $1,108,980.00**

    11. This Claim is asserted against Dalton Corporation, Kendallville Manufacturing Facility ("Dalton Kendallville") and consists of two components: (i) $14,000 pursuant to Notice of Violation and Agreed Order 2008-17971-H and 2008-18143-H, effective March 23, 2010 and (ii) $1,094,980 pursuant to the Indiana Dept. of Environmental Management's ("IDEM") estimate of "Closure and Post-Closure Care at Kendallville landfill." As to the first portion of the Claim, this liability became fixed, liquidated, and undisputed following the Petition Date.  The Debtors processed this portion of the Claim for payment in August 2010.  The second portion of the Claim, however, is a contingent, protective claim on account of a potential reimbursement obligation that would become due to IDEM solely in the event that (a) Dalton Kendallville does not meet its state-law environmental obligations for closing the on-site and off-site landfills operated by Dalton Kendallville, and (b) IDEM is required to spend money to perform these closures.  Dalton Kendallville is cooperating with

IDEM with respect to this matter and is in the process of addressing the closure of the landfills under the applicable state laws, procedures, and regulations. No prepetition amounts are due to IDEM on account of this portion of the Claim.

**C.    Indiana Dept. of Environmental Management Claim # 686 against Dalton Corporation, Warsaw Manufacturing Facility for $4,603,156.00**

12.    This Claim is asserted against Dalton Corporation, Warsaw Manufacturing Facility ("Dalton Warsaw") and consists of three components: (i) $209,906 pursuant to Notice of Violation 2008-17921-H and 2008-18039-H; (ii) $6,250 pursuant to Notice of Violation 2010-19046-A; and (iii) $4,387,000 pursuant to IDEM's estimate of "Closure and Post-Closure Care at Warsaw landfill." As to the first portion of the Claim, this liability remains subject to the negotiation and entry of an agreed order by the presiding state court and/or a tolling agreement. The parties are cooperating with respect to such negotiations and Dalton Warsaw will process this portion of the claim for payment upon entry of an agreed order. The second portion of the Claim relates to a Notice of Violation for compliance stack testing. Dalton Warsaw and IDEM have recently concluded negotiating the terms of an agreed order for presentment to the presiding state court that provides for future inspections and a civil penalty of $6,250. Dalton Warsaw will process this portion of the claim for payment in September 2010 upon entry of the agreed order. The third portion of the Claim, however, is a contingent, protective claim on account of potential reimbursement that may become due to IDEM solely in the event that (a) Dalton Warsaw closes the landfill it operates in Kosciusko County, Indiana in the future, (b) does not meet its state-law environmental obligations for closing such landfill, and (c) IDEM is required to spend money to perform the closure. The landfill operated by Dalton Warsaw is an active site and there are no current plans for closure; however, in the event Dalton Warsaw elects to close any landfill that it operates in the future, Dalton Warsaw will cooperate with IDEM in compliance with all

6

applicable state laws, procedures, and regulations.  No prepetition amounts are due to IDEM on account of this portion of the Claim.

**D.**      **South Coast Air Quality Management District: Claim #690 against Gregg Industries, Inc. for an unliquidated amount**

13.     This Claim is asserted against Gregg Industries, Inc. ("Gregg") in an unliquidated, undetermined amount.  As described in the summary appended to the Claim, this Claim relates to an ongoing dispute between the parties as to Gregg's satisfaction of its obligations under that certain Settlement Agreement and Release entered into by the parties on November 5, 2008 (a copy of which is appended to Claim No. 690 as Exhibit B) to resolve various air quality enforcement actions at the foundry formerly operated by Gregg in El Monte, California.  South Coast Air Quality Management District ("SCAQMD") has asserted that it does not view the conditions of the Settlement Agreement and Release as being fully satisfied by the remediation projects undertaken, and expenditures made, by Gregg to date.  As of the Petition Date, the parties had not yet reached a resolution as to Gregg's additional liability, if any, under the Settlement Agreement and Release.  Gregg believes that all necessary remediation has occurred, no further expenditures are necessary, and no amounts are due to SCAQMD.

14.     The Debtors are objecting to the Disputed Claims at this time solely to preserve all of their rights with respect thereto.  The proposed order submitted herewith provides that if the environmental liabilities that are covered by the Disputed Claims become mature, liquidated, fixed, and/or undisputed in the future, by consent or by final non-appealable determination of a court of competent jurisdiction, such liabilities will be honored as an obligation of the reorganized Debtors in accordance with applicable non-bankruptcy law, and shall not be barred by any provision of the Plan or the Confirmation Order.

069152.1001

15.     For the foregoing reasons, the Debtors object to the allowance of each of the Disputed Claims and request that such Claims be disallowed, in whole or in part, for the reasons specified above and summarized for each respective claim in the column titled "Reason for Disallowance" on Exhibit A.  The Debtors also request that the Court authorize the Claims Agent to expunge the Disputed Claims from the Claims Register as sought by this Objection.

## RESERVATION OF RIGHTS

16.     The Debtors hereby reserve their right to object in the future to any of the Proofs of Claim listed in this Objection or set forth on the exhibits attached to the Order on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.  Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

17.     Notwithstanding anything contained in this Objection or the exhibits attached to the Order, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## NOTICE

18.     Notice of this Objection has been provided to: (i) those claimants listed on Exhibit A attached hereto and (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

069152.1001

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, disallowing each of the Disputed Claims set forth on <u>Exhibit A</u>; (iii) authorizing the Claims Agent to modify the Claims Register in accordance with the relief granted in the order; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      September 7, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP


*/s/ Donald J. Bowman, Jr.*
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION