# **EXHIBIT F**

**Gitter Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., <u>et al.</u>,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |

**DECLARATION OF ROBERT GITTER IN SUPPORT OF THE DEBTORS' FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

I, Robert Gitter, declare as follows:

1. I am Corporate Vice President – Corporate Controller of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>").

2. In my current position as the Debtors' Corporate Vice President – Corporate Controller, I am responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (the "<u>Objection</u>")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and the exhibit attached thereto.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

CH1 5446111v.3

3.      Under my supervision, considerable resources and time have been expended to ensure that there existed a high level of diligence in reviewing and reconciling the Proofs of Claim filed or pending against the Debtors in these cases. The Claims were carefully reviewed and analyzed in good faith utilizing due diligence by appropriate personnel, including the Debtors' claims agent The Garden City Group, Inc. ("Garden City"). These efforts resulted in the identification of the Disputed Claims identified on Exhibit A to the Objection.

4.      I am authorized to submit this declaration (the "Declaration") in support of the Objection. If called upon to testify, I could and would testify competently to the facts set forth herein.

19.     To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, and upon information received from the Debtors' personnel and advisors, each of the Disputed Claims identified on Exhibit A to the Objection, in whole or in part, are asserted by various state Governmental Units on account of contingent, unliquidated, disputed, and/or estimated environmental liabilities. I am familiar with the facilities and operations of the Debtors that are alleged to have given rise to the potential environmental liabilities reflected in the Disputed Claims. With limited exceptions discussed in further detail below, the Debtors believe that (i) no amounts were due on account of the Disputed Claims as of the Petition Date and (ii) the Debtors have no present liability to pay the face value of the Disputed Claims.

**B.      State of Wisconsin Dept. of Natural Resources: Claim #684 against Neenah Foundry Company for $9,960,000 (Estimated)**

20.     To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, this Claim is a contingent, estimated, protective claim filed by the State of Wisconsin on account of alleged potential reimbursement obligations

CH1 5446111v.3

2

that may become due in the future regarding Neenah Foundry Company's alleged obligations to conduct a remediation at the Byrd Street storm sewer outfall area on the Neenah Slough waterway in Neenah, Wisconsin. As indicated on the face of the proof of claim, the asserted liability is a speculative estimation and has not been liquidated. Neenah Foundry Company is cooperating with the State of Wisconsin with respect to this matter. No prepetition amounts are due to the State of Wisconsin on account of this Claim.

C.  **Indiana Dept. of Environmental Management: Claim #685 against Dalton Corporation, Kendallville Manufacturing Facility for $1,108,980.00**

21. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, this Claim is asserted against Dalton Kendallville and consists of two components: (i) $14,000 pursuant to Notice of Violation and Agreed Order 2008-17971-H and 2008-18143-H, effective March 23, 2010 and (ii) $1,094,980 pursuant to the IDEM's estimate of "Closure and Post-Closure Care at Kendallville landfill." As to the first portion of the Claim, this liability became fixed, liquidated, and undisputed following the Petition Date. The Debtors processed this portion of the Claim for payment in August 2010. The second portion of the Claim, however, is a contingent, protective claim on account of a potential reimbursement obligation that would become due to IDEM solely in the event that (a) Dalton Kendallville does not meet its state-law environmental obligations for closing the on-site and off-site landfills operated by Dalton Kendallville, and (b) IDEM is required to spend money to perform these closures. Dalton Kendallville is cooperating with IDEM with respect to this matter and is in the process of addressing the closure of the landfills under the applicable state laws, procedures, and regulations. No prepetition amounts are due to IDEM on account of this portion of the Claim.

**D.    Indiana Dept. of Environmental Management Claim # 686 against Dalton Corporation, Warsaw Manufacturing Facility for $4,603,156.00**

22.    To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, this Claim is asserted against Dalton Warsaw and consists of three components: (i) $209,906 pursuant to Notice of Violation 2008-17921-H and 2008-18039-H; (ii) $6,250 pursuant to Notice of Violation 2010-19046-A; and (iii) $4,387,000 pursuant to IDEM's estimate of "Closure and Post-Closure Care at Warsaw landfill."  As to the first portion of the Claim, this liability remains subject to the negotiation and entry of an agreed order by the presiding state court and/or a tolling agreement.  The parties are cooperating with respect to such negotiations and Dalton Warsaw will process this portion of the claim for payment upon entry of an agreed order.  The second portion of the Claim relates to a Notice of Violation for compliance stack testing.  Dalton Warsaw and IDEM have recently concluded negotiating the terms of an agreed order for presentment to the presiding state court that provides for future inspections and a civil penalty of $6,250.  Dalton Warsaw will process this portion of the claim for payment in September 2010 upon entry of the agreed order.  The third portion of the Claim, however, is a contingent, protective claim on account of potential reimbursement that may become due to IDEM solely in the event that (a) Dalton Warsaw closes the landfill it operates in Kosciusko County, Indiana in the future, (b) does not meet its state-law environmental obligations for closing such landfill, and (c) IDEM is required to spend money to perform the closure.  The landfill operated by Dalton Warsaw is an active site and there are no current plans for closure; however, in the event Dalton Warsaw elects to close any landfill that it operates in the future, Dalton Warsaw will cooperate with IDEM in compliance with all applicable state laws, procedures, and regulations.  No prepetition amounts are due to IDEM on account of this portion of the Claim.

E. **South Coast Air Quality Management District: Claim #690 against Gregg Industries, Inc. for an unliquidated amount**

23. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, this Claim is asserted against Gregg in an unliquidated, undetermined amount. Based on my personal knowledge, and as described in the summary appended to the Claim, this Claim relates to an ongoing dispute between the parties as to Gregg's satisfaction of its obligations under that certain Settlement Agreement and Release entered into by the parties on November 5, 2008 (a copy of which is appended to Claim No. 690 as Exhibit B) to resolve various air quality enforcement actions at the foundry formerly operated by Gregg in El Monte, California. South Coast Air Quality Management District ("SCAQMD") has asserted that it does not view the conditions of the Settlement Agreement and Release as being fully satisfied by the remediation projects undertaken, and expenditures made, by Gregg to date. As of the Petition Date, the parties had not yet reached a resolution as to Gregg's additional liability, if any, under the Settlement Agreement and Release. Gregg believes that all necessary remediation has occurred, no further expenditures are necessary, and no amounts are due to SCAQMD.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of September 2010

By: Robert Gitter
Corporate Vice President – Corporate Controller

2

CH1 5446111v.3