## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC. et al., | Case No. 10-10360 (MFW) |
| Debtors. | |

## MOTION OF EMPLOYERS INSURANCE COMPANY OF WAUSAU
## FOR ORDER COMPELLING PAYMENT OF AMOUNTS DUE

The Employers Insurance Company of Wausau and its affiliates ("Wausau"), by and through its undersigned counsel, hereby moves this Court to compel the above-captioned debtors and debtors in possession (collectively, the "Insured" or "Debtors") to pay Wausau the sum of $2,502,168.09, as reflected on the Annual Rating Plan Adjustment (the "Rating Plan Adjustment"), in connection with the insurance policies and related agreements that Wausau issued to the Debtors (collectively, the "Policies"). To date, Wausau has made several requests for payment from the Debtors. Although the Debtors do not dispute the amounts indicated in the Rating Plan Adjustment, the Debtors have failed to pay Wausau.

In support of its motion, Wausau respectfully represents as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the purview of, without limitation, 28 U.S.C. § 157(b)(2). The statutory predicate for relief sought herein is, among others, 11 U.S.C. §§ 105, 503(b) and 507.

## Background

### A.    The Policies

2.    Wausau issued the Policies to the Debtors for workers' compensation and automobile coverage for the periods from approximately January 1, 2000 until January 1, 2010.

3.    Certain of the Policies include provisions whereby premiums are adjusted retrospectively and are subject to annual adjustments based on, among other things, the Insureds' claim history.  In addition, certain of the Policies require the Debtors to pay amounts within the deductible layer of the applicable policy.

4.    The Debtors' obligations to Wausau under the Policies are supported by, among other things, certain letters of credit in the total amount of $1,275,000 (the "Letters of Credit").

### B.    The Debtors' Bankruptcy Cases

5.    On February 3, 2010, the Debtors filed a petition for relief under the Bankruptcy Code.

6.    On or about March 26, 2010, the Debtors filed the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (docket no. 180) (the "Plan") and a related disclosure statement (docket no. 180).

7.    On or about May 21, 2010, Wausau timely filed unliquidated and contingent proofs of claim, numbers 423, 427, 430, 431,432, 433, 434, 435, 436, 437, 438, 441, 443, and 444, each in the amount of $6,115,003.09, against the Debtors' estates which, claims arise under the Policies (collectively, the "Proofs of Claim").

8.    Prior to the confirmation hearing related to the Plan, to resolve Wausau's objections to the confirmation of the Debtors' Plan, the Debtors' agreed to include the following language in the order confirming the Debtors' Plan (the "Confirmation Order") (docket no. 610):

50.    <u>Insurance Policies Issued by Employers Insurance Company of Wausau.</u>

Nothing contained in the Plan or this Confirmation Order shall in any way operate to, or have the effect of, impairing in any respect the legal, equitable or contractual rights and defenses of the insureds or insurers with respect to any insurance policies and related agreements issued by Employers Insurance Company of Wausau and any of its affiliates (collectively, "<u>Wausau</u>") to or on behalf of the Debtors (collectively, the "<u>Wausau Policies</u>"). The rights and obligations of the insureds and insurers under the Wausau Policies shall be determined (i) under the Wausau Policies, as applicable, including the terms, conditions, limitations and exclusions thereof, which shall remain in full force and effect and (ii) any applicable non-bankruptcy law. Regardless of whether the Wausau Policies are considered to be executory or not, <u>the Reorganized Debtors will perform the Debtors' obligations (monetary or otherwise) under the Wausau Policies</u>, including any that remain unperformed as of the Effective Date of the Plan.

<u>See</u> Confirmation Order, at ¶ 50, p. 49 (emphasis added).

9.      On or about July 7, 2010, the Bankruptcy Court entered the Confirmation Order.

The Plan became effective July 30, 2010 (the "<u>Effective Date</u>").

