# EXHIBIT A

## Stipulation

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br>**Related to Docket No. 722** |

## STIPULATION BETWEEN NEENAH FOUNDRY COMPANY AND STATE OF WISCONSIN, DEPARTMENT OF NATURAL RESOURCES REGARDING PREPETITION CLAIMS

This Stipulation between Neenah Foundry Company ("Neenah") and State of Wisconsin, Department of Natural Resources ("Wisconsin"), regarding that certain proof of claim filed by Wisconsin against Neenah (the "WDNR Claim"), is entered into by and among Neenah and its counsel, and Wisconsin and its counsel, effective as of this 12th day of October 2010. Neenah and Wisconsin are referred to collectively herein as the "Parties."

## RECITALS

A. On February 3, 2010 (the "Petition Date"), Neenah, along with its ultimate parent company, Neenah Enterprises, Inc., and certain of its affiliates and subsidiaries (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The cases are being jointly administered under the case titled *In re Neenah Enterprises, Inc., et al.*, Case No. 10-10360 (MFW). The Bankruptcy Court confirmed the Joint Plan of Reorganization for Neenah Enterprises, Inc. and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

CH1 5481877v.4

Its Subsidiaries (the "Plan") by order dated July 6, 2010 (the "Confirmation Order") [Docket No. 610] and the effective date of the Plan occurred on July 29, 2010.

B. On September 7, 2010, the Debtors filed the *Debtors' Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1* (the "Objection"), which sought entry of an order by the Bankruptcy Court disallowing and expunging certain proofs of claim asserted against the Debtors' estates on the basis that such claims represent contingent, unliquidated, disputed, and/or estimated environmental liabilities.

C. Among the claims identified on Exhibit A to the Objection was the WDNR Claim against Neenah, which has been assigned Claim No. 684 by the Bankruptcy Court-appointed claims agent, The Garden City Group, Inc. (the "Claims Agent"). The WDNR Claim asserts a general unsecured claim in the estimated amount of $9,960,000 based on the attachment to the WDNR Claim setting forth the estimated costs of reimbursement to Wisconsin that may become due in the future regarding Neenah's potential obligations to conduct a remediation of contamination at the Byrd Avenue storm sewer outfall area on the Neenah Slough waterway in Neenah, Wisconsin (the "Byrd Avenue Site").

D. On September 23, 2010, the Parties conferred regarding the Objection. As a result of that discussion, the Parties agreed to resolve the Objection and to enter into this Stipulation to set forth the Parties' respective rights in connection with Neenah's potential environmental liability to Wisconsin arising from the Byrd Avenue Site.

NOW, THEREFORE, NEENAH AND WISCONSIN STIPULATE AND AGREE THAT:

## AGREEMENT

1. The recitals set forth above are incorporated herein by reference.

2. Upon the Parties' entry into this Stipulation, the Objection shall be deemed to be withdrawn as it relates to the WDNR Claim and the WDNR Claim shall be deemed to be withdrawn against Neenah. Wisconsin authorizes the Claims Agent to modify the Claims Register to reflect the withdrawal of the WDNR Claim.

3. In the event that the environmental liabilities that are covered by the WDNR Claim become mature, liquidated, fixed, and/or undisputed in the future, by consent or by final non-appealable determination of a court of competent jurisdiction, such liabilities will be honored as an obligation of the reorganized Debtors in accordance with applicable non-bankruptcy law, and shall not be barred, discharged, or enjoined by any provision of the Plan or the Confirmation Order. Moreover, nothing in any provision of the Plan or the Confirmation Order shall be constructed to discharge, limit, or otherwise waive Wisconsin's right to enforce its environmental laws regarding the Byrd Avenue Site or seek recovery under either state or federal environmental law of any costs recoverable thereunder that have been or will be incurred by Wisconsin in connection with this Site.

4. Each of the Parties' rights and defenses, including Wisconsin's right to seek Neenah's compliance with its alleged obligation as a Potentially Responsible Party as set forth in the December 11, 2008 and February 4, 2009 letters to Neenah attached to the WDNR Claim, in connection with the environmental investigation, assessment, and remediation of the Byrd Avenue Site are preserved.

5. This Stipulation constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the

subject matter hereof, and except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

6. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

7. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

8. This Stipulation may not be amended without express written consent of the Parties hereto.

9. This Stipulation shall be binding upon the Parties hereto and upon their affiliates, assigns and successors.

10. The Parties acknowledge that they have participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting.

11. With the exception of any proceeding to determine the environmental liabilities that are covered by the WNDR Claim by a court of competent jurisdiction in accordance with applicable non-bankruptcy law, the Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

Entered into this 12th day of October 2010

SIDLEY AUSTIN LLP

By: _____

James Cahan, Esq.
Bojan Guzina, Esq.
Jillian K. Ludwig, Esq.
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

ATTORNEYS FOR NEENAH FOUNDRY COMPANY


By: _____

Anne C. Murphy, Esq.
Assistant Attorney General
Wisconsin Department of Justice
State Programs, Administration & Revenue Unit
Telephone: (608) 266-9224
Facsimile: (608) 267-2223

ATTORNEY FOR STATE OF WISCONSIN
DEPARTMENT OF NATURAL RESOURCES