# EXHIBIT B

Revised Order

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEENAH ENTERPRISES, INC., et al.,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 10-10360 (MFW)<br><br>Jointly Administered<br>Ref. Docket Nos. 722 and __ |

### ORDER PARTIALLY SUSTAINING DEBTORS' FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the Debtors' Fifth Omnibus (Substantive) Objection to Claims, by which the Debtors[2] request the entry of an order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 disallowing the Disputed Claims, in whole or in part, as set forth therein and on the exhibits attached thereto; and upon consideration of the Gitter Declaration; and upon consideration of the *Certification of Counsel Regarding Order Partially Sustaining Debtors' Fifth Omnibus (Substantive) Objection to Claims* and the stipulation between the Debtors and State of Wisconsin, Department of Natural Resources ("Wisconsin") attached thereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Objection.

ORDERED that the Disputed Claims set forth on the attached Exhibit A are hereby disallowed, in whole or in part, as indicated on Exhibit A; and it is further

ORDERED that the Objection is deemed to be withdrawn as it relates to Claim No. 684 filed by Wisconsin (the "WDNR Claim") filed against Neenah Foundry Company ("Neenah") and the WDNR Claim is deemed to be withdrawn against Neenah; and it is further

ORDERED that the Claims Agent is authorized to modify the Claims Register to reflect that the WDNR Claim is withdrawn; and it is further

ORDERED that, solely with respect to the Debtors' Objection to Claim No. 690 of South Coast Air Quality Management District (the "SCAQMD Claim"), the Objection is continued to the next omnibus hearing date scheduled in these chapter 11 cases, being November 23, 2010 at 1:00 p.m. (prevailing Eastern Time), or such other date and time as the Court directs or the parties consent, the deadlines for filing responsive pleadings are hereby extended as provided in the Local Rules, and the parties reserve all rights with respect to the SCAQMD Claim and the Objection thereto; and it is further

ORDERED that if the environmental liabilities that are covered by the Disputed Claims become mature, liquidated, fixed, and/or undisputed in the future, by consent or by final non-appealable determination of a court of competent jurisdiction, such liabilities will be honored as an obligation of the reorganized Debtors in accordance with applicable non-bankruptcy law, and shall not be barred by any provision of the Plan or the Confirmation Order; and it is further

2

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
       October _____, 2010

                                                   _____
                                                   The Honorable Mary F. Walrath
                                                   UNITED STATES BANKRUPTCY JUDGE