# EXHIBIT A

## Johnson Declaration

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Reorganized Debtors. | Jointly Administered |

**DECLARATION OF BRENT E. JOHNSON IN SUPPORT OF THE DEBTORS'
OBJECTION TO THE MOTION OF EMPLOYERS INSURANCE COMPANY OF
WAUSAU FOR ORDER COMPELLING PAYMENT**

I, Brent E. Johnson, declare as follows:

1.  I am Acting Chief Financial Officer of the above-captioned reorganized debtors and debtors in possession (collectively, the "Debtors").

2.  In my current position as the Debtors' Acting Chief Financial Officer, I am familiar with all aspects of the Debtors' financial affairs. I have read the *Debtors' Objection to the Motion of Employers Insurance Company of Wausau for Order Compelling Payment* (the "Objection")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and the workers' compensation insurance policies and related agreements issued by Employers Insurance Company of Wausau ("Wausau") to the Debtors (collectively, the "Policies").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

2

3. I am authorized to submit this declaration (the "Declaration") in support of the Objection. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. The Debtors maintained a fully-insured workers' compensation program with Wausau, an affiliate of Liberty Mutual Insurance Company, from approximately January 1, 2000 through January 1, 2010. Certain of the Policies are retrospective loss policies, meaning that Neenah paid an initial premium at the beginning of each policy year based on actuarial assumptions concerning the amount of claims that would likely be paid. After the end of each policy year, the premiums are adjusted based on an audit of claims and actual losses experienced in the applicable prior period. Thereafter, the premiums are adjusted annually even after the expiration of the applicable policy period, based on the actual amount paid out on claims. The annual Rating Plan Adjustment may therefore result in an additional premium assessment or in a refund to Neenah of amounts previously paid to Wausau.

5. On August 3, 2010, Neenah received an invoice from Wausau dated August 2, 2010 in the amount of $2,502,168.09 on account of the annual Rating Plan Adjustment. Given the significance of the amount of the invoice received from Wausau, Neenah requested additional time to review the underlying claim development activity to understand better the reasons for the substantial increase in the retroactive premium. In fact, up until the filing of the Motion, Neenah had been actively engaged in discussions with Wausau's representatives with respect to the resolution of amounts due by Neenah under the Rating Plan Adjustment.

6. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, for each of the last six consecutive years of

retrospective adjustments, *i.e.*, each of the years of 2004 through 2009, inclusive, Neenah received a net refund from Wausau on the premiums paid by Neenah under the Policies. A holdback was never imposed on any of the refunds owed to Neenah in prior retrospective adjustments.

7. Although as part of the 2010 Rating Plan Adjustment Wausau calculated the premium adjustment for the policy year 2009 as resulting in a net refund due to Neenah of $675,764.00, Wausau held back a portion of the refund, $522,207.00, as additional security for future premium adjustments. Neenah has advised Wausau that it does not dispute the amount of the Rating Plan Adjustment, but that it believes that Wausau should credit the holdback amount of $522,207.00 on account of the premium adjustment for the 2009 policy period against the current invoice, for a total amount due of $1,979,961.09.

8. It is my opinion and belief that the holdback amount asserted by Wausau as additional security for future premiums due under the 2009 policy period is unnecessary and unreasonable given the reorganized Debtors' improved financial standing. The reorganized Debtors emerged from bankruptcy with exit financing that I believe will enable the reorganized Debtors to satisfy all of their post-emergence obligations. In addition, prior to the filing of the Motion, I, along with other members of Neenah's personnel, discussed the company's financial position with Wausau's business personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of November, 2010

By: Brent E. Johnson
Acting Chief Financial Officer