# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: December 28, 2010 at 4:00 p.m. (ET) |
| | Objection Deadline: December 14, 2010 at 4:00 p.m. (ET) |

## THIRD MOTION OF THE DEBTORS FOR AN ORDER EXTENDING THE DEADLINE TO FILE NOTICES OF REMOVAL OF RELATED CLAIMS AND CAUSES OF ACTION

The above-captioned reorganized debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion") for entry of an order, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending by 120 days the deadline for the Debtors to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 of claims and causes of action that are related to these chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 4, 2010, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 12, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

4. On July 6, 2010 the Court entered the Findings of Fact, Conclusions of Law and Order Confirming the Joint Plan of Reorganization for Neenah Enterprises, Inc. and its Subsidiaries [Docket No. 610]. On July 30, 2010, the Debtors filed the Notice of (I) Effective Date of the Joint Plan of Reorganization for Neenah Enterprises, Inc. and its Subsidiaries and (II) Bar Date for Certain Administrative Expense Claims [Docket No. 654].

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b)(2) and 9027.

**RELIEF REQUESTED**

6. By this Motion, the Debtors seek entry of an order pursuant to Bankruptcy Rule 9006(b) extending by 120 days, through and including March 30, 2011, the deadline for the Debtors to file notices of removal of related claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. The Debtors request that the March 30, 2011, deadline to file notices of removal apply to all matters specified in Bankruptcy Rule 9027(a)(2). The Debtors further request that the relief requested herein be granted without prejudice to the Debtors' right

to seek further extensions of the deadline for the Debtors to remove related claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.

## BASIS FOR RELIEF

7. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of claims and causes of action related to the bankruptcy case and pending as of the petition date. Specifically, section 1452 provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a government unit to enforce such government unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452. Section 1334(b) of title 28 provides, in pertinent part:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

8. Bankruptcy Rule 9027 sets forth the procedures for the removal of related claims and causes of action, including the deadlines for filing the notices of removal. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy Code] is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy Code], (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy Code], or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). The Debtors received an 120-day extension of the original May 4, 2010 deadline by order of the Court on June 3, 2010 [Docket No. 487] and an additional 90-day

extension by order of the Court on September 17, 2010 [Docket No. 746]. Accordingly, the current deadline for the Debtors to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is November 30, 2010.

9. Bankruptcy Rule 9006 permits the Court to extend the deadline for the Debtors to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Specifically, Bankruptcy Rule 9006 provides, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order...

Fed. R. Bankr. P. 9006(b)(1).

10. It is well established that this Court has the authority to extend the removal period under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 pursuant to Bankruptcy Rule 9006. See, e.g., Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D. W. Va. 2000) (Bankruptcy Rule 9006 authorizes the enlargement of time periods for removing actions under Bankruptcy Rule 9027); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (Bankruptcy Rule 9006 was designed to give bankruptcy judges the authority to enlarge the removal periods under Bankruptcy Rule 9027(a)); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986) (Bankruptcy Rule 9006 authorizes the expansion of time to file notice of removal).

11. Given the pending expiration of the current deadline to remove related claims and causes of action, the Debtors intend that the operation of Rule 9006-2 of the Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") automatically extend the existing deadline until such time as the Court has had an opportunity to consider this Motion.

## CAUSE EXISTS TO EXTEND THE EXISTING DEADLINE

12. The Debtors submit that ample cause exists to extend the existing deadline to remove related claims and causes of actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Since the Petition Date, the Debtors have devoted substantially all of their resources to stabilizing their business operations, addressing critical case management issues, and formulating and confirming the Joint Plan of Reorganization for Neenah Enterprises, Inc. and its Subsidiaries (the "Plan"). Given the size of the Debtors' business operations and the large number of Debtors involved in these procedurally consolidated cases, the Debtors' management and advisors have devoted an extraordinary amount of time and effort towards ensuring a smooth transition of the Debtors' operations into chapter 11 and meeting the requirements of the chapter 11 process, along with the substantial efforts that are required to manage the Debtors' business operations. In addition, since the Petition Date, the Debtors and their advisors have devoted substantial efforts in preparation of the Plan and the accompanying disclosure statement. These efforts by the Debtors and their advisors culminated in this Court's approval of the Plan on July 6, 2010 and the occurrence of the Plan's effective date on July 29, 2010.

13. Given these tasks and their attendant demands on the Debtors' personnel and advisors, the Debtors need additional time to determine whether any of their pending litigation matters should be removed pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Accordingly, the Debtors request that the Court grant the relief requested herein and extend by 120 days, through and including March 30, 2011, the deadline for the Debtors to remove related claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.

## NOTICE

14. Notice of this Motion has been provided to: (i) counsel to the U.S. Trustee; (ii) counsel to the administrative agent for the Debtors' prepetition secured lenders; (iii) counsel to the agents for the Debtors' post-petition lenders; (iv) counsel to the ad hoc committee of the holders of the 9.5% secured notes; (v) counsel to the holders of the 12.5% subordinated notes; and (vi) those parties requesting notice pursuant to Bankruptcy Rule 2002(i), in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as <u>Exhibit A</u>, (i) extending by 120 days, through and including March 30, 2011, the deadline for the Debtors to remove related claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
November 22, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP  
Larry J. Nyhan  
Bojan Guzina  
Kerriann S. Mills  
Jillian K. Ludwig  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)  
Edmon L. Morton (No. 3856)  
Donald J. Bowman, Jr. (No. 4383)  
Kenneth J. Enos (No. 4544)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, Delaware 19899-0391  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS  
AND DEBTORS-IN-POSSESSION