UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEENAH ENTERPRISES, INC., et al.,[1] | Case No. 10-10360 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: April 26, 2011 at 3:00 p.m. (ET) |
| | Response Deadline: April 4, 2011 at 4:00 p.m. (ET) |

**MOTION OF THE REORGANIZED DEBTORS FOR ENTRY OF FINAL DECREE CLOSING THE REORGANIZED DEBTORS' CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3022 AND LOCAL RULE 5009-1**

Neenah Enterprises, Inc. and its subsidiaries (as reorganized, collectively, the "Reorganized Debtors", and prior to the Effective Date (as defined herein), the "Debtors"),[2] by and through their undersigned counsel, pursuant to section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 5009-1 of the Local Bankruptcy Rules of the District of Delaware (the "Local Rules"), hereby move the Court for the entry of a final decree, in substantially the form attached hereto as Exhibit A, closing all eighteen (18) of the Reorganized Debtors' chapter 11 cases. In support of this motion (the "Motion"), the Reorganized Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neenah Enterprises, Inc. (8281); NFC Castings, Inc. (7913); Neenah Foundry Company (0331); Cast Alloys, Inc. (1223); Neenah Transport, Inc. (8433); Advanced Cast Products, Inc. (7691); Gregg Industries, Inc. (8664); Mercer Forge Corporation (1711); Deeter Foundry, Inc. (5148); Dalton Corporation (9770); Belcher Corporation (3193); Peerless Corporation (4462); A&M Specialties, Inc. (1756); Dalton Corporation, Warsaw Manufacturing Facility (4775); Dalton Corporation, Ashland Manufacturing Facility (3079); Dalton Corporation, Kendallville Manufacturing Facility (4777); Dalton Corporation, Stryker Machining Facility Co. (3080), and Morgan's Welding, Inc. (1300). The mailing address for each Debtor is 2121 Brooks Avenue, Neenah, WI 54957.

[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed to such terms in the Plan (as defined herein).

## STATUS OF THE CASE AND JURISDICTION

1. On February 3, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 4, 2010 the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. On July 6, 2010, the Court entered an order (the "Confirmation Order") [Docket No. 610] confirming the Joint Plan of Reorganization for Neenah Enterprises, Inc. and Its Subsidiaries (the "Plan"). The Plan became effective on July 29, 2010 (the "Effective Date").

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and (2).

4. The statutory predicates for the relief requested herein are section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 5009-1.

## BACKGROUND

5. Since the Effective Date, the Reorganized Debtors have been engaged in fulfilling their commitments and responsibilities under the Plan. The Reorganized Debtors have resolved all prepetition claims asserted against them in these cases. Given the progress in implementing the Plan since the Effective Date, the Reorganized Debtors have now determined that all of the Reorganized Debtors' chapter 11 cases (the "Closing Cases") should be closed. The Closing Cases are as follows:

| | |
|---|---|
| Neenah Enterprises, Inc. | 10-10360 |
| NFC Castings, Inc. | 10-10361 |
| Neenah Foundry Company | 10-10362 |
| Cast Alloys, Inc. | 10-10363 |
| Neenah Transport, Inc. | 10-10364 |
| Advanced Cast Products, Inc. | 10-10365 |
| Gregg Industries, Inc. | 10-10366 |
| Mercer Forge Corporation | 10-10367 |
| Deeter Foundry, Inc. | 10-10368 |

| | |
|---|---|
| Dalton Corporation | 10-10369 |
| Belcher Corporation | 10-10370 |
| Peerless Corporation | 10-10371 |
| A&M Specialties, Inc. | 10-10372 |
| Dalton Corporation, Warsaw Manufacturing Facility | 10-10373 |
| Dalton Corporation, Ashland Manufacturing Facility | 10-10374 |
| Dalton Corporation, Kendallville Manufacturing Facility | 10-10375 |
| Dalton Corporation, Stryker Machining Facility Co. | 10-10377 |
| Morgan's Welding, Inc. | 10-10378 |

6. As of the filing of this Motion, only one matter remains outstanding in any of the Closing Cases. Specifically, the Reorganized Debtors and Knauf USA Polystyrene, Inc. ("Knauf") have been attempting to resolve the underlying liability asserted in Knauf's *Motion for Leave to File Proof of Claim as Timely Filed After Bar Date* [Docket No. 662] (the "Knauf Motion"). This matter has now been resolved, and the Reorganized Debtors will file a proposed agreed order under certification of counsel before the hearing on this Motion reflecting the parties' agreement and the resolution of the Knauf Motion.

## RELIEF REQUESTED

7. By this Motion, the Reorganized Debtors request the entry of a final decree, in substantially the form attached hereto as Exhibit A, pursuant to section 350 of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 5009-1, closing the Closing Cases.

## BASIS FOR RELIEF REQUESTED

8. Section 350(a) of the Bankruptcy Code provides that "[a]fter the case is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350. Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court . . . shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

9. Neither the Bankruptcy Code nor the Bankruptcy Rules define the term "fully administered." The Advisory Committee Note to the 1991 amendment to Bankruptcy

Rule 3022 provides a list of six factors that a court may consider in determining whether an estate has been fully administered for final decree purposes. The six factors are: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved. See Advisory Committee Note to Fed. R. Bankr. P. 3022.