10.     On July 30, 2010 the Debtors filed the Second Notice of Satisfied Claims (the "<u>Satisfied Claims Notice</u>") (docket no. 651). Following the filing of the Satisfied Claims Notice, counsel for Wausau and counsel for the Debtors engaged in discussions surrounding Wausau's objection to the Debtors' characterization of the Proofs of Claim as "Satisfied" because the $2,502,168.09 amount due under the Rating Plan Adjustment was outstanding.

11.     After several discussions between counsel for Wausau and counsel for the Debtors, on August 25, 2010, the Debtors filed the Certification of Counsel Regarding Second Notice of Satisfied Claims (docket no. 687), that excluded the Proofs of Claim from the Satisfied Claims Notice. Accordingly, the Proofs of Claim are pending, and to date, have not been reconciled.

12.     On August 3, 2010, Wausau issued the Rating Plan Adjustment to the Debtors, which reflects that the Debtors owe Wausau $2,502,168.09. A true copy of the Rating Plan Adjustment is attached hereto as **Exhibit A**. Under the terms of the Rating Plan Adjustment, the

Debtors were required to pay all amounts owing to Wausau by August 22, 2010 (the "Due Date").

13.     By letter dated August, 18, 2010, the Debtors requested additional time to evaluate the amounts due to Wausau.  By letter dated August 20, 2010, Wausau agreed to extend the Due Date by 30 days to September 22, 2010.

14.     On or about September 21, 2010, the Debtors requested additional time to review the Rating Plan Adjustment.  For a second time, Wausau accommodated the Debtors' request, and extended the Due Date for the Debtors to pay the amounts due to Wausau under the Rating Plan Adjustment from September 22, 2010 to October 14, 2010.

15.     To date, the Debtors have neither paid the amounts due under the Rating Plan Adjustment, nor have the Debtors disputed the amounts indicated in the Rating Plan Adjustment. Under the circumstances, Wausau is concerned that, notwithstanding the occurrence of the Effective Date, the Debtors lack the financial wherewithal to pay the amounts due and owing to Wausau under the Rating Plan Adjustment.  If that is the case, and absent immediate payment to Wausau, Wausau respectfully requests that the Court defer authorizing payment on claims in the Debtors' cases until it is determined that all creditors will be treated equally in what the Debtors represented to be a 100% dividend case.

16.     In support of Wausau's contention that the amounts indicated in the Rating Plan Adjustment are undisputed, Colette Viola, a Senior Receivables Analyst at Wausau, has provided an affidavit pursuant to which she states that based upon her personal knowledge and her interactions with representatives for the Debtors, the Debtors do not dispute the amounts indicated in the Rating Plan Adjustment.  A true copy of the affidavit of Colette Viola is attached hereto as **Exhibit B**.

17.    Given the passage of time since the entry of the Confirmation Order pursuant to which the Debtors agreed to perform their obligations, monetary or otherwise, under the terms of the Policies, the fact that the amounts due under the Rating Plan Adjustment are undisputed, and the Debtors' refusal to provide meaningful information about the prospects for payment for the amounts due under the Rating Plan Adjustment, Wausau hereby requests that the Court enter an order requiring the Debtors to immediately pay $2,502,168.09 to Wausau in satisfaction of the amounts due under the Rating Plan Adjustment.

**[Remainder of Page Intentionally Left Blank]**

4747329                                    5

**WHEREFORE**, Wausau respectfully requests that this Court:

(1)     Enter an order, compelling the Debtors to immediately pay Wausau the sum of $2,502,168.09, or

(2)     In the alternative, that the Court not authorize the payment of any other claims in the Debtors' cases until it is determined that the Debtors have the financial wherewithal to pay the amounts due and owing under the Rating Plan Adjustment; and in either event

(3)     Granting such other and further relief as is just and proper.

**EMPLOYERS INSURANCE COMPANY OF WAUSAU,**

By its attorneys,

Dated: October 14, 2010

/s/ R. Karl Hill
R. Karl Hill, Esq. (DE# 2747)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware  19899
Tel.: (302) 888-0600
Fax: (302) 888-0606

-and-

Douglas R. Gooding
Eleanor P. Williams
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000