10. Courts have frequently applied the six factors set forth in the Advisory Committee Note in determining whether a case has been fully administered. See, e.g., In re Kliegl Bros. Univ. Elec. Stage Lighting Co., Inc., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (using the six-factor test to deny the debtor's contention that estate was fully administered in part because no provision had not been made for administrative claims); In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); In re SLI, Inc., Case No. 02-12608 (WS), 2005 Bankr. LEXIS 1322, at *5 (Bankr. D. Del. June 24, 2005) (denying motion for final decree because an appeal of the confirmation order was still pending); In re Ball, Case No. 06-1002 (PMF), 2008 Bankr. LEXIS 1532 at *6 (Bankr. N.D. W. Va. May 23, 2008). These factors are employed by courts as a guide to assist the determination of whether a case is fully administered although each of the factors need not be present in order for a court to enter a final decree. See Walnut Assocs. v. Saidel, 164 B.R. 487, 493 (E.D. Pa. 1994); Mold Makers, 124 B.R. at 768; In re JMP-Newcor Int'l, Inc., 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (finding that case was fully administered despite pending adversary proceeding).

11. Taking the foregoing factors into account, it is evident that the Closing Cases have been fully administered. First, the Confirmation Order became final nearly 8 months

ago. Second, no claims against any of the Reorganized Debtors remain to be resolved, and all applicable payments and distributions required under the Plan have been made. Third, the Reorganized Debtors have assumed the business and management of the Reorganized Debtors' property under the Plan. Lastly, no unresolved motions, contested matters or adversary proceedings remain in any of the Reorganized Debtors' cases, subject to this Court's entry of the proposed agreed order resolving the Knauf Motion.

12. The Reorganized Debtors note that Local Rule 5009-1 establishes "substantial consummation" as a prerequisite for the entry of the final decree.[3] Substantial consummation is defined by the Bankruptcy Code to mean: (1) transfer of all or substantially all of the property proposed by the plan to be transferred; (2) assumption by the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (3) commencement of distribution under the plan. 11 U.S.C. § 1101(2). The Plan has been substantially consummated with respect to the Reorganized Debtors in that the transfer of all property pursuant to the Plan has been accomplished, the Reorganized Debtors have assumed the business and management of substantially all of the Reorganized Debtors' property pursuant to the Plan, and distributions under the Plan with respect to the Reorganized Debtors have been completed.

13. Even if additional action is required by the Court, the proposed form of order attached hereto provides for the Court to retain jurisdiction over the Closing Cases in the event that the Reorganized Debtors or any other party in interest to seek to reopen any of the

---

[3] The Court of Appeals for the Third Circuit has found that while substantial consummation of a plan is a prerequisite for entry of a final decree, substantial consummation is not by itself sufficient to warrant entry of a final decree. Instead, the Third Circuit has held that full administration of a chapter 11 case, rather than substantial consummation, is the determinative standard for the entry of a final decree. See In re Emerson Radio Corp., 52 F.3d 50, 54 (3d Cir. 1995) (following the plain language of section 350(a) and rejecting argument that substantial consummation of the plan effectively closes the debtor's estate). This distinction is immaterial in the present case, as the Reorganized Debtors have both substantially consummated their chapter 11 plans and fully administered their chapter 11 cases.

Closing Cases for cause. The retention of jurisdiction by the Court for such purpose is appropriate. See 28 U.S.C. § 1334(b) (granting courts "related to" jurisdiction); Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1985) (providing definition of "related to" for jurisdictional purposes). In any event, if necessary, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); see also In re Gates Community Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) ("the entry of a final decree in no way completely deprives the court of jurisdiction to reopen the case, enforce or interpret an Order or determine a pertinent issue"). Therefore, granting the relief requested herein would not foreclose the possibility of completing additional administration of any of the Closing Cases should the need arise.

14.    The particular relief requested by this Motion is thus materially identical to that granted to other debtors in similarly-situated chapter 11 cases before the Court, and should be approved here as well, without prejudice to the Reorganized Debtors' rights to seek to reopen some or all of the Closing Cases should events warrant.

15.    Pursuant to Local Rule 5009-1(a) and 28 U.S.C. § 1930, all fees and expenses arising from the administration of the Closing Cases have been paid or will be paid within thirty (30) days of closure of the Closing Cases.

## FINAL REPORT

16.    Pursuant to Local Rule 5009-1(c), the final report is annexed hereto as Exhibit B.

YCST01:10890075.1                                                                              069152.1001

## NOTICE

17. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Delaware and (ii) those parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the relief requested, the Reorganized Debtors submit that no further notice is necessary.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter a final decree, in substantially the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and granting such other and further relief as the Court deems necessary and just.

Dated: Wilmington, Delaware
March 21, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
Larry J. Nyhan
Bojan Guzina
Kerriann S. Mills
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Donald J. Bowman, Jr.*
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Donald J. Bowman, Jr. (No. 4383)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE REORGANIZED DEBTORS